```
                    IN THE UNITED STATES DISTRICT COURT

                    IN AND FOR THE DISTRICT OF DELAWARE

                                 - - -
INTERNATIONAL BUSINESS MACHINES
CORPORATION,                             :  CIVIL ACTION NO.
                                         :
         Plaintiff,                      :
v                                        :
                                         :
GROUPON, INC.,                           :
                                         :  16-122-LPS-CJB
         Defendant.
                                 - - -

                       Wilmington, Delaware
                       Monday, October 3, 2016
                 Telephonic Case Management Conference


                                 - - -

BEFORE:  HONORABLE **CHRISTOPHER J. BURKE**, Magistrate Judge

APPEARANCES:                     - - -


            POTTER ANDERSON & CORROON, LLP
            BY:  BINDU A. PALAPURA, ESQ.

                 and

            DESMARAIS, LLP
            BY:  KARIM OUSSAYEF, ESQ., and
                 JON T. HOHENTHANER, ESQ.
                 (New York, New York)

                      Counsel for Plaintiff


            ASHBY & GEDDES, P.A.
            BY:  JOHN G. DAY, ESQ.

                 and


                                       Brian P. Gaffigan
                                       Registered Merit Reporter
```

```
 1   APPEARANCES:  (Continued)

 2
                   FENWICK & WEST, LLP
 3                 BY:  J. DAVID HADDEN, ESQ., and
                        SAINA S. SHAMILOV, ESQ.
 4                 (San Francisco, California)

 5                      Counsel for Defendants

 6

 7

 8

 9                          - oOo -

10                   P R O C E E D I N G S

11              (REPORTER'S NOTE:  The following telephonic case

12   management conference was held in chambers, beginning at

13   3:02 p.m.)

14              THE COURT:  Good afternoon, everyone.  Let's get

15   started today.  This is Judge Burke; and as we get started,

16   let me say a couple of things for the record.

17              The first is that we're here today for a case

18   management conference in the matter of International

19   Business Machines versus Groupon, Incorporated.  It's Civil

20   Action No. 16-122-LPS-CJB here in our court.

21              Since we're here on the record for this case

22   management conference today, with Delaware counsel here

23   present in chambers and with outside counsel on the line,

24   let me have each set of counsel identify themselves for the

25   record.  We'll start with plaintiff's counsel and we'll
```

1 begin with Delaware counsel here.

2 MS. PALAPURA: Good afternoon, Your Honor.
3 Bindu Palapura from Potter Anderson on behalf of IBM; and
4 with me today from Desmarais LLP is John Hohenthaner and
5 Kareem Oussayef.

6 THE COURT: Welcome, everyone.
7 And let's also next turn to counsel for
8 defendant's side, again beginning with Delaware counsel,
9 Mr. Day.

10 MR. DAY: Thank you, Your Honor. John Day from
11 Ashby & Geddes on behalf of Groupon Inc.; and with me on the
12 line, David Hadden and Saina Shamilov from Fenwick & West.

13 THE COURT: Welcome to you all as well. And
14 counsel --

15 MR. HADDEN: Thank you, Your Honor.

16 THE COURT: -- particularly counsel who are
17 on the line, because I do have a court reporter with us, it
18 will be helpful if, when you speak, if you just identify
19 yourself by name before you do so just to make sure we get a
20 good and accurate record of our call today.

21 Counsel, let me just start with a couple of
22 procedural issues; and the first is just to set out what I
23 think the parties already know but that is just an
24 explanation of my role in the case.

25 On that front, I have the case referred to me

1   for certain purposes by Chief Judge Stark, first for matters
2   related to scheduling, and that will include not only the
3   responsibility to handle today's case management conference
4   and to enter a schedule but also to handle any other matters
5   relating to the schedule in the early part of the case.
6              On that front, what I would alert the parties to
7   is that at some point later in the case, after a few months
8   from now, the parties will see an Order from Chief Judge
9   Stark that takes back the referral for scheduling matters
10  back into his chambers.  The idea there is that as the case
11  goes forward and gets closer to the issues that Chief Judge
12  Stark will ultimately resolve, things like the *Markman*
13  hearing or case dispositive motions, it makes sense for him
14  at that point to have responsibility back with regard to
15  changes to the schedule.  But in the early part of the case,
16  I'll have that responsibility, and I'll handle any matters
17  that come up regarding scheduling changes or proposed
18  scheduling changes.
19             Additionally, I have responsibility to solve in
20  the first instance any motions to dismiss, transfer, and
21  stay, and I also am the Magistrate Judge who will initially
22  be assigned this case to pursue discussions relating to
23  alternative dispute resolution or ADR with the parties.
24             On that front, with regard to ADR, I'll talk a
25  little bit more about the nature of that assignment at the

1 end of our call today.

