# EXHIBIT 1

# FILED UNDER SEAL

## PURSUANT TO PROTECTIVE ORDER
## DATED OCTOBER 31, 2016

# REDACTED IN ITS ENTIRETY

{00925327;v1 }

# EXHIBIT 2

# FILED UNDER SEAL

**PURSUANT TO PROTECTIVE ORDER
DATED OCTOBER 31, 2016**

# REDACTED IN ITS ENTIRETY

{00925327;v1 }

# EXHIBIT 3

# FILED UNDER SEAL

**PURSUANT TO PROTECTIVE ORDER
DATED OCTOBER 31, 2016**

# REDACTED IN ITS ENTIRETY

# EXHIBIT 4

Case IPR2016-00604
U.S. Patent No. 5,961,601

# UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____


KAYAK SOFTWARE CORP., OPENTABLE, INC., PRICELINE.COM LLC, and
THE PRICELINE GROUP INC.
Petitioner


v.


INTERNATIONAL BUSINESS MACHINES CORP.
Patent Owner

_____


Case IPR2016-00604

U.S. Patent No. 5,961,601
TITLE: PERSERVING STATE INFORMATION IN A CONTINUING
CONVERSATION BETWEEN A CLIENT AND SERVER NETWORKED VIA
A STATELESS PROTOCOL
Issue Date: October 5, 1999

_____


**INTERNATIONAL BUSINESS MACHINES CORPORATION'S
PATENT OWNER PRELIMINARY RESPONSE**

Mail Stop Patent Board
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Case IPR2016-00604
U.S. Patent No. 5,961,601

continuations[4] of a requested web page. (Petition at 25-26.) Even if Graber's CMID were state information—which it is not, for the reasons discussed in Section IV.B.1.i.b, *infra*—Petitioner has not shown that code being recursively embedded into all of the hyperlinks that Petitioner maps as "all identified continuations" in Graber.

Petitioner argues that the "identified continuations" in Graber include every URL in a destination web page "because [Graber] must select and test each of the links." (*Id.* at 24 (citing Ex. 1003 at 12:31-34).) Before appending the CMID code, Graber's system tests each of those URLs to determine if the URL includes a "page_link.cgi" call. (Ex. 1003, Fig. 6 at 640; 12:30-34.) Then, as Graber explicitly discloses, the code is appended ***only if the tested URL "includes a string for calling the page_link.cgi program."*** (*Id.* at 12:42-47.) For hyperlinks that do not contain such a call, the system follows the "No" arrow from box 640 in Fig. 6 and moves on to the next URL ***without appending any data to the URL*** or

---

[4] IBM does not concede that Petitioner's proposed construction of "continuation" is correct, either under a BRI standard or a *Phillips* standard. Because Petitioner's arguments do not establish disclosure of "recursively embedding state information in all identified continuations" in Graber under even Petitioner's own proposed construction, however, IBM does not believe the Board need construe this term in order to deny institution.

10

Case IPR2016-00604
U.S. Patent No. 5,961,601

otherwise modifying the URL. Thus, for URLs that do not already have a "page_link.cgi" call, Graber does not append the CMID to those URLs, and does not describe any way to pass the CMID code through such links. In other words, Graber does not append the CMID to every tested URL in a destination web page—the "all identified continuations" in Petitioner's arguments—only those tested URLs that have a "page_link.cgi" call.

The testimony of Dr. Larson confirms the gap in Petitioner's argument under its own construction of "continuation." Dr. Larson states that the "identity of an original website from which the user navigated"—the alleged "state information"—is preserved only if "the user continues to select links that contain a call to the page_link.cgi function." (Ex. 1002 at ¶ 92.) For any URLs that do not already contain that call, Graber provides no guidance as to how to append the alleged state information to those links in order to ensure that the information is appended to each URL included in Petitioner's "all identified continuations."

As the foregoing shows, Graber does not append the CMID—which Petitioner alleges is "state information"—onto all tested URLs on a destination web page—which Petitioner argues are needed to meet the claimed "all identified continuations." Thus, Petitioner does not show that Graber discloses "recursively embedding the state information in all identified continuations," as recited in Claim 1. Nor did Petitioner provide any fallback obviousness arguments with

11

Case IPR2016-00604
U.S. Patent No. 5,961,601

respect to that limitation. (*See, e.g.,* Petition at 25-26 (Claim 1).) Because Petitioner cannot show that Graber meets the limitation "recursively embedding the state information in all identified continuations," Petitioner cannot prevail on Claim 1. *Verdegaal Bros.*, 814 F.2d at 631; *CFMT*, 349 F.3d at 1342.

### b. "State Information."

Claim 1 recites preserving "state information" in a conversation between a client and a server. Petitioner argues that Graber discloses this limitation by preserving "navigation history of a client." (Petition at 18.) As purported support, Petitioner relies upon Graber's "CMID" code that identifies a website visited before requesting a service from an OLS site. (*Id.*) That code, however, is not a user's "navigation history" on the OLS site—it only identifies a site visited ***before*** visiting the OLS site—and does not constitute "state information" even under Petitioner's construction. The previous website code on which Petitioner relies does not indicate any "information about the ***ongoing*** interaction" between the client site and the OLS server, as required by Petitioner's proposed construction.[5]

---

[5] IBM does not concede that Petitioner's proposed construction is correct, either under a BRI standard or a *Phillips* standard. Because Petitioner's arguments do not establish disclosure of "state information" in Graber under even Petitioner's own proposed construction, however, IBM does not believe the Board need construe this term in order to deny institution.

12

Case IPR2016-00604
U.S. Patent No. 5,961,601

 IBM has not presented all of its claim construction and validity arguments in this preliminary response. Accordingly, if the Board institutes trial, IBM reserves the right to raise additional claim construction and validity arguments in its Patent Owner's response.

Dated: May 12, 2016            Respectfully submitted,

                        /kkm/
                        Kevin K. McNish (Reg. No. 65,047)
                        kmcnish@desmaraisllp.com
                        DESMARAIS LLP
                        230 Park Avenue
                        New York, NY 10169
                        Telephone: 212-351-3400
                        Facsimile: 212-351-3401

                        *Lead Counsel for Patent Owner*
                        *International Business Machines Corp.*