**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMMENTS ON DEFENDANT'S TECHNOLOGY TUTORIAL

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Michael J. X. Matulewicz-Crowley
Brian D. Matty
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 5, 2017
5154113 / 43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

On April 24, 2017, Plaintiff International Business Machines Corporation ("IBM") and Defendant Groupon, Inc. ("Groupon") submitted their respective tutorials regarding the technology at issue in this case. Pursuant to Paragraph 11 of the Court's October 4, 2016 Scheduling Order D.I. 17 ("Scheduling Order"), IBM submits the following comments in response to Groupon's tutorial.

The Court instructed the parties to focus their technology tutorials "on the technology [at] issue." D.I. 17 ¶ 11. The tutorials "should not be used for argument." *Id.* Groupon ignores that instruction and uses its tutorial to dispute the meaning of the asserted claims in the Patents-In-Suit.[1] Groupon's tutorial contains numerous improper and inaccurate statements regarding claim scope. Instead of describing the claimed technology, Groupon devotes the majority of its tutorial to describing specific preferred embodiments, without disclosing that they are merely examples of the claimed inventions.

**The '967 and '849 Patents (collectively, the "Filepp Patents"):** The section of Groupon's tutorial that describes the Filepp Patents incorrectly describes preferred embodiments as claimed elements of the Filepp Patents and simply regurgitates claim construction arguments in support of Groupon's proposed constructions.

First, Groupon's tutorial describes various preferred embodiments as if the claimed inventions were limited to those embodiments. Groupon's Tutorial, slides 16-20 (discussing an embodiment in which the partition's layouts and the partition's content are defined by different objects), 22-24 (discussing the page template objects and page format objects), 26 (discussing page element objects). Groupon extensively discusses some of the specific configurations and types of objects disclosed in the specifications, although the Filepp Patents are clear that these

---

[1] United States Patent Nos. 5,796,967 (the "'967 patent"), 7,072,849 (the "'849 patent"), 5,961,601 (the "'601 patent"), and 7,631,346 (the "'346 patent").

configurations and types are "in accordance with the preferred form." D.I. 51, Ex. A-1 at 11:17-24. In particular, Groupon describes the page format objects, page template objects, and page element objects as if they are specific claimed limitations of the Filepp Patents, even though neither of the Filepp Patents limits the form and function of objects or how they interact. Groupon's Tutorial, slides 22, 23, 26.

As another example, Groupon's tutorial states that "[t]he screen format, including the size and location of each partition, is specified separately from the application content and advertisements that are displayed within these predefined partitions," without explaining that the claims do not require this configuration and that it is instead a non-limiting embodiment. Groupon's Tutorial, slide 16; D.I. 51, Ex. A-1 at 11:17-24 (noting that the specific object types described in the specification, which determine whether the partition layout is specified separately from the partition content, are "in accordance with the preferred form"). Groupon's incomplete description is misleading and supports its improper attempts to import the limitations into the claims.

Second, Groupon's tutorial repeatedly describes partitions as "fixed," which is both inaccurate and a limitation that the parties actively dispute.[2] Groupon's Tutorial, slides 11, 20 (implying partitions are fixed and have a "uniform look across applications"). The specifications do not require partitions to be "fixed" and, in particular, the specifications disclose window partitions, which are a type of partition that are not fixed but can appear in different locations on the screen. D.I. 51, Ex. A-1 at 9:59-62; *see* also D.I. 51, Ex. A-1 at claim 17 (narrowing independent claim 1 to an embodiment with "fixed predetermined regions of the display

_____

[2] Groupon also repeatedly implies that the partitions are "fixed" by describing them as "predefined." Groupon's Tutorial, slides 16, 20, 22, 23, 26.

screen"). Groupon's attempt to shoehorn its proposed constructions into its tutorial is inappropriate.

