**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) ) | |
| Defendant. | ) | |

## IBM'S FIRST NOTICE OF DEPOSITION TO GROUPON, INC.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff International Business Machines Corporation ("IBM"), by its counsel, will take the deposition upon oral examination of Defendant Groupon, Inc. ("Groupon"), regarding the subject matter set forth in the attached Schedule B, which shall be interpreted in accordance with the definitions set forth in the attached Schedule A.

The deposition will begin at 9:00 a.m. on June 7, 2017, at the office of Desmarais LLP, 230 Park Avenue, New York, New York 10169, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Groupon shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each of the topics set forth in the attached Schedule B. IBM requests

that Groupon identify the individual(s) who will testify regarding each topic at least one week in advance of the deposition.

You are invited to attend.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Michael J. X. Matulewicz-Crowley
Brian D. Matty
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 11, 2017
5159939 / 43155

By: /s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

## SCHEDULE A
## DEFINITIONS

1.      As used herein, "Patents-In-Suit" means United States Patent Nos. 5,796,967 ("the '967 Patent"), 5,961,601 ("the '601 Patent), 7,072,849 ("the '849 Patent"), and 7,631,346 ("the '346 Patent").

2.      As used herein, "This Action" means the action under the caption International Business Machines Corporation v. Groupon, Inc., Civil Action No. 16-cv-122-LPS-CJB, in the United States District Court for the District of Delaware.

3.      As used herein, "Defendant" "You," and "Your" means Groupon, Inc. and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of Groupon, Inc.

4.      As used herein, "Accused Instrumentality" means any product, application, service, or method accused by IBM of infringing any claim of any of the Patents-In-Suit under any subsection of 35 U.S.C. § 271, including without limitation all products identified in IBM's Preliminary Identification of Accused Products served October 7, 2016 (including any supplements or amendments thereto), IBM's Preliminary Infringement Contentions served January 20, 2017 and March 24, 2017 (including any supplements or amendments thereto), and all products identified by Groupon in response to IBM's First Set of Interrogatories to Groupon No. 1 served November 22, 2016.

5.      As used herein, "Prior Art" has the same meaning as used in 35 U.S.C. § 101 et seq., and includes any patent, printed publication, knowledge, use, sale or offer for sale, or other act or event defined in 35 U.S.C. §§ 102 or 103, taken singly or in combination.

6.      As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

7.      As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

8.      As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possible meaning.

9.      As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possible meaning.

10.     The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate and to give the noun or pronoun the broadest possible meaning.

11.     As used herein, "document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure.  The term "document" also encompasses tangible things.

12.     As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

13.     As used herein, "concerning" or "relating to" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

14.     As used herein, the terms "Complaint," "Answer," and "Affirmative Defense," shall mean the pleadings as originally filed or as amended or supplemented throughout the progression of the case.

15.     As used herein, the term "Source Code" means any software, markup language files, style sheet language files, template language files, programming language files,

configuration files, source code, object code, or other electronic information for directing the operation of a computer, mobile device, website, web browser, or for processing electronic data, including but not limited to computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module. This definition includes, but is not limited to, JavaScript, Java, Java Server Pages (JSP), Active Server Pages (ASP) (including .Net ASP), VBScript, C++, C, C#, Objective-C, Swift, Python, Mustache, CoffeeScript, Ruby, SQL or other query languages, PostScript, Jade, Apache Velocity Templates, HTML, CSS, XML, batch files, and shell scripts.

16.     As used herein, the term "URI" means uniform resource identifier.

17.     As used herein, the term "URL" means uniform resource locator.

18.     As used herein, the term "Source Code Computer" means the laptop You have made available for inspection in This Action in accordance with paragraph 12 of the Protective Order in this litigation (D.I. 24).

19.     As used herein "financial data" means any and all information related to Your finances, including but not limited to information concerning revenues, costs, and profits.

20.     As used herein, the term "Transaction Event" means any revenue-generating event, including but not limited to user queries, search hit clicks, use of coupons or offers, reservation bookings, completion of reservations (i.e., reservations that are not cancelled or no-show reservations), ad-related bookings, covers, advertisement impressions, advertisement clicks, or purchases.

1.      The location, type, and organization of documents in Your possession, custody,

and control that show, describe, or illustrate how the Accused Instrumentalities have, from 2010

to the present:

  a.  generated URLs, URIs, or hyperlinks;

  b.  allowed users to Sign In and create user accounts, including by using

      information or data about users from Google or Facebook;

  c.  delivered content, including HTML, web pages, JavaScript, images, graphics,

      stylesheets, and font files;

  d.  set parameters related to caching; and

  e.  used content delivery networks, including those provided by Akamai

      Technologies, Inc.

2.      The location, identity, and type of control panels, consoles, dashboards, and

interfaces related to (a) configuring any parameters related to caching and (b) configuring

content delivery networks, such as those provided by Akamai Technologies, Inc.

3.      The location, type, and organization of documents in Your possession, custody,

and control that show, describe, or illustrate the topology of the networks that support the

Accused Instrumentalities or deliver content relevant to the Accused Instrumentalities.

4.      The location, identity, and type of financial data, including financial data

concerning the Accused Instrumentalities and Transaction Events, in Your possession, custody,

or control, and the manner in which such financial data is recorded, organized, stored, analyzed,

reported, and distributed.

5.      The location and identity of license agreements in Your possession, custody, or

control, and the manner in which such license agreements are organized and stored.

6.      The location, identity, and type of documents reflecting Your licensing policies and practices in Your possession, custody, or control, and the manner in which such documents are organized, stored, and distributed.

7.      The location, identity, and type of documents reflecting consumer feedback and/or survey results concerning the Accused Instrumentalities in Your possession, custody, or control, and the manner in which such documents are organized, stored, and distributed.

8.      The location, identity, and type of documents reflecting Your marketing strategies and practices concerning the Accused Instrumentalities in Your possession, custody, or control, and the manner in which such documents are prepared, organized, stored, and distributed.

9.      The location, identity, and type of information in Your possession, custody, or control concerning Transaction Events, and the manner in which such information is recorded, organized, analyzed, reported, and distributed.

10.     The source(s) of the documents You have produced to date.

11.     The identity and type of the documents accessible on each of the non-custodial data sources identified in Your ESI Disclosures or that were the source of the documents You have produced to date.

12.     Your document retention policies and practices from 2010 to the present.

13.     The identity, title, and responsibilities of the three people most knowledgeable about the financial data in Your possession, custody, or control.

14.     The identity, title, and responsibilities of the three people most knowledgeable about how the Accused Instrumentalities have, from 2010 to the present:

   a. generated URLs, URIs, or hyperlinks;

   b. allowed users to Sign In and create user accounts, including by using information or data about users from Google or Facebook;

c.   delivered content, including HTML, web pages, java script, images, graphics,

stylesheets, and font files;

d.   set parameters related to caching; and

e.   used content delivery networks, such as the one operated by Akamai

Technologies, Inc.