# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>GROUPON, INC.<br><br>        Defendant. | )<br>)<br>)  C.A. No. 16-122-LPS<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)  **PUBLIC VERSION**<br>)<br>)<br>)<br>) |

## LETTER TO THE HONORABLE LEONARD P. STARK
## FROM DAVID E. MOORE

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie N. Stempler
Robert C. Harrits
Michael J. X. Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 19, 2017
Public Version Dated: May 24, 2017
5196945/43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
*Partner*
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

May 19, 2017; Public Version Dated: May 24, 2017

**VIA ELECTRONIC-FILING**

The Honorable Leonard P. Stark            **PUBLIC VERSION**
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

       Re:     *International Business Machines Corporation v. Groupon, Inc., et al.*
                 C.A. No. 15-137-LPS

Dear Chief Judge Stark:

     IBM respectfully requests that this Court grant IBM leave to file the amended complaint attached at Exhibit 1 to add LivingSocial, Inc. ("LivingSocial") as a party to this action. A "blackline" comparison to IBM's original complaint is attached as Exhibit 2. *See* D.I. 17 ¶ 9a. Lead and local counsel for the parties met and conferred on May 19, 2017 and Groupon, Inc. ("Groupon") opposes IBM's motion.

**I.**      **Background**

     On March 2, 2016, IBM commenced this patent infringement action against Groupon, asserting U.S. Patent Nos. 5,796,967 (the "'967 patent"), 8,072,849 (the "'849 patent"), 5,961,601 (the "'601 patent"), and 7,631,346 (the "'346 patent") (collectively, the "patents-in-suit"). D.I. 1. On October 4, 2016, the Court entered a Scheduling Order, which set a deadline to amend or supplement the pleadings and substantially complete document production by March 24, 2017, and a deadline to supplement the identification of accused products by May 19, 2017. D.I. 17 ¶¶ 2, 8b, 16. Fact discovery closes on September 8, 2017 and trial is scheduled for July 16, 2018. *Id.* ¶¶ 8a, 22. On October 26, 2016, Groupon and LivingSocial announced that they had entered into an agreement whereby Groupon would acquire all of the outstanding shares in LivingSocial. Harrits Declaration, Exhibits 3-4.

     On April 12, 2017, Groupon first produced documents concerning its acquisition of LivingSocial. Harrits Declaration ¶ 7; Exhibit 5; *see e.g.* Exhibits 8-9. Counsel for IBM became aware of the details of Groupon's acquisition of LivingSocial based on its review of those documents over the next week. *Id* ¶ 8. IBM verified that the current versions of LivingSocial's website and mobile applications infringed the patents-in-suit and promptly drafted an amended complaint. On May 16, 2017, IBM sent that proposed amended complaint to counsel for Groupon and asked whether Groupon would oppose a motion for leave to file that amended complaint. Earlier today, on May 19, 2017, IBM also served Groupon with an amended identification of accused products and amended infringement contentions. *Id.* ¶¶ 9-10; Exhibits 6-7.

## II. Legal Standard

"The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities." *Aerocrine AB v. Apieron Inc.*, No. CIV. 08-787-LPS, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010). When a party moves for leave to amend the pleadings after the deadline set forth in the Court's Scheduling order, Rule 16(b)(4) permits a modification of the deadline for "good cause," which turns on the diligence of the movant. *Intellectual Ventures I LLC v. Toshiba Corp.*, No. CV 13-453-SLR, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016). If the Court finds good cause, the Court then evaluates the motion based on Rule 15(a)(2), which states that "a party may amend its pleading . . . with . . . the court's leave" and that "[t]he court should freely give leave when justice so requires." Courts typically deny a motion to amend under 15(a)(2) only for reasons of "undue delay, bad faith on the part of the moving party, undue prejudice to the non-moving party, or futility of amendment." *Intellectual Ventures I*, 2016 WL 4690384, at *1.

## III. Argument

### A. There Is Good Cause To Grant IBM Leave To Amend The Complaint Because IBM Was Diligent And There Was Neither Undue Delay Nor Bad Faith.

