# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

May 30, 2017

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark  **REDACTED PUBLIC VERSION**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re: *International Business Machines Corporation v. Groupon, Inc., et al.*
           C.A. No. 16-122-LPS-CJB

Dear Chief Judge Stark:

      IBM should not be given leave to file its amended complaint to add LivingSocial as a party. The deadline for such amendments has long passed and IBM cannot establish good cause for its delay. And whether IBM met the deadline to identify accused products (IBM Letter Br., D.I. 77 at 2) is irrelevant to whether it diligently sought to amend its complaint to add a new party. At bottom, IBM knew of LivingSocial's potential status as a party months ago and as a potential defendant years ago. It is too late to add a new party and a new set of accused products, with claim construction briefing complete and the hearing days away. Moreover, joinder would not even be proper under the America Invents Act, making the amendment futile. IBM's belated effort to compound this litigation should be rejected.

**Legal Standard**

      The deadline in this case to amend the pleadings to join parties was March 24, 2017. IBM Letter Br., D.I. 77 at 1; D.I. 17 ¶ 2. Accordingly, as IBM acknowledges, the "good cause" standard for amended pleadings of Rule 16, rather than the more liberal standard of Rule 15,[1] applies to its motion. D.I. 77 at 2. As IBM also admits, good cause "turns on the diligence of the movant." *Id.* (citing *Intellectual Ventures I LLC v. Toshiba Corp.*, No. CV 13-453-SLR, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016)); *see Venetec Int'l v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008) ("[T]he good cause standard under Rule 16(b) hinges on diligence of the movant and not on prejudice to the non-moving party."). The "good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could

---

[1] IBM's opening statement that the court applies a liberal approach to amending pleadings relies on a case in which only the standard of Rule 15 was at issue and in which the movant sought to add a new defense, not a new party. *Aerocrine AB v. Apieron Inc.*, No. CIV. 08-787-LPS, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010).

{01215884;v1 }

not have been reasonably sought in a timely manner." *Id*. And this Court has not found good cause to amend pleadings to add parties when litigants could have added them before the deadline to amend pleadings lapsed. *Wi-LAN Inc. v. Sharp Elecs. Corp.*, C.A. No. 15-379-LPS, D.I. 60 (D. Del. June 10, 2016) (denying leave to join new parties even under Rule 15 where "Plaintiff provides no persuasive reason for waiting until May 2016 (the last day provided in the scheduling order) for an amendment which it had a basis to file 4-10 months earlier.").

**IBM Has Not Been Diligent in Seeking Leave to Amend Because IBM Knew of LivingSocial Years Ago and Groupon Publicly Announced Its Acquisition of LivingSocial Over Six Months Ago.**

IBM's dilatory conduct negates any good cause for its proposed amendment. Groupon is a public company, and it publicly announced its acquisition of LivingSocial in October of 2016, over six months ago. IBM Letter Br., D.I. 77 at 2; Harrits Decl., D.I. 78, Exs. 3-4. Further, LivingSocial has long been in IBM's crosshairs. ████████████████████████ ████████████████████████████████████████████████████████████ The announcement of the LivingSocial acquisition was widely publicized and should have come to IBM's attention immediately if it remained serious about accusing LivingSocial of infringing its patents. That alone is reason enough to deny the motion. *Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430 (D. Del. 2014) (denying leave to amend where proposed amendment relied in part on public information available to the movant). Indeed, IBM acknowledges that it "could have learned of the announcement of the planned acquisition of LivingSocial in the fall of 2016." IBM Letter Br., D.I. 77 at 3.

All told, if IBM seriously wished to join LivingSocial in this action, it could have proposed doing so long before the deadline to amend pleadings and before the parties submitted their claim construction briefs. *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *2 (D. Del. Nov. 14, 2016) (denying leave to amend complaint under Rule 16 where plaintiff waited more than four months to seek to amend pleading, after the parties submitted claim construction briefs). Yet the first time IBM mentioned its intent to sweep LivingSocial into this case was on May 16, 2017, when it transmitted a proposed amended complaint to Groupon. IBM Letter Br., D.I. 77 at 1.

