# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, </br></br>  Plaintiff, </br></br> v. </br></br> GROUPON, INC. </br></br>  Defendant. | ) </br> ) </br> ) </br> ) C.A. No. 16-122-LPS </br> ) </br> ) **JURY TRIAL DEMANDED** </br> ) </br> ) </br> ) </br> ) |

## IBM'S NOTICE OF SUBPOENA TO AKAMAI TECHNOLOGIES, INC.

Please take notice that, pursuant to Federal Rules of Civil Procedure 45, Plaintiff International Business Machines Corporation intends to serve a subpoena on nonparty Akamai Technologies, Inc. in the form attached hereto as Exhibit 1, as soon as service may be effected.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: July 7, 2017
5283603 / 43155

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff International Business Machines Corporation*

# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| International Business Machines Corporation <br> *Plaintiff* <br> v. <br> Groupon, Inc. <br> *Defendant* | Civil Action No.  C.A. No. 1:16-cv-00122-LPS |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Akamai Technologies, Inc. c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 (302-636-5400)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see Schedule A

| Place: Regus-Prudential Tower <br> 800 Boylston Street, 16th Floor <br> Boston, MA 02199 | Date and Time: <br> 07/24/2016 9:30 am |
|---|---|

The deposition will be recorded by this method:  Stenography and videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see Schedule A. Documents to be produced at:
  TransPerfect
  420 Boylston Street, 4th Floor
  Boston, MA 02116

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  07/07/2017

*CLERK OF COURT*

OR

_____           /s/ Karim Z. Oussayef
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Karim Z. Oussayef, 230 Park Ave, New York, NY 10169 , who issues or requests this subpoena, are:
koussayef@desmaraisllp.com, 212-351-3427

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. C.A. No. 1:16-cv-00122-LPS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## DEFINITIONS AND INSTRUCTIONS

1. As used herein, "You," "Your," and "Akamai" means Akamai Technologies, Inc., and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of Akamai Technologies, Inc.

2. As used herein, "Defendant" or "Groupon" means Groupon, Inc. and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of Groupon, Inc.

3. As used herein, "IBM" means International Business Machines Corporation, and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of International Business Machines Corporation.

4. As used herein, "this action" means the action under the caption *International Business Machines Corporation v. Groupon, Inc.*, Civil Action No. 16-cv-122-LPS-CJB, in the United States District Court for the District of Delaware.

5. As used herein, the "Patents-In-Suit" means U.S. Patent Nos. 5,796,967 ("the '967 Patent"), 5,961,601 ("the '601 Patent), 7,072,849 ("the '849 Patent"), and 7,631,346 ("the '346 Patent").

6. As used herein, "Accused Instrumentality" means any method or system accused by IBM of infringing any claim of any of the Patents-In-Suit under any subsection of 35 U.S.C. § 271, including any method or system involved in providing access to Groupon's services such as (1) current and prior versions of Groupon's desktop and mobile versions of www.groupon.com,

and (2) current and prior versions of Groupon's mobile applications, including the Groupon Apps for Android and iOS.

7. As used herein, "Content" means any templates, programs, browser-supported source code (such as JavaScript), advertisements, images, scripts, videos, and text that may be accessed or used with the Accused Instrumentalities.

8. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

9. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

10. As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possibly meaning.

11. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possibly meaning.

12. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate and to give the noun or pronoun the broadest possible meaning.

13. As used herein, "document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure. The term "document" also encompasses tangible things.

14. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

15. As used herein, "concerning" or "relating to" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting,

containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

16. The document requests herein shall be deemed to include any and all relevant documents within Your possession, custody or control, including documents located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants.

17. Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled, or with similar breaks and groupings if produced electronically, in the same manner as the originals.

18. In producing for inspection documents responsive to the following document requests, you are required to provide all information that is available to you or within your control, including documents in possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, investigators, or division affiliates, partnerships, parents or subsidiaries.

19. If, in answering any document request, you encounter any ambiguity concerning either the document request or the definition or instruction relevant to the inquiry contained within the document request, set forth the matter deemed ambiguous and the construction selected for use in answering the document request.

20. The document requests herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Federal Rule of Civil Procedure 26(e).

## DOCUMENTS TO BE PRODUCED

1. All agreements between You and Groupon.

2. All work orders, statements of work, specifications, or other documents describing the services You have provided to Groupon from 2010 to the present.

3. All instructions, manuals, user guides, or administrator guides related to the services that You have provided to Groupon from 2010 to the present.

4. Documents sufficient to show the options and settings for the services that You have provided to Groupon from 2010 to the present, such as configuration settings for Akamai's LUNA Control Center.

5. Documents sufficient to show any effect You have had on how Groupon Content is cached, caused to be cached, or prevented from being cached at users' devices or at Akamai's servers, from 2010 to the present.

6. Documents sufficient to show the identity, functionality, topology, and configuration of Your servers that have delivered or helped deliver Content related to Groupon's Accused Instrumentalities from 2010 to the present.

7. All communications between You and Groupon related to this Action, the Patents-In-Suit, or IBM.

## TOPICS

1. Agreements between You and Groupon.

2. The services You have provided to Groupon from 2010 to the present.

3. The options and configuration settings for the services that You have provided to Groupon from 2010 to the present.

4. Any effect You have had on how the Groupon Content is cached, caused to be cached, or prevented from being cached at users' devices or at Akamai's servers, from 2010 to the present.

5. The identity, functionality, topology, and configuration of Your servers that have delivered Content related to Groupon's Accused Instrumentalities from 2010 to the present.

6. Any communications between You and Groupon related to this Action, the Patents-In-Suit, or IBM.

7. The operation of control panels, consoles, dashboards, or interfaces allowing Your customers to control the hosting, caching, or content delivery network services offered by You, such as, for example, Akamai's LUNA Control Center.