# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 11, 2017

The Honorable Leonard P. Stark  **VIA ELECTRONIC FILING**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:   *International Business Machines Corporation v. Groupon, Inc.,*
             C.A. No. 16-122-LPS-CJB

Dear Chief Judge Stark:

We write on behalf of Defendant Groupon, Inc. ("Groupon") in response to the issues raised in the discovery letter filed by Plaintiff International Business Machines Corporation ("IBM"). D.I. 125.

IBM raises two issues. The first one requests a deposition on eleven topics in IBM's Second and Third 30(b)(6) Notices. That issue is now resolved. Groupon has offered a witness and a deposition date on those topics. The second issue is IBM's request for additional deposition time with two of Groupon's Rule 30(b)(6) witnesses whom IBM has already deposed. That issue is not ripe for the Court to decide for two reasons: 1) IBM did not confer with Groupon prior to its request as required by the Court's Rules and 2) IBM has not identified a specific reason why it needs any additional deposition time with the same witnesses—should it do so, Groupon will work with IBM to provide any necessary and reasonable additional deposition testimony.

**Groupon Has Identified Witnesses and Deposition Dates for IBM's Rule 30(b)(6) Topics.**

There is no outstanding dispute regarding Groupon's identification of 30(b)(6) witnesses and deposition dates. Despite IBM's characterization, Groupon never refused to provide 30(b)(6) witnesses in this case. Groupon offered and IBM deposed Groupon's corporate representative on June 29, 2017. IBM also deposed Groupon's financial and technical designees on August 10 and 11, respectively. Groupon also identified Jason Carlisle as its witness for topics 8-13 in IBM's Second Notice and topics 3-7 and 10 in IBM's Third Notice—the topics IBM mentions in its letter. Mr. Carlisle's deposition is scheduled for August 24, 2017. Accordingly, IBM's first request is moot.

{01235413;v1 }

**IBM's Request for Additional Depositions of Two of Groupon's 30(b)(6) Witnesses is Premature and Unnecessary for the Court to Decide.**

IBM's newly-raised request for additional depositions of two of Groupon's 30(b)(6) witnesses should be denied for two reasons.[1]

First, IBM filed its request before conferring with Groupon. This Court requires both a verbal conference between counsel and a joint letter before hearing discovery disputes. D.I. 17 at 6-7. IBM failed to follow the Court's required procedure, and its request should accordingly be denied as premature. *Id.* ¶ 8g(i) ("Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures"); *see, e.g.*, *Tessera, Inc. et al v. Broadcom Corp.*, No. 1-16-cv-00380 (D. Del. Jan. 23, 2017) (oral order denying Plaintiffs' discovery request, noting that Plaintiffs "should follow the discovery dispute procedures described in Paragraph 8(h) of the Scheduling Order to bring any further disputes before the Court").

Second, if IBM would have followed the Court's Rules, it would have been told that Groupon does not object to working with IBM to provide additional deposition testimony should IBM identify with specificity a reasonable set of topics and categories of documents recently produced by Groupon that require such testimony. To be clear, Groupon does not believe that IBM is entitled to double the deposition time allowed by the Federal Rules because of the documents Groupon produced this week; IBM already deposed each witness for seven hours. IBM claims that it needs additional technical and financial deposition testimony from Mr. Dunham and Mr. Schmitz—the individuals it already deposed—because of Groupon's recent document production. But IBM cites to not a single document that relates to topics for which Groupon designated Mr. Dunham and Mr. Schmitz, let alone shows that an entire second deposition for each of these witnesses is warranted. *See, e.g.*, *Galderma Laboratories LP v. Actavis Laboratories UT Inc.*, No. 1-15-cv-00232 (D. Del. Dec. 14, 2016), D.I. 215 (denying request for an order compelling another deposition of a witness, finding that "the Court is not persuaded that [the defendant] lacked an opportunity to fairly examine [the witness] during the [prior] deposition . . . [and] has articulated no persuasive grounds for finding that additional deposition time would be proportional to the needs of the case").

Indeed, IBM had in its possession for months the documents relevant to the depositions of Mr. Dunham and Mr. Schmitz. Groupon has produced *all* of its source code and IBM has reviewed it for approximately 140 hours prior to the deposition of Mr. Dunham IBM already took. Source code is the single best source of information of how the accused instrumentalities work, and Mr. Dunham referred IBM to the code when answering questions during his deposition. IBM was also in possession of the relevant core technical documents for months before the deposition of Mr. Dunham. Groupon produced all information necessary for IBM to

---

[1] IBM did not include this request in its letter to the Court requesting a teleconference. D.I. 104. That letter raised two issues that the parties subsequently resolved. After the Court invited briefing on the issues raised in the letter requesting a teleconference (D.I. 124), however, IBM submitted its brief raising this new issue.

depose Mr. Dunham on the topics Mr. Dunham is designated well in advance of Mr. Dunham's deposition. Groupon also produced its financial documents requested by IBM, including profit and loss statements and financial metrics by platform, on June 2, 2017. Accordingly, Groupon produced all information necessary for IBM to depose Mr. Schmitz well in advance of Mr. Schmitz's deposition.

Nor is IBM's characterization of Groupon's document production efforts accurate. To make sure the record is clear, the majority of documents produced by Groupon this week were in response to five very broad search terms requested by IBM on June 14 of this year—eight months after discovery opened in this case.[2] Once Groupon received IBM's search terms, it ran them against the relevant document repositories within the next two weeks. The result was a very large number—nearly 17,000 documents. Groupon reviewed and produced over 7,800 documents from these searches by June 30. However, Groupon ran into several technical difficulties transferring the other documents from the repositories. As soon as the technical issues were resolved, Groupon produced the remaining documents over a month before the end of discovery and less than 7 weeks after IBM provided its search terms. In any event, as explained above, the most relevant documents—technical and financial—had been produced by Groupon months before the depositions in question. But, again, should IBM identify a reasonable set of topics and specific categories of documents in Groupon's latest productions that require additional deposition testimony IBM has not already obtained from Groupon's corporate designees, Groupon is willing to work with IBM on scheduling such limited additional deposition testimony. At this point, IBM's request is simply too abstract to be granted and thus should be denied.

Respectfully,

*/s/ John G. Day*

John G. Day

JGD/nml

cc: Counsel of Record (via electronic mail)

---

[2] Groupon searched for and produced documents in April. In June, Groupon ran IBM's requested search terms and its own search terms against all the custodians that it identified during the course of discovery. Many of those documents were produced in June. Those that posed technical difficulties were produced this week.