# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) C.A. No. 16-122-LPS |
| Plaintiff, | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| | ) **PUBLIC VERSION** |
| GROUPON, INC. | ) ) |
| Defendant. | ) ) |

## LETTER TO CHIEF JUDGE LEONARD P. STARK
## FROM BINDU A. PALAPURA

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: August 9, 2017
Public Version Dated: August 16, 2017
5361512/43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines*
*Corporation*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

August 9, 2017; Public Version Dated: August 16, 2017

**VIA ELECTRONIC-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware        **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re:    *International Business Machines Corporation v. Groupon, Inc.*,
               C.A. No. 16-122-LPS

Dear Chief Judge Stark:

    We write on behalf of Plaintiff International Business Machines Corporation ("IBM") to outline the discovery disputes between IBM and Defendant Groupon, Inc. ("Groupon"), pursuant to the Court's Order (D.I. 124).

    IBM requests an order compelling Groupon to identify witnesses and deposition dates for topics 8-13 in IBM's Second 30(b)(6) Deposition Notice to Groupon ("Second Notice") and topics 3-7 and 10 in IBM's Third 30(b)(6) Deposition Notice to Groupon ("Third Notice"). Groupon has refused to provide a witness and deposition date for these topics since they were noticed on June 20, 2017. IBM also requests an order granting an additional deposition for each of Groupon's two witnesses designated to testify regarding topics 1-7 and 14-31 in the Second Notice and topics 1-2 and 8-9 in the Third Notice. Although IBM is proceeding with the deposition of those witnesses today and tomorrow, Groupon produced over 150,000 pages of documents in the last 48 hours, which doubled Groupon's entire prior production, and thereby forced IBM to question key corporate representatives without the benefit of the majority of the documents Groupon has now produced.[1]

Groupon Has Repeatedly Refused To Provide Witnesses For Deposition

    Groupon has denied IBM's ability to obtain discovery through depositions over the last several months. IBM served its First 30(b)(6) Deposition Notice to Groupon ("First Notice") on May 11, 2017, which identified fourteen topics generally relating to the types and locations of Groupon documents relevant to IBM's claims in this action and which set the deposition for June 7, 2017. Ex. 1. IBM received no response from Groupon and prodded Groupon on May 31, 2017, and then again on June 2, 2017, to designate witnesses for the forthcoming deposition. Ex. 2. Groupon still refused, and after further attempts to get Groupon to designate a witness,

---

[1] The parties' joint discovery letter (D.I. 104) also identified a dispute regarding the completion of Groupon's source code production. The parties have since resolved that issue, and it is not the subject of IBM's requests made in this letter brief.

Groupon finally did so on June 23, 2017. Ex. 3. The deposition occurred on June 29, 2017—forty-nine days after IBM noticed the deposition and twenty-two days after the originally-noticed deposition date—but the witness was unprepared to address many of the topics in the First Notice. Ex. 4.

In the meantime, IBM served its Second and Third Notices to Groupon on June 20, 2017, which identified topics generally relating to the technical operation of Groupon's website and mobile apps, Groupon's financial records, and Groupon's marketing for its website and mobile apps. Ex. 5; Ex. 6. IBM again received no response from Groupon and reached out to Groupon on July 6, 2017, to request that Groupon respond and designate witnesses for the forthcoming depositions. Ex. 7. On July 11, 2017, Ex. 8 at 2, Groupon still had not yet determined who its witnesses would be or when they would be available for deposition. Accordingly, the parties filed the joint discovery dispute letter (D.I. 104) on July 12, 2017.

Even after the parties filed the discovery dispute letter nearly a month ago, Groupon ignored IBM's repeated follow up emails for weeks. Ex. 9; Ex. 10; Ex. 11. Finally, on July 27, 2017, Groupon confirmed that it would be putting up "at least" Groupon employees Phil Dunham and Damien Schmitz for deposition the week of August 7, but would not identify the topics on which Mr. Dunham and Mr. Schmitz would testify. Ex. 12. On August 2, 2017, after two more follow up requests from IBM, Groupon finally served objections to IBM's First and Second Notices, confirmed they would provide witnesses to testify regarding the noticed topics, and confirmed dates for depositions of Mr. Dunham and Mr. Schmitz while identifying some, but not all, topics in the Second and Third Notices on which they would be designated to testify. Ex. 13. While Groupon raised various objections to the remaining topics for which they did not designate Mr. Dunham and Mr. Schmitz, Groupon indicated they will provide witnesses for those topics. Ex. 22 at 14-21 (Topics 8-13); Ex. 23 at 7-13, 15-16 (Topics 3-7 and 10). Now fifty days after IBM served its Second and Third Notices, IBM has continued to follow up but is still waiting for Groupon to confirm a witness and a deposition date for topics 8-13 in IBM's Second Notice and topics 3-7 and 10 in IBM's Third Notice. Ex. 14; Ex. 15. Groupon has likewise refused to respond or confirm dates for any of IBM's seven additional 30(b)(1) deposition notices, which have been pending for almost a month. (D.I. 107-110; D.I. 114-116.)

