## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 16-122-LPS |
| GROUPON, INC., | ) ) | |
| Defendant. | ) | |

### DEFENDANT GROUPON, INC.'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO AMAZON.COM, INC.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendant Groupon, Inc., ("Groupon") by and through its counsel, commands that Amazon.com, Inc. ("Amazon") produce and/or permit inspection and copying of the documents and things specified in the attached Schedule A to the attached subpoena at the time and place indicated in the subpoena.

ASHBY & GEDDES

/s/ *John G. Day*
_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Groupon, Inc.*

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Adam M. Lewin
Sapna Mehta
FENWICK & WEST LLP
Silicon Valley Center
801 California Street, 12th Floor
Mountain View, CA 94041
(650) 988-8500

Dated: September 12, 2017

# UNITED STATES DISTRICT COURT

for the
## DISTRICT OF DELAWARE

| | |
|---|---|
| International Business Machines Corporation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:16-cv-122-LPS-CJB |
| | ) |
| Groupon, Inc. | ) |
| *Defendant* | ) |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amazon.com, Inc., c/o Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see Attachment A.

| Place:<br>Fenwick & West LLP<br><br>1191 Second Ave. 10th Floor Seattle, WA  98101 | Date and Time:<br>September 14, 2017 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 12, 2017

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Groupon, Inc., who issues or requests this subpoena, are: Ryan Tyz

Tyz Law Group PC, 4 Embarcadero Center, 14th Floor, San Francisco, CA  94111 (415) 849-3578 rtyz@tyzlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:16-cv-122-LPS-CJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Amazon.com, Inc.

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ for travel and $ for services, for a total of $

I declare under penalty of perjury that this information is true.

Date:

Server's signature

Printed name and title

Server's address

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Groupon, Inc. requests that you produce the documents identified below for inspection and copying. The following definitions and instructions apply to each of the requests for production below.

**DEFINITIONS**

1. The terms "Amazon" or "You" or "Your" shall refer to Amazon.com, Inc.

2. The term "Amazon.com website" shall refer to www.amazon.com.

3. The term "information" shall mean documents or source code.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

Information sufficient to show embedding session information into URLs during the operation of Your Amazon.com website from 1995-1996.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS-CJB |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) | |
| Defendant. | ) ) | |

**JOINT PROPOSED PROTECTIVE ORDER REGARDING
THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information.

1.    <u>PURPOSE AND LIMITATIONS</u>

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this Action and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

(b)    A Receiving Party shall not disclose, transfer, or otherwise make available any Protected Material outside the United States without the prior written consent of the Producing Party.

(c)    The parties acknowledge that this Order does not confer blanket protections on all disclosures made during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set

forth below.  If it comes to a Producing Party's attention that designated material does not qualify

for protection at all, or does not qualify for the level of protection initially asserted, the Producing

Party must promptly notify all other parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Action" means this litigation in the United States District Court for the District of

Delaware:  *International Business Machines Corporation v. Groupon Inc.*, Civil Action No. 16-

cv-122-LPS-CJB.

(b)    "Discovery Material" means all items or information, including from any non-party,

regardless of the medium or manner generated, stored, or maintained (including, among other

things, testimony, transcripts, or tangible things) that are produced or disclosed in connection with

discovery in this Action.

(c)    "Patents-in-suit" means the asserted patents in the Action:  U.S. Patent Nos.

5,796,967, 5,961,601, 7,072,849, and 7,631,346.

(d)    "Party" means any party to this Action, including all of its officers, directors,

employees, and consultants.

(e)    "Producing Party" means any Party or other third-party entity who discloses or

produces any Discovery Material in this Action.

(f)    "Protected Material" means any Discovery Material that is designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided

for in this Order.  Protected Material shall not include published advertising materials, materials

that have been disseminated to the public, or information that the Receiving Party can show was

lawfully in the Receiving Party's possession prior to being designated as Protected Material in this

Action.

(g)     "Outside Counsel" means (i) outside attorneys who appear on the pleadings or docket for this Action as counsel for a Party and (ii) partners, associates, employees and staff of the law firms of such attorneys to whom, in the judgment of those attorneys, it is reasonably necessary to disclose the information for this Action.

(h)     "In-house Counsel" means an attorney employed by a Party with responsibility for managing or evaluating this Action.

(i)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(j)     "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, other translator, or other data processing module.

