IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Plaintiff, | ) C.A. No. 16-122-LPS ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| GROUPON, INC. | ) **PUBLIC VERSION** ) ) |
| Defendant. | ) |

LETTER TO THE HONORABLE LEONARD P. STARK
FROM BINDU A. PALAPURA

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
Brian D. Matty
Kevin K. McNish
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: September 6, 2017
5383015/43155
Public Version Dated: September 13, 2017

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*



**Potter Anderson Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

September 6, 2017
Public Version Dated: September 13, 2017

**VIA ELECTRONIC-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

**PUBLIC VERSION**

Re: *International Business Machines Corporation v. Groupon, Inc.*,
C.A. No. 16-122-LPS

Dear Chief Judge Stark:

We write on behalf of Plaintiff International Business Machines Corporation ("IBM") regarding the discovery dispute between IBM and Defendant Groupon, Inc. ("Groupon"), pursuant to the Court's September 1, 2017 Order (D.I. 145). IBM respectfully requests the Court to issue an order precluding James Malackowski and any other individuals employed by, related to, or having an interest in Ocean Tomo, LLC or its subsidiaries ("Ocean Tomo") from accessing IBM's confidential information in this action.

**I.  Background**

James Malackowski is Chief Executive Officer and President of Ocean Tomo, LLC. Ex. 1. Ocean Tomo provides companies with financial services related to intellectual property and also acquires, licenses, and sells patent rights. Ex. 2; Walker Decl. ¶ 7.



On August 3, 2017, pursuant to Protective Order (D.I. 24 ¶ 13(b)), Groupon disclosed its intent to share IBM confidential information produced in this action with James Malackowski, Chairman and Chief Executive Officer of Ocean Tomo LLC, and his assistants, Rich Lettiere and

The Honorable Leonard P. Stark
September 6, 2017
Page 2

Chelsea Nacker. Ex. 3. IBM timely objected to this disclosure on August 7, 2017, on the grounds that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 4. The parties met and conferred on August 11, 2017, and IBM sought assistance from the Court on August 25, 2017.

## II.  Argument

To decide this issue, the Court need look no further than the Protective Order governing this action, which provides that "[w]ithin seven (7) business days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause." D.I. 24 ¶ 13(c). The Order further provides that "'good cause' shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order." D.I. 24 ¶ 13(d).

IBM's concern that Mr. Malackowski will advertently or inadvertently use or disclose Discovery Materials in a way that is inconsistent with the Protective Order is objectively reasonable. The Order requires that "Protected Material . . . shall be used by a Receiving Party *solely for this Action* and shall not be used directly or indirectly *for any other purpose whatsoever*." D.I. 24 ¶ 1(a) (emphasis added). As Groupon's damages expert in this case, Mr. Malackowski would receive access to IBM's license agreements, licensing practices, strategies, and pricing. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ For example, based on his extensive experience negotiating licenses, Mr. Walker has a reasonable concern that if Mr. Malackowski or his assistants inadvertently disclosed the pricing or terms of IBM's licenses to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ 14. This is but one of many examples of how Mr. Malackowski or his assistants may use IBM's confidential information—even inadvertently—in a way that is inconsistent with the Protective Order and not solely for this action. Walker Decl. ¶¶ 12-15.

Furthermore, the Protective Order explicitly states that "[a]n expert or consultant receiving Protected Material shall not be a current officer, director or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or competitor of a Party." D.I. 24 ¶ 13(a). Mr. Malackowski is the CEO and President of Ocean Tomo, which is an IBM competitor in the field of acquiring, licensing, and selling patent rights. Walker Decl. ¶ 15. Absent a showing of "unique expertise," an individual who is active in the same field as a party should not be given access to that party's confidential information. *Symantec Corp. v. Acronis Corp.*, No. 11-5310, 2012 WL 3582974, at *3 (N.D. Cal. Aug. 20, 2012); *cf. Novartis AG v. Apotex Inc.*, No. 09-5614, 2011 WL 691594, at *1 (D.N.J. Jan. 24, 2011) ("The policy objectives weighing against disqualification include maintaining accessibility to experts with specialized knowledge and encouraging experts to pursue their professions."). This is not an instance where Mr. Malackowski is uniquely qualified or operates in a highly specialized field. There are numerous other expert witnesses who are

The Honorable Leonard P. Stark
September 6, 2017
Page 3

highly qualified to offer an opinion about damages in patent cases. Groupon need not (and should not) resort to using a firm █████████████████████████████

In addition to Groupon's disclosure of Protected Material to Mr. Malackowski running afoul of the Protective Order provisions, it would also be inconsistent with the law of this and other judicial districts. "While there is no bright line rule for expert disqualification, courts have generally adopted a two-part disqualification inquiry: (1) was it objectively reasonable for the party seeking disqualification to have concluded that a confidential relationship existed with the expert; and (2) was confidential or privileged information actually disclosed to the expert." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, C.A. No. 11-54-SLR, 2012 WL 4815593, at *1 (D. Del. Oct. 10, 2012). A confidential relationship exists between Mr. Malackowski and IBM because █████████████████████████████████████████████████████████████ likely impacting his analysis of a reasonable royalty in this action. Furthermore, as CEO and President of Ocean Tomo, Mr. Malackowski undoubtedly is a competitive decision maker, █████████████████████████████████████ he would have no way of "un-learning" the confidential information produced in this action, █████████████████████████████ Walker Decl. ¶ 12. *See Saso Golf, Inc. v. Nike, Inc.*, No. 08-1110, 2009 WL 3242112, at *3-*4 (N.D. Ill. Oct. 5, 2009) ("Courts have recognized that it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.") (internal quotation marks omitted). Finally, that the CEO of a company █████ █████████████████████ would simultaneously offer a damages opinion adverse to IBM in litigation is a conflict of interest, which further supports granting IBM's request. *See, e.g.*, *Apotex*, 2011 WL 691594, at *1 ("The policy objectives in favor of disqualification include the court's interest in preventing conflicts of interest and in maintaining judicial integrity.").

The confidential information requiring protection, both from █████████████ and from the Protected Materials produced in this action, is too sensitive, and the risks of disclosure too high, to permit Mr. Malackowski or anyone else at Ocean Tomo to serve as Groupon's damages expert.

**Conclusion**

For the foregoing reasons, IBM respectfully requests that this Court grant IBM's motion and preclude James Malackowski and any other employees, persons, or entities having an interest in Ocean Tomo from accessing IBM's confidential information in this action.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

The Honorable Leonard P. Stark
September 6, 2017
Page 4

BAP:nmt/5383015/43155
Enclosures

cc:  Clerk of the Court (via hand delivery)
     Counsel of Record (via electronic mail)