**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | TGFCEVGF RWDNKE XGTUKQP |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 16-122-LPS |
| GROUPON, INC., | ) ) | |
| Defendant. | ) ) | |

**<u>SEALED LETTER TO THE HONORABLE LEONARD P. STARK</u>**

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Adam M. Lewin
Sapna Mehta
FENWICK & WEST LLP
Silicon Valley Center
801 California Street, 12th Floor
Mountain View, CA  94041
(650) 988-8500

Dated:  September 7, 2017

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Groupon, Inc.*

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 7, 2017

**VIA ELECTRONIC FILING**
The Honorable Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: *International Business Machines Corporation v. Groupon, Inc.*,
C.A. No. 16-122-LPS-CJB

Dear Chief Judge Stark:

IBM asks the Court to preclude Groupon from using its damages expert, James Malackowski, in this case without demonstrating good cause for such drastic relief. Its sole justification is that other employees in a different division at Mr. Malackowski's firm are providing services to a third-party ▮ Mr. Malackowski has sworn that neither he nor his staff have access to ▮ ▮ IBM's insistence that there are nonetheless *no* adequate measures that would allow Mr. Malackowski to continue his participation in this case demonstrates that its request is simply a ploy to prejudice Groupon through disqualification of its damages expert. IBM's request should accordingly be rejected.

**Background**

Groupon retained James Malackowski of Ocean Tomo, LLC, along with two of his associates Rich Lettiere and Chelsea Nacker, to serve as its damages expert in this action. Ocean Tomo, LLC is a firm that provides a range of financial products and services related to intellectual property. Declaration of James E. Malackowski ¶ 1 (Ex. A). Among the services it offers, and pertinent to this dispute, Ocean Tomo has a division that provides litigation services—namely, financial expert testimony—and has another division that provides IP transaction services. Mr. Malackowski is the Chairman and Chief Executive Officer of Ocean Tomo. *Id.* He is directly retained by some clients, but does not participate in all of Ocean Tomo's engagements. *Id.* ¶ 3. For those matters in which he is not directly involved, his management role at the firm does not afford him access to client records or information governed by confidentiality agreements in those matters. Rather, he is only exposed to administrative details of those engagements necessary for staffing and conflict check purposes—in particular, the identities of the parties and the Ocean Tomo staff members working on each matter. *Id.*

{01242716;v1 }

IBM is not a client of Ocean Tomo. *Id.* ¶ 4.  Likewise, the Ocean Tomo employees on the Transactions Practice team do not—and will not—have access to any Protected Material in this case. *Id.*

**IBM Fails to Articulate Good Cause to Prevent Disclosure of Protected Material to Groupon's Damages Expert**

Under the Protective Order governing this case, a party who produces protected material must have "good cause" to object to the receiving party's disclosure of that protected material to its expert or consultant. (D.I. 24 ¶ 13(c).) Good cause means "an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained" in the protective order. (*Id.* ¶ 13(d).) IBM demonstrates no such objectively reasonable concern.

IBM seeks to disqualify the entire firm of Ocean Tomo from serving as a damages expert based on unrelated work by a few individuals in a separate division of that firm. Such a drastic outcome is hardly supported by the protective order in this case. For comparison, the protective order governing this case includes a prosecution bar restricting *persons* who may receive technical material that is designated under the protective order from involvement in certain work in the future. (*Id.* ¶ 6(a).) That restriction would not apply, for example, to all employees at the same firm where such a person worked. There is no reasonable basis to impose more severe restrictions for disclosure of financial information in this case.

Moreover, IBM's requested outcome is not supported by authority in this District. IBM cites *Butamax Advanced Biofuels LLC v. Gevo, Inc.* as the standard in this District for good cause. That case supports denial of IBM's request. The court in *Butamax* denied the plaintiff's request to disqualify an expert witness, which it characterized as "a drastic sanction," under far less attenuated circumstances. C.A. No. 11-54-SLR, 2012 WL 4815593, at *3 (D. Del. Oct. 10, 2012). In that case, prior to serving as an expert for the defendant, the expert had signed a confidentiality agreement with the plaintiff's counsel and had exchanged emails and telephone calls with the plaintiff's counsel regarding the dispute. Here, in contrast, ▇▇▇▇▇▇▇▇▇▇ transaction unrelated to this litigation.

IBM presents three arguments for why good cause purportedly exists here. None have merit. First, ▇▇▇▇▇▇▇▇▇▇ Mr. Malackowski, which he could then

use in his reasonable royalty analysis in this case. *All* of IBM's hypothetical disclosures involve an Ocean Tomo employee affirmatively providing information to an employee in another division of the firm. Notably, IBM does not question—or even address—the safeguards Ocean Tomo has in place to prevent such disclosures. Instead, the arguments of IBM's counsel are speculative, and do not outweigh the facts attested to by Mr. Malackowski in his declaration ███████████████████████████████████████████████ Further, he would not be able to cite to or rely on that information in this case. The situation is no different than if Mr. Malackowski had been adverse to IBM in a prior case in which he received confidential IBM information under a protective order; he would not be able to rely on that prior information as a basis for his opinion in this case, but nothing in the protective order would prevent him from again being adverse to IBM.

Finally, IBM argues that it is competitors with Ocean Tomo "in the field of acquiring, licensing, and selling patent rights." IBM's broad definition of competitor would mean any employee of Ocean Tomo would be precluded from receiving confidential information in almost all patent cases since the plaintiff in each of those cases likely licenses its patents. Not surprisingly, IBM does not provide persuasive support for such a proposition, but instead relies on distinguishable cases involving specific conflicts posed by individual experts. *Cf. Symantec Corp. v. Acronis Corp.*, No. 11-cv-5310, 2012 WL 3582974, at *3 (N.D. Cal. Aug. 20, 2012) (noting that its ruling was "limited to" the individual expert who "actively consult[ed] with Defendant's competitors"); *Novartis AG v. Apotex Inc.*, No. 09-cv-5614, 2011 WL 691594, at *1-2 (D.N.J. Jan. 24, 2011) (recommending denial of motion to disqualify plaintiff's expert who had previously served as an expert for the defendant), *report and recommendation adopted*, 2011 WL 611706 (D.N.J. Feb. 8, 2011).

Contrary to IBM's contention, Groupon did not "resort" to Mr. Malackowski as its damages expert. It diligently chose Mr. Malackowski ███████████████████████████ ████████████████████████ and should not be prejudiced from litigating its case based on the speculative and non-specific risks of disclosure that IBM now raises.

**IBM Refuses to Consider Any Mechanisms to Avoid the Purported Risk of Any Inadvertent Disclosure of Confidential Information**

Ocean Tomo's own business safeguards and the legal safeguards of the protective order governing this case mitigate any risk of inadvertent disclosure of IBM's confidential information. As described above, Mr. Malackowski and his associates have not accessed and are not able to access ██████████ Moreover, Mr. Malackowski and his associates executed the addendum to the protective order governing this case, providing a further commitment to use the information in accordance with the protective order. Additionally, Groupon offered to consider and implement further measures that IBM could articulate as necessary to avoid any inadvertent disclosure in this case. Rather than considering any such good faith solutions, IBM instead insists that Groupon be categorically excluded from using the damages expert that it already retained. It provides no authority for the appropriateness of such an extreme outcome under the circumstances of this case.

The Honorable Leonard P. Stark
September 7, 2017
Page 4 of 4

        Respectfully,

        */s/ John G. Day*

        John G. Day (#2403)

JGD: nml
Attachment

cc:    Counsel of Record (via electronic mail; w/attachment)