**ASHBY & GEDDES**

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 19, 2017

The Honorable Leonard P. Stark  **VIA ELECTRONIC FILING**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *International Business Machines Corporation v. Groupon, Inc.*,
              C.A. No. 16-122-LPS-CJB

Dear Chief Judge Stark:

      As directed by the Court, Groupon submits this supplemental brief addressing the impact of *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253 (Fed. Cir. 2017) on its pending Motion for Judgment on the Pleadings (D.I. 29). The Federal Circuit's decision does not change the fact that the Filepp patents[1] are patent-ineligible. Indeed, it supports it.

      In *Visual Memory*, the Federal Circuit agreed with Judge Andrews' interpretation of *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016) that claims purporting to improve computers are *not* exempt from scrutiny under Section 101—the very principle for which Groupon relied on his decision. It confirmed that IBM's argument that the Filepp patent claims are immune under *Enfish* is wrong. The Federal Circuit reinforced the rule that, to survive Section 101 scrutiny, claims directed to computer systems or software must do more than recite a result—they must disclose a specific technical solution. It ultimately found the *Visual Memory* patent claims patent-eligible because they recited such a solution. The claims of the Filepp patents do not—they are invalid under Section 101.

**The Federal Circuit Reiterated the Requirement that to Be Patent Eligible, Computer-Centric Patent Claims Must Disclose a Specific Technical Solution.**

      Although a split Federal Circuit panel disagreed with Judge Andrews' characterization of the claims of the *Visual Memory* patent at step one of the *Alice* test, it agreed with Judge Andrews' interpretation of *Enfish* and the appropriate standard to be applied in a Section 101 analysis of computer-centric claims.

---

[1] U.S. Patent Nos. 5,796,967 and 7,072,849 are collectively referred to as the "Filepp patents."

In his decision, Judge Andrews explicitly rejected the same argument advanced by IBM here—that *Enfish* immunizes claims that aspire to improvements in the realm of computers. He explained that "*Enfish* is . . . best understood as a case which cautions against oversimplification during step one of *Mayo/Alice*, rather than a case which exempts from § 101 scrutiny all patents which purport to improve the functioning of a computer." *Visual Memory LLC v. NVIDIA Corp.*, No. 15-cv-789, 2016 WL 3041847, at *4 (D. Del. May 27, 2016). He observed that to survive such scrutiny, the claims must disclose a "specific" or "concrete" improvement in the way the computer operates. *Id.* at *5.

The Federal Circuit agreed. It reaffirmed that the proper inquiry is *not* simply whether the claims aspire to an improvement in the realm of computers. Indeed, it quoted *Enfish's* proposition that "'[s]ome improvements in computer-related technology when appropriately claimed are undoubtedly not abstract, such as a chip architecture, an LED display, and the like.'" 867 F.3d at 1258 (quoting *Enfish*, 822 F.3d at 1335). Moreover, the court reiterated the *Enfish* rationale that "it was appropriate to consider the technological improvement embodied in the claims at step one . . . because *Alice* does not 'broadly hold that all improvements in computer-related technology are inherently abstract and therefore, must be considered at step two.'" *Id.* (quoting *Enfish*, 822 F.3d at 1335). Ultimately, according to the court, the "key" determination at *Alice* step one is "whether the focus of the claims is on the specific asserted improvement in computer capabilities." *Id.* (quoting *Enfish*, 822 F.3d at 1335-36). Thus, not all claims purporting to improve computer technology are patent-eligible. *Id.* at 1259-60 (quoting *Enfish*, 822 F.3d at 1338) (noting that claims directed to "generalized steps to be performed on a computer using conventional computer activity" were ineligible).

