## ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 6, 2017

The Honorable Leonard P. Stark            **VIA ELECTRONIC FILING**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

       Re:     *International Business Machines Corporation v. Groupon, Inc.,*
                 C.A. No. 16-122-LPS-CJB

Dear Chief Judge Stark:

       Groupon submits this letter brief in opposition to IBM's motion to strike three prior art references in Groupon's final invalidity contentions. Groupon disclosed the three references that IBM seeks to strike during fact discovery and served charts for all three references in its final invalidity contentions. Moreover, IBM has not suffered any incurable prejudice that would justify the extreme sanction of striking the references. IBM had over six weeks from the time of disclosure until its rebuttal expert report is due to review the references. And trial is not scheduled in this case for another nine months. Indeed, Groupon offered IBM a deposition and any additional discovery that IBM conceivably could need to mitigate the disclosure of two references near the close of fact discovery. IBM declined, opting to instead proceed with another round of motions practice. Because the references are highly relevant and IBM has suffered no incurable prejudice, its motion to strike should be denied.

**I.     Groupon Disclosed the Prior Art References Within the Period of Fact Discovery and Properly Disclosed Its Invalidity Theories for Those References in Its Final Invalidity Contentions.**

       IBM contends that Groupon disclosed its "theories" for three prior art references to U.S. Patent No. 5,961,601 (the "'601 patent") "after the close of fact discovery": "Spinning the Web," "Amazon 1995 Website," and "Williams."[1] As described in further detail below, Groupon disclosed each prior art reference during fact discovery and served charts detailing its theory with respect to each reference in its final invalidity contentions.

---

[1] IBM agreed to an extension of the deadline for Groupon's final invalidity contentions, knowing it would fall after the close of fact discovery. (D.I. 118.) If, as IBM appears to contend, Groupon was required to disclose its invalidity contentions before then, it is unclear what—if any—purpose the final invalidity contentions would serve.

{01251377;v1 }

The Honorable Leonard P. Stark
October 6, 2017
Page 2 of 5

A. "Spinning the Web"

Groupon deposed Arun Iyengar, the named inventor of the '601 patent, on September 15, 2017. Declaration of Sapna Mehta in Support of Groupon's Letter Brief ("Mehta Decl.") ¶ 3. While preparing for that deposition, counsel for Groupon investigated a reference to a developer named Yuval Fisher in the file wrapper (D.I. 174, Ex. 5 at IBM-GROUPON00000667), and discovered Mr. Fisher's "Spinning the Web" book. A 12 page section, "9.10.5 Maintaining State – a Shopping Cart," describes embedding a state variable "in all the URLs that the client sees after the initial connection, and hence all document requests to the server contain this identifying number in the submitted URL." Mehta Decl., Ex. 2 at 323-324. This is precisely the idea later claimed in the '601 patent. The same 12 page section includes two sample Perl scripts for implementing the invention on a web server. Groupon questioned Mr. Iyengar about this section of Spinning the Web at his deposition, and Groupon produced the book and disclosed Mr. Fisher the same day. Mehta Decl. ¶ 3. Groupon served a chart outlining its invalidity theory with respect to the Spinning the Web reference with its final invalidity contentions on September 25. Mehta Decl. ¶ 4, Ex. 3.

B. "Amazon 1995 Website"

During its prior art investigation, Groupon suspected that early versions of Amazon's website implemented the invention later claimed in the '601 patent. Groupon contacted Paul Davis—an early programmer for Amazon who it believed had the requisite knowledge of the functionality of Amazon's early website—on February 23, 2017 to confirm its suspicion. (D.I. 174, Ex. 3 at GROUP309559-GROUP309560.) Mr. Davis was living abroad at that time and did not return to the United States until several months later. (*Id.*) Upon his return to the United States, counsel for Groupon discussed Amazon's 1995 Website with him by telephone on August 17, 2017. (*Id.* at GROUP309556.) During that telephone conversation, Mr. Davis confirmed Groupon's suspicion that Amazon's 1995 Website maintained state by embedding state information in all URLs passed back and forth between the client and Amazon's server, as later claimed in the '601 patent. Groupon promptly served Second Amended Initial Disclosures four business days later—on August 23—identifying Mr. Davis as someone with discoverable information and indicating that he was a "Founding Programmer at Amazon.com" with information regarding "Prior art to U.S. Patent No. 5,961,601." (D.I. 174, Ex. 7 at 3.) At that time, counsel for Groupon expected to represent—but had not yet completed an engagement agreement with—Mr. Davis. Accordingly, it waited to provide Mr. Davis' contact information to IBM, expecting to advise IBM to contact Mr. Davis through counsel. To remedy the fact that IBM did not have Mr. Davis' personal contact information during that time, Groupon advised IBM that it would work with Mr. Davis to make him available for deposition before the deadline for IBM's expert rebuttal report. (D.I. 174, Ex. 12 at 2-3.) IBM did not accept that offer.

