IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | C.A. No. 16-122-LPS |
| Plaintiff, | ) ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) ) | |
| GROUPON, INC. | ) ) ) | **PUBLIC VERSION** |
| Defendant. | ) ) | |

LETTER TO THE HONORABLE LEONARD P. STARK
FROM BINDU A. PALAPURA

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: September 29, 2017
5418343 / 43155
Public Version Dated: October 12, 2017

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff
International Business Machines Corporation*



Potter Anderson Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

September 29, 2017
Public Version Dated: October 12, 2017

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

**PUBLIC VERSION**

Re: *International Business Machines Corporation v. Groupon, Inc., et al.,*
C.A. No. 16-122-LPS

Dear Chief Judge Stark:

IBM moves to strike late-disclosed invalidity theories from Groupon's final invalidity contentions based on Groupon's repeated failure to meet discovery deadlines and Groupon's incomplete and misleading discovery responses. Specifically, IBM moves to strike the "Spinning the Web," "Amazon 1995 Website," and "Williams" theories (collectively the "Late-Disclosed Theories") asserted against U.S. Patent No. 5,961,601 ("'601 patent"), as reflected on pages 8 and 9 of Exhibit 1.[1] Groupon and its counsel have long had access to the documents and witnesses that form the basis of the Late-Disclosed Theories but inexplicably failed to disclose those theories until after the close of fact discovery. For instance, in February of 2017, Groupon's counsel began emailing Mr. Davis about source code from the alleged Amazon 1995 Website system. But Groupon waited until August 23, 2017 to disclose Mr. Davis as a potential witness, waited until after fact discovery to make the source code available, and did not identify an invalidity theory based on the Amazon 1995 Website until last Monday.

**I.     Factual Background**

On February 22, 2017, Groupon served its Preliminary Invalidity Contentions, which did not mention the Amazon 1995 Website theory or the other Late-Disclosed Theories. Ex. 2 at 6-7. Later that night, counsel for Groupon, Saina Shamilov, emailed Paul Davis and asked ███ ███████████████████████████"[2] Ex. 3 at GROUP309560. Ms. Shamilov knew Paul Davis and the Amazon 1995 Website system since at least 2009, when she relied on them in another case. *See Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 410, 429 (D. Del. 2009) (listing S. Shamilov as counsel and discussing Paul Davis and Amazon source code from 1995). On February 23, 2017, Ms. Shamilov followed up, stating that ██████████████ ████████████████████████████████." Ex. 3 at GROUP309559. On May 5, 2017, Groupon produced additional prior art and updated its preliminary invalidity contentions but again did not disclose any of the Late-Disclosed Theories. Ex. 4 at 1.

May 19, 2017 was the deadline for the parties to "supplement, inter alia, the identification of all accused products and all invalidity references." D.I. 17 ¶ 16. By May 19, 2017, counsel

---

[1] All exhibits are to the attached Declaration of Karim Z. Oussayef ("Decl.").
[2] IBM learned of these emails when Groupon produced them after the close of fact discovery.

The Honorable Leonard P. Stark
September 29, 2017
Page 2

for Groupon believed that the Amazon 1995 Website was prior art, as reflected in emails between Ms. Shamilov and Mr. Davis. Ex. 3 at GROUP309559. Counsel for Groupon also had access to the prosecution history, which cites the author of the Spinning the Web reference. Ex. 5 at 667. And counsel for Groupon has been in the possession of the Williams reference, since at least February 22, 2017. Dec. ¶ 8. Although Groupon had access to information about each of the Late-Disclosed Theories, Groupon did not disclose any of them by May 19, 2017.

On August 23, 2017, Groupon served its Second Amended Initial Disclosures, which for the first time, identified Paul Davis as an individual likely to have knowledge about "Prior art to U.S. Patent No. 5,961,601." Ex. 7 at 3. Groupon also stated that Paul Davis' contact information was "[u]nknown at this time." *Id.* That statement was false. By that time, Groupon had exchanged several emails with Paul Davis which reflected knowledge of his contact information. Ex. 3 at GROUP309558 GROUP309556 (same). Counsel for Groupon and Mr. Davis had also engaged in several phone calls. *Id.* As soon as Groupon disclosed Mr. Davis, IBM asked for his contact information and followed up three days later. Exs. 8-9. But Groupon never responded to those emails and never updated its initial disclosures to provide contact information for Mr. Davis.

On September 6, 2017, the parties agreed to extend the close of fact discovery from September 8, 2017 to September 15, 2017 to "permit the parties to accommodate all previously noticed fact depositions." D.I. 148. On September 12, 2017, Groupon served a subpoena on Amazon requesting "[i]nformation sufficient to show embedding session information into URLs during the operation of Your Amazon.com website from 1995-1996." D.I. 157 at 5. Just after the close of fact discovery, on September 15, 2017, IBM was informed that "Amazon code responsive to Groupon's subpoena is available for inspection at Fenwick's [Groupon's counsel] Mountain View Office." Ex. 10. There is little doubt that Groupon coordinated with Amazon well before September 12, 2017, based on the fact that Amazon is a former client of Groupon's counsel and the fact that Amazon produced its source code just three days after receiving the subpoena.[3] Yet Groupon never identified Amazon in its initial disclosures.

