IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) | JURY TRIAL DEMANDED |
| GROUPON, INC. | ) ) | PUBLIC VERSION |
| Defendant. | ) ) | |

### LETTER TO THE HONORABLE LEONARD P. STARK
### FROM BINDU A. PALAPURA, ESQUIRE

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: October 10, 2017
5452389 / 43155
Public Version Dated: October 17, 2017

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*



Potter Anderson Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

October 10, 2017
Public Version Dated: October 17, 2017

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

**PUBLIC VERSION**

Re: *International Business Machines Corporation v. Groupon, Inc., et al.*,
C.A. No. 16-122-LPS

Dear Chief Judge Stark:

IBM's motion to strike Groupon's Late-Disclosed Theories should be granted to prevent further prejudice to IBM. Groupon's opposition concedes the facts set forth in IBM's opening brief and confirms that, with diligence, Groupon could have disclosed the theories months ago.

**I.    Response to Groupon's Discussion of the Facts**

Groupon admits that its counsel has had access to the Amazon source code since 2009 and that it could have retrieved the code at any time with "verbal confirmation" from Amazon. D.I. 176 at 3, n.2. Groupon thus had no reason to wait until after the close of fact discovery to produce the code,[1] especially given that Groupon told Paul Davis ███████████ ████ back in February. D.I. 174, Ex. 3 at -559. Groupon offers Mr. Davis's travel schedule as an excuse. D.I. 176 at 2. But Groupon could have investigated the Amazon code without Mr. Davis's assistance. That is precisely what Groupon asks IBM to do. And even after Mr. Davis returned to the United States, Groupon admits that it "waited to provide Mr. Davis's contact information" while it worked to retain him as a paid fact witness. *Id.* Meanwhile, Groupon falsely represented that his contact information was "unknown." D.I. 173 at 2.

Groupon attempts to shift the blame to IBM, stating "Groupon advised IBM that it would work with Mr. Davis to make him available for deposition" but "IBM did not accept that offer." D.I. 176 at 2. But the first time Groupon offered a deposition was on September 26, 2017, D.I. 174, Ex. 12 at 2-3, well after the close of fact discovery. To accept Groupon's offer, IBM would have had to divert resources from preparing expert reports (due the following week), review Groupon's new invalidity theories (first disclosed the day before), fly to California to review

---

[1] Groupon contends that it produced the prior art for the Late-Disclosed Theories "during fact discovery." D.I. 176 at 1. In fact, Groupon waited until after the 6pm deadline on the last day of fact discovery, September 15, 2017, to produce the Spinning the Web reference and the Amazon source code. D.I. 174, Ex. 10; Oussayef Decl. ¶ 3, Ex. 13. Of course, IBM's motion to strike does not hinge on the exact time of Groupon's production. Groupon has no explanation for failing to meet the May 19, 2017 deadline to disclose all prior art references, D.I. 17 ¶ 16, or for failing to identify those theories in its interrogatory responses. Ex. 24, at 7-9 (No. 21).

The Honorable Leonard P. Stark
October 10, 2017
Page 2

source code (available exclusively at Fenwick's offices), and then travel to wherever Paul Davis is located (still listed as "unknown"). Groupon's offer would not have cured the prejudice to IBM. It would have forced IBM and its experts to split time between fact and expert discovery.

Regarding Spinning the Web, Groupon admits that it learned of the reference by reviewing the file wrapper of the '601 patent, which has been available to Groupon since the beginning of the litigation. D.I. 176 at 2. Groupon could have timely disclosed that theory by the May 19, 2017 deadline to identify all prior art references. Instead, Groupon waited until after the close of fact discovery on September 15, 2017, *see supra* n.1, to disclose the 500-page reference and waited until September 25, 2017 to disclose the Spinning the Web theory.[2]

## II.    Groupon's Actions Have Severely Prejudiced IBM

To understand the functionality of Groupon's website, IBM and its experts have spent 25 days and over 100 hours reviewing source code at Fenwick's offices in California. Oussayef Decl. ¶ 13, Exs. 14-22. IBM would now have to engage in a similar process for Amazon's website. Groupon cannot credibly argue that it took seven months to "confirm its suspicion" that the Amazon website was a viable theory, D.I. 176 at 2, but it would take just four weeks for IBM to prepare an expert report on the subject. Thus, unlike the cases Groupon cites, the new invalidity theories should be stricken because they would necessitate significant new discovery. Furthermore, IBM is using the same experts for this action and the related *IBM v. Priceline* action. Any time spent reviewing the Amazon source code would prejudice the ability of IBM's experts to prepare for the *Priceline* trial in January. *International Business Machines Corporation v. Priceline, Inc. et al.*, C.A. No. 15-137-LPS (D. Del.), D.I. 521.

Even if IBM were able finish its analysis of the Amazon source code in the next four weeks, IBM would continue to be prejudiced. Groupon will retain a seven-month head start in analyzing the Amazon 1995 Website. IBM has lost the opportunity to conduct its own investigation during fact discovery by, for example, obtaining discovery directly from Amazon. And, Groupon's misconduct precluded IBM from interviewing or subpoenaing Mr. Davis before the close of fact discovery.[3] In sum, Groupon will retain a significant advantage over IBM even if IBM manages to review source code and depose Mr. Davis before its rebuttal report is due.

## III.   Groupon's Assertion That The Prior Art Is "Highly Relevant" Is Unpersuasive

Groupon unsurprisingly asserts that the Late-Disclosed Theories are "highly relevant." But Groupon does not explain why its Late-Disclosed Theories are any more relevant than the other twenty-five theories it has asserted against the '601 patent. Furthermore, Groupon failed to investigate the theories when they were available at the very beginning of the case, which indicates either that they are not particularly relevant or that Groupon was not diligent in pursuing them. The prejudice to IBM from having to review entirely new references thus greatly outweighs any prejudice to Groupon from having to rely on its timely-disclosed references.

---

[2] Although IBM contends that Groupon should have separately charted the Williams reference before September 25, IBM elects to focus its arguments on the Amazon 1995 Website and Spinning the Web theories, which have caused the most prejudice to IBM.
[3] Groupon served its invalidity report on October 6, 2017. Groupon's expert relies heavily on conversations with Mr. Davis. *See, e.g.,* Oussayef Decl. Ex. 23, at 209, n.1, n.2, n.5.

The Honorable Leonard P. Stark
October 10, 2017
Page 3

                                                Respectfully,

                                                */s/ Bindu A. Palapura*

                                                Bindu A. Palapura

BAP:nmt/5452389/42141

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)