

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092  Direct Phone
302 658-1192  Fax

November 8, 2017

<u>**VIA ELECTRONIC-FILING**</u>

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

Re:  *International Business Machines Corporation v. Groupon, Inc.*, C.A. No. 16-122-LPS

Dear Chief Judge Stark:

Pursuant to the Court's November 1, 2017 Oral Order, Plaintiff International Business Machines Corporation ("IBM") respectfully submits this proposal for requested relief based on Groupon, Inc.'s ("Groupon") recent disclosure of its "Spinning the Web" and "Amazon 1995 Website" invalidity theories.  IBM has attached a Proposed Order consistent with IBM's requested relief.  IBM and Groupon have conferred and agreed on certain relief, such as additional depositions, issues 2 and 3 of the Proposed Order, and the timing of additional expert reports, issues 4 and 5 of the Proposed Order.  However, the parties were unable to reach complete agreement on the scope of additional discovery or appropriate costs, issues 1 and 6 of the Proposed Order.

IBM requests leave to pursue discovery relevant to the "Spinning the Web" and "Amazon 1995 Website" prior art theories up to and including December 6, 2017.  During the meet and confer process, Groupon has proposed limiting the scope of additional discovery to issues "necessitated" or "arising" from deposition testimony or review of the Amazon source code.  Those artificial limitations would not have existed had IBM been afforded the opportunity to investigate Groupon's invalidity theories during fact discovery.  Groupon's limitations would prejudice IBM by preventing it from investigating additional relevant facts.  For example, IBM intends to request documents relating to Amazon's website, even if those documents do not relate to source code and do not "arise" during depositions.

IBM also requests that Groupon pay costs equal to the fees and expenses incurred for IBM's experts' review of the Amazon 1995 Website source code at Fenwick & West LLP's office in San Francisco, California, up to and including December 6, 2017.  To date, such fees have amounted to less than $5200, and IBM expects additional review over the next several weeks to be similar in amount.  IBM does not request fees and expenses for IBM's experts' work in reviewing source code that was printed at Fenwick's office and reviewed elsewhere, or for work drafting expert reports.  And IBM does not request legal fees.  Thus IBM's request is conservative and reflects just a small fraction of the costs IBM has and will continue to incur in responding to Groupon's recently disclosed invalidity theories.

The Honorable Leonard P. Stark
November 8, 2017
Page 2

                                                        Respectfully,

                                                        */s/ Bindu A. Palapura*

                                                        Bindu A. Palapura

BAP:nmt/5540973/43155
Enclosure

cc:      Clerk of the Court (via hand delivery)
          Counsel of Record (via electronic mail)