IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, </br></br> Plaintiff, </br></br> v. </br></br> GROUPON, INC., </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 16-122-LPS |

**LOCAL RULE 7.1.2(b) CITATION OF SUPPLEMENTAL AUTHORITY
FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Local Rule 7.1.2(b), Defendant Groupon, Inc. submits this citation of supplemental authority in support of its Motion for Judgment on the Pleadings (D.I. 29). On November 1, 2017, the United States Court of Appeals for the Federal Circuit affirmed a decision from this district finding four patents directed to patent ineligible subject-matter under 35 U.S.C. § 101. *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, No. 2016-2531, 2017 WL 4931936, --- F.3d --- (Fed. Cir. Nov. 1, 2017). A copy of the Federal Circuit's opinion is attached hereto as Exhibit 1.

The patents at issue in *Two-Way Media* described "an improved scalable architecture for delivering real-time information." 2017 WL 4931936, at *1. In reaching its conclusion that the patents were invalid under Section 101, the district court rejected Two-Way Media's arguments "that the claims were directed to computer architecture that solved the technical problems of load, bottlenecking, and inadequate records," noting that that *the claims* did not "recite or refer to anything that could be described as an architecture." *Id.* at *3.

The Federal Circuit agreed. It once again reiterated that courts must "look to whether the claims in the patent focus on a specific means or method, or are instead directed to a result or

{01262804;v1 }

effect that itself is the abstract idea and merely invokes generic processes and machinery." *Id.* at *4. It found the claims to "require[] the functional results" and "not sufficiently describe how to achieve these results in a non-abstract way." *Id.* And Two-Way Media's proposed claim constructions did not change this outcome, because they failed "to indicate how the claims are directed to a scalable network architecture that itself leads to an improvement in the *functioning* of the system." *Id.* at *5. The Federal Circuit once again emphasized that to be patent eligible, it is the claims that must recite the inventive solution, not the specification. "The main problem that Two-Way Media cannot overcome is that the *claim*—as opposed to something purportedly described in the specification—is missing an inventive concept." *Id.* Two-Way Media's claims did not recite "*how* the desired result is achieved." *Id.*

The Filepp patents[1] suffer from the same shortcomings. (D.I. 30 at 10-18; D.I. 39 at 6-9; D.I. 167 at 1). Like Two-Way Media, IBM argues that the Filepp patents address network congestion and bottlenecking. (*See, e.g.*, D.I. 37 at 13; *see also* D.I. 37 at 2, D.I. 168 at 3.) But like the claims in *Two-Way Media*, IBM's claims recite no architecture for doing so, but only an abstract idea of local storage. IBM's claims lack any specific technical solution; they merely use "result-based functional language," without disclosing *how* to achieve the result. *See Two-Way Media*, 2017 WL 4931936, at *4. Accordingly, the *Two-Way Media* decision further supports a finding that the claims of the Filepp patents are directed to patent-ineligible subject matter under Section 101.

---

[1] U.S. Patent Nos. 5,796,967 and 7,072,849.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | */s/ John G. Day* |
|  | _____ |
| *Of Counsel:* | John G. Day (#2403) |
|  | Andrew C. Mayo (#5207) |
| J. David Hadden | 500 Delaware Avenue, 8th Floor |
| Saina S. Shamilov | P.O. Box 1150 |
| Phillip J. Haack | Wilmington, DE  19899 |
| Adam M. Lewin | (302) 654-1888 |
| Sapna Mehta | jday@ashbygeddes.com |
| FENWICK & WEST LLP | amayo@ashbygeddes.com |
| Silicon Valley Center |  |
| 801 California Street, 12th Floor | *Attorneys for Defendant Groupon, Inc.* |
| Mountain View, CA  94041 |  |
| (650) 988-8500 |  |

Dated: November 10, 2017