# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 13, 2017

The Honorable Leonard P. Stark  **VIA ELECTRONIC FILING**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re: *International Business Machines Corporation v. Groupon, Inc.,*
            *C.A. No. 16-122-LPS*

Dear Chief Judge Stark:

      In accordance with the Court's November 1, 2017 Order (D.I. 186), Groupon submits this response to IBM's proposal for requested relief (D.I. 191). Groupon does not oppose IBM's requests for deposition testimony or supplemental expert reports. (*See* D.I. 191-1 ¶¶ 2-5.) Nor does Groupon oppose IBM's request for additional discovery relevant to the "Spinning the Web" prior art reference, up to December 6, 2017. (*See id.* ¶ 1.) However, IBM's requests for additional discovery regarding the "Amazon 1995 Website" reference and for its expert fees and costs are unrelated and disproportionate to any prejudice caused by the timing of Groupon's disclosure of the "Spinning the Web" and "Amazon 1995 Website" prior art references. Groupon thus asks that the Court narrow IBM's requested relief.

      First, IBM's open-ended request for "additional discovery relevant to" Groupon's "Amazon 1995 Website" prior art theory is overbroad and attempts to remedy IBM's failures to pursue discovery before it closed. (D.I. 191-1 ¶ 1.) As the Court found (D.I. 186), IBM knew of the Amazon prior art reference before the close of discovery. Yet, it sought no additional discovery then. Now, IBM vaguely proffers, as an example, that it "intends to request documents relating to Amazon's website" without any indication of what type of documents it intends to seek or why such documents are relevant or proportional to the issues at hand when it has access to, and has already reviewed, the source code relating to the Amazon's website—the best evidence of the functionality and operation of that website. (D.I. 191 at 1.) Notably, IBM fails to explain why it did not request such discovery after it learned of the code in August, before the close of fact discovery. Accordingly, with respect to the "Amazon 1995 Website" reference, the Court should thus limit IBM to pursuing discovery relevant to issues that arise from the deposition testimony of Paul Davis or from IBM's review of the Amazon source code, as that is the only discovery that IBM was unable to take during the period of fact discovery in this case.

{01263648;v1 }

   Second, IBM's request for fees and expenses associated with its expert's review of the source code is excessive. (D.I. 191-1 ¶ 6.) Groupon has offered to pay the cost of one reasonable airfare for IBM's expert to travel for an additional trip to review the Amazon source code. IBM's insistence that Groupon pay its expert's *fees* and *expenses* over a two-week period bears no relation to the timing of Groupon's disclosure of its invalidity theory with respect to the "Amazon 1995 Website" reference. IBM would have incurred those fees and costs regardless of when Groupon disclosed its prior art theory; the amount of time IBM's expert would need to review and analyze a prior art reference does not change based on when such analysis takes place. As such, the only additional expense that IBM incurs because of the timing of the prior art disclosure is an additional airfare trip for its expert, which Groupon already offered to cover.

   Accordingly, Groupon requests that the Court limit IBM's overbroad requests for discovery and fees and costs to (1) discovery relevant to "Spinning the Web" or issues arising from the deposition testimony of Paul Davis or IBM's review of Amazon source code, and (2) the cost of one reasonable airfare for IBM's expert to travel for an additional trip to review the Amazon source code. A Proposed Order is attached.

                Respectfully,

                */s/ John G. Day*

                John G. Day

JGD: nml
Attachment

cc:  Counsel of Record (via electronic mail; w/attachment)