**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF IBM'S RESPONSE TO DEFENDANT GROUPON, INC.'S**
**LOCAL RULE 7.1.2(b) CITATION OF SUPPLEMENTAL AUTHORITY FOR**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

International Business Machines Corporation ("IBM") submits this response to Groupon, Inc.'s ("Groupon") citation of supplemental authority in support of its Motion for Judgment on the Pleadings. D.I. 192. Groupon's filing is based on the recent Federal Circuit decision, *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, No. 2016-2531, 2017 WL 4931936, __ F.3d __ (Fed. Cir. Nov. 1, 2017). As an initial matter, Groupon's submission is inconsistent with Rule 7.1.2(b) because, rather than simply citing supplemental authority, Groupon provides additional, substantive argument without providing any helpful analysis. Groupon does not claim that *Two-Way Media* changed either the law or the Federal Circuit's approach to patent ineligibility under 35 USC § 101. Instead, Groupon attempts to use its submission as a vehicle to reiterate its prior arguments. This is an improper use of the Local Rules. *See, e.g., Amazon.com, Inc.*, No. 15-638-LPS-CJB, 2016 WL 6562038, at *2 n.4 (D. Del. Nov. 3, 2016); *Execware, LLC v. BJ's Wholesale Club, Inc.*, No. 14-cv-233-LPS, 2015 WL 4275314, at *2 n.4 (D. Del. July 15, 2015), *report and recommendation adopted in part, rejected in part*, 2015 WL 5734434.

To the extent the Court considers the arguments set forth in Groupon's submission, those arguments are no more persuasive this time around.  Groupon focuses on problems with the *Two-Way Media* patents that do not apply to the Filepp Patents.  For example, Groupon points out that the *Two-Way Media* court found that the patents in questions were not "directed to a . . . network architecture that itself leads to an improvement in the *functioning* of the system."  D.I. 192 at 2 (*citing Two-Way Media*, 2017 WL 4931936, at *5) (emphasis in original).  Here, in contrast, the claims of the Filepp Patents themselves are directed to a specific network architecture:  one that involves, among other things, (1) breaking the screen display into partitions, (2) using those partitions for applications, advertising, and command functions, (3) constructing those partitions from modular objects, and (4) selectively retrieving and storing those objects at the reception system on an as-needed basis.  The claims of the Filepp Patents thus cover the key aspects of the architecture described in the specification and are directed to how to solve host-centric limitations.  D.I. 168 at 2-3 (*citing* '967 patent at 10:57-11:16) (comparing the claims to the specification's explanation of how the claimed system improves traditional network architectures).

Groupon asserts that the *Two-Way Media* case means that "it is the claims that must recite the inventive solution, not the specification."  D.I. 192 at 2.  Contrary to Groupon's implications, however, *Two-Way Media* does not stand for the proposition that the Court should not look at the specification.  Rather, when the claims cover what the specification describes as an improvement in computer functionality (as is the case with the Filepp Patents but not with the *Two-Way Media* patents), the claims are patent-eligible.  *See, e.g.*, *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1259-60 (Fed. Cir. 2017) (finding the claims to be patent eligible because "the claims . . . are directed to a technological improvement" and "the specification

discusses the advantages offered by the technological improvement"); *see also Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016).  As in previous briefing, Groupon never analyzes the claim language, preferring to address the concept of "local storage."  D.I. 192 at 2. That kind of oversimplification is improper, as Groupon acknowledges.  D.I. 39 at 3 (noting that *Enfish* "cautions against oversimplification during step one of *Mayo/Alice*").  Groupon continues to argue against the concept of "local storage" rather than adhere to the language of the claims and continues to ignore the specification's explanation of how the claimed system improves computer networks.  For at least those reasons, Groupon's Motion for Judgment on the Pleadings should be denied.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Tel:  (212) 351-3400

Dated:  November 14, 2017
5560032 / 43155

By:   */s/ Bindu A. Palapura*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

    *Attorneys for Plaintiff*
    *International Business Machines Corporation*