# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 16-122-LPS |
| GROUPON INC, | ) ) | |
| Defendant. | ) | |

## ORDER GOVERNING MEDIATION
## CONFERENCES AND MEDIATION STATEMENTS

**THIS ORDER CONTAINS IMPORTANT INFORMATION WHICH SHOULD BE READ BY COUNSEL PRIOR TO PREPARATION OF A MEDIATION STATEMENT.**

At Wilmington this 14th day of February 2018.

IT IS ORDERED that:

## MEDIATION CONFERENCE

1. A mediation conference is scheduled with Plaintiff and Defendant for **Tuesday April 3, 2018** beginning at **10:00 a.m.** All required participants (*see* ¶ 3) are to report at this time to Courtroom 2A.

## TIMING OF ARRIVAL AND DEPARTURE FROM MEDIATION

2. Unless otherwise notified by the Court, the mediation conference will begin at 10:00 a.m. and parties should expect it will last until 5:00 p.m. Thus, required participants attending the mediation should not make air or train reservations that would require them to leave Judge Burke's Chambers prior to 5:00 p.m. (unless the Court has previously indicated that it will excuse those persons from the mediation early). To the extent that the mediation ends

prior to 5:00 p.m. because no further progress can be made, or because the parties reach agreement on settlement, required participants will be excused by the Court at that time and may then leave the courthouse. If a mediation is still ongoing at 5:00 p.m., Judge Burke will then talk with the parties to determine whether there is joint interest in extending the mediation. If any party has questions about these timing requirements, they should contact Judge Burke's Chambers by phone in advance of the mediation to address those questions.

**REQUIRED PARTICIPANTS**

  3.  Each party must be represented at the mediation conference by at least one of each of the following types of required participants, each of whom should be very familiar with the case: (a) Delaware counsel; (b) outside counsel (if the case is not being litigated exclusively by Delaware counsel); and (c) a party representative who has full authority to act on behalf of that party.

  A representative with "full authority" for example, is someone who, if persuaded during mediation that their side should offer or accept a certain amount of money to settle the case, has the ability, on the spot, to authorize the offer or acceptance of such a payment—even if prior to the start of the mediation that representative's party had not expected to offer or accept a payment of that size. A representative with "full authority" is also someone who has knowledge of the dispute and has knowledge of the business objectives and operations of the representative's company (if applicable), so that the representative can generate and consider solutions in real time during the mediation. If any party has any questions as to whether they are able to bring a representative with settlement authority to the mediation, they should contact Judge Burke's Chambers by phone in advance of the mediation to address those questions.

In-person attendance at the mediation conference by the required participants described above is required unless otherwise authorized by the Court. Any request to modify this in-person-attendance requirement shall be made in writing to the Magistrate Judge, with a copy to all counsel or *pro se* parties, no later than **fourteen (14) days before** the mediation conference.

CONTACT INFORMATION FOR REQUIRED PARTICIPANTS

4(a). **No later than the date on which mediation statements are due** (*see* ¶ 5 below), counsel shall provide to the Court in a writing separate from the mediation statement, for each attorney who will be attending the mediation conference: (i) a direct dial work telephone number, (ii) a cellular or home telephone number, and (iii) an electronic mail address where the attorney can be regularly reached. Unrepresented parties shall provide at least one of these three forms of contact information.

4(b). **No later than the date on which mediation statements are due** (*see* ¶ 5 below), counsel shall submit a list of all participants, including attorney and non-attorney representatives who will be attending mediation on behalf of their party, to the opposing party or parties. If a party has concerns regarding the disclosed attendees for the opposing party, they should raise those concerns promptly with counsel for the opposing party and with the Court.

CONFIDENTIAL MEDIATION STATEMENTS

5. On or before **March 27, 2018**, an original and one copy of a confidential mediation statement containing all of the information required by ¶ 7 shall be submitted *only* to the Magistrate Judge. The mediation statements shall be delivered to the Clerk's Office in an envelope addressed to U. S. Magistrate Judge Christopher J. Burke and marked "CONFIDENTIAL MEDIATION STATEMENT." The statements shall not be exchanged

among the parties or counsel (unless the parties jointly agree to do so), shall not be provided to the trial judge, and shall not become part of the record in this matter.  Mediation statements shall not be electronically filed since they are not part of the Court record.

