IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | C.A. No. 16-122-LPS |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | **PUBLIC VERSION** |
| GROUPON, INC. | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF IBM'S OPENING BRIEF IN SUPPORT OF
IBM'S MOTION FOR SUMMARY JUDGMENT OF
NO AFFIRMATIVE DEFENSES OF LICENSE, EXHAUSTION, FIRST SALE,
ESTOPPEL, COVENANT NOT TO SUE, AND RELEASE**

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: March 5, 2018
Public Version Dated: March 12, 2018
5663291 / 43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff
International Business Machines Corporation*

# TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

II. SUMMARY OF THE ARGUMENT ............................................................................ 1

III. STATEMENT OF UNDISPUTED FACTS .................................................................. 2

IV. ARGUMENT ................................................................................................................. 2

    A. Summary Judgment Standard ........................................................................... 2

    B. Summary Judgment Of Groupon's Affirmative Defenses Should Be Granted ............................................................................................................. 3

        1. Groupon Has Not Identified Support For Its Affirmative Defenses Of License And Patent Exhaustion. .................................... 3

            a. Groupon Has Not Identified Support For Its Affirmative Defense Of License. ............................................................. 4

            b. Groupon Has Not Identified Support For Its Affirmative Defense Of Exhaustion. ........................................................ 5

        2. Groupon Has Not Identified Theories Of Full Compensation, Estoppel, Covenant Not to Sue, or Release ............................................... 6

V. CONCLUSION .............................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alicea v. City of New York,*
    534 N.Y.S. 2d 983 (N.Y. App. Div. 1988) ........................................................................1

*Anton/Bauer, Inc. v. PAG, Ltd.,*
    329 F.3d 1343 (Fed. Cir. 2003) .........................................................................................4

*Carborundum Co. v. Molten Metal Equip. Innovations,*
    72 F.3d 872 (Fed. Cir. 1995) ........................................................................................1, 4

*Eulo v. Deval Aerodynamics, Inc.,*
    430 F.2d 325 (3d Cir. 1970) ..............................................................................................1

*ExcelStor Tech., Inc. v. Papst Licensing GmbH & Co. KG,*
    541 F.3d 1373 (Fed. Cir. 2008) .........................................................................................1

*Helferich Patent Licensing, LLC v. New York Times Co.,*
    778 F.3d 1293 (Fed. Cir. 2015) .....................................................................................5, 6

*Intel Corp. v. Broadcom Corp.,*
    173 F. Supp. 2d 201 (D. Del. 2001) ..................................................................................1

*Quanta Computer, Inc. v. LG Elecs., Inc.,*
    553 U.S. 617 (2008) ..........................................................................................................5

*Scheibe v. Fort James Corp.,*
    276 F. Supp. 2d 246 (D. Del. 2003) ..................................................................................1

*Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer*
    *Maschinenfabrik Aktiengesellschaft,*
    829 F.2d 1075 (Fed. Cir. 1987) .........................................................................................4

*Wang Labs., Inc. v. Mitsubishi Elecs. Am.,*
    103 F.2d 1571 (Fed. Cir. 1997) .........................................................................................4

## I. NATURE AND STAGE OF THE PROCEEDINGS

IBM incorporates the "Nature and Stage of the Proceedings" section of IBM's Opening Brief In Support Of Its Motion For Summary Judgment Of No Invalidity Of The Asserted Claims Of U.S. Patent No. 5,961,601 In View Of Amazon And No Invalidity Of Claims 9, 10, 58, And 59 Of U.S. Patent No. 5,961,601, filed herewith.

## II. SUMMARY OF THE ARGUMENT

IBM seeks summary judgment on Groupon's Seventh Affirmative Defense of "License," Groupon's Eighth Affirmative Defense of "Patent Exhaustion" (which references full compensation, exhaustion, implied license, and first sale), and any defenses of estoppel, covenant not to sue, and release for the following reasons:

1. Groupon bears the burden of proving its affirmative defenses. *See, e.g., Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 206 (D. Del. 2001); *Carborundum Co. v. Molten Metal Equip. Innovations*, 72 F.3d 872, 878 (Fed. Cir. 1995) (implied license); *ExcelStor Tech., Inc. v. Papst Licensing GmbH & Co. KG*, 541 F.3d 1373, 1376 (Fed. Cir. 2008) (exhaustion/first sale); *Eulo v. Deval Aerodynamics, Inc.*, 430 F.2d 325, 328 (3d Cir. 1970) (release); *see also Alicea v. City of New York*, 534 N.Y.S. 2d 983, 985 (N.Y. App. Div. 1988) ("[A] party claiming to be a third party beneficiary has the burden of demonstrating an enforceable right.").

