# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | C.A. No. 16-122-LPS |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | **PUBLIC VERSION** |
| GROUPON, INC. | ) ) ) | |
| Defendant. | ) | |

## IBM'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF THE ASSERTED CLAIMS OF U.S. PATENT NO. 5,961,601 IN VIEW OF AMAZON AND NO INVALIDITY OF CLAIMS 9, 10, 58, AND 59 OF U.S. PATENT NO. 5,961,601

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

Dated: March 5, 2018
Public Version Dated: March 12, 2018
5663337 / 43155

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    NATURE AND STAGE OF PROCEEDINGS ................................................... 1

III.   SUMMARY OF THE ARGUMENT .................................................................. 2

IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS THAT SUPPORT
       SUMMARY JUDGMENT .................................................................................. 2

V.     LEGAL STANDARDS ....................................................................................... 4

       A.    Summary Judgment .................................................................................. 4

       B.    Anticipation ............................................................................................. 5

VI.    ARGUMENT ....................................................................................................... 6

       A.    Summary Judgment Of No Invalidity In View Of Amazon Should Be
             Granted With Respect To All Asserted Claims Of The '601 Patent. ..................... 6

             1.    Groupon Has No Evidence That The Amazon 1995 Website Met
                   The "Identifying" and "Recursively Embedding" Limitations Of
                   The '601 Patent. ............................................................................. 7

             2.    The ▮▮▮▮▮▮ From 1996 Do Not Meet The "Identifying"
                   and "Recursively Embedding" Limitations Of The '601 Patent. ............. 10

             3.    There Is No Evidence That Amazon Renders Claim 1 Or 51
                   Obvious. ......................................................................................... 11

       B.    Summary Judgment Of No Invalidity Should Be Granted With Respect To
             Claims 9, 10, 58, and 59 Of The '601 Patent. ...................................................... 11

VII.   CONCLUSION ................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986).................................................................................................. 5

*ART+COM Innovationpool GmbH v. Google Inc.,*
    155 F. Supp. 3d 489 (D. Del. 2016)......................................................................... 6

*Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.,*
    725 F.3d 1341 (Fed. Cir. 2013)................................................................................ 6

*Eli Lilly & Co. v. Barr Labs., Inc.,*
    251 F.3d 955 (Fed. Cir. 2001).................................................................................. 6

*Encyclopaedia Britannica, Inc. v. Alpine Elecs. Of Am., Inc.,*
    609 F.3d 1345 (Fed. Cir. 2010)................................................................................ 6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986)............................................................................................. 4, 5

*Microsoft Corp. v. i4i Ltd. P'ship,*
    131 S.Ct. 2238 (2011).............................................................................................. 5

*Net MoneyIN, Inc. v. VeriSign, Inc.,*
    545 F.3d 1359 (Fed. Cir. 2008)......................................................................... 6, 12

*Podobnik v. U.S. Postal Serv.,*
    409 F.3d 584 (3d Cir. 2005)..................................................................................... 5

*Symbol Techs., Inc. v. Opticon, Inc.,*
    935 F.2d 1569 (Fed. Cir. 1991)................................................................................ 5

**Statutes**

35 U.S.C. § 282.......................................................................................................... 5

**Rules**

Fed. R. Civ. P. 56................................................................................................... 4, 5

## I.     INTRODUCTION

Plaintiff International Business Machines Corporation ("IBM") moves for summary judgment of no invalidity for all asserted claims of U.S. Patent No. 5,961,601 (the "'601 patent") in view of the alleged 1995 Amazon system and for summary judgment of no invalidity for claims 9, 10, 58, and 59 of the '601 patent in view of any prior art asserted by Groupon, Inc. ("Groupon").  Groupon has failed to put forth sufficient evidence to show that Amazon teaches or renders obvious every limitation of any asserted claim.  Groupon has also failed to put forth sufficient evidence to show that any reference or combination teaches or renders obvious each limitation of claims 9, 10, 58, and 59.  Thus, Groupon cannot prove by clear and convincing evidence that Amazon invalidates any asserted claim or that any of claims 9, 10, 58, and 59 are invalid in view of any prior art.

