## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) CA. No. 16-122-LPS |
| Plaintiff, | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **PUBLIC VERSION** |
| GROUPON, INC. | ) |
| | ) |
| Defendant. | ) |

## IBM'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF JON WEISSMAN AND JAMES MALACKOWSKI CONCERNING NON-INFRINGING ALTERNATIVES

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Tel:  (212) 351-3400

Dated: March 28, 2018
PUBLIC VERSION
Dated:  April 4, 2018
5729717 / 43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    A. Groupon Offers No Explanation For Why Mr. Malackowski Neglected To Comply With The Steps Of The Cost Approach. .................................................... 1

    B. Groupon Hides Behind Unsupported Statements Regarding Its Proposed Non-Infringing Alternatives. ..................................................................................... 3

    C. If Mr. Malackowski Does Not Testify About Non-Infringing Alternatives, Dr. Weissman's Testimony Regarding Non-Infringing Alternatives Is Irrelevant. .................................................................................................................. 5

III. CONCLUSION ..................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Aqua Shield v. Inter Pool Cover Team*,
   774 F.3d 766 (Fed. Cir. 2014) .................................................................................................. 3

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
   No. 09-cv-290, 2012 WL 3686736 (W.D. Pa. Aug. 24, 2012) ................................... 2, 4, 5

*EMC Corp. v. Pure Storage, Inc.*,
   154 F. Supp. 3d 81 (D. Del. 2016) ......................................................................................... 5

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
   185 F.3d 1341 (Fed. Cir. 1999) .............................................................................................. 4

*Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*,
   215 F. Supp. 3d 314 (D. Del. 2014) ....................................................................................... 4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   No. 2:06-CV-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ......................................... 4

*Visteon Global Techs., Inc. v. Garmin Intern., Inc.*,
   903 F. Supp. 2d 521 (E.D. Mich. 2012) ................................................................................ 4

## I. INTRODUCTION

IBM moves to exclude-in-part Groupon's expert testimony because it is devoid of factual support for Groupon's experts' conclusions regarding non-infringing alternatives. Mr. Malackowski purports to apply the Cost Approach, which, he explains, requires consideration of "out-of-pocket expenditures, as well as risks, lost sales and other adverse economic impacts connected with the alternative technology." D.I. 224-1 Ex. B at 48. But neither he nor Dr. Weissman considered costs, risks, or economic impacts of the proposed non-infringing alternatives in any meaningful detail. Instead, Dr. Weissman states that the proposed alternatives would have been easy to implement and were so well-known that he did not need to test them. Those conclusory, unsupported statements do not fulfill the requirements of the Cost Approach, nor do they support Mr. Malackowski's conclusion that non-infringing alternatives "indicate[] a relatively modest value for a license" to the patents-in-suit. *Id.* at 52.

## II. ARGUMENT

Groupon contends that whether a proposed alternative is viable and non-infringing is a factual question for the jury. D.I. 243 at 10. But IBM does not seek to exclude Groupon's expert testimony based on a disagreement with the proposed alternatives. Rather, Groupon's expert testimony is unreliable because it did not appropriately apply the Cost Approach methodology and is not backed by sufficient facts or data. Instead, it rests on Dr. Weissman's untested assumptions about allegedly well-known technologies that supposedly would have been easy to implement in the accused instrumentalities as early as 2008.

### A. Groupon Offers No Explanation For Why Mr. Malackowski Neglected To Comply With The Steps Of The Cost Approach.

Groupon concedes that Mr. Malackowski purported to apply the Cost Approach, but it never explains why Mr. Malackowski did not follow the steps of the Cost Approach. D.I. 243 at

5. Groupon states that IBM offered no support for the notion that Mr. Malackowski had to provide a specific accounting (D.I. 243 at 9), citing *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-cv-290, 2012 WL 3686736 (W.D. Pa. Aug. 24, 2012). But there, the expert did not purport to apply the Cost Approach and then fail to do so. *Carnegie Mellon*, 2012 WL 3686736, at *5. Moreover, Carnegie Mellon contended that the accused infringer would have paid any price because the patented technology was essential. The Court reasoned that "price must also be of no moment to [the accused infringer] in licensing the available alternatives." *Id.* Neither IBM nor its experts have made such an argument here. And, as Mr. Malackowski admits in his report, the Cost Approach is grounded in the cost of the alternatives:

