IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>           Plaintiff,<br><br>v.<br><br>GROUPON, INC.<br><br>           Defendant. | )<br>)<br>) CA. No. 16-122-LPS<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) **PUBLIC VERSION**<br>)<br>)<br>)<br>) |

**IBM'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY OF THE ASSERTED CLAIMS OF
U.S. PATENT NO. 5,961,601 IN VIEW OF AMAZON AND
NO INVALIDITY OF CLAIMS 9, 10, 58, AND 59 OF U.S. PATENT NO. 5,961,601**

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: March 28, 2018
PUBLIC VERSION
Dated: April 4, 2018
5730894 / 43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff
International Business Machines Corporation*

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................... 1

    A. Groupon Cannot Show The Contents Of 1995 Amazon ███████ ............... 1

    B. Groupon Ignores Unembedded Continuations In Amazon's 1996 ███████ ..................................................................................................... 3

    C. Groupon Cannot Re-write Dr. Weissman's Opinions For Claims 9, 10, 58, And 59 To Fix Inconsistencies. .......................................................................... 5

III. CONCLUSION ................................................................................................................. 5

I.  **INTRODUCTION**

Groupon fails to show the contents of 1995 Amazon ▓▓▓▓▓, which are critical to Groupon's invalidity case. Instead, Groupon focuses on general assertions about similarities between Amazon in 1995 and in 1996, but there remains no evidence of the key ▓▓▓▓▓ content from which a reasonable jury could find invalidity. For claims 9, 10, 58, and 59, Groupon argues that one program can perform multiple steps but does not reconcile its expert's mapping of one *single action* within a program to four different steps. Summary judgment should be granted.

II. **ARGUMENT**

A.  **Groupon Cannot Show The Contents Of 1995 Amazon ▓▓▓▓▓.**

Groupon fails to fill the gap in its invalidity case—evidence of the *contents* of 1995 Amazon ▓▓▓▓▓ that are central to Dr. Weissman's analysis. Instead, Groupon claims, without support, that Amazon pre-dates the '601 patent, tracked session information, embedded information in links, and used ▓▓▓▓▓. (D.I. 247 at 4-5.) Even if true, however, none of those purported facts gets to the heart of the issue. If Amazon did ▓▓▓▓▓ and did embed session IDs in 1995, Groupon and Dr. Weissman cannot prove that Amazon "identif[ied] all continuations" and "embedded state information in all identified continuations" in 1995 ▓▓▓▓▓ because there is no evidence showing what continuations those ▓▓▓▓▓ contained or which continuations had ▓▓▓▓▓ that allegedly caused them to be identified and embedded with state information.

IBM's opening brief showed that "there is no evidence of the *content of any Amazon* ▓▓▓▓▓ *from 1995*,[1] including ▓▓▓▓▓ on which Dr. Weissman relies. (D.I. 209 at 7.) Groupon fails to address Dr. Weissman's inability to provide evidence of the

---

[1] All emphasis herein is added unless noted otherwise.

content of those files and instead downplays the importance of the 1995 ███████. Groupon goes so far as to claim that "[t]he 1995 ███ are not necessary for an invalidity analysis in this case," (D.I. 247 at 5), but Groupon cannot claim that the 1995 ███ are anything less than critical to Dr. Weissman's analysis.  Dr. Weissman repeatedly relied on ████████ ████████████████████████ for his opinions regarding the claimed "identifying" and "embedding" steps. (Ex. A² at 211-212, 291-293; Ex. B at 402:14-403:1 404:3-405:13.)

Instead of producing evidence that could show the contents of the critical Amazon ███ ██, Groupon leans heavily on general statements from Paul Davis that Amazon's 1995 ███ would have been "significantly similar" to 1996 ██████. (*See* D.I. 247 at 4; Ex. C at 127:22-128:6.) Groupon sidesteps Mr. Davis's acknowledgement that he could not provide "corroborating proof" of that assertion, (D.I. 247 at 6), but does not explain Mr. Davis's inability to provide any details to substantiate a claim that the 1995 ████ were "significantly similar." (*E.g.*, Ex. H³ at 129:11-130:24; 131:12-18; 133:10-134:4.) Mr. Davis could not say ████████████ ████████████████████ and did not think it would even be possible to know the contents of the 1995 ██████. (*Id.* at 136:3-14, 137:20-24.) And to the extent Mr. Davis recalled the contents of the 1995 ██████ Mr. Davis testified affirmatively that *some links did not have state ID in them*. (*Id.* at 139:22-140:7.) Instead of addressing the gaps in Mr. Davis's testimony, Dr. Weissman confirmed that he too could not describe the contents of the 1995 ██████ or any continuations they may have contained. (Ex. B at 405:3-13, 468:19-470:22.) IBM pointed these gaps out in its opening brief (D.I. 209 at 9-10); Groupon's opposition does not address them.

---

² Exhibits A-G are exhibits to the Declaration of Brian D. Matty filed on March 5, 2018.
³ Exhibits H-I are exhibits to the Declaration of Brian D. Matty filed herewith.

Without any substantive proof of the contents of 1995 Amazon ███, Groupon resorts to Mr. Davis's representations of "how Amazon's state management worked" between 1995 and 1996, (D.I. 247 at 5; Ex. H at 133:10-134:4), but again, that argument misses the point. The gap in the evidence is not whether state information was managed by Amazon, or even how a session ID was received in a request and included in subsequent responses. The gaps in the evidence are ████████████████████████████████████████████████████████████████████████. Dr. Weissman's explanation of Amazon's ████████████████████████████████████████████████████████████████, (D.I. 247 at 6), does not address that issue. Even if ████████████████████, Groupon cannot show that ████████████████████████████████████████ that could have caused them to be identified and embedded. Absent that evidence, Groupon cannot show that Amazon 1995 met the "identifying" or "embedding" steps of the claims, and summary judgment is warranted.

