IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> GROUPON, INC. <br><br> Defendant. | ) <br> ) <br> ) CA. No. 16-122-LPS <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) **PUBLIC VERSION** <br> ) <br> ) <br> ) |

## PLAINTIFF IBM'S REPLY BRIEF IN SUPPORT OF IBM'S MOTION FOR SUMMARY JUDGMENT OF NO AFFIRMATIVE DEFENSES OF LICENSE, EXHAUSTION, FIRST SALE, ESTOPPEL, COVENANT NOT TO SUE, AND RELEASE

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: March 28, 2018
PUBLIC VERSION
Dated: April 4, 2018
5733392 / 43155

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

# **TABLE OF CONTENTS**

**Pages**

I. ARGUMENT ...................................................................................................................1

    A. Groupon Should Be Precluded From Relying On Undisclosed Theories Concerning The '967, '849, And '601 Patents. ......................................................1

    B. Summary Judgment Of Groupon's Affirmative Defenses Should Be Granted. ..................................................................................................................2

        1. Groupon Has No Support For Its License Defense. ...................................2

        2. Groupon Has No Support For Its Patent Exhaustion Defense ....................4

        3. Groupon Has No Theories Of Estoppel, Covenant Not to Sue, or Release ........................................................................................................5

II. CONCLUSION ................................................................................................................5

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Helferich Patent Licensing, LLC v. New York Times Co.*,
    778 F.3d 1293 (Fed. Cir. 2015) ...........................................................................................4, 5

*Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*,
    215 F. Supp. 3d 314 (D. Del. 2014) ..............................................................................................5

*Jacobs v. Nintendo of Am., Inc.*,
    370 F.3d 1097 (Fed. Cir. 2004) ....................................................................................................3

*LifeScan Scotland, Ltd v. Shasta Techs, LLC*,
    734 F.3d 1361 (Fed. Cir. 2013) ....................................................................................................4

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008) .....................................................................................................................4

*Thorn EMI N.Am., Inc. v. Intel Corp.*,
    936 F. Supp. 1186 (D. Del. 1996) ................................................................................................2

I. **ARGUMENT**

Groupon argues that the Court should deny IBM's motion based on the decision in the *Priceline* case. (D.I. 250 at 4.) That comparison ignores the record here, where (1) Groupon did not disclose theories of license or exhaustion for the '967, '849, or '601 patents, (2) there is no evidence that the allegedly licensed articles have no noninfringing uses or substantially embody any asserted claim, and (3) the accused products are different. Furthermore, the parties have had the opportunity to brief the issue in greater detail here than in the *Priceline* case, where numerous affirmative defenses, including license and exhaustion, were addressed in the same brief. And the Court has the opportunity to at least narrow the issues in dispute by ruling on defenses pertaining to specific patents. Groupon's affirmative defenses should be evaluated on their own merits—not on those of the *Priceline* case.

A. **Groupon Should Be Precluded From Relying On Undisclosed Theories Concerning The '967, '849, And '601 Patents.**

Groupon's interrogatory responses provided no bases for defenses using the ▇▇▇ and ▇▇▇[1] licenses. D.I. 213, Ex. 1 at 16. In fact, until Groupon filed its opposition brief, Groupon had never cited any provision in the ▇▇▇ or ▇▇▇ licenses and had never identified any patent that they allegedly applied to. And Groupon's reference to the ▇▇▇ license was specific to the '346 patent, not the '967 and '849 patents. *Id.* at 19.

In recognition of its failure to disclose theories relevant to the '967 and '849 patents, Groupon tries to shift blame to IBM. Groupon asserts, "IBM did not raise any issue with Groupon's supplemental interrogatory responses or complain that it had insufficient notice of the basis of Groupon's defenses." (D.I. 250 at 5.) Not true. IBM wrote to Groupon to raise concerns about those very issues:

---

[1] Groupon cited a license with ▇▇▇, not ▇▇▇. D.I. 213, Ex. 1, at 16.

