# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>GROUPON, INC.<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   C.A No. 16-cv-00122-LPS<br><br>**JURY TRIAL DEMANDED** |

## JOINT [PROPOSED] VOIR DIRE

The parties request that the Court ask the following questions of prospective jurors.[1] The parties also submit a proposed written juror questionnaire to be provided to prospective jurors. To the extent proposed questions below overlap with that written questionnaire, they are included here only if necessary in the event follow-up is needed to the prospective jurors' questionnaire responses.

1. *Judge will give a brief description of the case from the parties' agreed-upon Nature of the Case section of their proposed pretrial order.*

    a. Are you familiar with this case or have you heard or read anything about it?

    b. Do you have an opinion about it?

2. *Judge will ask counsel to introduce themselves.*

    a. Are you related to, or personally acquainted with, any of those attorneys?

---

[1] These questions assume the parties and Court will already have received Name, Residence, and Employment Information.

    b. Have you ever been represented by any of those attorneys or other members of those law firms?

    c. Have you or a relative had any business dealings with any of the attorneys or their law firms?

  3. The parties in this case are International Business Machines Corporation (IBM) and Groupon, Inc. (Groupon). Do you know any of the parties or any of the following:

    a. [IBM Proposes: Akamai Technologies]²

    b. Prodigy Services Company

    c. Trintex

  4. Have you or a family member ever worked for any of these companies or organizations?

  5. *If follow-up to questionnaire response is needed:* Do you or a family member own any stocks or bonds in any of those companies or organizations?

  6. Do you know any officer, director, or employee of any of those companies?

  7. *If follow-up to questionnaire response is needed*: Have you or a member of your immediate family had any business dealings with any of the companies or organizations?

---

² **Groupon's Position**: Unlike the other listed entities, Akamai is not a party, is not associated with a party, and is not associated with any of the patents at issue in this case. It is thus inefficient and confusing to reference it here. The longer this list of entities, the less likely it is that jurors can thoroughly contemplate and respond to the related questions that follow. The importance of accurate responses with respect to the parties and associated entities outweighs any purported need to reference Akamai here. **IBM's Position:** Akamai is a present-day company whose business is directly relevant to the issue of infringement in this case. Moreover, including one additional company in Question 3 is unlikely to confuse jurors, particularly when there a maximum of only 5 potential follow-up questions related to the companies that they know.

8. Have you, a family member, or anyone close to you had any experience with the products of any of those companies or otherwise have any strong feelings, positive or negative, toward any of these companies or organizations?

9. *If follow-up to questionnaire response is needed*: Have you, a close friend, or a family member ever had education, been employed, trained, or had any experience in the law, finance, or accounting?

10. I will now read a list of individuals who might appear as witnesses in this case:

> Douglas Schmidt
> Jerry Hausman
> Jon Weissman
> James Malackowski
> Thomas McBride
> Robert Filepp
> Heather Hinton
> Arun Iyengar
> Michele Michele Baumgartner-Bonanno
> Brian Turner
> Phil Dunham
> Jim Breen
> Jason Carlisle
> Paul Davis
> Jan Krems
> Aileen Sandridge
> Damien Schmitz
> Varun Sood

Do you know any of those individuals that might appear as witnesses in this case?

11. *If follow-up to questionnaire response is needed*: Have you, a close friend, or a family member ever been educated, employed, trained, or had any experience in any of the following areas?

    a. Computer programing or network infrastructure

    b. Website coding or design

3

        c.      Mobile application coding or design

12.      Have you, a relative or close friend had any experience with patents, patent law, patented technology, trade secrets or the United States Patent and Trademark Office?

13.      Do you or does your employer rely on patented technology or trade secret information as part of its business?

14.      Have you ever been involved in the development of a new product or process?

15.      *If follow-up to questionnaire response is needed*: Do you have any strong feelings, one way or the other, about patents, the patent system, or the enforcement of patents?

16.      [IBM Proposes: Are you opposed to a company paying a damage award if it infringes a patent?][3]

17.      Do you have an opinion about whether software or online processes should be patented?

18.      Do you regularly use a computer at home or work?

19.      Do you regularly use applications on your mobile device?

20.      Do you regularly shop online?

21.      Have you or to your knowledge someone close to you made a purchase from groupon.com or through a Groupon mobile application?

22.      *If follow-up to questionnaire response is needed*: Have you ever served as a juror before? If yes:

---

[3] **Groupon's Position**: Responses to this question will already be captured with the preceding question 15. The proposed language is also ambiguous, for example, as to what is a "damage award" and the context in which such a company would be paying. Accordingly, in the interest of efficiency and clarity, Groupon objects to this question. **IBM's Position:** IBM disagrees that proposed Question 16 is subsumed within Question 15 as they are directed to two separate issues: the patent system in general (Question 15) and the consequences of infringing a patent (Question 16). IBM also disagrees that the language in Question 16 is ambiguous.

      a. When?

      b. What type of case?

      c. Did you reach a verdict?

      d. Were you ever the foreperson?

23. *If follow-up to questionnaire response is needed*: Have you or any close family member ever been a plaintiff, a defendant, or a witness in a legal proceeding? What type of case? Are you satisfied with the way the case was handled?

24. Have you ever given testimony in a civil lawsuit or have you ever testified in a deposition, courtroom, or hearing? What were the circumstances?

25. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as given to you in my instructions in reaching your verdict and disregard any other ideas, notions, or beliefs about the law that you may have?

26. Do you have any special disability or problem that would make it difficult or impossible for you to serve as a member of the jury?

27. On most days, jurors will be expected to sit from 9:00 in the morning until 4:30 in the evening. There will be a one-hour lunch break and at least a 15 minute break in the morning and afternoon. The trial is expected to last 8 days. Does this schedule present a particular problem for any of you?

28. Do you know of any other matter which you believe should be called to the court's attention or which you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law? This is the time for you to give

us any additional information which you think may bear on your ability to serve as a juror and to fairly and impartially weight the evidence.

| POTTER ANDERSON & CORROON LLP | ASHBY & GEDDES |
|---|---|
| By: */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com | By: */s/ John G. Day*<br>John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Tel: (302) 654-1888<br>jday@ashby-geddes.com<br>amayo@ashby-geddes.com |
| OF COUNSEL: | OF COUNSEL: |
| John M. Desmarais<br>Karim Z. Oussayef<br>Laurie Stempler<br>Robert C. Harrits<br>Brian D. Matty<br>Michael Matulewicz-Crowley<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 351-3400 | J. David Hadden<br>Saina S. Shamilov<br>Phillip J. Haack<br>Adam M. Lewin<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Tel: (415) 875-2300<br><br>*Attorneys for Defendant Groupon, Inc.* |
| *Attorneys for Plaintiff International Business Machines Corporation* | |

Dated: June 13, 2018
5842401/43155