IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC.<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: C.A. No. 16-122-LPS<br>:<br>:<br>:<br>: |

## **MEMORANDUM ORDER**

At Wilmington this **15th** day of **June, 2018**, having reviewed the proposed pretrial order and exhibits to it (D.I. 305) ("PTO"),[1] **IT IS HEREBY ORDERED** that:

1. Plaintiff International Business Machines Corporation's ("IBM" or "Plaintiff") motion in limine ("MIL") No. 1, to exclude any reference, argument, evidence, or testimony concerning the workload or disparagement of the PTO, is GRANTED IN PART and DENIED IN PART. As Defendant Groupon, Inc. ("Groupon" or "Defendant") agrees (*see* Def. Resp. at 1), neither party will be permitted to disparage the PTO.[2] The parties may, however, present evidence and argument consistent with what the jury will learn from the Federal Judicial Center

---

[1] The pretrial conference ("PTC") is scheduled for June 18 and a jury trial will begin on July 16. Still pending before the Court are the parties' motions for summary judgment. Nothing in this Memorandum Order should be taken as a ruling (or even an indication of how the Court will rule) on any summary judgment motion.

[2] It follows that IBM will also not be permitted to elicit disparaging comments about the PTO from Groupon's witnesses, notwithstanding IBM's evident belief that such disparagement is relevant to assessing the credibility of such witnesses. (*See* Pl. Reply at 1 n.1; *see also* Def. Resp. at 1 n.1)

1

video (e.g., "Examiners have a lot of work to do, and no process is perfect."): for example, the PTO has a heavy workload and all institutions make mistakes. Neither party, however, may present evidence or argument to the effect that the PTO and/or individual examiners have an incentive (financial or otherwise) to issue patents. The evidence and argument the Court is permitting is probative of the validity of the patents-in-suit, which is a subject of the forthcoming trial, and that probative value is not substantially outweighed by unfair prejudice or any other concern of Federal Rule of Evidence 403.

2. IBM's MIL #2, to preclude reference, argument, evidence, or testimony concerning IBM's allegedly declining revenue or profits, is DENIED. IBM evidently intends to introduce itself to the jury, including presenting evidence as to its "current profits or revenue" (Pl. Reply at 1 n.7), history of innovation, investment in research and development, and patent portfolio. Evidence of IBM's purportedly declining revenues is probative to place IBM's "background" evidence in context. Issues relating to IBM's licensing and enforcement of its patent portfolio may also be pertinent to non-obviousness and damages. None of the concerns of Rule 403 – including unfair prejudice and risk of jury confusion – substantially outweigh the probative value.

3. IBM's MIL #3, to preclude Groupon from offering evidence or argument relating to opinions or advice of counsel regarding Groupon's defenses prior to this lawsuit, and Groupon's MIL #1, to preclude IBM from presenting reference, evidence, argument and testimony regarding the substance of the parties' pre-suit exchanges and failure to obtain advice of counsel, are both GRANTED. IBM filed this lawsuit on March 2, 2016. Prior to the lawsuit, the parties entered into a Confidential Disclosure Agreement ("Agreement"), providing (among

other things) that IBM "ha[s] not demanded, nor do[es] [it] expect [that Groupon] will cease or terminate any" use and provision of its products and services and further providing that IBM "shall not seek to enhance [] damages by asserting willful patent infringement" with respect to the period of August 12, 2014 through June 30, 2015. The substance of pre-suit communications occurring during this period is not relevant to any issue being litigated at the forthcoming trial (including willfulness and indirect infringement), particularly given that Groupon has stipulated to the dates on which it became aware of each of the patents-in-suit. Even were there probative value, it would be substantially outweighed by the unfair prejudice to Groupon, which reasonably relied on the parties' Agreement in (among other things) choosing not to assert reliance on advice of counsel as a defense to willfulness. Additionally, admitting the substance of the parties' pre-suit communications would be inconsistent with Federal Rule of Evidence 408. As IBM recognizes, 35 U.S.C. § 298 provides: "The failure of an infringer to obtain the advice of counsel . . . may not be used to prove that the accused infringer willfully infringed." Groupon is precluded from presenting evidence that it obtained advice of counsel given its decision not to assert reliance on advice of counsel in a timely manner in the course of this litigation.

4. Groupon's MIL #2, to preclude IBM from referencing the presumption of patent validity, is DENIED. While this is plainly an issue on which reasonable jurists can (and do) differ, the undersigned Judge's view is that (at least in this case, as in most, if not all, cases) it is reasonable and appropriate to provide the jury with some brief explanation for why the burden of proving invalidity is different and greater than the burden of proving infringement and damages. Limited references, particularly in the Court's jury instructions, to the presumption of validity, do not pose a substantial risk of jury confusion or unfair (much less "irreparabl[e]," *see* Def. MIL #2

at 2) prejudice to Groupon.

5. Groupon's MIL #3, to "prohibit IBM Corp. from presenting any evidence, reference, argument, or testimony regarding any theory of infringement under the doctrine of equivalents, which would ensnare prior art," is DENIED. Groupon characterizes its motion as presenting a question of law for the Court, not a factual dispute for the jury. Accepting that characterization, its request would be more appropriate (and timely) on a motion for summary judgment or post-trial motion. Further, Groupon's motion appears to implicate disputed questions of fact and may mischaracterize IBM's theory of infringement by equivalents (*see* Def. Response at 8).