2 The next thing I want to mention is that I
3 have reviewed the parties' proposed schedule here; and I
4 appreciate that the parties worked together to avoid any
5 scheduling disputes and I have no questions about the
6 schedule; and, indeed, I obtained a few dates from Chief
7 Judge Stark's calendar that track the timeline that the
8 parties were suggesting.

9 Let me give you those dates now but because
10 there aren't any disputes, I'll simply enter these dates
11 into the schedule that I have and we'll put up a schedule
12 probably by no later than tomorrow so that you will be on
13 your way.

14 With regard to those couple hearings that
15 will -- or the trial that will be before Chief Judge Stark,
16 here are the dates that we're going to put into the
17 scheduling order.

18 The *Markman* hearing will be held on June 5th of
19 2017 at 9:00 a.m. That's June 5th, 2017 at 9:00 a.m.

20 The hearing on case dispositive and *Daubert*
21 motions will be held on March 6th of 2018 at 9:00 am.
22 Again, that is March 6th of 2018 at 9:00 a.m.

23 The pretrial conference will be held on June 8th
24 of 2018 at 11:30 a.m. That is June 8th, 2018 at 11:30 a.m.

25 And then the jury trial will kick off on July

1    16th, 2018 on the first day at 9:30 a.m.  That is July 16th,
2    2018 at 9:30 a.m.
3                 On that front, the parties have requested a
4    seven to ten day trial in the matter, and for now that is
5    what the schedule will reflect.
6                 With all that said, though, as the case gets
7    closer to a pretrial conference, Chief Judge Stark will
8    likely either prior to or at that conference address with
9    the parties the amount of time he will allocate for the
10   trial, so it's possible that, although the parties have
11   requested seven to ten days, not all that amount of time is
12   now being blocked on the calendar.  He may actually allocate
13   less time for the trial if it gets there.
14                So that's the dates that we'll enter into the
15   schedule.  And as I said, I will take care of doing that
16   myself.
17                I have reviewed the parties' letter that
18   accompanied their submission.  I know that you spoke about
19   a number of issues at the Rule 26 conference including core
20   technical document production and how this case will be
21   affected by a related case, Civil Action No. 15-137-LPS-CJB
22   with which I'm familiar.
23                I guess what I would ask each side now is
24   although these issues don't relate to disputes with regard
25   to the schedule, is there any issue either of the ones that

1  you listed in your letter or otherwise where the parties
2  would say, Judge, although this isn't a scheduling dispute,
3  this is the kind of issue that I think could end up being
4  important in the case down the line.  It's just something we
5  want to alert you to now so that you are familiar with it so
6  that you and Judge Stark, if one of the other of you have to
7  deal with it later, might look back on this transcript and
8  remind yourself of what that issue is?
9             Is there anything that falls into that category
10 that we need to discuss at this point from the plaintiff's
11 side?  I'll turn to plaintiff's counsel first.
12            MR. OUSSAYEF:  Your Honor, Kareem Oussayef for
13 IBM.
14            The only thing that comes to mind is just the
15 discussion in the letter of the core technical documents.
16 We're planning on making an effort to identify some specific
17 documents that we think are particularly relevant that are
18 more narrow than just how the chief products function in
19 their entirety so that we know that we're getting, you know,
20 the specific documents that we think are most pertinent to
21 the case and that is something we discussed with the
22 defendant's counsel.  So that is how we plan to proceed on
23 that front.
24            THE COURT:  Understood.  All right.
25            MR. OUSSAYEF:  Other than that, nothing.

1              THE COURT:  Okay.

2              MR. OUSSAYEF:  I was going to say other than

3    that, there is nothing else to consider.

4              THE COURT:  Same question to defendant's

5    counsel.

6              MR. HADDEN:  This is Dave Hadden for Groupon,

7    Your Honor.

8              Yes, we don't see any issues at this point that

9    fall in that category.

10             THE COURT:  Okay.  And as I said, I'm familiar

11   with the related case and I know the parties mentioned,

12   obviously this case will have a schedule that trails that

13   one, but with regard to the ways in which that case may end

14   up affecting proceedings here, is there anything that the

15   parties can tell me?  There obviously is a claim

16   construction going forward in the earlier case that may have

17   an impact on streamlining that process in this case.

18             Are there other discovery related issues that

19   may be in some way made easier because that case has gone

20   forward?  I don't know if there is anything to share there

21   on plaintiff's side.

22             MR. OUSSAYEF:  Your Honor, Kareem Oussayef

23   again.

24             The thing that comes to mind there is we had

25   some discovery disputes in that related matter.  So we are

1   going to try to draft the ESI order and the protective order
2   in this case to try to resolve those disputes earlier on
3   instead of relying on the Court to perhaps address the
4   parties' alternative understandings of what the protective
5   order means later on in the case.  Hopefully, that should
6   help us move forward more smoothly.
7              THE COURT:  Got it.  Mr. Hadden, is there
8   anything you want to say on that front?
9              MR. HADDEN:  Only, Your Honor, that we will, of
10  course, be aware of any orders entered in that case and not
11  take positions that are contrary to what has already been
12  decided.
13             THE COURT:  All right.
14             MR. HADDEN:  I don't see any ...
15             THE COURT:  Okay.  Well, then let me just touch
16  briefly on my role as the initially assigned ADR Judge in
17  the case.  And there, what I would say is I have that
18  responsibility for now, but in light of the fact that I have
19  also been referred the case for other purposes by Chief
20  Judge Stark, what we do in that scenario is I say to the
21  parties here at our case management conference that if
22  one side or the other or both prefers that I not be the
23  Magistrate Judge that handles ADR because I have other
24  responsibilities for resolving substantive motions in the
25  case, if they're filed, that in that circumstance that the

1  parties would then jointly file a short letter, the proposed
2  text of which is on my portion of the District Court's
3  website which simply states that at least one party has
4  raised an objection to me being the Magistrate Judge that
5  pursues ADR discussions with the parties.
6  　　　　　If we see that letter, what I do is forward it
7  to our Chief Magistrate Judge, Judge Thynge and in almost
8  all instances she will in fact assign a different Magistrate
9  Judge to preside over ADR in the case while I would retain
10 the remainder of the referral from Chief Judge Stark.
11 　　　　　If we don't see the letter, we just assume both
12 sides are fine with me proceeding as the ADR Judge as well.
13 In that scenario, I would typically set up a call with both
14 counsel for both sides at whatever point it is kind of
15 jointly agreed it reflects the first point in the case in
16 which we might be able to make meaningful progress with
17 regard to ADR and settlement-related discussions.
18 　　　　　So while I have the parties on the line now and
19 assuming that I would be the Magistrate Judge that pursues
20 ADR later on with the parties, let me get your respective
21 takes on when in the history of the case it would be first
22 likely to be fruitful for me to be able to make progress
23 with the parties in terms of ADR discussion.
24 　　　　　On the plaintiff's side Mr. Oussayef, do you
25 have a view when that would be?

1           MR. OUSSAYEF: Your Honor, there is no
2  particular time that we think would be best suited for it.
3  We're open to a dispute resolution at any time in the case.
4           THE COURT: Okay. Mr. Hadden, from defendant's
5  perspective?
6           MR. HADDEN: Yes. Your Honor, the parties have
7  actually been engaged in some ADR already and have had a
8  mediation. So I think some time and some events will likely
9  have to pass to get discovery I think for the parties to get
10 closer. Clearly, claim construction and other rulings I
11 think will probably be helpful.
12          THE COURT: Okay. What I will do is to, for
13 now, I'll have my courtroom deputy set an initial ADR
14 teleconference just after the close of fact discovery in the
15 case just simply to have a marker on the calendar that I
16 don't lose track of so that it will be a point, if I don't
17 hear from the parties otherwise, that I know will at least
18 raise the topic of ADR in this case. But all that said, if
19 at any point before that date, one side or the other thinks
20 we can make meaningful progress based on case developments,
21 I encourage you to reach out to chambers and let us know,
22 and I will certainly follow-up as appropriate.
23          With all that said, is there anything further we
24 need to take up at this time regarding the case schedule or
25 any similar procedural issues from plaintiff's perspective,

```
 1  Mr. Oussayef?
 2              MR. OUSSAYEF:  Nothing further, Your Honor.
 3              THE COURT:  Mr. Hadden from defendant's side?
 4              MR. HADDEN:  Nothing further, Your Honor.  Thank
 5  you for your time.
 6              THE COURT:  All right.  Again, I appreciate
 7  the parties working together to get us off to an efficient
 8  start.
 9              Thank you all for your time today.  And we'll
10  look forward to talking to you at some point later in the
11  case.  We'll go off the record here, and we'll end the call
12  with outside counsel.  Thank you.
13              (The attorneys respond, "Thank You, Your
14  Honor.")
15              (Telephonic case management conference ends at
16  3:14 p.m.)
17
18       I hereby certify the foregoing is a true and accurate
    transcript from my stenographic notes in the proceeding.
19
20                          /s/ Brian P. Gaffigan
                           Official Court Reporter
21                            U.S. District Court
22
23
24
25
```