Third, Groupon states that "[t]he [Filepp Patents] distinguish[] partitions, which divide the page into separate areas, from windows, which can be opened up on a given page." Groupon's Tutorial, slide 19. This statement goes to the heart of Groupon's arguments regarding four of the terms at issue from the Filepp Patents. Contrary to Groupon's implication, the Filepp Patents' specifications do not "distinguish partitions . . . from windows." Instead, the specifications explain that windows are a type of partitions, called window partitions or window page partitions. D.I. 51, Ex. A-1 at 7:39-48. What Groupon refers to as "partitions" are only one kind of partition, called "page partitions." *Id.* ("[E]ach page 255 is formatted with a service interface having ***page partitions*** 250, 260, 280, and 290 (not to be confused with application partitions). ***Window page partitions 275, well known in the art, are also available*** . . . ." (emphasis added)). Groupon's implication that windows are not partitions is merely an argument in support of its proposed claim constructions.

Fourth, Groupon states that "[Window partitions] are typically used for user input in the application." Groupon's Tutorial, slide 16. The Filepp Patents' specifications explain that the window partition can display any type of display data. D.I. 51, Ex. A-1 at 9:59-62. In particular, the window partition can present command functions, *id.* at 17:65, 3:37-51, and advertising, *id.* at 9:63-66. There is no indication that window partitions are "typically used for user input in the application." Groupon's Tutorial, slide 16.

Fifth, Groupon, in its discussion of the '849 patent, describes an example of a process of requesting, storing, and displaying an advertisement as if the '849 patent were limited to this specific preferred embodiment. Groupon's Tutorial, slides 31-32. Notably, Groupon's

description requires pre-fetching (*see, e.g.*, Groupon's Tutorial, slide 31 (describing the ad manager, "which then pulls an ad from a store of previously downloaded advertisements")), thus improperly supporting its proposed construction for "selectively storing advertising objects at a store established at the reception system," which it contends requires an additional pre-fetching step.

**The '601 Patent:** Groupon inaccurately describes the prior art to the '601 patent, selectively quoting from the specification to support Groupon's claim construction arguments, and improperly attempts to limit the '601 patent to preferred embodiments described in the specification.

First, Groupon mischaracterizes the use of "cookies" in the '601 patent. Groupon's Tutorial, slide 39. Groupon's tutorial states that "the user ID and session ID are stored in the cookie file and sent back to the server on subsequent requests." *Id.* Yet, the '601 patent describes cookies as unable to correlate state information, such as user IDs and session IDs, with specific conversations between the client and the server. D.I. 51, Ex. C-1 at 13:51-55. Therefore, cookies with state information could not be sent between back and forth between the client and the server.

Second, Groupon's tutorial repeatedly characterizes the '601 patent as if it were limited to preferred embodiments, thus improperly asserting its claim construction arguments. Groupon's Tutorial, slides 40, 45-49. Groupon declares that the '601 patent is limited to embedding a user ID and session ID into "every link on a returned page." *Id.* The '601 patent claims "all continuations in an output," not "every link on a returned page." D.I. 51, Ex. C-1 at claim 1, claims 8, 21, 34, 47, 57, and 66 (showing dependent claims that cover specific embodiments for webpages and links). Groupon inaccurately cites the specification to support

its argument. For example, Groupon supports its argument that state information is embedded "into every link that a user may potentially click when a webpage is displayed . . . ." by mixing two unrelated embodiments and displaying a quote from the specification that is unconnected to the shown graphic. Groupon's Tutorial, slide 47. The quote relates to Figure 7a, which depicts an embodiment of the claimed system, while the image is of Figure 7b, which depicts a different embodiment of the claimed method. *Id.*; D.I. 51, Ex. C-1 at 12:43-45, 13:18-20. Groupon's attempt to narrow the '601 patent claims is merely a rehash of its claim construction arguments and is inappropriate for its tutorial.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Michael J. X. Matulewicz-Crowley
Brian D. Matty
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 5, 2017
5154113 / 43155

By:  */s/ Stephanie E. O'Byrne*
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Stephanie E. O'Byrne (#4446)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE 19801
        Tel: (302) 984-6000
        dmoore@potteranderson.com
        bpalapura@potteranderson.com
        sobyrne@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*