After learning the details of Groupon's acquisition of LivingSocial, IBM worked diligently to amend the complaint against Groupon to include its new subsidiary, LivingSocial. Counsel for IBM learned the details of Groupon's acquisition of LivingSocial by reviewing documents that Groupon produced on April 12, 2017, after the March 24, 2017 deadline for substantial production of documents. Harrits Declaration ¶¶ 7-8. Upon reviewing those documents, counsel for IBM diligently worked to confirm that LivingSocial's current products infringed three of the patents-in-suit and (1) drafted an amended complaint to add LivingSocial as a party, (2) drafted an amended identification of accused products, and (3) drafted amended infringement contentions consisting of hundreds of pages. IBM served its amended complaint earlier this week in advance of the May 19, 2017 deadline to supplement the identification of accused products, D.I. 17 ¶ 16, and served amended infringement contentions and amended identification of accused products today. Harrits Declaration ¶¶ 9-10; Exhibits 6-7. IBM's identification of LivingSocial products under the control of Groupon complies with the Court's deadline to supplement the identification of accused products. And although IBM's identification of LivingSocial comes after the deadline to join other parties, IBM's amended complaint complies with the spirit of the Court's Scheduling Order by not expanding the case beyond accused products under Groupon's control.

IBM could not have included LivingSocial in the original March 2, 2016 complaint because Groupon did not acquire LivingSocial until well afterwards. D.I. 1; D.I 17. On October 24, 2016, Groupon and LivingSocial both announced that they had entered into an agreement whereby Groupon would acquire all of the outstanding shares in LivingSocial. Harrits Declaration, Exhibits 3-4. IBM does not dispute that it could have learned of the announcement of the planned acquisition of LivingSocial in the fall of 2016. Nevertheless, IBM learned details about the acquisition after Groupon produced documents about LivingSocial products—on April 12, 2017—and acted diligently to amend the complaint and its infringement contentions to meet the deadline for identification of accused products. Those efforts constitute reasonable diligence,

especially in light of the fact that the deadline to supplement or amend pleading was less than two month ago, the deadline to supplement identification of accused products is today, and trial is still over one year away.  D.I. 17 ¶¶ 2, 16, 22.

### B. Groupon Will Not Suffer Undue Prejudice If IBM Is Granted Leave To Amend The Complaint.

Neither Groupon nor LivingSocial will suffer undue prejudice if IBM is granted leave to file an amended complaint.  Fact discovery does not close until September, D.I. 17 ¶ 8a, and Groupon has produced fewer than 1500 documents to date.  Harrits Declaration ¶ 11.  LivingSocial, under the control of Groupon, has ample time to catch up with Groupon's production and prepare for trial, which is scheduled for July of 2018.  D.I. 17 ¶ 22.

Furthermore, amending the complaint to add LivingSocial as a party is less burdensome than the alternative.  If IBM cannot add LivingSocial as a party to this action, IBM can seek relief against LivingSocial in a separate action.  A separate LivingSocial case will either result in duplicative litigation on nearly identical issues with parties under the control of the same decision makers as the existing suit, or—after the parties incur the expense of initial procedural issues—will result in cases consolidated into one schedule that will effectively be litigated as a single action.

### C. IBM's Proposed Amendment To The Complaint Will Not Be Futile.

The new allegations in IBM's amended complaint are specific to LivingSocial and are structured in the same way as the allegation against Groupon.  Groupon did not move to dismiss the original complaint against Groupon[1] and would have no grounds to dismiss the complaint against LivingSocial.  During the meet and confer process, Groupon has professed concerns that joinder of LivingSocial is not proper under 35 U.S.C. § 299.  However, Groupon ignores the questions of fact common to Groupon and LivingSocial about, for example, Groupon's and LivingSocial's independent knowledge of infringement of the patents-in-suit before Groupon's decision to acquire LivingSocial and Groupon's efforts to integrate LivingSocial's infringing technology into Groupon's product and service offerings.  *See e.g.* Exhibit 1 ¶¶ 28-36.

**Conclusion**

For the foregoing reasons, IBM respectfully requests that this Court grant IBM leave to file the amended complaint attached at Exhibit 1.

Respectfully,

*/s/ David E. Moore*

David E. Moore

BAP/msb/5196945/43155
cc:     Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)

---

[1] Groupon has moved for judgment on the pleadings.  D.I. 30.  However, that motion would not be affected by IBM's allegations of infringement against LivingSocial.