Simply put: IBM's argument that it became interested in adding LivingSocial only after learning about "the details of the acquisition" from Groupon's document production in April is a pretext. Even taking IBM's argument at its face, IBM fails to identify anything new it learned from "the details of the acquisition" that would necessitate amendment at this late stage. Indeed, Groupon was never under any obligation to produce documents from or concerning LivingSocial in this litigation. That it produced some such documents only shows that Groupon's production includes recent documents. At bottom, IBM's reliance on those documents is merely an attempt to obfuscate its lack of diligence and its request to amend should be rejected.

**IBM's Proposed Amendment Would Unduly Prejudice Groupon Because There Is Not "ample time to catch up" When Adding an Entirely New Party and Technology Platform to This Case.**

Although Groupon need not prove undue prejudice to prevail (*Intellectual Ventures I*, 2016 WL 4690384, at *1), the fact remains that Groupon would be prejudiced by the amendment. IBM's amendment would expand discovery after claim construction proceedings to include a completely new technological system. Even if the allegations against LivingSocial "are structured in the same way" as those against Groupon (IBM Letter Br., D.I. 77 at 3), LivingSocial was and is a *different* platform than Groupon that runs on *different* technology developed by a *different* entity. Contrary to IBM's assertion, the remaining four months of discovery would not be "ample time to catch up" (*Id.*) because a previously unaccused system will need to be defended anew. In other words, IBM seeks to begin an entirely new case, one involving different products, different discovery related to those products, and different witnesses. IBM's argument that the amended complaint does not expand the case "beyond accused products under Groupon's control" (*Id.* at 2) is specious because those products were not under Groupon's control when the case began and were heretofore unaccused. As a different entity, LivingSocial would also be forcibly bound to scheduling deadlines, non-infringement and invalidity positions, and a forthcoming claim construction order that it was not involved in developing. The ostensible alternative—a separate action—*is* therefore the "less burdensome" approach (*Id.* at 3), and consolidation is not inevitable, given that such a case would be on a schedule trailing this action's by more than a year. *See* D.I. 1 (complaint filed in March 2016).

**IBM's Proposed Amendment Would Be Futile Because Joinder of LivingSocial Would Be Improper Under the America Invents Act.**

The America Invents Act introduced a new joinder provision to preventing joinder of defendants solely because they allegedly infringe the same patent(s) in similar ways. *See* 35 U.S.C. § 299. That is exactly what IBM seeks to do here. AIA joinder requires that a patent claim be "asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the *same accused product or process*" *and* that "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a) (emphasis added).

IBM does not meet this standard, and thus its proposed amendment would be subject to dismissal for improper joinder. It does not allege in its complaint that joinder is proper or argue that there are common factual issues involving its *infringement* allegations, as the rule requires. 35 U.S.C. § 299(a)(1) (requiring that claims arise out of the same transaction or occurrence or sale of the same accused instrumentalities); *In re Nintendo Co.*, 544 Fed. Appx. 934, 939 (Fed. Cir. 2013) ("The AIA's joinder provision is more stringent than Rule 20, and adds a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process."). Instead, it argues only that common issues of fact will arise because, like Groupon, LivingSocial independently knew of IBM's potential infringement allegations of some of the same patents before the acquisition. IBM Letter Br., D.I. 77 at 3. But the acquisition itself

has nothing to do with IBM's allegations of infringement.  In addition, to make clear that a theory like IBM's is not enough for joinder under Section 299(a), Congress included Section 299(b), which expressly prohibits joinder based only on the allegation that two defendants infringe the same patent(s).  IBM's theory of joinder based on shared factual knowledge of the same patents would be an end-run around this bar and enable joinder anytime multiple parties have been notified in advance that they infringe the same patent(s).

**Conclusion**

For the foregoing reasons, Groupon requests that the Court deny IBM leave to amend its complaint.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD: nml

cc:   Counsel of Record (via electronic mail)