As a result of Groupon's delay tactics, IBM was forced to seek an extension to the deadline to serve its final infringement contentions. (D.I. 118) Now the extended deadline for IBM's final contentions is fast approaching, and Groupon has still refused to identify witnesses for topics 8-13 in IBM's Second Notice and topics 3-7 and 10 in IBM's Third Notice. These topics relate generally to the extent of use and valuation of the features of the accused Groupon products and are relevant to IBM's damages theories in this case. *E.g.*, Ex. 5 at 9 (Topic 10, addressing "the number of Transaction Events made through the Accused Instrumentalities by users whose accounts were linked to Facebook and/or Google login credentials"); Ex. 6 at 6 (Topic 3, addressing "pricing policies, strategies, and practices concerning the Accused Instrumentalities"). IBM thus respectfully requests an order compelling Groupon to promptly designate a witness and deposition date for these topics.

Groupon Has Repeatedly Failed To Provide Relevant Documents

Further compounding its refusal to provide witnesses for deposition, Groupon has failed to timely produce documents. Groupon identified repositories of documents that it expected to

contain relevant documents on November 2, 2016, including Google Drive, internal development wikis at wiki.groupdev.com and GitHub Enterprises, JIRA, and Pivotal Tracker. Ex. 16 at 3-4. Groupon produced 1500 technical documents and a handful of financial documents from November 2, 2016 to June 5, 2017. But Groupon refused to produce marketing documents until it was compelled to do so on June 5, 2017, and finally complied on June 30, 2017. Ex. 21.

Over a month later, on August 7 and 8, 2017—the day before its designated 30(b)(6) witnesses were scheduled for deposition—Groupon surprised IBM with the production of 13,413 documents spanning 156,589 pages. Ex. 17; Ex. 18. At no time from June 30 to August 7 did Groupon give IBM any warning that such a large production (larger than the sum total of the documents Groupon had previously produced) was forthcoming. Groupon claimed that the documents "were previously collected in June [but] had to be recollected due to technical difficulties." Ex. 19 at 2. At no point prior to August 7, however, had Groupon mentioned to IBM any such "technical difficulties" affecting their ability to produce documents. When asked about the documents and their relevance to the depositions scheduled to begin in less than a day, Groupon stated that the documents were from repositories Groupon had identified over ***nine months*** earlier and were responsive to search terms that IBM and Groupon had agreed on at least ***two months*** earlier. Ex. 19 at 1-3; Ex. 20.

Covering all of the topics for which Mr. Dunham and Mr. Schmitz were designated in two seven-hour depositions was already challenging. But now, IBM has no chance to fully review relevant documents and question Groupon's corporate representatives on the full scope of Groupon's document production. Indeed, just downloading Groupon's enormous production took approximately nine hours. The topics on which Mr. Dunham and Mr. Schmitz have been designated relate generally to the technical functionalities of the accused websites and mobile apps as well as Groupon's financial records and are relevant to IBM's infringement theories and the monetary damages at issue in this case. *E.g.*, Ex. 5 at 6 (Topic 1, addressing "the way in which each of [Groupon's] Accused Instrumentalities" perform certain functions accused of infringement); Ex. 6 at 6 (Topic 2, addressing "annual profit and loss statements" for the Groupon business units responsible for the instrumentalities accused of infringement). Thus, IBM respectfully requests that the Court order Groupon to make Mr. Dunham and Mr. Schmitz available for a second deposition to cover the topics in IBM's Second and Third Notices for which they have been designated, once IBM has had a chance to fully review Groupon's massive last-minute production.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP/msb/5361512/43155
Enclosures
cc: Clerk of the Court (via hand delivery) (w/encs.)
     Counsel of Record (via electronic mail) (w/encs.)