**3.     COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(d).

**4.     SCOPE**

(a)     The protections conferred by this Order apply not only to Discovery Material governed by this Order as addressed herein, but also to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose; and nothing in this Order shall

preclude any Receiving Party from showing Discovery Material to an individual who prepared the Discovery Material;

(c)     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i)     A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material which has been produced by that Party;

(ii)     A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that establishes on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that Party, and pertains to the period or periods of his or her employment; and

(iii)     Non-parties may be examined during deposition or testify concerning any document containing Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.  Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the

Producing Party consents to persons other than qualified recipients being present at the examination.

(d)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.     DURATION

Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this Action.   After the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect with respect to a Producing Party's Protected Material until that Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.     PROSECUTION BAR

(a)     Absent the written consent of the Producing Party, any person who receives technical information designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to (1) user single-sign-on operations within a federated computer environment, (2) preserving state information in computer communications using a stateless protocol, (3) storing, delivering, and presenting applications and targeted advertising in interactive services provided on a computer network, and (4) storing and delivering data objects for presenting applications and command functions in an interactive service provided on a computer network, before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not

intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and are not intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a Party so long as that Party does not or cannot amend the patent claims.

(b)     These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY– SOURCE CODE" materials is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

## 7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

(a)     <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b)     <u>Limitations</u>.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; (e) pursuant to Order of the Court; or (f) as otherwise required by law.

(c)     Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

8.      **DESIGNATING PROTECTED MATERIAL**

(a)     <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:

(i)     "CONFIDENTIAL,"

(ii)    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(iii)   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(b)     <u>Written Discovery and Documents and Tangible Things</u>.   Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 8(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  In the event that original documents or tangible things are produced for inspection, the original documents or tangible things shall be presumed to be designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" during the inspection. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE if necessary prior to furnishing any copies to the Receiving Party. Moreover, media containing documents may be designated by marking the media with the appropriate confidentiality designation.  If documents are printed from the media, they shall be immediately marked with the designation on the media.

(c)     <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within

thirty (30) days of receipt of the transcript of the testimony.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event a designated deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except under the terms of the Court's Protective Order, or by other order of the Court, or pursuant to written stipulation of the parties."

(d)     Any court reporter or videographer who reports, transcribes or videotapes testimony in this Action shall not disclose any Protected Material, except pursuant to the terms of this Order. To the extent that Protected Material is used in depositions, at hearings, or at trial, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to such information contained therein.

(e)     In the event that any Protected Material is used in any court proceeding in this Action, the confidentiality of such materials shall be protected as determined and directed by the Court.

(f)     All Protected Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 8(b), shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and re-designated, as appropriate by the Producing Party by informing the Receiving Party of the designation in writing.

**9.      DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)      A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information.

(b)      Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)      The Receiving Party's Outside Counsel, as defined in Paragraph 2(g), assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii)      Two (2) In-house Counsel, as defined in Paragraph 2(h), of the Receiving Party provided that each such person (a) has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) has been previously identified by providing the Producing Party a completed copy of Exhibit B.

(iii)      Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this Action, and who is not a current employee of the Receiving Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 13(b) below;

(iv)      Court reporters, stenographers and videographers retained to record testimony or argument taken in this Action or any appeal therefrom;

9

(v)     The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(vi)    Graphics, translation, design, jury and/or trial consulting services including mock jurors retained by a Party;

(vii)   Data processing vendors, photocopy, document imaging and database services, and consultants retained by the Receiving Party or its Outside Counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(viii)  Any mediator who is assigned to hear these matters, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

## 10.  DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)     A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY if it contains or reflects information that is proprietary financial or technical or commercially sensitive competitive information, including but not limited to information obtained from a non-party pursuant to a current nondisclosure agreement, strategic plans, technical documents that would reveal trade secrets, settlement agreements or settlement communications, and confidential technical, sales and financial information, and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or competitive disadvantage to the Producing Party.

(b)     Discovery Material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, as defined in Paragraph 2(g) assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii)     Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this Action, and who is not a current employee of the Receiving Party or a competitor of the Producing Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 13(b) below;

(iii)     Court reporters, stenographers and videographers retained to record testimony or argument taken in this Action or any appeal therefrom;

(iv)     The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(v)     Graphics, translation, design, jury and/or trial consulting services including mock jurors retained by a Party;

(vi)     Data processing vendors, photocopy, document imaging and database services, and consultants retained by the Receiving Party or its Outside Counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(vii)     Any mediator who is assigned to hear these matters, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)     Any other person with the prior written consent of the Producing Party.

(c)     Notwithstanding the foregoing, two identified In-house Counsel, as defined in paragraph 2(h), may receive documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" if the parties agree in writing that the highly confidential information contained in those documents is limited to financial and/or sales information or other damages-related information, and is to be disclosed to the two In-House Counsel and accessed by them pursuant to Federal Rule of Evidence 408.

## 11.     DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"

(a)     Documents or other things that contain a party's confidential source code may be designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE" if they comprise or include confidential source code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module) and any descriptions thereof.

(b)     Discovery Material designated as "HIGHLY CONFIDENTIAL -  ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 12 below, and may be disclosed, subject to Paragraph 12 below, solely to:

(i)     The Receiving Party's Outside Counsel, as defined in Paragraph 2(g), who have appeared on the docket for this Action for at least three (3) days and employees of such counsel, assigned to and necessary to assist such counsel in the preparation and trial of this

Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii)     Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this Action, and who is not a current employee of the Receiving Party or a competitor of the Producing Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 13(b) below;

(iii)    Court reporters, stenographers and videographers retained to record testimony or argument taken in this Action or any appeal therefrom;

(iv)     Graphics and design services retained by a Party;

(v)     Data processing vendors, photocopy, document imaging and database services, and consultants retained by the Receiving Party or its Outside Counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(vi)     The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(vii)    Any other person with the prior written consent of the Producing Party.

## 12.     <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>

(a)     Documents or other things designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" shall be provided the following further protections.

(i)     Any source code that is produced and designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE" shall be made available for inspection

in electronic format, at any of the following at the Producing Party's option: at the office of Producing Party's Outside Counsel, at a party's regular place of business, or another mutually agreeable location.

(ii)    The Receiving Party shall provide five (5) days' notice prior to commencing its initial inspection.  Following its initial inspection, the Receiving Party shall identify all persons who will review a Producing Party's source code on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel, to the Producing Party at least three (3) days in advance.  The Receiving Party shall conduct any inspections during regular business hours (9:00 a.m. to 6:00 p.m. local time).  However, to the extent access is necessary outside of normal business hours, the parties agree to cooperate in good faith and make reasonable efforts to accommodate reasonable requests for access outside of normal business hours.  For purposes of this Protective Order, the term "Inspection Session" shall mean any reasonably contiguous series of days in which the Receiving Party is conducting an inspection of the source code.

(iii)    At the request of the Receiving Party, the Producing Party shall make any relevant source code available in electronic format at the deposition of the Producing Party's witnesses designated pursuant to Federal Rule of Civil Procedure 30(b)(6). The parties agree to negotiate in good faith the manner and logistics of making such source code available.

(iv)    Beginning one week prior to the beginning of trial and continuing through the end of trial, access to said source code shall be provided within the Wilmington, Delaware area.  The parties agree to negotiate in good faith the manner and logistics of this source code access.

(v)     Source code will be made available by the Producing Party to the Receiving Party's Outside Counsel (as defined in Paragraph 2g) and/or experts (as defined in Paragraph 11(b)(ii)) in a private room at the secure office or agreed upon location on a separate secured computer without Internet access or network access to other computers ("Source Code Computer"), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection. The Source Code Computer will be accessible using a working keyboard, mouse, and two monitors.  The Producing Party shall install such tools or programs necessary to review and search the code produced on the platform produced.  At a minimum, any source code must be produced to allow the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  The Receiving Party's Outside Counsel and/or experts may request that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer.  The Receiving Party must provide the Producing Party with the licensed installers/executables for such software tool(s) at least two business days in advance of the inspection. The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the source code but may not copy substantial portions of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(vi)     The Producing Party may not monitor or record via any electronic means the activities of the Receiving Party's representatives during any Source Code review.  The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room. The Producing Party may also visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(vii)     The Producing Party shall make available a laser printer with blank paper for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code when reasonably necessary to prepare court filings or pleadings or other papers (including an expert report).  Source Code may be printed for only this limited purpose.  Printing source code for any other purpose, including for review in the first instance, is not permitted.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.  Within three (3) business days of the end of the Inspection Session, the Producing Party shall either (i) send one copy set of such pages to the Receiving Party, for next business day delivery or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  Any such objection shall be resolved in the manner indicated in paragraph 12(a)(ix), below.

(viii)     At the Producing Party's option, the Producing Party may provide a USB flash drive compatible with the Source Code Computer instead of the laser printer required by the preceding paragraph.  In such instance, the Source Code Computer will be equipped

with software for printing or otherwise converting the source code files to electronic PDF format with line numbers and the complete file path on each page.  The Receiving Party may copy to the provided USB flash drive limited portions of the source code for the purposes described in the preceding paragraph.  The Producing Party shall Bates number and label each page of the PDF files on the USB flash drive "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY-SOURCE CODE".  Within three (3) business days of the end of the Inspection Session, the Producing Party shall either (i) deliver the Bates numbered and confidentiality labeled electronic PDF files to the Receiving Party via secure ftp site; or (ii) inform the Receiving Party that it objects that the copied portions are excessive and/or not done for a permitted purpose.  Any such objection shall be resolved in the manner indicated in paragraph 12(a)(ix), below.

(ix)     The Producing Party shall have five (5) business days in which to object in writing as to the extent or relevance of the requested printout(s). If no such objection is made, the Producing Party shall produce a copy of the printout(s) to the Reviewing Party pursuant to the terms of Paragraphs 12(a)(vii)-(viii).  If objection is made, the parties shall meet and confer within five (5) business days in a good faith attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have ten (10) business days after the expiration of the meet and confer period in which to file a motion for relief from production of the printout(s) that are the subject of the objection.  The printout(s) shall be retained by the Producing Party, and not produced, pending the Court's resolution of the motion.

(x)     A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including e-mail) notice requesting each inspection.

(xi)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each Inspection Session.

(xii)     The Receiving Party's Outside Counsel and any person allowed to receive a copy of any source code under this Order shall maintain and store any paper or electronic copies of the source code at the offices of the Receiving Party's Outside Counsel or retained expert authorized under this Order in a manner that prevents unauthorized access to the source code.

(xiii)     The Receiving Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts or work product generated in the course of preparing these documents ("Source Code Documents").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.

(xiv)     To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE. Any HIGHLY

18

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE filed with the Court shall be filed under seal.  No Source Code Document shall be publically filed.

(xv)    The Receiving Party's Outside Counsel may make no more than five (5) paper copies of any portions of the printed source code, not including copies attached to court filings.  All paper or electronic copies of the source code shall be securely destroyed if they are no longer in use (e.g., unmarked and/or spare copies at the conclusion of a deposition). A representative for the Receiving Party shall certify by declaration that such copies have been destroyed within sixty (60) days of the final determination of this Action.  Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xvi)    The Receiving Party may create an electronic copy or image of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers and source code page and line numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized under Paragraphs 11(a)-(b) to see source code under the provisions of this Protective Order.  All electronic copies must be labeled "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE."

(xvii)    The Producing Party shall provide a manifest of all source code available for review, which shall be updated as additional source code becomes available.  This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file.

(b)    Any Source Code that governs any accused functionality of any accused product, whether or not designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE," if not also produced on a stand-alone machine pursuant to Paragraph 12(a), shall be produced in native form with original files names and directory structure (i.e. relative location in folders and subfolders) intact to allow counsel and experts to use software utilities to view, search, and analyze the source code pursuant to Paragraph 12(a).

## 13.    EXPERTS AND CONSULTANTS

(a)    An Expert or consultant receiving Protected Material shall not be a current officer, director or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party.

(b)    Prior to disclosing any Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the person; (ii) the present employer, business address, and title of the person; (iii) an up-to-date curriculum vitae of the person which shall contain (a) a list of companies with which the individual has consulted or been employed for the last four years, the dates of such consultancy or employment, and a brief description of the subject matter of such consultancy or employment, (b) a list of publications for the past ten years, and (c) a list of all other cases in which, during the previous four (4) years, the witness testified as an expert at trial or by deposition and a brief description of the subject matter of the consultancy or employment in

connection with these cases; and (iv) a signed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto), executed by the proposed outside expert or consultant.

(c)     Within seven (7) business days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause.  In the absence of an objection at the end of the seven (7) business day period, the person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this seven (7) business day period.  If the Producing Party objects to disclosure to the expert or consultant within such seven (7) business day period, the parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have fourteen (14) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the proposed expert or consultant in question until the objection is resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

## 14.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The designating party shall have the burden of justifying the appropriate designation;

(ii)      Failing agreement, the objecting party may bring the dispute to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 15.   <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall as soon as practicable give written notice thereof to every party who has produced such Discovery Material

and to its counsel, shall provide each such Party with at least 15 business days to move for a protective order regarding the production of Protected Material, and shall seek to ensure that to the extent such materials are provided as necessary in accordance with the subpoena, that such materials are subject to protections consistent with those set forth in this Order. The party to whom the subpoena or other request is directed may thereafter provide such Protected Materials as necessary in accordance with the subpoena.

16.    **FILING PROTECTED MATERIAL**

In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

17.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL BY PRODUCING PARTY**

(a)    A Producing Party's inadvertent disclosure of Discovery Material subject to the attorney-client privilege, or work-product immunity, or any other applicable privilege or immunity from discovery, will not waive the applicable privilege, immunity and/or protection if a request

for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)       Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged, immune and/or protected, each Receiving Party shall immediately return all copies of such inadvertently produced Discovery Material to the Producing Party and shall immediately destroy the content of any such inadvertently produced Discovery Material in any Receiving Party work product.

(c)       Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. The receiving party shall not use such information for any purpose until further Order of the Court. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but the challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or any information about the contents of the materials that was gained due to the inadvertent production.

18.       **<u>INADVERTENT FAILURE TO DESIGNATE BY PRODUCING PARTY</u>**

(a)       A Producing Party's inadvertent failure to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of its inadvertent failure to so designate.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.  To the extent that such information may already have been disclosed to persons not authorized to see the HIGHLY CONFIDENTIAL, CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE, the Receiving Party shall promptly notify the Producing Party of such disclosure, and make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons.

## 19.     INADVERTENT DISCLOSURE BY RECEIVING PARTY

(a)     In the event that a Receiving Party discloses any Protected Material subject to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Receiving Party responsible for making such disclosure, and each Party with knowledge thereof, shall notify counsel for the Producing Party whose Discovery Material has been disclosed immediately upon discovery of the inadvertent disclosure and shall provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**20.**    **NON-PARTY USE OF THIS PROTECTIVE ORDER**

A non-party producing information or material voluntarily or pursuant to a subpoena or a court order in this Action may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to that Action. However, non-parties shall not have access to any CONFIDENTIAL, HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY – SOURCE CODE produced by any Party in any Action, except as provided in paragraph 4(c).

**21.**    **FINAL DISPOSITION**

(a)    No later than thirty (30) days after the final disposition of this Action (including after any appeals), each Party to the Action shall return all Protected Material of a Producing Party to the respective Outside Counsel of the Producing Party or shall certify by declaration that all such Protected Materials have been destroyed at the Receiving Party's option.

(b)    All Parties that have received any such Protected Material shall certify by declaration that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return or destruction of Protected Material, Outside Counsel may retain <u>for archival purposes and without redacting any Protected Materials the following</u>:

(i)    pleadings and attorney/consultant work product filed with the Court or served on another party or

(ii)    pleadings and attorney/consultant work product that refers to Protected Material but does not contain any copies of Protected Material, unless such Protected Material was also filed or served pursuant to Paragraph 21(b)(i), above.

22.   **PRIVILEGE LOG**

(a)      The parties agree that no requirement for the logging of privileged communications or documents applies to any communications occurring on or documents created after the date of commencement of this Action, March 2, 2016.

23.   **MISCELLANEOUS**

(a)      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)      Termination of Actions and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned Actions.  The Court shall retain jurisdiction after termination of this Action to hear and resolve any disputes arising out of this Protective Order.

(c)      Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)      Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

(e)   <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.


**SO ORDERED**

SIGNED this _____ day of _____, 2016.


_____
Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS-CJB |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) ) | |
| Defendant. | ) | |

**EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *International Business Machines Corporation v. Groupon, Inc.,* United States District Court, District of Delaware, Civil Action No. 16-cv-122-LPS-CJB.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____


Dated: _____


_____
[Signature]

**EXHIBIT B**

Designated In-House Counsel

For IBM

1.      Name: _____          Title: _____

2.      Name: _____          Title: _____


For Defendants

1.      Name: _____          Title: _____

2.      Name: _____            Title: _____