*Visual Memory* makes clear that IBM is wrong about *Enfish*: the case does not immunize any claim that aspires to improve computers from Section 101 scrutiny.[2]

**The Claims in *Visual Memory* Recite a Specific Technical Solution; the Filepp Patent Claims Do Not.**

As explained in Groupon's motion and at the related hearing, the claims at issue in *Visual Memory* offer far more technical specifics than the Filepp patent claims. (D.I. 39 at 4; *see also* Transcript of June 5, 2017 Hearing at 13:1-7.) A majority of the Federal Circuit panel found the *Visual Memory* patent valid, finding its claims directed to a "specific asserted improvement in

---

[2] In addition to *Visual Memory*, the Federal Circuit has confirmed the same principle in other recent opinions. (D.I. 39 at 5 (collecting cases)); *see RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1326-27 (Fed. Cir. 2017) ("The inquiry often is whether the claims are directed to 'a specific means or method' for improving technology or whether they are simply directed to an abstract end-result."); *W. View Research, LLC v. Audi AG*, 685 F. App'x 923, 925-26 (Fed. Cir. 2017) (claims did not "go beyond" use of hardware, software and "peripheral devices" to collect and display data); *see also TS Patents LLC v. Yahoo! Inc.*, No. 17-cv-01721, 2017 WL 3838477, at *13, *15, *20-21, *25 (N.D. Cal. Sept. 1, 2017) (applying Federal Circuit precedent and finding that four patents directed to web and network-based functions failed to disclose any specific technological improvement).

computer capabilities"—an improved computer memory system "which is efficiently operable with different types of host processors . . . by configuring a programmable operational characteristic of a cache memory based on the type of processor connected to the memory system." *Id.* at 1261. If the claims were simply directed to "categorical data storage"—similar to the Filepp patent claims, here—they would be invalid. *Id.* at 1262 (Hughes, J., dissenting) (opining that the claims are directed to "the abstract idea of categorical data storage" and are patent-ineligible); *Visual Memory*, 2016 WL 3041847, at *6 (same). However, because the patent disclosed specific hardware and software to accomplish that data storage, it survived. First, the claims required a specific hardware architecture comprised of a main memory, internal cache, pre-fetch cache, and write buffer cache, all connected to a "bus." *Visual Memory*, 867 F.3d at 1255, 1257. Second, it required a programmable operational characteristic, configured based on the type of processor to which the system was connected, which determined the type of data stored by the cache and what sources the data was buffered from. *Id.* at 1259. To implement the programmable operational characteristic, "the patent include[d] a microfiche appendix having a combined total of 263 frames of computer code." *Id.* at 1261.

The claims of the Filepp patents offer no such specific technical solution. As this Court correctly found, the patents claim the abstract idea of local storage of generic data structures applied to two or more generic computers connected in any manner. (D.I. 30 at 1, 3-4, 9.) In other words, the claims are directed to local storage of information at a user's computer, not a specific way of accomplishing it. Indeed, the claim limitations that IBM points to as evidence of its purported technical solution are purely functional: (1) *generating* a screen display from data objects; (2) by *retrieving* objects stored locally or, if unavailable, from the network; and (3) selectively *storing* advertising objects. (D.I. 37 at 7-8.) None of these limitations specify *how* to accomplish the recited function. The claims are not directed to the specific solution used by Prodigy. (D.I. 30 at 19; Tr. at 14-15.) Nor are they directed to any other specific solution. The claims disclose no new computer, hardware, software, component, data structure, network protocol, or algorithm. The claims thus fail to disclose an improvement to the functioning of the computer systems they describe.

Further, the claims of the Filepp patents present a higher risk of preemption than the *Visual Memory* claims. Notably, in *Visual Memory*, the challenged claims were limited to a specific implementation. The Federal Circuit noted that "[n]one of the claims recite all types and all forms of categorical data storage." *Id.* at 1259. In contrast, IBM reads the claims of the Filepp patents to essentially cover any implementation of local storage and display of any data. (Tr. at 9:5-10.) IBM capitalizes on the functional, nondescript nature of its claims to commandeer the entire World Wide Web, a technological innovation unrivaled in the profound impact it has had on the world over the last quarter century.

Accordingly, the Federal Circuit's decision in *Visual Memory* does not alter—and in fact, supports—a finding that the claims of the Filepp patents are directed to patent-ineligible subject matter under Section 101.

              Respectfully,

              */s/ John G. Day*

              John G. Day

JGD: nml

cc:  Counsel of Record (via electronic mail)