After Mr. Davis confirmed the operation of Amazon's 1995 Website, Groupon prepared a subpoena to Amazon for the underlying source code. During a telephone call on August 25, counsel for Groupon advised counsel for IBM that a subpoena to Amazon was forthcoming. (D.I. 174, Ex. 8.) The parties were conducting numerous depositions in different cities at the time, and for various logistical reasons, it took Groupon a little more than two weeks to actually

serve the subpoena on Amazon on September 12, 2017, before the close of fact discovery. Groupon notified IBM that same day. (D.I. 174, Ex. 10.) Groupon received verbal confirmation from counsel for Amazon that the code was available for inspection on September 15 and informed IBM the same day.[2] (*Id.*) The following week, IBM's source code reviewer was at Fenwick & West's office for three days. He inspected the Amazon source code on September 21, 2017. Groupon served a chart outlining its invalidity theory with respect to the Amazon 1995 Website reference with its final invalidity contentions. Mehta Decl. ¶ 5, Ex. 4.

### C. "Williams"

Groupon disclosed U.S. Patent No. 6,016,484 ("Williams") to IBM as prior art to the '601 patent in its preliminary invalidity contentions served on February 22, 2017. (D.I. 174, Ex. 2 at 19.) Groupon listed the Williams reference both in its cover pleading and in an accompanying chart disclosing prior art combinations. As acknowledged by counsel for IBM, Groupon produced a copy of the Williams reference to IBM with its preliminary invalidity contentions on February 22, 2017. (D.I. 174 ¶ 8.) At IBM's request, Groupon served an updated chart of prior art combinations on May 20, 2017 that included pin-cites to the references disclosed and included excerpted texted from Williams. Mehta Decl. ¶ 2, Ex. 1. Groupon prepared and served a separate chart for Williams in its final invalidity contentions served on September 25, 2017. Mehta Decl. ¶ 6, Ex. 5.

### II. IBM's Request for an "Extreme Sanction" to Exclude Three Highly-Relevant Prior Art References Is Unwarranted.

Courts in this Circuit consider the following factors when determining whether to impose a sanction precluding reliance on evidence for insufficient or untimely disclosure: (1) surprise or prejudice to the moving party, (2) the ability of the moving party to cure the prejudice, (3) the extent to which allowing the evidence would disrupt the order and efficiency of trial, (4) bad faith or willfulness in failing to comply with the Court's order, and (5) the importance of the evidence sought to be excluded. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–905 (3d Cir. 1977)). Ultimately, when weighing these factors, exclusion of important evidence is disfavored as an "extreme sanction." *Abbott Labs. v. Lupin Ltd.*, No. 09-cv-152-LPS, 2011 WL 1897322, at *3 (D. Del. May 19, 2011) (citations omitted). Surprise or prejudice that can be

---

[2] Fenwick & West, counsel for Groupon in this matter, had previously used the same Amazon code as an exhibit in the *Cordance v. Amazon* case that went to trial in this District in 2009. Amazon elected to have Fenwick & West retrieve the code from its evidence archive and make it available for inspection at Fenwick's office, as the Protective Order governing this case permits. (D.I. 24 ¶ 12(a)(i).) That expedited Amazon's compliance with the subpoena. IBM attempts to contrast the time Amazon took to make its code available for inspection with the time that Groupon took, suggesting bad-faith. IBM neglects to mention, however, that Groupon requested a discrete, historical code file from Amazon for a particular year. IBM, on the other hand, demanded *all* versions of *all* source code for Groupon's entire site.

cured thus does not typically justify exclusion. *Id.* at *5.

IBM demonstrates no need for such an "extreme" sanction, here. None of the factors favor striking Groupon's invalidity theory with respect to the Williams reference, which was disclosed to IBM in February. And any surprise or prejudice that IBM faced by Groupon's disclosure of the Spinning the Web chapter and Amazon 1995 Website references near the close of discovery is curable without disruption to the case schedule or trial and does not outweigh the importance of these highly-relevant prior art references to resolution of the merits of this case.

    A.    <u>Any Surprise or Prejudice to IBM Is Curable, and Groupon Did Not Act in Bad-Faith or Willfully Fail to Comply with a Court Order.</u>

Delayed disclosure alone does not justify exclusion of prior art references. *E.g.*, *Intermec Techs. Corp. v. Palm Inc.*, No. 07-cv-272-SLR, 2010 WL 2340228, at *2 (D. Del. June 7, 2010) (finding invalidity disclosures at an expert deposition untimely, but nonetheless finding the factors did not support the "extreme and unwarranted sanction" of excluding the disclosures). Particularly where, as here, any surprise or prejudice can be cured during the period for expert discovery. *See Abbott*, 2011 WL 1897322, at *5 (denying motion to preclude invalidity contentions disclosed "more than sixteen weeks after the close of fact discovery" where the party addressed the "tardy invalidity arguments in its rebuttal report"). In total, IBM will have had at least six weeks to review the references before its rebuttal expert report is due. The burden on IBM to review a 12 page section from Spinning the Web is minimal. It already accessed and continues to have access to the Amazon code for inspection, and Groupon has offered to make Mr. Davis available for deposition. IBM has not proffered any additional fact discovery required to assess Groupon's invalidity theories.

Groupon believed it was acting in accordance with the Court's orders by disclosing the references during fact discovery and serving charts for each in its final invalidity contentions; its actions were not in bad faith. *See* Memorandum Order at 3, *Greatbatch Ltd. v. AVX Corp.*, No. 13-cv-723-LPS (D. Del. Sept. 22, 2015), D.I. 455 (finding no "willful deception or flagrant disregard of any court order" where the defendants "finally identif[ied] their invalidity contentions" by the deadline set by the Court).

    B.    <u>The References Are Highly-Relevant and Groupon's Reliance on Them Will Not Disrupt the Order and Efficiency of Trial.</u>

As this Court has observed, the importance of the invalidity theories is weighed "heavily" when considering exclusion because "[c]ourts favor the resolution of disputes on their merits," particularly "with respect to the validity of patents." *Abbott*, 2011 WL 1897322, at *5 (citations omitted). In *Abbott*, the Court denied a motion to exclude invalidity defenses that were not disclosed until the defendant's opening expert report on invalidity, finding "the invalidity contentions . . . critical to [the defendant's] defense." *Id.* at *4-5; *see also* Oral Order, *Intel Corp. v. Future Link Sys. LLC*, No. 14-cv-00377-LPS (D. Del. Dec. 28, 2016), D.I. 505 (denying motion to strike prior art references and finding "exclusion of important, relevant evidence and contentions . . . unjustified, particularly given the Court's obligation to favor resolution of issues

on the merits"). Similarly, here, both the Spinning the Web and the Amazon 1995 Website references are anticipating references that use the exact method later described and claimed in the '601 patent and are thus highly relevant to the resolution of Groupon's invalidity defense for the '601 patent. *See* Mehta Decl., Exs. 3 & 4.

Moreover, inclusion of the invalidity references will not disrupt the order and efficiency of trial. IBM's rebuttal expert report regarding validity is not due for another month. *See HSM Portfolio LLC v. Elpida Memory Inc.*, No. 11-cv-770-RGA, 2016 WL 552543, at *1 (D. Del. Feb. 11, 2016) (denying motion to exclude prior art references after finding that "any prejudice" was "mitigated" because the "Plaintiffs' validity expert was able to address the references in his report"). The parties have until December 15, 2017 to complete expert discovery. (D.I. 17.) And trial is not scheduled to begin until July 16, 2018. (*Id.*) Courts have allowed prior art references disclosed under far shorter timelines. *E.g.*, *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 14 F. Supp. 3d 588, 589–90 (D. Del. 2014) (denying motion to strike over plaintiffs' objection that the defendants disclosed invalidity defenses after discovery closed where "any undue prejudice" could be "remedied" in the two remaining months before trial).

### III. Conclusion

For the foregoing reasons, Groupon requests that the Court deny IBM's motion to strike.

Respectfully,

*/s/ John G. Day*

John G. Day (#2403)

JGD: nml

cc: Counsel of Record (via electronic mail)

{01251377;v1 }