On September 25, 2017, over a week after the close of fact discovery, Groupon served its Final Invalidity Contentions, which, for the first time, identified the Late-Disclosed Theories. Ex. 1. During a meet and confer on the issue, counsel for Groupon admitted that they had begun discussing the Groupon source code with Paul Davis before the source code was made available to IBM and admitted that there was nothing that prevented Groupon from locating Spinning the Web or Williams references before the May 19, 2017 deadline. Decl. ¶ 14. In correspondence, counsel for Groupon admitted that it expects to retain Mr. Davis as a paid fact witness and that counsel for Groupon has had access to Amazon source code since 2009. Ex. 11.

II.    **The *Pennypack* Factors Warrant Exclusion of the Late-Disclosed Theories.**

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To evaluate that standard, courts consider various factors, including "(1) the importance of the information withheld, (2) the prejudice or surprise to the party against whom the evidence is

---

[3] In contrast it took several months for Groupon to produce its own source code.

The Honorable Leonard P. Stark
September 29, 2017
Page 3

offered, (3) the likelihood of disruption of the trial, (4) the possibility of curing the prejudice, (5) the explanation for the failure to disclose, and (6) the presence of bad faith or willfulness in not disclosing the evidence." *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, No. CA 04-1436-LPS, 2012 WL 1015993, at *3 (D. Del. Mar. 26, 2012).

As discussed above, Groupon failed to abide by its discovery obligations to (1) promptly update initial disclosures and provide accurate information about Mr. Davis and Amazon, (2) identify the Late-Disclosed Theories by the May 19, 2017 deadline to disclose all invalidity theories, (3) update its invalidity contentions to include the Late-Disclosed Theories during fact discovery, and (4) produce allegedly relevant source code during fact discovery. The *Pennypack* factors weigh strongly in favor of exclusion based on Groupon's conduct.

Regarding *Pennypack* factor (1), the Late-Disclosed theories are not sufficiently important to excuse Groupon's conduct. Groupon has the option to rely on any of the other 25 claim charts that Groupon has asserted against the '601 patent. Ex. 1 at 8-9. Furthermore, asserting the Amazon 1995 Website theory at trial would be futile because there is no evidence in the record connecting the late-produced source code to Amazon's website in 1995.

Regarding *Pennypack* factors (2), (3), and (4), the prejudice to IBM is significant and cannot be cured. IBM's experts have repeatedly traveled to the California office of Groupon's counsel and have spent dozens of hours reviewing the source code for Groupon's own website over the course of several months to analyze its functionality. IBM's experts relied heavily on internal documents and testimony from Groupon and its employees to help understand Groupon's source code. Now, to fully analyze the Amazon 1995 Website source code, IBM's experts would have to repeat this onerous process without information from relevant documents or witnesses. IBM is at a significant disadvantage because Groupon's counsel has known how the Amazon source code functions for years and has been secretly working with Mr. Davis to develop an invalidity theory against the '601 patent for months. Furthermore, Groupon's counsel refuses to produce Amazon's source code directly to IBM. Ex. 12 at 1. Thus, Groupon's experts and counsel have convenient access to Amazon's source code anytime they choose while IBM's experts and counsel must fly across the country to conduct their review. If Groupon's Late-Disclosed Theories are not stricken, IBM will be forced to divert significant resources from preparing expert reports to attempt to analyze the Late-Disclosed Theories, without the benefit of fact discovery on those theories.

Regarding *Pennypack* factors (5) and (6), during a meet and confer on this issue, Groupon offered no explanation for its conduct besides Groupon's desire to further investigate and confirm its invalidity theories before disclosing them to IBM. Decl. ¶ 14, Ex. 12 at 1. Those excuses reflect Groupon's lack of diligence and do not justify Groupon's conduct. Furthermore, Groupon's behavior goes beyond mere failure to disclose relevant information. Groupon made a conscious decision to identify Paul Davis as a witness with relevant information while claiming that his contact information was "unknown" when, in fact, Groupon had been emailing and calling him for months. Groupon's utter disregard for its discovery obligations, coupled with Groupon's failure to respond to IBM's repeated emails requesting Mr. Davis's contact information, weighs strongly in favor of exclusion.

For all the reasons discussed above, IBM's Motion to Strike should be granted.

The Honorable Leonard P. Stark
September 29, 2017
Page 4

                                                Respectfully,

                                                */s/ Bindu A. Palapura*

                                                Bindu A. Palapura

BAP/msb/5418343/43155

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)