6. The mediation statements may be in memorandum or letter form.  They must be double-spaced, in no less than a 12-point font, and be no longer than **fifteen (15) pages**.

7. The mediation statements must contain each of the following headings and must contain a discussion of each of the topics described below:

   a) **"The Parties"**: Provide a description of who the parties are, their relationship, if any, to each other, and by whom each party is represented, including the identity of all individuals who will be participating on behalf of a party during the mediation conference.

   b) **"Factual Background"**: Provide a brief factual background, clearly indicating which material facts are not in dispute and which material facts remain in dispute.

   c) **"Summary of Applicable Law"**: Provide a brief summary of the law, including applicable statutes, cases and standards.  Copies of any unreported decisions (including decisions from this jurisdiction) that counsel believes are particularly relevant should be included as exhibits (*see* ¶ 8).  It is helpful to the Court, particularly with regard to complex litigation in which a large number of legal issues are pending and unresolved, if counsel for all sides can communicate with each other in advance of filing the mediation statement, in order to attempt to ensure that all of parties will address the same key legal issues in their respective statements.[1]

---

[1] In patent cases, the parties need not provide a summary of applicable law as to issue areas that are common to most such cases (e.g., the legal requirements for direct and indirect patent infringement or for demonstrating patent invalidity).  However, to the extent that the case involves

    d)  **"Honest Discussion of Strengths and Weaknesses"**: Provide an honest discussion of the strengths and weaknesses of the party's claims and/or defenses. This section should include description of *both* strengths and weaknesses— not just the former.

    e)  **"Settlement Efforts"**: Provide a brief description of prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties, the reasons for rejection, and the party's assessment as to why settlement has not been reached.

    f)  **"Settlement Proposal"**: Describe the party's proposed framework for a resolution (i.e., describe what the material components of a settlement agreement are from the party's perspective and provide a proposal as to what the content of each of those components should be). Identify any interests or issues not directly involved in this matter that may frustrate or further settlement. If the party has any suggestions as to how the Court may be helpful in reaching a resolution, such suggestions should also be described.

    g)  **"Fees and Costs"**: List separately each of the following: (i) attorneys' fees and costs incurred to date; (ii) other fees and costs incurred to date; (iii) good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) good faith estimate of additional other fees and costs to be incurred if this matter is not settled.

  In addition to the required topics described above, and provided that the mediation statement complies with the page limit stated above, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

---

legal issues that do not commonly arise in every patent litigation, a summary of applicable law as to those issues would be helpful.

8. Pertinent documents may be submitted as exhibits to the mediation statement. Counsel are requested to limit such exhibits to those that are most directly relevant to the mediation.[2]

**CONFIDENTIALITY**

9. The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation nor any other litigation (whether presently pending or filed in the future), and shall not be construed as nor constitute an admission. Breach of this provision shall subject the violator to sanctions.

**EX PARTE CONTACTS**

10. Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

**REQUEST TO BRING ELECTRONIC EQUIPMENT**

11(a). Possession by an attorney of an electronic device is permitted in accordance with this Court's Standing Order regarding possession by attorneys of cell phones, other PDA devices, and laptop computers, dated November 17, 2011. Any request that representatives of a party be permitted to bring electronic equipment to the mediation conference shall be made in writing by counsel and shall be submitted in a separate letter **no later than the date on which mediation statements are due** (*see* ¶ 5 above). The request shall include the name(s) of the individual(s), a list of the equipment requested to be authorized, and a representation that counsel believes the presence of the requested equipment will be of assistance in the mediation process.

---

[2] In a patent case, the Plaintiff(s) should include the patent(s)-in-suit as an exhibit/exhibits to their mediation statement.

11(b). To obtain WiFi access for the date(s) of mediation, counsel are directed to the Court's website. It is the responsibility of Delaware counsel to complete and submit the required form on the website to obtain authorization of the Court, **no later than 5 business days prior to the date on which the mediation conference is scheduled**. Failure to submit the request in accordance with the Court's website will result in the request being denied.

**OBLIGATION OF GOOD FAITH PARTICIPATION**

12. The required participants shall be available and accessible throughout the mediation process. The Court expects the parties' full and good faith cooperation with the mediation process. In particular, the Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all participants to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

**AVOIDANCE OF SANCTIONS**

13. All counsel are reminded of their obligations to read and comply with this Order. Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Christopher J. Burke<br>UNITED STATES MAGISTRATE JUDGE