2. Groupon has not established the essential elements of any of the above-named defenses, warranting entry of summary judgment in IBM's favor. *Scheibe v. Fort James Corp.*, 276 F. Supp. 2d 246, 253 (D. Del. 2003).

3. Groupon has not identified sufficient proof to support the above-named defenses, despite having had over one year of fact and expert discovery, and despite having supplemented its discovery responses numerous times.

## III. STATEMENT OF UNDISPUTED FACTS

1. Groupon pled "License" as its Seventh Affirmative Defense. D.I. 13 at 10.

2. Groupon pled "Patent Exhaustion" as its Eighth Affirmative Defense, which referenced the doctrines of full compensation, exhaustion, implied license, and first sale. *Id.*

3. Groupon did not plead defenses of estoppel, covenant not to sue, or release distinct from its other affirmative defenses. *Id.*

4. IBM served Interrogatory No. 8 to seek the bases for any theories of estoppel, full compensation, exhaustion, first sale, implied license, license, covenant not to sue, or release. Ex. 1[1] at 15.

5. The sole bases for Groupon's theories of estoppel, full compensation, exhaustion, first sale, implied license, license, covenant not to sue, or release are set forth in Groupon's response to IBM's Interrogatory No. 8. *Id.* at 15-22.

6. In response to IBM's interrogatories, Groupon did not provide the basis for any theories of estoppel, covenant not to sue, or release distinct from any theories of full compensation, exhaustion, first sale, implied license, and license. Ex. 1 at 15-22.

7. Groupon's experts did not opine on any of the issues of estoppel, full compensation, exhaustion, first sale, implied license, license, covenant not to sue, and release.

## IV. ARGUMENT

### A. Summary Judgment Standard

IBM incorporates the "Summary Judgment Standard" section of its Opening Brief In Support Of Its Motion For Summary Judgment Of No Invalidity Of The Asserted Claims Of

---

[1] Defendant Groupon, Inc.'s Supplemental Responses To Plaintiff International Business Machines Corporation's First, Second, And Third Sets Of Interrogatories (Nos. 1, 2, 4, 7, 8, 9, 10, 13, And 14). All exhibits are to the Declaration of K. Oussayef filed concurrently with this brief.

2

U.S. Patent No. 5,961,601 In View Of Amazon And No Invalidity Of Claims 9, 10, 58, And 59 Of U.S. Patent No. 5,961,601, filed herewith.

### B. Summary Judgment Of Groupon's Affirmative Defenses Should Be Granted

#### 1. Groupon Has Not Identified Support For Its Affirmative Defenses Of License And Patent Exhaustion.

IBM's Interrogatory No. 8 sought the bases for any theories of estoppel, full compensation, exhaustion, first sale, implied license, license, covenant not to sue, and release. Ex. 1 at 15. In response, Groupon identified agreements between IBM and ▮ third parties: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (collectively, the "Third Party Agreements"). Ex. 1 at 16, 19. Groupon did not attempt to explain how any of the Third Party Agreements—or any other agreement or conduct—would apply to the '967, '849, and '601 patents. *Id.* at 15-22. Therefore, summary judgement should be granted at least with respect to the '967, '849, and '601 patents.

With respect to the '346 patent, Groupon offers the following response in support of its license and patent exhaustion defenses:

> ***To the extent*** that Groupon's accused instrumentalities are combined with products or services of these entities or any other licensees, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ they are licensed and/or IBM is barred, in whole or in part, by the doctrines of patent exhaustion and first sale as the licensed ▮▮▮▮▮▮▮ systems embody essential features of the patented invention.

*Id.* at 19. Groupon offers no evidence of "the extent" to which Groupon's accused instrumentalities are "combined" with products or services of any other entities. Instead, Groupon states that it may "utilize"  As discussed below, utilizing technology from ▮▮▮▮▮▮▮ does not demonstrate license or patent exhaustion. Groupon continues:

> Furthermore, IBM is barred from recovering damages *to the extent* such damages are based upon the same set of operative facts for which it had recovered against these entities.

*Id.* Groupon offers no evidence of "the extent" to which damages are allegedly based upon the same set of "operative facts" for which IBM has recovered against other entities. As discussed below, Groupon cannot carry its burden to prove its affirmative defenses, nor can it avoid summary judgment by arguing that its affirmative defenses *may* be viable "to the extent" certain conditions are met.

### a. Groupon Has Not Identified Support For Its Affirmative Defense Of License.

A license may be express or implied. *Carborundum*, 72 F.3d at 878. A license is "nothing more than a promise by the licensor not to sue the licensee." *Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987). An implied license requires that (1) the patentee sell an item with no non-infringing uses; and (2) the grant of a license is inferred from the circumstances. *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1350 (Fed. Cir. 2003). "[I]mplied license looks for an affirmative grant of consent or permission to make, use, or sell, i.e., a license." *Wang Labs., Inc. v. Mitsubishi Elecs. Am.*, 103 F.2d 1571, 1581 (Fed. Cir. 1997).

Groupon has not identified any agreement between IBM and Groupon. And Groupon has not identified any statement from IBM promising Groupon that IBM would not sue it for infringement of the patents-in-suit. Nor has Groupon identified any "affirmative grant" from IBM to make, use, or sell products or instrumentalities that practice the claimed inventions of the patents-in-suit. If Groupon contends that it is licensed to the patents-in-suit by the Third Party Agreements, it has not established, in its interrogatory responses or otherwise, that the Third

Party Agreements extend to Groupon or the accused instrumentalities. Therefore, summary judgment of no license defense should be granted.

### b. Groupon Has Not Identified Support For Its Affirmative Defense Of Exhaustion.

The doctrine of patent exhaustion or first sale "lifts legal restrictions on an authorized acquirer." *Helferich Patent Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1302 (Fed. Cir. 2015). A showing of patent exhaustion requires (1) an authorized sale (2) of an article that "substantially embodies" the patent. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 638 (2008). An article "substantially embodies" the patent if the article has "no reasonable noninfringing use and include[s] all the inventive aspects of the patented methods." *Helferich*, 778 F.3d 1293 at 1309 (*citing Quanta*, 553 U.S. at 637, 638). In other words, exhaustion applies only if the patentee's infringement allegations "was, or depended on, an assertion that an authorized acquirer was using the same invention by infringing the asserted claims." *Helferich*, 778 F.3d 1293 at 1302.

Groupon identifies the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as components allegedly relevant to its exhaustion defense. Groupon alleges that these components are only relevant to one of the patents-in-suit: the '346 patent. But Groupon has not established through its interrogatory responses, experts, or otherwise that the ▮▮▮▮▮▮▮▮▮▮ ▮▮ instrumentalities infringe or substantially embody any claims of the '346 patent. And Groupon's technical expert, Dr. Weissman, did not conduct a separate analysis of whether ▮▮▮▮▮▮▮▮ meets any element of claim 1 of the '346 patent, the claim on which all of the asserted claims depend. Ex. 2 at 302:24-303:18. Therefore, Groupon has not met its burden to show that there are articles that infringe any claim of the patents-in-suit such that they could

5

trigger exhaustion or constitute a first sale. *Helferich Patent Licensing*, 778 F.3d at 1302. Accordingly, summary judgment of no exhaustion or first sale should be granted.

### 2. Groupon Has Not Identified Theories Of Full Compensation, Estoppel, Covenant Not to Sue, or Release

In response to IBM's interrogatories, Groupon did not provide any theories of full compensation, estoppel, covenant not to sue, or release distinct from the theories discussed above. Ex. 1 at 15-22. And Groupon did not plead any defenses of estoppel, covenant not to sue, or release in its answer. D.I. 13. Therefore, summary judgement of no full compensation, estoppel, covenant not to sue, or release should be granted.

## V. CONCLUSION

IBM respectfully requests that the Court enter summary judgment in favor of IBM on Groupon's Affirmative Defenses Nos. 7 and 8, including and defenses of License, Exhaustion, First Sale, Estoppel, Covenant Not To Sue, and Release.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: March 5, 2018
Public Version Dated: March 12, 2018
5663291 / 43155

By: */s/ Stephanie E. O'Byrne*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*