## II.    NATURE AND STAGE OF PROCEEDINGS

On March 2, 2016, IBM filed suit against Groupon for patent infringement, asserting that Groupon infringed United States Patent Nos. 5,796,967 ("the '967 patent"); 7,072,849 ("the '849 patent"); the '601 patent; and 7,631,346 ("the '346 patent") (collectively, the "Patents-In-Suit"). (D.I. 1.)  On August 15, 2016, Groupon filed its Answer.  (D.I. 13.)  On December 13, 2016, Groupon filed a motion for judgment on the pleadings that the '967 patent and the '849 patent were invalid under 35 U.S.C. § 101.  (D.I. 29 and 30.)  Fact discovery closed September 15, 2017.  (D.I. 148.)  On November 17, 2017, this Court denied Groupon's motion for judgment on the pleadings.  (D.I. 198 and 199.)  The parties exchanged opening expert reports on October 6, 2017, rebuttal expert reports on November 3, 2017, and reply expert reports on December 6, 2017.  (D.I. 148 and 201.)  IBM served a supplemental rebuttal invalidity expert report for the '601 patent on December 13, 2017, and Groupon served a reply supplemental invalidity expert report for the '601 patent on December 20, 2017.  (D.I. 201.)

III.     **SUMMARY OF THE ARGUMENT**

IBM seeks summary judgment that none of the asserted claims of the '601 patent is invalid in view of the Amazon system.  Groupon contends that Amazon anticipates asserted independent claims 1 and 51.  Groupon cannot carry its burden here because there is no evidence to show the operation of key aspects of Amazon's 1995 system.  Dr. Weissman acknowledges that important evidence of critical functionality is missing but makes uncorroborated statements that Amazon worked the same in 1995 as it did in 1996.  Such unsubstantiated speculation is not evidence of anticipation, particularly because the 1996 version of the Amazon system did not even meet the claims.  Dr. Weissman fails to offer any obviousness opinions that could fill the gaps in his anticipation analysis, and his theories cannot survive summary judgment.

IBM also seeks summary judgment that none of claims 9, 10, 58, and 59 is invalid in view of any prior art asserted by Groupon.  In three invalidity theories, Dr. Weissman contends that a single step described in each reference performs each of four disparate claimed functions.  That mapping of the prior art is contradictory on its face and cannot survive summary judgment.

IV.     **STATEMENT OF UNDISPUTED MATERIAL FACTS THAT SUPPORT SUMMARY JUDGMENT**

1.      IBM asserts infringement of independent claims 1 and 51 of the '601 patent.  (D.I. 207.)  IBM also asserts infringement of claims 2, 4, 6, and 7-10, which depend from claim 1, and claims 52, 54, and 56-59, which depend from claim 51.  (*Id.*)

2.      Groupon offers the opinion of Dr. Weissman to support its assertion that Amazon anticipates claims 1 and 51 of the '601 patent.  (Ex. A at 286-295, 304-305.)

3.      Dr. Weissman relies on ████████ that were allegedly used by Amazon in 1995 for the claimed steps "identifying all continuations in an output from said service" and "recursively embedding the state information in all identified continuations."  (*Id.* at 291-293.)

4.     Dr. Weissman associates the entire HTML page from Amazon to the claimed "output" in claims 1 and 51.  (Ex. B at 407:10-18.)

5.     Dr. Weissman has never seen any Amazon ████████ from 1995.  (*Id.* at 404:12-19; 413:12-16.)

6.     Dr. Weissman relies on Paul Davis, a former Amazon employee, for assertions regarding Amazon functionality in 1995. (*E.g.*, Ex. A at 209 n.1.)

7.     Mr. Davis does not know where any alleged Amazon ████████ from 1995 are and does not think it would be possible for one to know what they looked like. (Ex. C at 127:7-128:6; 135:24-136:2; 142:11-16.)

8.     Mr. Davis explained that as the Amazon website developed ████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████ (*Id.* at 138:10-13, 139:22-140:1.)

9.     Dr. Weissman cites to the act of ██████████████████████████ ████████ in Amazon as allegedly performing the "identifying" and "embedding" steps of claims 1 and 51.  (Ex. A at 291-293, 304-305.)

10.     Dr. Weissman cites the same act of ██████████████████████████ in Amazon as allegedly performing both the "adding" and "filtering" steps of claims 9, 10, 58, and 59. (*Id.* at 301-303, 307-308.)

11.     Dr. Weissman cites the act of "dynamically generating response pages with embedded state information in hyperlinks" in *HTML and CGI Unleashed* ("Unleashed") as allegedly performing the "identifying" and "embedding" steps of claims 1 and 51.  (*Id.* at 228-232.)

12.     Dr. Weissman cites the same act of generating hyperlinks in web pages in
Unleashed as allegedly performing both the "adding" and "filtering" steps of claims 9, 10, 58,
and 59.  (*Id.* at 252-255, 260-261.)

13.     Dr. Weissman cites the act of replacing placeholders in templates with a "unique
id [that] is added to HTML templates on the fly" in *Spinning the Web* ("Spinning") as allegedly
performing the "identifying" and "embedding" steps of claims 1 and 51.  (*Id.* at 264-267.)

14.     Dr. Weissman cites the same act of replacing placeholders in Spinning as
allegedly performing both the "adding" and "filtering" steps of claims 9, 10, 58, and 59.  (*Id.* at
277-279, 285-286.)

15.     Dr. Weissman does not offer any obviousness opinions for claims 9, 10, 58, and
59.  (*Id.* at 252-256, 260-261, 277-279, 285-286, 301-301, 307-308.)

## V.     <u>LEGAL STANDARDS</u>

### A.     **Summary Judgment**

Under Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary
judgment "if the movant shows that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law."  IBM bears the burden of demonstrating the
absence of a genuine issue of material fact on its motion for summary judgment.  *See Matsushita
Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).  An assertion by IBM
that a fact cannot be disputed, or alternatively an assertion by Groupon that a fact is genuinely
disputed, must be supported, either by citing to "particular parts of materials in the record
including depositions, documents, electronically stored information, affidavits or declarations,
stipulations (including those made for purposed of the motion only), admissions, interrogatory
answers, or other materials," or by "showing that the materials cited do not establish the absence

or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

If IBM carries its burden, then Groupon must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). To defeat IBM's motion for summary judgment, Groupon must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). The "mere existence of a scintilla of evidence" is insufficient to defeat IBM's motion for summary judgment; there must be "evidence on which the jury could reasonably find" for Groupon. *Id.* at 252.

### B.    Anticipation

An issued United States patent is presumed to be valid. 35 U.S.C. § 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2245 (2011). The burden of proving invalidity is on the patent challenger, and the challenger must establish invalidity by clear and convincing evidence. *Microsoft Corp.*, 131 S. Ct. at 2245-49. The clear and convincing evidence standard is "a heavy and unshifting burden" that the patent challenger must meet. *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1580 (Fed. Cir. 1991). "Anticipation requires clear and convincing proof

5

that a single prior art reference 'not only disclose[s] all of the elements of the claim within the four corners of the document, but ... also disclose[s] those elements arranged as in the claim.'" *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1351 (Fed. Cir. 2013) (quoting *Net MoneyIN*, 545 F.3d at 1369) (modifications in original).

To defeat anticipation, "a moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party . . . failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). Anticipation "may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Encyclopaedia Britannica, Inc. v. Alpine Elecs. Of Am., Inc.*, 609 F.3d 1345, 1349 (Fed. Cir. 2010); *see also ART+COM Innovationpool GmbH v. Google Inc.*, 155 F. Supp. 3d 489, 506 (D. Del. 2016).

## VI. **ARGUMENT**

### A. **Summary Judgment Of No Invalidity In View Of Amazon Should Be Granted With Respect To All Asserted Claims Of The '601 Patent.**

Groupon contends that the 1995 Amazon website is invalidating prior art. (Ex. A at 208 (describing alleged operation of the "Amazon.com Website *as of July 1995*[1]").) According to Groupon's expert, Dr. Weissman, Amazon in 1995 performed every step of asserted independent claims 1 and 51. (*Id.* at 286-295, 304-305 (citing only to Amazon as purportedly disclosing the claimed steps).) Claims 1 and 51 of the '601 patent both require "identifying all continuations in an output from [a] service" and "recursively embedding [] state information in all identified continuations." All other asserted claims of the '601 patent depend from claim 1 or 51.

---

[1] All emphasis herein is added unless noted otherwise.

Therefore, Dr. Weissman must demonstrate that the 1995 Amazon website performed the identifying and embedding steps to show that the asserted claims are invalid.

A critical part of Dr. Weissman's analysis is his opinion that Amazon used ███████ ████████. Dr. Weissman claims that Amazon ████████████████████████ ████████████████████████████ (*Id.* at 211.) According to Dr. Weissman, Amazon performed the "identifying all continuations" element by ████████ █████████████████████████████████ and performed the "recursive embedding state information" element by ███████████████████████ ████████ (*Id.* at 291-293.) Therefore, to satisfy the "identifying all continuations" and "recursive embedding state information in all identified continuations" steps, Dr. Weissman must show that all continuations in the ████████████████████████.

As discussed in detail below, there is no evidence of the content of any Amazon ██████ ████ from 1995, including the ██████████████ that forms the basis for Dr. Weissman's opinion. Furthermore, even the 1996 versions of ████████ did not support identifying all continuation in an output or embedding state information in all identified continuations. Groupon therefore cannot show that the Amazon system performed all steps of the independent claims, and summary judgment of no invalidity in view of Amazon should be granted.

1.   **Groupon Has No Evidence That The Amazon 1995 Website Met The "Identifying" and "Recursively Embedding" Limitations Of The '601 Patent.**

Amazon produced ████████████████████████████████ █████████████████████████████████. (Ex. F at ¶ 1671.)   In his invalidity analysis, Dr. Weissman mixes and matches files from ██████ ███████████████████. (*E.g.*, Ex. A at 209 n.1 ("Below, I cite to code from ██████ ██████████████████████████ For example, to describe how ███████

were allegedly used in 1995, Dr. Weissman mixes ██████████████████ ███████████████████████████ (*Id.* at 211-212.) None of that analysis shows that ████████████ met the "identifying all continuations" and "recursively embedding" steps.

The only Amazon ███████ that Dr. Weissman cites in his analysis of the "identifying" and "embedding" steps of claims 1 and 51 is a █████████████ from 1996. (*Id.* at 292; Ex. G.) Dr. Weissman does not cite ████████ from 1995. Nor could he, as the code repositories he reviewed do not contain █████████ from 1995. (*See* Ex. A at 292; *see also* Ex. B at 402:19-403:1; 403:7-12 (testifying that ██████ "are not to be found in the repository that was collected in 1995").) Simply put, Dr. Weissman has never seen a single Amazon ██████ from 1995. (*Id.* at 413:12-16.)

Dr. Weissman's Amazon theories cannot survive without 1995 ██████, so he attempts to fill in the missing evidence by citing a 1996 ██████ and contends that nothing important changed from 1995. As purported support for his position, Dr. Weissman relies on Paul Davis, an early Amazon employee and paid consultant for Groupon, to attempt to patch the evidentiary holes. (Ex. E at 72.) But Dr. Weissman could not describe anything Mr. Davis told him about similarity between 1995 and 1996 ██████ and could only explain that Mr. Davis told him ██████ were used in both years. (Ex. B at 405:3-13.) Even after speaking to Mr. Davis, Dr. Weissman could not describe key aspects of the alleged 1995 versions of ██████, such as what the earlier ██████ looked like, how many continuations they contained, and whether every continuation was embedded with state information. (*Id.* at 468:19-470:22.)

Mr. Davis's testimony regarding the missing ██████ does not fill the gaps in the evidence. For example, Mr. Davis agrees that the content of the ██████ needs to be reviewed to determine if ██████████████████████████. (Ex. C at

141:10-142:10.) Mr. Davis confirmed that Amazon did not store ██████ in its control system in 1995. (*Id.* at 127:7-18.) And though he testified that Amazon used ██████ in 1995, Mr. Davis explained he could provide "no corroborating proof of that." (*Id.* at 127:19-128:6.) In fact, Mr. Davis has "no idea" where the alleged 1995 ██████ are today, and, as far as Mr. Davis knows, there are "no known copies of those ██████." (*Id.* at 135:24-136:2; 142:11-16.) When asked about the content of any 1995 ██████, Mr. Davis explained that it is not possible to know what the 1995 ██████ looked like. (*Id.* at 136:3-14.) For example, from his limited memory, Mr. Davis could not say which ██████████████, which Dr. Weissman contends to be embedded state information. (*Id.* at 137:20-24.)

Dr. Weissman's lack of knowledge or evidence that could show the content of the 1995 ██████ is fatal to his invalidity opinions. Dr. Weissman's opinion relies on the alleged fact that the Amazon 1995 system identified all continuations in the ██████ and embedded state information in all the identified continuations. However, given that he does not know the content of the 1995 ██████, Dr. Weissman admits that he does not know how many of the continuations were actually embedded with state information:

> Q:     I'm asking you, in the 1995 version of the ██████ that you say existed, how many of the continuations did Amazon code actually embed state information into?
>
> A:     I don't have that number in front of me. I have no – I don't know.

(Ex. B at 470:15-22; *see also id.* at 469:14-470:14.) Because Dr. Weissman does not know how many of the continuations were embedded with state information, he has no basis to opine that all of the continuations were embedded with state information. In fact, Mr. Davis explained that some links in the 1995 ██████ were ***not*** embedded with state information. (Ex. C at 138:10-13; 139:22-140:1 (explaining that ██████████████

██████████████████████████

█████████████████████████████████████████ Dr. Weissman thus cannot

prove that Amazon performed the step of "identifying all continuations in an output" and

"embedding state information in all identified continuations," and Groupon cannot prove that the

1995 Amazon website anticipates claims 1 and 51, or any of their dependent claims.

### 2.    The █████████ From 1996 Do Not Meet The "Identifying" and "Recursively Embedding" Limitations Of The '601 Patent.

Even if Dr. Weissman could rely on the 1996 versions of the Amazon █████████ for

his opinions about Amazon's website in 1995, they would not support his opinion.  The 1996

version of the █████████ that Dr. Weissman relies on does not show the step of

"identifying all continuation in an output" or "recursively embedding the state information in all

identified continuations."  Dr. Weissman admitted as much at his deposition:

> Q.    Now, fair to say, then, what we look -- what we see here in Exhibit 27
> [the 1996 █████████]², this includes at least one continuation where the
> Amazon source code does not embed state information into that continuation?
>
> A.    Yes, because this continuation is not required for the preservation of state
> for this conversation.

(Ex. B at 468:11-18.)  In fact, in Dr. Weissman's Supplemental Reply Expert Report, Dr.

Weissman lists several types of links that did not include state information.  He admits "I

searched the [1996] █████████ . . . and found that every link back to the Amazon.com

web server included █████████████ *except* for the following: █████████████

█████████████ (Ex. D at 6-7.)  Because Dr. Weissman admits that the

1996 versions of the Amazon █████████ did not perform the steps of "identifying all

continuations in an output" and "recursively embedding the state information in all identified

continuations," even the 1996 version of the Amazon website did not meet the elements of the

---

² Exhibit 27 is the 1996 Amazon █████████████, included as Exhibit G to this
motion.  (Ex. B at 460:8-18.)

independent claims of the '601 patent.  Dr. Weissman thus has no basis to opine that the *1995 version* of Amazon's website met those elements, even if nothing changed from 1995 to 1996.

### 3.    There Is No Evidence That Amazon Renders Claim 1 Or 51 Obvious.

Dr. Weissman opines that each element of claims 1 and 51 is disclosed by Amazon and indisputably does not offer any opinion that any element would be obvious if not disclosed.  (Ex. A at 286-295, 304-305; Ex. B at 410:9-19.)  Therefore, there is no evidence that any element of claims 1 and 51, from which all other asserted claims depend, is obvious from Amazon.  As a result, summary judgment of no invalidity over the Amazon website should be granted.

### B.    Summary Judgment Of No Invalidity Should Be Granted With Respect To Claims 9, 10, 58, and 59 Of The '601 Patent.

Groupon does not show that any prior art renders claims 9, 10, 58, and 59 invalid. Claims 9 and 58 recite "*filtering* one of said hyperlinks and data output from said services according to a predetermined criteria," which the Court construed as "*removing* one of said hyperlinks and data output from said services according to criteria determined prior to removing."  (D.I. 120 at 5 n.1; D.I. 64 at 25-26.)  Claims 10 and 59 recite "*adding* one of said hyperlinks and data to said output from said services according to a predetermined criteria," which the Court construed as "*inserting* one of said hyperlinks and data to said output from said services according to criteria determined prior to inserting."  (D.I. 120 at 5 n.1; D.I. 64 at 26.) Dr. Weissman's three invalidity theories rely on Amazon, Spinning, and Unleashed.  Groupon has not shown that those references meet the "filtering/removing" or "adding/inserting" steps.

In each of his invalidity theories, Dr. Weissman maps one step in each primary reference to all four of the "identifying," "embedding," "filtering," and "adding" steps of the claims.  (*See* Ex. A at 291-293 and 301-303 (mapping act of ████████████████████████ ██████ in Amazon to all four steps); 229-232 and 252-255 (mapping CGI scripts generating

hyperlinks in web pages in Unleashed to all four steps); 264-267 and 277-279 (mapping act of replacing a placeholder with a client id in Spinning to all four steps).)  Dr. Weissman cannot explain how a single action in each reference performs the step of filtering/removing content while, at the same time, performing the opposite step of adding/inserting.  Instead, Dr. Weissman tries to have it both ways, reading the same step as performing opposite filtering and adding functions.  (Ex. B at 430:10-18 ("I think a person of ordinary skill might view that mechanism [in the prior art] – could view it in both ways.").)  Furthermore, a single step performed in each reference cannot perform all of the four distinct steps in claims 9, 10, 58, and 59 because those claims require an output to be generated *before* further steps of filtering/removing from or adding/inserting to that output (*i.e.*, the output in which continuations are identified and embedded with state information).  The Court recognized that sequential relationship when it found that "[w]hile the specification describes embodiments that construe the output as a web page, other embodiments [i.e. the embodiments of claims 9, 10, 58, and 59] describe output that are *further processed or filtered* before the web page is generated."  (D.I. 120 at 11.)

At best, Dr. Weissman points to a step in each prior art reference that generates an output, but not to any further steps of adding to or filtering from such an output.  That mapping cannot meet the rigid requirements for anticipation and cannot show that each the four claimed steps are in the prior art.  *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008).  And because Dr. Weissman does not offer any obviousness opinions for claims 9, 10, 58, and 59, summary judgment of no invalidly should be granted with respect to those claims.

## VII.   CONCLUSION

IBM respectfully requests that the Court enter summary judgment for IBM that the asserted claims of the '601 patent are not invalid in view of Amazon and that none of asserted claims 9, 10, 58, and 59 is invalid in view of any prior art asserted by Groupon.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Karim Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Tel:  (212) 351-3400

By: */s/ Stephanie E. O'Byrne*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

Dated: March 5, 2018
Public Version Dated: March 12, 2018
5663291 / 43155