> The cost approach values assets based on the cost to create and develop the assets. The premise behind the cost approach is that no party involved in an arm's-length transaction would be willing to pay more to use the property than the cost to replace the property. ==In the context of patents, for instance, a potential licensee would not pay more to license a patent that the cost to design around the technology contributed by the patent.== An alternative to designing around the technology would be to purchase the technology. Accordingly, a potential licensee would not pay more to license the technology than it would have to pay to purchase or create the technology.[361]
>
> Under the Cost Approach, the licensee would pay no more in royalties than the cost of a non-infringing alternative. ==Properly applied, the Cost Approach considers out-of-pocket expenditures, as well as risks, lost sales and other adverse economic impacts connected with the alternative technology.==

D.I. 224-1 Ex. B at 48 (annotations added). Mr. Malackowski thus made clear that (1) he applied the Cost Approach, and (2) the Cost Approach requires an analysis of the costs and risks of the proposed alternatives. *Id.* Then he neglected to undertake that analysis. For that reason alone, his opinions on non-infringing alternatives should be excluded.

Groupon also argues that Mr. Malackowski did account for the costs and risks of his proposed alternatives. D.I. 243 at 9. But Mr. Malackowski simply cites Dr. Weissman's analysis of the technical aspects of the proposed non-infringing alternatives, which similarly lacks meaningful discussion of costs and risks, as described below. Nowhere does Mr. Malackowski's report mention costs or risks, let alone quantify them. D.I. 224-1 Ex. B at 48-52; D.I. 224-1 Ex. E at 295:11-18. And Mr. Malackowski admitted that he did not do a specific

accounting for the patents-in-suit. D.I. 224-1 Ex. E at 293:24-294:24; *see also id.* at 295:11-23. Instead, he assumed a "de minimus cost" because the alternatives "would be built in from the beginning, not ripped out and replaced." *Id.* at 293:24-294:10.[1] Mr. Malackowski thus assumed that Groupon's proposed non-infringing alternatives were already implemented in the accused instrumentalities. *See, e.g.*, D.I. 243 at 1, 3, 5, 7; D.I. 224-1 Ex. E at 293:24-294:10, 295:2-10, 296:13-19.

The problem with Mr. Malackowski's use of proposed alternatives that are allegedly already implemented in the accused instrumentalities is that Mr. Malackowski is required to assume that the accused instrumentalities are using the patented technologies. *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 771 (Fed. Cir. 2014). Contrary to Mr. Malackowski's understanding, any proposed non-infringing alternative ***would*** replace the patented technologies, not complement them. And contrary to Groupon's contention, the accused instrumentalities are not examples of the proposed non-infringing alternatives' availability and feasibility, at least because the accused instrumentalities also implement the solutions of the patents-in-suit. Mr. Malackowski has no evidence—from his analysis or Dr. Weissman's—that there would be no risks or costs of implementing the proposed alternatives *in lieu of* the patented technologies.[2]

### B. Groupon Hides Behind Unsupported Statements Regarding Its Proposed Non-Infringing Alternatives.

Groupon's experts provide no evidence that Groupon had the materials, equipment, or know-how and experience in 2008 to implement the proposed non-infringing alternatives. *Grain*

---

[1] Groupon does not dispute that its experts did not identify any website, other than Groupon's, that implements the proposed non-infringing alternatives during the time of infringement. D.I. 243 at 7; *see also* D.I. 224-1 Ex. E at 296:13-19; D.I. 224-1 Ex. C at 293:17-23.

[2] Mr. Malackowski cited Dr. Weissman's report, the patents-in-suit, Groupon's interrogatory responses, and Groupon's Answer in his non-infringing alternatives discussion. D.I. 224-1 Ex. B at 48-52. None of those sources analyze the costs or risks of the proposed alternatives.

3

*Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1354 (Fed. Cir. 1999).[3] Groupon's only support for any alleged non-infringing alternatives consists of Dr. Weissman's conclusory and unsupported statements. For example, Dr. Weissman states, "I don't see that as a particularly challenging long-term change." D.I. 224-1 Ex. C at 282:2-7. He does not quantify the risks associated with his proposed alternatives, but he nevertheless concludes, "I think they're minimal." *Id.* at 282:8-15; *see also id.* at 290:8-14. Groupon claims that Dr. Weissman explained that his proposed alternatives would have "little to no effect" on users, are "simpler" than the patented inventions, and would "have a positive effect" on user experience (D.I. 243 at 7), but he never explains why his alternatives would have little effect, how they are simpler, or how he knows an alternative would have a positive effect when he has not even tested it.

Groupon argues that courts allow experts to testify in areas of their expertise when assessing non-infringing alternatives, citing *Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*, 215 F. Supp. 3d 314 (D. Del. 2014), and *Carnegie Mellon*, 2012 WL 3686738. D.I. 243 at 7. But the experts in those cases conducted in-depth analyses of non-infringing alternatives and identified alternatives on the market. In *Intellectual Ventures*, the technical expert's opinion regarding the proposed alternative—moving servers out of the U.S. to avoid infringement—was supported by "factual representations," such as the presence of an offshore server at the time of the lawsuit and infringement. 215 F. Supp. 3d at 328-29. Employee testimony supported the viability of the proposed alternative at the time of infringement. *Id.* at 329. Here, Dr. Weissman's conclusions lack such support. Further, testimony from Groupon's

---

[3] Although *Grain Processing* is a lost profits case and does not directly address non-infringing alternatives in the context of reasonable royalty damages, it provides guidance on how to determine whether a proposed non-infringing alternative was available to the accused infringer during the relevant time. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *2-3 (E.D. Tex. Jan. 20, 2011); *Visteon Global Techs., Inc. v. Garmin Intern., Inc.*, 903 F. Supp. 2d 521, 528-29 (E.D. Mich. 2012).

4

employees establishes that the proposed alternatives would have required re-engineering. D.I. 224-1 Ex. F at 187:11-24, 188:11-23. In *Carnegie Mellon*, the technical expert identified third party detectors as non-infringing alternatives and "outline[d] multiple ways to achieve the effect" of the patents-in-suit. 2012 WL 3686738, at *2, 4. Groupon's experts do neither.

Groupon also cites *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81 (D. Del. 2016) for the proposition that Mr. Malackowski should be permitted to rely on Dr. Weissman and Groupon's engineers. IBM does not dispute that Mr. Malackowski can rely on the technical expert or Groupon's employees. But in *EMC*, the damages expert relied on and cited concrete factual assertions, such as sworn testimony and conversations with the accused infringer's chief product architect, and cited the accused infringer's ongoing development of an alternative. *EMC*, 154 F. Supp. 3d at 115-16. In contrast, Mr. Malackowski did not even speak with Groupon's engineers until after he formed his opinion. Ex. G at 64:15-65:11.

### C. If Mr. Malackowski Does Not Testify About Non-Infringing Alternatives, Dr. Weissman's Testimony Regarding Non-Infringing Alternatives Is Irrelevant.

Groupon's sole reason for contending that Dr. Weissman's testimony would remain relevant absent Mr. Malackowski's testimony is that Dr. Weissman discusses the benefits of the patents-in-suit as part of his non-infringing alternatives analysis. D.I. 243 at 8. But Dr. Weissman has a separate report section dedicated to benefits, which IBM does not seek to exclude. Therefore, should the Court exclude Mr. Malackowski's testimony regarding non-infringing alternatives, it should also exclude Dr. Weissman's testimony on non-infringing alternatives.

### III. CONCLUSION

IBM respectfully requests that the Court grant its motion to exclude the testimony of Groupon's experts concerning non-infringing alternatives.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: March 28, 2018
PUBLIC VERSION
Dated: April 4, 2018
5729717 / 43155

By: */s/ Bindu A. Palapura*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*