**B.     Groupon Ignores Unembedded Continuations In Amazon's 1996 ███.**

Groupon downplays evidence that some continuations in Amazon's 1996 ███ were not embedded with state information, and their explanations are unavailing. Groupon argues that Dr. Weissman did not actually admit that *continuations* in Amazon's 1996 ███ were not embedded (D.I. 247 at 8), but the record shows otherwise. Groupon stresses that Dr. Weissman used the word "link" in his report and deposition, claiming that some "links" are not "continuations." (D.I. 247 at 7-8.) That is inconsistent with Groupon's repeated representations to the Court that links and continuations are one and the same. (*E.g.*, D.I. 227 at 21 ("continuations (i.e., hyperlinks)").) In any event, the record shows that Dr. Weissman was indeed discussing "continuations." Dr. Weissman did not refer generically to "links" that lack state information. Instead, he explained that he "found that *every link back to the Amazon.com web server* included

3

the session id placeholder *except for the following*: [listing the three types]." (*See* Ex. D ¶ 22.) Thus, he is not just opining on "links" in general, but rather addressing what he characterizes as links that direct requests back to Amazon's server—*i.e.*, continuations. Moreover, when explicitly asked about *"continuations"* in 1996 ███████, Dr. Weissman confirmed that not all *continuations* were embedded. (D.I. 209 at 10; Ex. B at 468:11-18.) Groupon's opposition offers no response to that unequivocal testimony.

Dr. Weissman noted three categories of links that he admits were not identified or embedded with state information even in 1996 Amazon ███████, and Groupon's arguments regarding those links highlight the missing evidence from 1995. Groupon argues that some links ███████████████████████ and that those links are not "continuations" that need to be embedded with state information. (D.I. 247 at 8-9.) But even that explanation does not address all of the stateless continuations Dr. Weissman noted, including ████████████████ ████████ (*See* Ex. D ¶ 22.) Dr. Weissman and Groupon claim that those stateless links do not matter because █████████████████████████████████████ █████████████████████████████ (*See* D.I. 247 at 10; Ex. D ¶ 22.) That assertion cannot be reconciled with Groupon's repeated reliance on Mr. Davis's bald claims that the 1996 Amazon website was "significantly similar" and "perfectly illustrative" of the website in 1995.[4] (*See* D.I. 247 at 5.) On one hand, Groupon and Dr. Weissman purport to fill key gaps in the evidence by relying on 1996 evidence as perfectly representative of the Amazon website in 1995. But on the other hand, when faced with stateless continuations on the 1996

---

[4] Additional evidence further undermines these claims and affirmatively shows changes. For example, ████████████████████████████████████████████████████████████ ██████████████████████████████████████████. (Ex. A at 211-212.)

4

website that contradict Dr. Weissman's analysis, Groupon claims that ███████████ ███████████████████████████████████████████ (Ex. I at 415:25-417:9.)

### C. Groupon Cannot Re-write Dr. Weissman's Opinions For Claims 9, 10, 58, And 59 To Fix Inconsistencies.

Groupon paints Dr. Weissman's opinions as permissibly mapping the same *programs* in prior art references to four different steps in the claims. (D.I. 247 at 12-13.) The issue is not that Dr. Weissman relies on a single *program* in prior art code, but rather, as IBM explained, that Dr. Weissman maps a *single action* within those programs to four different actions in the claims. (D.I. 209 at 11-12.) Groupon provides no response to that issue.

Instead of explaining how Dr. Weissman's mapping holds up, Groupon re-casts his opinions to appear more complex. Addressing Unleashed, Groupon cites to conditional statements that, as IBM explained, at best generate an output rather than adding or filtering anything from such an output. (*See* D.I. 209 at 12.) Groupon then references the "split" method in the Unleashed "menu" program, (D.I. 247 at 13), but that method has nothing to do with identifying, embedding, adding, or filtering, and Dr. Weissman never said otherwise. Dr. Weissman cited the split method to show how it "retrieves a session ID from the PATH_INFO variable generated from the current URL." (D.I. 247 at 13.) That has nothing to do with what happens to the retrieved variables (*e.g.*, how the variables are subsequently maintained), and Dr. Weissman did not offer any opinion that maps the "split" action to identifying, embedding, filtering, or adding. Worse yet, for Groupon's other two references (Amazon and Spinning), which are different systems and different code that operates in different ways, Groupon does not even attempt to reconcile Dr. Weissman's opinions. (*Cf.* D.I. 247 at 13.)

### III. <u>CONCLUSION</u>

IBM respectfully requests that the Court grant summary judgment for IBM.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br>POTTER ANDERSON & CORROON LLP |
| John M. Desmarais<br>Karim Z. Oussayef<br>Laurie Stempler<br>Robert C. Harrits<br>Brian D. Matty<br>Michael Matulewicz-Crowley<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 351-3400 | By: /s/ Bindu A. Palapura<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Stephanie E. O'Byrne (#4446)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    sobyrne@potteranderson.com |
| Dated: March 28, 2018<br>PUBLIC VERSION<br>Dated: April 4, 2018<br>5730894 / 43155 | *Attorneys for Plaintiff*<br>*International Business Machines Corporation* |