> Interrogatory Nos. 8 and 12: . . . Groupon mentions IBM's prior agreements with ▮▮▮▮▮▮▮▮▮▮ without (1) citing to the specific agreements or any provisions of those agreements, (2) identifying the specific patents to which those licenses are supposedly relevant, or (3) identifying products allegedly licensed under those agreements. Groupon also does not identify any combinations of its own products with the allegedly licensed products. . . . If Groupon is intending to pursue any of these defenses, *please supplement your responses immediately to explain the bases for those defenses.* (Oussayef Declaration, Ex 1 at 1.)

Groupon ignored IBM's request to disclose the specific bases for its theories during fact discovery. Thus, Groupon should be precluded from asserting those defenses in the middle of summary judgment briefing.

Groupon relies on *Thorn EMI N.Am., Inc. v. Intel Corp.* to argue that its interrogatory responses provided sufficient notice. (D.I. 250 at 5-6 (*citing* 936 F. Supp. 1186, 1191 (D. Del. 1996))). But *Thorn* "observes that [a party] cannot satisfy its disclosure obligation merely by pointing to discovery responses in which it contended generically" that its claim was true. *Id.* at 1192. Groupon did exactly what *Thorn* prohibits: generically contending that there was a license defense by pointing to the words ▮▮▮ and ▮▮▮ and then later contending that such words adequately disclosed how specific ▮▮▮, ▮▮▮, and ▮▮▮ products interact with specific Groupon products to affect infringement of the '967 and '849 patents—patents that Groupon never referenced. Thus, summary judgment of no license or exhaustion defense is appropriate for the '967 and '849 patents. Summary judgment is also appropriate for the '601 patent, which went unmentioned in Groupon's interrogatory responses or briefing.

**B.     Summary Judgment Of Groupon's Affirmative Defenses Should Be Granted.**

**1.     Groupon Has No Support For Its License Defense.**

Groupon does not dispute that it has no defense based on actual license. With respect to implied license, Groupon asserts that even if the licensed product has non-infringing uses, there may be an implied license "if the patent holder authorized the product's infringing uses." (D.I.

2

250 at 5 (citing *Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1100 (Fed. Cir. 2004))). The case that Groupon cites for that proposition is inapposite. In *Jacobs*, the plaintiff had entered a settlement agreement with Analog, a manufacture of accelerometers for use in control boxes (*i.e.*, video game controllers) to detect tilting. 370 F.3d at 1098. The settlement agreement granted Analog a patent license with "the right to make, use, sell . . . components, including . . . accelerometers, for use in tilt-sensitive control boxes." *Id.* at 1098-99. The plaintiff sued Analog's customer for using accelerometers in tilt-sensitive control boxes. *Id.* at 1099. The Court found that the "noninfringing use" doctrine applies **"absent an express agreement between the parties"** to permit a specific activity. *Id.* at 1100. Because there was an express agreement that allowed Analog to sell a specific product—accelerometers—for use in a specific environment—tilt-sensitive control boxes—Analog's customer had an implied license to use the product in tilt-sensitive control boxes. *Id.*

Here, unlike *Jacobs*, there is no express agreement permitting ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ to combine the allegedly authorized articles with websites or mobile applications in a way that would infringe the patents-in-suit. The licenses do not mention the browsers, operating systems, and APIs that form the basis for Groupon's defense. And the licenses do not mention any websites or mobile applications. In fact, the agreements explicitly exclude combinations with other components, contrary to Groupon's assertions there are no restriction on use. D.I. 253, Ex. 1 at 8 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 2 at 12-13 ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬ Ex. 3 at 6 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

███████; Ex. 4 at 5 ███████.[2] Groupon cannot demonstrate an "express license" to use ███████████████ components in Groupon's website and mobile applications. Thus, summary judgment is appropriate for the license and implied license defenses.

### 2. Groupon Has No Support For Its Patent Exhaustion Defense.

Groupon does not dispute that an article substantially embodies a patent only if it has "no reasonable noninfringing use and include[s] *all the inventive aspects* of the patented methods." *Helferich Patent Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1308-09 (Fed. Cir. 2015). For example, in the *Quanta Computer, Inc. v. LG Elecs., Inc.* case, the article "embod[ied] the essential features of the . . . Patents because they carr[ied] out *all the inventive processes* . . . ." 553 U.S. 617, 634 (2008). And in the *LifeScan Scotland, Ltd v. Shasta Techs, LLC* case that Groupon cites, the article in question "alone" performed the "*key inventive steps* of the claimed method . . . ." 734 F.3d 1361, 1370. Groupon cannot show that the same is true here.

With respect to the '346 patent, Groupon makes much of the fact that ███ and ███ APIs are involved when Groupon infringes. But mere involvement is not sufficient; Groupon must show that the ███ and ███ APIs include *all* of the inventive aspects of the '346 patent. There is no evidence that the APIs perform *any* step of independent claim 1. For example, there is no evidence that any APIs perform the step of "creating a user account for that user at the second system," which is a key inventive aspect of the '346 patent. (*See* D.I. 1, Exhibit D, at 30:48-31:5 (explaining the on-the-fly account creation at the second system is a point of novelty)). And Groupon does not dispute that its expert has no opinion that ███ or ███ APIs perform any step of claim 1 of the '346 patent. (D.I. 212 at 2, 5 (*citing* Ex. 2 at 302:24-303:18)). Thus, no

---

[2] Groupon argues that the limitations do not apply to the "covenant not to sue" portions of the agreements, D.I. 250 at n.3, n.5, but the quoted portions of the licenses cited in Section I.B.2 clearly refer to "convents not to sue" and "immunities."

witness can testify about exhaustion. Summary judgment of no exhaustion with respect to the '346 patent is therefore appropriate. *Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*, 215 F. Supp. 3d 314, 339–40 (D. Del. 2014) ("The Court will also grant summary judgment . . . because [the defendant] fails to point to any evidence in support of how [the article] satisfies the elements of the . . . patent.).

With respect to the '967 and '849 patents, Groupon relies on the ▇▇▇▇▇▇▇ ▇▇▇ browsers and operating systems. But there are infinite noninfringing possibilities for how to use browsers and operating systems. A browser can visit any webpage on the internet. An operating system can run millions of mobile apps. Any given webpage or mobile app may or may not contain the claimed applications, objects, portions, partitions, advertising, or command functions. Groupon (not the licensed parties) decides to structure its particular website and particular mobile applications such that they infringe the patents-in-suit. (*See generally* D.I. 248 at 2-3.) Groupon cannot show that the ▇▇▇▇▇▇▇▇▇▇▇ browsers or operating systems lack noninfringing uses, much less that they embody the inventive aspects of the patents-in-suit.[3] Summary judgment of no exhaustion with respect to the '967 and '849 patents is therefore appropriate. *See Helferich Patent Licensing*, 778 F.3d at 1309-10.

### 3. Groupon Has No Theories Of Estoppel, Covenant Not to Sue, or Release

Summary judgement of no estoppel, covenant not to sue, or release should be granted because Groupon does not raise any such defenses distinct from license or exhaustion.

## II. CONCLUSION

IBM respectfully requests that the Court grant IBM's motion for summary judgment.

---

[3] Groupon's argument the browsers and operating systems perform the "storing" step, D.I. 250 at 10, is incorrect for the reason discussed in IBM's Brief In Opposition To Groupon's Motion For Summary Judgment. D.I. 248 at 11-12.

5

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br>POTTER ANDERSON & CORROON LLP |
| John M. Desmarais<br>Karim Z. Oussayef<br>Laurie Stempler<br>Robert C. Harrits<br>Brian D. Matty<br>Michael Matulewicz-Crowley<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 351-3400<br><br>Dated: March 28, 2018<br>PUBLIC VERSION<br>Dated: April 4, 2018<br>5733392 / 43155 | By: */s/ Bindu A. Palapura*<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Stephanie E. O'Byrne (#4446)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br>    sobyrne@potteranderson.com<br><br>*Attorneys for Plaintiff*<br>*International Business Machines Corporation* |