Having identified additional disputes in the PTO, **IT IS FURTHER ORDERED** that:

1. The Court will separately determine, in the context of reviewing the parties' proposed *voir dire* and preliminary jury instructions, what it will tell the jury about this case. Accordingly, the parties' disputes at PTO pages 2-3 are moot.

2. IBM has adequately provided notice of and preserved its right to pursue post-verdict damages. (*See* PTO at 4-5)[3] However, issues related to post-verdict damages, enhanced damages, injunctive relief, and whether this is an "exceptional case" will be addressed to the Court following trial, if at all. (*See also* PTO at 17-20)

3. Unless the parties reach an alternative agreement, the order of the presentation of evidence will follow the burden of proof. (PTO at 8-9) Specifically:

    Phase I:    Plaintiff case-in-chief on infringement and damages

---

[3]The Court recognizes that Groupon has filed a motion to strike a report from IBM's damages expert. (D.I. 300) IBM has not yet responded to the motion.

4

  Phase II:  Defendant response on infringement and damages, and case-in-chief on invalidity and other affirmative defenses

  Phase III:  Plaintiff rebuttal on infringement and damages, and response on invalidity and other affirmative defenses

  Phase IV:  Defendant rebuttal on invalidity and other affirmative defenses

There will only be three closing arguments: Plaintiff, Defendant, and Plaintiff rebuttal.

  4.  When a witness is called to testify at trial by deposition, the party calling the witness shall provide the Court with three (3) copies of the transcript of the portions that will be read or played.

  5.  Groupon's proposal that witnesses may only be called once (PTO at 11 & n.10) is REJECTED. The Court will not impose a categorical rule that no witness may be called more than once. However, should a witness' schedule pose a true hardship, the Court will handle requests to alter the otherwise desired order of witness testimony on a case-by-case basis.

  6.  Groupon's proposals on pages 13-14 are REJECTED. Although most or all of these proposals appear reasonable, IBM may be asserting objections to exhibits based on authenticity. The parties shall be prepared to discuss at the PTC their proposals for how and when such objections will be disclosed with specificity and how and when the Court should resolve them. (*See also* PTO at 37-38)

  7.  Groupon's request for a bifurcated trial (PTO at 20-24) is DENIED. Groupon's proposal would guarantee the need for two trials: one on three patents-in-suit and a second one on the '346 patent, a patent with respect to which IBM asserts some claims that are presently at issue in IBM's appeal from the PTAB ruling and also asserts some claims that are not involved in

the PTAB or appellate proceedings. By contrast, denying bifurcation creates the possibility of only one trial (if, for instance, (a) Plaintiff fails to prove infringement of the remaining asserted claims of the '346 patent and/or Groupon proves those claims to be invalid, and (b) the Federal Circuit affirms the PTAB's invalidation of other asserted claims of the '346 patent). There is no basis whatsoever for Groupon's alternative request that the Court stay this case until after the Federal Circuit decides the pending appeal. (*See* PTO at 22)

8. The parties' request (PTO at 26) for twenty (20) or twenty-six (26) hours per side for their trial presentations is REJECTED. Considering the nature, number, and scope of the parties' disputes, the Court finds that the parties can fully and fairly present their case to the jury in no more than eighteen (18) hours. Nevertheless, at the pretrial conference, the Court will consider any request that it allocate up to twenty (20) hours per side.

9. Trial will be held at some or all of the following times, subject to the time limits on the parties' trial presentations:

    a. Monday, July 16: 8:30 a.m. to 4:30 p.m.

    b. Tuesday, July 17: 8:30 a.m. to 4:30 p.m.

    c. Wednesday, July 18: 8:30 a.m. to 4:30 p.m.

    d. Thursday, July 19: 8:30 a.m. to 4:30 p.m.

    e. Friday, July 20: 8:30 a.m. to 3:00 p.m.

    f. Monday, July 23: 8:30 a.m. to 4:30 p.m.

    g. Tuesday, July 24: 8:30 a.m. to 4:30 p.m.

    h. Wednesday, July 25: 8:30 a.m. to 1:00 p.m.

    i. Thursday, July 26: 8:30 a.m. to 1:00 p.m.

j. Friday, July 27: 8:30 a.m. to 4:30 p.m.

10. The parties shall be prepared to discuss at the PTC their requests that the Court close the courtroom for evidence and argument relating to sourcecode (Groupon's position) and/or licensing (IBM's position). (*See* PTO at 26-32) The Court is inclined to deny both requests and not to close the courtroom for any portion of the forthcoming trial.

11. The Court ADOPTS Groupon's proposal for reduction of asserted claims and prior art. (*See* PTO at 32-37) IBM shall reduce the number of asserted claims to no more than sixteen (16) in total and no more than five (5) for any particular patent, while Groupon shall assert invalidity defenses based on no more than sixteen (16) total prior art references and no more than five (5) such references for any particular patent (with references defined as Groupon proposes). IBM's alternative proposal – to limit the "theories" Groupon may assert – is not warranted in this case, where it appears Groupon has already reasonably streamlined its case.

12. IBM's request to strike documents from the exhibit list that were produced after Groupon's deadline to serve its exhibit list (PTO at 38-39) is ADOPTED, to the extent that neither party may introduce into evidence at trial any document that was not produced during discovery, absent a showing of good cause and approval of the Court. The Court is not making a determination as to the two specific documents identified in the PTO.

<br>

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE