# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Plaintiff, | ) C.A No. 16-122-LPS ) **JURY TRIAL DEMANDED** |
| v. | ) ) |
| GROUPON, INC. | ) ) |
| Defendant. | ) ) |

## IBM'S STATEMENT OF CONTESTED FACTS

The following statement of contested facts is based on the arguments IBM expects to make to establish infringement of the patents-in-suit and damages to compensate IBM for that infringement. This statement is also based on the parties' pleadings, documentary and testimony evidence, and IBM's current understanding of Groupon's claims and defenses.

IBM reserves the right to amend or supplement this statement as part of the meet and confer process leading up to trial, in response to Groupon's pretrial disclosures and objections, and in response to any pretrial rulings or orders from the Court. Should the Court find that any of the issues of law listed in Exhibit C of the Joint Pretrial Order should be considered as issues of fact, IBM incorporates those issues in this Section. Should the Court find that any issues identified in this Section as an issue of fact should be considered as an issue of law, IBM incorporates those issues into Exhibit C. To the extent Groupon intends or attempts to introduce different or additional facts, IBM reserves its right to supplement this statement and contest those facts and to present any and all rebuttal evidence in response to those arguments.

IBM reserves the right to present facts set forth in the pending motions identified in this Pretrial Order and to appeal any issues identified in motions that have been decided by the Court.

# I.    STATEMENT OF ISSUES OF FACT

### A.    Infringement

1.    Whether Groupon infringed or induced others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-7, 12, and 17 of the '967 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

2.    Whether Groupon infringes or induces others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-9, 12-22, and 25 of the '849 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

3.    Whether Groupon infringed or induced others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

4.    Whether Groupon infringes or induces others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

5.    Whether Groupon has an implied license to the '346 patent.

6.    Whether IBM exhausted its right to enforce the '346 patent through licenses to

████████████████████

### B.    Willful Infringement

7.    Whether Groupon's infringement of the '967 patent has been willful.

8.    Whether Groupon's infringement of the '849 patent has been willful.

9.    Whether Groupon's infringement of the '601 patent has been willful.

10.    Whether Groupon's infringement of the '346 patent has been willful.

**C.    Validity**

11.    Whether the asserted references and systems are prior art to the patents-in-suit.

12.    Whether the alleged prior art publications were publically available.

13.    Whether the alleged prior art systems were publically known or used.

14.    Whether the claimed inventions were reduced to practice before the priority date of any of the references asserted by Groupon.

15.    Whether the claim inventions were conceived before the priority date of any of the prior art references asserted by Groupon, with diligence from the prior art priority date until the inventions were reduced to practice.

16.    Whether the alleged prior art anticipates the claims of the patents-in-suit.

17.    Whether the alleged prior art renders obvious the claims of the patents-in-suit.

18.    The scope and content of the prior art.

19.    The level of ordinary skill in the art.

20.    The differences between the claimed inventions of the patents-in-suit and the prior art.

21.    Whether a person of ordinary skill would be motivated to combine the references relied on by Groupon in its obviousness combinations.

22.    Whether objective evidence of non-obviousness tends to show that the asserted claims are not obvious, the extent of any proffered objective evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed invention.

23.    Whether the prior art references or combinations alleged by Groupon are enabled.

24.    Whether any of the alleged prior art inherently discloses any of the claim elements of the patents-in-suit.

25.    Whether the asserted claims of the '967 and/or '849 patents are indefinite.

3

**D.    Damages**

26.    IBM's damages for Groupon's infringement including the dollar amount that will compensate IBM for infringement of the patents-in-suit.

27.    Whether IBM is entitled to costs and, if so, the dollar amount of such costs.

28.    Whether IBM is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether IBM is entitled to an award of attorneys' fees.

29.    Whether IBM is entitled to an award of prejudgment and postjudgment interest and the dollar amount of such award.

30.    Whether IBM is entitled to enhanced damages due to Groupon's willful infringement and, if so, the level of enhancement.

31.    Whether IBM is entitled to an injunction against Groupon.

32.    If IBM is not entitled to an injunction, the appropriate royalty to compensate IBM for Groupon's future infringement.

**II.        STATEMENT OF INTENDED PROOF**

**A.    Infringement**

1.    Proof that Groupon infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 1-7, 12, and 17 of the '967 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

2.    Proof that Groupon infringes or induces others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-9, 12-22, and 25 of the '849 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

3.    Proof that Groupon infringed or induced others to infringe, or contributed to the infringement of, literally or under the doctrine of equivalents, claims 1, 2, 4, 6, 7-10, 51, 52, 54,

and 56-59 of the '601 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

4.      Proof that Groupon infringes or induces others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

5.      Proof that no doctrine of equivalents theory ensnares prior art.

6.      Proof rebutting Groupon's assertion that it has an implied license to the '346 patent.

7.      Proof rebutting Groupon's assertion that IBM exhausted its right to enforce the '346 patent through licenses to ███████████████

**B.    Willful Infringement**

8.      Proof that Groupon's infringement of the '967 patent has been willful.

9.      Proof that Groupon's infringement of the '849 patent has been willful.

10.      Proof that Groupon's infringement of the '601 patent has been willful.

11.      Proof that Groupon's infringement of the '346 patent has been willful.

**C.    Validity**

12.      Proof rebutting Groupon's assertion that the asserted references and systems are prior art to the patents-in-suit.

13.      Proof rebutting Groupon's assertion that the alleged prior art publications were publically available.

14.      Proof rebutting Groupon's assertion that the alleged prior art systems were publically known or used.

15.     Proof that the claimed inventions were reduced to practice before the priority date of any of the references asserted by Groupon

16.     Proof that the claim inventions were conceived before the priority date of any of the prior art references asserted by Groupon, with diligence from the prior art priority date until the inventions were reduced to practice.

17.     Proof rebutting Groupon's assertion that the alleged prior art anticipates the claim elements of the patents-in-suit.

18.     Proof rebutting Groupon's assertion that the alleged prior art renders obvious the claim elements of the patents-in-suit.

19.     Proof of the scope and content of the prior art.

20.     Proof of the level of ordinary skill in the art.

21.     Proof of the differences between the claimed inventions of the patents-in-suit and the prior art.

22.     Proof rebutting Groupon's assertion that a person of ordinary skill would be motivated to combine the references relied on by Groupon in its obviousness combinations.

23.     Proof that the objective evidence of non-obviousness tends to show that the asserted claims are not obvious, the extent of any proffered objective evidence of non-obviousness, and that a nexus exists between the evidence and the claimed invention.

24.     Proof that the prior art references or combinations alleged by Groupon are not enabled.

25.     Proof rebutting Groupon's assertion that any of the alleged prior art inherently discloses any of the claim elements of the patents-in-suit.

26.     Proof rebutting Groupon's assertion that any asserted claim is indefinite.

**D.      Damages**

27.      Proof of IBM's damages for Groupon's infringement including the dollar amount that will compensate IBM for infringement of the patents-in-suit.

28.      Proof that IBM is entitled to costs and, if so, the dollar amount of such costs.

29.      Proof that IBM is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and proof that IBM is entitled to an award of attorneys' fees.

30.      Proof that IBM is entitled to an award of prejudgment and postjudgment interest and the dollar amount of such award.

31.      Proof that IBM is entitled to enhanced damages due to Groupon's willful infringement and, if so, the level of enhancement.

32.      Proof that IBM is entitled to an injunction against Groupon.

33.      If IBM is not entitled to an injunction, proof of the appropriate royalty to compensate IBM for Groupon's future infringement.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS )
MACHINES CORPORATION, )
                         )    C.A No. 16-122-LPS
             Plaintiff, )
                         )    **JURY TRIAL DEMANDED**
             v. )
                         )
GROUPON, INC. )
                         )
           Defendant. )

## GROUPON'S STATEMENT OF CONTESTED FACTS

Defendant Groupon, Inc. ("Groupon") identifies the following issues of fact that remain to be litigated in this case. Groupon's identification of these issues is based on the pleadings and discovery to date and its current understanding of the arguments and evidence that IBM is likely to present at trial. Groupon reserves the right to supplement, amend, or modify this list, for example to respond to any new issues, arguments, or evidence from IBM, or in the event of any Court ruling. By including a fact in this list, Groupon does not assume the burden of proof with respect to that fact.

## I.     GROUPON'S STATEMENT OF CONTESTED FACTS

### A.     Non-Infringement (Jury)[1]

---

[1] IBM asserts that whether Groupon infringes under the doctrine of equivalents any of the asserted claims of the '967 or '346 patents are issues for the jury to decide. But IBM's opening expert report on infringement does not address these issues beyond conclusory statements and IBM thus failed to timely disclose these theories. Accordingly, Groupon maintains that these issues should not be considered by the jury and does not identify them here. Should the Court allow IBM to advance doctrine of equivalents theories for these two patents at trial, whether Groupon infringes the patents under the doctrine will be a contested issue of fact.

1.     Whether Groupon's website literally infringes claims 1-7, 12, and 17 of the '967 patent.

2.     Whether Groupon's website literally infringes claims 1-9, 12-22, and 25 of the '849 patent.

3.     Whether Groupon's mobile applications literally infringe claims 1-9, 12-22, and 25 of the '849 patent.

4.     Whether Groupon's website infringes under the doctrine of equivalents any of the asserted claims of the '849 patent.

5.     Whether Groupon's mobile applications infringe under the doctrine of equivalents any of the asserted claims of the '849 patent.

6.     Whether Groupon's website literally infringes claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.

7.     Whether Groupon's mobile applications literally infringe claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.

8.     Whether Groupon's website infringes under the doctrine of equivalents any of the asserted claims of the '601 patent.[2]

9.     Whether Groupon's mobile applications infringe under the doctrine of equivalents any of the asserted claims of the '601 patent.[3]

10.    Whether Groupon's website literally infringes claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent.

---

[2] As set forth in detail in Groupon's *Motion in Limine* #3, Groupon objects to IBM's attempt to introduce a doctrine of equivalents theory for the '601 patent.
[3] As set forth in detail in Groupon's *Motion in Limine* #3, Groupon objects to IBM's attempt to introduce a doctrine of equivalents theory for the '601 patent.

11.      Whether Groupon's mobile applications literally infringe claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent.

12.      Whether Groupon induces infringement of claims 1-7, 12, and 17 of the '967 patent.

13.      Whether Groupon induces infringement of claims 1-9, 12-22, and 25 of the '849 patent.

14.      Whether Groupon induces infringement of claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.

15.      Whether Groupon induces infringement of claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent.

16.      Whether Groupon contributorily infringes claims 1-7, 12, and 17 of the '967 patent.[4]

17.      Whether Groupon contributorily infringes claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.[5]

**B.      Invalidity and Related Issues (Jury)**

1.      Whether the asserted '967 patent claims are indefinite.

---

[4] Groupon objects to IBM including the issue of whether Groupon contributorily infringes the '967 patent, or any of the other patents-in-suit. IBM's expert's report included a single, conclusory paragraph regarding contributory infringement for the '967 patent and the '601 patent. The single paragraph did not address all of the elements for contributory infringement including materiality to the claimed method and capability of non-infringing uses. And IBM has even argued that each of the products accused of infringing the '967 and '849 patents have "infinite noninfringing possibilities." D.I. 273 (IBM's Reply ISO Motion for Summary Judgment of No Affirmative Defenses) at 5. Further, IBM provides no contributory infringement theory in its infringement contentions for the '967 patent, no theory in its expert report for the '346 patent, and no theory in either its infringement contentions or expert report for the '849 patent. Nor has it raised this theory at all in opposition to Groupon's summary judgment of non-infringement.

[5] As explained in footnote 4 above, Groupon objects to IBM's attempt to introduce a contributory infringement theory for the '601 patent.

2.    Whether the asserted '849 patent claims are indefinite.

3.    Whether the asserted '967 patent claims are invalid as anticipated.

4.    Whether the asserted '849 patent claims are invalid as anticipated.

5.    Whether the asserted '601 patent claims are invalid as anticipated.

6.    Whether the asserted '967 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

7.    Whether the asserted '849 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

8.    Whether the asserted '601 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

9.    Whether the asserted '346 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

10.    Whether the '601 patent is entitled to a priority date earlier than the filing date of the '601 patent.

**C.    Damages/Relief (Jury)**

1.    If Groupon is found to have infringed a valid claim(s) of the '967 patent, what is a reasonable royalty to compensate IBM.

2.    If Groupon is found to have infringed a valid claim(s) of the '849 patent, what is a reasonable royalty to compensate IBM.

3.    If Groupon is found to have infringed a valid claim(s) of the '601 patent, what is a reasonable royalty to compensate IBM.

4.    If Groupon is found to have infringed a valid claim(s) of the '346 patent, and the claim is not licensed and rights to assert the '346 patent are not exhausted, what is a

reasonable royalty to compensate IBM.

**D.    Willfulness (Jury)**

1.    If Groupon is found to have infringed a valid claim of the '967 patent, whether the infringement was willful.

2.    If Groupon is found to have infringed a valid claim of the '849 patent, whether the infringement was willful.

3.    If Groupon is found to have infringed a valid claim of the '601 patent, whether the infringement was willful.

4.    If Groupon is found to have infringed a valid claim of the '346 patent, and the claim is not licensed and rights to assert the '346 patent are not exhausted whether the infringement was willful.

**E.    License and Patent Exhaustion (Jury)**

1.    Whether IBM is precluded from asserting the '346 patent against Groupon in light of IBM's patent license to ████████

2.    Whether IBM is precluded from asserting the '346 patent against Groupon in light of IBM's patent license to ████████

**F.    Damages/Relief (Court)**

1.    If Groupon is found to have infringed a valid claim of a patent-in-suit, whether IBM is entitled to an injunction, and if so, the terms of the injunction.

2.    If Groupon is found to have infringed a valid claim of a patent-in-suit, and an injunction is not issued, whether relief for future infringement can be awarded.

3.    If IBM is awarded damages for infringement of a valid claim of a patent-in-suit, whether the circumstances can justify increasing the damages found or assessed.

4.      Whether this is an exceptional case.

5.      Whether either party should be awarded attorneys' fees.

6.      The amount of costs for which either party is entitled.

## II.    GROUPON'S STATEMENT OF INTENDED PROOF

Groupon intends to offer the following proof at trial:

### A.    Background

1.      Groupon's business.

2.      Operation of Groupon's website and mobile applications.

### B.    Non-Infringement

7.      Rebuttal to IBM's contention that Groupon's website literally infringes claims 1-7, 12, and 17 of the '967 patent.

8.      Rebuttal to IBM's contention that Groupon's website literally infringes claims 1-9, 12-22, and 25 of the '849 patent.

9.      Rebuttal to IBM's contention that Groupon's mobile applications literally infringe claims 1-9, 12-22, and 25 of the '849 patent.

10.     Rebuttal to IBM's contention that Groupon's website infringes under the doctrine of equivalents any of the asserted claims of the '849 patent.

11.     Rebuttal to IBM's contention that Groupon's mobile applications infringe under the doctrine of equivalents any of the asserted claims of the '849 patent.

12.     Rebuttal to IBM's contention that Groupon's website literally infringes claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.

13.     Rebuttal to IBM's contention that Groupon's mobile applications literally infringe claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.

14.     Rebuttal to IBM's contention that Groupon's website infringes under the

doctrine of equivalents any of the asserted claims of the '601 patent.[6]

15.     Rebuttal to IBM's contention that Groupon's mobile applications infringe under the doctrine of equivalents any of the asserted claims of the '601 patent.[7]

16.     Rebuttal to IBM's contention that Groupon's website literally infringes claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent.

17.     Rebuttal to IBM's contention that Groupon's mobile applications literally infringe claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent.

18.     Rebuttal to IBM's contention that Groupon induces infringement of claims 1-7, 12, and 17 of the '967 patent.

19.     Rebuttal to IBM's contention that Groupon induces infringement of claims 1-9, 12-22, and 25 of the '849 patent.

20.     Rebuttal to IBM's contention that Groupon induces infringement of claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.

21.     Rebuttal to IBM's contention that Groupon induces infringement of claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent.

22.     Rebuttal to IBM's contention that Groupon contributorily infringes claims 1-7, 12, and 17 of the '967 patent.[8]

23.     Rebuttal to IBM's contention that Groupon contributorily infringes claims

---

[6] If the Court permits IBM to advance a theory that Groupon infringes under the doctrine of equivalents any of the asserted claims of the '601 patent, Groupon intends to offer rebuttal to IBM's contention.

[7] If the Court permits IBM to advance a theory that Groupon infringes under the doctrine of equivalents any of the asserted claims of the '601 patent, Groupon intends to offer rebuttal to IBM's contention.

[8] If the Court permits IBM to advance a theory that Groupon contributorily infringes any of the asserted claims of the '967 patent, Groupon intends to offer rebuttal to IBM's contention.

1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent.[9]

   24. Rebuttal to any other allowed IBM's contention that Groupon infringes any claim of any of the asserted patents.

**C. Invalidity and Related Issues**

   1. Proof that the asserted '967 patent claims are indefinite.

   2. Proof that the asserted '849 patent claims are indefinite.

   3. Proof that the asserted '967 patent claims are invalid as anticipated.

   4. Proof that the asserted '849 patent claims are invalid as anticipated.

   5. Proof that the asserted '601 patent claims are invalid as anticipated.

   6. Proof that the asserted '967 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

   7. Proof that the asserted '849 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

   8. Proof that the asserted '601 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

   9. Proof that the asserted '346 patent claims are invalid because the asserted inventions were obvious to one of ordinary skill in the art at the time of the invention.

   10. Rebuttal to IBM's contention that the '601 patent is entitled to a priority date earlier than the filing date of the '601 patent.

**D. Willfulness**

   1. Rebuttal to IBM's contention that Groupon's infringement of the '967

---

[9] If the Court permits IBM to advance a theory that Groupon contributorily infringes any of the asserted claims of the '601 patent, Groupon intends to offer rebuttal to IBM's contention.

patent was willful.

      2.      Rebuttal to IBM's contention that Groupon's infringement of the '849 patent was willful.

      3.      Rebuttal to IBM's contention that Groupon's infringement of the '601 patent was willful.

      4.      Rebuttal to IBM's contention that Groupon's infringement of the '346 patent was willful.

**E.      License and Patent Exhaustion**

1.      Proof that IBM is precluded from asserting the '346 patent against Groupon in light of IBM's patent license to ▮▮▮▮

2.      Proof that IBM is precluded from asserting the '346 patent against Groupon in light of IBM's patent license to ▮▮▮▮

**F.      Damages**

1.      If Groupon is found to have infringed a valid claim(s) of the '967 patent, rebuttal to IBM's contentions regarding a reasonable royalty to compensate it.

2.      If Groupon is found to have infringed a valid claim(s) of the '849 patent, rebuttal to IBM's contentions regarding a reasonable royalty to compensate it.

3.      If Groupon is found to have infringed a valid claim(s) of the '601 patent, rebuttal to IBM's contentions regarding a reasonable royalty to compensate it.

4.      If Groupon is found to have infringed a valid claim(s) of the '346 patent, and the claim is not licensed and rights to assert the '346 patent are not exhausted, rebuttal to IBM's contentions regarding a reasonable royalty to compensate it.

5.      Rebuttal to IBM's contention that it is entitled to costs.

6.     Rebuttal to IBM's contention that it is entitled to an award of attorneys' fees.

7.     Rebuttal to IBM's contention that it is entitled to an award of prejudgment and postjudgment interest.

8.     Rebuttal to IBM's contention that it is entitled to enhanced damages.

9.     Rebuttal to IBM's contention that it is entitled to an injunction against Groupon.

10.    If IBM is not entitled to an injunction, rebuttal to IBM's contention that it is entitled to a royalty.

11.    Proof that this is an exceptional case and that Groupon is entitled to an award of attorneys' fees.

12.    Proof of the amount of costs to which Groupon is entitled.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

     Plaintiff,

    v.

GROUPON, INC.

     Defendant.

)
)
)
)
)
)
)
)
)
)

C.A No. 16-122-LPS

**JURY TRIAL DEMANDED**

**<u>IBM'S STATEMENT OF ISSUES OF LAW</u>**

# <u>TABLE OF CONTENTS</u>

<u>Pages</u>

I.  IBM's Statement of Issues of Law That Remain To Be Litigated ........................................... 1

   A.  Issues On Which IBM Bears The Burden Of Proof ...................................................... 1

      1.  Infringement ............................................................................................... 1

         (a)  Issues of Law to be Litigated ........................................................... 1

         (b)  Legal Authority ................................................................................ 2

      2.  Willful Infringement .................................................................................. 8

         (a)  Issues of Law to be Litigated ........................................................... 8

         (b)  Legal Authority ................................................................................ 8

      3.  Damages ..................................................................................................... 9

         (a)  Issues of Law To Be Litigated ......................................................... 9

         (b)  Legal Authority ................................................................................ 9

   B.  Issues On Which Groupon Bears The Burden of Proof ............................................. 14

      1.  Validity .................................................................................................... 14

         (a)  Issues Of Law To Be Litigated ...................................................... 14

         (b)  Legal Authority .............................................................................. 14

         (c)  Indefiniteness ................................................................................. 21

      2.  Infringement ............................................................................................ 21

         (a)  Issues of Law to be Litigated ......................................................... 21

         (b)  Legal Authority .............................................................................. 21

i

## TABLE OF AUTHORITIES

**Pages**

**Cases**

*Abbott Labs. v. Andrx Pharms., Inc.,*
    473 F.3d 1196 (Fed. Cir. 2007) .................................................................................. 5

*Abbott Labs. v. Sandoz, Inc.,*
    566 F.3d 1282 (Fed. Cir. 2009) ................................................................................ 19

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,*
    261 F.3d 1329 (Fed. Cir. 2001) .................................................................................. 2

*Akamai Techs., Inc. v. Limelight Networks, Inc.,*
    797 F.3d 1020 (Fed. Cir. 2015) .................................................................................. 4

*Alza Corp. v. Andrx Pharms., LLC,*
    607 F. Supp. 2d 614 (D. Del. 2009) ......................................................................... 15

*Amstar Corp. v. Envirotech Corp.,*
    730 F.2d 1476 (Fed. Cir. 1984) .................................................................................. 3

*Anton/Bauer, Inc. v. PAG, Ltd.,*
    329 F.3d 1343 (Fed. Cir. 2003) ................................................................................ 22

*Apple Computer, Inc. v. Articulate Sys., Inc.,*
    234 F.3d 14 (Fed. Cir. 2000) .................................................................................... 18

*Apple, Inc. v. Samsung Elecs. Co.,*
    No. 12-CV-00630-LHK, 2012 WL 2576136 (N.D. Cal. July 3, 2012) .................... 16

*Bayer Pharma AG v. Watson Labs., Inc.,*
    183 F. Supp. 3d 579 (D. Del. 2016) ......................................................................... 15

*Bowers v. Baystate Techs., Inc.,*
    320 F.3d 1317 (Fed. Cir. 2003) .................................................................................. 3

*Brown v. Barbacid,*
    436 F.3d 1376 (Fed. Cir. 2006) ................................................................................ 17

*Callaway Golf Co. v. Acushnet Co.,*
    576 F.3d 1331 (Fed. Cir. 2009) ................................................................................ 18

i

*Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.,*
  134 F.3d 1085 (Fed. Cir. 1998) ................................................................ 15

*Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Systems, Inc.,*
  725 F.3d 1341 (Fed. Cir. 2013) ............................................................ 20, 21

*Cont'l Can Co. v. Monsanto Co.,*
  948 F.2d 1264 (Fed. Cir. 1991) ................................................................ 16

*Cordis Corp. v. Boston Scientific Corp.,*
  561 F.3d 1319 (Fed. Cir. 2009) .................................................................. 5

*Cross Med Prods., Inc. v. Medtronic Sofamor Danek, Inc.,*
  424 F.3d 1293 (Fed. Cir. 2005) .................................................................. 3

*Del Mar Avionics, Inc. v. Quinton Instrument Co.,*
  836 F.2d 1320 (Fed. Cir. 1987) ................................................................ 10

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.,*
  567 F.3d 1314 (Fed. Cir. 2009) .................................................................. 6

*Dow Chem. Co. v. Mee Indus., Inc.,*
  341 F.3d 1370 (Fed. Cir. 2003) .................................................................. 9

*DSU Med. Corp. v. JMS Co.,*
  471 F.3d 1293 (Fed. Cir. 2006) .................................................................. 7

*eBay Inc. v. MercExchange, L.L.C.,*
  547 U.S. 388 (2006) ................................................................................. 13

*Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research,*
  346 F.3d 1051 (Fed. Cir. 2003) ................................................................ 19

*Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.,*
  845 F.3d 1357 (Fed. Cir. 2017) .................................................................. 4

*EMC Corp. v. Pure Storage, Inc.,*
  154 F. Supp. 3d 81 (D. Del. 2016) ........................................................... 10

*Gen. Elec. Co. v. Nintendo Co., Ltd.,*
  179 F.3d 1350 (Fed. Cir. 1999) .................................................................. 4

*General Motors Corp. v. Devex Corp.,*
  461 U.S. 648 (1983) ................................................................................. 12

*Georgia-Pacific Corp v. United States Plywood Corp.,*
  318 F. Supp. 1116 (S.D.N.Y 1970) .......................................................... 10

*Glass Equip. Dev., Inc. v. Besten, Inc.,*
    174 F.3d 1337 (Fed. Cir. 1999) ............................................................ 22

*Golden Blount, Inc. v. Robert H. Peterson Co.,*
    438 F.3d 1354 (Fed. Cir. 2006) .............................................................. 7

*Golden Bridge Tech., Inc. v. Apple Inc.,*
    937 F. Supp. 2d 504 (D. Del. 2013) ...................................................... 17

*Graham v. John Deere Co.,*
    383 U.S. 1 (1966) ........................................................................... 19, 21

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.,*
    339 U.S. 605 (1950) ............................................................................. 5

*Halo Elec., Inc. v. Pulse Elec., Inc.,*
    136 S. Ct. 1923 (2016) .................................................................... 8, 13

*Hybritech Inc. v. Monoclonal Antibodies, Inc.,*
    802 F.2d 1367 (Fed.Cir.1986) .......................................................... 17, 21

*i4i Ltd. Partnership v. Microsoft Corp.,*
    598 F.3d 831 (Fed. Cir. 2010) ............................................................. 10

*In re Arkley,*
    455 F.2d 586 (C.C.P.A 1972) .............................................................. 18

*In re Bayer,*
    568 F.2d 568 (C.C.P.A. 1978) ............................................................ 16

*In re Cyclobenzapine Hydrochloride Extended Release Capsule Patent Litig.,*
    676 F.3d 1063 (Fed. Cir. 2012) ........................................................... 20

*In re Hall,*
    781 F.2d 897 (Fed. Cir. 1986) ............................................................ 16

*In re NTP, Inc.,*
    654 F.3d 1279 (Fed. Cir. 2011) ........................................................... 20

*In re Omeprazole Patent Litig. v. Apotex Corp.,*
    536 F.3d 1361 (Fed. Cir. 2008) ........................................................... 15

*In re Robertson,* 169 F.3d 743,
    (Fed. Cir. 1999) .............................................................................. 15

*Intellectual Ventures I, LLC v. Canon Inc.,*
    143 F. Supp. 3d 143 (D. Del. 2015) ...................................................... 16

*JVC Kenwood Corp. v. Nero, Inc.*,
    797 F.3d 1039 (Fed. Cir. 2015) ........................................................................... 22

*Kegel Co. v. AMF Bowling, Inc.*,
    127 F.3d 1420 (Fed. Cir. 1997) ............................................................................. 3

*Keizer v. Bradley*,
    270 F.2d 396 (CCPA 1959) ................................................................................. 18

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
    798 F. Supp. 2d 541 (D. Del. 2011) ..................................................................... 8

*LifeScan Scotland, Ltd. v. Shasta Techs., LLC*,
    734 F.3d 1361 (Fed. Cir. 2013) ........................................................................... 22

*Liquid Dynamics Corp. v. Vaughan Co.*,
    449 F.3d 1209 (Fed. Cir. 2006) ............................................................................. 9

*Loughman v. Consol-Pennsylvania Coal Co.*,
    6 F.3d 88 (3d Cir. 1993) ..................................................................................... 12

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ........................................................................... 11

*Massachusetts Inst. of Tech. v. AB Fortia, et al.*,
    774 F.2d 1104 (Fed. Cir. 1985) ........................................................................... 16

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) .............................................................................................. 7

*Microsoft Corp. v. i4i Ltd. Partnership*,
    131 S. Ct. 2238 (2011) ........................................................................................ 14

*Minnesota Min. & Mfg. Co. v. Chemque, Inc.*,
    303 F.3d 1294 (Fed. Cir. 2002) ........................................................................... 15

*Motorola Mobility, LLC v. Int'l Trade Comm'n*,
    737 F.3d 1345 (Fed. Cir. 2013) ........................................................................... 15

*Nat'l Presto Indus., Inc. v. W. Bend Co.*,
    76 F.3d 1185 (Fed. Cir. 1996) ............................................................................... 6

*Nautilus v. Biosig Instruments, Inc.*,
    134 S. Ct. 2120 (2014) ........................................................................................ 21

*nCUBE Corp. v. SeaChange Int'l, Inc.*,
    313 F. Supp. 2d 361 (D. Del. 2004) ................................................................... 12

*Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.,*
    847 F.2d 795 (Fed. Cir. 1988) ................................................................................ 12

*Novo Nordisk A/S v. Caraco Pharm. Labs.,Ltd.,*
    719 F.3d 1346 (Fed. Cir. 2013) ....................................................................... 14, 15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,*
    134 S. Ct. 1749 (2014) ............................................................................................ 12

*Paice LLC v. Toyota Motor Corp.,*
    504 F.3d 1293 (Fed. Cir. 2007) .............................................................................. 14

*Primos, Inc. v. Hunter's Specialties, Inc.,*
    451 F.3d 841 (Fed. Cir. 2006) .................................................................................. 5

*Quanta Computer, Inc. v. LG Elecs., Inc.,*
    553 U.S. 617 (2008) ................................................................................................ 22

*Research Foundation of State University of New York v. Mylan Pharms. Inc.,*
    Civ. Nos. 09-184-LPS, 10-892-LPS, 2012 WL 1901267 (D. Del. May 25, 2012) .................. 13

*Rey-Bellet v. Engelhardt,*
    493 F.2d 1380 (CCPA 1974) .................................................................................. 18

*Richardson v. Suzuki Motor Co.,*
    868 F.2d 1226 (Fed. Cir. 1989) ................................................................................ 8

*Ricoh Co., Ltd. v. Quanta Computer Inc.,*
    550 F.3d 1325 (Fed. Cir. 2008) ................................................................................ 7

*Ruiz v. A.B. Chance Co.,*
    234 F.3d 654 (Fed. Cir. 2000) ................................................................................ 19

*Sage Prods., Inc. v. Devon Indus., Inc.,*
    126 F.3d 1420 (Fed. Cir. 1997) ................................................................................ 5

*Scott v. Koyama,*
    281 F.3d 1243 (Fed. Cir. 2002) ....................................................................... 17, 18

*Scripps Clinic & Research Found. v. Genentech, Inc.,*
    927 F.2d 1565 (Fed. Cir. 1991) .............................................................................. 19

*Sensonics, Inc. v. Aerosonic Corp.,*
    81 F.3d 1566 (Fed. Cir. 1996) ......................................................................... 11, 12

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,*
    758 F.2d 613 (Fed. Cir. 1985) ................................................................................ 13

*SiRF Tech., Inc. v. Int'l Trade Comm'n,*
   601 F.3d 1319 (Fed. Cir. 2010) ................................................................................ 3

*SmithKline Diagnostics, Inc. v. Helena Lab. Corp.,*
   859 F.2d 878 (Fed. Cir. 1988) .................................................................................. 2

*Sonix Tech. Co. v. Publications Int'l, Ltd.,*
   844 F.3d 1370 (Fed. Cir. 2017) .............................................................................. 21

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.,*
   511 F.3d 1186 (Fed. Cir. 2008) .............................................................................. 16

*Stamps.com Inc. v. Endicia, Inc.,*
   437 Fed. Appx. 897 (Fed. Cir. 2011) ...................................................................... 17

*State Contracting & Eng'g Corp. v. Condotte Am., Inc.,*
   346 F.3d 1057 (Fed. Cir. 2003) .............................................................................. 14

*Stern v. Trs. of Columbia Univ. in New York,*
   434 F.3d 1375 (Fed. Cir. 2006) .............................................................................. 17

*Structural Rubber Prod. Co. v. Park Rubber Co.,*
   749 F.2d 707 (Fed. Cir. 1984) ................................................................................ 18

*Summit 6, LLC v. Samsung Elecs. Co.,*
   802 F.3d 1283 (Fed. Cir. 2015) .............................................................................. 10

*Titanium Metals Corp. of Am. v. Banner,*
   778 F.2d 775 (Fed. Cir. 1985) ................................................................................ 18

*Transmatic, Inc. v. Gulton Indus., Inc.,*
   180 F.3d 1343 (Fed. Cir. 1999) .............................................................................. 12

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.,*
   699 F.3d 1340 (Fed. Cir. 2012) .............................................................................. 10

*Travel Sentry, Inc. v. Tropp,*
   877 F.3d 1370 (Fed. Cir. 2017) ................................................................................ 4

*TruePosition Inc. v. Andrew Corp.,*
   611 F. Supp. 2d 400 (D. Del. 2009) ........................................................................ 13

*United States v. Univis Lens Co.,*
   316 U.S. 241 (1942) ................................................................................................ 22

*Vita-Mix Corp. v. Basic Holding, Inc.,*
   581 F.3d 1317 (Fed. Cir. 2009) ................................................................................ 7

vi

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.,*
  520 U.S. 17 (1997) ............................................................................................ 5

*Warner-Lambert Co. v. Teva Pharm., USA, Inc.,*
  418 F.3d 1326 (Fed. Cir. 2005) ...................................................................... 2

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.,*
  824 F.3d 1344 (Fed. Cir. 2016) ................................................................. 6, 7

*WBIP, LLC v. Kohler Co.,*
  829 F.3d 1317 (Fed. Cir. 2016) ...................................................................... 8

*Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.,*
  239 F.3d 1225 (Fed. Cir. 2001) ...................................................................... 3

*Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.,*
  231 F.3d 1339 (Fed. Cir. 2000) .................................................................... 20

*Z4 Techs., Inc. v. Microsoft Corp.,*
  507 F.3d 1340 (Fed. Cir. 2007) ...................................................................... 3

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.,*
  522 F.3d 1348 (Fed. Cir. 2008) .................................................................... 22

*Zygo Corp. v. Wyko Corp.,*
  79 F.3d 1563 (Fed. Cir. 1996) ........................................................................ 5

**Statutes**

28 U.S.C. § 1828 ................................................................................................ 11

28 U.S.C. § 1923 ................................................................................................ 11

35 U.S.C. § 102 ............................................................................................ 14, 15

35 U.S.C. § 103 ..................................................................................... 15, 18, 19

35 U.S.C. § 112 ............................................................................................ 14, 21

35 U.S.C. § 282(a) .............................................................................................. 14

35 U.S.C. § 283 .................................................................................................. 13

**Rules**

Fed. R. Civ. P. 54(d)(1) ...................................................................................... 11

I.    **IBM'S STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

A.    **Issues On Which IBM Bears The Burden Of Proof**

IBM identifies the following issues of law to be litigated.  The following statement of issues of law that remain to be litigated is based on the parties' pleadings, documentary and testimony evidence and on IBM's current understanding of Groupon's claims and defenses. IBM reserves the right to supplement this statement to rebut or otherwise address the issues of law identified by Groupon.  IBM reserves the right to supplement this statement to incorporate legal issues from Groupon's proposed jury instructions.

Should the Court find that any issues of fact listed in Exhibit A of the Joint Pretrial Order should be considered as issues of law, IBM incorporates those issues in this Section.  Should the Court find that any issues identified in this Section as an issue of law should be considered as an issue of fact, IBM incorporates those issues into Exhibit A of the Joint Pretrial Order.  IBM's issues of law to be litigated may change based on the Court's decisions on Daubert motions, motions to strike, motions for reconsideration, motions *in limine*, or other open matters, as well as any pretrial rulings by the Court.  IBM reserves the right to revise this statement as needed in light of those decisions.  IBM reserves the right to present issues of law set forth in the pending motions identified in this Pretrial Order and to appeal any issues identified in motions that have been decided by the Court.

1.    **Infringement**

(a)    **Issues of Law to be Litigated**

- Whether Groupon infringed or induced others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-7, 12, and 17 of the '967 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

1

- Whether Groupon infringes or induces others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-9, 12-22, and 25 of the '849 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

- Whether Groupon infringed or induced others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1, 2, 4, 6, 7-10, 51, 52, 54, and 56-59 of the '601 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

- Whether Groupon infringes or induces others to infringe, or contributes to the infringement of, literally or under the doctrine of equivalents, claims 1-3, 5, 8, 10, 12, and 13 of the '346 patent by making, using, selling, offering for sale, and/or importing the Accused Products.

### (b)   Legal Authority

1.      IBM bears the burden of proving infringement, either direct or indirect, by a preponderance of the evidence. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001); *SmithKline Diagnostics, Inc. v. Helena Lab. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988).  IBM must show that it is more likely than not that Groupon infringes the Asserted Claims. *See Warner-Lambert Co. v. Teva Pharm., USA, Inc.*, 418 F.3d 1326, 1341 (Fed. Cir. 2005).

### (1) Direct Infringement

2.      A determination of direct infringement under 35 U.S.C. § 271(a) requires a two-step analysis.  First, the claims at issue are construed to define their scope. *Advanced Cardiovascular Sys.*, 261 F. 3d. at 1336.  Next, the evidence must be examined to ascertain

2

whether the construed claim has been infringed by the accused product. *Kegel Co. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1425 (Fed. Cir. 1997).

3.      "To prove infringement, the patentee must show that the accused device contains each limitation of the asserted claim, or an equivalent of each limitation." *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1334 (Fed. Cir. 2003).

4.      An accused product literally infringes when it literally contains each and every limitation of the claim. *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225, 1231 (Fed. Cir. 2001) ("Literal infringement requires that every limitation of the patent claim be found in the accused [infringing] device.") (citation omitted).  Infringement is determined on an element by element basis; if each and every element of the claim is present in the accused device, then the device literally infringes the claims. *Cross Med Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005).

5.      The performance of additional steps beyond those required by an asserted claim does not avoid literal infringement, as "mere addition of elements of functions, whenever made, cannot negate infringement." *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1482 (Fed. Cir. 1984).  In addition, "infringement is not avoided merely because a non-infringing mode of operation is possible." *Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1350 (Fed. Cir. 2007).

6.      An accused product can directly infringe an asserted method claim even if some method steps are performed at the user's device. *See SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1330-31 (Fed. Cir. 2010) (finding direct infringement where "[t]he parties agree that the 'processing' and representing' steps must take place in the mobile GPS device" of third-party users).  Proof that the accused infringer controls and transmits files that perform the infringing method steps on third-party devices supports a finding of direct infringement. *Id.* at

3

1330 ("[I]t is clear that SiRF performs the step of communicating/transmitting the files to the end users' devices because SiRF initiates the process of transmitting and communicating, and the files are actually transmitted to the end users."); *see also Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017) ("The performance of method steps is attributable to a single entity… when that entity 'directs or controls' others' performance . . . .").

7.    "Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015).  A single entity performs all of the steps of a claimed method if the entity in question "directs or controls [the] others' performance" or "where the actors form a joint enterprise." *Id.*  There are numerous "factual scenarios [that] may arise which warrant attributing others' performance of method steps to a single actor" and the "principles of attribution are to be considered in the context of the particular facts presented." *Id.* at 1023.  An actor "directs or controls" another where the actor is acting through an agent or "when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id.* "[A]n actor infringes vicariously by profiting from direct infringement if that actor has the right and ability to stop or limit the infringement." *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1385 (Fed. Cir. 2017).

8.    If a product or method does not literally contain every claim limitation, Groupon may nevertheless infringe under the doctrine of equivalents.  *See Gen. Elec. Co. v. Nintendo Co., Ltd.*, 179 F.3d 1350, 1359 (Fed. Cir. 1999).  "[A] product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements

4

of the patented invention." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). "Infringement under the doctrine of equivalents may be found where those limitations of a claim not found exactly in the accused device are met equivalently." *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1568 (Fed. Cir. 1996).

9.      "The doctrine of equivalents prevents an accused infringer from avoiding infringement by changing only minor or insubstantial details of a claimed invention while retaining their essential functionality." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997). "[A] patentee may invoke this doctrine to proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.'" *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950).

10.      The doctrine of equivalents cannot be used to vitiate a claim limitation, but "[a] claim element is not vitiated merely because it does not literally exist in the accused product." *Abbott Labs. v. Andrx Pharms., Inc.*, 473 F.3d 1196, 1212 (Fed. Cir. 2007). In addition, claim terms cannot be read in insolation, but should be read in the context of the entire claim and specification. *See, e.g., Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1329–30 (Fed. Cir. 2009) (vitiation did not bar application of the doctrine of equivalents where the term "corner" was construed to mean "a place where two surfaces meet to form an angle," and accused device possessed "circular arcs"); *Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 845, 849–50 (Fed. Cir. 2006) (rejecting vitiation argument that a "dome" could not be equivalent to a "plate," construed as "a structural element of relatively uniform thickness and flatness which may also have some moderate curvature to it").

11.      "Ensnarement, like prosecution history estoppel, limits the scope of equivalency that a patentee is allowed to assert." *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567

F.3d 1314, 1323 (Fed. Cir. 2009). "The ensnarement inquiry is separate and distinct from the jury's elment-by-element equivalence analysis, and it has no bearing on the validity of the actual claims." *Id.* Ensnarement is an issue "to be determined by the court, either on a pretrial motion for partial summary judgment or on a motion for judgment as a matter of law at the close of the evidence and after the jury verdict." *Id.* at 1324. "When the patentee has made a *prima facie* case of infringement under the doctrine of equivalents, the burden of coming forward with evidence to show that the accused device is in the prior art is upon the accused infringer, not the trial judge." *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996). "A helpful first step in an ensnarement analysis is to construct a hypothetical claim that literally covers the accused device. *Depuy*, 567 F.3d at 1314. "Next, the district court must addressed the prior art introduced by the accused infringer and determine whether the patentee has carried its burden of persuading the court that the hypothetical claim is patentable over the prior art." *Id.* at 1325.

### (2) Indirect Infringement - Inducement

12. To prove induced infringement, IBM must show that Groupon "actively induce[d] infringement" of the applicable asserted claims of the '967, '849, '601 and '346 patents. 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer.").

13. Induced infringement requires proof of knowledge of the infringed patents and proof the defendant knew the induced acts were infringing. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) "[W]illful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge." *Id.* (citations and internal quotations omitted). "[K]nowledge of infringement can be inferred from circumstantial evidence. In this

respect, . . . the requisite intent to induce infringement may be inferred from all of the circumstances." *Id.* (citations and internal quotations omitted).

14.    Evidence of active steps taken to induce infringement, such as advertising an infringing use, or instructing how to engage in an infringing use, may support a finding of an intention for the product to be used in an infringing manner. *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008) (quoting *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

### (3) Indirect Infringement – Contributory Infringement

15.    Under 35 U.S.C. § 271(c) a defendant is liable for contributory infringement if it offers "a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." To prove contributory infringement, IBM must prove an act of direct infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

16.    When an article has no meaningful use other than to infringe the claims of a patent, no "substantial noninfringing use" exists under § 271(c). *See Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1363 (Fed. Cir. 2006) ("[I]t matters not that the assembled device can be manipulated into a non-infringing configuration, because the instructions packaged with each device teach the infringing configuration and nothing in the record suggests that either Peterson or any end-user ignored the instructions or assembled the burners in a manner contrary to the instructions so as to form a non-infringing configuration."). "[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).

7

### 2.    Willful Infringement

#### (a)    Issues of Law to be Litigated

- Whether Groupon's infringement of the '967 patent was willful.

- Whether Groupon's infringement of the '849 patent was willful.

- Whether Groupon's infringement of the '601 patent was willful.

- Whether Groupon's infringement of the '346 patent was willful.

#### (b)    Legal Authority

17.    IBM must prove Groupon's willful infringement of the asserted patents by a preponderance of the evidence. *Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1927 (2016). "A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1926.

18.    "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). "[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1933. "Proof of an objectively reasonable litigation-inspired defense to infringement is no longer a defense to willful infringement." *WBIP*, 829 F.3d at 1341.

19.    "Willfulness of behavior is a classical jury question of intent." *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989). "By its nature," willful infringement "hinges both on the fact finder's assessments of the credibility of witnesses and on the fact finder drawing inferences from the evidence presented to it." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). As such, the "intent-implicating question [of]

8

willfulness" is "peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006).

### 3.    Damages

#### (a)    Issues of Law To Be Litigated

- IBM's damages for Groupon's infringement including the dollar amount that will compensate IBM for infringement of the patents-in-suit.

- Whether IBM is entitled to costs and, if so, the dollar amount of such costs.

- Whether IBM is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether IBM is entitled to an award of attorneys' fees.

- Whether IBM is entitled to an award of prejudgment and postjudgment interest and the dollar amount of such award.

- Whether IBM is entitled to enhanced damages due to Groupon's willful infringement and, if so, the level of enhancement.

- Whether IBM is entitled to an injunction against Groupon.

- If IBM is not entitled to an injunction, the appropriate royalty to compensate IBM for Groupon's future infringement.

#### (b)    Legal Authority

20.    Upon a finding of infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed. Cir. 2003). One approach for calculating a reasonable royalty is through a

hypothetical negotiation analysis considering the factors set forth in *Georgia-Pacific Corp v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012) ("The [reasonable] royalty may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant."). One of the *Georgia-Pacific* factors "looks at use of the invention and at evidence probative of the value of that use . . . . [C]orrelation of use with value [is] not unreliable." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1298 (Fed. Cir. 2015).

21.     "It is perfectly reasonable for a finance and damages expert to adopt the conclusions of other experts. Whether those conclusions are sound can be explored at trial through cross examination and other expert testimony." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 115 (D. Del. 2016).

22.     "As we have recognized previously, any reasonable royalty analysis necessarily involves an element of approximation, and uncertainty." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 857-58 (Fed. Cir. 2010); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) ("The determination of a damage award is not an exact science, and the amount need not be proven with unerring precision.  The trial court is required to approximate, if necessary, the amount to which the patent owner is entitled.  In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate.") (citations and internal quotations omitted).

23.     "[I]f actual damages can not be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available

evidence, taking cognizance of the reason for the inadequacy of proof and resolving doubt against the infringer." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) 179.

24.    Damages from indirect infringement are not limited to the number of actual instances of direct infringement. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1334 (Fed. Cir. 2009).

25.    Federal Rule of Civil Procedure 54 states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 of Title 28 of the United States Code includes the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See also* D. Del. LR 54.1.

26.    Section 285 of Title 35 of the United States Code states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated" and "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the

totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).

27. "Prejudgment interest shall ordinarily be awarded absent some justification for withholding such an award." *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *General Motors Corp. v. Devex Corp.*, 461 U.S. 648 (1983)). The Supreme Court has explained that "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp.*, 461 U.S. at 654. Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc.*, 81 F.3d at 1574. Accordingly, awarding "prejudgment interest is the rule, not the exception." *Id.* "[P]rejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc.*, 847 F.2d at 800. Section 1961(a) of Title 28 of the United States Code states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

28. "Postjudgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Post-judgment interest is governed by regional circuit law. *Id.* at 1348. Interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993). Courts in this District routinely award postjudgment interest in patent infringement cases. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 392 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006) (awarding postjudgment interest to patentee for defendant's willful infringement); *TruePosition Inc. v.*

12

*Andrew Corp.*, 611 F. Supp. 2d 400, 414 (D. Del. 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010) (awarding post-judgment interest for patent infringement).

29.    Section 284 provides that upon a finding of patent infringement, the court "may increase the damages up to three times the amount found or assessed." There is "no explicit limit or condition on when enhanced damages are appropriate . . . ." *Halo Elec.*, *Inc. v. Pulse Elec.*, *Inc.*, 136 S. Ct. 1923, 1926 (2016). "A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.*

30.    Courts having jurisdiction over patent infringement cases "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. Relief in the form of a permanent objection is available when (1) the plaintiff has suffered an irreparable injury; (2) remedies at law, such as monetary damages, will not adequately compensate the plaintiff for the injury; (3) the balance of hardships between the plaintiff and defendant weigh in favor of an equitable remedy; and (4) a permanent injunction is not against the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A patent holder may establish irreparable injury even if it licenses but does not practice its patents. *Id.* at 393.

31.    The District Court has the authority to award an ongoing royalty for patent infringement. *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 628 (Fed. Cir. 1985). For example, rather than issue an injunction, the Court may award an ongoing royalty for infringement. *Research Foundation of State University of New York v. Mylan Pharms. Inc.*, Civ. Nos. 09-184-LPS, 10-892-LPS, 2012 WL 1901267, at *2 (D. Del. May 25, 2012) *see also Paice*

13

*LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007) (noting that the District Court has authority to award an ongoing royalty).

### B.    Issues On Which Groupon Bears The Burden of Proof

#### 1.    Validity

##### (a)    Issues Of Law To Be Litigated

- Whether each reference asserted against the patents-in-suit is "prior art" under 35 U.S.C. §§ 102(a), (b), (e), and or 103.

- Whether Groupon can prove that any asserted claims of the patents-in-suit are invalid as anticipated.

- Whether Groupon can prove that any asserted claims of the patents-in-suit are invalid as obvious.

- Whether Groupon can prove that any asserted claims of the '967 and/or '849 patents are invalid under 35 U.S.C. § 112 as indefinite.

##### (b)    Legal Authority

###### (1)    Presumption of Validity and Burden of Proof

32.    All patents are presumed valid.  35 U.S.C. § 282(a); *Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, 719 F.3d 1346, 1352 (Fed. Cir. 2013) ("It is black-letter law that a patent is presumed valid.").  "Each claim of a patent . . . shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282(a).  Groupon must prove invalidity of the patents-in-suit by clear and convincing evidence.  *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2242 (2011); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed. Cir. 2003).  "Clear and convincing evidence is evidence that places in the fact finder an abiding conviction that the truth of the factual contentions are highly probable." *Bayer*

14

*Pharma AG v. Watson Labs., Inc.*, 183 F. Supp. 3d 579, 585 (D. Del. 2016) (*citing Alza Corp. v. Andrx Pharms., LLC*, 607 F. Supp. 2d 614, 631 (D. Del. 2009)).

33.    Groupon bears the burden of proof concerning validity throughout the entirety of the litigation. *Novo Nordisk*, 719 F.3d at 1352 ("[B]ecause the presumption of validity remains intact throughout the litigation, the burden of persuasion never shifts to the patentee.") (internal quotations omitted). "[W]here the challenger fails to identify any persuasive evidence of invalidity, the very existence of the patent satisfies the patentee's burden on the validity issue." *Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998).

### (2) Prior Art

34.    In order for a reference to be considered prior art, whether as 35 U.S.C. § 102 art or § 103 art, a reference must have been sufficiently accessible to the public interested in the art before the critical date. *In re Omeprazole Patent Litig. v. Apotex Corp.*, 536 F.3d 1361, 1381 (Fed. Cir. 2008). For a reference to be publically known, "the knowledge must be publicly accessible . . . and it must be sufficient to enable one with ordinary skill in the art to practice the invention." *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed. Cir. 2002). Similarly, for the use of a product to be prior art, the "use must be accessible to the public." *Id.* "Although 'public use' for purposes of § 102(b) is defined differently from 'use' for purposes of § 102(a) both require actual use by someone at some point." *Id.* at 1307.

35.    Where a party relies on the public use of a combination of elements, the party must show that those elements were actually used together. *Minnesota*, 303 F.3d at 1307. "The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999). It must be shown that the prior art system was actually created, not just merely a possible configuration that could be assembled. *See Motorola Mobility, LLC v. Int'l Trade Comm'n*, 737 F.3d 1345, 1349-1350 (Fed. Cir. 2013) (affirming

finding of no anticipation where the accused infringer relied a configuration of a prior art system that was possible but not necessary); *Cont'l Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1269 (Fed. Cir. 1991) ("The mere fact that a certain thing may result from a given set of circumstances is not sufficient" for anticipation.); *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-CV-00630-LHK, 2012 WL 2576136, at *3 (N.D. Cal. July 3, 2012) (finding no anticipation where "[t]here [was] no evidence that the software programs and code used by [the invalidity expert] were in existence at the same time or that they were combined in a single apparatus.").

36.    To constitute a printed publication, a reference must be publically accessible. *Intellectual Ventures I, LLC v. Canon Inc.*, 143 F. Supp. 3d 143, 165 (D. Del. 2015).  A reference is "publicly accessible upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008) (citation and quotation marks omitted).  "The proponent of the publication bar must show that prior to the critical date the reference was sufficiently accessible, at least to the public interested in the art, so that such a one by examining the reference could make the claimed invention without further research or experimentation." *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986); *Massachusetts Inst. of Tech. v. AB Fortia, et al.*, 774 F.2d 1104, 1109 (Fed. Cir. 1985).  If an alleged piece of prior art must be located through abnormal means and "not by means of customary research aids available in the library, the probability of public knowledge of the contents of the [prior art] . . . [i]s virtually nil." *In re Bayer*, 568 F.2d 1357, 1361 (C.C.P.A. 1978).

### (3) Conception And Reduction To Practice

37.    "A party asserting prior invention may establish that he was the first to invent by showing that he was either: (1) the first to reduce the invention to practice; or (2) the first to

conceive the invention and to then exercise reasonable diligence in attempting to reduce the invention to practice from a date just prior to the applicant's conception to the date of his reduction to practice." *Golden Bridge Tech., Inc. v. Apple Inc.*, 937 F. Supp. 2d 504, 516 (D. Del. 2013), *adhered to on reconsideration* (Apr. 25, 2013), aff'd, 758 F.3d 1362 (Fed. Cir. 2014). "Though the patentee has the burden of production in antedating a reference, the burden of persuasion, by clear and convincing evidence, remains with the party that challenges an issued patent's validity." *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. Appx. 897, 907–08 (Fed. Cir. 2011). Conception is the "formation in the inventor's mind of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986)); *Stern v. Trs. of Columbia Univ. in New York*, 434 F.3d 1375, 1378 (Fed. Cir. 2006). "Actual reduction to practice requires that the claimed invention work for its intended purpose, and, as has long been the law, constructive reduction to practice occurs when a patent application on the claimed invention is filed." *Hybritech Inc.*, 802 F.2d at 1376 (internal citations omitted). To determine whether a patentee was diligent, "[t]he basic inquiry is whether, on all of the evidence, there was reasonably continuing activity to reduce the invention to practice." *Brown v. Barbacid*, 436 F.3d 1376, 1380 (Fed. Cir. 2006). There is no rule requiring a specific kind of activity in determining whether the applicant was reasonably diligent in proceeding toward an actual or constructive reduction to practice." *Id.*; *see also Scott v. Koyama*, 281 F.3d 1243, 1248 (Fed. Cir. 2002) ("The activities that may be considered in a showing of diligence can take a diversity of forms."). Engineering activity directed to an actual reduction to practice, or "engineering diligence," can establish diligence running to a constructive reduction to practice, i.e., the filing of a patent

application. *Scott*, 281 F.3d at 1248; (*citing Rey-Bellet v. Engelhardt*, 493 F.2d 1380, 1388 (CCPA 1974)); *see also Keizer v. Bradley*, 270 F.2d 396, 400 (CCPA 1959).

### (4) Anticipation

38.     A patent claim is invalid as anticipated under 35 U.S.C. § 102 if it can be shown by clear and convincing evidence that "within the four corners of a single, prior art document every element of the claimed invention [is described], either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1346 (Fed. Cir. 2009); *Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 20 (Fed. Cir. 2000) ("Anticipation under 35 U.S.C. § 102 requires the disclosure in a single piece of prior art of each and every limitation of a claimed invention."). Furthermore, in addition to disclosing all of the elements, the claimed elements must also be "arranged as in the claim. A prior art disclosure that 'almost' meets that standard may render the claim invalid under § 103; it does not 'anticipate.'" *Structural Rubber Prod. Co. v. Park Rubber Co.*, 749 F.2d 707, 716 (Fed. Cir. 1984). In order to anticipate, the alleged prior art reference must disclose the invention "without any need for picking, choosing, and combining various disclosures not directly related to each other by the teachings of the cited reference." *In re Arkley*, 455 F.2d 586, 587-88 (C.C.P.A 1972) ("Such picking and choosing may be entirely proper in the making of a 103, obviousness rejection, where the applicant must be afforded an opportunity to rebut with objective evidence any inference of obviousness which may arise from the similarity of the subject matter which he claims to the prior art, but it has no place in the making of a 102, anticipation rejection.").

39.     Anticipation requires more than mere similarity; an accused infringer must show that the prior art is exactly the same as the construed claim. *Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 780 (Fed. Cir. 1985) ("[A]nticipation under § 102 can be found only

when the reference discloses exactly what is claimed."). An accused infringer cannot use extrinsic evidence, such as expert testimony, to fill gaps in a reference. *See Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576-77 (Fed. Cir. 1991) ("The role of extrinsic evidence is to educate the decision-maker to what the reference meant to persons of ordinary skill in the field of the invention, not to fill gaps in the reference."), *clarified on denial of reconsideration*, No. 89-1541, 1991 WL 523489 (Fed. Cir. Apr. 30, 1991), and *overruled on other grounds by Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009).

40.  Finally, to anticipate, a prior art reference must enable one of skill to practice the claimed invention. *Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003) ("To serve as an anticipating reference, the reference must enable that which it is asserted to anticipate.").

### (5) Obviousness

41.  A patent is invalid as obvious under 35 U.S.C. § 103 "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. To conclude whether a patent is obvious, the following factors must be determined: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicators of nonobviousness. *See Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966). All of these factors must be considered before a patent can be found invalid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 663 (Fed. Cir. 2000). The obviousness analysis takes place at the time of the invention and focuses on evidence existing before the time of the invention. *See KSR Int'l*, 550 U.S. at 420.

19

42.    "[A] patent composed of several elements is not proved obvious by merely demonstrating that each of its elements was, independently, known in the prior art." *KSR*, 550 U.S. at 418. "Inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id.* at 418-19. An accused infringer must demonstrate "by clear and convincing evidence" that a "skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." *In re Cyclobenzaprine Hydrochloride Extended Release Capsule Patent Litig.*, 676 F.3d 1063, 1068-69 (Fed. Cir. 2012).

43.    It is prohibited to use hindsight in the obviousness analysis. *KSR Int'l*, 550 U.S. at 421. "Obviousness cannot be based on the hindsight combination of components selectively culled from the prior art to fit the parameters of the patented invention." *Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Systems, Inc.*, 725 F.3d 1341, 1352 (Fed. Cir. 2013); *In re NTP, Inc.*, 654 F.3d 1279, 1299 (Fed. Cir. 2011) ("Care must be taken to avoid hindsight reconstruction by using the patent in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit."); *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000) (using "the claimed invention itself as a blueprint for piecing together elements in the prior art to defeat the patentability of the claimed invention" is impermissible hindsight reasoning) (citation omitted). In order to guard against hindsight bias, secondary considerations or objective indicia of nonobviousness should be considered.

44.    Some of the factors to be considered as objective indicators of nonobviousness are: (i) copying; (ii) long felt but unresolved need; (iii) failure of others to develop the invention;

(iv) licenses showing industry respect for the invention; (v) commercial success; (vi) unexpected results created by the claimed invention; (vii) whether the claimed invention was praised by others in the field; and (vii) skepticism of skilled artisans before the invention. *Cheese Sys., Inc.*, 725 F.3d at 1352-53. Additional factors that relate to obviousness or nonobviousness may also be considered. *Graham v. John Deere Co.*, 83 U.S. at 1, 17- 18 (1966). Objective factors of nonobviousness "must" always be considered as part of the original determination of obviousness. *See Hybritech Inc.*, 802 F.2d at 1380, 1382–84.

### (c)    Indefiniteness

45.    Under 35 U.S.C. § 112, a patent must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." The Supreme Court has explained that Section 112 requires that "a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014). Absolute precision is not required and is "unattainable." *Nautilus*, 134 S. Ct. at 2129. "The certainty which the law requires in patents is not greater than is reasonable, having regard to their subject-matter." *Id.* Groupon bears the burden of demonstrating that the '967 and/or '849 patents are indefinite by clear and convincing evidence. *Sonix Tech. Co. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).

### 2.    Infringement

### (a)    Issues of Law to be Litigated

- Whether Groupon can prove that Groupon has an implied license to the '346 patent.

- Whether Groupon can prove that IBM exhausted its right to enforce the '346 patent through licenses to ███████████████.

### (b)    Legal Authority

21

### (1) Implied License

46.     "An implied license is a defense to patent infringement." *Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1350 (Fed. Cir. 2003).  "A patentee grants an implied license to a purchaser when (1) the patentee sells an article that has no noninfringing uses and (2) the circumstances of the sale plainly indicate that the grant of a license should be inferred." *Id.* "[E]stablishing the absence of noninfringing uses is a prerequisite in the typical implied licenses case, where the question is whether a license is implied by virtue of a sale of nonpatented equipment used to practice a patented invention." *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1360 (Fed. Cir. 2008) (internal quotations omitted).  A "legally acceptable noninfringing use" needs to be "reasonable." *Glass Equip. Dev., Inc. v. Besten, Inc.*, 174 F.3d 1337, 1342 (Fed. Cir. 1999).  The inquiry into noninfringing uses is not required only where an explicit license "specifically authorize[s] the sale of [a licensee's products] for infringing uses." *Zenith*, 522 F.3d at 1361-62.

### (2) Patent Exhaustion

47.     "The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008).  To qualify for exhaustion, the sold item must "embod[y] essential features of the patented device." *United States v. Univis Lens Co.*, 316 U.S. 241, 249 (1942); *see also Quanta*, 553 U.S. at 632.  "'Substantial embodiment' is established if (1) the only reasonable and intended use of the article is to practice the allegedly exhausted patent; and (2) the article embodies the essential or inventive features of the allegedly exhausted patent." *JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1046 (Fed. Cir. 2015); *see also LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1368-70 (Fed. Cir. 2013).

22

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|                                    |     |                           |
|------------------------------------|-----|---------------------------|
| INTERNATIONAL BUSINESS             | )   |                           |
| MACHINES CORPORATION,              | )   |                           |
|                                    | )   | C.A No. 16-122-LPS        |
| Plaintiff,                         | )   |                           |
|                                    | )   | **JURY TRIAL DEMANDED**   |
| v.                                 | )   |                           |
|                                    | )   |                           |
| GROUPON, INC.                      | )   |                           |
|                                    | )   |                           |
| Defendant.                         | )   |                           |

## GROUPON'S STATEMENT OF ISSUES OF LAW
## THAT REMAIN TO BE LITIGATED

# TABLE OF CONTENTS

**Page**

I.     ISSUES RELATING TO ALLEGED INFRINGEMENT ......................................1

     A.     Issues of Law to be Litigated ........................................................1

     B.     Legal Authority ..............................................................................5

         1.     Infringement Generally ....................................................5

         2.     Direct Infringement—Literal ..........................................6

         3.     Direct Infringement—Doctrine of Equivalents .............7

         4.     Prosecution History Estoppel..........................................8

         5.     Ensnarement....................................................................9

         6.     Indirect Infringement—Active Inducement...................10

         7.     Indirect Infringement—Contributory Infringement.....11

         8.     Willful Infringement ......................................................12

II.     ISSUES RELATING TO ALLEGED INVALIDITY.................................13

     A.     Issues of Law To Be Litigated .....................................................13

     B.     Legal Authority ............................................................................14

         1.     Invalidity Generally ......................................................14

         2.     Anticipation...................................................................15

         3.     Obviousness ..................................................................18

         4.     Indefiniteness Under 35 U.S.C. § 112 ..........................20

         5.     Patent Eligibility Under 35 U.S.C. § 101......................21

         6.     Priority of Invention......................................................23

III.     ISSUES RELATING TO DEFENSE OF PATENT EXHAUSTION...................26

     A.     Issues of Law to be Litigated .......................................................26

     B.     Legal Authority ............................................................................26

**TABLE OF CONTENTS
(CONTINUED)**

Page

IV.    ISSUES RELATING TO DEFENSE OF IMPLIED LICENSE ...........................27

    A.    Issues of Law to be Litigated ...................................................................27

    B.    Legal Authority ........................................................................................27

V.    ISSUES RELATING TO ALLEGED DAMAGES...............................................28

    A.    Issues of Law To Be Litigated .................................................................28

        1.    Legal Authority ............................................................................28

            a.    Reasonable Royalty ..........................................................28

            b.    Enhanced Damages............................................................33

VI.    MISCELLANEOUS ISSUES ............................................................................34

    A.    Issues of Law To Be Litigated .................................................................34

    B.    Legal Authority ........................................................................................34

        1.    Costs.............................................................................................34

        2.    Attorneys' Fees ............................................................................35

        3.    Prejudgment and Post-judgment Interest.....................................35

VII.    NO INJUNCTIVE RELIEF ...............................................................................36

    A.    Issues of Law To Be Litigated .................................................................36

    B.    Legal Authority ........................................................................................36

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abbott Labs. v. Dey, L P.*,
    287 F.3d 1097 (Fed. Cir. 2002)..................................................................8

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*,
    501 F.3d 1307 (Fed. Cir. 2007)................................................................10

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012)................................................................37

*Adenta GmbH v. OrthoArm, Inc.*,
    501 F.3d 1364 (Fed. Cir. 2007)................................................................26

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
    261 F.3d 1329 (Fed. Cir. 2001)..................................................................5

*Affinity Labs of Tex., LLC v. Amazon.com Inc.*,
    838 F.3d 1266 (Fed. Cir. 2016)...........................................................22, 23

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)............................................................6, 7

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*,
    134 S. Ct. 2347 (2014)......................................................................22, 23

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
    725 F.2d 1350 (Fed. Cir. 1984)................................................................15

*Am. Seating Co. v. USSC Grp., Inc.*,
    514 F.3d 1262 (Fed. Cir. 2008)................................................................16

*Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*,
    No. 15-CV-915-RGA, 2018 WL 620968 (D. Del. Jan. 30, 2018)...................12, 13

*Apple Comput., Inc. v. Articulate Sys., Inc.*,
    234 F.3d 14 (Fed. Cir. 2000)..................................................................17

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
    435 F.3d 1356 (Fed. Cir. 2006)................................................................32

*AquaTex Indus., Inc. v. Techniche Sols.*,
    479 F.3d 1320 (Fed. Cir. 2007)..............................................................7, 8

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Asyst Techs., Inc. v. Emtrak, Inc.*,
  544 F.3d 1310 (Fed. Cir. 2008)..................................................................20

*Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*,
  14 F. Supp. 3d 588, 590–91 (D. Del. 2014)................................................21

Atlas Powder Co. Hanex Prods., Inc.,
  190 F.3d 1342 (Fed. Cir. 1999)..................................................................18

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018)..................................................................21

*Biosig Instruments, Inc. v. Nautilus, Inc.*,
  783 F.3d 1374 (Fed. Cir. 2015)..................................................................20

*BJ Servs. Co. v. Halliburton Energy Servs., Inc.*,
  338 F.3d 1368 (Fed. Cir. 2003)..................................................................21

*BMC Res., Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007)................................................................6, 7

*Brand v. Miller*,
  487 F.3d 862 (Fed. Cir. 2007)....................................................................23

*Braun, Inc. v. Dynamics Corp. of Am.*,
  975 F.2d 815 (Fed. Cir. 1992)......................................................................5

*Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*,
  509 U.S. 209 (1993)....................................................................................29

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
  977 F.2d 1555 (Fed. Cir. 1992)..................................................................29

*Brown v. Barbacid*,
  276 F.3d 1327 (Fed. Cir. 2002)..................................................................25

*Burroughs Wellcome Co. v. Barr Labs., Inc.*,
  40 F.3d 1223 (Fed. Cir. 1994)....................................................................24

*Canton Bio-Med., Inc. v. Integrated Liner Techs., Inc.*,
  216 F.3d 1367 (Fed. Cir. 2000)....................................................................6

*Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*,
  72 F.3d 872 (Fed. Cir. 1995)......................................................................27

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
  859 F.3d 1352 (Fed. Cir. 2017), *pet. for cert. filed*, 86 U.S.L.W. 3379 (U.S. Jan. 16, 2018) ..................................................................................12

*Conroy v. Reebok Int'l, Ltd.*,
  14 F.3d 1570 (Fed. Cir. 1994) ..................................................................10

*Cordance Corp. v. Amazon.com, Inc.*,
  658 F.3d 1330 (Fed. Cir. 2011) ................................................................24

*Cordance Corp. v. Amazon.com, Inc.*,
  730 F. Supp. 2d 333 (D. Del. 2010) .........................................................37

*Corning v. Burden*,
  56 U.S. (15 How.) 252 (1854) ..................................................................22

*Daiichi Sankyo Co. v. Apotex, Inc.*,
  501 F.3d 1254 (Fed. Cir. 2007) ................................................................19

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ..................................................................................29

*DDR Holdings, LLC v. Hotels.com, L.P.*,
  773 F.3d 1245 (Fed. Cir. 2014) ................................................................23

*Deering Precision Instruments, L.L.C. v. Vector Distribution Sys., Inc.*,
  347 F.3d 1314 (Fed. Cir. 2003) ..................................................................9

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
  567 F.3d 1314 (Fed. Cir. 2009) ...............................................................8, 9

*Dow Chem. Co. v. Nova Chems. Corp. (Canada)*,
  803 F.3d 620 (Fed. Cir. 2015) ..................................................................20

*DSL Dynamic Scis. Ltd. v. Union Switch & Signal, Inc.*,
  928 F.2d 1122 (Fed. Cir. 1991) ................................................................24

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) ...................................................10, 11, 12

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ..................................................................................36

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

*Edwards Lifesciences AG v. CoreValve, Inc.*,
  C.A. 08-91-GMS, 2011 WL 446203 (D. Del. Feb. 7, 2011), *aff'd in part,
  remanded in part*, 699 F.3d 1305 (Fed. Cir. 2012)......................................................37

*Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*,
  346 F.3d 1051 (Fed. Cir. 2003)......................................................17

*Elec. Power Grp., LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016)......................................................22

*Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of Gen. Elec. Co.*,
  417 F.3d 1203 (Fed. Cir. 2005)......................................................16

*Enfish LLC v. Microsoft Corp.*,
  822 F.3d 1327 (Fed. Cir. 2016)......................................................22

*Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*,
  279 F.3d 1022 (Fed. Cir. 2002)......................................................11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014)......................................................31

*EWP Corp. v. Reliance Universal Inc.*,
  755 F.2d 898 (Fed. Cir. 1985)......................................................14

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*,
  879 F.3d 1332 (Fed. Cir. 2018)......................................................31

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*,
  350 F.3d 1327 (Fed. Cir. 2003)......................................................5

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
  535 U.S. 722 (2002)......................................................8

*Freedman Seating Co. v. Am. Seating Co.*,
  420 F.3d 1350 (Fed. Cir. 2005)......................................................7

*Fujifilm Corp. v. Benun*,
  605 F.3d 1366 (Fed. Cir. 2010)......................................................31

*Gambro Lundia AB v. Baxter Healthcare Corp.*,
  110 F.3d 1573 (Fed. Cir. 1997)......................................................20

*Geo M. Martin Co. v. Alliance Mach. Sys. Int'l*,
  618 F.3d 1294 (Fed. Cir. 2010)......................................................18

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Georgetown Rail Equip. Co. v. Holland L.P.*,
  867 F.3d 1229 (Fed. Cir. 2017)...............................................................34

*Georgia-Pacific Corp v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970).....................................................30, 32

*Giora George Angres, Ltd. v. Tinny Beauty & Figure, Inc.*,
  116 F.3d 1497, 1997 WL 355479 (Fed. Cir. 1997) ............................14, 15

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)...............................................................................10

*Gyromat Corp. v. Champion Spark Plug Co.*,
  735 F.2d 549 (Fed. Cir. 1984)..................................................................35

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016)........................................................................12, 33

*Helfix Ltd. v. Blok-Lok, Ltd.*,
  208 F.3d 1339 (Fed. Cir. 2000).................................................................16

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
  370 F.3d 1131 (Fed. Cir. 2004) (en banc)................................................8, 9

*HSM Portfolio LLC v. Elpida Memory Inc.*,
  160 F. Supp. 3d 708, 733 (D. Del. 2016)..................................................21

*In re Enhanced Sec. Research, LLC*,
  739 F.3d 1347 (Fed. Cir. 2014)...........................................................15, 16

*In re Garner*,
  508 F.3d 1376 (Fed. Cir. 2007).................................................................25

*In re Huang*,
  100 F.3d 135 (Fed. Cir. 1996)...................................................................19

*In re Jolley*,
  308 F.3d 1317 (Fed. Cir. 2002).................................................................25

*In re Mayne*,
  104 F.3d 1339 (Fed. Cir. 1997).................................................................18

*In re TLI Commc'ns LLC Patent Litig.*,
  823 F.3d 607 (Fed. Cir. 2016)............................................................22, 23

## TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Integra Lifesciences I, Ltd. v. Merck KGaA*,
  331 F.3d 860 (Fed. Cir. 2003), *vacated and remanded on other grounds*, 545
  U.S. 193 (2005) ................................................................................................................ 32

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
  792 F.3d 1363 (Fed. Cir. 2015) ........................................................................................ 23

*Invitrogen Corp. v. Biocrest Mfg., L.P.*,
  424 F.3d 1374 (Fed. Cir. 2005) ........................................................................................ 16

*Jacobs v. Nintendo of Am., Inc.*,
  370 F.3d 1097 (Fed. Cir. 2004) ........................................................................................ 27

*Jang, M.D. v. Bos. Sci. Corp.*,
  872 F.3d 1275 (Fed. Cir. 2017), *pet. for cert. filed*, 86 U.S.L.W. 3504 (U.S.
  Mar. 21, 2018) ....................................................................................................... 2, 9, 10

*Jazz Photo Corp. v. United States*,
  439 F.3d 1344 (Fed. Cir. 2006) ........................................................................................ 27

*Joy Techs., Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993) ....................................................................................... 6, 11, 12

*Kenexa Brassring, Inc. v. Taleo Corp.*,
  751 F. Supp. 2d 735 (D. Del. 2010) ................................................................................. 26

*KSR Int'l Co. v. Teleflex, Inc.*,
  550 U.S. 398 (2007) .................................................................................................... 18, 19

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ...................................................................................... 30, 32

*Le Roy v. Tatham*,
  55 U.S. (14 How.) 156 (1852) .......................................................................................... 22

*LifeScan Scotland, Ltd. v. Shasta Techs., LLC*,
  734 F.3d 1361 (Fed. Cir. 2013) ................................................................................... 26, 27

*Loughman v. Consol-Pennsylvania Coal Co.*,
  6 F.3d 88 (3d Cir. 1993) ................................................................................................... 36

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................................... 29, 30

*Lucent Techs., Inc. v. Gateway, Inc.*,
  No. 02CV2060-BCAB, 2007 WL 1877984 (S.D. Cal. June 27, 2007) ......................... 24, 31

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Mahurkar v. C.R. Bard, Inc.*,
   79 F.3d 1572 (Fed. Cir. 1996) ...................................................................15, 23, 24

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996) .........................5

*Media Rights Techs., Inc. v. Capital One Fin. Corp.*,
   800 F.3d 1366 (Fed. Cir. 2015) .................................................................................21

*Medichem, S.A. v. Rolabo, S.L.*,
   437 F.3d 1157 (Fed. Cir. 2006) ...........................................................................24, 25

*Merck Sharp & Dohme Corp. v. Hospira Inc.*,
   221 F. Supp. 3d 497, 504 (D. Del. 2016) ................................................................17

*Microsoft Corp. v. i4i Ltd. P'ship*,
   564 U.S. 91 (2011) .....................................................................................................14

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010) ...................................................................................................36

*Monsanto Co. v. Mycogen Plant Sci., Inc.*,
   261 F.3d 1356 (Fed. Cir. 2001) ...........................................................................16, 25

*Monsanto Co. v. Syngenta Seeds, Inc.*,
   503 F.3d 1352 (Fed. Cir. 2007) ..................................................................................6

*Moore U.S.A., Inc. v. Standard Register Co.*,
   229 F.3d 1091 (Fed. Cir. 2000) ...................................................................................5

*Motionless Keyboard Co. v. Microsoft Corp.*,
   486 F.3d 1376 (Fed. Cir. 2007) ...................................................................................7

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   134 S. Ct. 2120 (2014) ...............................................................................................20

*Netscape Commc'ns Corp. v. Konrad*,
   295 F.3d 1315 (Fed. Cir. 2002) .................................................................................15

*Netscape Commc'ns Corp. v. ValueClick, Inc.*,
   704 F. Supp. 2d 544 (E.D. Va. 2010) .......................................................................24

*Newell Cos. v. Kenney Mfg. Co.*,
   864 F.2d 757 (Fed. Cir. 1988) ...................................................................................18

*Newkirk v. Lulejian*,
   825 F.2d 1581 (Fed. Cir. 1987) .................................................................................24

**TABLE OF AUTHORITIES**
**(CONTINUED)**

Page(s)

*Nichia Corp. v. Everlight Ams., Inc.*,
  855 F.3d 1328 (Fed. Cir. 2017)..................................................................36, 37

*Nickson Indus., Inc. v. Rol Mfg. Co.*,
  847 F.2d 795 (Fed. Cir. 1988).........................................................................35

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  134 S. Ct. 1749 (2014)....................................................................................35

*Oiness v. Walgreen Co.*,
  88 F.3d 1025 (Fed. Cir. 1996).........................................................................29

*Panavision Imaging, LLC v. OmniVision Techs., Inc.*,
  No. 209CV01577MRP(CTx), 2012 WL 12952006 (C.D. Cal. May 25, 2012)......................21

*Pfizer, Inc. v. Apotex, Inc.*,
  480 F.3d 1348 (Fed. Cir. 2007).......................................................................20

*PharmaStem Therapeutics, Inc. v. Viacell, Inc.*,
  491 F.3d 1342 (Fed. Cir. 2007).......................................................................12

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013).......................................................................29

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  No. 04-1371-LPS, D.I. 795 (D. Del. Jan. 19, 2011) ........................................34

*Preemption Devices, Inc. v. Minn. Min. & Mfg. Co.*,
  803 F.2d 1170 (Fed. Cir. 1986).......................................................................11

*Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*,
  875 F.3d 1369 (Fed. Cir. 2017).......................................................................33

*Promega Corp. v. Life Techs. Corp.*,
  875 F.3d 651 (Fed. Cir. 2017).........................................................................29

*PSC Comput. Prods., Inc. v. Foxconn Int'l, Inc.*,
  355 F.3d 1353 (Fed. Cir. 2004).........................................................................5

*Purdue Pharma L.P. v. Epic Pharma, LLC*,
  811 F.3d 1345 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 475 (2016) ...............17, 18

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
  553 U.S. 617 (2008).......................................................................................26

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

*Read Corp. v. Portec, Inc.,*
970 F.2d 816 (Fed. Cir. 1992), *abrogated on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996)..................................................................33, 34

*REG Synthetic Fuels, LLC v. Neste Oil Oyj,*
841 F.3d 954 (Fed. Cir. 2016).................................................................23

*ResQNet.com, Inc. v. Lansa, Inc.,*
594 F.3d 860 (Fed. Cir. 2010)............................................................29, 31

*Rexnord Corp. v. Laitram Corp.,*
274 F.3d 1336 (Fed. Cir. 2001)................................................................5

*Ricoh Co. v. Quanta Comput., Inc.,*
550 F.3d 1325 (Fed. Cir. 2008)..............................................................27

*Riles v. Shell Exploration & Prod. Co.,*
298 F.3d 1302 (Fed. Cir. 2002)..............................................................31

*Rite-Hite Corp. v. Kelley Co., Inc.,*
56 F.3d 1538 (Fed. Cir. 1995)............................................................30, 32

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.,*
No. CV 11-484-RGA, 2014 WL 4695765 (D. Del. Sept. 12, 2014) ....................................36

*Schering Corp. v. Geneva Pharm. Inc.,*
339 F.3d 1373 (Fed. Cir. 2003)..............................................................17

*Scott v. Finney,*
34 F.3d 1058 (Fed. Cir. 1994)...............................................................25

*Scripps Clinic & Research Found. v. Genentech, Inc.,*
927 F.2d 1565 (Fed. Cir. 1991), *overruled on other grounds by Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009) ....................................17

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.,*
926 F.2d 1161 (Fed. Cir. 1991)..............................................................29

*Southwall Techs., Inc. v. Cardinal IG Co.,*
54 F.3d 1570 (Fed. Cir. 1995)................................................................6

*Stryker Corp. v. Davol Inc.,*
234 F.3d 1252 (Fed. Cir. 2000)...............................................................7

*Suffolk Techs., LLC v. AOL Inc.,*
752 F.3d 1358 (Fed. Cir. 2014)..........................................................15, 16

## TABLE OF AUTHORITIES
### (CONTINUED)

Page(s)

*Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*,
  492 F.3d 1350 (Fed. Cir. 2007)...................................................................19

*Tech. Licensing Corp. v. Videotek, Inc.*,
  545 F.3d 1316 (Fed. Cir. 2008)..................................................................23

*Teleflex, Inc. v. Ficosa N. Am. Corp.*,
  299 F.3d 1313 (Fed. Cir. 2002)..................................................................17

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  649 F.3d 1276 (Fed. Cir. 2011)..................................................................15

*Transcore, LP v. Elec. Transaction Consultants Corp.*,
  563 F.3d 1271 (Fed. Cir. 2009)..................................................................27

*Transmatic, Inc. v. Gulton Indus., Inc.*,
  180 F.3d 1343 (Fed. Cir. 1999)..................................................................36

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*,
  699 F.3d 1340 (Fed. Cir. 2012)..................................................................30

*TWM Mfg. Co. v. Dura Corp.*,
  789 F.2d 895 (Fed. Cir. 1986)....................................................................30

*Ultramercial, Inc. v. Hulu, LLC*,
  772 F.3d 709 (Fed. Cir. 2014)....................................................................23

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011)............................................................28, 31

*Unisplay, S.A. v. Am. Elec. Sign Co.*,
  69 F.3d 512 (Fed. Cir. 1995)......................................................................31

*United States v. Univis Lens Co.*,
  316 U.S. 241 (1942)...................................................................................27

*Verdegaal Bros., Inc. v. Union Oil Co.*,
  814 F.2d 628 (Fed. Cir. 1987)....................................................................17

*Virnetx, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014)..................................................................31

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)..................................................................11

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
  103 F.3d 1571 (Fed. Cir. 1997)..................................................................26

## TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Warner-Jenkinson Co. v. Hilton-Davis Chem. Co.*,
520 U.S. 17 (1997)........................................................................................7, 8

*Warner-Lambert Co. v. Apotex Corp.*,
316 F.3d 1348 (Fed. Cir. 2003)................................................................10

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016)................................................................12

*We Care, Inc. v. Ultra-Mark Int'l Corp.*,
930 F.2d 1567 (Fed. Cir. 1991)..................................................................9

*Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*,
904 F.2d 677 (Fed. Cir. 1990), *overruled in part on other grounds by
Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993)..............9, 10

*Woodland Trust v. Flowertree Nursery, Inc.*,
148 F.3d 1368 (Fed. Cir. 1998)..........................................................16, 26

*Wyers v. Master Lock Co.*,
616 F.3d 1231 (Fed. Cir. 2010)................................................................20

*Z4 Techs., Inc. v. Microsoft Corp.*,
507 F.3d 1340 (Fed. Cir. 2007)..........................................................24, 25

*Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*,
522 F.3d 1348 (Fed. Cir. 2008)..........................................................27, 28

*Ziilabs Inc. v. Samsung Elecs. Co.*,
No. 2-14-cv-203-JRG-RSP, D.I. 455 (E.D. Tex. Oct. 28, 2015).............13

**STATUTES**

28 U.S.C. § 1923........................................................................................35

35 U.S.C. § 101..........................................................................14, 15, 21, 22

35 U.S.C. § 101 note..................................................................................15

35 U.S.C. § 102 (2006)........................................................................15, 17

35 U.S.C. §§ 102(a), (b), (e)......................................................................13

35 U.S.C. § 103(a)......................................................................................18

35 U.S.C. § 112....................................................................................14, 20

35 U.S.C. § 112 ¶ 2....................................................................................20

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

35 U.S.C. § 271(a) ..................................................................................................1, 5

35 U.S.C. § 271(b) ..................................................................................................3, 10

35 U.S.C. § 271(c) .........................................................................................3, 4, 11, 12

35 U.S.C. § 282 .........................................................................................................14

35 U.S.C. § 284 ....................................................................................28, 30, 33, 35

35 U.S.C. § 285 ...............................................................................................34, 35

35 U.S.C. § 298 .........................................................................................................13

Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 3(n)(1), 125 Stat. 284 (2011) ............................................................................................................15

## OTHER AUTHORITIES

Fed. R. Civ. P. 54 ..............................................................................................34, 35

Fed. R. Evid. 702 ......................................................................................................29

Groupon identifies the following issues of law to be litigated.  This statement is based on the parties' pleadings, documentary and testimony evidence, and Groupon's current understanding of IBM's claims and defenses.  As the parties are still finalizing and exchanging the evidence each intends to preset at trial, Groupon reserves the right to supplement this statement to rebut or otherwise address the issues of law raised or otherwise identified by IBM.  Groupon further reserves the right to supplement this statement to incorporate legal issues raised by IBM's proposed jury instructions.

Should the Court find that any issues of fact listed in Exhibit B of the Joint Pretrial Order should be considered as issues of law, Groupon incorporates those issues in this Section.  Should the Court find that any issues identified in this Section as an issue of law should be considered as an issue of fact, Groupon incorporates those issues into Exhibit B of the Joint Pretrial Order.  Groupon's issues of law to be litigated may change based on the Court's decisions on pending motions including summary judgment motions, motions *in limine*, and any other motions and open matters to be addressed by the Court, including any pretrial rulings by the Court.  Groupon reserves the right to revise this statement as needed in light of those decisions.  Groupon further reserves the right to present issues of law set forth in the pending motions, unless they have been resolved by the Court.  Groupon reserves its full rights to appeal any issues, whether legal holdings or factual findings.

## I.      ISSUES RELATING TO ALLEGED INFRINGEMENT

Groupon incorporates by reference its pending motion for summary judgment of non-infringement.  (D.I. 226 and 227.)

### A.      Issues of Law to be Litigated

1.      Whether IBM can prove by a preponderance of the evidence that Groupon's website directly infringes under 35 U.S.C. § 271(a) claims 1–7, 12, and 17 of the '967 patent, either literally

or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.[1]

2.      Whether IBM can prove by a preponderance of the evidence that Groupon's website and mobile applications directly infringe claims 1–9, 12–22, and 25 of the '849 patent, either literally or under the doctrine of equivalents.

3.      Whether IBM can prove by a preponderance of the evidence that Groupon's website and mobile applications directly infringe claims 1, 2, 4, 6, 7–10, 51, 52, 54, and 56–59 of the '601 patent, either literally or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.[2]

4.      Whether statements made by the applicant during prosecution of the '601 patent limits the scope of the claims and prevents IBM from claiming subject matter that was surrendered during prosecution.

5.      Whether IBM can prove by a preponderance of the evidence that Groupon's website and mobile applications directly infringe claims 1–3, 5, 8, 10, 12, and 13 of the '346 patent, either literally or under the doctrine of equivalents, to the extent any such theory is allowed by the Court.[3]

---

[1] Groupon objects to IBM's attempt to include a doctrine-of-equivalents theory in its statement of issues to be decided for the '967 patent. IBM's expert report includes no opinions relating to the doctrine of equivalents for the '967 patent. Groupon reserves the right to amend or supplement its Statement of Issues of Law and any other portion of its Joint Pretrial Order (for example, to address prosecution history estoppel) to the extent IBM advances an equivalence theory for the '967 patent.

[2] Groupon objects to IBM's attempt to include a doctrine-of-equivalents theory in its statement of issues to be decided for the '601 patent. As set forth in detail in Groupon's *Motion in Limine* #3, IBM should not be permitted to present any evidence, reference, argument, or testimony regarding any theory of infringement under the doctrine of equivalents that would ensnare the prior art. Specifically, IBM and its technical expert have advanced an infringement theory under the doctrine of equivalents for the '601 patent that ensnares the Amazon prior art system at issue in this case. Under binding Federal Circuit precedent, such infringement theory is improper and irrelevant for any presentation to the jury. *See Jang, M.D. v. Bos. Sci. Corp.*, 872 F.3d 1275 (Fed. Cir. 2017), *pet. for cert. filed*, 86 U.S.L.W. 3504 (U.S. Mar. 21, 2018) (No. 17-1332).

[3] Groupon objects to IBM's attempt to include a doctrine-of-equivalents theory in its statement of issues to be decided for the '346 patent. IBM's expert report includes no opinions relating to the

6.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged making, using, selling, or offering for sale in the United States of the accused website indirectly infringes under 35 U.S.C. § 271(b) any of the asserted claims of the '967 patent by active inducement of infringement.

7.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged making, using, selling, or offering for sale in the United States of the accused website or mobile applications indirectly infringes under 35 U.S.C. § 271(b) any of the asserted claims of the '849 patent by active inducement of infringement.

8.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged making, using, selling, or offering for sale in the United States of the accused website or mobile applications indirectly infringes under 35 U.S.C. § 271(b) any of the asserted claims of the '601 patent by active inducement of infringement.

9.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged making, using, selling, or offering for sale in the United States of the accused website or mobile applications indirectly infringes under 35 U.S.C. § 271(b) any of the asserted claims of the '346 patent by active inducement of infringe        ment.

10.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged selling or offering for sale in the United States of the accused website indirectly infringes under 35 U.S.C. § 271(c) any of the asserted claims of the '967 patent by contributory infringement.[4]

---

doctrine of equivalents for the '346 patent.  Groupon reserves the right to amend or supplement its Statement of Issues of Law and any other portion of its Joint Pretrial Order (for example, to address prosecution history estoppel) to the extent IBM advances an equivalence theory for the '346 patent.
[4] Groupon objects to IBM including the issue of whether Groupon contributorily infringes.  IBM's expert's report included a single, conclusory paragraph regarding contributory infringement for

11.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged selling or offering for sale in the United States of the accused website or mobile applications indirectly infringes under 35 U.S.C. § 271(c) any of the asserted claims of the '849 patent by contributory infringement.

12.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged selling or offering for sale in the United States of the accused website or mobile applications indirectly infringes under 35 U.S.C. § 271(c) any of the asserted claims of the '601 patent by contributory infringement.

13.    Whether IBM can prove by a preponderance of the evidence that Groupon's alleged selling or offering for sale in the United States of the accused website or mobile applications indirectly infringes under 35 U.S.C. § 271(c) any of the asserted claims of the '346 patent by contributory infringement.

14.    In the event IBM's '967 patent is found to be valid and infringed, whether IBM can prove that any infringement of the '967 patent by Groupon was willful.

15.    In the event IBM's '849 patent is found to be valid and infringed, whether IBM can prove that any infringement of the '849 patent by Groupon was willful.

16.    In the event IBM's '601 patent is found to be valid and infringed, whether IBM can prove that any infringement of the '601 patent by Groupon was willful.

---

the '967 and '601 patents. The single paragraph did not addresses all of the elements for contributory infringement including materiality to the claimed method and capability of non-infringing uses. And IBM has even argued that each of the products accused of infringing the '967 and '849 patents have "infinite noninfringing possibilities." D.I. 273 (IBM's Reply ISO Motion for Summary Judgment of No Affirmative Defenses) at 5. Further, IBM provides no contributory infringement theory in its infringement contentions for the '967 patent, no theory in its expert report for the '346 patent, and no theory in either its infringement contentions or expert report for the '849 patent.

17.    In the event IBM's '346 patent is found to be valid and infringed, and the claim is not licensed and rights to assert the '346 patent are not exhausted, whether IBM can prove that any infringement of the '346 patent by Groupon was willful.

**B.    Legal Authority**

**1.    Infringement Generally**

18.    IBM bears the burden of proving by a preponderance of evidence whether Groupon infringed. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001); *Braun, Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 819 (Fed. Cir. 1992).

19.    A party infringes a patent when it, without authority, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a).

20.    Determining infringement of a patent claim requires two steps: first, interpreting the language of the claim to determine its meaning and scope, and second, comparing the construed claim to the accused device to determine whether all of the claim elements or their equivalents are present. *See Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1105 (Fed. Cir. 2000); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1341 (Fed. Cir. 2001). Claim construction is a matter of law to be decided by the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979–81 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Whether the claims, as construed by the Court, are infringed is a question of fact to be determined by the jury. *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1338 (Fed. Cir. 2003).

21.    "To prove [patent] infringement, the patentee must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents." *PSC Comput. Prods., Inc. v. Foxconn Int'l, Inc*., 355 F.3d 1353, 1357 (Fed. Cir. 2004).

## 2.    Direct Infringement—Literal

22.    "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). For method claims, direct infringement occurs only when an accused method or product performs all of the steps of the claimed process. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("[A] method or process claim is directly infringed only when the process is performed."); *Canton Bio-Med., Inc. v. Integrated Liner Techs., Inc.*, 216 F.3d 1367, 1370 (Fed. Cir. 2000) ("Infringement of process inventions is subject to the 'all-elements rule' whereby each of the claimed steps of a patented process must be performed in an infringing process . . . ."). If an accused infringer does not infringe an independent claim, then the claims that depend on it are also not infringed as a matter of law. *Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2007).

23.    In the situation where a party does not perform or use each and every step or element of the patent claim, to prove direct infringement the patentee must allege a joint infringer theory in which "the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). To show that the performance of method steps is attributable to a single entity, the patentee must prove that a party (1) directed or controlled a third party to carry out or use certain steps or elements of the patented method or product, or (2) the party and the third party constitute "a joint enterprise."[5] *See, e.g.*, *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378–82 (Fed.

---

[5] Groupon objects to IBM's attempt to include a joint or divided infringement theory in its statement of issues to be decided and to assert any such theory at trial that was not disclosed in its Final Infringement Contentions or expert reports. IBM's infringement contentions and expert report on infringement include no opinions relating to joint or divided infringement of the '601 or '346 patents. IBM's infringement contentions and expert report on infringement relating to the '967 and

Cir. 2007); *Akamai Techs.*, 797 F.3d at 1022–23. "Direction or control" arises when the third party performs the steps of the patented process or uses the elements of the patented product by virtue of a contractual obligation or other relationship that gives rise to vicarious liability. *See BMC Res.,* 498 F.3d at 1378–82. Liability "can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Akamai Techs.*, 797 F.3d at 1023. "Whether a single actor directed or controlled the acts of one or more third parties is a question of fact . . . ." *Id.* at 1023.

### 3.      Direct Infringement—Doctrine of Equivalents

24.     Infringement under the doctrine of equivalents is generally a question of fact. *Stryker Corp. v. Davol Inc.*, 234 F.3d 1252, 1258 (Fed. Cir. 2000). The jury must determine whether the differences between the accused products and the claim elements are insubstantial. *Warner-Jenkinson Co. v. Hilton-Davis Chem. Co.*, 520 U.S. 17, 38–39 (1997).

25.     Evidence of infringement under the doctrine of equivalents must be presented on a limitation-by-limitation basis, and not based on the invention as a whole. *Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1383 (Fed. Cir. 2007); *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner-Jenkinson*, 520 U.S. at 29). Thus, infringement under the doctrine of equivalents requires the patentee to show that for every element of the claim that is not literally present in the accused method or product, the accused method or product contains a substitute element that is only an insubstantial difference from the claimed element. *See AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007). One test

---

'849 patents limit alleged joint infringement activity to conduct of "Groupon, together with third parties with whom Groupon contracts or as an agency relationship."

often applied by courts to evaluate whether a difference is insubstantial is whether the element in the accused product performs the substantially same function in substantially the same way with substantially the same result as the corresponding claim limitation. *Id*.

26.    However, the patentee may not use the doctrine of equivalents to vitiate a claim limitation entirely. *See Warner-Jenkinson*, 520 U.S. at 39 n.8; *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1323 (Fed. Cir. 2009). Whether a theory of equivalence would vitiate a claim limitation entirely is a legal question for the court to decide. *Id*.

### 4.    Prosecution History Estoppel

27.    The doctrine of prosecution history estoppel prevents a patentee from using the doctrine of equivalents to recapture subject matter that was relinquished during prosecution of the patent. *Id*.; *Abbott Labs. v. Dey, L P.*, 287 F.3d 1097, 1103–04 (Fed. Cir. 2002). Although the defense of prosecution history estoppel involves underlying factual issues that may be submitted to the jury, it is ultimately a legal question for the court to decide. *DePuy Spine*, 567 F.3d at 1323-1324.

28.    When "the patentee originally claimed the subject matter alleged to infringe but then narrowed the claim in response to a rejection, he may not argue that the surrendered territory comprised unforeseen subject matter that should be deemed equivalent to the literal claims of the issued patent." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 733–34 (2002). A narrowing amendment that adds an additional claim limitation to a patent claim creates a presumptive surrender of equivalents. *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1141 (Fed. Cir. 2004) (en banc). The burden is on the patentee to establish that the reason for the amendment was not related to patentability. *Festo*, 535 U.S. at 739–40 (citing *Warner-Jenkinson*, 520 U.S. at 33). Once the presumption of estoppel applies, the presumption of surrender may be rebutted only if the patentee can demonstrate that: (1) the alleged equivalent

would have been unforeseeable at the time the narrowing amendment was made; (2) the rationale underlying the narrowing amendment bore no more than a tangential relation to the equivalent at issue; or (3) there was some other reason suggesting that the patentee could not reasonably have been expected to have described the alleged equivalent. *Honeywell*, 370 F.3d at 1140, 1144.

29.    In addition to narrowing amendments, a clear and unmistakable surrender of claim territory in argument to the examiner of record can also estop the patentee from arguing for a broader claim scope in litigation. *Deering Precision Instruments, L.L.C. v. Vector Distribution Sys., Inc.*, 347 F.3d 1314, 1326 (Fed. Cir. 2003). The clear-and-unmistakable standard does not apply to amendment-based estoppel, where the simple act of amendment gives rise to the presumption of surrender. *See id.* at 1325–26 (comparing the standards between amendment-based estoppel and argument-based estoppel).

### 5.    Ensnarement

30.    Ensnarement is another "limitation on the reach of the doctrine" of equivalents, which specifies that a doctrine-of-equivalents infringement theory cannot "ensnare" the prior art. *Jang*, 872 F.3d at 1284–85, 1287–88; *Depuy Spine*, 567 F.3d at 1322; *Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 683 (Fed. Cir. 1990), *overruled in part on other grounds by Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993). It is rooted in the well-established principle that a "patentee should not be able to obtain, under the doctrine of equivalents, coverage which he could not lawfully have obtained from the PTO by literal claims." *We Care, Inc. v. Ultra-Mark Int'l Corp.*, 930 F.2d 1567, 1570 (Fed. Cir. 1991) (citation omitted). Although the defense of ensnarement involves underlying factual issues that may be submitted to the jury, it is ultimately a legal question for the court to decide. *DePuy Spine*, 567 F.3d at 1323-1324.

31.    The Federal Circuit's preferred way to determine whether an asserted equivalence

is permissible is "to construct a hypothetical claim that literally covers the accused device" according to the patentee and then "determine whether the patentee has carried its burden of persuading the court that the hypothetical claim is patentable over the prior art." *Jang*, 872 F.3d at 1285 (quoting *Intendis GmbH v. Glenmark Pharms. Inc., USA*, 822 F.3d 1355, 1363–64 (Fed. Cir. 2016)); *see also Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1576 (Fed. Cir. 1994).  This hypothetical claim "may not add any narrowing limitations." *Jang*, 872 F.3d at 1286.  If the patentee cannot prove that its claim would not ensnare the prior art, "then it would be improper to permit the patentee to obtain that coverage in an infringement suit under the doctrine of equivalents." *Wilson Sporting Goods*, 904 F.2d at 684 (Fed. Cir. 1993); *Jang*, 872 F.3d at 1285.

### 6.    Indirect Infringement—Active Inducement

32.    IBM bears the burden to prove indirect infringement by establishing that the defendant contributed to infringement or induced infringement. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

33.    Inducement is a specific-intent tort. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).  To establish liability under 35 U.S.C. § 271(b) for inducement, a patentee must prove by a preponderance of the evidence that "once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement." *Id.* (citation and internal quotations omitted); *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

34.    Knowledge of the existence of the patent that is alleged to be infringed and knowledge of that the induced acts constitute patent infringement are required to prove inducement. *Global-Tech Appliances, Inc.*, 563 U.S. at 766.  However, mere "knowledge of the acts alleged to constitute infringement" or of the possibility of infringement are insufficient. *DSU Med. Corp,* 471 F.3d at 1305; *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363–64 (Fed. Cir.

2003).

35.     The patent holder must also prove that direct infringement by a third party has occurred in order to establish a claim for indirect infringement.  *See Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002); *see also Dynacore*, 363 F.3d at 1272 ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement."); *Joy Techs.*, 6 F.3d at 774 ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

### 7.     Indirect Infringement—Contributory Infringement

36.     A party is liable for contributory infringement if it offers for sale, sells, or imports a component of a patented invention that constitutes a "material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."  35 U.S.C. § 271(c).  The patentee must show that the alleged contributory infringer had knowledge that "the combination for which his components were especially made was both patented and infringing."  *Preemption Devices, Inc. v. Minn. Min. & Mfg. Co.*, 803 F.2d 1170, 1174 (Fed. Cir. 1986) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488-91 (1964)).  It must also be shown that the accused component "is not a staple article suitable for substantial noninfringing use."  *Id.*  "[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).  "Contributory infringement imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention."  *Id.* (citing

*Ricoh Co. v. Quanta Comput., Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008)).  However, for liability under Section 271(c) to attach, the patentee must identify a sale or offer for sale of the accused component or device; a patentee cannot predicate allegations of contributory infringement upon the defendant's provision of a service.  *See PharmaStem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007) (finding that "none of [the activities governed by 35 U.S.C. § 271(c)] refer to the provision of a service"); *see also Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1363-64 (Fed. Cir. 2017), *pet. for cert. filed*, 86 U.S.L.W. 3379 (U.S. Jan. 16, 2018) (No. 17-997).  Finally, like inducement, there must be actual direct infringement by someone other than the party accused of contributory infringement.  *Dynacore*, 363 F.3d at 1272; *Joy Techs.*, 6 F.3d at 774.

### 8.    Willful Infringement

37.    IBM bears the burden to prove by a preponderance of the evidence that Groupon willfully infringed the asserted patents.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1927 (2016).

38.    To establish willful infringement, the patentee must show that the alleged infringer's conduct was subjectively willful.  *See id.* at 1933; *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15-CV-915-RGA, 2018 WL 620968, at *6 (D. Del. Jan. 30, 2018) (citing *Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring)).  Subjective willfulness is found where the alleged infringer's behavior is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Halo*, 136 S. Ct. at 1932.  A finding of willful infringement is reserved for only the most egregious behavior.  *Id.*

39.    "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."  *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016).  But "a party's pre-suit knowledge of the patent is not by itself sufficient to find 'willful misconduct'

such that the Court can award enhanced damages." *Ansell Healthcare Prods.*, 2018 WL 620968, at *6 (citing *Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring)). "Rather, the patentee must identify evidence beyond pre-suit knowledge of the patent to show that the accused infringer's infringement is 'egregious,' 'deliberate,' or 'wanton.'" *Id.*

40.    "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent." 35 U.S.C. § 298.

41.    A party cannot use evidence to assert a claim of willful infringement if use of such evidence is prohibited by an agreement between the parties. *See Ziilabs Inc. v. Samsung Elecs. Co.*, No. 2-14-cv-203-JRG-RSP, D.I. 455 at 5 (E.D. Tex. Oct. 28, 2015).

## II.    ISSUES RELATING TO ALLEGED INVALIDITY

Groupon incorporates by reference its oppositions to IBM's motions for summary judgment of no invalidity (D.I. 247, 251, 252) as those motions are still pending.

### A.    Issues of Law To Be Litigated

42.    Whether each reference asserted against the patents-in-suit is "prior art" under 35 U.S.C. §§ 102(a), (b), (e), and/or 103.

43.    Whether claims 1–7, 12, and 17 of the '967 patent are invalid as anticipated.

44.    Whether claims 1–7, 12, and 17 of the '967 patent are invalid as obvious.

45.    Whether claims 1–9, 12–22, and 25 of the '849 patent are invalid as anticipated.

46.    Whether claims 1–9, 12–22, and 25 of the '849 patent are invalid as obvious.

47.    Whether claims 1, 2, 4, 6, 7–10, 51, 52, 54, and 56–59 of the '601 patent are invalid as anticipated.

48.    Whether claims 1, 2, 4, 6, 7–10, 51, 52, 54, and 56–59 of the '601 patent are invalid

as obvious.

49.     Whether claims 1–3, 5, 8, 10, 12, and 13 of the '346 patent are invalid as obvious.

50.     Whether claims 1–7, 12, and 17 of the '967 patent are invalid for being indefinite under 35 U.S.C. § 112.

51.     Whether claims 1–9, 12–22, and 25 of the '849 patent are invalid for being indefinite under 35 U.S.C. § 112.

52.     Whether claims 1–7, 12, and 17 of the '967 patent are invalid under 35 U.S.C. § 101.[6]

53.     Whether claims 1–9, 12–22, and 25 of the '849 patent are invalid under 35 U.S.C. § 101.

54.     Whether IBM can prove that the '601 patent is entitled to a priority date earlier than the filing date of the '601 patent.

## B.     Legal Authority

### 1.     Invalidity Generally

55.     A patent must be invalidated by clear and convincing evidence.  35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).[7]

56.     Where a prior-art reference was not cited to the Patent and Trademark Office during the patent's prosecution, the party asserting invalidity may more easily carry its burden of proving invalidity.  *Giora George Angres, Ltd. v. Tinny Beauty & Figure, Inc.*, 116 F.3d 1497, 1997 WL 355479, at *2 (Fed. Cir. 1997); *EWP Corp. v. Reliance Universal Inc.*, 755 F.2d 898, 905 (Fed.

---

[6] Groupon includes this issue in order to preserve it for appeal.

[7] The "presumption of validity" is redundant with the "clear and convincing" burden required to prove invalidity.  Accordingly, Groupon disputes use of this language and believes that reference to the "presumption of validity" should be excluded.  *See* Groupon's Motion *in Limine* No. 2.

Cir. 1985).  In fact, "prior art not before the PTO may so clearly invalidate a patent that the burden is fully sustained merely by proving [the] existence [of the prior art] and applying the proper law." *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359–60 (Fed. Cir. 1984), *abrogated on other grounds by Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011); *see Giora George Angres*, 1997 WL 355479, at *2.

57.    As explained below, even within anticipation and obviousness, there may be subsidiary issues on which the patentee bears the burden, such as in proving an earlier date of conception.  *See, e.g.*, *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996).

### 2.    Anticipation

58.    Under 35 U.S.C. § 102 (2006),[8] a patent may be invalid as anticipated in a number of ways.  Section 102(a) provides that a person shall be entitled to a patent unless "the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the application for patent."

59.    A "printed publication" is a reference that is sufficiently accessible to the public interested in the art.  *Suffolk Techs., LLC v. AOL Inc.*, 752 F.3d 1358, 1364 (Fed. Cir. 2014).  A "single cataloged thesis in one university library" counts.  *In re Enhanced Sec. Research, LLC*, 739 F.3d 1347, 1354 (Fed. Cir. 2014).

60.    Public use includes "any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor."  *Netscape Commc'ns Corp. v. Konrad*, 295 F.3d 1315, 1320 (Fed. Cir. 2002) (quoting *Petrolite Corp. v. Baker Hughes Inc.*, 96 F.3d 1423, 1425 (Fed. Cir. 1996)).  "[I]n order to invalidate a patent based on prior

---

[8] Because the patents at issue precede the effective date of the AIA, their validity is judged by pre-AIA provisions of 35 U.S.C.  *See* Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, § 3(n)(1), 125 Stat. 284 (2011) (codified as amended in 35 U.S.C. § 101 note).

knowledge or use, that knowledge or use must have been available to the public." *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998). If "accessibility is proved, there is no requirement to show that particular members of the public actually received the information." *Enhanced Sec. Research*, 739 F.3d at 1354.

61.    Whether a publication or use was sufficiently available to the public is a question of law with underlying factual issues. *See Suffolk Techs.*, 752 F.3d at 1364.

62.    Section 102(b) provides that a person is not entitled to a patent if "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." *See Helfix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000). Unlike § 102(a), "§ 102(b) can apply to the inventor's own actions." *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1381 (Fed. Cir. 2005). The public-use bar of § 102(b) requires the Court to determine whether the purported use was either accessible to the public or commercially exploited. *Id.* at 1381. Whether an invention was on sale or in public use within the meaning of § 102(b) is a question of law based on underlying facts. *Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1267 (Fed. Cir. 2008); *Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of Gen. Elec. Co.*, 417 F.3d 1203, 1209 (Fed. Cir. 2005).

63.    Under section 102(g), a person is not entitled to a patent if "before such person's invention . . . the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." "[P]riority of invention goes to the first party to reduce an invention to practice unless the other party can show that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing that invention to practice." *Monsanto Co. v. Mycogen Plant Sci., Inc.*, 261 F.3d 1356, 1362 (Fed. Cir. 2001).

16

64.    A patent claim is anticipated under 35 U.S.C. § 102 if each and every limitation as set forth in the claim is found in a single prior-art reference, either expressly or inherently, as viewed through the eyes of a person with ordinary skill in the field of invention.  *Schering Corp. v. Geneva Pharm. Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003); *Apple Comput., Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 20 (Fed. Cir. 2000); *Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628, 631 (Fed. Cir. 1987).

65.    Even though "anticipation does not permit an additional reference to supply a *missing* claim limitation," the Federal Circuit has, however, "permitted the use of additional references to confirm the contents of the allegedly anticipating reference."  *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1335 (Fed. Cir. 2002).  In general, extrinsic evidence may be used to "educate the decision-maker to what the reference meant to persons of ordinary skill in the field of the invention."  S*cripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1576–77 (Fed. Cir. 1991), *overruled on other grounds by Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009).

66.    "A single prior art reference may anticipate without disclosing a feature of the claimed invention if such feature is necessarily present, or inherent, in that reference."  *Purdue Pharma L.P. v. Epic Pharma, LLC*, 811 F.3d 1345, 1351 (Fed. Cir. 2016), *cert. denied*, 137 S. Ct. 475 (2016).  "To establish inherency, 'prior art must necessarily function in accordance with, or include, the claimed limitations.'"  *Merck Sharp & Dohme Corp. v. Hospira Inc.*, 221 F. Supp. 3d 497, 504 (D. Del. 2016) (alterations omitted).  A prior-art reference must enable one of skill to practice the claimed invention.  *Elan Pharm., Inc. v. Mayo Found. for Med. Educ. & Research*, 346 F.3d 1051, 1054 (Fed. Cir. 2003).  But inherent anticipation does not "require that a person of ordinary skill in the art at the time would have recognized the inherent disclosure."  *Merck*, 221 F.

17

Supp. 3d at 504 (quoting *Schering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003)).

67.    Anticipation "is a question of fact." *Purdue Pharma*, 811 F.3d at 1351.  Ultimately, "if granting patent protection on the disputed claim would allow the patentee to exclude . . . the prior art, then that claim is anticipated." *Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1346 (Fed. Cir. 1999).

### 3.    Obviousness

68.    Even if a patent claim is not anticipated, it can still be obvious and invalid "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).  Whether an invention would have been obvious under § 103 is a determination of law based on underlying determinations of fact.  *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l*, 618 F.3d 1294, 1300 (Fed. Cir. 2010).

69.    The factual determinations include the scope and content of the prior art, the level of ordinary skill in the art, the differences between the claimed invention and the prior art, and secondary considerations of nonobviousness.  *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 406 (2007).  The first three of these factors establish a prima facie case of obviousness.  *In re Mayne*, 104 F.3d 1339, 1341–42 (Fed. Cir. 1997).  The clear-and-convincing standard of proof does not apply to "the ultimate legal conclusion of obviousness itself," but only to the disputed facts underlying the conclusion of obviousness.  *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 767 (Fed. Cir. 1988).

70.    In evaluating the first three factors, a court should consider whether the invention is more than a predictable use of prior art elements according to their established functions, and whether it does more than yield predictable results.  *KSR*, 550 U.S. at 416.  To determine whether

there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue, a court can look to interrelated teachings of multiple patents, the effects of demands known to the design community or present in the marketplace, and the background knowledge possessed by a person having ordinary skill in the art. *Id.* at 418. Furthermore, when a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. *Id.* at 417. An obviousness analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim—a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ. *Id.* at 418. In general, obviousness is judged under "an expansive and flexible approach" driven by "common sense." *Id.* at 415.

71.    A person of ordinary skill is a hypothetical person who is "presumed to be aware of all the pertinent prior art." *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1363 (Fed. Cir. 2007). Some of the factors used as a guide for determining the level of ordinary skill in the art include "(1) the educational level of the inventor; (2) [the] type of problems encountered in the art; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; (5) sophistication of the technology; and (6) educational level of active workers in the field." *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007). Where an ordinarily skilled artisan simply pursues "known options" from a "finite number of identified, predictable solutions," the solution is obvious. *KSR*, 550 U.S. at 421.

72.    Once a prima facie case of obviousness is established, the burden shifts to the patentee to offer evidence of objective indicia of non-obviousness, such as commercial success, long-felt but unresolved needs, failure of others, and copying. *In re Huang*, 100 F.3d 135, 139 (Fed. Cir. 1996) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966)). There must be a nexus

between such indicia and the claimed invention, such as commercial success *on the basis of* the patented features. *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579 (Fed. Cir. 1997).

73.    Although secondary considerations must be considered in an obviousness determination, "they do not necessarily control the obviousness conclusion." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1372 (Fed. Cir. 2007).  The Federal Circuit has held that "evidence of secondary considerations does not always overcome a strong prima facie showing of obviousness." *Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1316 (Fed. Cir. 2008).  Additionally, where "the inventions represented no more than 'the predicable use of prior art elements according to their established functions,' the secondary considerations are inadequate to establish nonobviousness as a matter of law." *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) (quoting *KSR*, 550 U.S. at 417).

### 4.    Indefiniteness Under 35 U.S.C. § 112

74.    Title 35 U.S.C. § 112 ¶ 2 requires that a patent claim, when read in light of the specification and the prosecution history, must inform those skilled in the art about the scope of the invention with reasonable certainty. *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1378 (Fed. Cir. 2015).  Although absolute precision is unattainable, the "standard adopted by the Supreme Court mandates clarity." *Id.*  (internal quotation marks and citation omitted).  "[A] patent must be precise enough to afford clear notice of what is claimed, thereby apprising the public of what is still open to them. Otherwise there would be a zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014) (alterations and quotation marks omitted).  "[U]nder *Nautilus*, '[t]he claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art.'" *Dow Chem. Co. v. Nova Chems. Corp.*

*(Canada)*, 803 F.3d 620, 630-31 (Fed. Cir. 2015) (quoting *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014)).  "[A] claim is indefinite if its language 'might mean several different things and no informed and confident choice is available among the contending definitions.'" *Media Rights Techs., Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366, 1371 (Fed. Cir. 2015) (quoting *Nautilus*, 134 S. Ct. at 2130 n.8).  A patentee's infringement theory can demonstrate that its claims have "fuzzy boundaries" that supply no "measure or guidance" as to what constitutes infringement.  *Panavision Imaging, LLC v. OmniVision Techs., Inc.*, No. 209CV01577MRP(CTx), 2012 WL 12952006, at *3-4 (C.D. Cal. May 25, 2012) (holding, based on patentee's "attempt to articulate and apply its infringement theories," that the court's earlier "indefiniteness finding was correct").  Conversely, courts have also refused to permit a patentee to pursue an infringement theory that would result in an indefinite claim.  *See, e.g.*, *HSM Portfolio LLC v. Elpida Memory Inc.*, 160 F. Supp. 3d 708, 733 (D. Del. 2016) ("Since the Court has rejected Plaintiffs' infringement theory, Micron no longer has a basis for pursuing a claim of indefiniteness.").

75.    Although indefiniteness is a legal determination, it is "amenable to resolution by the jury where the issues are factual in nature." *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1372 (Fed. Cir. 2003); *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 14 F. Supp. 3d 588, 590–91 (D. Del. 2014) (denying summary judgment, finding that the record "could permit a reasonable juror to find, by clear and convincing evidence, that the [disputed] term cannot be translated by one of ordinary skill in the art into meaningfully precise claim scope").

### 5.    Patent Eligibility Under 35 U.S.C. § 101

76.    Whether claims are eligible for patenting is a question of law that may contain underlying factual issues. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365, 1368 (Fed. Cir. 2018).  The Supreme Court has articulated a two-step framework for determining patent eligibility under 35

U.S.C § 101. First, a court must ask whether the patent is directed to an abstract idea; second, if so, the court must examine whether the claims contain an "inventive concept" that transforms the idea into a "patent-eligible application." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*, 134 S. Ct. 2347, 2355 (2014).

77.     The Supreme Court has declined to "delimit the precise contours of the 'abstract ideas' category." *Id.* at 2357. The Federal Circuit has found a wide range of claims directed to abstract ideas, including claims reciting the processing and displaying of information. *See, e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1351–52 (Fed. Cir. 2016) (processing and displaying power grid data); *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 609, 613 (Fed. Cir. 2016) (collecting and storing information about a digital image and transmitting to a server).

78.     One of the clearest eligibility distinctions is between claims that implement a specific solution to a problem and "purely functional" claims directed to a result. *Compare Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327, 1339 (Fed. Cir. 2016), *with Affinity Labs of Tex., LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1269 (Fed. Cir. 2016). This Court has consistently held that the latter sort of claim falls within the category of abstract ideas. "The essentially result-focused, functional character of claim language has been a frequent feature of claims held ineligible under § 101 . . . ." *Elec. Power*, 830 F.3d at 1356.[9]

79.     At the second step of the *Alice* test, courts look for "a concrete implementation of

---

[9] The prohibition on claiming a result rather than a technical solution is a cornerstone of the patent system that long predates *Alice. See Le Roy v. Tatham*, 55 U.S. (14 How.) 156, 175 (1852) ("A patent is not good for an effect, or the result of a certain process, as that would prohibit all other persons from making the same thing by any means whatsoever."); *Corning v. Burden*, 56 U.S. (15 How.) 252, 267–268 (1854) (requiring "invention of some practical method or means of producing a beneficial result or effect, . . . and not for the result or effect itself").

22

the abstract idea in the form of an 'inventive concept.'" *Affinity-Amazon*, 838 F.3d at 1271 (quoting *Alice*, 134 S. Ct. at 2355). Describing a desired functionality and directing the reader to "apply it" does not confer patent-eligibility. *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1368 (Fed. Cir. 2015). Nor does instructing the practitioner to implement the abstract idea with conventional components. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014). Nor does limiting a claim to a particular technological environment. *Alice*, 134 S. Ct. at 2358; *see DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258–59 (Fed. Cir. 2014). What is required, rather, is some "technical explanation as to how to implement the invention." *TLI*, 823 F.3d at 615.

### 6.    Priority of Invention

80.    In order to overcome prior art, IBM bears the burden of proving that it is entitled to a priority date that predates the patent's filing date. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327–29 (Fed. Cir. 2008).

81.    "Priority of invention and its constituent issues of conception and reduction to practice are questions of law predicated on subsidiary factual findings." *REG Synthetic Fuels, LLC v. Neste Oil Oyj*, 841 F.3d 954, 958 (Fed. Cir. 2016) (citation omitted).

82.    "To have conceived of an invention, an inventor must have formed in his or her mind a definite and permanent idea of the complete and operative invention." *C.R. Bard*, 79 F.3d at 1577 (internal quotations and citation omitted). "Conception is complete when the idea is so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation." *Brand v. Miller*, 487 F.3d 862, 869 n.4 (Fed. Cir. 2007) (citation omitted).

83.    "Because it is a mental act, courts require corroborating evidence of a contempora-

neous disclosure that would enable one skilled in the art to make the invention." *Burroughs Well-come Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). Conception "must be proven by evidence showing what the inventor has disclosed to others and what that disclosure means to one of ordinary skill in the art." *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1334 (Fed. Cir. 2011) (citation omitted).

84.     "Reduction to practice follows conception." *C.R. Bard*, 79 F.3d at 1578. In order to establish an actual reduction to practice, the inventor must prove: "(1) construct[ion of] an embodiment or perform[ance of] a process that met all the limitations of the interference count; [ ](2) . . . determin[ation] that the invention would work for its intended purpose, and (3) the existence of sufficient evidence to corroborate inventor testimony regarding these events." *Medi-chem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1169 (Fed. Cir. 2006) (citations omitted); *Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1352 (Fed. Cir. 2007).

85.     Proof of actual reduction to practice requires "more than theoretical capability; it requires showing that the apparatus of the count actually existed and worked for its intended purpose." *Newkirk v. Lulejian*, 825 F.2d 1581, 1583 (Fed. Cir. 1987); *DSL Dynamic Scis. Ltd. v. Union Switch & Signal, Inc.*, 928 F.2d 1122, 1125 (Fed. Cir. 1991) ("Proof of actual reduction to practice requires a showing that the embodiment relied upon as evidence of priority actually worked for its intended purpose.") (internal quotations and citation omitted).

86.     Proof of actual reduction to practice requires evidence that each step of the method "was actually performed" by the purported invention date. *Lucent Techs., Inc. v. Gateway, Inc.*, No. 02CV2060-BCAB, 2007 WL 1877984, at *5 (S.D. Cal. June 27, 2007); *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 561–62 (E.D. Va. 2010) (reduction to practice of

24

method claim "necessarily requires that the *process be performed*" (citing *In re Omeprazole Pat. Litig.*, 536 F.3d 1361, 1373 (Fed. Cir. 2008) (emphasis added))).

87.    "Testing is required to demonstrate reduction to practice in some instances because without such testing there cannot be sufficient certainty that the invention will work for its intended purpose." *Z4 Techs.*, 507 F.3d at 1352 (citation omitted); *Scott v. Finney*, 34 F.3d 1058, 1061 (Fed. Cir. 1994) (emphasis added) ("proof of actual reduction to practice requires demonstration that the embodiment relied upon as evidence of priority *actually worked* for its intended purpose" (quoting *Newkirk v. Luljian*, 825 F.2d 1581, 1582 (Fed. Cir. 1987))).

88.    "It is also necessary to corroborate that the device worked for its intended purpose." *In re Garner*, 508 F.3d 1376, 1381 (Fed. Cir. 2007).

89.    Where a party is first to conceive but second to reduce to practice, that party must demonstrate reasonable diligence toward reduction to practice from a date just prior to the other party's conception to its reduction to practice. *See, e.g.*, *Mycogen Plant Sci.*, 261 F.3d at 1363–1364. The question of diligence is one of fact. *In re Jolley*, 308 F.3d 1317, 1329 (Fed. Cir. 2002).

90.    Corroboration is required to support an inventor's testimony regarding his reasonable diligence in pursuit of the invention. *Id.* at 1328.

91.    "[A]n inventor's testimonial assertions of inventive facts require corroboration by independent evidence." *Brown v. Barbacid*, 276 F.3d 1327, 1335 (Fed. Cir. 2002). An alleged prior inventor "must provide independent corroborating evidence in addition to [the inventor's] own statements and documents." *Martek Biosciences,* 579 F.3d at 1375 (citation omitted). "[A]n inventor's own unwitnessed documentation does not corroborate an inventor's testimony about inventive facts." *Brown*, 276 F.3d at 1335; *Medichem*, 437 F.3d at 1170. An inventor's own

25

"timestamped source code files fail to provide sufficient independent corroboration." *Kenexa Brassring, Inc. v. Taleo Corp.*, 751 F. Supp. 2d 735, 760 (D. Del. 2010).

92.    The sufficiency of corroborating evidence is assessed under a "rule of reason" test and is a jury question. *Id.* at 754. "A 'rule of reason' analysis involves an assessment of the totality of the circumstances including an evaluation of all pertinent evidence." *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1372 (Fed. Cir. 2007). For prior invention, the Federal Circuit has endorsed the following criteria: (1) the relationship between the corroborating witness and the alleged prior user, (2) the time period between the event and trial, (3) the interest of the corroborating witness in the subject matter in suit, (4) contradiction or impeachment of the witness's testimony, (5) the extent and details of the corroborating testimony, (6) the witness' familiarity with the subject matter of the patented invention and the prior use, (7) probability that a prior use could occur considering the state of the art at the time, (8) impact of the invention on the industry, and the commercial value of its practice. *Woodland Trust*, 148 F.3d at 1371.

## III.    ISSUES RELATING TO DEFENSE OF PATENT EXHAUSTION

### A.    Issues of Law to be Litigated

93.    Whether IBM is barred by patent exhaustion from enforcing the '346 patent against Groupon.

### B.    Legal Authority

94.    Patent exhaustion must be proven by a preponderance of the evidence. *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1576 (Fed. Cir. 1997).

95.    Patent exhaustion requires an authorized sale of an article that substantially embodies the patent. *Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 638 (2008). A distribution of the article has the same effect as a sale. *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1375 (Fed. Cir. 2013).

26

96.     An "unconditional covenant not to sue authorizes sales by the covenantee for purposes of patent exhaustion." *Transcore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1274 (Fed. Cir. 2009).

97.     An article that "essentially, even if not completely, embod[ies] an invention" will trigger exhaustion. *Quanta*, 553 U.S. at 630–31 (citing *United States v. Univis Lens Co.*, 316 U.S. 241, 251 (1942)).  "Whether the licensee sells the patented article in its completed form or sells it before completion for the purpose of enabling the buyer to finish and sell it, he has equally parted with the article, and . . . . has received in the purchase price every benefit of that monopoly which the patent law secures to him." *Univis Lens*, 316 U.S. at 251–52.

98.     An allegedly potential non-infringing use does not prevent exhaustion where the use in question is the "very use contemplated by the patented invention itself." *LifeScan Scotland*, 734 F.3d at 1369.  "[A]lternative uses are relevant to the exhaustion inquiry under *Quanta* only if they are both 'reasonable and intended' by the patentee or its authorized licensee." *Id.*

## IV.    ISSUES RELATING TO DEFENSE OF IMPLIED LICENSE

### A.    Issues of Law to be Litigated

99.     Whether Groupon had an implied license to the '346 patent.

### B.    Legal Authority

100.    The defense of implied license must be proven by a preponderance of the evidence. *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995); *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1350 (Fed. Cir. 2006).

101.    An implied license arises from an "express license" that "authorized the sale of those [licensed products] for infringing uses." *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1360–61 (Fed. Cir. 2008); *Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1100 (Fed. Cir. 2004).

102.    Where an implied license arises from an express license, the question of whether the licensed products are capable of non-infringing uses is irrelevant. *Zenith Elecs.*, 522 F.3d at 1360–61.

## V.    ISSUES RELATING TO ALLEGED DAMAGES

### A.    Issues of Law To Be Litigated

103.    If the '967 patent is found to be valid and infringed, the royalty adequate to compensate IBM for infringement of the '967 patent.

104.    If the '849 patent is found to be valid and infringed, the royalty adequate to compensate IBM for infringement of the '849 patent.

105.    If the '601 patent is found to be valid and infringed, the royalty adequate to compensate IBM for infringement of the '601 patent.

106.    If the '346 patent is found to be valid and infringed, and the claim is not licensed and rights to assert the '346 patent are not exhausted, the royalty adequate to compensate IBM for infringement of the '346 patent.

107.    In the event Groupon is found to have willfully infringed any of the patents-in-suit, whether IBM is entitled to enhanced damages.

#### 1.    Legal Authority

##### a.    Reasonable Royalty

108.    Upon a finding of infringement, "the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. A reasonable royalty is the predominant measure of damages in patent infringement cases. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1312 (Fed. Cir. 2011).

109.    IBM must prove the amount of its damages by a preponderance of the evidence. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp*., 926 F.2d 1161, 1164 (Fed. Cir. 1991).

110.    To properly carry this burden, IBM must persuade the Court using "reliable" and "legally sufficient" evidence regarding an appropriate reasonable royalty.  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010).  The claim for damages cannot be speculative— there must be a reasonable certainty as to the amount of damages being claimed.  *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1340 (Fed. Cir. 2009) (vacating and remanding jury award as excessive); *Oiness v. Walgreen Co*., 88 F.3d 1025, 1029–30 (Fed. Cir. 1996); *Brooktree Corp. v. Advanced Micro Devices, Inc*., 977 F.2d 1555, 1581 (Fed. Cir. 1992).  IBM "must show [its] damages by evidence." *Promega Corp. v. Life Techs. Corp.*, 875 F.3d 651, 660 (Fed. Cir. 2017).  Damages "must not be left to conjecture by the jury. They must be proved, and not guessed at." *Id.* (citation omitted).

111.    The party claiming damages must "sufficiently [tie the expert testimony on damages] to the facts of the case." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). "An additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Id.* (citing *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)); Fed. R. Evid. 702.

112.    When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.  *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242–43 (1993).  An expert's data cannot be derived from an unreliable source. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1373 (Fed. Cir.

2013).

113.    "The methodology of assessing and computing damages under 35 U.S.C. § 284 is within the sound discretion of the district court." *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 898 (Fed. Cir. 1986).  One approach for calculating a reasonable royalty is through a hypothetical negotiation analysis considering the factors set forth in *Georgia-Pacific Corp v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012) ("The [reasonable] royalty may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant.") (citation omitted).  The reasonable royalty analysis aims to capture what the infringer, acting as a prudent licensee, would have been willing to pay as a royalty and yet be able to make a reasonable profit, and what amount would have been acceptable to the patent holder, acting as a prudent patentee who was willing to grant a license.  *Georgia-Pacific Corp.*, 318 F. Supp. at 1121-22.

114.    "Where small elements of multi-component products are accused of infringement, calculating a royalty on the entire product carries a considerable risk that the patentee will be improperly compensated for non-infringing components of that product." *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 66–67 (Fed. Cir. 2012).  Thus, it is generally required that royalties be based not on the entire product, but instead on the "smallest salable patent-practicing unit." *Id.* (quoting *Cornell Univ. v. Hewlett–Packard Co.*, 609 F. Supp. 2d 279, 283, 287–88 (N.D.N.Y. 2009)).  A patentee may assess damages based on the entire market value of the accused product only where the patented feature creates the "basis for customer demand" or "substantially create[s] the value of the component parts." *Lucent*, 580 F.3d at 1336; *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995); *accord LaserDynamics*, 694 F.3d at 67 (to apply

the entire-market-value rule, a patentee must show that the demand for the entire product is attributable to the patented feature).

115.    "[T]he patent holder should only be compensated for the approximate incremental benefit derived from his invention." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1233 (Fed. Cir. 2014).  The patent holder must accordingly "give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features . . . ." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014) (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)).  The Federal Circuit has held that "a reasonable royalty analysis requires a court to hypothesize, not to speculate. . . . [T]he trial court must carefully tie proof of damages to the claimed invention's footprint in the market place." *ResQNet*, 594 F.3d at 869; *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1350–51 (Fed. Cir. 2018).  A damages theory must be based on "sound economic and factual predicates." *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002).  "Any evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute." *ResQNet*, 594 F.3d at 869.  If the patentee fails to tie the theory to the facts of the case, the testimony must be excluded. *Uniloc*, 632 F.3d at 1315.

116.    To determine a reasonable royalty, a jury must find the royalty that would have been agreed to in a hypothetical negotiation between a willing licensee and willing licensors.  *Lucent*, 580 F.3d at 1324–25; *accord Fujifilm Corp. v. Benun*, 605 F.3d 1366, 1372 (Fed. Cir. 2010).  Deciding the amount of the reasonably royalty is a question of fact.  *See Unisplay, S.A. v. Am. Elec. Sign Co.*, 69 F.3d 512, 517 (Fed. Cir. 1995).  The Federal Circuit has explained that "[t]he correct determination of [the hypothetical negotiation] date is essential for properly assessing damages."

31

*Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *vacated and remanded on other grounds*, 545 U.S. 193 (2005). Generally, "the date of the hypothetical negotiation is the date that the infringement began." *LaserDynamics.*, 694 F.3d at 75; *see also Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1363–64 (Fed. Cir. 2006) ("[T]he hypothetical negotiation relates to the date of first infringement.").

117. A determination of the royalty stemming from a hypothetical negotiation is usually made by assessing factors such as those set forth in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). *Rite-Hite*, 56 F.3d at 1554–55. These factors include:

1. The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

2. The rates paid by the licensee for the use of other patents comparable to the patent in suit.

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

6. The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

7. The duration of the patent and the term of the license.

8. The established profitability of the product made under the patent; its commercial success; and its current popularity.

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

11. The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

14. The opinion testimony of qualified experts.

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee —who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

### b.    Enhanced Damages

118.    Upon a finding of willful infringement, a district court may, at its discretion, grant enhanced damages.  *See* 35 U.S.C. § 284 (1994); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826, 23 (Fed. Cir. 1992), *abrogated on other grounds by Markman*, 52 F.3d at 975.

119.    Enhanced damages "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior.  The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Halo Elecs.*, 136 S. Ct. at 1932.

120.    While willful infringement may allow enhanced damages, such a finding does not compel the district court to grant them.  *Id.* at 1933.  "An award of enhanced damages does not necessarily flow from a willfulness finding."  *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017) (citing *Halo*, 136 S. Ct. at 1932; *WBIP*, 829 F.3d at 1341 n.13).  "Discretion remains with the court to determine whether the conduct is sufficiently egregious to warrant enhanced damages."  *Id.* (citing *WBIP*, 829 F.3d at 1341 n.13).  "In determining whether enhanced damages are appropriate, courts should consider the overall circumstances of the case."  *Id.* (citing *Halo*, 136 S. Ct. at 1933).

121.    Factors the court may take into consideration when determining whether, and to

what extent, to exercise its discretion to enhance damages include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) any remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1244–45 & n.6 (Fed. Cir. 2017) (citing *Read*, 970 F.2d at 827). No one *Read* factor is dispositive, but rather, the paramount determination in deciding whether to grant enhanced damages and the amount thereof is the egregiousness of the infringer's conduct based on all of the facts and circumstances. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 04-1371-LPS, D.I. 795 at 12–13 (D. Del. Jan. 19, 2011).

## VI.    MISCELLANEOUS ISSUES

### A.    Issues of Law To Be Litigated

122.    Whether either party is entitled to costs, and, if so, the dollar amount of such costs.

123.    Whether either party is entitled to a finding that this case is exceptional pursuant to 35 U.S.C. § 285 and whether Groupon is entitled to an award of attorneys' fees.

124.    Whether IBM is entitled to an award of prejudgment and post-judgment interest and the dollar amount of such award.

### B.    Legal Authority

#### 1.    Costs

125.    Federal Rule of Civil Procedure 54 states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 of Title 28 of the United States Code includes

the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under.  *See also* D. Del. L.R. 54.1.

### 2.    Attorneys' Fees

126.    Section 285 of Title 35 of the United States Code states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

127.    The party seeking attorneys' fees has the burden of proving entitlement to fees under § 285 by a preponderance of evidence.  *Octane Fitness*, *LLC v. ICON Health & Fitness*, *Inc.*, 134 S. Ct. 1749, 1758 (2014).

128.    An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated" and "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.* at 1756.

### 3.    Prejudgment and Post-judgment Interest

129.    Prejudgment interest may be awarded on any award of damages.  *See* 35 U.S.C. § 284; *see also Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 555 (Fed. Cir. 1984) (prejudgment interest "should ordinarily be awarded" on awards of lost profits and reasonable royalty) (citation omitted).  In general, "prejudgment interest should be awarded from the date of infringement to the date of judgment."  *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983)).

130.    "Postjudgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Post-judgment interest is governed by regional circuit law. *Id.* at 1348. Interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993).

## VII.    NO INJUNCTIVE RELIEF

### A.    Issues of Law To Be Litigated

131.    In the event any of the patents-in-suit are found to be valid and infringed, whether IBM has proved it is entitled to an injunction against Groupon.

### B.    Legal Authority

132.    IBM has the burden to prove it is entitled to a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

133.    To obtain a permanent injunction, a plaintiff must demonstrate all of the following: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* Courts have held that "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). "[I]f the plaintiff's injury can be adequately redressed with a less severe remedy, 'recourse to the additional and extraordinary relief of an injunction' is not warranted." *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. CV 11-484-RGA, 2014 WL 4695765, at *3 (D. Del. Sept. 12, 2014) (citation omitted).

134.    "[P]rior licenses weigh[] against a finding of irreparable harm." *Nichia Corp. v. Everlight Ams., Inc.*, 855 F.3d 1328, 1343–44 (Fed. Cir. 2017). Such licensing activity is also

evidence that monetary damages are adequate to compensate for any infringement. *Id.*; *Edwards
Lifesciences AG v. CoreValve, Inc.*, C.A. 08-91-GMS, 2011 WL 446203, at *15 (D. Del. Feb. 7,
2011), *aff'd in part, remanded in part*, 699 F.3d 1305 (Fed. Cir. 2012); *Cordance Corp. v. Ama-
zon.com, Inc.*, 730 F. Supp. 2d 333, 341 (D. Del. 2010).

135.    Absence of competition between the patent holder and alleged infringer weighs
against a finding of irreparable harm. *See, e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns,
Inc.*, 694 F.3d 1312, 1337 (Fed. Cir. 2012); *Nichia*, 855 F.3d at 1341.

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| | ) | C.A No. 16-122-LPS |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| GROUPON, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### IBM'S TRIAL WITNESS LIST

At this time, International Business Machines Corporation ("IBM") identifies the following trial witnesses. IBM reserves the right to supplement this list to account for future depositions and to call witnesses on Groupon's witness list. IBM also reserves the right to call by deposition any of the witness identified in its deposition designations. IBM reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to Groupon's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed below become unable to attend the trial or otherwise unable to provide testimony. Inclusion on this list does not imply or establish that Groupon may compel the live testimony of that witness and does not waive any objections that IBM may have should Groupon seek to introduce testimony of that witness.

1

## 1. Expert Witnesses

| Will Call, Live | |
| --- | --- |
| **Name** | **Groupon's Objections** |
| Dr. Douglas Schmidt<br>c/o Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>(212) 351-3400<br><br>Dr. Schmidt is a technical expert witness with expertise in the field of computer hardware, software, and internet communications. Dr. Schmidt will testify consistent with his expert reports, including on the issues of infringement, validity, lack of non-infringing alternatives, and extent of use of the patented inventions, and will rebut any opinions of Dr. Weissman. | Groupon objects to any testimony or opinion of Dr. Schmidt that has not been properly and sufficiently disclosed during fact or expert discovery. *See* Fed. R. Civ. P. 26, 37. Groupon further objects to the testimony of Dr. Schmidt to the extent it is inadmissible under Federal Rules of Evidence 702, 703. Groupon further objects that Dr. Schmidt cannot offer any rebuttal opinions that he has not sufficiently described in his expert reports. |
| Dr. Jerry Hausman<br>c/o Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>(212) 351-3400<br><br>Professor Jerry Hausman is a damages expert witness with expertise in the field of economics. Professor Hausman will testify consistent with the opinions and analyses in his opening, reply, and supplemental expert reports on the issues of reasonable royalty damages, the absence of viable non-infringing alternatives, and the benefits of the patented technologies to Groupon and the Accused Instrumentalities. Professor Hausman will rebut any opinions of Dr. Malackowski. | Groupon objects to the testimony of Dr. Hausman as failing to meet the requirements for expert testimony under Federal Rule of Evidence 702. *See* Motion of Groupon, Inc. to Exclude Expert Testimony of Dr. Jerry A. Hausman. Groupon further objects to the testimony of Dr. Hausman to the extent it is inadmissible under Federal Rule of Evidence 703. Groupon further objects to any testimony or opinion of Dr. Hausman that has not been properly and sufficiently disclosed during fact or expert discovery. *See* Fed. R. Civ. P. 26, 37. Groupon further objects that Dr. Hausman cannot offer any rebuttal opinions that he has not sufficiently described in his expert reports. |

| May Call, Live | |
| --- | --- |
| **Name** | **Groupon's Objections** |
| Dr. David Stewart<br>c/o Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>(212) 351-3400 | Groupon objects to IBM calling Dr. Stewart because IBM failed to disclose Dr. Stewart as an expert witness whom it may use at trial under Fed. R. Civ. P. 26(a)(2). Nor did it identify him as a percipient witness in its initial disclosures. IBM |

| | |
|---|---|
| Dr. David Stewart is a survey expert with expertise in the field of marketing, consumer behavior, and research methods. Dr. Stewart may testify consistent with his expert report and survey, including on the design, deployment, and results of the survey. | is thus precluded from relying on his testimony. Fed. R. Civ. P. 37(c). IBM merely produced Dr. Stewart's report from the *Priceline* case during discovery in this matter. *See* IBM-GROUPON00095549. Groupon thus reserves its right to challenge Dr. Stewart as failing to meet the requirements for expert testimony under Federal Rules of Evidence 702 and 703 if the Court excuses IBM's untimely disclosure; further, should the Court allow Dr. Stewart to testify at trial, Groupon will need a full disclosure of his opinions, an opportunity to respond to those opinions, and an opportunity to take his deposition all before trial commences in this matter. |

### 2. Non-Expert Witnesses

| Will Call, Live | |
|---|---|
| **Name** | **Groupon's Objections** |
| Thomas McBride c/o Desmarais LLP 230 Park Avenue New York, NY 10169 (212) 351-3400 | Groupon objects to IBM calling Thomas McBride to the extent it seeks to introduce testimony for which the witness lacks personal knowledge or to the extent the witness is not competent to testify. *See* Fed. R. Evid. 601, 602. Groupon further objects to the extent IBM seeks to introduce testimony that constitutes improper lay witness opinion. *See* Fed. R. Evid. 701. Groupon further objects to the extent Mr. McBride's testimony is inadmissible under Fed. R. Evid. 408 or 802, or is irrelevant and likely to confuse the jury. *See* Fed. R. Evid. 402, 403. |
| Robert Filepp c/o Desmarais LLP 230 Park Avenue New York, NY 10169 (212) 351-3400 | Groupon objects to IBM calling Robert Filepp to the extent it seeks to introduce testimony for which the witness lacks personal knowledge or to the extent the witness is not competent to testify. *See* Fed. R. Evid. 601, 602. Groupon further objects to the extent IBM seeks to introduce testimony that constitutes improper lay witness opinion. *See* Fed. R. Evid. 701. Groupon further objects to the extent Filepp's testimony is irrelevant and likely to confuse the jury. *See* Fed. |

3

| | R. Evid. 402, 403. Groupon objects to IBM calling Filepp by deposition. *See* Fed. R. Evid. 802. Groupon further objects to the extent IBM's designation of deposition testimony is not permitted by Fed. R. Civ. P. 32. |
|---|---|
| Heather Hinton<br>c/o Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>(212) 351-3400 | Groupon objects to IBM calling Heather Hinton to the extent it seeks to introduce testimony for which the witness lacks personal knowledge or to the extent the witness is not competent to testify. *See* Fed. R. Evid. 601, 602. Groupon further objects to the extent IBM seeks to introduce testimony that constitutes improper lay witness opinion. *See* Fed. R. Evid. 701. Groupon further objects to the extent Hinton's testimony is irrelevant and likely to confuse the jury. *See* Fed. R. Evid. 402, 403. Groupon objects to IBM calling Hinton by deposition. *See* Fed. R. Evid. 802. Groupon further objects to the extent IBM's designation of deposition testimony is not permitted by Fed. R. Civ. P. 32. |

| May Call, Live or By Deposition | |
|---|---|
| **Name** | **Groupon's Objections** |
| Arun Iyengar<br>c/o Desmarais LLP<br>230 Park Avenue<br>New York, NY 10169<br>(212) 351-3400 | Groupon objects to IBM calling Arun Iyengar to the extent it seeks to introduce testimony for which the witness lacks personal knowledge or to the extent the witness is not competent to testify. *See* Fed. R. Evid. 601, 602. Groupon further objects to the extent IBM seeks to introduce testimony that constitutes improper lay witness opinion. *See* Fed. R. Evid. 701. Groupon further objects to the extent Iyengar's testimony is irrelevant and likely to confuse the jury. *See* Fed. R. Evid. 402, 403. Groupon objects to IBM calling Iyengar by deposition. *See* Fed. R. Evid. 802. Groupon further objects to the extent IBM's designation of deposition testimony is not permitted by Fed. R. Civ. P. 32. |
| Akamai Technologies Inc.<br>c/o David Judson<br>15950 Dallas Parkway<br>Suite 225 | Groupon objects to IBM calling Akamai Technologies Inc. because it did not properly disclose it in IBM's initial disclosures. *See* Fed. R. Civ. P. 26(a), 37(c). Groupon also objects as |

| | |
|---|---|
| Dallas, TX 75248<br>(214) 939-7659 | Akamai Technologies Inc. was not deposed in either this case or the IBM-Priceline litigation, and further objects to the testimony of Akamai as irrelevant and likely to confuse the jury with respect to the issues in this case. *See* Fed. R. Evid. 402, 403. |
| James Breen<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling James Breen to the extent it seeks to introduce testimony that is needlessly duplicative of other witnesses on IBM's witness list.   In particular, IBM has identified four other technical employees of Groupon as witnesses. *See* Fed. R. Civ. P. 403. Groupon objects to IBM calling Mr. Breen to the extent it seeks to introduce testimony that is irrelevant and likely to confuse the jury. *See* Fed. R. Evid. 402, 403. Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802. Groupon further objects that IBM may not compel Mr. Breen's testimony. *See* Fed. R. Civ. P. 45. |
| Jason Carlisle<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Jason Carlisle to the extent it seeks to introduce testimony that is irrelevant and likely to confuse the jury. *See* Fed. R. Evid. 402, 403. Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802. Groupon further objects that IBM may not compel Mr. Carlisle's testimony. *See* Fed. R. Civ. P. 45. |
| Paul Davis<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Paul Davis to the extent it seeks to introduce testimony that is irrelevant to IBM's case-in-chief and likely to confuse the jury. *See* Fed. R. Evid. 402, 403. Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802. |
| Phillip Dunham<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Phillip Dunham to the extent it seeks to introduce testimony that is needlessly duplicative of other witnesses on IBM's witness list.   In particular, IBM has identified four other technical employees of Groupon as witnesses. *See* Fed. R. Civ. P. 403. Groupon objects to IBM calling Mr. Dunham to the extent it seeks to introduce testimony that is |

| | |
|---|---|
| | irrelevant and likely to confuse the jury.  *See* Fed. R. Evid. 402, 403.  Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802.  Groupon further objects that IBM may not compel Mr. Dunham's testimony.  *See* Fed. R. Civ. P. 45. |
| Jan Krems<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Jan Krems to the extent it seeks to introduce testimony that is needlessly duplicative of other witnesses on IBM's witness list.  In particular, IBM has identified four other technical employees of Groupon as witnesses.  *See* Fed. R. Civ. P. 403. Groupon objects to IBM calling Mr. Krems to the extent it seeks to introduce testimony that is irrelevant and likely to confuse the jury.  *See* Fed. R. Evid. 402, 403.  Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802.  Groupon further objects that IBM may not compel Mr. Krem's testimony.  *See* Fed. R. Civ. P. 45. |
| Aileen Sandridge<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Aileen Sandridge to the extent it seeks to introduce testimony that is needlessly duplicative of other witnesses on IBM's witness list.  In particular, IBM has identified four other technical employees of Groupon as witnesses.  *See* Fed. R. Civ. P. 403. Groupon objects to IBM calling Ms. Sandridge to the extent it seeks to introduce testimony that is irrelevant and likely to confuse the jury.  *See* Fed. R. Evid. 402, 403.  Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802.   Groupon further objects that IBM may not compel Ms. Sandridge's testimony.  *See* Fed. R. Civ. P. 45. |
| Damien Schmitz<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Damien Schmitz to the extent it seeks to introduce testimony that is irrelevant and likely to confuse the jury.  *See* Fed. R. Evid. 402, 403.  Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802.   Groupon further objects that IBM may not compel Mr. Schmitz's testimony.  *See* Fed. R. Civ. P. 45. |

| | |
|---|---|
| Varun Sood<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA 94041<br>(650) 988-8500 | Groupon objects to IBM calling Varun Sood to the extent it seeks to introduce testimony that is needlessly duplicative of other witnesses on IBM's witness list.  In particular, IBM has identified four other technical employees of Groupon as witnesses.  *See* Fed. R. Civ. P. 403.  Groupon objects to IBM calling Mr. Sood to the extent it seeks to introduce testimony that is irrelevant and likely to confuse the jury.  *See* Fed. R. Evid. 402, 403.  Groupon further objects to the extent any sought testimony is in violation of Fed. R. Evid. 802.   Groupon further objects that IBM may not compel Mr. Sood's testimony.  *See* Fed. R. Civ. P. 45. |
| Any of the witnesses identified on Groupon's witness list or that Groupon brings to trial. | Groupon objects to IBM calling any witnesses not disclosed in its initial disclosures.  Groupon objects to the extent any sought testimony is in violation of Fed. R. Evid. 802, is irrelevant, or is likely to confuse the jury.  *See* Fed. R. Evid. 402, 403. |

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|                                           |     |                              |
| ----------------------------------------- | --- | ---------------------------- |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | )   |                              |
|                                           | )   |                              |
| Plaintiff,                                | )   |                              |
|                                           | )   |                              |
| v.                                        | )   | C.A. No. 1:16-cv-00122-LPS   |
|                                           | )   |                              |
| GROUPON, INC.                             | )   |                              |
|                                           | )   |                              |
| Defendant.                                | )   |                              |

## DEFENDANT GROUPON, INC.'S WITNESS LIST

*Of counsel*:
J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Sapna Mehta
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
(650) 988-8500

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant*
GROUPON, INC.

Pursuant to Fed. R. Civ. P. 26(a)(3), this Court's Scheduling Order (D.I. 17), and the

parties' agreement, Defendant Groupon, Inc. ("Groupon"), by counsel, hereby submits the

following list of witnesses for trial in the above-captioned case:

## I.    EXPERT WITNESSES

### A.    Dr. Jon Weissman (live)

At trial, Groupon will ask the Court to recognize Dr. Weissman's expertise in
computer science, specifically in the areas of operating systems, distributed systems,
file and data storage systems, networking, Internet and Web applications, and cloud
computing.

Dr. Weissman will offer technical testimony helpful to the jury. His testimony will
include opinions about the operation of the accused products and why the accused
products do not infringe any asserted claim of the patents-in-suit, including testimony
rebutting Dr. Schmidt's opinions on these subjects. Dr. Weissman will also testify
about the patents-in-suit, the technology at issue in the patents-in-suit, the level of
ordinary skill in the art, and the invalidity of the patents-in-suit. Dr. Weissman will
explain the general state of the art at the time the patents were filed as well as the
prior art references. He will testify to the scope and content of the prior art, and why
the prior art references invalidate the patents-in-suit. Additionally, Dr. Weissman
will testify about the purported benefits of the patents-in-suit and acceptable non-
infringing alternatives to the purported inventions reflected in the asserted claims of
the patents-in-suit. Dr. Weissman will offer testimony to address and rebut any
opinions about these topics from IBM's witnesses.

#### 1.    IBM's Objections:

FRE 702, 703. IBM maintains its objections to Dr. Weissman's testimony as set forth
in IBM's Motion to Exclude the Testimony of James Malackowski and Jon
Weissman concerning Non-infringing Alternatives. D.I. 222, 223.

### B.    Mr. James Malackowski (live)

At trial, Groupon will ask the Court to recognize Mr. Malackowski's expertise in
intellectual property economics, specifically patent damages.

Mr. Malackowski will offer testimony regarding damages helpful to the jury. His
testimony will include opinions regarding IBM's damages claim and the amount of
compensation, if any, that would be appropriate for IBM to receive if Groupon is
found to have infringed a valid claim(s) of the patents-in-suit, including testimony
rebutting Dr. Hausman's opinions on these subjects. Mr. Malackowski will offer
testimony to address and rebut any opinions about these topics from IBM's witnesses.

       **1.**     **IBM's Objections:**

FRE 702, 703.  IBM maintains its objections to Mr. Malackowski's testimony as set forth in IBM's Motion to Exclude the Testimony of James Malackowski and Jon Weissman concerning Non-infringing Alternatives.  D.I. 222, 223.

## II.    NON-EXPERT WITNESSES

    **A.**    **Phil Dunham (live)**

    **B.**    **Jim Breen (live)**

    **C.**    **Jason Carlisle (live)**

    **D.**    **Paul Davis (live)**

       **1.**     **IBM's Objections:**

FRE 402, 403.  To the extent IBM's Motion for Summary Judgment of No Invalidity of the Asserted Claims of the '601 Patent in view of Amazon is granted, Mr. Davis's testimony is not relevant to any issue in this case.

Groupon also may call the following witnesses at trial, live or by deposition:

    **E.**    **Jan Krems (may call live)**

       **1.**     **IBM's Objections:**

FRE 802 and Fed. R. Civ. P. 32, to the extent Groupon attempts to call Mr. Krems by deposition.

    **F.**    **Aileen Sandridge (may call live)**

       **1.**     **IBM's Objections:**

FRE 802 and Fed. R. Civ. P. 32, to the extent Groupon attempts to call Ms. Sandridge by deposition.

    **G.**    **Damien Schmitz (may call live)**

       **1.**     **IBM's Objections:**

FRE 802 and Fed. R. Civ. P. 32, to the extent Groupon attempts to call Mr. Schmitz by deposition.

    **H.**    **Varun Sood (may call live)**

       **1.**     **IBM's Objections:**

FRE 802 and Fed. R. Civ. P. 32, to the extent Groupon attempts to call Mr. Sood by

deposition.

**I.    Robert Filepp (may call live or by deposition)**

    **1.    IBM's Objections:**

IBM has identified Mr. Filepp on its Will Call Live witness list.  IBM therefore objects under FRE 802 and Fed. R. Civ. P. 32, to the extent IBM calls Mr. Filepp live and Groupon attempts to call Mr. Filepp by deposition.

FRE 402/403 and Fed. R. Civ. P. 32, to the extent Groupon seeks to introduce Mr. Filepp's deposition testimony from IBM's litigation against Priceline et al.

**J.    Heather Hinton (may call live or by deposition)**

    **1.    IBM's Objections:**

IBM has identified Ms. Hinton on its Will Call Live witness list.  IBM therefore objects under FRE 802 and Fed. R. Civ. P. 32, to the extent IBM calls Ms. Hinton live and Groupon attempts to call Ms. Hinton by deposition.

FRE 402/403 and Fed. R. Civ. P. 32, to the extent Groupon seeks to introduce Ms. Hinton's deposition testimony from either the proceedings before the PTAB or from IBM's litigation against Priceline et al.

**K.    Arun Iyengar (may call live or by deposition)**

    **1.    IBM's Objections:**

IBM has identified Mr. Iyengar on its May Call Live witness list.  IBM therefore objects under FRE 802 and Fed. R. Civ. P. 32, to the extent IBM calls Mr. Iyengar live and Groupon attempts to call Mr. Iyengar by deposition.

FRE 402/403 and Fed. R. Civ. P. 32, to the extent Groupon seeks to introduce Mr. Iyengar's deposition testimony from IBM's litigation against Priceline et al.

**L.    Tom McBride (may call live or by deposition)**

    **1.    IBM's Objections:**

IBM has identified Mr. McBride on its Will Call Live witness list.  IBM therefore objects under FRE 802 and Fed. R. Civ. P. 32, to the extent Groupon attempts to call Mr. McBride by deposition.

IBM also objections under Fed. R. Civ. P. 32, to the extent Groupon seeks to introduce Mr. McBride's deposition testimony from IBM's litigation against Priceline et al.

**M.    Michele Baumgartner-Bonanno (may call by deposition)**

      **1.**    **IBM's Objections:**

FRE 402/403, Fed. R. Civ. P. 26 as Mr. Turner was not disclosed in either party's Initial disclosures, and Fed. R. Civ. P. 32, to the extent Groupon seeks to introduce Ms. Baumgartner-Bonano's deposition testimony from IBM's litigation against Priceline et al.

IBM has also identified Tom McBride on its Will Call Live list. Mr. McBride will be testifying on behalf of IBM. Two corporate witnesses testifying on the same topics would confuse the jury.

**N.**    **Brian Turner (may call by deposition)**

      **1.**    **IBM's Objections:**

FRE 402/403, Fed. R. Civ. P. 26 as Mr. Turner was not disclosed in either party's Initial disclosures, and Fed. R. Civ. P. 32, to the extent Groupon seeks to introduce Mr. Turner's deposition testimony from IBM's litigation against Priceline et al.

**O.**    **Any and all witnesses identified or called, whether live or not, by Plaintiff**

      **1.**    **IBM's Objections:**

**P.**    **Any custodian of records necessary to authenticate prior art.**

      **1.**    **IBM's Objections:**

FRE 402/403, Fed. R. Civ. P. 26. IBM specifically objects to these witnesses because Groupon has not identified any individual that it may call "to authenticate prior art."

IBM reserves the right to further object to any witness Groupon chooses to call that Groupon did not specifically identify in its Rule 26 Initial Disclosures.

Groupon reserves the right to call any witness listed by or called by Plaintiff. Groupon reserves the right to call rebuttal witnesses. Groupon reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to IBM's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed below become unable to attend the trial or otherwise unable to provide testimony. Inclusion on this list does not imply or establish that IBM may compel the live testimony of that witness and does not waive any objections that Groupon may have should IBM seek to introduce testimony of that witness. Further, Groupon reserves the right

to call by deposition any of the witness identified in its deposition designations and to designate the deposition testimony of any witness listed above who becomes unavailable. Groupon also reserves the right to (a) make counter-designations of depositions identified by Plaintiff; (b) use any deposition designation identified by Plaintiff; (c) supplement its designations of depositions testimony with that of persons who are presently listed as trial witnesses by any party in the event that such wit-nesses are not available to testify at trial or are not called at trial; (d) designate additional portions of deposition transcripts for authentication of a document, if required; (e) designate testimony necessary to respond to issues raised after the submission of this list; and (f) use any and all deposition testimony, whether or not designated, for cross-examination, impeachment, or rebuttal purposes.

Respectfully submitted,

ASHBY & GEDDES

*Of counsel:*

J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Sapna Mehta
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

By: */s/ Saina S. Shamilov*
    Saina S. Shamilov (*pro hac vice*)
    John G. Day (#2403)
    Andrew C. Mayo (#5207)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, DE  19899
    (302) 654-1888
    jday@ashby-geddes.com
    amayo@ashby-geddes.com

    Attorneys for Defendant
    GROUPON, INC.

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| | ) | C.A No. 16-122-LPS |
| Plaintiff, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| GROUPON, INC., | ) ) | |
| Defendant. | ) | |

**IBM DEPOSITION DESIGNATIONS**

**Key for IBM Objections**

| Symbol | Objection |
|---|---|
| V | Vague |
| I | Incomplete / Improper Designation (*e.g.*, objections, attorney preamble) |
| NR | Not Responsive to Initial Designation |
| C | Compound |
| L | Leading |
| F | Foundation |
| O | Outside Scope / Improper Opinion |
| LC | Legal Conclusion |
| M | Motion in Limine / Contrary to Court Order |
| H | Hearsay |
| R | Rule 402 / Relevance |
| 403 | Rule 403 / Prejudice |
| 408 | Rule 408 / Offer to Compromise |
| * | Late Designation / Late Disclosure / Late Production |

**Key for Groupon Objections**

| Code | Basis for Objection | Rule |
|---|---|---|
| AMB | Ambiguous/compound/confusing | Fed. R. Evid. 611(a) |
| ARG | Argumentative | Fed. R. Evid. 611(a) |
| AFN | Assumes facts not in evidence | Fed. R. Evid. 103(c), 611(a) |
| AUT | Not authentic | Fed. R. Evid. 901 |
| BEV | Violates best evidence rule | Fed. R. Evid. 1002, |
| CME | Cumulative evidence | Fed. R. Evid. 403 |
| CSL | Counsel testifying | Fed. R. Evid. 103(c), |
| DMG | Relevant only to damages and willfulness phase of trial | Fed. R. Evid. 402, 403 |
| DSC | Not identified or produced in discovery | Fed. R. Civ. P. 26, 37 |
| DUP | Duplicative | |
| HSY | Hearsay | Fed. R. Evid. 103(c), 801- 802 |
| IRR | Irrelevant | Fed. R. Evid. 401-402 |
| IMP | Improper impeachment | Fed. R. Evid. 607-610 |
| ICD | Improper counter-designation | Fed. R. Evid. 611(b); Fed. R. Civ. P. |
| INC | Incomplete writing | Fed. R. Evid. 106 |
| LEA | Leading question | Fed. R. Evid. 611(c) |
| LGL | Calls for legal conclusion | Fed. R. Evid. 103(c) |
| LSR | Lacks scientific reliability | Fed. R. Evid. 702, 703 |
| FND | Lacks foundation | Fed. R. Evid. 602, 901(a) |

| LPK | Lack of personal knowledge, non-expert opinion testimony | Fed. R. Evid. 103(c), 602, 701-702 |
|-----|-----|-----|
| MIL | Subject to motion in limine | |
| MSC | Mischaracterizes testimony | Fed. R. Evid. 103(c), 611(a) |
| MTP | Multiple documents inappropriately grouped together in the same exhibit | FRE 401, 611(a) |
| NAR | Calls for narrative, overbroad | Fed. R. Evid. 103(c), 611(a) |
| NRE | Non-responsive | Fed. R. Evid. 611(a) |
| OST | Outside scope of noticed topics | Fed. R. Evid. 403, 611(a) |
| PRJ | Danger of unfair prejudice, confusion of the issues, or misleading the jury outweighs probative value | Fed. R. Evid. 403 |
| SMY | Improper summary | Fed. R. Evid. 1006 |
| SPC | Calls for speculation | Fed. R. Evid. 602, 701 |
| PRV | Privileged | Fed. R. Evid. 501, 502; Fed. R. Civ. P. 26 |

Groupon sets forth below its objections to IBM's counter-counter designations to Groupon's counter designations to IBM's initial designations. Groupon reserves the right to amend or supplement its pretrial disclosures, including these objections and designations, as part of the disclosure and meet-and-confer process leading up to trial, in response to IBM's disclosures and objections, and in response to any pretrial rulings or orders from the Court. Disclosure of any designation does not imply or establish that Groupon will use such designation and does not waive any objections that Groupon may have should IBM seek to introduce it. Groupon's objection to any IBM deposition designation does not imply or establish that Groupon cannot use such designation and does not waive Groupon's ability to introduce it.

IBM provides below its objections to Groupon's counter deposition designations, with IBM's counter-counter designations to Groupon's counter designations. IBM's disclosure of any deposition designation does not imply or establish that Groupon may use such designation and does not waive any objections that IBM may have should Groupon seek to introduce them.

IBM's objection to any Groupon deposition designation does not imply or establish that IBM cannot use such designation and does not waive IBM's ability to introduce them.[1]

---

[1] Groupon reserves the right to use any testimony cited by IBM. Groupon further reserves the right to object to IBM's use of any testimony designated by Groupon in its counter-designations.

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 008:03-008:07 | | | | | |
| 008:10-008:13 | | | | | |
| 008:21-008:25 | | | | | |
| 009:02-009:05 | | | | | |
| 009:14-009:25 | | | | | |
| 010:02-010:25 | | | | | |
| 011:02-011:25 | | | | | |
| 012:02-012:04 | AMB, SMY | | | | |
| 012:06-012:08 | | | | | |
| 012:18-012:25 | | | | | |
| 013:02-013:04 | | | | | |
| 013:09-013:17 | | | | | |
| 013:21-013:24 | | | | | |
| 014:06-014:25 | | | | | |
| 015:02-015:14 | | 15:15-16:2 16:13-16 | NR; R; 403 | | |
| 016:08-016:12 | | 15:15-16:2 16:13-16 | NR; R; 403 | | |
| 016:17-016:23 | | 15:15-16:2 16:13-16 | NR; R; 403 | | |
| 018:05-018:08 | | | | | |
| 018:11-018:25 | | | | | |
| 019:02-019:25 | | | | | |
| 020:02-020:03 | | | | | |
| 020:11-020:22 | | | | | |
| 021:03-021:09 | | | | | |
| 022:03-022:25 | | | | | |
| 023:02-023:12 | | | | | |
| 023:19-023:25 | | | | | |
| 024:02-024:03 | | | | | |
| 024:06-024:08 | | | | | |
| 024:10-024:10 | | | | | |
| 024:13-024:21 | | | | | |
| 025:07-025:25 | | | | | |
| 026:02-026:25 | | | | | |
| 027:02-027:05 | | | | | |
| 027:09-027:25 | | | | | |
| 028:02-028:03 | | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 028:05-028:06 | | | | | |
| 028:09-028:14 | LEA, Asked and Answered | | | | |
| 028:16-028:18 | LEA, Asked and Answered | | | | |
| 028:20-028:23 | | | | | |
| 029:10-029:25 | | 30:2-5 | | 30:6-11; 30:13-15; 30:17-31:3 | |
| 030:06-030:11 | | 30:2-5 | | 30:6-11; 30:13-15; 30:17-31:3 | |
| 030:13-030:15 | | | | | |
| 030:17-030:20 | | 31:4-9 | NR; R; 403 | 30:6-11; 30:13-15; 30:21-31:3 | |
| 031:15-031:25 | | 31:4-9 | NR; R; 403 | 30:6-11; 30:13-15; 30:21-31:3 | |
| 032:02-032:11 | | | | | |
| 032:14-032:20 | | | | | |
| 033:02-033:03 | LPK, SPC | | | | |
| 033:05-033:05 | LPK, SPC | | | | |
| 033:07-033:08 | LPK, SPY | | | | |
| 033:10-033:10 | LPK, SPY | | | | |
| 033:12-033:25 | | | | | |
| 034:02-034:12 | | 34:13-1 34:18-21 | I; R | 34:23-35:2; 35:4-17; 35:19-36:2 | AMB, LEA |
| 034:23-034:25 | AMB, LEA | 34:13-1 34:18-21 | I; R | 34:23-35:2; 35:4-17; 35:19-36:2 | AMB, LEA |
| 035:02-035:02 | AMB, LEA | | | | |
| 035:04-035:07 | | | | | |
| 035:11-035:17 | LEA, AMB | | | | |
| 035:19-035:21 | LEA, AMB | | | | |
| 035:23-035:25 | | | | | |
| 036:02-036:02 | | | | | |
| 036:05-036:10 | | 36:11-15 36:19-37:3 | F; H; O; 403 | 62:24-63:5; 96:15-19; | AMB, LEA, |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 96:21-97:14; 97:16-21; 106:10-107:16 | INC, ICD, PRJ, SMY, MSC |
| 037:04-037:12 | | 36:11-15 36:19-37:3 | F; H; O; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 039:16-039:25 | | | | | |
| 040:02-040:25 | | | | | |
| 041:02-041:06 | AMB, AFN | | | | |
| 041:08-041:08 | | | | | |
| 041:10-041:12 | | | | | |
| 041:14-041:21 | AMB | | | | |
| 042:07-042:17 | AMB | | | | |
| 043:04-043:16 | AMB, SPC | | | | |
| 043:20-043:25 | | | | | |
| 044:02-044:04 | | | | | |
| 044:21-044:25 | | | | | |
| 045:02-045:04 | | | | | |
| 045:23-045:25 | | | | | |
| 046:02-046:23 | | | | | |
| 047:02-047:12 | | | | | |
| 048:25-048:25 | | | | | |
| 049:02-049:12 | LEA | | | | |
| 049:14-049:15 | | | | | |
| 049:17-049:19 | | | | | |
| 050:04-050:14 | | 50:15-17 | F; R; 403 | | |
| 050:18-050:25 | | 50:15-17 157:13-21 | F; NR; R; 403 | 157:14-158:4 | |
| 051:02-051:12 | AMB | 157:13-21 | F; NR; R; 403 | 157:14-158:4 | |
| 051:15-051:16 | LEA, AMB | 157:13-21 | F; NR; R; 403 | 157:14-158:4 | |
| 051:18-051:20 | LEA, AMB | 157:13-21 | F; NR; R; 403 | 157:14-158:4 | |
| 051:24-051:25 | AMB, SPC | | | | |
| 052:02-052:18 | AMB, SPC | | | | |
| 053:11-053:14 | AMB, SPC | | | | |
| 053:24-053:25 | | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 054:02-054:25 | | | | | |
| 055:02-055:13 | | | | | |
| 056:06-056:25 | | | | | |
| 057:02-057:04 | | | | | |
| 057:08-057:17 | NAR, AMB, OST | | | | |
| 057:19-057:21 | | | | | |
| 057:23-057:24 | NAR, AMB, OST | | | | |
| 058:02-058:06 | | | | | |
| 058:08-058:12 | NAR, AMB, OST | | | | |
| 058:14-058:15 | | | | | |
| 058:17-058:25 | | | | | |
| 059:02-059:12 | OST | | | | |
| 059:15-059:20 | OST, SPC, LEA | | | | |
| 059:22-059:23 | | | | | |
| 059:25-059:25 | | | | | |
| 060:02-060:09 | OST | | | | |
| 060:11-060:11 | OST | | | | |
| 060:18-060:24 | OST | | | | |
| 061:02-061:02 | OST | | | | |
| 061:04-061:10 | OST | | | | |
| 061:13-061:16 | OST, SMY, LEA | | | | |
| 061:18-061:18 | | | | | |
| 061:20-061:22 | OST, LEA | | | | |
| 061:24-061:25 | | | | | |
| 062:03-062:07 | OST, LEA | | | | |
| 062:09-062:10 | | | | | |
| 062:12-062:17 | OST, LEA, SMY | | | | |
| 062:19-062:20 | | | | | |
| 063:02-063:25 | SPC | | | | |
| 064:02-064:02 | SPC | | | | |
| 064:04-064:05 | | | | | |
| 064:07-064:16 | | | | | |
| 064:23-064:25 | | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 065:02-065:10 | AMB | | | | |
| 065:12-065:13 | | 65:17-23 | R; 403 | 88:15-89:8; 89:17-90:2 | LEA, AMB, INC, PRJ |
| 065:24-065:25 | LEA, AMB, LGL | 65:17-23 | R; 403 | 88:15-89:8; 89:17-90:2 | LEA, AMB, INC, PRJ |
| 066:02-066:03 | LEA, AMB, LGL | | | | |
| 066:05-066:06 | | | | | |
| 066:08-066:12 | AMB, LEA | | | | |
| 067:13-067:25 | | | | | |
| 068:02-068:25 | AMB AMB | | | | |
| 069:02-069:04 | AMB | 69:5-7 69:11-22 69:24-25 | F; NR; R; 403 | 70:3-7; 70:14-20 | INC |
| 070:03-070:12 | OST | 69:5-7 69:11-22 69:24-25 | F; NR; R; 403 | 70:3-7; 70:14-20 | INC |
| 070:14-070:14 | | | | | |
| 070:16-070:25 | | | | | |
| 071:02-071:04 | | | | | |
| 071:07-071:12 | | | | | |
| 073:05-073:18 | | | | | |
| 074:02-074:19 | | | | | |
| 075:06-075:25 | | | | | |
| 076:07-076:18 | | 76:19-23 | | 76:24-77:7; 77:13-25; 78:17-23; 78:25-79:3; 79:5-13 | NAR, SPC, LPK |
| 076:24-076:25 | | 76:19-23 | | 76:24-77:7; 77:13-25; 78:17-23; 78:25-79:3; 79:5-13 | NAR, SPC, LPK |
| 077:02-077:03 | | | | | |
| 077:13-077:25 | | | | | |
| 078:17-078:23 | | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 078:25-078:25 | | | | | |
| 079:02-079:03 | | | | | |
| 079:05-079:13 | | | | | |
| 080:02-080:25 | | | | | |
| 081:02-081:19 | | | | | |
| 082:14-082:25 | | | | | |
| 083:02-083:25 | | | | | |
| 084:02-084:05 | | | | | |
| 084:14-084:25 | | | | | |
| 085:02-085:05 | LEA, SMY | | | | |
| 085:07-085:07 | | | | | |
| 085:09-085:25 | | | | | |
| 086:02-086:10 | | | | | |
| 086:20-086:25 | | | | | |
| 087:02-087:25 | AMB | | | | |
| 088:02-088:25 | AMB | | | | |
| 089:02-089:08 | LEA, FND, AFN | | | | |
| 089:11-089:13 | LEA, FND, AFN | | | | |
| 089:15-089:15 | LEA, FND, AFN | | | | |
| 089:17-089:25 | | | | | |
| 090:02-090:15 | | | | | |
| 091:07-091:25 | LEA, AMB | | | | |
| 092:03-092:03 | AMB | | | | |
| 092:05-092:25 | AMB, PRJ | 92:16-22 | I | | |
| 093:02-093:10 | AMB, MSC, LEA | | | | |
| 094:02-094:25 | | | | | |
| 095:02-095:15 | LEA, AFN, FND | | | | |
| 095:17-095:17 | LEA, AFN, FND | | | | |
| 095:19-095:25 | | | | | |
| 096:02-096:19 | AMB, LEA | | | | |
| 096:21-096:21 | | | | | |
| 096:23-096:25 | | | | | |
| 097:02-097:14 | AMB, LEA, | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | MSC | | | | |
| 097:16-097:17 | AMB, LEA, MSC | | | | |
| 097:19-097:25 | | 97:19-98:2 | I; O; M; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 098:02-098:07 | | 97:19-98:2 | I; O; M; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 099:05-099:15 | SPC, SPC, MSC | | | | |
| 099:17-099:18 | SPC, MSC | | | | |
| 100:11-100:22 | | | | | |
| 101:14-101:18 | | | | | |
| 102:14-102:18 | | | | | |
| 105:11-105:20 | | | | | |
| 105:24-105:25 | | | | | |
| 106:02-106:25 | AMB, LEA, MSC | | | | |
| 107:02-107:02 | AMB, LEA, MSC | 107:17-108:12 | NR; O; LC; M | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 109:10-109:25 | | | | | |
| 110:02-110:17 | | | | | |
| 110:20-110:24 | | | | | |
| 111:06-111:25 | | 112:2-9 | R; 403 | 112:10-113:2 | |
| 112:10-112:25 | | 112:2-9 | R; 403 | 112:10-113:2 | |
| 113:02-113:21 | | | | | |
| 114:03-114:25 | | | | | |
| 115:02-115:12 | | | | | |
| 115:14-115:20 | LEA, MSC, | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | AMB | | | | |
| 115:22-115:25 | | | | | |
| 116:02-116:08 | | | | | |
| 116:12-116:25 | | | | | |
| 117:02-117:24 | AMB, LEA, MSC, PRJ | 117:25-118:3 118:5-9 157:13-21 | NR; 403 | 88:15-89:8; 89:17-90:2; 118:11-15; 118:22-119:10; 157:23-158:7 | LEA, AMB, INC, PRJ |
| 118:11-118:15 | | 117:25-118:3 118:5-9 157:13-21 | 403 | 88:15-89:8; 89:17-90:2; 118:22-119:10; 157:23-158:7 | LEA, AMB, INC, PRJ |
| 118:22-118:25 | | 157:13-21 | NR; 403 | 88:15-89:8; 89:17-90:2; 118:11-15; 118:22-119:10; 157:23-158:7 | LEA, AMB, INC, PRJ |
| 119:02-119:21 | AMB, LEA, MSC, PRJ | 157:13-21 | NR; 403 | 88:15-89:8; 89:17-90:2; 118:11-15; 118:22-119:10; 157:23-158:7 | LEA, AMB, INC, PRJ |
| 120:12-120:14 | | | | | |
| 121:13-121:19 | | | | | |
| 122:07-122:16 | AMB | | | | |
| 122:18-122:19 | AMB | | | | |
| 122:21-122:22 | | | | | |
| 123:03-123:11 | | 123:12-13 | F; 403 | 123:25-125:3; 125:5-13 | IRR, ICD, NAR |
| 123:25-123:25 | | 123:12-13 | F; 403 | 124:1-125:3; 125:5-13 | IRR, ICD, NAR |
| 124:02-124:25 | | | | | |
| 125:02-125:03 | | | | | |
| 125:05-125:08 | | | | | |
| 125:10-125:13 | | | | | |
| 125:17-125:22 | AMB | | | | |
| 126:16-126:25 | | | | | |
| 127:14-127:25 | | | | | |
| 128:02-128:11 | | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 128:14-128:25 | | | | | |
| 129:02-129:02 | | | | | |
| 130:05-130:18 | | | | | |
| 130:23-130:25 | | | | | |
| 131:02-131:04 | | 131:5-7 131:11-13 | NR; F; 403 | | |
| 131:16-131:18 | | 131:5-7 131:11-13 | NR; F; 403 | | |
| 131:24-131:25 | | | | | |
| 132:02-132:23 | | | | | |
| 133:03-133:15 | | | | | |
| 133:19-133:25 | | | | | |
| 134:07-134:12 | | | | | |
| 135:05-135:08 | | | | | |
| 135:21-135:25 | | | | | |
| 136:02-136:08 | AMB | | | | |
| 136:10-136:10 | AMB | | | | |
| 136:12-136:20 | | 136:21-137:6 | | | |
| 137:10-137:25 | | 136:21-137:6 | | | |
| 138:02-138:22 | | | | | |
| 140:09-140:17 | | | | | |
| 141:07-141:17 | | | | | |
| 141:21-141:25 | | | | | |
| 142:02-142:25 | | | | | |
| 143:02-143:25 | | | | | |
| 144:02-144:19 | | | | | |
| 144:22-144:25 | | | | | |
| 145:02-145:19 | | 145:20-24 | F; R; 403 | 145:25-146:3 | SPC |
| 145:25-145:25 | SPC | 145:20-24 | F; R; 403 | 146:2-3 | SPC |
| 146:02-146:03 | SPC | | | | |
| 146:06-146:19 | | 146:20 146:22 | F; R; 403 | | |
| 146:24-146:25 | | 146:20 146:22 | F; R; 403 | | |
| 147:02-147:25 | | | | | |
| 148:16-148:25 | | | | | |
| 149:02-149:09 | | | | | |
| 149:11-149:14 | | | | | |
| 150:03-150:07 | AMB, OST | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 150:10-150:12 | OST | | | | |
| 150:14-150:14 | | | | | |
| 150:16-150:21 | | | | | |
| 150:23-150:23 | | | | | |
| 150:25-150:25 | | | | | |
| 151:02-151:02 | | | | | |
| 151:19-151:25 | LEA, OST | | | | |
| 152:03-152:03 | LEA, OST | | | | |
| 152:05-152:07 | AMB, LEA, OST | | | | |
| 152:09-152:09 | | | | | |
| 152:11-152:20 | | | | | |
| 152:22-152:22 | | | | | |
| 153:02-153:14 | | | | | |
| 154:09-154:16 | OST | | | | |
| 154:19-154:25 | | | | | |
| 155:02-155:03 | | | | | |
| 155:06-155:14 | LEA, AMB | | | | |
| 155:16-155:17 | | | | | |
| 155:19-155:25 | | | | | |
| 156:02-156:15 | | | | | |
| 156:18-156:25 | | | | | |
| 157:02-157:08 | | | | | |
| 157:23-157:25 | | | | | |
| 158:02-158:17 | AMB, MSC, LEA | | | | |
| 158:19-158:20 | | | | | |
| 158:22-158:25 | | | | | |
| 159:02-159:04 | | | | | |
| 159:25-159:25 | | | | | |
| 160:02-160:09 | LEA, AFN, FND, AMB | | | | |
| 160:11-160:11 | LEA, AFN, FND, AMB | | | | |
| 160:21-160:23 | LEA | | | | |
| 160:25-160:25 | | | | | |
| 161:02-161:02 | | | | | |
| 161:04-161:18 | | 161:19-22 | | 62:24-63:5; 96:15-19; | AMB, LEA, |

| | | | | **Dunham, Phillip (08/10/2017)** | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 96:21-97:14; 97:16-21; 106:10-107:16 | INC, ICD, PRJ, SMY, MSC |
| 165:20-165:22 | | | | | |
| 166:04-166:23 | LEA, AMB, PRJ | 120:18-121:3 188:24-189:3 | F; NR; R; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 166:25-166:25 | | 120:18-121:3 188:24-189:3 | F; NR; R; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 167:02-167:02 | | 120:18-121:3 188:24-189:3 | F; NR; R; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 167:04-167:10 | LEA, AMB, PRJ | 120:18-121:3 167:13-24 168:13-16 169:9-15 188:24-189:3 | F; NR; R; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 169:18-169:25 | | 167:13-24 168:13-16 169:9-15 | NR; R; 403 | 62:24-63:5; 96:15-19; 96:21-97:14; 97:16-21; 106:10-107:16 | AMB, LEA, INC, ICD, PRJ, SMY, MSC |
| 170:02-170:03 | | | | | |
| 170:15-170:25 | | | | | |
| 171:02-171:15 | OST | | | | |
| 171:17-171:18 | | | | | |
| 171:20-171:25 | OST | | | | |

14

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| 172:02-172:04 | OST | | | | |
| 172:06-172:06 | | | | | |
| 172:08-172:14 | OST | | | | |
| 172:17-172:25 | AMB | | | | |
| 173:03-173:05 | | | | | |
| 173:07-173:20 | LEA, AFN, FND | | | | |
| 173:22-173:22 | | | | | |
| 173:24-173:25 | | | | | |
| 174:02-174:08 | LEA, FND, OST | | | | |
| 174:10-174:11 | | | | | |
| 174:13-174:24 | | | | | |
| 175:03-175:19 | SPC | | | | |
| 175:21-175:22 | | | | | |
| 175:24-175:25 | | | | | |
| 176:02-176:25 | | | | | |
| 177:02-177:25 | | | | | |
| 178:02-178:11 | | | | | |
| 178:14-178:19 | LEA, AMB, OST | | | | |
| 178:21-178:21 | | | | | |
| 179:03-179:12 | LEA, AMB | | | | |
| 179:14-179:14 | LEA, AMB | | | | |
| 179:16-179:21 | LEA, LFN, AMB | | | | |
| 179:23-179:23 | | | | | |
| 180:03-180:06 | | 180:7-9 | F; 403 | | |
| 180:10-180:12 | | 180:7-9 | F; 403 | | |
| 181:02-181:14 | | 181:15-17 | F; 403 | | |
| 181:18-181:20 | | 181:15-17 181:21-23 | F; 403 | 181:24-25 | |
| 182:06-182:13 | SPC | 181:21-23 | F; 403 | 181:24-25 | |
| 182:20-182:25 | | | | | |
| 183:02-183:10 | | | | | |
| 184:02-184:16 | | | | | |
| 185:04-185:13 | LEA, AMB | | | | |
| 185:15-185:15 | | | | | |
| 186:24-186:25 | | | | | |

The table title row reads: **Dunham, Phillip (08/10/2017)**

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 187:02-187:06 | OST | | | | |
| 187:09-187:09 | | | | | |
| 187:11-187:24 | | 187:25-188:6 | 403 | 188:7-10 | |
| 188:07-188:17 | | 187:25-188:6 188:18-23 188:24-189:3 | NR; 403 | | |
| 189:04-189:05 | IRR, PRJ, OST, ARG, FND, LGL | 188:18-23 188:24-189:3 | NR; 403 | | |
| 189:09-189:09 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 189:11-189:16 | IRR, PRJ, OST, ARG, FND, LGL | 189:17-20 189:22-23 | | 189:25-190:2; 190:4 | PRJ |
| 189:25-189:25 | IRR, PRJ, OST, ARG, FND, LGL | 189:17-20 189:22-23 | | 189:25-190:2; 190:4 | PRJ |
| 190:02-190:02 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:04-190:04 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:06-190:09 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:11-190:11 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:13-190:13 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:15-190:16 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:18-190:18 | IRR, PRJ, OST, ARG, FND, LGL | | | | |
| 190:20-190:22 | IRR, PRJ, | | | | |

| Dunham, Phillip (08/10/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | OST, ARG, FND, LGL | | | | |
| 190:24-190:24 | IRR, PRJ, OST, ARG, FND, LGL | | | | |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 009:18-010:11 | | | | | |
| 010:15-010:18 | | | | | |
| 011:16-011:25 | | | | | |
| 012:03-014:13 | | | | | |
| 014:19-015:12 | AMB | | | | |
| 015:15-016:02 | | | | | |
| 017:07-017:13 | AMB | | | | |
| 017:16-017:20 | | | | | |
| 017:24-018:02 | | | | | |
| 018:11-018:19 | | | | | |
| 019:03-019:15 | | | | | |
| 020:04-020:19 | | | | | |
| 021:11-021:12 | AMB, NAR | | | | |
| 021:14-021:15 | AMB, NAR | | | | |
| 021:17-022:04 | | | | | |
| 022:07-022:08 | AMB, NAR | | | | |
| 022:10-022:10 | AMB, NAR | | | | |
| 022:19-022:21 | AMB, NAR | | | | |
| 022:23-022:24 | AMB, NAR | | | | |
| 023:02-023:04 | | | | | |
| 023:06-023:10 | AMB, NAR | | | | |
| 023:12-023:12 | AMB, NAR | | | | |
| 023:14-023:15 | AMB | | | | |
| 023:17-023:17 | AMB | | | | |
| 023:21-023:22 | AMB | | | | |
| 023:24-023:24 | AMB | | | | |
| 024:08-024:10 | AMB, NAR | | | | |
| 024:12-024:13 | AMB, NAR | | | | |
| 024:15-025:05 | AMB, NAR | | | | |
| 025:16-025:22 | | | | | |
| 025:25-027:10 | | | | | |
| 027:20-028:09 | SMY | | | | |
| 028:12-028:12 | SMY | | | | |
| 028:14-028:14 | SMY | | | | |
| 028:16-028:17 | | | | | |
| 028:22-029:03 | | | | | |
| 029:07-030:03 | | | | | |
| 030:13-030:15 | AMB, LFN | | | | |

18

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 030:17-030:19 | AMB, LFN | | | | |
| 030:21-031:05 | | | | | |
| 031:09-031:11 | | | | | |
| 031:15-032:03 | | | | | |
| 032:06-032:08 | | | | | |
| 032:11-033:05 | | | | | |
| 033:12-033:14 | | | | | |
| 033:18-034:09 | AMB, PRJ | | | | |
| 034:11-034:16 | | | | | |
| 034:19-034:24 | | | | | |
| 036:03-036:20 | | | | | |
| 037:07-037:10 | | | | | |
| 037:20-038:20 | | | | | |
| 039:08-039:10 | AMB, PRJ | | | | |
| 039:12-039:12 | AMB, PRJ | | | | |
| 040:23-041:08 | AMB | | | | |
| 041:10-041:10 | AMB | | | | |
| 041:12-041:14 | | | | | |
| 043:10-043:18 | | | | | |
| 043:24-044:10 | | | | | |
| 044:13-044:17 | | | | | |
| 044:20-045:07 | | | | | |
| 045:18-045:25 | | | | | |
| 046:11-046:20 | | | | | |
| 047:09-047:12 | AMB, NAR, LPK | | | | |
| 047:14-047:15 | AMB, NAR, LPK | | | | |
| 047:17-047:19 | AMB | | | | |
| 047:21-047:22 | AMB | | | | |
| 047:24-048:12 | | | | | |
| 049:03-049:17 | AMB | | | | |
| 049:19-049:20 | AMB | | | | |
| 049:22-050:04 | | | | | |
| 050:22-050:24 | AMB | | | | |
| 051:01-051:01 | AMB | | | | |
| 053:15-054:05 | | 53:3-14 | R, 403 | 47:17-19, 47:21-48:12, 50:2-4 | AMB, ICD, IRR |

| | | Krems, Jan (09/07/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 058:11-058:16 | Asked and answered, AMB, LPK, PRJ | | | | |
| 058:19-058:21 | Asked and answered, AMB, LPK, PRJ | | | | |
| 060:05-060:08 | AMB, PRJ, Asked and answered | | | | |
| 060:10-060:10 | AMB, PRJ, Asked and answered | | | | |
| 060:12-060:13 | AMB, PRJ, Asked and answered | | | | |
| 060:15-060:15 | AMB, PRJ, Asked and answered | | | | |
| 060:17-060:20 | | | | | |
| 060:23-060:25 | | | | | |
| 061:21-061:24 | AMB, PRJ, Asked and answered | | | | |
| 062:01-062:01 | AMB, PRJ, Asked and answered | | | | |
| 063:11-063:13 | AMB, PRJ | | | | |
| 063:15-063:15 | AMB, PRJ | | | | |
| 065:04-065:11 | | | | | |
| 066:04-066:09 | AMB, PRJ | | | | |
| 066:12-066:15 | | | | | |
| 068:23-069:12 | AMB, PRJ | | | | |
| 069:14-069:14 | AMB, PRJ | | | | |
| 069:16-069:18 | AMB, PRJ, Asked and answered | | | | |
| 069:20-069:21 | AMB, PRJ, Asked and | | | | |

| **Krems, Jan (09/07/2017)** | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | answered | | | | |
| 069:25-071:02 | | | | | |
| 071:07-071:08 | AMB | | | | |
| 071:10-071:10 | AMB | | | | |
| 071:12-072:01 | | | | | |
| 072:24-073:03 | AMB, FND | | | | |
| 073:06-073:09 | LEA, AMB | | | | |
| 073:12-073:13 | AMB | | | | |
| 073:15-073:15 | AMB | | | | |
| 073:17-073:21 | AMB, LEA, MSC | | | | |
| 073:23-074:01 | AMB, LEA, MSC | | | | |
| 074:03-074:12 | AMB, LEA | | | | |
| 074:14-074:14 | AMB, LEA | | | | |
| 075:18-076:06 | AMB, MSC | | | | |
| 076:08-076:10 | AMB, MSC | | | | |
| 076:14-077:12 | | | | | |
| 077:19-078:02 | AMB, NAR | | | | |
| 078:04-078:09 | | | | | |
| 078:25-079:04 | AMB | | | | |
| 079:07-079:12 | | | | | |
| 079:15-080:04 | | | | | |
| 080:16-081:04 | AMB, NAR | | | | |
| 081:06-082:17 | AMB, PRJ | 82:18-20 82:22 | V, I, R, 403 | 083:01-083:03, 083:05-083:11, 083:23-083:25, 084:02-084:02, 084:04-084:05, 084:07-084:07 | AMB, LEA, NAR |
| 083:01-083:03 | AMB | 82:18-20 82:22 | V, I, R, 403 | 083:01-083:03, 083:05-083:11, 083:23- | AMB, LEA, NAR |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | Krems, Jan (09/07/2017) | | | |
| | | | | 083:25, 084:02-084:02, 084:04-084:05, 084:07-084:07 | |
| 083:05-083:11 | AMB | | | | |
| 083:23-083:25 | AMB, LEA | | | | |
| 084:02-084:02 | AMB, LEA | | | | |
| 084:04-084:05 | AMB, LEA | | | | |
| 084:07-084:07 | AMB, LEA | | | | |
| 084:09-084:19 | | | | | |
| 085:06-086:23 | LEA, MSC | | | | |
| 086:25-087:05 | AMB, NAR | | | | |
| 087:07-087:13 | AMB, NAR | | | | |
| 087:21-087:23 | AMB | | | | |
| 088:02-089:05 | AMB, PRJ | | | | |
| 089:07-089:09 | AMB, PRJ | | | | |
| 089:11-089:15 | AMB, NAR | | | | |
| 089:17-089:17 | AMB, NAR | | | | |
| 090:01-090:03 | | | | | |
| 090:05-090:06 | AMB, PRJ | | | | |
| 090:08-090:09 | AMB, PRJ | | | | |
| 090:11-090:13 | AMB | | | | |
| 090:15-090:15 | AMB | | | | |
| 090:17-091:14 | LPK, SPC | | | | |
| 093:16-093:20 | AMB | | | | |
| 093:22-093:22 | AMB | | | | |
| 095:03-095:10 | AMB, DUP, SMY | | | | |
| 095:12-095:13 | AMB, DUP, SMY | | | | |
| 095:15-095:21 | AMB, DUP, SMY | | | | |
| 095:23-095:23 | AMB | | | | |
| 095:25-096:02 | AMB, SPC | | | | |
| 096:04-096:08 | AMB, SPC | | | | |
| 098:04-098:10 | LEA, AMB, PRJ | | | | |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 098:12-098:12 | LEA, AMB, PRJ | | | | |
| 099:10-099:12 | LEA | 99:13-16 | V, I, R, 403 | 79:24-80:4, 80:16-81:4, 81:6-82:12, 85:6-21, 93:16-20, 93:22 | |
| 099:17-099:22 | LEA, PRJ | 99:13-16 | V, I, R, 403 | 79:24-80:4, 80:16-81:4, 81:6-82:12, 85:6-21, 93:16-20, 93:22, 099:10-099:12 | AMB, NAR, INC, ICD, IRR |
| 099:24-100:01 | LEA, PRJ | | | | |
| 100:12-100:14 | AMB. NAR | | | | |
| 100:16-100:17 | AMB. NAR | | | | |
| 100:19-100:24 | | | | | |
| 101:02-101:04 | AMB, NAR | | | | |
| 101:06-101:06 | AMB, NAR | | | | |
| 101:08-101:13 | | 101:14-102:3 102:5 | V, NR, R, 403 | 88:8-14, 89:11-15, 89:17, 90:1-3, 101:2-4, 101:6, 103:11-16, 103:18, 103:20-23, 103:25, 104:4-8, 104:10 | AMB, NAR, INC, ICD, IRR |
| 103:11-103:16 | AMB, PRJ | | | | |
| 103:18-103:18 | AMB, PRJ | | | | |
| 103:20-103:23 | AMB | | | | |
| 103:25-103:25 | AMB | | | | |
| 104:04-104:08 | AMB | | | | |
| 104:10-104:10 | AMB | | | | |
| 104:24-105:01 | AMB, NAR, PRJ | | | | |
| 105:03-105:06 | AMB, NAR, PRJ | | | | |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 105:08-105:10 | | | | | |
| 105:21-106:01 | SPC, LPK | | | | |
| 106:03-106:03 | SPC, LPK | | | | |
| 106:05-106:10 | AMB, NAR, OST | | | | |
| 106:12-106:16 | AMB, NAR, OST | | | | |
| 106:20-106:21 | AMB, LEA, OST | | | | |
| 106:23-106:23 | AMB, LEA, OST | | | | |
| 106:25-107:09 | | | | | |
| 107:17-107:23 | | | | | |
| 108:01-108:05 | | | | | |
| 109:03-109:07 | AMB, PRJ | | | | |
| 109:10-109:18 | SMY, LEA | | | | |
| 109:20-109:21 | SMY, LEA | | | | |
| 109:23-110:05 | LPK, SPC | | | | |
| 110:07-110:08 | LPK, SPC | | | | |
| 110:10-110:13 | | | | | |
| 111:22-112:01 | AMB, PRJ | | | | |
| 112:03-112:03 | AMB, PRJ | 112:5-6 | R, 403 | 112:21-113:4, 113:6 | AMB, LEA |
| 112:21-112:24 | | | | | |
| 113:02-113:04 | LEA, AMB | | | | |
| 113:06-113:06 | LEA, AMB | | | | |
| 113:08-113:16 | | | | | |
| 113:25-114:02 | | | | | |
| 114:13-114:16 | | | | | |
| 114:24-115:15 | | | | | |
| 119:04-119:05 | AMB | | | | |
| 119:07-119:07 | AMB | | | | |
| 119:09-119:14 | | | | | |
| 119:17-119:21 | AMB | | | | |
| 119:23-120:04 | AMB | | | | |
| 120:06-120:08 | AMB | | | | |
| 120:10-120:11 | AMB | | | | |
| 120:13-120:15 | | 120:16-17 120:19 | R, 403 | 121:8-13, 121:15 | AMB, LEA |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 120:21-121:04 | | 120:16-17 120:19 | R, 403 | 121:8-13, 121:15 | AMB, LEA |
| 121:08-121:13 | AMB, LEA | | | | |
| 121:15-121:15 | AMB, LEA | | | | |
| 121:17-121:19 | AMB, NAR | | | | |
| 121:21-121:22 | AMB, NAR | | | | |
| 122:19-122:25 | | | | | |
| 123:02-123:15 | AMB, NAR | | | | |
| 123:17-123:17 | AMB, NAR | | | | |
| 123:19-123:24 | AMB, NAR | | | | |
| 124:10-124:12 | LEA, AMB | | | | |
| 124:14-124:17 | LEA, AMB | | | | |
| 125:03-125:10 | | | | | |
| 125:13-127:02 | | | | | |
| 127:04-127:06 | | | | | |
| 127:08-127:18 | AMB, LEA | | | | |
| 127:20-127:20 | AMB, LEA | | | | |
| 127:22-128:01 | | | | | |
| 129:25-130:09 | | 130:10-12 130:14 | R, 403 | 130:16-24 | INC |
| 130:21-131:06 | | 130:10-12 130:14 | R, 403 | 130:16-24 | INC |
| 132:08-132:10 | LEA, SMY | | | | |
| 132:12-132:12 | LEA, SMY | | | | |
| 132:14-132:19 | | | | | |
| 133:09-133:11 | AMB, LPK, SPC | | | | |
| 133:13-133:14 | AMB, LPK, SPC | | | | |
| 134:02-134:03 | AMB | | | | |
| 134:05-134:05 | AMB | | | | |
| 134:07-134:10 | | | | | |
| 134:14-135:06 | | | | | |
| 135:16-135:22 | | | | | |
| 136:11-136:16 | | | | | |
| 136:21-136:22 | AMB | | | | |
| 136:24-136:24 | AMB | | | | |
| 137:02-137:03 | | | | | |
| 138:06-138:10 | | | | | |

| **Krems, Jan (09/07/2017)** |
|---|

| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
|---|---|---|---|---|---|
| 138:23-138:24 | AMB, FND | | | | |
| 139:01-139:01 | AMB, FND | | | | |
| 139:06-139:07 | AMB | | | | |
| 139:09-139:10 | AMB | | | | |
| 139:12-139:13 | AMB | | | | |
| 139:15-139:15 | AMB | | | | |
| 139:17-139:19 | | | | | |
| 140:06-140:24 | AMB, MSC, LFN, SMY, SPC | | | | |
| 141:25-142:03 | AMB | | | | |
| 142:05-142:10 | AMB | | | | |
| 142:16-142:20 | LEA, AMB | | | | |
| 142:22-142:22 | LEA, AMB | 142:24-143:2 | NR, R, 403 | 141:25-142:3, 142:5-10 | INC |
| 143:03-143:06 | AMB, LEA | 142:24-143:2 | NR, R, 403 | 141:25-142:3, 142:5-10 | INC |
| 143:08-143:08 | AMB, LEA | | | | |
| 143:17-143:20 | AMB, LEA, MSC, SMY | | | | |
| 143:22-143:22 | AMB, LEA, MSC, SMY | | | | |
| 143:24-144:01 | AMB, LEA | | | | |
| 144:03-144:03 | AMB, LEA | | | | |
| 145:18-146:03 | LEA | | | | |
| 146:05-146:05 | LEA | | | | |
| 146:20-146:25 | | | | | |
| 147:10-147:12 | AMB, NAR | | | | |
| 147:14-147:14 | AMB, NAR | | | | |
| 147:16-147:18 | AMB, SPC | | | | |
| 147:20-147:20 | AMB, SPC | | | | |
| 147:22-148:04 | | | | | |
| 148:12-148:14 | | | | | |
| 148:16-148:17 | AMB, NAR | | | | |
| 148:19-148:22 | AMB, NAR | | | | |
| 149:02-149:04 | | | | | |
| 151:04-151:12 | | | | | |
| 152:05-152:10 | LEA, AMB, SMY | | | | |

26

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 152:13-152:14 | AMB, PRJ | | | | |
| 152:16-152:18 | AMB, PRJ | | | | |
| 152:20-153:12 | | | | | |
| 153:15-153:17 | AMB, NAR | | | | |
| 153:19-153:19 | AMB, NAR | | | | |
| 153:21-154:17 | DUP, CME, Asked and answered | | | | |
| 154:19-154:19 | DUP, CME, Asked and answered | | | | |
| 154:25-155:01 | AMB | | | | |
| 155:03-155:04 | AMB | | | | |
| 155:06-155:15 | LEA, SMY | | | | |
| 155:17-155:17 | LEA, SMY | 155:19-20 155:22 | R, 403 | 155:24-156:9, 156:15-16, 156:18-24, 157:24-158:6, 158:8, 159:8-14, 159:16 | INC, PRJ |
| 156:08-156:09 | | 155:19-20 155:22 | R, 403 | 155:24-156:9, 156:15-16, 156:18-24, 157:24-158:6, 158:8, 159:8-14, 159:16 | INC, PRJ |
| 157:04-157:08 | AMB | | | | |
| 157:10-157:10 | AMB | | | | |
| 158:01-158:06 | AMB, Asked and answered | | | | |
| 158:08-158:08 | AMB, Asked and answered | 158:10-13 | I, R, 403 | 158:14-158, 158:21-159:1 | |
| 158:14-158:18 | CME, DUP, Asked and answered | 158:10-13 | I, R, 403 | 158:14-158, 158:21-159:1 | |
| 158:21-158:21 | CME, DUP, Asked and answered | | | | |
| 158:23-159:01 | CME, DUP, Asked and | 159:2-4 159:6 | R, 403 | 155:24-156:9, 156:15-16, | INC, PRJ |

| | | | | Krems, Jan (09/07/2017) | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | answered | 159:8-11 | | 156:18-24, 157:24-158:6, 158:8, 159:8-14, 159:16 | |
| 159:12-159:14 | LPK, SPC | 159:2-4 159:6 159:8-11 | R, 403 | 155:24-156:9, 156:15-16, 156:18-24, 157:24-158:6, 158:8, 158:14-158, 158:21-159:1, 159:8-14, 159:16 | INC, PRJ |
| 159:16-159:16 | LPK, SPC | 159:18-21 | R, 403 | 156:8-9 | INC, PRJ |
| 160:03-160:05 | AMB, PRJ | 159:18-21 | R, 403 | 156:8-9 | INC, PRJ |
| 160:07-160:07 | AMB, PRJ | | | | |
| 160:09-160:11 | AMB, PRJ, LEA | | | | |
| 160:13-160:13 | AMB, PRJ, LEA | | | | |
| 160:19-160:22 | AMB, NAR | | | | |
| 160:24-160:25 | AMB, NAR | | | | |
| 161:02-162:02 | AMB, NAR, PRJ | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 162:04-162:04 | AMB, NAR | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 162:06-162:08 | AMB, NAR | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 162:10-162:10 | AMB, NAR | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, | INC, MSC, SMY, PRJ |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | | | 168:7-9 | |
| 162:12-162:14 | AMB, NAR, PRJ | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 162:16-162:18 | AMB, NAR, PRJ | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 162:20-162:21 | AMB, PRJ | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 162:23-162:23 | AMB, PRJ | 163:21-164:5 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 164:07-164:10 | CSL, LEA | 163:21-164:5 164:11-12 164:14 | V, NR, R, 403 | 165:25-166:10, 164:20-22, 164:24-165:2, 168:7-9 | INC, MSC, SMY, PRJ |
| 165:11-165:13 | LEA, AMB | | | | |
| 165:15-165:15 | LEA, AMB | | | | |
| 165:25-166:10 | PRJ, AMB | | | | |
| 166:24-167:01 | AMB, LEA | | | | |
| 167:03-167:04 | AMB, LEA | | | | |
| 167:06-167:11 | | | | | |
| 167:14-167:19 | | 167:20-22 167:24 | V, F, NR, R, 403 | | |
| 168:02-168:11 | AMB | 167:20-22 167:24 170:22-171:6 185:22-188:1 | F, NR, R, 403 | 168:2-11, 168:13-19, 188:16-22, 188:25-189:5, 189:7 | PRJ, INC |
| 168:13-168:15 | AMB | 170:22-171:6 | F, NR, R, 403 | 188:16-22, | PRJ, INC |

The table header above reads "Krems, Jan (09/07/2017)".

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | 185:22-188:1 | | 188:25-189:5, 189:7 | |
| 168:17-168:21 | LEA, AMB | | | | |
| 168:23-168:24 | AMB | | | | |
| 169:02-170:08 | AMB, LEA | | | | |
| 170:10-170:10 | LEA | | | | |
| 170:12-170:21 | LEA | 170:22-171:6 174:23-175:2 175:4-7 175:4-7 | F, R, 403 | 188:16-22, 188:25-189:5, 189:7 | PRJ, INC |
| 176:19-176:22 | AMB, LEA, PRJ | 170:22-171:6 174:23-175:2 175:4-7 177:9-178:9 183:2-14 185:22-188:1 | F, NR, LC, O R, 403 | 188:16-22, 188:25-189:5, 189:7, 178:25-179:8, 183:16-18, 183:20-22 | INC, MSC, SMY, PRJ |
| 176:24-176:24 | AMB, LEA, PRJ | 170:22-171:6 177:9-178:9 183:2-14 185:22-188:1 | F, LC, O, R, 403 | 188:16-22, 188:25-189:5, 189:7, 178:25-179:8, 183:16-18, 183:20-22 | INC, MSC, SMY, PRJ |
| 177:02-177:05 | AMB, LEA, PRJ | 170:22-171:6 177:9-178:9 183:2-14 185:22-188:1 | F, R, LC, O, 403 | 188:16-22, 188:25-189:5, 189:7, 178:25-179:8, 183:16-18, 183:20-22 | INC, MSC, SMY, PRJ |
| 177:07-177:07 | AMB, LEA, PRJ | 170:22-171:6 177:9-178:9 183:2-14 185:22-188:1 | F, LC, O, R, 403 | 188:16-22, 188:25-189:5, 189:7, 178:25-179:8, 183:16-18, 183:20-22 | INC, MSC, SMY, PRJ |
| 178:25-179:08 | AMB, LEA | 177:9-178:9 183:2-14 | F, LC, O, R, 403 | 178:25-179:8, 183:16-18, 183:20-22 | INC, MSC, SMY, PRJ |
| 179:21-179:25 | AMB, LEA | | | | |
| 180:03-180:04 | AMB, LEA | | | | |
| 180:20-180:23 | LEA, SMY | | | | |
| 181:01-181:04 | LEA, Asked and answered | 182:9-10 182:12-14 182:16-19 | NR, R, 403 | 183:16-18, 183:20-22 | INC, PRJ, ICD |

Krems, Jan (09/07/2017)

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 182:20-182:22 | LEA, AMB, PRJ | 182:9-10 182:12-14 182:16-19 | NR, R, 403 | 183:16-18, 183:20-22 | INC, PRJ, ICD |
| 182:24-182:24 | LEA, AMB, PRJ | 183:2-14 | F, LC, O, R, 403 | 178:25-179:8, 183:16-18, 183:20-22 | INC, MSC, SMY, PRJ, ICD |
| 184:23-185:07 | | | | | |
| 185:10-185:11 | AMB | 185:22-188:1 | V, F, R, 403 | 188:16-22, 188:25-189:5, 189:7, | LEA, PRJ |
| 185:13-185:15 | AMB | 185:22-188:1 | V, F, R, 403 | 188:16-22, 188:25-189:5, 189:7, | LEA, PRJ |
| 185:17-185:19 | | 185:22-188:1 | V, F, R, 403 | 188:16-22, 188:25-189:5, 189:7, | LEA, PRJ |
| 187:11-187:14 | | 185:22-188:1 | V, F, R, 403 | 188:16-22, 188:25-189:5, 189:7, | LEA, PRJ |
| 188:25-189:03 | LEA | 185:22-188:1 | V, F, R, 403 | 188:16-22, 188:25-189:5, 189:7, | LEA, PRJ |
| 189:11-189:13 | | | | | |
| 190:13-190:16 | | | | | |
| 191:02-191:05 | | | | | |
| 191:22-191:24 | AMB, NAR | | | | |
| 192:01-192:14 | AMB, NAR | | | | |
| 192:16-192:18 | AMB, NAR | | | | |
| 192:20-192:24 | | | | | |
| 193:01-193:02 | FND, AFN | | | | |
| 193:04-193:04 | FND, AFN | | | | |
| 193:20-193:21 | AMB, PRJ | | | | |
| 193:23-193:25 | AMB, PRJ | | | | |
| 194:02-194:04 | AMB, PRJ | 194:8-9 | R,403 | 194:10-17 | AMB, PRJ, ICD, INC |
| 194:06-194:06 | AMB, PRJ | 194:8-9 | R,403 | 194:10-17 | AMB, PRJ, ICD, INC |
| 194:10-194:17 | AMB, PRJ | 194:8-9 | R,403 | 194:10-17 | AMB, PRJ, ICD, INC |
| 195:07-195:11 | LEA | 196:4-13 | I, F, R, 403 | 197:12-16, | Asked and |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 197:19 | answered |
| 198:05-198:20 | | 196:4-13 | I, NR, F, R, 403 | 197:12-16, 197:19 | Asked and answered |
| 200:02-200:07 | AMB, NAR, PRJ | | | | |
| 200:09-200:11 | AMB, NAR, PRJ | | | | |
| 200:13-200:14 | AMB, LEA, PRJ | | | | |
| 200:16-200:19 | AMB, LEA, PRJ | | | | |
| 200:21-200:23 | AMB, LEA, PRJ | | | | |
| 200:25-200:25 | AMB, LEA, PRJ | | | | |
| 201:02-201:20 | | | | | |
| 202:05-203:11 | SPC, LPK | 203:12-17 203:19 | V, NR, LC, O, R, 403 | 179:6-8, 183:16-18, 183:20-22 | INC, PRJ, AMB, MSC |
| 203:24-204:03 | | | | | |
| 204:12-204:21 | AMB, LEA | | | | |
| 204:23-204:23 | AMB, LEA | | | | |
| 205:05-205:07 | SPC, LPK | | | | |
| 205:09-205:13 | SPC, LPK | | | | |
| 206:03-206:06 | | | | | |
| 207:05-207:06 | AMB, NAR | | | | |
| 207:08-207:10 | AMB, NAR | | | | |
| 207:12-207:23 | | | | | |
| 208:02-209:03 | | | | | |
| 209:21-209:23 | | 209:24-210:1 210:3 | V, F, R, 403 | 210:5-8, 210:11-16, 211:15-212:16, 212:18-213:1, 213:3 | INC, PRJ, MSC, SMY |
| 210:05-210:08 | AMB, PRJ | 209:24-210:1 210:3 | V, F, R, 403 | 210:5-8, 210:11-16, 211:15-212:16, 212:18-213:1, | INC, PRJ, MSC, SMY |

32

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 213:3 | |
| 210:11-210:16 | | 210:17-20 | V, F, R, 403 | 210:5-8, 210:11-16, 211:15-212:16, 212:18-213:1, 213:3 | INC, PRJ, MSC, SMY |
| 210:22-211:02 | | 210:17-20 211:3-5 211:8 | V, F, R, 403 | 210:5-8, 210:11-16, 211:15-212:16, 212:18-213:1, 213:3 | INC, PRJ, MSC, SMY |
| 211:10-212:16 | LEA, AMB, PRJ | 211:3-5 211:8 | V, F, R, 403 | 210:5-8, 210:11-16, 211:15-212:16, 212:18-213:1, 213:3 | INC, PRJ, MSC, SMY |
| 212:18-212:21 | LEA, AMB, PRJ | | | | |
| 212:23-213:01 | AMB, LEA | | | | |
| 213:03-213:03 | AMB, LEA | 213:5-6 213:8 213:10-15 | V, F, R, 403 | 210:5-8, 210:11-16, 211:15-212:16, 212:18-213:1, 213:3 | INC, PRJ, MSC, SMY |
| 214:09-214:12 | LEA, AMB, PRJ | | | | |
| 214:14-214:14 | LEA, AMB, PRJ | | | | |
| 214:21-214:22 | | | | | |
| 215:02-215:07 | | 215:8-9 | R, 403 | 215:10-12, 215:14, 215:16-18, 215:22-23, 215:25 | INC, PRJ |
| 215:10-215:12 | AMB | 215:8-9 | R, 403 | 215:10-12, 215:14, | INC, PRJ |

33

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 215:16-18, 215:22-23, 215:25 | |
| 215:14-215:14 | AMB | | | | |
| 215:16-215:18 | | 215:19-21 | F, LC, O, R, 403 | 215:10-12, 215:14, 215:22-23, 215:25 | INC, PRJ |
| 215:22-215:23 | AMB, PRJ | 215:19-21 | F, LC, O, R, 403 | 215:10-12, 215:14, 215:16-18, 215:25 | INC, PRJ |
| 215:25-215:25 | AMB, PRJ | | | | |
| 216:05-216:06 | LEA, DUP, CME, Asked and answered | | | | |
| 216:08-216:08 | LEA, DUP, CME, Asked and answered | 216:10-12 | R, 403 | 217:2-3, 217:5-14, 217:16-17 | INC, PRJ |
| 216:13-216:16 | | 216:10-12 216:17-22 216:24 | R, 403 | 217:2-3, 217:5-14, 217:16-17 | INC, PRJ |
| 217:02-217:03 | AMB, SPC | 216:17-22 216:24 | R, 403 | 217:2-3, 217:5-14, 217:16-17 | INC, PRJ |
| 217:05-217:05 | AMB, SPC | | | | |
| 217:07-217:09 | | | | | |
| 217:13-217:14 | AMB, SPC | | | | |
| 217:16-217:17 | AMB, SPC | | | | |
| 218:12-218:21 | | | | | |
| 218:25-219:11 | SPC, LPK | | | | |
| 219:13-219:14 | SPC, LPK | | | | |
| 219:16-219:19 | | 219:20-21 219:23 220:19-22 220:24 221:2-7 | F, NR, R, 403 | 219:16-19, 240:12-13, 240:15, 240:17, 240:19-21, 240:23-24, 241:1-2 | AMB, NAR, ARG, ICD, SMY, PRJ |
| 221:08-222:02 | AMB, LEA, | 219:20-21 | F, NR, R, | 219:16-19, | AMB, |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | PRJ | 219:23 220:19-22 220:24 221:2-7 | 403, | 240:12-13, 240:15, 240:17, 240:19-21, 240:23-24, 241:1-2 | NAR, ARG, ICD, SMY, PRJ |
| 222:04-222:04 | AMB, LEA, PRJ | | | | |
| 222:06-222:09 | AMB, LEA, PRJ | | | | |
| 222:11-222:11 | AMB, LEA, PRJ | | | | |
| 223:14-223:17 | | 223:18-20 223:23 | O, LC, R, 403 | 224:11-16, 224:18-19 | INC, PRJ |
| 224:05-224:16 | AMB, LEA, PRJ | 223:18-20 223:23 | O, LC, R, 403 | 224:18-19 | INC, PRJ |
| 224:18-224:19 | AMB, LEA, PRJ | | | | |
| 225:02-225:03 | OST, SPC, LPK, FND, AFN | | | | |
| 225:05-225:05 | OST, SPC, LPK, FND, AFN | | | | |
| 225:07-225:08 | OST, SPC, LPK, FND, AFN | | | | |
| 225:10-225:10 | OST, SPC, LPK, FND, AFN | | | | |
| 225:14-226:01 | | | | | |
| 226:08-226:15 | | | | | |
| 226:17-226:20 | AMB, PRJ | 226:23-24 227:1 | R, 403 | 227:7-8, 227:10 | ICD |
| 227:07-227:08 | LEA, AMB | | | | |
| 227:10-227:10 | LEA, AMB | | | | |
| 231:24-232:03 | | 232:4-5 | R, 403 | | |
| 232:06-232:07 | LEA | 232:4-5 | R, 403 | | |
| 232:09-232:09 | LEA | | | | |
| 232:20-233:03 | AMB | | | | |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 233:05-233:05 | AMB | | | | |
| 233:07-233:09 | | | | | |
| 233:13-233:15 | | | | | |
| 233:21-234:03 | | 234:10-12 | LC, O, R, 403 | 178:10-11, 178:14-15, 234:13-16, 232:13-233:3, 233:5, 235:3-4, 235:7 | INC, MSC, PRJ, LEA, AMB |
| 235:03-235:04 | AMB, LEA, Asked and answered | 234:10-12 | LC, O, R, 403 | 178:10-11, 178:14-15, 234:13-16, 232:13-233:3, 233:5, 235:3-4, 235:7, 232:13-233:3, 233:5, 235:3-4, 235:7 | INC, MSC, PRJ, LEA, AMB |
| 235:07-235:07 | AMB, LEA, Asked and answered | 235:9 235:11 235:13-14 235:16 235:22-236:1 236:3 | NR, R, 403 | 236:5-7, 236:12-15 | ICD, IRR |
| 236:05-236:07 | | 235:9 235:11 235:13-14 235:16 235:22-236:1 236:3 | NR, R, 403 | 236:5-7, 236:12-15 | ICD, IRR |
| 236:12-236:15 | | | | | |
| 237:24-238:01 | | | | | |
| 238:21-239:01 | AMB, PRJ | | | | |
| 239:03-239:03 | AMB, PRJ | | | | |
| 239:05-239:07 | AMB | | | | |
| 239:09-239:09 | AMB | | | | |
| 239:11-239:14 | AMB, PRJ | | | | |
| 239:16-239:16 | AMB, PRJ | | | | |
| 239:20-239:23 | | 239:24-240:3 240:5 | V, R, 403 | 240:7-8, 240:10-13, | AMB, NAR, |

| Krems, Jan (09/07/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 240:15-17, 240:19-24, 241:1-2 | ARG, ICD, IRR |
| 240:07-240:08 | AMB, SMY | 239:24-240:3 240:5 | V, R, 403 | 240:7-8, 240:10-13, 240:15-17, 240:19-24, 241:1-2 | AMB, NAR, ARG, ICD, IRR |
| 240:10-240:10 | AMB, SMY | | | | |
| 240:12-240:13 | AMB, NAR, ARG | | | | |
| 240:15-240:15 | AMB, NAR, ARG | | | | |
| 240:17-240:17 | AMB, NAR, OST, SPC, ARG, IRR, PRJ | | | | |
| 240:19-240:21 | AMB, NAR, OST, SPC, ARG, IRR, PRJ | | | | |
| 240:23-240:24 | IRR, PRJ, OST, ARG, FND | | | | |
| 241:01-241:02 | IRR, PRJ, OST, ARG, FND | | | | |
| 241:04-241:15 | IRR, PRJ, OST, ARG, FND | 242:8-10 242:13-14 242:16-25 | NR, LC, O, R, 403 | 243:1-2, 243:5, 244:15-17, 245:24-25, 245:3-5 | IRR, PRJ, OST, ARG, FND, LGL, SPC, ICD |
| 243:01-243:02 | IRR, PRJ, OST, ARG, FND, LGL, SPC | 242:8-10 242:13-14 242:16-25 | NR, LC, O, R, 403 | 243:1-2, 243:5, 244:15-17, 245:24-25, 245:3-5 | IRR, PRJ, OST, ARG, FND, LGL, SPC, ICD |
| 243:05-243:05 | IRR, PRJ, | | | | |

| | | Krems, Jan (09/07/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | OST, ARG, FND, LGL, SPC | | | | |
| 243:16-243:18 | IRR, PRJ, OST, ARG, FND, LGL, SPC | | | | |
| 243:20-243:20 | IRR, PRJ, OST, ARG, FND, LGL, SPC | | | | |
| 243:22-243:24 | IRR, PRJ, OST, ARG, FND, LGL, SPC | | | | |
| 244:02-244:02 | IRR, PRJ, OST, ARG, FND, LGL, SPC | | | | |
| 244:04-244:06 | IRR, PRJ, OST, ARG, FND, LPK | | | | |
| 244:09-244:09 | IRR, PRJ, OST, ARG, FND, LPK | | | | |
| 244:24-244:25 | IRR, PRJ, OST, ARG, FND, AMB, asked and answered | | | | |
| 245:03-245:05 | IRR, PRJ, OST, ARG, FND, AMB, asked and answered | | | | |
| 245:07-245:13 | | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 010:15-010:17 | | | | | |
| 010:19-010:22 | | | | | |
| 011:02-011:08 | | | | | |
| 011:11-011:14 | | | | | |
| 012:09-012:21 | | | | | |
| 012:25-013:19 | | | | | |
| 014:02-014:14 | | | | | |
| 014:21-014:25 | | | | | |
| 015:04-017:06 | | | | | |
| 017:09-018:01 | | | | | |
| 018:10-018:24 | | | | | |
| 019:16-020:04 | | | | | |
| 020:06-021:01 | | | | | |
| 021:08-021:16 | LEA, AMB | | | | |
| 021:18-021:20 | LEA, AMB | | | | |
| 021:22-023:10 | | | | | |
| 025:11-025:13 | | | | | |
| 025:17-026:14 | | | | | |
| 027:08-028:09 | AMB | | | | |
| 028:20-030:22 | | | | | |
| 031:12-032:22 | | | | | |
| 033:08-033:15 | | | | | |
| 033:22-036:08 | | | | | |
| 036:11-036:22 | AMB, SPC | | | | |
| 036:24-037:02 | | | | | |
| 037:04-038:21 | | | | | |
| 039:02-039:14 | | | | | |
| 040:01-041:21 | | | | | |
| 041:25-042:02 | | | | | |
| 042:21-042:24 | | | | | |
| 043:08-043:15 | | | | | |
| 043:23-044:23 | | | | | |
| 045:01-045:16 | | | | | |
| 045:21-046:13 | | | | | |
| 046:16-048:06 | | | | | |
| 048:10-048:18 | | | | | |
| 048:25-049:04 | | | | | |
| 049:06-050:11 | | | | | |

| | | Sandridge, Aileen (9/14/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 050:14-050:19 | | | | | |
| 051:06-051:14 | | | | | |
| 051:17-051:17 | | | | | |
| 051:19-051:22 | | | | | |
| 053:08-053:10 | AMB, NAR | | | | |
| 053:12-053:16 | | | | | |
| 053:25-054:03 | | | | | |
| 054:13-055:01 | | | | | |
| 056:22-057:03 | AMB, AFN, Asked and answered, LPK, PRJ | 55:22-56:7 | V, I, R, 403 | 57:9-23 | AMB, SPC, PRJ |
| 057:09-057:14 | | | | | |
| 058:14-058:16 | AMB, SPC | | | | |
| 058:18-058:20 | | | | | |
| 058:22-058:24 | | | | | |
| 060:12-060:13 | AMB, SPC | | | | |
| 060:15-060:20 | | | | | |
| 060:25-061:11 | | | | | |
| 062:24-063:01 | | | | | |
| 063:19-063:21 | AMB, SPC, LEA | | | | |
| 063:23-063:24 | | | | | |
| 064:02-064:04 | AMB, SPC | | | | |
| 064:06-064:09 | | | | | |
| 065:02-065:04 | AMB, SPC, NAR | | | | |
| 065:06-065:08 | | | | | |
| 065:10-066:02 | | | | | |
| 066:10-066:12 | AMB, SPC, NAR | | | | |
| 066:14-066:17 | | | | | |
| 066:19-067:01 | | | | | |
| 067:20-068:01 | | | | | |
| 068:13-068:15 | AMB, SPC, NAR | | | | |
| 068:17-068:24 | | | | | |
| 069:10-069:12 | AMB, SPC, NAR | | | | |

40

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 069:14-069:14 | | | | | |
| 069:16-069:21 | SPC AMB, SPC, NAR | | | | |
| 069:23-069:25 | | | | | |
| 070:12-070:22 | | | | | |
| 071:07-071:09 | AMB | | | | |
| 071:11-071:12 | | | | | |
| 071:14-071:15 | AMB | | | | |
| 071:17-071:17 | | | | | |
| 071:19-072:10 | AMB, NAR AMB, LEA | | | | |
| 072:13-073:02 | SPC, AFN, FND, LEA | | | | |
| 073:04-073:05 | | | | | |
| 073:14-073:17 | LEA, AMB | | | | |
| 074:02-074:04 | LEA, AMB | | | | |
| 074:06-074:07 | | | | | |
| 075:24-076:01 | AMB, LEA, PRJ | | | | |
| 076:03-076:06 | | | | | |
| 076:08-076:11 | | | | | |
| 076:22-077:01 | AMB | | | | |
| 077:03-077:09 | | | | | |
| 077:11-077:14 | AMB, LEA | | | | |
| 077:16-077:17 | | | | | |
| 078:06-078:08 | | | | | |
| 078:10-078:13 | Asked and answered, LEA | | | | |
| 078:16-078:18 | AMB | | | | |
| 078:20-078:22 | | | | | |
| 081:06-081:09 | | | | | |
| 084:14-084:18 | | | | | |
| 084:21-084:23 | AMB, LEA | | | | |
| 084:25-085:02 | | | | | |
| 085:13-085:18 | | | | | |
| 086:16-086:18 | AMB, LEA | | | | |
| 086:20-086:20 | | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 086:22-087:01 | | | | | |
| 087:13-087:15 | AMB, MSC | | | | |
| 087:18-087:20 | AMB, NAR | | | | |
| 087:22-087:22 | | | | | |
| 087:24-088:01 | AMB, NAR, Asked and answered, SPC | | | | |
| 088:03-088:07 | | | | | |
| 090:05-090:06 | SPC, NAR, AMB, LPK | | | | |
| 090:08-090:10 | | | | | |
| 090:12-090:15 | SPC, NAR, AMB, LPK | | | | |
| 090:17-090:21 | | | | | |
| 092:06-092:13 | SPC, LPK, AMB | | | | |
| 092:15-092:18 | | | | | |
| 092:20-093:07 | | | | | |
| 093:12-093:13 | AMB, IRR | | | | |
| 093:15-093:19 | | | | | |
| 093:21-093:23 | SPC, LPK | | | | |
| 094:02-094:06 | | | | | |
| 094:22-094:24 | SPC, LPK | | | | |
| 095:04-095:08 | | | | | |
| 095:17-096:06 | | | | | |
| 096:10-096:14 | | | | | |
| 096:22-096:24 | | | | | |
| 098:04-098:07 | LEA PRJ | | | | |
| 098:09-098:09 | | | | | |
| 098:11-098:23 | AMB, PRJ | | | | |
| 098:25-099:03 | | | | | |
| 099:05-099:13 | PRJ | | | | |
| 099:15-099:15 | | | | | |
| 099:17-099:22 | LEA, PRJ | | | | |
| 099:24-100:02 | | | | | |
| 100:04-100:06 | AFN, LEA, PRJ | | | | |
| 100:08-100:09 | | 100:18-20 | V, R, 403 | 101:2-4, | LEA, PRJ, |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 100:22-24 | | 101:6-14, 101:16-20 | ICD |
| 101:02-101:04 | LEA | 100:18-20 100:22-24 | V, R, 403 | 100:4-6, 101:8-9, 101:6-14, 101:16-20 | LEA, PRJ, ICD |
| 101:06-101:06 | | | | | |
| 101:08-101:11 | | | | | |
| 101:13-101:14 | LEA, PRJ | | | | |
| 101:16-101:17 | | | | | |
| 101:19-101:23 | | | | | |
| 101:25-102:03 | LEA, PRJ | | | | |
| 102:07-102:10 | | | | | |
| 102:13-102:15 | SPC, PRJ | | | | |
| 102:17-102:18 | | | | | |
| 103:02-103:03 | SPC, PRJ | | | | |
| 103:05-103:06 | | | | | |
| 103:08-103:10 | SPC, PRJ | | | | |
| 103:12-103:15 | | | | | |
| 103:17-104:17 | SPC  PRJ | | | | |
| 106:03-106:17 | | | | | |
| 106:20-107:01 | AFN, LPK, HSY | | | | |
| 107:03-107:06 | | | | | |
| 107:08-107:14 | LEA | | | | |
| 107:16-107:17 | | | | | |
| 107:19-107:23 | | | | | |
| 108:13-108:21 | AFN LEA | | | | |
| 108:23-108:24 | | | | | |
| 109:05-109:07 | | | | | |
| 109:09-109:20 | PRJ LEA | | | | |
| 109:22-109:23 | | | | | |
| 110:02-110:13 | SPC, NAR | | | | |
| 110:19-110:21 | SPC, NAR, LPK, AMB | | | | |
| 110:23-111:01 | SPC, NAR, LPK, AMB | | | | |
| 111:20-111:22 | OST | | | | |
| 111:24-112:02 | OST | | | | |

43

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 112:04-113:13 | SPC, NAR, LPK, AMB SPC, AMB | 113:22-114:2 114:4-9 114:13-14 114:17-21 115:4-11 115:15-19 115:21-21 | V, NR, F, R, 403 | 115:12-14, 117:17-22, 117:24-118:17, 141:3-11, 141:13, 141:15-24, 142:1-2, 142:4-10, 142:15-17, 142:19-23, 142:24-143:15, 143:17-22 | NAR, ICD, IRR, PRJ, CME |
| 115:23-115:25 | | 113:22-114:2 114:4-9 114:13-14 114:17-21 115:4-11 115:15-19 115:21-21 116:19-21 116:23-24 | V, NR, F, R, 403 | 115:12-14, 117:17-22, 117:24-118:17, 141:3-11, 141:13, 141:15-24, 142:1-2, 142:4-10, 142:15-17, 142:19-23, 142:24-143:15, 143:17-22 | NAR, ICD, IRR, PRJ, CME |
| 116:02-116:07 | | 116:19-21 116:23-24 | V, NR, F, R, 403 | 115:12-14, 117:17-22, 117:24-118:17, 141:3-11, 141:13, 141:15-24, 142:1-2, 142:4-10, 142:15-17, 142:19-23, 142:24-143:15, 143:17-22 | NAR, ICD, IRR, PRJ, CME |
| 117:08-117:09 | AMB | | | | |

44

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 117:11-117:15 | | | | | |
| 117:17-117:22 | LEA, AMB, SMY | | | | |
| 117:24-118:04 | | | | | |
| 118:06-118:20 | Asked and answered AMB, SPC | | | | |
| 118:22-119:02 | AMB, SPC | | | | |
| 119:04-119:17 | | 121:11-14 122:18-20 122:23-23 | NR, R, 403 | 124:9-12, 124:14-15, 124:17-125:6, 125:10-15, 125:19-21, 125:23, 125:25-126:06, 126:8 | NAR, LEA, AMB, SMY |
| 124:09-124:12 | AMB, NAR | 121:11-14 122:18-20 122:23-23 | NR, R, 403 | 124:14-15, 124:17-125:6, 125:10-15, 125:19-21, 125:23, 125:25-126:06, 126:8 | NAR, LEA, AMB, SMY |
| 124:14-124:15 | AMB, NAR | | | | |
| 124:17-125:06 | AMB, NAR | | | | |
| 125:10-125:15 | | | | | |
| 125:19-125:21 | LEA, AMB | | | | |
| 125:23-125:23 | LEA, AMB | | | | |
| 125:25-126:06 | LEA, SMY | | | | |
| 126:08-126:08 | LEA, SMY | 126:10-12 126:14-14 126:16-17 126:19-23 126:25-127:7 | V, F, R, 403 | 127:8-11, 127:13-14, 127:16-20 | |
| 127:08-127:11 | | 126:10-12 126:14-14 126:16-17 126:19-23 126:25-127:7 | V, F, R, 403 | 127:8-11, 127:13-14, 127:16-20 | |
| 127:13-127:14 | | | | | |

45

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 127:18-127:20 | | | | | |
| 129:10-129:17 | LEA | | | | |
| 129:19-129:19 | LEA | 130:14-17 130:19-19 131:3-4 131:6-10 131:12-16 | V, F, R, 403 | 126:4-6, 126:8-12, 126:14, 127:8-11, 127:13-14, 127:16-20, 146:17, 146:19-24 | INC, PRJ, NAR, LEA, SPC, LPK |
| 135:14-136:08 | Asked and answered | 130:14-17 130:19-19 131:3-4 131:6-10 131:12-16 136:9-15 137:3-4 137:6-6 137:14-21 | V, F, R, 403 | 126:4-6, 126:8-12, 126:14, 127:8-11, 127:13-14, 127:16-20, 139:21-140:4, 141:17-21, 146:17, 146:19-24 | INC, PRJ, NAR, LEA, SPC, LPK |
| 137:23-137:25 | LEA, SPC, LPK, PRJ | 136:9-15 137:3-4 137:6-6 137:14-21 | V, F, R, 403 | 126:4-6, 126:8-12, 126:14, 127:8-11, 127:13-14, 127:16-20, 139:21-140:4, 141:17-21, 146:17, 146:19-24 | INC, PRJ, NAR, LEA, SPC, LPK |
| 138:02-138:05 | LEA, SPC, LPK, PRJ | | | | |
| 139:04-140:10 | LPK LPK, SPC | 140:5-7 | F, R, 403 | 140:12-15 | |
| 140:12-140:15 | LPK, SPC | 140:5-7 | F, R, 403 | 140:8-10, 142:15-17, 142:19-23, 142:24-143:15, 143:17-22, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 140:17-141:08 | LPK, SPC | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 141:17-141:21 | | 141:22-142:2 | F, R, 403 | 140:8-10, 142:15-17, 142:19-23, 142:24-143:15, 143:17-22, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 142:04-142:10 | LPK, SPC | 141:22-142:2 | F, R, 403 | 140:8-10, 142:15-17, 142:19-23, 142:24-143:15, 143:17-22, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 142:15-142:17 | LPK, SPC, LEA | | | | |
| 142:19-142:22 | LPK, SPC, LEA | | | | |
| 143:02-143:11 | | 143:12-15 143:17-21 | F, R, 403 | 140:8-10, 142:15-17, 142:19-23, 142:24-143:11, 146:10-15, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 143:23-144:10 | SPC, AMB | 143:12-15 143:17-21 | F, R, 403 | 140:8-10, 142:15-17, 142:19-23, 142:24-143:11, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 144:12-144:14 | SPC, AMB | | | | |
| 144:16-144:18 | | | | | |
| 145:21-145:24 | | | | | |
| 146:03-146:06 | AMB, ARG, LEA, PRJ, | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | LPK | | | | |
| 146:08-146:08 | AMB, ARG, LEA, PRJ, LPK | | | | |
| 146:10-146:15 | AMB, ARG, LEA, PRJ, LPK | | | | |
| 146:17-146:17 | AMB, ARG, LEA, PRJ, LPK | | | | |
| 146:19-146:24 | | | | | |
| 147:04-147:08 | LEA, SMY | | | | |
| 147:10-147:10 | LEA, SMY | 148:10-14 148:15-18 148:20-21 | V, F, R, 403 | 146:17, 146:19-24, 140:8-10, 142:15-17, 142:19-23, 142:24-143:11, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 151:03-151:06 | AMB, MSC Asked and answered, LEA, SMY | 148:10-14 148:15-18 148:20-21 | V, F, R, 403 | 146:17, 146:19-24, 140:8-10, 142:15-17, 142:19-23, 142:24-143:11, 146:17, 146:19-24 | LPK, SPC, LEA, NAR, PRJ, AMB, ICD, INC |
| 151:08-151:08 | Asked and answered, LEA, SMY | | | | |
| 151:17-151:19 | Asked and answered, LEA, SMY | | | | |
| 151:21-151:21 | Asked and answered, LEA, SMY | | | | |
| 151:23-151:25 | Asked and | | | | |

| | | Sandridge, Aileen (9/14/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | answered, LEA, SMY | | | | |
| 152:02-152:02 | Asked and answered, LEA, SMY | | | | |
| 159:15-159:25 | Asked and answered, LEA, SMY | | | | |
| 160:02-160:06 | Asked and answered, LEA, SMY | | | | |
| 160:10-160:14 | SPC, LPK | | | | |
| 160:16-160:19 | SPC, LPK | 160:21-25 | R, 403 | 12:25-13:19, 17:12-18:8 | INC, IRR, ICD, PRJ |
| 161:05-161:09 | Asked and answered, LEA, SMY | 160:21-25 | R, 403 | 12:25-13:19, 17:12-18:8 | INC, IRR, ICD, PRJ |
| 162:03-162:06 | Asked and answered, LEA, SMY | | | | |
| 162:08-162:08 | Asked and answered, LEA, SMY | | | | |
| 162:10-162:13 | Asked and answered, LEA, SMY | | | | |
| 162:16-162:22 | Asked and answered, LEA, SMY | | | | |
| 162:24-163:03 | Asked and answered, LEA, SMY | 163:6-10 | NR, V, R, 403 | | |
| 163:11-163:14 | Asked and answered, LEA | 163:6-10 | V, R, 403 | | |
| 163:16-163:17 | Asked and answered, LEA | | | | |
| 164:05-164:11 | AMB, Asked and answered | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 164:13-164:13 | AMB, Asked and answered | 165:8-15 | F, R, 403 | 165:16-19, 165:21, 165:23-166:1 | |
| 165:16-165:19 | LEA, LPK, SMY | 165:8-15 | F, R, 403 | 165:16-19, 165:21, 165:23-166:1 | |
| 165:21-165:21 | LEA, LPK, SMY | 165:23-166:4 | F, R, 403 | 166:5-7 | INC |
| 166:05-166:07 | | 165:23-166:4 166:15-17 166:19-25 | NR, F, R, 403 | 166:5-7 | INC |
| 167:13-167:16 | Asked and answered, LEA | 166:15-17 166:19-25 168:2-5 168:8-14 | R, 403 | 166:5-7, 167:13-16 | INC, Asked and answered, LEA |
| 168:16-168:19 | | 168:2-5 168:8-14 168:20-23 168:25-25 | R, 403 | 167:13-16 | Asked and answered, LEA |
| 169:23-169:24 | AMB, SPC, LPK | 168:20-23 168:25-25 | R, 403 | 167:13-16 | Asked and answered, LEA |
| 170:01-170:03 | AMB, SPC, LPK | | | | |
| 170:14-170:16 | SPC, LPK | | | | |
| 170:18-170:22 | SPC, LPK | 171:15-17 171:19-23 | R, 403 | 167:13-16, 172:25-173:5, 173:8-11, 173:13 | Asked and answered, LEA |
| 172:25-173:05 | Asked and answered, LEA | 171:15-17 171:19-23 | NR, R, 403 | 167:13-16, 172:25-173:5, 173:8-11, 173:13 | Asked and answered, LEA |
| 173:08-173:11 | Asked and answered, LEA, SPC | | | | |
| 173:13-173:13 | Asked and answered, LEA, SPC | 173:23-25 174:2-2 | R, 403 | 167:13-16, 172:25-173:5, 173:8-11 | Asked and answered, LEA |
| 174:24-175:06 | | 173:23-25 | NR, R, 403 | 167:13-16, | Asked and |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | 174:2-2 | | 172:25-173:5, 173:8-11, 173:13 | answered, LEA |
| 175:23-176:02 | | | | | |
| 176:05-176:16 | AMB, SPC, LPK | | | | |
| 176:18-176:20 | AMB, SPC, LPK | | | | |
| 176:24-176:25 | | | | | |
| 177:10-177:11 | | | | | |
| 177:25-178:06 | | | | | |
| 178:17-178:20 | AMB, SPC, LPK | | | | |
| 178:22-178:25 | AMB, SPC, LPK | | | | |
| 179:10-179:16 | | | | | |
| 179:24-180:07 | AMB | | | | |
| 180:09-180:12 | AMB | | | | |
| 180:14-180:18 | | 180:19-21 | R, 403 | 180:22-25, 181:6-8, 181:12-15 | AMB, INC, ICD |
| 180:22-180:25 | | 180:19-21 | R, 403 | 180:22-25, 181:6-8, 181:12-15 | AMB, INC, ICD |
| 181:06-181:08 | | 181:9-11 | V, R, 403 | 180:22-25, 181:6-8, 181:12-15 | AMB, INC, ICD |
| 181:12-181:17 | AMB | 181:9-11 | V, R, 403 | 180:22-25, 181:6-8, 181:12-15 | AMB, INC, ICD |
| 181:19-181:19 | AMB | 182:18-20 182:22-183:1 183:3-5 183:7-7 | R, 403 | 183:12-15, 184:5-7, 184:9-10, 184:12-15, 184:24-185:2, 185:4, 185:6-8, 185:10-11, 186:6-8, 186:10-11 | ICD, IRR, AMB, SPC, LPK |
| 183:09-183:15 | | 182:18-20 | R, 403 | 183:12-15, | ICD, IRR, |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | 182:22-183:1 183:3-5 183:7-7 | | 184:5-7, 184:9-10, 184:12-15, 184:24-185:2, 185:4, 185:6-8, 185:10-11, 186:6-8, 186:10-11 | AMB, SPC, LPK |
| 184:05-184:07 | AMB | | | | |
| 184:09-184:10 | AMB | | | | |
| 184:12-184:15 | | | | | |
| 184:24-185:02 | SPC | | | | |
| 185:04-185:04 | SPC | | | | |
| 185:06-185:08 | SPC, LPK, AMB | | | | |
| 185:10-185:11 | SPC, LPK, AMB | | | | |
| 186:06-186:08 | SPC, LPK, AMB | | | | |
| 186:10-186:11 | SPC, LPK, AMB | | | | |
| 186:13-186:15 | Asked and answered, LPK, SPC | | | | |
| 186:17-186:17 | Asked and answered, LPK, SPC | | | | |
| 186:19-187:09 | LEA, SPC, LPK | | | | |
| 187:11-187:11 | LEA, SPC, LPK | | | | |
| 187:13-187:19 | LEA, SPC, LPK | | | | |
| 187:21-187:21 | LEA, SPC, LPK | | | | |
| 187:25-189:09 | | | | | |
| 189:17-189:19 | AMB | | | | |
| 189:21-189:21 | AMB | | | | |
| 189:23-190:12 | AMB AMB | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 190:14-190:16 | AMB | | | | |
| 190:18-191:04 | | | | | |
| 191:23-192:01 | | | | | |
| 192:03-192:05 | AMB | | | | |
| 192:08-193:02 | | | | | |
| 193:12-193:12 | | | | | |
| 193:20-193:22 | | | | | |
| 193:25-194:09 | AMB | | | | |
| 194:11-194:11 | AMB | | | | |
| 194:13-194:16 | | | | | |
| 194:21-194:24 | SPC, LPK, AMB | | | | |
| 195:01-195:01 | SPC, LPK, AMB | | | | |
| 195:03-195:06 | SPC, LPK, AMB | | | | |
| 195:08-195:08 | SPC, LPK, AMB | | | | |
| 195:23-196:06 | SPC SPC | | | | |
| 196:08-196:08 | SPC | | | | |
| 196:10-196:13 | SPC | | | | |
| 196:15-196:15 | SPC | | | | |
| 196:17-196:20 | SPC | | | | |
| 196:22-196:22 | SPC | | | | |
| 196:24-196:25 | AMB | | | | |
| 197:02-197:02 | AMB | | | | |
| 197:04-197:09 | | | | | |
| 198:02-198:15 | AMB | | | | |
| 198:17-198:18 | AMB | | | | |
| 199:10-199:22 | | 199:23-200:1 200:4-7 200:9-9 200:11-15 | F, R, 403 | | |
| 201:14-201:23 | | 199:23-200:1 200:4-7 200:9-9 200:11-15 201:24-202:9 | R, 403 | 183:12-15, 184:5-7, 184:9-10, 184:12-15, 184:24-185:2, 185:4, 185:6- | ICD, IRR, AMB, SPC, LPK |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | | | 8, 185:10-11, 186:6-8, 186:10-11 | |
| 203:07-203:17 | | 201:24-202:9 | R, 403 | 183:12-15, 184:5-7, 184:9-10, 184:12-15, 184:24-185:2, 185:4, 185:6-8, 185:10-11, 186:6-8, 186:10-11 | ICD, IRR, AMB, SPC, LPK |
| 204:25-205:05 | | | | | |
| 205:09-205:11 | | 205:12-14 205:16-19 | LC, O, R, 403 | 205:21-23 | |
| 207:10-207:14 | | 205:12-14 205:16-19 | LC, O, R, 403 | 205:21-23 | |
| 212:02-212:08 | AMB | | | | |
| 212:10-212:10 | AMB | | | | |
| 212:12-212:15 | | | | | |
| 212:17-212:20 | AMB, LEA | | | | |
| 213:14-213:17 | SPC, LPK | | | | |
| 213:19-213:20 | SPC, LPK | | | | |
| 214:08-214:16 | | | | | |
| 215:24-216:03 | | | | | |
| 217:06-217:08 | | | | | |
| 217:14-217:19 | | | | | |
| 218:08-218:09 | | | | | |
| 218:16-218:24 | | | | | |
| 219:03-219:10 | | 219:11-13 | R, 403 | 224:25-225:4, 225:6, 225:8-10, 225:12-13, 225:12-13, 225:21-22, 225:24-226:6, 226:8-10, 226:21-23, 226:25-227:5 | ICD, IRR, LEA, SMY, SPC, asked and answered, PRJ |
| 219:14-220:12 | LEA | 219:11-13 | R, 403 | 224:25-225:4, 225:6, 225:8- | ICD, IRR, LEA, |

**Sandridge, Aileen (9/14/2017)**

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 10, 225:12-13, 225:12-13, 225:21-22, 225:24-226:6, 226:8-10, 226:21-23, 226:25-227:5 | SMY, SPC, asked and answered, PRJ |
| 220:15-220:17 | LEA, LFN | | | | |
| 220:19-220:19 | LEA, LFN | | | | |
| 220:21-220:23 | MSC | | | | |
| 220:25-221:08 | | | | | |
| 221:10-221:17 | SPC | | | | |
| 221:19-221:20 | SPC | | | | |
| 221:22-221:23 | | | | | |
| 222:09-222:17 | | | | | |
| 222:21-223:03 | AMB | | | | |
| 223:05-223:07 | AMB | | | | |
| 223:09-223:17 | M BSPC Asked and answered | | | | |
| 223:20-223:22 | M BSPC Asked and answered | | | | |
| 223:24-224:01 | AMB, SPC | | | | |
| 224:03-224:04 | AMB, SPC | | | | |
| 224:06-224:09 | | | | | |
| 224:25-225:04 | LEA, SMY | | | | |
| 225:06-225:06 | LEA, SMY | | | | |
| 225:08-225:10 | SPC, asked and answered | | | | |
| 225:12-225:13 | SPC, asked and answered | | | | |
| 225:15-225:22 | AMB | | | | |
| 225:24-225:25 | AMB | | | | |
| 226:02-226:06 | LEA | | | | |
| 226:08-226:10 | LEA | | | | |
| 226:12-226:15 | | 226:16-17 | NR, F, R, 403 | 224:25-225:4, | ICD, IRR, |

| | | | | | |
|---|---|---|---|---|---|
| **Sandridge, Aileen (9/14/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 226:19-19 | | 225:6, 225:8-10, 225:12-13, 225:12-13, 225:21-22, 225:24-226:6, 226:8-10, 226:21-23, 226:25-227:5 | LEA, SMY, SPC, asked and answered, PRJ |
| 226:21-226:23 | | 226:16-17 226:19-19 | NR, F, R, 403 | 224:25-225:4, 225:6, 225:8-10, 225:12-13, 225:12-13, 225:21-22, 225:24-226:6, 226:8-10, 226:21-23, 226:25-227:5 | ICD, IRR, LEA, SMY, SPC, asked and answered, PRJ |
| 226:25-226:25 | | | | | |
| 227:02-227:05 | | | | | |
| 227:15-227:21 | | | | | |
| 228:13-229:03 | | | | | |
| 229:07-229:10 | | 229:15-17 | F, R, 403 | 236:15-16, 236:18-20, 236:22-237:9, 245:21-25 | INC, AMB, SPC, LEA |
| 229:20-229:21 | AMB, DUP | 229:15-17 | F, R, 403 | 236:15-16, 236:18-20, 236:22-237:9, 245:21-25 | INC, AMB, SPC, LEA |
| 229:23-229:23 | AMB, DUP | | | | |
| 230:23-231:08 | AMB | | | | |
| 231:10-231:10 | AMB | | | | |
| 231:12-231:16 | | 231:17-19 | F, R, 403 | | |
| 231:20-231:24 | LEA | 231:17-19 | F, R, 403 | | |
| 232:01-232:01 | LEA | | | | |
| 232:03-232:19 | | | | | |
| 232:22-233:09 | | | | | |
| 233:15-233:20 | | | | | |
| 234:12-234:22 | | | | | |
| 235:02-235:09 | | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 235:13-235:22 | | | | | |
| 236:01-236:16 | AMB, SPC | | | | |
| 236:18-236:20 | AMB, SPC | | | | |
| 236:22-237:09 | | | | | |
| 238:08-238:14 | | | | | |
| 239:14-239:24 | | | | | |
| 240:02-240:22 | DUP, asked and answered AMB, DUP | | | | |
| 240:24-241:01 | AMB, DUP | | | | |
| 241:03-241:04 | SPC | | | | |
| 241:06-241:06 | SPC | | | | |
| 241:08-241:08 | SPC | | | | |
| 241:10-241:10 | SPC | | | | |
| 241:15-242:01 | | 242:2-13 | R, 403 | 240:2-22, 240:24-241:1 | AMB, SPC, asked and answered, IRR, ICD |
| 242:14-242:23 | | 242:2-13 | R, 403 | 240:2-22, 240:24-241:1 | AMB, SPC, asked and answered, IRR, ICD |
| 243:05-243:11 | | 243:12-15 243:24-244:1 | F, R, 403 | | |
| 244:02-244:14 | SPC | 243:12-15 243:24-244:1 | F, R, 403 | | |
| 244:21-245:02 | asked and answered, MSC, SPC, AMB | | | | |
| 245:05-245:08 | asked and answered, MSC, SPC, AMB | | | | |
| 245:10-245:16 | AMB, LEA | | | | |
| 245:18-245:18 | AMB, LEA | | | | |
| 245:20-245:21 | AMB, LEA | | | | |
| 245:23-246:03 | AMB, LEA | | | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| 246:07-246:12 | | | | | |
| 247:05-247:15 | SPC LEA, AFN | | | | |
| 247:17-247:19 | LEA, AFN | | | | |
| 248:03-248:09 | | | | | |
| 248:15-248:18 | LEA | | | | |
| 248:20-248:22 | LEA | | | | |
| 248:24-249:05 | AMB, NAR | | | | |
| 249:07-249:09 | AMB, NAR | | | | |
| 249:11-249:21 | | | | | |
| 249:23-250:01 | | | | | |
| 250:03-250:10 | | | | | |
| 251:06-251:08 | LEA | | | | |
| 251:10-251:13 | LEA | 251:15-24 | R, 403 | | |
| 251:25-252:02 | MSC, AMB, LEA | 251:15-24 | R, 403 | | |
| 252:04-252:07 | MSC, AMB, LEA | | | | |
| 252:09-252:13 | LEA | | | | |
| 252:15-252:15 | LEA | | | | |
| 252:19-252:23 | AMB, NAR | | | | |
| 252:25-253:02 | AMB, NAR | | | | |
| 253:08-253:15 | AMB, NAR | | | | |
| 254:13-255:06 | AMB, IRR, PRJ, ARG, FND, NAR, LGL | | | | |
| 255:17-256:06 | AMB, IRR, PRJ, ARG, FND, NAR, LGL | 256:7-9 256:12-16 | LC, O, R, 403 | 256:18-257:1-257:3-5 | ARG, LGL, PRJ, FND, AFN, LPK, IRR |
| 258:02-258:05 | AMB, IRR, PRJ, ARG, FND, NAR, LGL | 256:7-9 256:12-16 258:6-14 | V, I, LC, O, R, 403 | 256:18-257:1-257:3-5, 259:3-11 | ARG, LGL, PRJ, FND, AFN, LPK, IRR |
| 259:06-260:16 | AMB, IRR, PRJ, ARG, FND, NAR, | 258:6-14 259:12-22 | V, I, LC, O, R, 403 | 256:18-257:1-257:3-5, 259:3-11, | ARG, LGL, PRJ, FND, |

**Sandridge, Aileen (9/14/2017)**

58

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | LGL AMB, IRR, PRJ, ARG, FND, NAR, LGL AMB, IRR, PRJ, ARG, FND, NAR, LGL | | | 259:23-260:16, 260:19-20, 260:22-24, 261:2, 261:4-7 | AFN, LPK, IRR, NAR, ICD |
| 260:19-260:20 | AMB, IRR, PRJ, ARG, FND, NAR, LGL | 259:12-22 | V, I, LC, O, R, 403 | 256:18-257:1-257:3-5, 259:3-11, 259:23-260:16, 260:19-20, 260:22-24, 261:2, 261:4-7 | ARG, LGL, PRJ, FND, AFN, LPK, IRR, NAR, ICD |
| 260:22-260:24 | AMB, IRR, PRJ, ARG, FND, NAR, LGL | | | | |
| 261:01-261:02 | AMB, IRR, PRJ, ARG, FND, NAR, LGL | | | | |
| 261:04-261:19 | PRV AMB, IRR, PRJ, ARG, FND, NAR AMB, NAR | | | | |
| 261:21-261:21 | AMB, NAR | | | | |
| 261:23-261:25 | PRV AMB, IRR, PRJ, ARG, FND, NAR | | | | |
| 262:02-262:02 | AMB, IRR, PRJ, ARG, FND, NAR PRV | | | | |
| 262:04-262:06 | PRV | | | | |

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | AMB, IRR, PRJ, ARG, FND, NAR | | | | |
| 262:08-262:08 | AMB, IRR, PRJ, ARG, FND, NAR PRV | | | | |
| 262:10-262:12 | PRV AMB, IRR, PRJ, ARG, FND, NAR | | | | |
| 262:14-262:14 | AMB, IRR, PRJ, ARG, FND, NAR PRV | | | | |
| 262:16-262:18 | PRV AMB, IRR, PRJ, ARG, FND, NAR | | | | |
| 262:20-262:20 | AMB, IRR, PRJ, ARG, FND, NAR PRV | | | | |
| 262:22-262:24 | PRV AMB, IRR, PRJ, ARG, FND, NAR | | | | |
| 263:01-263:01 | AMB, IRR, PRJ, ARG, FND, NAR PRV | 263:6-15 | NR, R, 403 | | |
| 263:16-264:01 | AMB, IRR, PRJ, ARG, FND | 263:6-15 | R, 403 | | |
| 264:03-264:04 | AMB, PRJ AMB, PRJ | | | | |
| 264:11-264:12 | AMB, IRR, PRJ, ARG, FND, AMB | | | | |
| 264:14-264:15 | AMB; IRR; | | | | |

60

| Sandridge, Aileen (9/14/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | PRJ; ARG; FND; AMB | | | | |
| 264:17-265:02 | IRR; PRJ; ARG; FND; LGL; AMB AMB; IRR; PRJ; ARG; FND | | | | |
| 265:08-265:13 | | | | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| Carlisle, Jason (08/24/2017) | | | | | |
| 007:08-007:15 | | | | | |
| 008:11-008:13 | | | | | |
| 008:15-008:17 | | | | | |
| 010:14-010:16 | | | | | |
| 010:18-010:19 | | | | | |
| 011:09-011:22 | | | | | |
| 012:01-012:13 | IRR, PRJ, OST | 12:14-16 | V, R, | 12:17-19 12:21-13:22 | INC |
| 012:17-012:19 | | 12:14-16 | V, R | 12:17-19 12:21-13:22 | INC |
| 012:21-013:22 | | 13:23-24; 14:2-3 | V, R, NR | | |
| 015:01-015:05 | CSL, PRJ | | | | |
| 015:11-015:19 | PRJ, CSL, MSC, AMB | 15:20-23 | V, R, NR, 403 | | |
| 015:24-016:03 | IRR, PRJ, OST | 16:4-10 | | | |
| 016:13-016:14 | | 16:23; 17:2-10 | V, R, NR, 403 | | |
| 017:12-018:02 | IRR, PRJ, OST | 17:2-10 | | | |
| 018:24-019:08 | HSY, AMB, MSC | | | | |
| 019:10-019:11 | | | | | |
| 019:17-019:19 | IRR, PRJ, OST, AMB | 19:20-20:1 | V, R | | |
| 020:02-020:14 | | 19:20-20:1 | V, R | | |
| 021:01-021:08 | | | | | |
| 021:11-022:01 | | 22:6-7; 22:9-23 | V, R, NR | | |
| 023:01-023:17 | IRR, PRJ, AMB, OST, AFN | 22:6-7; 22:9-23 | V, R, NR | | |
| 024:01-024:06 | IRR, PRJ, AMB | | | | |
| 024:12-024:15 | | | | | |
| 031:09-031:13 | IRR, PRJ, AMB, HSY, MSC | 31:14-17 | V, R | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 031:18-031:25 | IRR, PRJ, AMB, HSY | 31:14-17 | V, R | | |
| 032:02-032:21 | IRR, PRJ, AMB, HSY, MSC | 32:22-24 | V, R, NR | 31:09-31:13 032:25-033:02 033:05-033:13 | ICD, INC, HSY |
| 032:25-033:02 | IRR, PRJ, AMB, HSY, MSC | 32:22-24 | V, R, NR | 31:09-31:13 31:18-32:21 032:02-032:21 033:05-033:13 | ICD, INC, HSY |
| 033:05-033:13 | | 33:15-21 | V, R, NR | 31:09-31:13 032:02-032:21 032:25-033:02 033:05-033:13 | ICD, INC, HSY |
| 036:15-037:03 | PRJ, AMB | 37:4-5; 37:8-15 | V, R, 403 | | |
| 037:16-037:21 | PRJ, AMB | 37:22-24 | V, R, 403 | | |
| 038:20-038:22 | PRJ | | | | |
| 039:02-039:12 | AFN, FND, PRJ | | | | |
| 039:16-040:11 | AFN, FND, PRJ, LGL | 40:15-21 | R,403, NR, I | 40:22-24 | MSC, OST, FND, PRJ, AFN, ICD |
| 040:22-041:03 | MSC, OST, FND, PRJ, AFN | 40:15-21 | R, 403, I | 40:22-24 | MSC, OST, FND, PRJ, AFN |
| 041:09-041:12 | | | | | |
| 041:22-042:09 | | | | | |
| 042:11-042:11 | | 42:13-18; 42:20-43:5; 43:8-15 | V, LC, R, F | 43:16-18 | ICD |
| 043:16-043:18 | | 42:13-18; 42:20-43:5; 43:8-15 | V, LC, R, F | | |
| 043:21-044:01 | | 42:13-18; 42:20-43:5; 43:8-15 | V, LC, R, F | 43:16-18 | ICD |
| 044:05-044:21 | OST | 44:22-25 | V, R, F | | |
| 045:01-045:04 | OST | 45:21-46:1 | V, R, F, 403 | | |
| 045:07-045:09 | OST | 45:21-46:1 | V, R, F, 403 | | |
| 045:11-045:16 | OST | 45:21-46:1 | V, R, F, 403 | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 045:18-045:19 | | 45:21-46:1 | V, R, F, 403 | | |
| 046:02-046:24 | | | | | |
| 047:01-047:02 | | | | | |
| 047:09-047:10 | OST | | | | |
| 047:12-047:14 | OST | | | | |
| 047:16-047:20 | OST | | | | |
| 047:22-048:01 | OST | | | | |
| 048:03-048:03 | OST | | | | |
| 048:10-048:10 | OST | | | | |
| 048:12-048:20 | OST | | | | |
| 048:22-048:22 | AMB, PRJ, OST, LPK, FND | | | | |
| 049:01-049:06 | AMB, PRJ, OST, LPK, FND | 49:8-10 | V, R, F, 403 | | |
| 049:11-050:10 | PRJ, IRR | | | | |
| 050:12-050:15 | | | | | |
| 050:17-051:08 | PRJ, IRR | | | | |
| 051:12-051:19 | HSY, SPC | 51:20-22 | V, R, F, 403 | | |
| 051:23-052:05 | FND, SPC, AMB, LGL | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403, NR | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 052:07-052:07 | FND, SPC, AMB | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403, NR | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 052:10-052:11 | FND, AMB | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403, NR | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 052:13-052:14 | FND, AMB, PRJ | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403, NR | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 052:16-054:02 | FND, AMB, PRJ, IRR | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403, NR | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 055:12-055:13 | SPC, FND, AMB, OST, PRJ, IRR | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403, | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 055:15-055:19 | SPC, FND, AMB, OST, | 54:3-6, 54:9-16, 54:18-21, | V, R, F, 403, | 39:2-12 39:16-40:11 | ICD, IRR, INC |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | PRJ, IRR | 54:24-55:11 | | | |
| 055:21-055:22 | SPC, FND, AMB, OST | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403 | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 055:25-056:02 | SPC, FND, AMB, OST, PRJ, IRR | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403 | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 056:16-058:06 | SPC, FND, AMB, OST, PRJ, IRR | 54:3-6, 54:9-16, 54:18-21, 54:24-55:11 | V, R, F, 403 | 39:2-12 39:16-40:11 | ICD, IRR, INC |
| 058:08-058:09 | FND, AMB, OST, PRJ, IRR | | | | |
| 058:11-058:16 | SPC, FND, AMB, OST, PRJ, IRR | 52:10-11, 52:13-54:6, 54:9-16, 54:18-21, 54:24-55:13, 55:15-22, 55:25-56:6, 56:7-24 | V, R, F, NR, 403, I | | |
| 058:18-058:19 | SPC, FND, AMB, OST, PRJ, IRR | | | | |
| 058:21-059:09 | SPC, FND, AMB, OST, PRJ, IRR | 52:10-11, 52:13-54:6, 54:9-16, 54:18-21, 54:24-55:13, 55:15-22, 55:25-56:6, 56:7-24 | V, R, F, NR, 403, I | | |
| 059:12-059:17 | SPC, LPK, FND, AMB, OST, PRJ, IRR | 52:10-11, 52:13-54:6, 54:9-16, 54:18-21, 54:24-55:13, 55:15-22, 55:25-56:6, 56:7-24 | V, R, F, NR, 403, I | | |

65

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 060:15-061:06 | PRJ, IRR, AMB, MSC, FND, OST | 49:11-51:8 | V, R, F, NR | | |
| 061:08-061:09 | PRJ, IRR, AMB, MSC, FND, OST | 61:11-16 | V, R, F, NR | | |
| 061:17-061:19 | PRJ, AMB | 61:11-16 | V, R, F, NR | | |
| 061:21-061:25 | PRJ, AMB | 61:11-16 | V, R, F, NR | | |
| 062:02-062:03 | PRJ, AMB | 61:11-16 | V, R, F, NR | | |
| 062:06-062:06 | PRJ, AMB | 61:11-16 | V, R, F, NR | | |
| 062:08-062:17 | PRJ, AMB | 61:11-16 | V, R, F, NR | | |
| 062:19-062:23 | PRJ, IRR, OST, AMB | 61:11-16 | V, R, F, NR | | |
| 062:25-063:12 | PRJ, IRR, OST, AMB | 63:13-17, 63:19-22 | V, R, NR | | |
| 063:24-063:25 | AMB, FND, IRR, PRJ, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 064:02-064:04 | AMB, FND, IRR, PRJ, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 064:06-064:10 | AMB, FND, IRR, PRJ, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 064:13-064:16 | AMB, FND, IRR, PRJ, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 064:18-064:20 | AMB, FND, IRR, PRJ, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 064:22-064:24 | AMB, FND, IRR, PRJ, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 065:02-065:15 | IRR, PRJ, MSC, OST, AMB, FND | 63:13-17, 63:19-22 | V, R, NR | | |
| 065:20-065:21 | PRJ, FND, AMB, OST | 63:13-17, 63:19-22 | V, R, NR | | |
| 065:23-065:23 | | | | | |
| 066:01-066:02 | PRJ, FND, | 65:25, 66:3-12 | V, R, NR, F | 65:25 | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
|  | AMB, OST |  |  |  |  |
| 066:13-066:20 |  | 65:25, 66:3-12 | V, R, NR, F |  |  |
| 066:22-066:24 | MSC, PRJ, AMB, OST | 65:25, 66:3-12 | V, R, NR, F |  |  |
| 067:25-067:25 |  | 67:2-11, 67:14-22 | V, R, NR, |  |  |
| 068:02-068:17 | PRJ, FND, SPC, AMB, OST, MSC, SMY, SPC | 67:2-11, 67:14-22 | V, R, NR |  |  |
| 068:19-068:22 | PRJ, FND, AMB, OST, MSC, SMY, SPC | 67:2-11, 67:14-22 | V, R, NR |  |  |
| 068:24-069:01 | MSC, SMY, PRJ, OST, FND | 67:2-11, 67:14-22 | V, R, NR |  |  |
| 069:03-069:04 | PRJ, FND, SPC, AMB, OST |  |  |  |  |
| 069:06-069:10 | PRJ, FND, SPC, AMB, OST | 69:12-14, 69:16 | V, R, NR | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 070:22-070:23 | FND, SPC, AMB, OST, LPK |  |  |  |  |
| 071:01-071:08 | FND, SPC, AMB, OST, LPK | 71:10-20, 92:10-93:12 | V, R, F | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | |
| 071:21-071:23 | FND, SPC, AMB, OST, LPK | | | | |
| 071:25-072:01 | FND, SPC, AMB, OST, LPK | | | | |
| 072:03-072:14 | FND, SPC, LPK, AMB, OST, PRJ | 92:10-93:12 | V, R, F | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 072:16-072:24 | FND, SPC, LPK, AMB, OST, PRJ | 92:10-93:12 | V, R, F | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 073:02-073:08 | FND, LPK, AMB, OST, PRJ, MSC | | | | |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 073:10-073:10 | FND, LPK, AMB, OST, PRJ | | | | |
| 073:12-073:12 | FND, SPC, AMB, OST, PRJ | | | | |
| 073:14-073:21 | FND, SPC, AMB, OST, PRJ | | | | |
| 073:23-073:24 | FND, SPC, AMB, OST, PRJ | | | | |
| 074:01-074:07 | FND, SPC, AMB, OST, PRJ | 92:10-93:12 | V, R, F | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 074:09-074:11 | FND, LPK, AMB, OST, PRJ, SPC | | | | |
| 074:13-074:14 | FND, LPK, AMB, OST, PRJ, SPC | | | | |
| 074:16-074:17 | FND, LPK, AMB, OST, PRJ, SPC | | | | |
| 074:19-074:19 | FND, LPK, AMB, OST, PRJ, SPC | | | | |
| 074:21-075:09 | FND, LPK, AMB, OST, PRJ, SPC | 92:10-93:12 | V, R, F | 072:03-072:14 072:16-072:24 073:02-073:08 | OST, FND, AMB, SPC, PRJ, LPK, |

| | | | | Carlisle, Jason (08/24/2017) | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | AFN, MSC, ICD, INC |
| 075:11-075:11 | FND, LPK, AMB, OST, PRJ, SPC | 75:13-14, 75:16-18, 75:19-20, 75:22-76:1 | V, R, F, NR | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 076:04-076:06 | OST, AMB, MSC, PRJ, CSL, AFN | 75:13-14, 75:16-18, 75:19-20, 75:22-76:1 | V, R, F, NR | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, IRR |
| 076:08-076:11 | OST, AMB, MSC, PRJ, CSL, AFN | | | | |
| 076:13-077:01 | OST, AMB, | 77:2-3, 77:6-8, | V, F, R, NR | | |

| **Carlisle, Jason (08/24/2017)** | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | MSC, PRJ, CSL, AFN | 77:10-16 | | | |
| 077:17-077:19 | AMB, FND, SPC | 77:2-3, 77:6-8, 77:10-16 | V, F, R, NR | | |
| 077:21-078:02 | AMB, FND, SPC | | | | |
| 078:04-078:11 | AMB, FND, SPC, IRR, PRJ | | | | |
| 078:16-079:05 | AMB, FND, SPC, IRR, PRJ | | | | |
| 079:08-079:24 | AMB, IRR, PRJ | 79:25-80:3 | V, F, R | | |
| 080:04-080:05 | AMB, IRR, PRJ | 80:6 | | | |
| 080:07-081:21 | AMB, IRR, PRJ | 80:6 | | | |
| 082:23-083:10 | AMB, IRR, PRJ | 83:11-22 | V, F, R, | | |
| 083:23-085:03 | AMB, IRR, PRJ | 85:4-6 | | | |
| 091:18-091:20 | AMB, PRJ | 43:2-10, 95:2-12, 158:20-21, 158:23-34, 159:2-10, 173:19-20, 173:22 | V, F, R, NR | 141:2-17 | INC, PRJ, LEA, AMB INC, IRR |
| 091:22-091:24 | AMB, PRJ | 92:2-7, 92:10-93:12, 95:2-12 | V, F, R, NR, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, IRR, EA |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 102:10-12 141:2-17 | |
| 095:13-095:17 | IRR, PRJ, OST | 95:2-12, 96:3-12 | V, F, R, NR, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 096:13-096:19 | AMB | | | | |
| 096:21-096:21 | | | | | |
| 096:23-096:25 | AMB | 97:1-6 | V, F, R, NR | | |
| 097:07-097:10 | PRJ, AMB | | | | |
| 097:12-097:13 | | | | | |
| 097:15-097:23 | PRJ, AMB | | | | |
| 098:01-098:02 | AMB, OST, PRJ, FND, SPC | | | | |
| 098:04-098:08 | | 98:9-13, 98:15-99:3, 99:5-13, 99:15-21 | V, F, R, 403 | | |
| 099:23-100:10 | PRJ, AMB | 100:11-12 | V, F, R, I | | |
| 100:23-100:25 | AFN, AMB, PRJ, FND | 100:14-17 | V, F, R, I | 101:2-7 | AFN, AMB, PRJ, FND |
| 101:09-101:10 | AFN, AMB, PRJ, FND | 238:24-239:15 | V, F, R, I, 403 | | |
| 101:12-101:15 | AFN, AMB, PRJ, FND | 238:24-239:15 | V, F, R, I, 403 | | |
| 101:17-101:19 | AFN, AMB, PRJ, FND | 238:24-239:15 | V, F, R, I, 403 | | |
| 101:21-101:21 | AFN, AMB, PRJ, FND | 238:24-239:15 | V, F, R, I, 403 | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 101:23-102:08 | AFN, AMB, PRJ, FND | 69:3-4, 69:6-10, 129:11-18, 243:12-14, 238:24-239:15 | V, F, R, I, 403 | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 102:10-102:12 | AFN, AMB, PRJ, FND | 69:3-4, 69:6-10, 129:11-18, 243:12-14 | V, F, R, I, 403 | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 102:14-102:16 | AFN, AMB, PRJ, FND, MSC, OST | 243:22-244:3 | V, F, R, I | 113:18-22 113:24-114:5 114:7 146:8-13 146:18-22 146:24 102:14-16 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 102:19-102:22 | AFN, AMB, PRJ, FND, MSC, OST | 69:3-4, 69:6-10, 129:11-18, 243:12-14 | V, F, R, I, 403 | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 104:15-105:01 | SPC, LPK, FND, HSY | | | | |
| 105:08-105:09 | SPC, PRJ, AMB, FND, OST | | | | |
| 105:11-105:11 | SPC, PRJ, | | | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | AMB, FND, OST | | | | |
| 105:13-105:15 | SPC, AMB, OST | 105:16, 105:19-106:7, 106:9-11, 107:1-4, 107:6-10, 107:12-18, 107:20-21 | V, F, R, NR | | |
| 107:25-108:01 | AMB, PRJ | | | | |
| 108:03-108:04 | AMB, PRJ | | | | |
| 108:06-108:17 | AMB, PRJ, MSC | | | | |
| 108:21-109:04 | HSY, FND, SPC | | | | |
| 109:06-109:06 | HSY, FND, SPC | | | | |
| 109:08-109:12 | FND, SPC | | | | |
| 109:14-109:16 | FND, SPC | | | | |
| 109:18-109:19 | FND, SPC | | | | |
| 109:21-109:21 | FND, SPC | | | | |
| 109:23-110:08 | HSY, FND, SPC | | | | |
| 110:10-110:10 | HSY, FND, SPC | | | | |
| 110:12-112:04 | HSY, FND, SPC, PRJ | 112:5-6 | V, F, 403 | | |
| 112:07-112:16 | FND, SPC | 112:5-6 | V, F, 403 | | |
| 112:23-113:22 | FND, SPC, PRJ, HSY, AMB, OST | 114:9-10, 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, NR, I, R | 113:18-22 113:24-114:5 114:7 146:8-13 146:18-22 146:24 102:14-16 | FND, SPC, PRJ, HSY, AMB, OST, LPK, AFN, MSC |
| 113:24-114:01 | FND, SPC, PRJ, HSY, AMB, OST | 114:9-10 | V, F, R | | |
| 114:03-114:05 | AMB, OST, LPK, FND, | 114:9-10, 159:6-10, | V, F, NR, I, R | 113:18-22 113:24-114:5 | FND, SPC, PRJ, HSY, |

74

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | PRJ | 166:21-167:4, 179:20-23, 234:5-25, 238:17-22, 243:19-244:3 | | 114:7 146:8-13 146:18-22 146:24 102:14-16 | AMB, OST, LPK, AFN, MSC |
| 114:07-114:07 | AMB, OST, LPK, FND, PRJ | 114:9-10 | V, F, R | | |
| 114:11-114:15 | AMB, OST, CSL, HSY | | | | |
| 114:17-114:17 | AMB, OST, CSL, HSY | | | | |
| 114:19-115:03 | AMB, OST, FND | | | | |
| 115:08-115:09 | AMB, FND, SPC, PRJ | | | | |
| 115:11-115:16 | AMB, FND, SPC, PRJ | | | | |
| 115:18-115:21 | AMB, PRJ | | | | |
| 116:14-116:18 | AMB, FND, SPC, PRJ, OST, HSY | 116:19-20 | V, 403 | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 117:03-117:12 | AMB, FND, SPC, PRJ, OST, HSY | 116:19-20 | V, 403 | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 117:14-117:18 | AMB, FND, | 116:19-20 | V, 403 | 117:3-12 | ICD, INC, |

**Carlisle, Jason (08/24/2017)**

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | SPC, PRJ, OST, HSY | | | 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | AMB, FND, SPC, PRJ, OST, HSY |
| 118:03-118:16 | AMB, FND, SPC, PRJ, OST, HSY | 119:22-24, 120:1-18, 120:20-121:7, 121:9-22, 121:24 | V, F, R, 403, I | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 118:18-118:21 | AMB, FND, LPK, SPC, PRJ, OST | 119:22-24, 120:1-18, 120:20-121:7, 121:9-22, 121:24 | V, F, R, 403, I | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 118:23-118:25 | AMB, FND, LPK, SPC, PRJ, OST | 119:22-24, 120:1-18, 120:20-121:7, 121:9-22, 121:24 | V, F, R, 403, I | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 119:02-119:02 | AMB, FND, | 119:22-24, | V, F, R, 403, | 117:3-12 | ICD, INC, |

| | | | Carlisle, Jason (08/24/2017) | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | LPK, SPC, PRJ, OST | 120:1-18, 120:20-121:7, 121:9-22, 121:24 | I | 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | AMB, FND, SPC, PRJ, OST, HSY |
| 119:04-119:06 | AMB, FND, SPC, PRJ, HSY | 119:22-24, 120:1-18, 120:20-121:7, 121:9-22, 121:24 | V, F, R, 403, I | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 119:08-119:12 | AMB, FND, SPC, PRJ, HSY | 119:22-24, 120:1-18, 120:20-121:7, 121:9-22, 121:24 | V, F, R, 403, I | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 119:14-119:17 | MSC, HSY, PRJ, FND, SPC | 119:22-24, 120:1-18, 120:20-121:7, 121:9-22, 121:24 | V, F, R, 403, I | 117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | ICD, INC, AMB, FND, SPC, PRJ, OST, HSY |
| 119:20-119:20 | MSC, HSY, | 119:22-24, | V, F, R, 403, | 117:3-12 | ICD, INC, |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | PRJ, FND, SPC | 120:1-18, 120:20-121:7, 121:9-22, 121:24 | I | 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 | AMB, FND, SPC, PRJ, OST, HSY |
| 122:02-122:07 | OST, FND, AMB, SPC | | | | |
| 122:09-122:09 | | | | | |
| 122:11-122:18 | OST, FND, SPC, AMB, PRJ | | | | |
| 122:20-122:24 | OST, FND, AMB, PRJ, SPC | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 123:02-123:03 | OST, FND, AMB, PRJ, SPC | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 123:10-123:10 | AFN, MSC, SPC, FND, AMB, PRJ, SPC | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 102:6-8 102:10-12 | |
| 123:12-123:14 | AFN, MSC, SPC, FND, AMB, PRJ, SPC | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 123:16-123:17 | AFN, AMB, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 123:19-123:19 | AFN, AMB, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 123:21-123:23 | AFN, AMB, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 123:25-123:25 | AFN, AMB, PRJ | 69:3-4, 69:6-10, 129:11-12, | V, F, R, 403, I | 122:2-7 122:9 | OST, FND, AMB, SPC, |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 129:14-15, 129:17-18 | | 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | PRJ, LPK, AFN, MSC, ICD, INC |
| 124:02-124:03 | | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 124:05-124:06 | | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 124:10-124:16 | AFN, AMB, PRJ, MSC | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 124:24-124:25 | | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

| | | | | | |
|---|---|---|---|---|---|
| **Carlisle, Jason (08/24/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:12-14 102:6-8 102:10-12 | |
| 125:02-125:02 | | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 125:04-125:06 | AFN, MSC, SPC, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 125:08-125:11 | AFN, MSC, SPC, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 125:14-125:16 | AFN, MSC, SPC, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 125:18-125:18 | AFN, MSC, | 69:3-4, 69:6- | V, F, R, 403, | 122:2-7 | OST, FND, |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | SPC, PRJ | 10, 129:11-12, 129:14-15, 129:17-18 | I | 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 125:20-125:22 | AFN, MSC, SPC, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 125:24-125:24 | AFN, MSC, SPC, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 126:02-126:05 | MSC, SMY, AFN, PRJ | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 126:13-126:15 | PRJ, MSC | 69:3-4, 69:6-10, 129:11-12, 129:14-15, 129:17-18 | V, F, R, 403, I | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

82

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:10 123:12-14 102:6-8 102:10-12 | |
| 127:11-127:14 | HSY, FND, SPC | 127:15-18 | V, F, R, 403 | 127:20-128:2 128:4 128:6-7 128:9 | LPK, SPC, FND, PRJ, OST, AMB |
| 127:20-128:02 | LPK, SPC, FND, PRJ, OST | | | | |
| 128:04-128:04 | LPK, SPC, FND, PRJ | | | | |
| 128:06-128:07 | AMB, FND, OST, SPC, PRJ | | | | |
| 128:09-128:09 | AMB, FND, OST, SPC, PRJ | | | | |
| 128:12-128:15 | | | | | |
| 128:23-129:10 | AFN, MSC, SPC, HSY, FND | | | | |
| 130:19-130:21 | HSY, SPC, FND | | | | |
| 130:23-130:23 | HSY, SPC, FND | 130:25-131:1 | V, F, R, 403 | | |
| 131:08-131:11 | SPC, FND, HSY, AMB, PRJ | | | | |
| 131:13-131:14 | SPC, FND, HSY, AMB, PRJ | | | | |
| 131:18-131:22 | SPC, FND, AMB, PRJ, MSC | 69:3-4, 69:6-10, 129:11-18 | V, F, R, I, 403 | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

83

| | | | | Carlisle, Jason (08/24/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 102:6-8 102:10-12 | |
| 131:24-131:24 | SPC, FND, AMB, PRJ | | | | |
| 132:02-132:10 | SPC, FND, AMB, PRJ, MSC | 69:3-4, 69:6-10, 129:11-18 | V, F, R, I, 403 | 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 132:12-132:12 | | 132:14-17, 132:19-133:2, 133:3-16 | V, R, F, 403 | | |
| 133:17-133:18 | OST, FND, AMB, PRJ | 133:22-134:1 | V, R, F, 403, LC | 141:2-17 | INC, PRJ, LEA, AMB |
| 133:20-133:20 | OST, FND, AMB, PRJ | 133:22-134:1 | V, R, F, 403, LC | 141:2-17 | INC, PRJ, LEA, AMB |
| 134:05-134:12 | MTP, CSL, SPC | 134:13-20 | V, R, F, LC | | |
| 134:21-134:23 | | 135:8-9, 135:11-18 | V, F, R | 135:1-2 135:4-5 135:24-136:1; 136:4-6 136:8-18 | AMB, FND, MSC, SPC |
| 135:01-135:02 | PRJ, AMB, FND | 135:8-9, 135:11-18 | V, F, R | 135:1-2 135:4-5 135:24-136:1; 136:4-6 136:8-18 | AMB, FND, MSC, SPC |
| 135:04-135:06 | PRJ, AMB, FND | 135:8-9, 135:11-18 | V, F, R | 135:1-2 135:4-5 135:24-136:1; 136:4-6 136:8-18 | AMB, FND, MSC, SPC |
| 135:24-136:01 | MSC, PRJ, LPK, FND | | | | |
| 136:04-136:06 | AMB, SPC, | | | | |

84

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND | | | | |
| 136:08-136:18 | AMB, SPC, FND | | | | |
| 136:20-136:21 | AMB, FND, MSC, SPC | | | | |
| 136:25-137:01 | AMB, FND, MSC, SPC | | | | |
| 137:03-137:04 | AMB, FND, MSC, SPC | | | | |
| 137:07-137:07 | AMB, FND, MSC, SPC | | | | |
| 137:10-137:12 | AMB, FND, MSC, SPC | | | | |
| 137:14-137:15 | AMB, LPK, FND, MSC, SPC | | | | |
| 137:17-137:20 | AMB, LPK, FND, MSC, SPC | | | | |
| 138:11-138:14 | AMB, MSC, PRJ, SPC | 137:22-24, 137:22-24, 137:25-138:1, 138:3-10, 138:15-139:4 | F, R, V, 403 | 139:5-11 | AMB, SPC, PRJ |
| 139:05-139:11 | AMB, SPC, PRJ | 137:22-24, 137:22-24, 137:25-138:1, 138:3-10, 138:15-139:4 | F, R, V, 403 | 138:11-138:14 | AMB, SPC, PRJ, MSC |
| 141:02-141:17 | MSC, PRJ, AMB, OST | 133:22-134:1, 140:3-4, 140:6-23, 140:24, 144:16-145:11, 215:14-21 | V, R, F, 403, LC, I | 141:2-17 | ICD, PRJ, AMB, LEA |
| 142:21-143:01 | AMB, PRJ | 159:6-10, 166:21-167:4, 173:22, 177:20-23, | V, R, F, 403 | | |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 234:5-25, 238:17-22, 243:19-244:3 | | | |
| 143:03-144:02 | AMB, SPC, FND, OST | | | | |
| 145:12-145:14 | AMB, OST, PRJ, SPC | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 145:16-145:17 | AMB, OST, PRJ, SPC | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | |
| 145:19-145:20 | AMB, OST, PRJ, SPC | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 145:22-145:22 | AMB, OST, PRJ, SPC | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| | | | | **Carlisle, Jason (08/24/2017)** | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | |
| 145:24-146:13 | AMB, OST, PRJ, SPC | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 146:18-146:22 | AMB, OST, PRJ, SPC | 147:2-5, 147:7-9, 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | |
| 146:24-146:24 | AMB, OST, PRJ, SPC | 147:2-5, 147:7-9, 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 147:16-147:20 | AMB, OST, FND, LPK, MSC, PRJ, AFN | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| | | | Carlisle, Jason (08/24/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | |
| 147:22-147:23 | AMB, OST, FND, LPK, MSC, PRJ, AFN | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 147:25-148:01 | AMB, OST, FND, LPK, MSC, PRJ, AFN | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| | | | Carlisle, Jason (08/24/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | |
| 148:03-148:03 | AMB, OST, FND, LPK, MSC, PRJ, AFN | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 148:05-148:07 | FND, SPC, PRJ, OST | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 102:6-8 102:10-12 235:1-4; 235:6 | |
| 148:09-148:11 | FND, SPC, PRJ, AFN | 159:6-10, 166:21-167:4, 177:20-23, 234:5-25, 238:17-22, 243:19-244:3 | V, F, R, I, NR | 1117:3-12 117:14-18 118:3-16 118:18-21 118:23-25 119:2 119:4-6 119:8-12 119:14-17 119:20 22:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 102:6-8 102:10-12 235:1-4; 235:6 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |
| 148:15-149:09 | FND, SPC, PRJ | | | | |
| 149:11-149:11 | FND, SPC, PRJ | | | | |
| 149:13-149:21 | HSY, PRJ, SPC, FND | | | | |
| 149:23-149:23 | HSY, PRJ, SPC, FND | | | | |
| 149:25-150:01 | AMB, PRJ, SPC, LPK, FND, MSC, SMY | | | | |
| 150:03-150:03 | AMB, PRJ, SPC, LPK, FND, MSC, SMY | | | | |
| 150:05-150:06 | HSY, OST, | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Carlisle, Jason (08/24/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND | | | | |
| 150:08-150:15 | HSY, OST, FND | | | | |
| 150:17-150:22 | AMB, CSL, MSC, PRJ | 133:22-134:1, 140:3-140:24, 144:16-145:11, 215:14-21 | V, R, F, I, LC, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 141:2-17 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 150:24-150:24 | AMB, CSL, MSC, PRJ | 133:22-134:1, 140:3-140:24, 144:16-145:11, 215:14-21 | V, R, F, I, LC, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 141:2-17 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 151:03-151:18 | FND, SPC, PRJ | | | | |
| 151:21-152:07 | AMB, HSY, PRJ, FND, SPC, LPK | | | | |
| 152:10-152:14 | AMB, PRJ, LPK, FND, SPC | | | | |
| 152:16-152:20 | SPC, FND, PRJ | | | | |
| 152:22-152:24 | SPC, LPK, FND, PRJ | | | | |
| 153:01-153:06 | SPC, LPK, | | | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
|  | FND, PRJ |  |  |  |  |
| 153:08-153:08 | SPC, LPK, FND, PRJ |  |  |  |  |
| 153:17-153:21 | HSY, SPC, FND | 153:22-23 | V, 403 | 153:25-154:04 154:06-154:06 154:08-154:10 | SPC, FDN, ICD |
| 153:25-154:04 | SPC, FND, PRJ |  |  |  |  |
| 154:06-154:06 | SPC, FND, PRJ |  |  |  |  |
| 154:08-154:10 | SPC, FND, PRJ |  |  |  |  |
| 154:12-154:13 | SPC, FND, PRJ |  |  |  |  |
| 154:15-154:23 | HSY, SPC, LPK, FND, PRJ |  |  |  |  |
| 155:20-155:20 | AMB, PRJ |  |  |  |  |
| 155:22-155:22 | AMB, PRJ |  |  |  |  |
| 155:24-156:08 | AMB, PRJ | 156:9-11 | F, R | 157:14-15 157:17 | OST, PRJ, FND, SPC |
| 156:12-156:13 | OST, PRJ |  |  |  |  |
| 156:15-156:15 | OST, PRJ |  |  |  |  |
| 156:17-156:18 | OST, PRJ |  |  |  |  |
| 156:20-156:22 | OST, PRJ |  |  |  |  |
| 156:24-156:25 | OST, PRJ, FND, SPC, LPK |  |  |  |  |
| 157:02-157:02 | OST, PRJ, FND, SPC, LPK |  |  |  |  |
| 157:04-157:05 | OST, PRJ, FND |  |  |  |  |
| 157:07-157:07 | OST, PRJ, FND |  |  |  |  |
| 157:09-157:10 | OST, PRJ, FND, SPC, LPK | 43:2-10, 158:20-21, 158:23-24, 159:2-10, 173:19-20, | V, F, R, NR | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 173:22 | | 122:9<br>122:11-18<br>122:20-24<br>123:2-3<br>123:10<br>123:12-14<br>141:2-17 | LEA |
| 157:12-157:12 | OST, PRJ, FND, SPC, LPK | 43:2-10, 158:20-24, 159:2-10, 173:19-20, 173:22 | V, F, R, NR | 072:03-072:14<br>072:16-072:24<br>073:02-073:08<br>073:10-073:10<br>122:2-7<br>122:9<br>122:11-18<br>122:20-24<br>123:2-3<br>123:10<br>123:12-14<br>141:2-17 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 157:14-157:15 | OST, PRJ, FND | 69:3-4, 69:6-10, 129:11-18 | V, F, R, I, 403 | 072:03-072:14<br>072:16-072:24<br>073:02-073:08<br>073:10-073:10<br>122:2-7<br>122:9<br>122:11-18<br>122:20-24<br>123:2-3<br>123:10<br>123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 157:17-157:17 | OST, PRJ, FND | 69:3-4, 69:6-10, 129:11-18 | V, F, R, I, 403 | 072:03-072:14<br>072:16-072:24<br>073:02-073:08<br>073:10-073:10<br>122:2-7<br>122:9<br>122:11-18<br>122:20-24<br>123:2-3 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 123:10 123:12-14 | |
| 157:19-157:20 | SPC, LPK, FND, AMB, PRJ, OST | 157:25-158:1, 158:3-5 | V, F, 403 | | |
| 157:22-157:23 | SPC, LPK, FND, AMB, PRJ, OST | 157:25-158:1, 158:3-5 | V, F, 403, R | | |
| 159:11-159:12 | AMB | 159:20-25 | V, F, 403, R | | |
| 159:14-159:18 | AMB | 159:20-25 | | | |
| 162:05-162:06 | OST, FND, SPC, LPK, AMB | | | | |
| 162:08-162:12 | OST, FND, SPC, LPK, AMB | | | | |
| 162:14-163:02 | OST, FND, SPC, LPK, PRJ | | | | |
| 163:08-163:09 | OST, FND, SPC, AMB | 163:3-7 | V, F, 403, R | | |
| 163:11-163:14 | OST, FND, SPC, AMB | 163:16-18 | V, F, 403, R | | |
| 165:03-165:16 | AMB, PRJ | 46:2-24, 47:1-2, 49:11-51:8 | | 165:17 | ICD, AMB, PRJ |
| 165:18-165:22 | AMB, PRJ | 46:2-24, 47:1-2, 49:11-51:8, 165:17 | | 165:17 | ICD, AMB, PRJ |
| 167:23-167:25 | AMB, PRJ, MSC | 69:3-4, 69:6-10, 129:11-18 | NR, V, F, R | | |
| 168:02-168:04 | AMB, PRJ, MSC | 69:3-4, 69:6-10, 129:11-18 | NR, V, F, R | | |
| 168:06-168:08 | AMB, PRJ | 69:3-4, 69:6-10, 129:11-18 | NR, V, F, R | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

| Carlisle, Jason (08/24/2017) |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|  |  |  |  | 123:2-3 123:10 123:12-14 |  |
| 170:12-170:16 | HSY, FND, SPC | 170:17-20 | F, 403, R | 170:22-171:4 | HSY, FND, SPC |
| 170:22-171:04 | HSY, FND, LPK |  |  |  |  |
| 171:13-171:15 |  |  |  |  |  |
| 171:17-171:24 | SPC, AMB | 171:25-172:2 | F, 403, R | 170:22-171:4 | IRR, ICD, HSY, FND, SPC |
| 172:04-172:06 |  |  |  |  |  |
| 172:24-173:07 | FND, SPC, OST | 173:9-12 | F, V, 403, R |  |  |
| 173:13-173:15 | FND, SPC, OST, AMB | 173:9-12 | F, V, 403, R | 172:24-173:07 | FND, SPC, OST |
| 173:17-173:17 | FND, SPC, OST, AMB | 173:9-12 | F, V, 403, R | 172:24-173:07 | FND, SPC, OST |
| 176:24-177:02 | AMB, PRJ, FND, SPC | 69:3-4, 69:6-10, 129:11-18, 167:2-4 | V, F, R, I, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 177:05-177:08 | AMB, PRJ |  |  |  |  |
| 177:11-177:11 | AMB, PRJ | 177:13-16 | V, R, F, 403 |  |  |
| 177:17-177:18 | AMB, PRJ, FND, SPC | 177:13-16 | V, R, F, 403 |  |  |
| 177:20-177:25 | AMB, PRJ, FND, SPC |  |  |  |  |
| 178:04-178:05 |  |  |  |  |  |
| 178:14-178:17 | CSL, HSY, FND |  |  |  |  |
| 179:08-179:11 |  |  |  |  |  |
| 179:13-180:01 | FND, LPK, | 167:23-168:8, | V, R, 403, F, | 180:09-180:12 | SPC, LPK, |

| Carlisle, Jason (08/24/2017) |
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| --- | --- | --- | --- | --- | --- |
| | SPC, PRJ, AMB | 180:2-3, 180:5-7, 185:15-186:120 | H | 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | FND, HSY, AMB, PRJ |
| 180:09-180:12 | LPK, FND, PRJ, AMB, SPC | 167:23-168:8, 181:13-14, 185:15-186:120 | V, R, 403, F, H | 179:13-180:01 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 180:14-181:12 | AMB, SPC, PRJ, LPK, FND | 167:23-168:8, 181:13-14, 185:15-186:120 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 181:17-181:19 | AMB, SPC, PRJ, LPK, | 181:13-14 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 | SPC, LPK, FND, HSY, |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | | Carlisle, Jason (08/24/2017) | | |
| | FND | | | 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | AMB, PRJ |
| 181:21-183:06 | SPC, LPK, FND, HSY, AMB, PRJ | 167:23-168:8, 183:7-12, 185:15-186:20 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 180:14-181:12 181:17-181:19 184:05-184:06 184:08-184:11 186:03-186:05 186:09-186:13 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 184:05-184:06 | | | | | SPC, LPK, FND, HSY, AMB, PRJ |
| 184:08-184:11 | HSY, FND, LPK, PRJ | 167:23-168:8, 185:15-186:20 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 | SPC, LPK, FND, HSY, AMB, PRJ |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 185:22-185:24 186:03-186:05 186:09-186:13 | |
| 184:13-184:23 | HSY, FND, LPK, PRJ | 167:23-168:8, 185:15-186:20 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 184:25-184:25 | | | | | |
| 185:02-185:13 | HSY, FND, LPK, PRJ | 167:23-168:8, 185:15-186:20 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 185:15-185:17 | AMB, PRJ | 185:18-21 | V, R, 403, F, H | 179:13-180:01 180:09-180:12 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 | SPC, LPK, FND, HSY, AMB, PRJ |

| | | | Carlisle, Jason (08/24/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 185:22-185:24<br>186:03-186:05<br>186:09-186:13 | |
| 185:22-185:24 | AMB, PRJ | 185:25-186:2 | V, R, 403, F, H | 179:13-180:01<br>180:09-180:12<br>180:14-181:12<br>181:17-181:19<br>181:21-183:06<br>184:05-184:06<br>184:08-184:11<br>184:13-184:23<br>184:25-184:25<br>185:02-185:13<br>185:15-185:17<br>186:03-186:05<br>186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 186:03-186:05 | HSY, AMB, PRJ, FND, CSL, AFN | | | | |
| 186:09-186:13 | HSY, AMB, PRJ, FND, CSL, AFN | 186:15-20 | V, R, 403, F, H, I | 179:13-180:01<br>180:09-180:12<br>180:14-181:12<br>181:17-181:19<br>181:21-183:06<br>184:05-184:06<br>184:08-184:11<br>184:13-184:23<br>184:25-184:25<br>185:02-185:13<br>185:15-185:17<br>185:22-185:24<br>186:03-186:05 | SPC, LPK, FND, HSY, AMB, PRJ |
| 187:17-188:04 | AMB, PRJ | | | | |
| 188:06-188:10 | AMB, PRJ | | | | |
| 188:12-188:18 | AMB, PRJ, SPC, LPK, FND | 188:19-20 | F, V, H, 403 | 187:17-188:04<br>188:06-188:10 | AMB, PRJ |
| 189:03-189:05 | | | | | |
| 189:08-189:12 | | | | | |
| 189:14-189:21 | CSL, AMB, | | | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | HSY | | | | |
| 189:24-190:01 | HSY, AMB | | | | |
| 190:03-190:04 | HSY, AMB | | | | |
| 190:06-191:18 | AMB, HSY, FND, IRR, PRJ, SPC | | | | |
| 192:13-192:14 | | | | | |
| 192:19-192:25 | AMB, SPC | 193:1-6 | F, V, 403, R | 193:07-193:09 193:11-194:01 | SPC, AMB, PRJ, FND |
| 193:07-193:09 | HSY, SPC | 193:1-6 | F, V, 403, R | 193:07-193:09 193:11-194:01 | SPC, AMB, PRJ, FND |
| 193:11-194:01 | SPC, AMB, PRJ | | | | |
| 194:03-194:09 | AMB, SPC, HSY | | | | |
| 194:11-194:22 | AMB, SPC, HSY | | | | |
| 194:24-194:24 | | 195:2-24 | F, V, R, NR | | |
| 195:25-196:04 | AMB, SPC, HSY | 195:2-24 | F, V, R, NR | | |
| 196:06-196:15 | AMB, SPC, HSY | | | | |
| 196:24-197:17 | AMB, HSY, SPC | | | | |
| 197:19-198:05 | AMB, SPC, FND, LPK | | | | |
| 198:10-198:12 | | | | | |
| 198:17-199:08 | HSY, CSL, SPC, LPK, FND, AMB | | | | |
| 199:10-199:12 | AMB, SPC, PRJ, OST, SMY | 199:14-22, 200:21-25 | F, V, R | 198:10-198:12 198:17-199:08 | HSY, CSL, SPC, LPK, FND, AMB |
| 201:09-201:11 | PRJ, AMB, FND, LPK, OST | 201:12-20 | F, R, NR, V | | |
| 202:19-203:04 | AMB, SPC, IRR | | | | |
| 203:06-203:08 | IRR, LPK, SPC, AMB | | | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 203:10-203:11 | | 203:18-19 | F, 403, V | 203:20-204:07 | AMB, SPC, LPK |
| 203:20-204:07 | AMB, SPC, LPK | 204:8-13 | F, 403, V | | |
| 204:14-204:16 | AMB, SPC, LPK | 204:8-13 | F, 403, V | 203:20-204:07 | AMB, SPC, LPK |
| 206:09-206:10 | | | | | |
| 206:14-206:25 | HSY, SPC | | | | |
| 207:03-207:05 | AMB, SPC | | | | |
| 207:07-207:07 | AMB, SPC | | | | |
| 207:09-207:10 | AMB, SPC, PRJ, OST | | | | |
| 207:12-207:13 | AMB, SPC, PRJ, OST | | | | |
| 207:15-207:22 | AMB, PRJ, SPC, FND, OST | | | | |
| 208:07-208:17 | SPC, HSY, AMB | | | | |
| 208:22-209:01 | | | | | |
| 209:06-209:08 | | | | | |
| 210:20-211:09 | SPC, AMB | | | | |
| 211:11-211:11 | SPC, AMB | | | | |
| 211:13-211:18 | SPC, AMB, PRJ, OST, FND | | | | |
| 211:20-211:25 | | | | | |
| 212:05-212:25 | AMB, HSY, FND | | | | |
| 213:02-213:13 | AMB, HSY, FND | | | | |
| 214:18-215:02 | SPC, HSY | | | | |
| 215:04-215:04 | | | | | |
| 215:06-215:07 | SPC, PRJ, OST, FND, AMB | | | | |
| 215:09-215:09 | | 215:11-13 | V, 403, R, F | 214:18-215:02 215:04-215:04 215:06-215:07 | SPC, PRJ, OST, FND, AMB |
| 217:15-217:20 | PRJ, FND, | 167:23-168:8, | V, R, 403, F | 179:13-180:01 | SPC, LPK, |

| | | | Carlisle, Jason (08/24/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | OST, SPC | 185:15-186:120, 218:5-219:2 | | 180:09-180:12 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | FND, HSY, AMB, PRJ |
| 217:22-217:22 | PRJ, FND, OST, SPC | 167:23-168:8, 185:15-186:120, 218:5-219:2 | V, R, 403, F | 179:13-180:01 180:09-180:12 180:14-181:12 181:17-181:19 181:21-183:06 184:05-184:06 184:08-184:11 184:13-184:23 184:25-184:25 185:02-185:13 185:15-185:17 185:22-185:24 186:03-186:05 186:09-186:13 | SPC, LPK, FND, HSY, AMB, PRJ |
| 217:24-218:01 | PRJ, FND, OST, SPC | 218:5-9, 218:11-219:2, 219:25-220:5, 220:7-10, 220:12-14, 220:21-221:8 | V, F, NR, 403, R | 221:9 221:11-12 221:23-24 222:1 223:3-5 222:7-8 222:22-24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST |
| 218:03-218:03 | PRJ, FND, OST, SPC | 218:5-9, 218:11-219:2, 219:25-220:5, 220:7-10, 220:12-14, 220:21-221:8 | V, F, NR, 403, R | 221:9 221:11-12 221:23-24 222:1 223:3-5 222:7-8 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | | | 222:22-24 | |
| 221:09-221:09 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST | | | | |
| 221:11-221:12 | IRR, PRJ, OST, AMB | | | | |
| 221:23-221:24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST | | | | |
| 222:01-222:01 | IRR, PRJ, OST, AMB | | | | |
| 222:03-222:05 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL, OST | | | | |
| 222:07-222:08 | IRR, PRJ, OST, AMB | 222:10-12, 222:14 | V, F, NR, 403, R | 221:9 221:11-12 221:23-24 222:1 223:3-5 222:7-8 222:22-24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST |
| 222:22-222:24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL, OST | 223:4-5, 223:7-12 | V, F, NR, 403, R | 221:9 221:11-12 221:23-24 222:1 223:3-5 222:7-8 222:22-24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST |
| 223:01-223:02 | IRR, PRJ, OST, AMB | 223:4-5, 223:7-12 | V, F, NR, 403, R | 221:9 221:11-12 221:23-24 222:1 223:3-5 222:7-8 222:22-24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST |
| 223:14-223:23 | IRR, PRJ, | | | | |

105

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | ARG, FND, HSY, LEA, LPK, LGL, OST | | | | |
| 223:25-223:25 | IRR, PRJ, OST, AMB | | | | |
| 224:02-224:03 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST | | | | |
| 224:08-224:08 | IRR, PRJ, OST, AMB, LPK, FND | | | | |
| 224:10-224:11 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST | | | | |
| 224:13-224:13 | IRR, PRJ, OST, AMB, LPK, FND | | | | |
| 224:23-225:01 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, OST | | | | |
| 227:06-227:10 | SPC, LPK, OST, AMB, FND, PRJ | | | | |
| 227:15-227:19 | PRJ, OST, AMB, SPC, FND | | | | |
| 227:21-227:21 | PRJ, OST, AMB, LPK, FND | | | | |
| 227:23-227:24 | PRJ, OST, AMB, FND, SPC | | | | |
| 228:01-228:03 | PRJ, OST, AMB, HSY, FND, SPC | | | | |
| 228:07-228:11 | AMB, PRJ, | | | | |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|  | SPC, OST |  |  |  |  |
| 228:13-228:13 | AMB, PRJ, SPC, OST |  |  |  |  |
| 228:15-228:16 | AMB, FND, SPC, OST, PRJ |  |  |  |  |
| 228:18-228:19 | AMB, FND, SPC, OST, PRJ |  |  |  |  |
| 228:21-228:23 | AMB, FND, SPC, OST, PRJ |  |  |  |  |
| 228:25-228:25 | AMB, FND, SPC, OST, PRJ |  |  |  |  |
| 229:02-229:04 | AMB, FND, SPC, OST, PRJ, HSY |  |  |  |  |
| 229:06-229:09 | HSY, FND | 229:10-11, 229:12-23 | V, F, R, 403 | 230:9-12 230:14-19 230:21-23 230:25-231:1 231:3-6 | AMB, AFN, SPC, PRJ, FND |
| 230:18-230:19 | CSL, HSY | 230:3-8, 230:14-5 | V, F, R, 403 | 230:9-12 230:14-19 230:21-23 230:25-231:1 231:3-6 | AMB, AFN, SPC, PRJ, FND |
| 230:21-230:23 | SPC, PRJ | 230:3-8, 230:14-5 | V, F, R, 403, I | 230:9-12 230:14-19 230:25-231:1 231:3-6 | AMB, AFN, SPC, PRJ, FND |
| 230:25-231:01 | AMB, AFN, SPC, PRJ, FND | 231:8-10, 231:12-15, 231:19-232:1, 232:3 | V, F, R, 403, I | 230:9-12 230:14-19 230:21-23 231:3-6 | AMB, AFN, SPC, PRJ, FND |
| 231:03-231:06 | AMB, AFN, SPC, PRJ, FND | 231:8-10, 231:12-15, 231:19-232:1, 232:3 | V, F, R, 403, I | 230:9-12 230:14-19 230:21-23 230:25-231:1 | AMB, AFN, SPC, PRJ, FND |

| | | Carlisle, Jason (08/24/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 231:16 | |
| 232:05-232:08 | PRJ | 232:9-233:5 | R, F, V, 403 | 233:06-233:11 | PRJ |
| 233:06-233:11 | PRJ | 69:3-4, 69:6-10, 129:11-18 | V, F, R, I, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 234:05-234:08 | PRJ, AMB, AFN | | | | |
| 234:10-234:14 | PRJ, AMB, AFN | | | | |
| 234:16-234:17 | PRJ, AMB, AFN | | | | |
| 234:19-235:04 | PRJ, AMB, AFN, SPC | | | | |
| 235:06-235:06 | PRJ, OST, SPC | 72:21-12, 235:8-15, 235:16-18, 235:21-236:5 | I, V, F, R | | |
| 236:07-236:10 | PRJ, AMB, SPC, FND | 236:13-237:5, 237:9-24 | | 236:07-236:10 236:12-236:12 | PRJ, AMB, SPC, FND |
| 236:12-236:12 | PRJ, AMB, SPC, FND | 236:13-237:5, 237:9-24 | | 236:07-236:10 236:12-236:12 | PRJ, AMB, SPC, FND |
| 238:08-238:11 | PRJ, AMB, AFN | 69:3-4, 69:6-10, 129:11-18, 243:12-14 | V, F, R, I, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 238:15-238:15 | PRJ, AMB, AFN | 69:3-4, 69:6-10, 129:11-18 | V, F, R, I, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC |
| 238:17-238:20 | PRJ, AMB, AFN | 234:5-25, 243:19-244:3 | F, V, R, I | 113:18-22 113:24-114:5 114:7 146:8-13 146:18-22 146:24 102:14-16 | FND, SPC, PRJ, HSY, AMB, OST, LPK, AFN, MSC |
| 238:22-238:22 | PRJ, AMB, AFN | 176:24-177:2 | F, V, R, 403, NR | | |
| 240:13-241:07 | FND, AMB, PRJ, SPC | 75:19-76:1, 119:22-121:24 | F, V, R, 403, NR | | |
| 241:09-241:10 | AMB, PRJ, SPC, OST | | | | |
| 241:12-241:14 | AMB, PRJ, SPC, OST | | | | |
| 241:17-241:18 | AMB, OST, AFN, PRJ | 133:22-134:1, 140:3-140:24, 144:16-145:11, 215:14-21, 243:12-244:3 | V, R, F, I, LC, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 141:2-17 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 241:20-242:03 | AMB, OST, AFN, PRJ | 133:22-134:1, 140:3-140:24, | V, R, F, I, LC, 403 | 072:03-072:14 072:16-072:24 | OST, FND, AMB, SPC, |

109

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 144:16-145:11, 215:14-21 | | 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 141:2-17 | PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 242:05-242:06 | AMB, OST, IRR, PRJ | 133:22-134:1, 140:3-140:24, 144:16-145:11, 215:14-21 | V, R, F, I, LC, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 141:2-17 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 242:08-242:18 | AMB, OST, IRR, PRJ | 133:22-134:1, 140:3-140:24, 144:16-145:11, 215:14-21 | V, R, F, I, LC, 403 | 072:03-072:14 072:16-072:24 073:02-073:08 073:10-073:10 122:2-7 122:9 122:11-18 122:20-24 123:2-3 123:10 123:12-14 141:2-17 | OST, FND, AMB, SPC, PRJ, LPK, AFN, MSC, ICD, INC, LEA |
| 248:01-248:08 | PRJ | 242:20-243:10, 243:12-14, 243:15-18, 243:19-21, 243:22-23, | NR, F, V, R, 403 | | |

110

| Carlisle, Jason (08/24/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 243:25-244:3 | | | |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 008:08-008:23 | IRR, PRJ, HSY | | | | |
| 009:01-009:02 | IRR, PRJ | | | | |
| 009:04-009:06 | IRR, PRJ, SPC, HSY | 9:7-10 | | 9:11-14; 9:21-22; 9:24-10:5 | IRR, PRJ, HSY, AMB |
| 009:11-009:14 | IRR, PRJ, HSY | 9:7-10 9:15-16 9:18-19 | F; 403 | 9:21-22; 9:24-10:5 | IRR, PRJ, HSY, AMB |
| 009:21-009:22 | IRR, PRJ, AMB | 9:15-16 9:18-19 | F; 403 | 9:11-14; 9:24-10:5 | IRR, PRJ, HSY, AMB |
| 009:24-009:25 | IRR, PRJ, AMB, HSY | | | | |
| 010:02-010:05 | IRR, PRJ, AMB, HSY | 10:22-25 | NR; 403 | 11:1-4 | IRR, PRJ, HSY |
| 011:01-011:04 | IRR, PRJ, HSY | 10:22-25 11:5-7 12:8-10 12:13-14 | NR | 13:4-6; 13:9-10 | IRR, PRJ, SPC, HSY |
| 013:04-013:06 | IRR, PRJ, SPC | 11:5-7 12:8-10 12:13-14 12:8-10 12:13-14 | NR | 11:1-4; 13:9-10 | IRR, PRJ, SPC, HSY |
| 013:09-013:10 | IRR, PRJ, SPC, HSY | | | | |
| 013:17-013:24 | IRR, PRJ, HSY | 13:25-14:1, 14:4-8 | NR; R; 403 | | |
| 014:10-015:12 | IRR, PRJ, HSY | | | | |
| 016:05-016:13 | IRR, PRJ, HSY | | | | |
| 017:08-017:19 | IRR, PRJ, HSY | | | | |
| 017:22-017:23 | IRR, PRJ, HSY | | | | |
| 018:01-018:19 | IRR, PRJ, HSY | | | | |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 019:02-019:04 | IRR, PRJ, AMB | 22:24-23:5, 23:6-26:14, 26:15-18 | I; NR; R; 403 | 19:6-17; 19:20-24; 20:2-3 | IRR, PRJ, SPC, AMB, MSC, DUP, CME |
| 019:06-019:13 | IRR, PRJ, AMB, HSY | | | | |
| 019:15-019:17 | IRR, PRJ, SPC, AMB, MSC | 22:24-23:5, 23:6-26:14, 26:15-18 | I; NR; R; 403 | 19:6-14; 19:20-24; 20:2-3 | IRR, PRJ, SPC, AMB, MSC, DUP, CME |
| 019:20-019:21 | IRR, PRJ, SPC, AMB, MSC, HSY | | | | |
| 019:23-019:24 | IRR, PRJ, SPC, AMB, MSC, DUP, CME | 22:24-23:5, 23:6-26:14, 26:15-18 | I; NR; R; 403 | 19:6-14; 19:20-22; 20:2-3 | IRR, PRJ, SPC, AMB, MSC, DUP, CME |
| 020:02-020:03 | IRR, PRJ, SPC, AMB, DUP, CME, HSY | | | | |
| 021:08-021:11 | IRR, PRJ, AMB, MSC, AFN | | | | |
| 021:16-021:16 | IRR, PRJ, AMB, MSC, AFN, HSY | 21:18-22:3 23:6-9 23:11-14 23:16-18 | NR; R; 403 | 23:19-24:7; 25:16-17; 25:19-23; 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 023:19-024:07 | HSY | 21:18-22:3, 23:6-18, 24:16-18, 24:21-25:2, 25:3-6 | NR; R; 403 | 25:16-17; 25:19-23; 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 025:07-025:09 | IRR, PRJ, | 21:18-22:3 | NR; 403 | 25:16-17; | IRR, PRJ, |

| | | | | | |
|---|---|---|---|---|---|
| **Davis, Paul (11/16/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | MSC, AFN | | | 25:19-23; 44:12-49:2 | HSY, AMB, AFN, MSC, HSY, INC |
| 025:12-025:12 | IRR, PRJ, MSC, AFN, HSY | 25:14-15 | I; R; 403 | 25:16-17; 25:19-23 | IRR, PRJ, AMB, HSY |
| 025:16-025:17 | IRR, PRJ, AMB, HSY | 21:18-22:3 | 403 | 25:19-23; 44:12-49:2 | IRR, PRJ, AMB, INC |
| 025:19-025:23 | IRR, PRJ, AMB | | | | |
| 026:07-026:15 | IRR, PRJ, HSY | 21:18-22:3 | NR; 403 | 25:16-17; 25:19-23; 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 026:19-026:21 | IRR, PRJ, AMB, DUP, CME, HSY | | | | |
| 026:24-026:24 | IRR, PRJ, AMB, DUP, CME, HSY | | | | |
| 027:01-028:04 | IRR, PRJ, AMB, DUP, CME, HSY | 21:18-22:3 | 403 | 25:16-17; 25:19-23; 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 029:17-029:20 | IRR, PRJ, PRV, AFN, MSC, AMB, HSY | | | | |
| 030:03-030:11 | IRR, PRJ, ARG, FND, HSY, LEA | | | | |
| 031:07-031:10 | IRR, PRJ, LGL, HSY | | | | |
| 031:19-032:10 | HSY | | | | |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 040:16-040:19 | PRJ, HSY | 39:22-40:15, 42:8-10, 43:12-43:3 | I; F; NR; R; 403 | | |
| 042:01-042:07 | IRR, PRJ, AFN, MSC, HSY | | | | |
| 044:12-046:19 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY | | | | |
| 048:10-049:02 | IRR, PRJ, HSY, AFN, MSC, HSY | 21:18-22:3, 49:3-9 | 403 | 44:12-48:9; 49:10-21 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 049:10-049:21 | IRR, PRJ, MSC, HSY | 21:18-22:3, 49:3-9, 49:22-50:24 | NR; R; 403 | 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 050:25-051:14 | IRR, PRJ, HSY, AMB, MSC, ARG, LPK | | | | |
| 051:17-051:17 | | | | | |
| 052:18-052:21 | IRR, PRJ, FND, HSY | | | | |
| 053:06-054:03 | IRR, PRJ, ARG, FND, HSY, LEA, LPK | | | | |
| 054:06-054:14 | IRR, PRJ, FND, HSY | | | | |
| 054:16-054:24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, MSC, AMB | 22:24-23:18 | | 25:16-17; 25:19-23; 44:12-49:2; 55:2-21 | IRR, PRJ, HSY, AMB, AFN, MSC, |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | HSY, INC |
| 055:02-055:21 | IRR, PRJ, MSC | 22:24-23:18 | | 25:16-17; 25:19-23; 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 056:12-057:09 | IRR, PRJ, HSY, CSL, SPC, HSY | | | | |
| 057:12-057:16 | IRR, PRJ, HSY, SPC | | | | |
| 057:18-057:19 | IRR, PRJ, SPC, MSC | | | | |
| 057:21-057:21 | IRR, PRJ, SPC, MSC, HSY | | | | |
| 057:23-058:04 | IRR, PRJ, AMB, FND, HSY | | | | |
| 059:23-059:25 | PRJ, MSC, AFN, HSY, FND | | | | |
| 060:04-060:10 | PRJ, MSC, AFN, HSY, FND | | | | |
| 062:02-062:08 | IRR, PRJ, HSY, AMB | | | | |
| 062:11-063:18 | IRR, HSY, AMB, PRJ | | | | |
| 065:12-066:13 | IRR, PRJ, FND, AMB, HSY | | | | |
| 066:18-067:17 | IRR, PRJ, MSC, HSY | | | | |
| 067:19-068:05 | IRR, PRJ, MSC, HSY, AMB | | | | |
| 068:22-073:06 | IRR, PRJ, HSY, SPC, | | | | |

116

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
|  | MSC |  |  |  |  |
| 073:15-074:01 | IRR, PRJ, HSY |  |  |  |  |
| 074:15-074:18 | PRJ, AMB, HSY | 39:22-40:15, 42:8-10, 43:12-43:3, 74:19-76:11, 77:8-21, 80:17-24, 81:15-16, 81:19-23, 98:22-23, 99:11-25, 205:1-3, 205:5-9, 206:3-5, 206:7-11 | I; F; H; L; NR; R; 403 | 80:10-16; 82:13-83:25; 84:7-85:12; 86:22-87:8; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |
| 078:04-078:19 | IRR, PRJ, AMB, HSY |  |  |  |  |
| 080:07-080:16 | IRR, PRJ, HSY | 39:22-40:15, 74:19-76:11, 77:8-21, 80:17-24, 81:15-16, 81:19-23, 115:14-17, 115:21-117:25, 205:1-3, 205:5-9, 206:3-5, 206:7-11 | I; F; H; L; NR; R; 403 | 82:13-83:25; 84:7-85:12; 86:22-87:8; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |
| 081:25-082:18 | IRR, PRJ, SPC, FND, HSY | 80:17-24, 81:15-16, 81:19-23, 84:7-85:1, 85:13-86:5, 87:24-88:2, 88:4-89:21, 89:22-90:1, 90:4-91:8, | I; F; H; L; NR; R; 403 | 74:15-18; 80:10-16; 82:19-83:25; 84:7-85:12; 86:22-87:8; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | 95:25-96:3, 96:9-20, 205:11-13, 205:15, 205:17-19, 205:21-206:1, 206:3-5, 206:7-11, 206:24-207:2, 207:6-11 | | | |
| 085:02-085:12 | PRJ, HSY, FND, AMB, HSY | 84:7-85:1, 85:13-86:5, 87:24-88:2, 88:4-89:21, 89:22-90:1, 90:4-91:8, 95:25-96:3, 96:9-20, 205:11-13, 205:15, 205:17-19, 205:21-206:1, 206:3-5, 206:7-11, 206:24-207:2, 207:6-11 | I; F; H; L; NR; R; 403 | 74:15-18; 80:10-16; 82:13-83:25; 84:7-85:1; 86:22-87:8; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |
| 086:22-087:08 | PRJ, AMB, SPC, HSY | 84:7-85:1, 85:13-86:5, 87:24-88:2, 88:4-89:21, 89:22-90:1, 90:4-91:8, 95:25-96:3, 96:9-20, 205:11-13, 205:15, 205:17-19, 205:21-206:1, 206:3-5, 206:7-11, 206:24-207:2, | I; F; H; L; NR; R; 403 | 74:15-18; 80:10-16; 82:13-83:25; 84:7-85:12; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |

| | | Davis, Paul (11/16/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 207:6-11 | | | |
| 091:21-093:01 | IRR, PRJ, SPC, FND, HSY | 93:1-7, 93:12 | I; F | 74:15-18; 80:10-16; 82:13-83:25; 84:7-85:12; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |
| 093:08-093:09 | IRR, PRJ, SPC, FND, HSY | 93:1-7, 93:12 | I; F | 74:15-18; 80:10-16; 82:13-83:25; 84:7-85:12; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |
| 093:12-093:12 | | | | | |
| 096:22-096:23 | IRR, PRJ, SPC, HSY | | | | |
| 097:01-097:01 | IRR, PRJ, SPC, HSY | | | | |
| 097:03-097:07 | IRR, PRJ, SPC, FND, HSY | | | | |
| 097:09-097:09 | IRR, PRJ, SPC, FND, HSY | | | | |
| 097:18-098:07 | IRR, PRJ, SPC, MSC, HSY, AFN | 98:22-23, 99:11-25 | F; H; 403 | 100:2-11; 100:15-101:2 | IRR, PRJ, HSY |
| 098:10-098:12 | IRR, PRJ, SPC, MSC, HSY | 98:22-23, 99:11-25 | F; H; 403 | 100:2-11; 100:15-101:2 | IRR, PRJ, HSY |
| 098:19-098:21 | IRR, PRJ, SPC, HSY | 98:22-23, 99:11-25 | F; H; 403 | 100:2-11; 100:15-101:2 | IRR, PRJ, HSY |
| 101:13-102:14 | IRR, PRJ, AMB, HSY | | | | |
| 102:24-103:02 | PRJ, DUP, CME, HSY | 39:22-40:15, 74:19-76:11, | I; F; H; L; NR; R; 403 | 74:15-18; 80:10-16; | ICD, INC, CIRR, PRJ, |

119

| | | Davis, Paul (11/16/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 77:8-21, 80:17-24, 81:15-16, 81:19-23, 115:14-17, 115:21-117:25, 205:1-3, 205:5-9, 206:3-5, 206:7-11 | | 82:13-83:25; 84:7-85:12; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | SPC, FND, HSY |
| 103:11-103:22 | IRR, PRJ, SPC, LPK | 39:22-40:15, 74:19-76:11, 77:8-21, 80:17-24, 81:15-16, 81:19-23, 204:21-22, 204:24, 205:1-3, 205:5-9, 205:11-13, 205:15, 205:17-19, 205:21-206:1, 206:3-5, 206:7-11, 206:24-207:2, 207:6-11, 207:13-16, 207:19, 208:2-4, 208:8-209:2, 209:6-18, 209:23-25, 210:3-11, 210:14-22 | I; F; LC; O; H; L; NR; R; 403 | 74:15-18; 80:10-16; 82:13-83:25; 84:7-85:12; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, PRJ, SPC, FND, HSY |
| 104:14-105:16 | PRJ, HSY | | | | |
| 106:07-106:16 | IRR, PRJ, AMB, HSY | | | | |
| 106:18-106:18 | IRR, PRJ, AMB, HSY | | | | |
| 107:22-107:25 | PRJ, IRR, | 106:20-107:21 | R; 403 | 106:7-16; | HSY, |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | FND, LPK, AMB, FND, HSY | | | 106:18 | AMB, ICD, FND, AFN |
| 108:12-108:17 | PRJ, AMB, SPC, LPK, FND, HSY | | | | |
| 108:19-109:16 | PRJ, AMB, SPC, LPK, FND, HSY | | | | |
| 109:18-109:23 | PRJ, AMB, SPC, LPK, FND, HSY | | | | |
| 109:25-110:13 | PRJ, AMB, SPC, LPK, FND, HSY | | | | |
| 115:06-115:13 | PRJ, HSY, DUP, CME, FND | 39:22-40:15, 74:19-76:11, 77:8-21, 80:17-24, 81:15-16, 81:19-23, 115:14-17, 115:21-117:25, 205:1-3, 205:5-9, 206:3-5, 206:7-11 | I; F; H; L; NR; R; 403 | 74:15-18; 80:10-16; 82:13-83:25; 84:7-85:12; 91:21-93:1; 97:3-7; 97:9-98:7; 98:10-12; 98:19-21 | ICD, INC, CIRR, IRR, PRJ, SPC, FND, HSY |
| 118:02-118:04 | PRJ, AMB, MSC, AFN | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17 | NR; F | 119:4-6 | PRJ, AMB, MSC, AFN, HSY |
| 118:07-118:10 | PRJ, AMB, MSC, AFN, HSY | | | | |
| 118:12-118:14 | PRJ, AMB, MSC, AFN | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17 | NR; F | 119:4-6 | PRJ, AMB, MSC, AFN, HSY |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 118:18-118:21 | PRJ, AMB, MSC, AFN, HSY | | | | |
| 118:24-118:25 | PRJ, AMB, MSC, AFN | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17 | NR; F | 119:4-6 | PRJ, AMB, MSC, AFN, HSY |
| 119:02-119:02 | PRJ, AMB, MSC, AFN, HSY | | | | |
| 119:04-119:06 | PRJ, AMB, MSC, AFN, HSY | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17 | NR; F | | |
| 122:16-122:19 | PRJ, MSC, AFN, AMB, FND | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17 | NR; F; 403 | 119:4-6 | PRJ, AMB, MSC, AFN, HSY |
| 122:22-122:24 | PRJ, MSC, AFN, AMB, FND, HSY | | | 72:9-74:18; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16 | ICD, INC, CIRR, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |
| 126:25-127:23 | PRJ, HSY, SPC, LGL, AMB, FND, HSY | 128:8-11, 128:14-129:9, 129:11-120:15, 129:19-129:20, 129:22-130:5, 130:7-20, 131:12-14, 131:16-132:3, 132:6-21 | I; NR; F; 403 | 72:9-74:18; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16 | ICD, INC, CIRR, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 127:25-128:06 | PRJ, HSY, SPC, LGL, AMB, HSY | 128:8-11, 128:14-129:9, 129:11-120:15, 129:19-129:20, 129:22-130:5, 130:7-20, 131:12-14, 131:16-132:3, 132:6-21 | I; NR; F; 403 | 72:9-74:18; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16 | ICD, INC, CIRR, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |
| 133:10-133:13 | PRJ, AMB, MSC, HSY | 131:12-14, 131:16-132:3, 132:6-21 | NR; F | 72:9-74:18 | IRR, ICD |
| 133:16-134:04 | PRJ, AMB, MSC, HSY | 131:12-14, 131:16-132:3, 132:6-21 | NR; F | 72:9-74:18 | IRR, ICD |
| 134:06-135:11 | PRJ, AFN, AMB | | | | |
| 135:24-136:14 | PRJ, SPC, DUP, CME, HSY | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17, 131:12-14, 131:16-132:3, 132:6-21 | I; NR; F; 403 | 72:9-74:18; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16 | ICD, INC, CIRR, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CM |
| 137:04-137:06 | PRJ, MIL, LGL, FND | | | | |
| 137:08-137:10 | PRJ, MIL, LGL, FND, HSY | | | | |
| 137:12-137:16 | PRJ, MIL, LGL, FND, HSY | | | | |
| 137:20-137:22 | PRJ, MIL, LGL, FND | | | | |
| 137:24-137:24 | PRJ, MIL, LGL, FND | | | | |
| 138:01-138:03 | PRJ, MIL, | | | | |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|  | FND, SPC, HSY |  |  |  |  |
| 138:06-140:07 | PRJ, MIL, FND, SPC, HSY |  |  |  |  |
| 140:09-140:13 | PRJ, AMB, DUP, CME, MSC, LGL, SPC, HSY |  |  |  |  |
| 140:16-140:18 | PRJ, AMB, DUP, CME, MSC, LGL, SPC, HSY |  |  |  |  |
| 141:10-141:13 | PRJ, AMB, MSC, LGL, SPC |  |  |  |  |
| 141:16-141:23 | PRJ, AMB, MSC, LGL, SPC, HSY |  |  |  |  |
| 142:01-142:12 | PRJ, AMB, MSC, LGL, SPC, HSY | 134:6-135:11 | NR | 141:10-13; 141:16-23; 142:15-16 | ICD, INC, CIRR, PRJ, AMB, MSC, LGL, SPC, HSY |
| 142:15-142:16 | PRJ, AMB, MSC, LGL, SPC  134:6-135:11 |  | NR | 141:10-13; 141:16-23 | ICD, INC, CIRR, PRJ, AMB, MSC, LGL, SPC, HSY |
| 147:23-148:03 | IRR, PRJ, DUP, CME, FND |  |  |  |  |
| 148:06-148:06 | IRR, PRJ, DUP, CME, FND, HSY |  |  |  |  |
| 148:19-149:21 | HSY, PRJ, AMB, HSY |  |  |  |  |
| 149:24-149:25 | PRJ, AMB |  |  |  |  |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 150:02-150:03 | PRJ, AMB, HSY | | | | |
| 150:05-150:06 | PRJ, AMB | | | | |
| 150:08-150:08 | PRJ, AMB, HSY | | | | |
| 150:10-151:05 | PRJ, AMB, HSY | | | | |
| 152:23-153:18 | PRJ, HSY | 209:23-25, 210:3-11, 210:14-22 | NR; L; F; R; 403 | | |
| 156:02-156:04 | PRJ, MSC, AMB, AFN 153:19-155:19, 155:21-156:1, 209:23-25, 210:3-11, 210:14-22 | | I; NR; L; F; R; 403 | | |
| 156:07-156:07 | PRJ, MSC, AMB, AFN, HSY 153:19-155:19, 155:21-156:1 | | I; NR; 403 | | |
| 163:06-163:06 | | | | | |
| 163:09-163:20 | HSY, CSL, HSY | | | | |
| 164:09-165:24 | PRJ, HSY | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17, 131:12-14, 131:16-132:3, 132:6-21, 142:18-24, 143:1-7, 144:10-18, 165:25-166:2, 166:5-6, 166:8-24, | NR; I; F; H; R; 403 | 72:9-74:18; 121:18-122:9; 122:12-19; 122:22-24; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16 144:19-145:2; 147:23-148:3; 148:6 | ICD, INC, CIRR, MSC, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 167:3-8, 167:10-20, 168:3-14, 170:13-173:9, 173:16-175:4 | | | |
| 175:16-175:19 | IRR, PRJ, AMB, MSC, FND | 176:2-12, 176:18-24, 210:19-22 | NR; L; F; R; 403 | | |
| 175:22-175:25 | IRR, PRJ, AMB, MSC, FND, HSY | 176:2-12, 176:18-24, 210:19-22 | NR; L; F; R; 403 | | |
| 176:13-176:14 | IRR, PRJ, AMB, FND | | | | |
| 176:16-176:16 | IRR, PRJ, AMB, FND, HSY | | | | |
| 177:06-177:06 | IRR, PRJ, AMB, FND | | | | |
| 177:08-177:09 | IRR, PRJ, AMB, FND, HSY | | | | |
| 179:22-180:01 | PRJ, HSY, DUP, CME | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17, 131:12-14, 131:16-132:3, 132:6-21, 142:18-24, 143:1-7, 144:10-18, 165:25-166:2, 166:5-6, 166:8-24, 167:3-8, 167:10-20, 168:3-14, 170:13-173:9, 173:16-175:4 | NR; I; F; H; R; 403 | 72:9-74:18; 121:18-122:9; 122:12-19; 122:22-24; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16144:19-145:2; 147:23-148:3; 148:6 | ICD, INC, CIRR, MSC, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |

126

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 180:03-180:04 | PRJ, HSY, DUP, CME, HSY | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17, 131:12-14, 131:16-132:3, 132:6-21, 142:18-24, 143:1-7, 144:10-18, 165:25-166:2, 166:5-6, 166:8-24, 167:3-8, 167:10-20, 168:3-14, 170:13-173:9, 173:16-175:4 | NR; I; F; H; R; 403 | 72:9-74:18; 121:18-122:9; 122:12-19; 122:22-24; 72:9-74:18; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16; 144:19-145:2; 147:23-148:3; 148:6 | ICD, INC, CIRR, MSC, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |
| 182:09-182:14 | PRJ, HSY, DUP, CME, HSY | 111:12-112:4, 119:7-19, 119:23-120:7, 120:9-121:4, 121:14-17, 131:12-14, 131:16-132:3, 132:6-21, 142:18-24, 143:1-7, 144:10-18, 165:25-166:2, 166:5-6, 166:8-24, 167:3-8, 167:10-20, 168:3-14, 170:13-173:9, 173:16-175:4, 180:19-21, 180:25-182:8 | NR; I; F; H; R; 403 | 72:9-74:18; 121:18-122:9; 122:12-19; 122:22-24; 127:7-23; 127:25-128:6; 130:7-24; 135:24-136:14; 142:11-12; 142:15-16; 144:19-145:2; 147:23-148:3; 148:6 | ICD, INC, CIRR, MSC, PRJ, HSY, SPC, LGL, AMB, FND, DUP, CME |
| 183:11-183:22 | HSY, PRJ | | | | |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 188:18-189:04 | HSY, PRJ | | | | |
| 191:10-191:14 | FND, IRR, PRJ, AMB, HSY | 192:2-5, 192:7-19, 192:21-193:13, 201:9-13, 201:15-202:4, 202:6-9, 202:11-19, 202:21-203:11 | NR; I; F; M; O | 203:13-17; 203:19-204:1 | CIRR, AMB, HSY, SPC |
| 191:16-191:18 | FND, IRR, PRJ, AMB, HSY | 192:2-5, 192:7-19, 192:21-193:13, 201:9-13, 201:15-202:4, 202:6-9, 202:11-19, 202:21-203:11 | NR; I; F; M; O | 203:13-17; 203:19-204:1 | CIRR, AMB, HSY, SPC |
| 191:20-191:22 | FND, IRR, PRJ, AMB, HSY | 192:2-5, 192:7-19, 192:21-193:13, 201:9-13, 201:15-202:4, 202:6-9, 202:11-19, 202:21-203:11 | NR; I; F; M; O | 203:13-17; 203:19-204:1 | CIRR, AMB, HSY, SPC |
| 191:24-191:25 | FND, IRR, PRJ, AMB, HSY | 192:2-5, 192:7-19, 192:21-193:13, 201:9-13, 201:15-202:4, 202:6-9, 202:11-19, 202:21-203:11 | NR; I; F; M; O | 203:13-17; 203:19-204:1 | CIRR, AMB, HSY, SPC |
| 194:01-194:09 | HSY, SPC | | | | |
| 194:12-195:02 | HSY, AMB, LGL, PRIV | | | | |
| 199:17-199:20 | IRR, PRJ, AMB, MSC, CSL, FND | 25:16-17, 25:19-23 | | 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, |

| Davis, Paul (11/16/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | MSC, HSY, INC |
| 199:24-199:25 | IRR, PRJ, AMB, MSC, CSL, FND, HSY | 25:16-17, 25:19-23 | | 44:12-49:2 | IRR, PRJ, HSY, AMB, AFN, MSC, HSY, INC |
| 200:09-200:19 | IRR, PRJ, HSY, FND | | | | |
| 200:21-200:24 | IRR, PRJ, HSY, FND | | | | |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 006:08-006:25 | | | | | |
| 007:02-007:02 | | | | | |
| 008:09-008:25 | AMB, HSY, FND | | | | |
| 009:02-009:25 | AMB, FND | | | | |
| 010:02-010:25 | AMB, FND | | | | |
| 011:02-011:17 | AMB, FND, PRJ | 11:15-17 11:21-25 12:2-15 | NR; I; R | | |
| 012:16-012:22 | PRJ, AMB, FND | 11:15-17 11:21-25 12:2-15 12:20-22 12:23-25 28:14 28:16-29:5 | NR; I; R | 13:2-6; 13:8 | ICD, INC, IRR, PRJ, SPC, FND, AMB, LPK, HSY |
| 013:02-013:06 | IRR, PRJ, SPC, FND, AMB, LPK, HSY | 12:20-22 12:23-25 28:14 28:16-29:5 86:24-87:12 88:6-7 88:9-23 89:19-23 | NR; R | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 013:08-013:08 | | | | | |
| 013:10-013:14 | | | | | |
| 014:04-014:12 | HSY, PRJ | | | | |
| 015:06-015:10 | AMB, FND, SPC | | | | |
| 015:12-015:20 | | | | | |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 015:22-015:25 | PRJ, MSC, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 105:7-10 105:12-19 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 16:3; 16:5-8; 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 016:03-016:03 | | | | | |
| 016:05-016:11 | PRJ, AMB, SPC, MSC, LGL [PRJ, SPC, LPK, FND w/r/t mobile apps] | 105:7-10 105:12-19 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 016:13-016:13 | | 16:15-17:7 17:10-11 17:13-14 | F; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; | ICD, INC, IRR, PRJ, FND, SPC, MSC, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 017:16-017:17 | PRJ, AMB, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 16:15-17:7 17:10-11 17:13-14 105:7-10 105:12-19 | F; NR; R; 403 | 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 017:19-017:19 | | | | | |
| 017:21-017:25 | PRJ, AMB, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 018:02-018:03 | PRJ, AMB, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 018:05-018:06 | | | | | |
| 018:08-018:10 | PRJ, AMB, MSC [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 018:12-018:12 | | | | | |
| 018:14-018:16 | PRJ, MSC, SPC, FND, AMB, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] | 105:7-10 105:12-19 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 018:18-018:18 | | | | | |
| 018:20-018:23 | PRJ, MSC, SPC, FND, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 11:15-17 12:20-22 18:24-19:2 19:4 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-19; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 81:7-14 | |
| 019:06-019:09 | AMB, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 18:24-19:2 19:4 | NR; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 019:11-019:11 | | | | | |
| 019:13-019:14 | AMB, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 019:16-019:16 | | | | | |
| 019:18-019:25 | PRJ, MSC, SPC, FND, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-19:17; 20:2-7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 78:16-79:11; 80:20-81:5; 81:7-14 | |
| 020:02-020:07 | PRJ, MSC, SPC, FND, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-25; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 020:11-020:12 | AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 020:14-020:14 | | 20:16-18 | F; R; 403 | | |
| 020:19-020:20 | AMB, AFN, SPC, PRJ [PRJ, SPC, LPK, FND w/r/t mobile apps] | 20:16-18 | F; R; 403 | | |
| 020:22-020:23 | | | | | |
| 020:25-020:25 | AMB, PRJ, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 021:02-021:09 | AMB, PRJ, FND [PRJ, SPC, LPK, | 21:10-12 | F; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; | ICD, INC, IRR, PRJ, FND, SPC, |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND w/r/t mobile apps] | | | 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 021:25-021:25 | AMB, PRJ, FND  [PRJ, SPC, LPK, FND w/r/t mobile apps] | 21:10-12 | F; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 22:2-5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 022:02-022:05 | AMB, PRJ, FND  [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 022:07-022:07 | | | | | |
| 022:09-022:11 | AMB, PRJ, FND, AFN, MSC  [PRJ, | 28:14 28:16-29:5 105:7-10 | NR; F; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; | ICD, INC, PRJ, MSC, SPC, FND, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | SPC, LPK, FND w/r/t mobile apps] | 105:12-19 | | 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 022:13-022:14 | | 22:16-19 22:21-25 23:3-14 | F; NR | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 023:15-023:17 | AMB, PRJ, FND, AFN | 22:16-19 22:21-25 | F; NR; R; 403 | 24:24-25:2; 25:4-10; | ICD, INC, PRJ, MSC, |

| | | | Sood, Varun (9/01/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | [PRJ, SPC, LPK, FND w/r/t mobile apps] | 23:3-14 27:19-20 27:22-25 28:14 28:16-29:5 | | 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 023:19-023:21 | | | | | |
| 023:23-023:25 | AMB, PRJ, FND, AFN [PRJ, SPC, LPK, FND w/r/t mobile apps] | 27:19-20 27:22-25 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| | | | Sood, Varun (9/01/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 024:02-024:04 | | | | | |
| 024:06-024:07 | PRJ, MSC, SPC, FND | 27:19-20 27:22-25 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 024:09-024:09 | | | | | |
| 024:11-024:13 | PRJ, MSC, SPC, FND, LPK  [PRJ, SPC, LPK, FND w/r/t mobile apps] | 24:14-16 24:18-19 24:21-23 27:19-20 27:22-25 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | |
| 024:24-024:25 | AMB, PRJ, FND, AFN, MSC [PRJ, SPC, LPK, FND w/r/t mobile apps] | 24:14-16 24:18-19 24:21-23 27:19-20 27:22-25 28:14 28:16-29:5 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | NR; R; 403 | 25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 025:02-025:02 | AMB, PRJ, FND, AFN, MSC [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 025:04-025:05 | | | | | |
| 025:07-025:10 | AMB, PRJ, FND, AFN, MSC [PRJ, SPC, LPK, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-25:6; 25:11-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23- | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | LPK, FND w/r/t mobile apps] |
| 025:12-025:12 | | | | | |
| 025:14-025:25 | AMB, PRJ, FND, AFN, MSC [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 026:02-026:15 | | | | | |
| 026:17-026:18 | | | | | |
| 026:20-026:21 | | 26:22-23 26:25-27:2 | R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-19; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | |
| 027:04-027:07 | AMB, PRJ, FND, AFN, MSC, DUP, CME  [PRJ, SPC, LPK, FND w/r/t mobile apps] | 26:22-23 26:25-27:2 27:19-20 27:22-25 | R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 027:09-027:10 | | | | | |
| 027:12-027:18 | AMB, PRJ, FND, AFN, MSC, DUP, CME  [PRJ, SPC, LPK, FND w/r/t mobile apps] | 27:19-20 27:22-25 | R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-11; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | |
| 028:02-028:04 | AMB, PRJ, FND, AFN [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 028:06-028:06 | | | | | |
| 028:08-028:13 | AMB, PRJ [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:14 28:16-29:5 | R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 029:06-029:13 | AMB, PRJ, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:14 28:16-29:5 | R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | | | 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 029:16-029:17 | AMB, PRJ, FND | | | | |
| 029:19-029:19 | | | | | |
| 030:02-030:11 | AMB, PRJ | 44:11-24 | NR; R; 403 | | |
| 031:04-031:10 | IRR, PRJ, AMB, SPC | | | | |
| 031:12-031:13 | | | | | |
| 031:15-031:25 | AMB, HSY, PRJ, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 032:02-032:05 | AMB, PRJ, PRJ, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 032:12-032:18 | PRJ, AMB, MSC, AFN, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:14 28:16-29:5 32:22-33:2 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; | ICD, INC, PRJ, MSC, SPC, FND, LPK, AMB, AFN, MSC, |

The table is titled **Sood, Varun (9/01/2017)**.

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | HSY, LPK [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 032:20-032:20 | | | | | |
| 033:03-033:07 | PRJ, AMB, MSC, AFN, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:14 28:16-29:5 32:22-33:2 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 033:09-033:09 | | | | | |
| 033:11-033:14 | PRJ, AMB, MSC, AFN, FND [PRJ, SPC, LPK, | 28:14 28:16-29:5 32:12-18 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; | ICD, INC, PRJ, MSC, SPC, FND, AMB, |

| | | | | **Sood, Varun (9/01/2017)** | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | FND w/r/t mobile apps] | | | 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 033:16-033:17 | | | | | |
| 033:19-033:21 | PRJ, AMB, MSC, AFN, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:14 28:16-29:5 32:22-33:1 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 033:23-033:25 | PRJ, AMB, | 28:14 | NR; R; 403 | 24:24-25:2; | ICD, INC, |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | MSC, AFN, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:16-29:5 32:22-33:1 | | 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 34:2-3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 034:02-034:03 | PRJ, AMB, MSC, AFN, FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 28:14 28:16-29:5 32:22-33:1 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-25; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 034:05-034:05 | | | | | |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 035:04-035:25 | SPC, LPK, HSY, PRJ | | | | |
| 036:02-036:11 | SPC, HSY, PRJ | 44:11-24 36:12-13 36:15 37:12-15 | NR; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:12-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 037:16-037:17 | FND [PRJ, SPC, LPK, FND w/r/t mobile apps] | 36:12-13 36:15 37:12-15 | NR; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | | | 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | |
| 037:21-037:25 | AMB, PRJ, MSC [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 038:02-038:03 | AMB, PRJ, MSC | | | | |
| 038:05-038:05 | | | | | |
| 038:07-038:16 | SPC, LPK, HSY, PRJ, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | | |
| 038:18-038:18 | | | | | |
| 038:20-038:23 | SPC, LPK, HSY, PRJ, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 38:24-39:2 39:10-40:8 40:10-19 44:11-24 | F; NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-19; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 039:03-039:09 | SPC, LPK, | 38:24-39:2 | F; NR; R; | 24:24-25:2; | ICD, INC, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | HSY, PRJ, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 39:10-14 39:15-40:8 40:10-19 | 403 | 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 040:20-040:25 | SPC, LPK, HSY, PRJ, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 39:10-14 39:15-40:8 40:10-19 41:3-42:14 44:11-24 | F; NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 41:2-6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 041:02-041:02 | | 41:3-42:7 42:9-14 | NR; R; 403 | 24:24-25:2; 25:4-10; | ICD, INC, PRJ, MSC, |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-25; 41:3-6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 043:15-043:25 | SPC, LPK, HSY, PRJ, AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | 41:3-42:7 42:9-14 44:11-24 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 44:2-7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 044:02-044:07 | SPC, LPK, HSY, PRJ, | | | 24:24-25:2; 25:4-10; | ICD, INC, PRJ, MSC, |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | AMB [PRJ, SPC, LPK, FND w/r/t mobile apps] | | | 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-25; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 044:09-044:09 | | 44:11-24 | NR; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 045:05-045:12 | AMB, SPC, IRR, PRJ, | 44:11-24 | NR; 403 | | |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | FND | | | | |
| 045:14-045:14 | | 45:16-22 45:23-25 46:2-6 46:8 | NR; R; 403 | | |
| 046:20-046:25 | SPC, AMB, PRJ | 45:16-22 45:23-25 46:2-6 46:8 | NR; R; 403 | | |
| 047:02-047:02 | | | | | |
| 047:04-047:04 | | | | | |
| 047:06-047:08 | SPC, AMB, PRJ | | | | |
| 047:14-047:25 | SPC, AMB, PRJ, FND | | | | |
| 048:03-048:03 | | | | | |
| 048:05-048:06 | SPC, AMB, PRJ, FND | | | | |
| 048:08-048:08 | | | | | |
| 048:10-048:14 | | | | | |
| 048:16-048:17 | SPC, AMB, PRJ | | | | |
| 048:19-048:19 | | | | | |
| 048:21-048:25 | SPC, LPK, AMB, PRJ | | | | |
| 049:02-049:03 | | | | | |
| 049:05-049:05 | | | | | |
| 049:07-049:08 | SPC, AMB, PRJ, MSC | | | | |
| 049:10-049:11 | | | | | |
| 049:13-049:16 | SPC, AMB, PRJ, MSC | | | | |
| 049:18-049:18 | | | | | |
| 049:20-049:22 | AMB, PRJ | | | | |
| 049:24-049:24 | | | | | |
| 050:02-050:04 | AMB, PRJ, SPC | 50:5-7 50:9-12 50:14-17 | NR; 403 | 50:18-19; 50:21-4; 52:4-9; 52:11 | ICD, INC, AMB, PRJ, SPC |
| 050:18-050:19 | AMB, PRJ | 50:5-7 50:9-12 | NR; 403 | 50:21-4; 52:4-9; 52:11 | ICD, INC, AMB, PRJ, |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 50:14-17 | | | SPC |
| 050:21-050:21 | | | | | |
| 050:23-050:25 | AMB, PRJ | | | | |
| 051:02-051:04 | | 51:5-6 51:8 | 403 | 50:18-19; 50:21-4; 52:4-9; 52:11 | ICD, INC, AMB, PRJ, SPC |
| 051:10-051:11 | AMB, AFN, PRJ | 51:5-6 51:8 | 403 | 50:18-19; 50:21-4; 52:4-9; 52:11 | ICD, INC, AMB, PRJ, SPC |
| 051:13-051:14 | | | | | |
| 052:04-052:09 | FND, SPC, HSY | | | | |
| 052:11-052:11 | | 52:13-15 52:19-24 53:6-8 | R; 403 | 50:18-19; 50:21-4; 52:4-9; 52:11 | ICD, INC, AMB, PRJ, SPC |
| 052:16-052:18 | | 52:13-15 52:19-24 53:6-8 | R; 403 | 50:18-19; 50:21-4; 52:4-9; 52:11 | ICD, INC, AMB, PRJ, SPC |
| 053:02-053:05 | | | | | |
| 053:09-053:13 | | | | | |
| 053:15-053:16 | SPC, FND, AMB, PRJ | | | | |
| 053:18-053:18 | | | | | |
| 053:20-053:22 | SPC, FND, AMB, PRJ | | | | |
| 053:24-053:25 | SPC, FND, AMB, PRJ, AFN | 54:19-55:16 | I; NR; R; 403 | | |
| 054:02-054:02 | | | | | |
| 054:04-054:06 | | | | | |
| 054:08-054:18 | AMB, PRJ, FND, AFN | 54:19-55:16 55:17-19 55:21 | I; NR; R; 403 | 55:23-56:9; 56:11-19; 56:21 | AMB, SPC, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] |
| 055:23-055:25 | AMB, SPC, LPK  [PRJ, LPK, SPC, | 54:19-22 54:24-55:2 55:4-16 | NR; R; 403 | 56:1-56:9; 56:11-19; 56:21 | AMB, SPC, LPK [PRJ, LPK, |

| | | | Sood, Varun (9/01/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND w/r/t mobile apps] | 55:17-19 55:21 | | | SPC, FND w/r/t mobile apps] |
| 056:02-056:09 | PRJ, AMB, MSC, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] | | | | |
| 056:11-056:11 | PRJ, AMB, MSC | 55:17-19 55:21 | NR; R; 403 | 56:1-56:9; 56:13-19; 56:21 | AMB, SPC, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] |
| 056:13-056:19 | PRJ, AMB, MSC, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] | 55:17-19 55:21 | NR; R; 403 | 56:1-56:9; 56:21 | AMB, SPC, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] |
| 056:21-056:21 | | | | | |
| 056:23-056:24 | PRJ, MSC, SPC, FND, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 81:7-14 | |
| 057:02-057:03 | | 57:5-7 57:9-15 | | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:4-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 057:16-057:25 | PRJ, LPK, SPC, FND, MSC [PRJ, LPK, SPC, FND w/r/t mobile apps] | 57:5-7 57:9-15 | | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-15; 58:2-3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 058:02-058:03 | PRJ, MSC, SPC, FND, MSC [PRJ, LPK, SPC, | 57:5-7 57:9-15 | | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; | ICD, INC, IRR, PRJ, FND, SPC, MSC, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND w/r/t mobile apps] | | | 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-25; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 059:23-059:25 | AMB, FND, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 | NR; I; F; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 060:02-060:07 | AMB, FND, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 | NR; I; F; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 33:16-34:5 | | 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | LPK, FND w/r/t mobile apps] |
| 060:10-060:12 | AMB, FND, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 | NR; I; F; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 060:14-060:14 | | | | | |
| 060:16-060:22 | AMB, FND, PRJ, HSY [PRJ, LPK, SPC, FND | 27:19-20 27:22-25 28:14 28:16-29:5 | NR; I; F; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; | ICD, INC, PRJ, MSC, SPC, FND, AMB, |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | w/r/t mobile apps] | 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 | | 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 63:19-25; 64:3-7; 73:4-6 | AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 060:24-060:25 | | | | | |
| 061:02-061:13 | AMB, PRJ, HSY | | | | |
| 062:02-062:04 | AMB, PRJ, FND | | | | |
| 062:06-062:07 | | | | | |
| 062:17-062:25 | AMB, PRJ, MSC  [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 | NR; I; F; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | |
| 063:02-063:02 | | 63:3-4 | R; 403 | 63:7-9; 63:11 | AMB, FND, SPC [PRJ, MSC, SPC, FND w/r/t mobile apps] |
| 063:07-063:09 | AMB, FND, SPC  [PRJ, MSC, SPC, FND w/r/t mobile apps] | 63:3-4 | R; 403 | 63:7-9; 63:11 | |
| 063:11-063:11 | | | | | |
| 063:13-063:15 | AMB, FND, SPC  [PRJ, LPK, SPC, FND w/r/t mobile apps] | | | | |
| 063:17-063:17 | | | | | |
| 063:19-063:25 | AMB, FND, SPC, PRJ, HSY | | | | |
| 064:03-064:03 | | | | | |
| 064:05-064:07 | AMB, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | | | | |
| 065:04-065:15 | AMB, PRJ, FND | 66:23-25 67:3-8 | NR; R; 403 | | |
| 067:09-067:11 | AMB, SPC, MSC, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | 55:17-19 55:21 66:23-25 67:3-8 67:24-68:7 68:16-19 | NR; I; F; R; 403 | 55:23-56:9; 56:13-19; 56:21-24; 57:2-3; 17:16-18; 17:19; 17:21-22; | ICD, INC, PRJ, FND, SPC, MSC, AMB, LPK, [PRJ, SPC, LPK, |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | FND w/r/t mobile apps] |
| 067:13-067:13 | | | | | |
| 067:15-067:17 | AMB, SPC, MSC, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | 55:17-19 55:21 66:23-24 67:3-8 67:24-68;7 68:16-19 | NR; I; F; R; 403 | 55:23-56:9; 56:13-19; 56:21-24; 57:2-3; 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-14; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, PRJ, FND, SPC, MSC, AMB, LPK, [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 067:19-067:19 | | | | | |
| 067:22-067:24 | AMB, SPC, MSC  [PRJ, | 55:17-19 55:21 | NR; I; F; R; 403 | 55:23-56:9; 56:13-19; | ICD, INC, PRJ, FND, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | LPK, SPC, FND w/r/t mobile apps] | 66:23-24 67:3-8 67:24-68:7 68:16-19 | | 56:21-24; 57:2-3; 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | SPC, MSC, AMB, LPK, [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 068:09-068:15 | AMB, SPC, MSC, PRJ [PRJ, LPK, SPC, FND w/r/t mobile apps] | 55:17-19 55:21 66:23-24 67:3-8 67:24-68:7 68:16-19 | NR; I; F; R; 403 | 55:23-56:9; 56:13-19; 56:21-24; 57:2-3; 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-8; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, PRJ, FND, SPC, MSC, AMB, LPK, [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 068:20-068:25 | AMB, PRJ | 68:16-19 | | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | **Sood, Varun (9/01/2017)** | | | |
| 069:02-069:05 | AMB, PRJ | 69:13-14 | | | |
| 069:15-069:25 | PRJ, HSY [PRJ, LPK, SPC, FND w/r/t mobile apps] | 69:13-14 | | | |
| 070:03-070:03 | | 70:5-7 | | | |
| 070:08-070:13 | PRJ, AMB, MSC [PRJ, LPK, SPC, FND w/r/t mobile apps] | 55:17-19 55:21 66:23-24 67:3-8 67:24-68:7 68:16-19 70:5-7 | NR; I; F; R; 403 | 55:23-56:9; 56:13-19; 56:21-24; 57:2-3 | ICD, INC, PRJ, FND, SPC, MSC, AMB, LPK, [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 070:15-070:15 | | | | | |
| 070:17-070:19 | PRJ, AMB, SPC, LPK [PRJ, LPK, SPC, FND w/r/t mobile apps] | 55:17-19 55:21 66:23-24 67:3-8 67:24-68:7 68:16-19 | NR; I; F; R; 403 | 55:23-56:9; 56:13-19; 56:21-24; 57:2-3; 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, PRJ, FND, SPC, MSC, AMB, LPK, [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 070:21-070:21 | | 70:25-71:9 | NR; F; 403 | | |

163

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 071:10-071:12 | AMB, SPC, PRJ, FND, LPK | 70:25-71:9 | NR; F; 403 | | |
| 071:14-071:15 | | | | | |
| 071:17-071:19 | AMB, SPC, PRJ, FND, LPK | | | | |
| 071:22-071:25 | AMB, SPC, PRJ, FND, LPK | | | | |
| 072:02-072:14 | AMB, SPC, PRJ, FND, LPK | | | | |
| 072:16-072:16 | | | | | |
| 072:18-072:21 | AMB, SPC, PRJ, FND, LPK,. MSC [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 072:23-072:24 | AMB, SPC, PRJ, FND, LPK,. MSC [PRJ, LPK, SPC, FND | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9- | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, |

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | w/r/t mobile apps] | 32:20-33:7 33:9-33:14 33:16-34:5 | | 18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6 | MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 073:02-073:06 | AMB, SPC, PRJ, FND, LPK, MSC [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 | NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7 | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 073:09-073:25 | SPC, LPK, HSY, AMB, PRJ | | | | |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 074:02-074:05 | SPC, LPK, HSY, AMB, PRJ | 74:6-8 | R; 403 | | |
| 075:03-075:12 | PRJ, MSC, SPC, FND | 11:15-17 12:20-22 74:6-8 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 075:14-075:15 | PRJ, MSC, SPC, FND | 11:15-17 12:20-22 113:14-15 17; 113:19-20 113-22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 075:19-075:25 | AMB, SPC, PRJ, FND, LPK, MSC [PRJ, LPK, SPC, FND w/r/t mobile apps] | 27:19-20 27:22-25 28:14 28:16-29:5 32:12-18 32:20-33:7 33:9-33:14 33:16-34:5 73:2-6 75:23-25 76:12-18 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; I; NR; R; 403 | 24:24-25:2; 25:4-10; 24:12-26:15; 26:17-21; 27:4-7; 27:9-18; 30:2-11; 31:4-8; 33:3-7; 33:9; 33:23-34:3; 34:5; 35:4-13; 36:2-13; 36:15; 38:7-16; 38:18-23; 39:3-7; 40:20-41:6; 43:15-44:7; 44:9; 46:20-24; 47:24-25; 48:3; 60:16-22; 63:19-25; 64:3-7; 73:4-6; | ICD, INC, PRJ, MSC, SPC, FND, AMB, AFN, MSC, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

166

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | |
| 076:21-076:25 | AMB, PRJ | 76:12-18 | NR; R; 403 | | |
| 077:02-077:13 | AMB, PRJ, AFN, MSC, SPC, LPK | | | | |
| 077:15-077:16 | | 77:18-20 77:21-22 77:23-78:4 | F; R; 403 | | |
| 078:10-078:20 | AMB, PRJ, HSY | 77:18-20 77:21-22 77:23-78:4 | NR; F; R; 403 | | |
| 079:02-079:14 | AMB, MSC, PRJ, AFN [PRJ, LPK, SPC, FND w/r/t mobile apps] | 57:5-7 57:9-15 57:19-58:3 79:19-80:10 80:12-80:19 | NR; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25- | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 68:4; 68:6-12; 78:16-25; 80:20-81:5; 81:7-14 | |
| 079:16-079:17 | | 79:19-80:10 80:12-19 | NR; 403 | | |
| 080:20-080:25 | PRJ, MSC, SPC, FND, LPK  [PRJ, LPK, SPC, FND w/r/t mobile apps] | 57:5-7 57:9-15 57:19-58:3 79:19-80:10 80:12-19 81:9-18 81:20-23 82:2-19 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 81:1-5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 081:02-081:05 | AMB, PRJ, FND  [PRJ, LPK, SPC, FND w/r/t mobile apps] | 81:9-18 81:20-23 82:2-19 | F; NR; R; 403 | | |
| 081:07-081:07 | | 81:9-14 81:15-18 81:20-23 82:2-19 | F; NR; R; 403 | | |
| 082:20-082:25 | AMB, PRJ | 81:9-14 81:15-18 81:20-23 82:2-19 | F; NR; R; 403 | | |
| 083:02-083:04 | AMB, PRJ | 83:5-9 83:11-15 86:24-87:12 | F; I; NR; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; | ICD, INC, IRR, PRJ, FND, SPC, MSC, |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 088:02-088:05 | PRJ, LPK, SPC, FND | 83:5-9 83:11-15 86:24-87:12 88:6-7 88:9-23 89:19-23 90:2-3 90:5-6 | F; I; NR; R; 403 | 17:16-18; 17:19; 17:21-22; 18:14-16; 18:18-23; 19:6-9; 19:11-14; 19:16-20:7; 21:25-22:5; 22:7; 56:23-24; 57:2-7; 57:9-58:3; 67:9-11; 67:13-17; 67:19; 67:25-68:4; 68:6-12; 78:16-79:11; 80:20-81:5; 81:7-14 | ICD, INC, IRR, PRJ, FND, SPC, MSC, AMB, LPK, HSY [PRJ, SPC, LPK, FND w/r/t mobile apps] |
| 090:09-090:15 | SPC, AMB, IRR, PRJ, FND, AFN | 88:6-7 88:9-23 89:19-23 90:2-3 90:5-6 90:16-20 91:15-16 91:23-92:7 92:8-9 92:14-17 93:2-4 | F; I; NR; R; 403 | | |

169

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 93:5-6 93:8-11 93:13 | | | |
| 093:21-093:24 | AMB, SPC, AFN, PRJ, FND | 90:16-20 91:15-16 91:23-92:7 92:8-9 92:14-17 93:2-4 93:5-6 93:8-11 93:13 | NR; R; 403 | | |
| 094:02-094:02 | | 94:4-7 | | | |
| 094:08-094:17 | AMB, SPC, AFN, PRJ, FND, LPK | 94:4-7 | NR; 403 | | |
| 094:19-094:20 | | | | | |
| 094:22-094:25 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 095:02-095:02 | | | | | |
| 095:04-095:04 | | | | | |
| 095:06-095:07 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 095:09-095:09 | | | | | |
| 095:11-095:13 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 095:15-095:15 | | | | | |
| 095:17-095:23 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 095:25-095:25 | | | | | |
| 096:03-096:08 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 096:10-096:10 | | | | | |
| 096:12-096:14 | AMB, SPC, AFN, PRJ, | | | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | FND, LPK | | | | |
| 096:16-096:16 | | | | | |
| 096:20-096:22 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 096:24-096:24 | | | | | |
| 097:02-097:04 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 097:06-097:06 | | | | | |
| 097:08-097:13 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 097:15-097:15 | | | | | |
| 097:17-097:19 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 097:21-097:21 | | | | | |
| 097:23-097:25 | AMB, SPC, AFN, PRJ, FND, LPK | | | | |
| 098:03-098:03 | | | | | |
| 098:06-098:17 | AMB, SPC, AFN, PRJ, FND, LPK | 90:2-3 90:5-6 98:24-25 | | | |
| 100:04-100:10 | AMB, SPC, AFN, PRJ, FND, LPK, HSY | 100:11-17 100:19-20 | NR; R | | |
| 100:22-100:23 | AMB, SPC, AFN, PRJ, FND, LPK | 100:11-17 100:19-20 | NR; R | | |
| 100:25-100:25 | | 101:11-22 101:24 102:3-5 | I; 403 | | |
| 102:15-102:25 | AMB, SPC, PRJ, FND, LPK | 101:11-22 101:24 102:3-5 | I; 403 | | |
| 103:03-103:04 | | | | | |
| 103:06-103:08 | AMB, SPC, | | | | |

171

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | PRJ, FND, LPK | | | | |
| 104:07-104:08 | PRJ, SPC, FND, LPK, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 104:14-19; 104:21-105:2; 105:4-10; 105:12-22; 105:24-106:3; 106:5-13; 106:15 | ICD, PRJ, MSC, SPC, FND, LPK, HSY |
| 104:10-104:12 | | | | | |
| 104:14-104:19 | PRJ, MSC, SPC, FND, LPK, HSY | 11:15-17 12:20-22 105:7-10 105:12-19 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 104:21-105:2; 105:4-10; 105:12-22; 105:24-106:3; 106:5-13; 106:15 | ICD, PRJ, MSC, SPC, FND, LPK, HSY |
| 104:21-104:22 | | | | | |
| 104:24-104:25 | PRJ, SPC, FND, LPK | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 104:14-19; 104:21-105:2; 105:4-10; 105:12-22; 105:24-106:3; 106:5-13; 106:15 | ICD, PRJ, MSC, SPC, FND, LPK, HSY |
| 105:02-105:02 | | | | | |
| 105:04-105:06 | PRJ, SPC, FND, LPK | 11:15-17 12:20-22 105:7-10 105:12-19 113:14-15 113:17 113:19-20 113:22 113:24-114:2 | F; NR; R; 403 | 104:14-19; 104:21-105:2; 105:4-10; 105:12-22; 105:24-106:3; 106:5-13; 106:15 | ICD, PRJ, MSC, SPC, FND, LPK, HSY |

**Sood, Varun (9/01/2017)**

| Sood, Varun (9/01/2017) |
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | | 114:4 | | | |
| 105:20-105:22 | PRJ, SPC, FND, LPK, MSC | 105:7-10 105:12-19 | | | |
| 105:24-105:24 | | | | | |
| 106:02-106:03 | PRJ, SPC, FND, LPK | 11:15-17 12:20-22 105:7-10 105:12-19 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 104:14-19; 104:21-105:2; 105:4-10; 105:12-22; 105:24-25; 106:5-13; 106:15 | ICD, PRJ, MSC, SPC, FND, LPK, HSY |
| 106:05-106:06 | | | | | |
| 106:08-106:13 | PRJ, MSC, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 105:7-10 105:12-19 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | 104:14-19; 104:21-105:2; 105:4-10; 105:12-22; 105:24-106:3; 106:5-7; 106:15 | ICD, PRJ, MSC, SPC, FND, LPK, HSY |
| 106:15-106:15 | | | | | |
| 106:18-106:20 | PRJ, MSC, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 105:7-10 105:12-19 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 106:22-106:22 | | | | | |
| 106:24-106:25 | PRJ, SPC, FND, LPK, | 11:15-17 12:20-22 | F; NR; R; 403 | | |

173

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | AMB, HSY | 105:7-10 105:12-19 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | | | |
| 107:03-107:03 | | | | | |
| 107:16-107:18 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 107:20-107:20 | | | | | |
| 107:22-107:23 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 107:25-107:25 | | | | | |
| 108:02-108:02 | | | | | |
| 108:04-108:07 | PRJ, MSC, SPC, FND, LPK, AMB, HSY | 108:8-10 | F; 403 | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | ICD, AMB, PRJ |
| 108:11-108:12 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 | F; NR; R; 403 | | |

174

| | | Sood, Varun (9/01/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 113:19-20 113:22 113:24-114:2 114:4 | | | |
| 108:14-108:15 | | | | | |
| 108:17-108:23 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 108:25-108:25 | | | | | |
| 109:02-109:02 | | | | | |
| 109:04-109:11 | PRJ, AFN, MSC, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 109:12-24 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 110:03-110:04 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 109:12-24 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 110:06-110:06 | | | | | |
| 110:09-110:12 | PRJ, MSC, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 | F; NR; R; 403 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 113:24-114:2 114:4 | | | |
| 111:14-111:15 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 111:17-111:18 | | | | | |
| 111:20-111:21 | PRJ, MSC, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 111:23-111:24 | | | | | |
| 112:02-112:09 | PRJ, MSC, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 112:10-12 112:14 112:17-18 112:20 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 112:22-112:23 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 112:10-12 112:14 112:17-18 112:20 113:14-15 113:17 | F; NR; R; 403 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Sood, Varun (9/01/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 113:19-20 113:22 113:24-114:2 114:4 | | | |
| 112:25-112:25 | | | | | |
| 113:02-113:02 | | | | | |
| 113:04-113:10 | PRJ, AFN, SPC, FND, LPK, AMB, HSY | 11:15-17 12:20-22 113:11-13 113:14-15 113:17 113:19-20 113:22 113:24-114:2 114:4 | F; NR; R; 403 | | |
| 113:14-113:15 | PRJ, SPC, FND, LPK, AMB, HSY | 113:11-13 113:17 | NR; 403 | | |
| 113:17-113:17 | | 113:17 | I | | |
| 113:19-113:20 | PRJ, SPC, FND, LPK, AMB, HSY | 113:22 | | | |
| 113:22-113:22 | | 113:22 | I | | |
| 113:24-113:25 | PRJ, SPC, FND, LPK, AMB, HSY | | | | |
| 114:02-114:02 | PRJ, MSC, SPC, FND, LPK, AMB | 114:4 | | | |
| 114:04-114:04 | | 114:4 | I | | |
| 114:15-114:25 | IRR, PRJ, ARG, FND, HSY, LEA, LPK | 115:8-11 116:17-20 | NR; R; 403 | 115:3-7; 115:21-116:5; 116:10-11; 116:14-15; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 115:02-115:07 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | 115:8-11 116:17-20 | NR; R; 403 | 115:21-116:5; 116:10-11; 116:14-15; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |

177

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 115:12-115:14 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL, DUP, CME, SPC | 115:8-11 116:17-20 | NR; R; 403 | 115:3-7; 115:21-116:5; 116:10-11; 116:14-15; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 115:16-115:16 | | | | | |
| 115:18-115:25 | IRR, PRJ, ARG, FND, HSY, LEA, LPK | 115:8-11 116:17-20 | NR; R; 403 | 115:3-7; 116:2-5; 116:10-11; 116:14-15; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 116:02-116:05 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | 115:8-11 116:17-20 | NR; R; 403 | 115:3-7; 115:21-25; 116:10-11; 116:14-15; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 116:08-116:08 | | | | | |
| 116:10-116:11 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL, SPC | 115:8-11 116:17-20 | NR; R; 403 | 115:3-7; 115:21-116:5; 116:14-15; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 116:14-116:15 | | 116:17-21 | NR; R; 403 | 115:3-7; 115:21-116:5; 116:10-11; 118:9-12 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 116:22-116:24 | IRR, PRJ, ARG, FND, HSY, LEA, | 115:8-11 116:17-21 | NR; R; 403 | 115:3-7; 115:21-116:5; 116:10-11; | ICD, IRR, PRJ, ARG, FND, |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | LPK, LGL, DUP, CME | | | 116:14-15; 118:9-12 | HSY, LEA, LPK, LGL |
| 117:02-117:03 | | | | | |
| 118:09-118:15 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | 115:8-11 116:17-20 118:16-21 | NR; R; 403 | 115:3-7; 115:21-116:5; 116:10-11; 116:14-15 | ICD, IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL |
| 118:22-118:24 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | 115:8-11 116:17-20 118:16-24 | NR; R; 403 | | |
| 119:02-119:03 | | | | | |
| 119:22-119:23 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | 115:8-11 116:17-20 | NR; R; 403 | | |
| 119:25-119:25 | | | | | |
| 120:07-120:09 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | 115:8-11 116:17-20 | NR; R; 403 | | |
| 120:11-120:11 | | 120:13-14 | NR | | |
| 120:15-120:25 | IRR, PRJ, ARG, FND, HSY, LEA, LPK | 120:13-14 | | | |
| 121:03-121:04 | | | | | |
| 121:06-121:07 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | | | | |
| 121:09-121:09 | | | | | |
| 121:11-121:13 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | | | | |
| 121:15-121:16 | | | | | |
| 121:18-121:25 | IRR, PRJ, ARG, FND, | | | | |

| Sood, Varun (9/01/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | HSY, LEA, LPK | | | | |
| 122:02-122:08 | IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL | | | | |

| Baldwin, Sarah (06/29/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 008:07-008:14 | | | | | |
| 009:03-009:18 | | 13:24-19:9 19:13-19 19:23-20:2 20:3-14 20:16-22:9 22:12-20 22:24-25:12 25:14-26:4 26:13-17 26:18-27:2 | R, H, V | | |
| 011:12-011:18 | LEA | 13:24-19:9 19:13-19 19:23-20:2 20:3-14 20:16-22:9 22:12-20 22:24-25:12 25:14-26:4 26:13-17 26:18-27:2 | R, H, V | | |
| 012:04-012:08 | | 13:24-19:9 19:13-19 19:23-20:2 20:3-14 20:16-22:9 22:12-20 22:24-25:12 25:14-26:4 26:13-17 26:18-27:2 | R, H, V | | |
| 012:16-012:17 | OST; AMB | 13:24-19:9 19:13-19 19:23-20:2 20:3-14 20:16-22:9 22:12-20 22:24-25:12 25:14-26:4 | R, H, V | | |

| Baldwin, Sarah (06/29/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 26:13-17 26:18-27:2 | | | |
| 012:21-012:21 | | 13:24-19:9 19:13-19 19:23-20:2 20:3-14 20:16-22:9 22:12-20 22:24-25:12 25:14-26:4 26:13-17 26:18-27:2 | R, H, V | | |
| 012:23-012:24 | OST; AMB; MSC | 13:3 | | 13:3 | |
| 013:05-013:08 | MSC; OST; LEA; AMB | 13:24-19:9 19:13-19 19:23-20:2 20:3-14 20:16-22:9 22:12-20 22:24-25:12 25:14-26:4 26:13-17 26:18-27:2 | R, H, V | | |
| 013:19-013:23 | | 13:24-19:9 | R, H, V | | |
| 019:10-019:12 | HSY; OST; MSC | 19:13-19 19:23-20:2 53:21-54:4 104:4-6 104:15-18 104:19-105:1 105:3-12 105:13-14 105:18-106:8 106:10-14 106:16-25 107:2-3 127:18-128:24 168:13-169:22 | R, H, V | 105:16 19:10-12 104:1-3 104:7-14 107:12-15 | HSY; OST; MSC; SPC; AFN; AMB |
| 019:20-019:22 | HSY; MSC; | 19:13-19 | R, H, V | 105:16 | HSY; |

| Baldwin, Sarah (06/29/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | OST | 19:23-20:2<br>20:3-14<br>20:16-22:9<br>22:12-20<br>22:24-25:12<br>25:14-26:4<br>53:21-54:4<br>104:4-6<br>104:15-18<br>104:19-105:1<br>105:3-12<br>105:13-14<br>105:18-106:8<br>106:10-14<br>106:16-25<br>107:2-3<br>127:18-128:24<br>162:9-16<br>168:13-169:22 | | 19:10-12<br>104:1-3<br>104:7-14<br>107:12-15 | OST;<br>MSC;<br>SPC; AFN;<br>AMB |
| 026:05-026:12 | AMB | 20:3-14<br>20:16-22:9<br>22:12-20<br>22:24-25:12<br>25:14-26:4<br>26:13-17<br>26:18-27:2 | R, H, V | | |
| 027:03-027:05 | OST; AMB;<br>LEA | 32:16-33:3 | | | |
| 039:05-039:10 | AFN | 13:24-20:14<br>20:16-22:9<br>22:12-20<br>22:24-25:12<br>25:14-27:5<br>32:16-33:3 | R, H, V, NR | | |
| 044:17-044:22 | AFN | 44:23-45:22<br>45:25-46:9<br>53:21-54:4<br>103:21-25 | R, V, NR | | |
| 104:01-104:03 | SPC; OST;<br>AFN; AMB | 19:13-19<br>19:23-20:2 | R. V, H | 105:16<br>19:10-12 | HSY;<br>OST; |

183

| Baldwin, Sarah (06/29/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 53:21-54:4 103:21-25 104:4-6 104:15-18 104:19-105:1 105:3-12 105:13-14 105:18-106:8 106:10-14 106:16-25 107:2-3 127:18-128:24 162:9-16 168:13-169:22 | | 104:1-3 104:7-14 107:12-15 | MSC; SPC; AFN; AMB |
| 104:07-104:14 | SPC; OST; AFN; AMB; MSC | 104:15-18 | V | 105:16 19:10-12 104:1-3 104:7-14 107:12-15 | HSY; OST; MSC; SPC; AFN; AMB |

| | | | Breen, James (08/31/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 006:08-006:25 | | | | | |
| 007:06-007:11 | | | | | |
| 008:14-008:25 | | | | | |
| 009:02-009:25 | CSL; LEA; MSC | | | | |
| 010:02-010:25 | LEA; MSC | | | | |
| 011:02-011:13 | | | | | |
| 012:06-012:09 | IRR | | | | |
| 012:16-012:25 | AMB | | | | |
| 013:02-013:03 | | 13:4-7 | I; 403 | 13:21-25 | ICD; AMB; AFN; MSC; CSL |
| 013:21-013:25 | | | | | |
| 014:02-014:04 | | 14:5-13 | F; R | | |
| 014:14-014:25 | | 14:5-13 | F; R | | |
| 015:02-015:11 | | | | | |
| 015:22-015:25 | | | | | |
| 016:02-016:24 | | 16:25-17:3 | R | | |
| 017:06-017:25 | AMB; LEA | 16:25-17:3 | NR; R | | |
| 018:02-018:15 | AMB; LEA | | | | |
| 018:20-018:22 | AMB; MSC; LEA | | | | |
| 018:25-018:25 | | | | | |
| 019:02-019:08 | | | | | |
| 019:12-019:15 | AMB | | | | |
| 020:09-020:15 | AMB; IRR; SPC | 19:16-20:8 | F; R; 403 | | |
| 020:17-020:25 | | | | | |
| 021:02-021:04 | | | | | |
| 022:04-022:13 | | | | | |
| 023:05-023:25 | | | | | |
| 024:02-024:10 | HSY; AMB | 24:11-14 | I; NR; R; 403 | | |
| 024:15-024:21 | | 24:11-14 | I; NR; R; 403 | | |
| 028:17-028:25 | | | | | |
| 029:02-029:25 | HSY | | | | |
| 030:02-030:09 | HSY; AMB; AFN; FND | 30:10-17 | I; NR; R; 403 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Breen, James (08/31/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 030:23-030:25 | AMB; AFN; LEA; FND; CSL | 30:19-22 | I; NR; R; 403 | | |
| 031:02-031:06 | AMB; AFN; LEA; FND; CSL | 31:7-15 | NR; 403 | 31:16-32:4 | MSC; AMB |
| 031:16-031:25 | AMB; MSC; AFN | 31:7-15 | 403 | | |
| 032:02-032:04 | | 32:5-10 | I; NR; R; 403 | | |
| 032:11-032:25 | CSL; MSC; LEA | 32:5-10 | I; NR; R; 403 | | |
| 033:02-033:04 | CSL; MSC; LEA | 33:5-12 | I; NR; R; 403 | | |
| 033:13-033:25 | | 33:5-12 | I; NR; R; 403 | | |
| 034:02-034:03 | | 34:4-7 | I; NR; R; 403 | | |
| 034:08-034:15 | AMB; MSC; LEA | 34:4-7; 34:16-35:17 | I; NR; R; 403 | | |
| 035:18-035:25 | AMB; AFN; LEA; MSC | 34:16-35:17 | I; NR; R; 403 | | |
| 036:02-036:08 | AMB; AFN; LEA; MSC | 36:9-37:3; 37:5 | I; NR; F; R; 403 | 37:7-38:4 | AMB; AFN; LEA; MSC |
| 037:07-037:25 | AMB; AFN; LEA; MSC | | I; NR; F; R; 403 | | |
| 038:02-038:04 | AMB; AFN; LEA; MSC | | | | |
| 038:07-038:10 | AMB; AFN; LEA; MSC | | | | |
| 038:12-038:13 | | | | | |
| 038:15-038:25 | | | | | |
| 039:02-039:03 | | | | | |
| 044:07-044:09 | | 44:10-11 | I; F; R; 403 | | |
| 044:12-044:13 | | 44:10-11; 44:14-18 | I; F; R; 403 | | |
| 044:21-044:25 | AMB; FND; IRR; OST | | | | |
| 045:02-045:08 | AMB; FND; IRR; OST | 45:9-13; 45:15-45:25 | I; NR; F; 403 | 46:2-4 | AMB; AFN; IRR; |

| | | | | | |
|---|---|---|---|---|---|
| **Breen, James (08/31/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | OST; FND |
| 046:02-046:04 | AMB; AFN; IRR; OST; FND | | I; R; 403 | | |
| 046:06-046:25 | AMB; AFN; IRR; OST; FND | 47:2-12 | | | |
| 047:16-047:25 | | 47:2-12 | NR; 403 | | |
| 048:02-048:21 | AMB; LEA; OST; SPC | | | | |
| 049:07-049:17 | AMB; AFN; SPC; OST | 49:18-20, 49:22-23 | I; F; R; 403 | 49:25-50:3 | AMB; AFN; SPC; OST; INC |
| 049:25-049:25 | AMB; AFN; SPC; LEA; OST | | | | |
| 050:02-050:03 | AMB; AFN; SPC; LEA; OST | 50:4-6, 50:8-12, 50:13-15, 50:17 | I; F; R; 403 | | |
| 050:19-050:21 | AMB; SPC; OST; LEA; AFN | 50:4-6, 50:8-15: 50:17; 50:22-51:4 | I; F; R; 403 | | |
| 051:05-051:06 | AMB; AFN; SPC; LPK; OST | 50:22-51:4 | F; 403 | | |
| 051:08-051:09 | | | | | |
| 051:12-051:17 | AMB; AFN; OST; SPC | | | | |
| 051:20-051:21 | AMB; AFN; OST; SPC; LPK | | | | |
| 051:23-051:24 | | | | | |
| 052:10-052:13 | AMB; AFN; LEA; MSC | 52:2-9, 52:14-18, 52:20-53:10 | I; R; 403 | | |
| 053:11-053:14 | AMB; LEA | 52:20-53:10, 53:15-17, 53:20-22, | I; NR; F; R; 403 | | |

| | | | | | |
|---|---|---|---|---|---|
| **Breen, James (08/31/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 53:24-54:6, 54:8-10 | | | |
| 054:11-054:13 | AMB; LEA | 53:20-22, 53:24-54:6, 54:8-10, 54:14-17 | I; NR; F; R; 403 | | |
| 054:18-054:20 | AMB; AFN; LEA | 54:14-17, 54:21-55:2 | I; NR; R; 403 | | |
| 055:03-055:09 | AMB; AFN; LEA | 54:21-55:2, 55:10-12, 55:14-22 | I; F; NR; R; 403 | | |
| 055:23-055:25 | AMB; SPC | 55:10-12, 55:14-22 | I; F; NR; R; 403 | | |
| 056:02-056:06 | AMB; AFN; LEA | | | | |
| 056:15-056:20 | AMB; LGL; FND; OST; LEA; SPC | | | | |
| 057:11-057:25 | SPC, AMB, FND, LPK, PRJ | 57:2-5, 57:7-10 | I; R; 403 | | |
| 058:02-058:12 | SPC, AMB, FND, LPK, PRJ | 58:13-17, 58:19-22 | I; R; 403 | | |
| 058:23-058:25 | AMB; AFN; LEA | 58:13-17, 58:19-22 | I; R; 403 | | |
| 059:02-059:03 | AMB; AFN; LEA | | | | |
| 059:05-059:05 | | | | | |
| 059:07-059:10 | AMB | 59:11-14, 59:16-19 | I; R; 403 | 59:22-24 | AMB; AFN; LEA |
| 059:22-059:25 | AMB; AFN; LEA | | | | |
| 060:02-060:08 | AMB; AFN; LEA | | | | |
| 060:12-060:25 | CSL; AUT; FND; LEA; OST; HSY | | | | |
| 061:02-061:24 | CSL; HSY; | | | | |

| | | Breen, James (08/31/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | AUT; FND; LEA; OST | | | | |
| 062:21-062:25 | CSL; AFN; AMB; LEA; OST, HSY | | | | |
| 063:02-063:25 | CSL; AFN; AMB; LEA; OST, HSY | | | | |
| 064:02-064:16 | CSL; AFN; AMB; LEA; OST, HSY SPC | | | | |
| 064:18-064:19 | | | | | |
| 064:21-064:25 | | | | | |
| 065:02-065:05 | AMB; LEA; AFN; SPC; OST | | | | |
| 065:07-065:08 | | 65:10-19 | | 65:20-23 | AMB; MSC; LEA; AFN; INC |
| 065:20-065:23 | AMB; MSC; LEA; AFN | 65:10-19, 65:24-66:3 | I; NR; R; 403 | | |
| 066:04-066:09 | | 66:10-16 | I; NR; R; 403 | | |
| 066:17-066:25 | | 66:10-16 | I; NR; R; 403 | | |
| 067:02-067:15 | MSC; LEA | | | | |
| 067:17-067:19 | | | | | |
| 067:21-067:25 | MSC | | | | |
| 068:02-068:16 | AMB, PRJ | | | | |
| 068:20-068:25 | AMB, PRJ | | | | |
| 069:02-069:08 | | 69:9-23 | I; R; 403 | | |
| 069:24-069:25 | AMB, LGL, PRJ | 69:9-23 | I; R; 403 | | |
| 070:02-070:03 | | | | | |
| 070:06-070:10 | AMB, LGL, PRJ, LEA, FND | | | | |
| 070:12-070:16 | AMB, LGL, PRJ, LEA, | 70:17-22, 70:24-71:4 | I; NR; R; 403 | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| | FND, CSL | | | | |
| 071:05-071:25 | OST, HSY | 70:17-22, 70:24-71:4 | I; NR; R; 403 | | |
| 072:02-072:25 | MSC; LEA; OST | | | | |
| 073:02-073:02 | AMB; AFN; MSC; OST | | | | |
| 073:07-073:25 | MSC; LEA; SPC; AFN; OST; HSY | | | | |
| 074:05-074:11 | MSC; LEA; AFN; SPC; OST | 74:12-15, 74:17-21 | I; NR; F; 403 | 74:22-75:2 | MSC; OST; LEA |
| 074:22-074:25 | MSC; OST; LEA | 74:12-15, 74:17-21 | I; NR; F; 403 | | |
| 075:02-075:23 | OST; SPC | | | | |
| 076:02-076:04 | | | | | |
| 076:09-076:21 | CSL; LEA; HSY | 76:22-77:3 | NR; R; 403 | | |
| 077:04-077:17 | CSL; LEA; HSY | 76:22-77:3, 77:18-78:2 | NR; R; 403 | | |
| 078:03-078:12 | SPC; OST; AFN; AMB; FND | 77:18-78:2, 78:13-14, 78:16-24 | I; NR; F; R; 403 | | |
| 079:02-079:25 | SPC; AFN; OST; AMB | 78:13-14, 78:16-24 | I; NR; R; 403 | | |
| 080:02-080:06 | MSC; LEA; OST | | | | |
| 080:08-080:10 | | | | | |
| 080:13-080:25 | AMB; SPC; OST; AFN | | | | |
| 081:02-081:02 | AMB; SPC; OST; AFN | 81:3-6, 81:8-14, 81:16-19 | I; NR; R; 403 | | |
| 081:20-081:23 | OST | 81:3-6, 81:8-14, 81:16-19 | I; NR; R; 403 | | |
| 082:08-082:22 | OST; HSY | | | | |
| 083:07-083:11 | AMB; OST | | | | |
| 083:13-083:25 | MSC; LEA; AMB; OST | | | | |
| 084:02-084:02 | MSC; LEA; | 84:3, 84:4-16, | R; 403 | | |

| | | Breen, James (08/31/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | AMB; OST | 84:18-21 | | | |
| 084:22-084:25 | AMB, PRJ; HSY MSC; LEA; OST | 84:3, 84:4-16, 84:18-21 | R; 403 | | |
| 085:02-085:02 | | | | | |
| 085:04-085:04 | | | | | |
| 085:20-085:25 | SPC; AFN; OST; MSC | | | | |
| 086:02-086:03 | SPC; AFN; OST; MSC | | | | |
| 086:05-086:05 | | | | | |
| 086:07-086:08 | SPC; AFN; OST; MSC | | | | |
| 086:10-086:10 | | | | | |
| 086:12-086:13 | | 86:14-16 | F; R; 403 | | |
| 086:17-086:19 | | 86:14-16, 86:20-23 | F; R; 403 | | |
| 087:02-087:08 | | 86:20-23 | NR; F; R; 403 | | |
| 087:11-087:13 | | 87:14-16 | | 87:18-21 | |
| 087:18-087:21 | | | | | |
| 087:25-087:25 | | | | | |
| 088:02-088:10 | AMB; OST; AFN; SPC; HSY | | | | |
| 088:12-088:13 | | | | | |
| 088:15-088:19 | SPC; AMB; AFN; OST | | | | |
| 088:21-088:21 | | | | | |
| 088:23-088:25 | SPC; AMB; AFN; OST; HSY | | | | |
| 089:02-089:10 | SPC; AMB; AFN; OST; HSY | | | | |
| 093:08-093:12 | CSL; LEA; HSY | | | | |
| 093:16-093:25 | CSL; LEA; HSY | | | | |
| 094:02-094:02 | CSL; LEA; | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | HSY | | | | |
| 095:03-095:11 | HSY; OST; LEA | 95:12-13, 95:15, 96:20-97:2 | NR; F | 97:18-25 | MB; AFN; LEA; INC |
| 097:03-097:07 | AMB; AFN; LEA | 97:8-9, 97:11-17 | NR; F | 97:18-25 | MB; AFN; LEA |
| 097:18-097:25 | | 97:8-9, 97:11-17 | NR; F | | |
| 098:02-098:10 | | | | | |
| 098:12-098:24 | | 98:25-99:3 | F; R; 403 | | |
| 099:04-099:07 | | 98:25-99:3 | F; R; 403 | | |
| 099:21-099:25 | AMB, CSL | | | | |
| 100:02-100:03 | OST; AMB; SPC; LEA; CSL | | | | |
| 100:22-100:25 | OST; AMB; SPC; LEA; CSL | | | | |
| 101:02-101:09 | OST; AMB; SPC; LEA; CSL | | | | |
| 102:07-102:14 | OST; AMB; SPC; LEA; CSL | 102:15-18 | | | |
| 103:06-103:09 | OST; AMB; SPC; LEA; CSL | | | | |
| 104:05-104:12 | OST; AMB; SPC; LEA; CSL | 103:17-20, 103:22-104:4 | NR; O; R; 403 | | |
| 104:18-104:25 | OST; AMB; SPC; LEA; CSL | | | | |
| 105:02-105:10 | OST; AMB; SPC; LEA; CSL | | | | |
| 105:12-105:13 | | | | | |
| 105:15-105:25 | OST; AMB; SPC; LEA; | 106:5-11 | R; 403 | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | CSL | | | | |
| 106:02-106:03 | OST; AMB; SPC; LEA; CSL | 106:5-11 | R; 403 | | |
| 106:12-106:23 | AMB, PRJ | 106:24-107:2, 107:4-5 | F | | |
| 107:15-107:16 | AMB, PRJ | 106:24-107:2, 107:4-5 | F | | |
| 107:18-107:18 | | | | | |
| 107:20-107:21 | AMB, PRJ | | | | |
| 107:23-107:23 | | | | | |
| 107:25-107:25 | OST; AMB; SPC; LEA; CSL | | | | |
| 108:02-108:02 | OST; AMB; SPC; LEA; CSL | | | | |
| 108:04-108:05 | | | | | |
| 110:15-110:18 | OST; AMB; SPC; LEA; CSL | | | | |
| 110:20-110:20 | | | | | |
| 110:22-110:25 | AMB, PRJ, SPC, OST | | | | |
| 111:02-111:04 | | 111:5-6, 111:8-10 | I; F | 111:11-13 | OST; AMB; SPC; LEA; CSL |
| 111:11-111:13 | OST; AMB; SPC; LEA; CSL | | | | |
| 111:17-111:19 | OST; AMB; SPC; LEA; CSL | | | | |
| 112:09-112:10 | AMB | 112:15-19, 112:21-113:20, 113:20-114:9, 115:14-21, 115:23-116:18, | I; NR; F; R; 403 | 118:23-25; 119:2-4; 119:11-19 | AMB, PRJ; INC |

| | | | Breen, James (08/31/2017) | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 116:20-118:2, 118:4-19, 119:21 | | | |
| 112:12-112:13 | | 112:15-19, 112:21-113:17, 113:18-20, 113:22-114:9, 115:14-21, 115:23-116:18, 116:20-118:2, 118:4-19, 118:21 | I; NR; F; R; 403 | 118:23-25; 119:2-4; 119:11-19 | AMB, PRJ; INC |
| 118:23-118:25 | | 112:15-19, 112:21-113:17, 113:18-20, 113:22-114:9, 115:14-21, 115:23-116:18, 116:20-118:2, 118:4-19, 118:21 | I; NR; F; R; 403 | 119:2-4; 119:11-19 | AMB, PRJ; INC |
| 119:02-119:04 | | 119:5-6, 119:8-9 | R; 403 | | |
| 119:11-119:19 | AMB, PRJ | 112:15-19, 112:21-113:20, 113:20-114:9, 115:14-21, 115:23-116:18, 116:20-118:2, 118:4-19, 119:21 | I; NR; F; R; 403 | | |
| 120:24-120:25 | | 119:20-22, 119:24-25, 120:3-5, 7-18, 20-22 | NR; F; 403 | | |
| 121:02-121:04 | | 121:5-7, 121:9-17 | F; R; 403 | | |
| 121:18-121:20 | | 121:5-7, 121:9-17, 121:21-22, | F; R; 403 | 122:3-25 | INC; IRR; ICD |

| | | | | | |
|---|---|---|---|---|---|
| **Breen, James (08/31/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | 121:24-25 | | | |
| 122:03-122:25 | | 121:5-7, 121:9-17, 121:21-22, 121:24-25 | F; R; 403 | | |
| 123:02-123:17 | | 123:18-22, 123:24-25, 124:20-24, 125:2-6 | I; NR; F | 124:14-19 | INC |
| 124:14-124:19 | | 124:20-24, 125:2-6, | F; R | 125:7-19 | INC |
| 125:07-125:19 | | 125:20-126:2, 126:4-5 | I; F; 403 | 126:7-8; 126:10-12 | AMB, PRJ |
| 126:07-126:08 | AMB, PRJ | | | | |
| 126:10-126:12 | | | | | |
| 127:04-127:25 | AMB; SPC; LEA; MSC; AFN | | | | |
| 128:02-128:13 | | | | | |
| 128:15-128:25 | | | | | |
| 129:02-129:05 | | | | | |
| 129:08-129:25 | | | | | |
| 130:02-130:02 | | 130:3-10 | NR; 403 | | |
| 131:11-131:14 | AMB; SPC | | | | |
| 131:16-131:21 | | | | | |
| 132:14-132:25 | | | | | |
| 133:02-133:05 | | 133:6-8 | F; R; 403 | 133:17-20 | |
| 133:09-133:12 | AMB; LEA; MSC | 133:6-8 | F; R; 403 | | |
| 133:14-133:15 | | | | | |
| 133:17-133:25 | | | | | |
| 134:02-134:14 | | | | | |
| 135:04-135:13 | | 135:14-15, 135:17-18 | R; 403 | 135:20-25 | INC |
| 135:20-135:25 | | 135:14-15, 135:17-18 | R; 403 | | |
| 136:02-136:03 | | | | | |
| 136:10-136:25 | AMB, HSY, AFN | | | | |
| 137:02-137:09 | AMB, PRJ, | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | FND | | | | |
| 139:19-139:21 | AMB; AFN; MSC | | | | |
| 139:23-139:23 | | | | | |
| 139:25-139:25 | | | | | |
| 140:02-140:09 | AMB; AFN; MSC | | | | |
| 140:11-140:12 | | | | | |
| 140:14-140:18 | AMB; AFN; MSC | | | | |
| 140:20-140:20 | | | | | |
| 140:22-140:25 | AMB, SPC | | | | |
| 141:02-141:04 | | | | | |
| 141:13-141:25 | AMB; AFN; MSC | | | | |
| 142:02-142:10 | | | | | |
| 143:05-143:25 | AMB; SPC; MSC; CSL | 144:21-22, 144:24, 145:2-5, 145:13-19 | NR; R; 403 | | |
| 144:02-144:10 | | 144:21-22, 144:24, 145:2-5, 145:13-19 | NR; R; 403 | | |
| 145:20-145:25 | | 144:21-22, 144:24, 145:2-5, 145:13-19 | NR; R; 403 | | |
| 146:02-146:13 | FND, AFN, AMB | 144:21-22, 144:24, 145:2-5, 145:13-19, 146:14-21 | I; F; NR; R; 403 | | |
| 146:22-146:25 | | 146:14-21 | I; F; NR; R; 403 | 147:2-3; 147:5-6; | INC |
| 147:02-147:03 | | | | | |
| 147:05-147:06 | | 147:8-10 | NR; 403 | | |
| 147:11-147:24 | | 147:8-10 | NR; 403 | | |
| 148:03-148:07 | | | | | |
| 148:09-148:10 | | | | | |
| 148:12-148:25 | | | | | |
| 149:02-149:20 | | 149:21-23 | R; 403 | 150:16-19; 150:21-151:10 | MSC; AMB; AFN; |

196

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | SPC; PRJ; LEA |
| 149:24-149:25 | | | | | |
| 150:02-150:11 | AMB, FND | | | | |
| 150:16-150:19 | MSC; AMB; LEA | | | | |
| 150:21-150:25 | AFN, SPC, PRJ, AMB | | | | |
| 151:03-151:14 | SPC, PRJ | 151:15-17 | F; NR; R; 403 | | |
| 151:18-151:25 | | 151:15-17 | F; NR; R; 403 | | |
| 152:02-152:25 | SPC, AMB, LPK, OST | | | | |
| 153:02-153:06 | SPC, AMB, LPK, OST | | | | |
| 153:09-153:25 | | 154:2-3, 154:5 | I; NR; R | 154:7-8; 154:10-14 | AMB |
| 154:07-154:08 | AMB | 154:2-3, 154:5 | I; NR; R | 154:10-14 | AMB |
| 154:10-154:14 | AMB | | | | |
| 154:16-154:24 | MSC; AMB; LEA | 154:25-155:2 | R; 403 | 155:14-24 | |
| 155:14-155:25 | | | | | |
| 156:02-156:17 | SPC, FND, AFN | | | | |
| 158:04-158:12 | | 158:13-17 | I; R | 158:18-24 | |
| 158:18-158:25 | | 158:13-17 | I; R | | |
| 159:02-159:14 | | 159:15-20 | I; NR; R; 403 | 159:21-24 | |
| 159:21-159:25 | | 159:15-20, 161:19-162:8, 164:4-13, 165:6-10, 165:12 | I; F; NR; R; 403 | 160:5-17; 160:22-161:7; 161:9-18 | |
| 160:02-160:25 | AMB, HSY, SPC, AFN | 161:19-162:8, 164:4-13, 165:6-10, 165:12 | I; F; NR; R; 403 | 161:2-7; 161:9-18 | AMB; MSC |
| 161:02-161:07 | AMB, HSY | | | | |
| 161:09-161:14 | | | | | |
| 165:14-165:25 | | | | | |
| 166:02-166:17 | | | | | |
| 166:19-166:20 | | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 167:04-167:16 | | 167:17-18, 167:20-22 | 403 | 167:24-168:3; 168:5-8; 168:16-169:6 | AMB; MSC; LEA |
| 167:24-167:25 | MSC; AMB; LEA | | | | |
| 168:02-168:03 | MSC; AMB; LEA | | | | |
| 168:05-168:05 | | | | | |
| 168:07-168:08 | | | | | |
| 168:16-168:25 | | | | | |
| 169:02-169:09 | AMB | | | | |
| 169:11-169:14 | | | | | |
| 170:09-170:11 | MSC; AMB; SPC; OST | | | | |
| 170:13-170:13 | | | | | |
| 170:15-170:19 | MSC; AMB; SPC; OST; LEA | | | | |
| 170:21-170:22 | | | | | |
| 171:10-171:12 | MSC; AMB; SPC; OST | | | | |
| 171:14-171:16 | | | | | |
| 171:18-171:21 | MSC; AMB; SPC; OST | | | | |
| 171:24-171:25 | OST; CSL | | | | |
| 172:02-172:03 | | | | | |
| 174:07-174:21 | AMB; SPC; OST; HSY; FND | | | | |
| 174:23-174:23 | | | | | |
| 174:25-174:25 | SPC; OST; HSY; ARG; FND | | | | |
| 175:02-175:02 | SPC; OST; HSY; ARG; FND | | | | |
| 175:04-175:04 | | | | | |
| 175:06-175:09 | SPC; OST; HSY; FND | | | | |
| 175:11-175:11 | | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 175:13-175:25 | OST; HSY; CSL; FND | 176:2-4, 176:6-7 | F | 177:3-6; 177:8-9 | SPC; OST; AMB; FND |
| 176:09-176:13 | SPC; OST; HSY; FND | 176:2-4, 176:6-7 | F | 177:3-6; 177:8-9 | SPC; OST; AMB; FND |
| 176:15-176:16 | | | | | |
| 176:18-176:22 | SPC; OST; HSY; AMB; FND | | | | |
| 176:24-176:25 | | | | | |
| 177:03-177:06 | SPC; OST; AMB; FND | | | | |
| 177:08-177:09 | | | | | |
| 177:11-177:25 | SPC; OST; HSY; AMB; FND | | | | |
| 178:02-178:05 | | 178:6-10 | NR; R; 403 | 179:6-11; 179:14-16; 179:18-180:4 | MSC; AMB; OST; SPC; LEA; INC |
| 178:11-178:16 | MSC; HSY; LEA; AFN; FND; OST | 178:6-10, 178:17-179:5 | NR; R; 403 | 179:6-11; 179:14-16; 179:18-180:4 | MSC; AMB; OST; SPC; LEA |
| 179:06-179:11 | MSC; LEA; AMB; OST | 178:17-179:5 | 403 | 179:14-16; 179:18-180:4 | AMB; OST; SPC; LEA |
| 179:14-179:16 | MSC; LEA; AMB; OST | | | | |
| 179:18-179:19 | | | | | |
| 179:21-179:25 | MSC; LEA; AMB; OST; SPC | | | | |
| 180:02-180:21 | MSC; LEA; | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | AMB; OST; SPC | | | | |
| 180:23-180:25 | MSC; AMB; OST; FND; SPC | | | | |
| 181:02-181:09 | MSC; AMB; OST; FND; SPC | 181:10-12, 181:14-15 | I; R; 403 | 181:17-24 | AMB; OST; SPC |
| 181:17-181:24 | MSC; AMB; OST; SPC | 181:10-12, 181:14-15 | I; R; 403 | | |
| 182:24-182:25 | AMB; OST; SPC; FND | | | | |
| 183:02-183:05 | AMB; OST; SPC; FND; AFN; LGL | | | | |
| 183:07-183:09 | | | | | |
| 183:20-183:25 | AMB; OST; SPC; FND; AFN | | | | |
| 184:02-184:24 | AMB; OST; SPC; FND | | | | |
| 186:05-186:12 | AMB; OST; SPC; FND | | | | |
| 186:14-186:15 | | | | | |
| 186:17-186:25 | AMB; OST; SPC; FND; AFN | | | | |
| 187:02-187:02 | | | | | |
| 187:23-187:24 | LEA; AMB; OST; HSY; SPC; FND | 187:10-14, 187:16-19, 187:21 | NR; 403 | 188:2-3; 188:15-21; 189:18-21; 190:8-10; 190:12-14; 192:15-24 | AMB; OST; SPC; HSY; FND; AFN; MSC; CSL; LEA; INC |
| 188:02-188:03 | | | | | |
| 188:15-188:25 | AMB; OST; SPC; HSY; | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | LEA; FND; AFN;MSC | | | | |
| 189:02-189:03 | AMB; OST; SPC; FND; AFN; HSY; MSC | | | | |
| 189:06-189:08 | AMB; OST; SPC; FND; AFN | 189:9-14, 189:16 | F; NR; 403 | 188:15-21; 189:18-21; 190:8-10; 190:12-14; 192:15-24 | AMB; OST; SPC; HSY; FND; AFN; MSC; CSL; LEA; INC |
| 189:18-189:21 | AMB; OST; SPC; FND; AFN; HSY | 189:22-24, 190:2-7 | I; F; NR; R; 403 | 188:15-21; 190:8-10; 190:12-14; 192:15-24 | AMB; OST; SPC; HSY; FND; AFN; MSC; CSL; LEA; INC |
| 190:08-190:10 | AMB; OST; SPC; FND | 189:22-24, 190:2-7 | I; F; NR; R; 403 | 188:15-21; 189:18-21; 190:12-14; 192:15-24 | AMB; OST; SPC; HSY; FND; AFN; MSC; CSL; LEA; INC |
| 190:12-190:14 | | | | | |
| 191:13-191:25 | | | | | |
| 192:02-192:08 | AMB; OST; LEA; CSL; SPC; AFN | | | | |
| 192:10-192:13 | | | | | |
| 192:15-192:24 | AMB; OST; | | | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | LEA; CSL; SPC; AFN | | | | |
| 193:10-193:24 | CSL, LGL; AMB; SPC; LPK | 193:10-20; 194:3-7 | I | | |
| 194:09-194:20 | AMB; SPC; LPK | 193:10-20; 194:3-7 | NR; 403 | | |
| 195:08-195:09 | AMB; SPC; LPK | 194:3-7 | | | |
| 195:11-195:11 | | | | | |
| 195:13-195:14 | AMB; SPC; LPK | 194:3-7 | | | |
| 195:16-195:16 | | | | | |
| 195:18-195:25 | AMB; SPC; LPK | 194:3-7 | | | |
| 196:02-196:11 | AMB; SPC; LPK | 194:3-7 | NR; 403 | | |
| 196:16-196:24 | AMB; SPC; LPK; LGL; PRJ; AMB; SPC; LPK; PRJ | 193:10-20 | NR; 403 | | |
| 197:02-197:02 | | | | | |
| 197:04-197:06 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 197:09-197:25 | AMB; SPC; LPK | | | | |
| 198:02-198:03 | AMB; SPC; LPK; LGL | 193:10-20 | NR; 403 | | |
| 198:05-198:06 | | 193:10-20 | NR; 403 | | |
| 198:08-198:19 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 198:21-198:21 | | 193:10-20 | NR; 403 | | |
| 198:25-198:25 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 199:02-199:03 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 199:05-199:05 | | | | | |
| 199:07-199:09 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 199:11-199:11 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 199:22-199:25 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 200:02-200:02 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 200:04-200:04 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 200:06-200:09 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 200:11-200:11 | AMB; SPC; LPK | 193:10-20 | NR; 403 | | |
| 200:13-200:24 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 201:02-201:02 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 201:04-201:10 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 201:12-201:12 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 201:14-201:19 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 201:21-201:21 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 201:23-201:25 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 202:02-202:02 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 202:04-202:04 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 202:06-202:07 | AMB; SPC; LPK; OST | 193:10-20 | NR; 403 | | |
| 202:09-202:09 | | 193:10-20 | NR; 403 | | |
| 202:12-202:15 | | 193:10-20, 202:16-17 | NR; 403 | | |
| 202:18-202:19 | AMB; SPC; LPK; OST | 193:10-20, 202:16-17 | NR; 403 | | |
| 202:21-202:21 | | 193:10-20 | NR; 403 | | |
| 202:24-202:25 | IRR, PRJ, ARG, FND, | 193:10-20 | NR; 403 | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | HSY, LEA, LPK, LGL, OST | | | | |
| 203:02-203:19 | IRR, PRJ, ARG, FND, HSY, LEA, OST, ARG; IRR; AMB; PRJ; MSC; LGL; FND | 193:10-20, | NR; 403 | | |
| 203:21-203:23 | | 193:10-20; 204:15-20 | I; NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 203:25-203:25 | IRR; SPC; AMB; ARG; PRJ; LGL | 193:10-20; 204:15-20 | I; NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 204:02-204:03 | | 193:10-20; 204:15-20 | I; NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 204:07-204:08 | PRJ; ARG; IRR; AMB; LGL | 193:10-20; 204:15-20 | I; NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 204:10-204:11 | | 193:10-20; 204:15-20 | I; NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 204:13-204:16 | PRJ; ARG; IRR; AMB | 193:10-20; 204:15-20 | I; NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 204:18-204:20 | | 193:10-20 | NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 204:22-204:25 | LGL; IRR; AMB; LPK; PRJ | 193:10-20; 204:15-20 | NR; 403 | | |
| 205:02-205:03 | | | | | |
| 205:05-205:07 | | | | | |
| 205:09-205:12 | LGL; SPC; AMB; LPK; PRJ; IRR | 193:10-20; 203:7-13; 204:15-20 | NR; 403 | 204:22-25 | LGL; IRR; AMB; LPK; PRJ; INC |
| 205:15-205:16 | LGL; SPC; AMB; LPK; PRJ; IRR | 193:10-20 | NR; 403 | | |
| 205:22-205:23 | LGL; IRR; AMB; LPK; SPC; PRJ | 193:10-20; 205:11-16 | I; NR; 403 | | |
| 205:25-205:25 | | 193:10-20; 205:11-16 | I; NR; 403 | | |
| 206:02-206:02 | | 193:10-20; 205:11-16, 206:4-8 | I; NR; 403 | | |
| 206:09-206:15 | | 206:16-18, 206:21-22 | NR; 403 | 206:24-207:4 | LGL; AMB; AFN; FND; PRJ; IRR; INC |
| 206:24-206:25 | LGL; AMB; AFN; FND; PRJ; IRR | 193:10-20; 206:16-18, 206:21-22, 207:5-7 | NR; 403 | | |
| 207:02-207:07 | LGL; AMB; AFN; FND; PRJ; IRR | 193:10-20, 207:5-7, 207:8-21 | NR; 403 | | |
| 207:23-207:25 | LGL; AMB; | 193:10-20, | NR; 403 | | |

205

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND; PRJ; LPK; SPC | 207:5-7, 207:8-21 | | | |
| 208:02-208:15 | LGL; ARG; AMB; FND; PRJ; LPK; SPC; IRR | 193:10-20, 208:3-11, | I; NR; 403 | | |
| 208:17-208:18 | | 193:10-20 | NR; 403 | | |
| 208:20-208:24 | LGL; ARG; AMB; FND; PRJ; LPK; SPC | 193:10-20; 208:3-11 | NR; 403 | | |
| 209:03-209:03 | | | | | |
| 209:06-209:13 | LGL; ARG; MSC; AMB; FND; PRJ; LPK; SPC | 193:10-20; 208:3-11 | NR; 403 | | |
| 209:16-209:17 | | 193:10-20; 208:3-11 | NR; 403 | | |
| 209:19-209:25 | LGL; IRR; AMB; FND; PRJ; LPK; SPC | 193:10-20 | NR; 403 | | |
| 210:02-210:19 | LGL; IRR; AMB; FND; PRJ; LPK; SPC | 193:10-20 | NR; 403 | | |
| 210:22-210:25 | | 193:10-20 | NR; 403 | | |
| 211:03-211:04 | | 193:10-20 | NR; 403 | | |
| 211:06-211:07 | | 193:10-20; 209:19-210:13 | NR; 403 | 211:9-12 | LGL; ARG; IRR; AMB; FND; PRJ; LPK; SPC |
| 211:09-211:12 | LGL; ARG; IRR; AMB; FND; PRJ; LPK; SPC | 193:10-20; 209:19-210:13 | NR; 403 | | |
| 212:09-212:12 | LGL; AMB; | 193:10-20 | NR; 403 | | |

| Breen, James (08/31/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|  | FND; LPK; SPC; AFN |  |  |  |  |
| 212:14-212:15 | AMB; FND; LPK; SPC; AFN; LGL | 193:10-20 | NR; 403 |  |  |
| 212:17-212:17 |  | 193:10-20 | NR; 403 |  |  |
| 213:02-213:08 | AMB; SPC; IRR, PRJ, ARG, FND, HSY, LEA, LPK, LGL, OST | 193:10-20 | NR; 403 |  |  |
| 214:05-214:13 |  | 193:10-20 | NR; 403 |  |  |
| 214:15-214:16 |  | 193:10-20 | NR; 403 |  |  |
| 214:18-214:25 | AMB; FND; IRR; LPK | 193:10-20 | NR; 403 |  |  |
| 215:02-215:04 | AMB; FND; IRR; LPK | 193:10-20 | NR; 403 |  |  |
| 215:13-215:15 | AMB; FND; AFN; LPK | 193:10-20 | NR; 403 |  |  |
| 215:17-215:19 |  | 193:10-20 | NR; 403 |  |  |
| 215:21-215:25 | AMB; FND; AFN; LPK | 193:10-20 | NR; 403 |  |  |
| 216:03-216:03 |  | 193:10-20 | NR; 403 |  |  |
| 216:05-216:07 | AMB; FND; AFN; LPK | 193:10-20 | NR; 403 |  |  |
| 216:09-216:10 |  | 193:10-20 | NR; 403 |  |  |
| 216:12-216:17 |  | 193:10-20 | NR; 403 |  |  |

| | | Schmitz, Damien (8/9/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 008:09-008:17 | | | | | |
| 009:12-009:19 | | | | | |
| 010:13-010:25 | | | | | |
| 011:02-011:24 | | | | | |
| 014:07-014:22 | AMB, LEA, OST | | | | |
| 015:19-015:25 | | 16:2-5 | | | |
| 016:06-016:07 | | 16:2-5 | | | |
| 016:09-016:09 | | | | | |
| 016:11-016:25 | | 16:2-5 | R; 403; NR | | |
| 017:02-017:11 | | | | | |
| 017:15-017:25 | | | | | |
| 018:02-018:12 | | | | | |
| 018:14-018:21 | AMB, AFN | | | | |
| 019:03-019:07 | AMB, AFN | | | | |
| 019:09-019:21 | | 19:22-20:7 | R; 403 | | |
| 020:08-020:14 | IRR, PRJ | 19:22-20:7 | R; 403 | | |
| 021:17-021:25 | DUP, CME, IRR, PRJ | | | | |
| 022:02-022:10 | AMB, MSC, LEA. MSC, AFN, PRJ | | | | |
| 022:12-022:18 | DUP, CME, IRR, PRJ | | | | |
| 022:25-022:25 | DUP, CME, IRR, PRJ | | | | |
| 023:02-023:06 | DUP, CME, IRR, PRJ, AMB, MSC, LEA | | | | |
| 023:08-023:10 | | 23:12-17 | R; 403 | | |
| 023:18-023:25 | | 23:12-17 | R; 403 | | |
| 024:02-024:09 | AMB, MSC, LEA, LGL | 53:19-23 | R; 403; NR | 53:11-53:18, 53:24-53:25, 54:04 | IRR; AMB; OST; SPC; AFN; INC |
| 024:11-024:12 | | | | | |

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| 024:21-024:23 | AMB, NAR | | | | |
| 024:25-024:25 | | | | | |
| 025:02-025:02 | | | | | |
| 025:20-025:25 | AMB, MSC, LEA | | | | |
| 026:02-026:03 | AMB, MSC, LEA | | | | |
| 026:05-026:11 | DUP, CME, AMB, MSC, LEA | | | | |
| 026:13-026:18 | DUP, CME, AMB, MSC, LEA | | | | |
| 026:21-026:25 | DUP, CME, ARG, AMB, MSC, LEA | | | | |
| 027:02-027:02 | DUP, CME, ARG, AMB, MSC, LEA | | | | |
| 027:04-027:05 | | | | | |
| 028:13-028:18 | AMB, AFN, CSL, LEA, LPK, OST | | | | |
| 028:20-028:25 | DUP, CME, ARG, AMB, AFN, CSL, LEA, LPK, OST | | | | |
| 029:02-029:15 | DUP, CME, ARG, AMB, AFN, CSL, LEA, LPK, OST | | | | |
| 029:22-029:25 | AMB, MSC | | | | |
| 030:03-030:04 | | | | | |
| 030:16-030:25 | | | | | |
| 031:02-031:19 | AMB, MSC, LEA, LPK, OST | | | | |
| 031:21-031:25 | AMB, MSC, | | | | |

Schmitz, Damien (8/9/2017)

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
|  | LEA, LPK, AFN, OST, DUP, CME, IRR, PRJ, AMB, MSC, LGL |  |  |  |  |
| 032:02-032:02 | DUP, CME, IRR, PRJ, AMB, MSC, LEA, LGL, LPK, AFN, OST |  |  |  |  |
| 032:05-032:06 |  |  |  |  |  |
| 032:09-032:12 | IRR, PRJ, AMB, CSL, MSC, LEA, LPK, AFN, OST |  |  |  |  |
| 032:15-032:17 |  |  |  |  |  |
| 033:03-033:06 | IRR, PRJ, AMB, MSC, LEA, AFN | 33:7-12 33:14-15 | R; 403; NR | 24:05-24:09, 24:11-24:15, 24:17-24:18, 24:21-24:23, 24:25-25:02 |  |
| 033:17-033:25 | IRR, PRJ, LGL, LPK, OST | 33:7-12 33:14-15 | R; 403; NR | 24:05-24:09, 24:11-24:15, 24:17-24:18, 24:21-24:23, 24:25-25:02 |  |
| 034:02-034:02 |  |  |  |  |  |
| 034:04-034:04 |  |  |  |  |  |
| 052:17-052:23 | IRR, PRJ, DUP, CME, LEA, CSL | 53:19-23 | R; 403; NR | 53:11-53:18, 53:24-53:25, 54:04, 24:02-24:09, 24:11-24:15, 24:17-24:18, 24:21-24:23, 24:25-25:02 | IRR; AMB; OST; SPC; AFN; MSC, LEA, LGL; NAR |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 054:12-054:14 | IRR, PRJ, DUP, CME, LEA, LPK, OST | 53:19-23 | R; 403; NR | 53:11-53:18, 53:24-53:25, 54:04, 24:02-24:09, 24:11-24:15, 24:17-24:18, 24:21-24:23, 24:25-25:02 | IRR; AMB; OST; SPC; AFN; MSC, LEA, LGL; NAR |
| 055:03-055:25 | | | | | |
| 056:02-056:25 | | | | | |
| 057:05-057:25 | | | | | |
| 058:02-058:25 | | | | | |
| 059:02-059:25 | | | | | |
| 060:02-060:07 | AMB, MSC | | | | |
| 060:09-060:10 | | | | | |
| 060:12-060:19 | | 60:20-25 | | | |
| 061:03-061:25 | | | | | |
| 062:02-062:25 | | | | | |
| 063:02-063:25 | | | | | |
| 064:02-064:21 | | | | | |
| 065:07-065:25 | | 64:22-65:6 | R; 403 | | |
| 066:02-066:25 | AMB, MSC, PRJ, LEA | | | | |
| 067:02-067:25 | CSL, MSC, LEA | | | | |
| 068:02-068:25 | CSL, MSC, LEA | | | | |
| 069:02-069:25 | | | | | |
| 070:02-070:08 | AMB, OST | | | | |
| 070:10-070:25 | | | | | |
| 071:02-071:25 | | | | | |
| 072:02-072:25 | AMB | | | | |
| 073:02-073:17 | | | | | |
| 073:21-073:25 | | | | | |
| 074:02-074:25 | IRR, PRJ, MSC, CSL, LEA | | | | |
| 075:02-075:03 | | | | | |
| 075:16-075:25 | AMB, MSC, | 75:4-15 | R; 403; C; V | | |

211

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | CSL, LEA | | | | |
| 076:02-076:17 | | 76:18 79:13-80:11 | R; 403 | 76:19-78:18, 78:24-79:12 | IRR, AMB, MSC, LEA; OST |
| 080:12-080:25 | IRR, AMB, MSC, LEA | 79:13-80:11 | R; 403 | 76:19-78:18, 78:24-79:12 | IRR, AMB, MSC, LEA; OST |
| 081:02-081:06 | | 81:7-10 | R; 403 | | |
| 081:11-081:25 | IRR, AMB | 81:7-10 | R; 403 | | |
| 082:02-082:12 | IRR, AMB | 82:13-83:15 | | | |
| 086:02-086:25 | LPK, INC, HSY, SPC, AFN | | | | |
| 087:02-087:13 | LPK, AMB, HSY, SPC, AFN | 87:14-88:22 | R; 403 | | |
| 088:23-088:25 | FND, PRJ, AMB | 87:14-88:22 89:2-16 | R; 403 | | |
| 089:17-089:25 | INC | 89:2-16 | R; 403 | | |
| 090:02-090:15 | INC | | | | |
| 090:21-090:25 | | 90:16-20 | | | |
| 091:02-091:25 | | | | | |
| 092:02-092:15 | | | | | |
| 093:03-093:12 | IRR, PRJ, AMB | 93:13-14; 93:16; 93:19-23 | R; 403; I | 93:18, 94:03-94:06 | IRR, PRJ, AMB; OST |
| 094:08-094:14 | | 93:13-14; 93:16 93:19-23 94:15-22 | R; 403; I | 93:18, 94:03-94:06, 94:23-95:10 | IRR, PRJ, AMB; OST; DUP, CME |
| 094:23-094:25 | | 94:15-22 | R; 403 | 94:23-95:10 | AMB, DUP, CME; INC |
| 095:02-095:10 | AMB, DUP, | 95:11-19 | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | CME | | | | |
| 095:20-095:25 | AMB, NAR, CSL | | | | |
| 096:02-096:25 | | | | | |
| 097:02-097:06 | | | | | |
| 097:09-097:25 | AMB, NAR | | | | |
| 098:02-098:25 | AMB, NAR | | | | |
| 099:02-099:25 | | | | | |
| 100:02-100:20 | IRR, PRJ, AMB | | | | |
| 100:22-100:25 | IRR, PRJ, AMB | | | | |
| 101:03-101:25 | IRR, PRJ, AMB, OST | | | | |
| 102:02-102:12 | IRR, PRJ, AMB, NAR, OST | | | | |
| 102:14-102:25 | IRR, PRJ, AMB, MSC, LEA, OST | | | | |
| 103:02-103:09 | IRR, PRJ, AMB, OST | | | | |
| 103:11-103:25 | IRR, PRJ, AMB, OST | | | | |
| 104:02-104:16 | IRR, PRJ, AMB, OST | 104:17 104:20-21 105:7-14 | R; 403; V; C | 100:17-100:20, 100:22-102:12, 102:14-103:07 | IRR, PRJ, AMB; OST; NAR; MSC; LEA; ICD |
| 104:23-104:25 | IRR, PRJ, AMB, MSC, OST | 104:17 104:20-21 105:7-14 | R; 403; V; C | 100:17-100:20, 100:22-102:12, 102:14-103:07 | IRR, PRJ, AMB; OST; NAR; MSC; LEA; ICD |
| 105:02-105:03 | IRR, PRJ, AMB, MSC, OST | | | | |
| 105:05-105:05 | IRR, PRJ, | 105:7-14 | R; 403; V; C | 100:17-100:20, | IRR, PRJ, |

| | | | | Schmitz, Damien (8/9/2017) | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | AMB, MSC, OST | | | 100:22-102:12, 102:14-103:07 | AMB; OST; NAR; MSC; LEA; ICD |
| 105:15-105:25 | PRJ, AMB, NAR, AFN, CSL, MSC | 105:7-14 | R; 403; V; C | 100:17-100:20, 100:22-102:12, 102:14-103:07 | IRR, PRJ, AMB; OST; NAR; MSC; LEA; ICD |
| 106:02-106:25 | PRJ, AMB, AFN, LEA, MSC | 110:19-21 | | | |
| 107:02-107:25 | PRJ, AMB, AFN, CSL, LEA, MSC, FND, LPK, SPC | 110:19-21 | | | |
| 108:02-108:23 | | | | | |
| 109:04-109:25 | PRJ, AMB, CSL, LEA | | | | |
| 110:02-110:18 | | 110:19-21 | | | |
| 110:22-110:25 | IRR, PRJ, AMB | | | | |
| 111:02-111:13 | IRR, PRJ, AMB | | | | |
| 111:15-111:18 | IRR, PRJ, AMB, AFN, MSC | 110:19-21 | | | |
| 111:20-111:25 | | | | | |
| 112:02-112:02 | | | | | |
| 112:04-112:07 | IRR, PRJ, AMB, MSC | | | | |
| 112:09-112:12 | | | | | |
| 112:14-112:16 | | 112:17-24 | R; 403; C | 105:15-107:17 | PRJ, AMB, NAR, AFN, CSL, |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | MSC; LEA; LPK; ICD |
| 112:25-112:25 | IRR, PRJ, AMB, AFN, MSC | | | | |
| 113:02-113:25 | IRR, PRJ, AMB, AFN, MSC | | | | |
| 114:02-114:25 | AMB, IRR, PRJ, AFN | 115:2-3 115:5-116:4 | R; 403; V | | |
| 116:05-116:09 | AMB, LEA, LPK, OST | 115:2-3 115:5-116:4 | R; 403; V | | |
| 116:12-116:25 | AMB, OST, SPC | 117:2-7 | R; 403 | | |
| 117:08-117:25 | AMB, SPC | | | | |
| 118:02-118:10 | AMB | | | | |
| 118:12-118:15 | | 118:17-20 | R; 403; V; C; I | 118:22-119:09 | |
| 119:11-119:13 | | 118:17-20 118:22-119:9 | R; 403; V; C; I | | |
| 119:15-119:22 | IRR, PRJ, CSL, LEA, MSC, LPK, OST | 119:23-120:5 | V | 120:06-120:09 | IRR, PRJ, CSL, LEA, MSC, LPK, OST |
| 120:06-120:09 | IRR, PRJ, CSL, LEA, MSC, LPK, OST, DUP, CME | 119:23-120:5 | V | | |
| 120:12-120:25 | | | | | |
| 121:02-121:25 | HSY, LGL, PRJ, INC, LPK, SPC | | | | |
| 122:02-122:07 | INC, LPK, SPC | | | | |
| 122:09-122:09 | | | | | |
| 122:11-122:25 | AMB, PRJ, | | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | CSL, BEV, LGL, LPK, SPC | | | | |
| 123:02-123:08 | AMB, INC, BEV, LGL, LPK, SPC, OST | | | | |
| 123:11-123:14 | | | | | |
| 123:16-123:25 | CSL | | | | |
| 124:02-124:25 | AMB, FND, LGL | | | | |
| 125:02-125:20 | IRR, PRJ, DUP, CME, IRR, PRJ, OST | | | | |
| 125:22-125:22 | IRR, PRJ, OST | | | | |
| 127:10-127:20 | IRR, PRJ | | | | |
| 128:14-128:16 | IRR, PRJ, LGL, LPK, SPC, OST | | | | |
| 128:18-128:22 | IRR, PRJ, LGL, LPK, SPC, OST | | | | |
| 128:24-128:25 | | | | | |
| 129:02-129:03 | | 129:4-9 | | 129:16-130:08 | AMB; IRR; PRJ |
| 129:10-129:25 | AMB | 129:4-9 | | 130:02-130:08 | AMB; IRR; PRJ |
| 130:02-130:09 | IRR, PRJ, AMB | | | | |
| 130:13-130:25 | | | | | |
| 131:02-131:25 | | | | | |
| 132:02-132:12 | AMB | | | | |
| 132:14-132:14 | | | | | |
| 132:16-132:20 | AMB | | | | |
| 135:05-135:06 | IRR, PRJ, AMB, OST, FND, AFN | | | | |
| 135:08-135:10 | IRR, PRJ, | 135:12-14 | R; 403; I; V | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|  | AMB, OST | 135:16-19 |  |  |  |
| 135:20-135:25 | AMB, OST |  |  |  |  |
| 136:02-136:06 | AMB, OST |  |  |  |  |
| 136:08-136:08 | AMB, OST | 136:10-13 136:15-16 | R; 403; V |  |  |
| 137:11-137:22 | AMB, BEV |  |  |  |  |
| 137:24-137:25 | AMB, BEV |  |  |  |  |
| 138:03-138:18 | AMB, BEV | 138:19-139:16 | R; 403 |  |  |
| 139:17-139:25 |  |  |  |  |  |
| 140:02-140:25 |  |  |  |  |  |
| 141:02-141:25 |  |  |  |  |  |
| 142:02-142:25 |  |  |  |  |  |
| 143:02-143:25 |  |  |  |  |  |
| 144:02-144:09 |  |  |  |  |  |
| 144:11-144:25 |  |  |  |  |  |
| 145:02-145:10 | AMB,LEA, MSC |  |  |  |  |
| 145:12-145:23 |  | 145:24-146:9 | R; 403 |  |  |
| 146:10-146:25 | AMB |  |  |  |  |
| 147:02-147:25 | AMB, LEA |  |  |  |  |
| 148:02-148:12 | AMB | 148:13-18 | R; 403; V; C |  |  |
| 148:19-148:25 |  |  |  |  |  |
| 149:02-149:20 |  |  |  |  |  |
| 149:22-149:25 |  |  |  |  |  |
| 150:02-150:04 |  |  |  |  |  |
| 150:06-150:22 |  |  |  |  |  |
| 151:10-151:25 |  | 150:25-151:9 | R; 403; I |  |  |
| 152:02-152:04 |  |  |  |  |  |
| 152:06-152:16 |  |  |  |  |  |
| 152:18-152:25 |  |  |  |  |  |
| 153:02-153:25 | AMB, FND, LGL |  |  |  |  |
| 154:02-154:18 |  |  |  |  |  |
| 155:03-155:17 | AMB | 154:19-20 154:22-25 155:18-25 156:2-7 | R; 403; C |  |  |
| 156:08-156:25 |  |  |  |  |  |
| 157:02-157:08 |  |  |  |  |  |

217

| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|---|---|---|---|---|---|
| 157:10-157:25 | | | | | |
| 158:02-158:24 | IRR, PRJ, AMB, LEA | 158:25-159:17 | R; 403 | | |
| 159:18-159:21 | | | | | |
| 159:23-159:25 | | | | | |
| 160:02-160:10 | | 160:11-161:10 | R; 403 | | |
| 161:11-161:17 | | | | | |
| 162:10-162:12 | AMB, CSL, LEA, FDN, LPK | 161:18-162:9 | R; 403; I | | |
| 162:14-162:14 | AMB, CSL, LEA, FDN, LPK | | | | |
| 162:16-162:25 | | | | | |
| 163:02-163:04 | | | | | |
| 164:03-164:18 | | 163:5-164:2 | R; 403; I; C; V | | |
| 164:21-164:25 | | | | | |
| 165:02-165:19 | AMB, FND, LGL, LPK, SPC | | | | |
| 167:02-167:25 | AMB | 165:20-167:1 | R; 403 | | |
| 168:02-168:15 | CSL, LEA, FDN, SPC | 168:17-169:2 | I | 291:04-293:12 | AMB, FND, LGL, HSY; IRR |
| 169:03-169:06 | AMB | 168:16-169:2 | R; 403; V | 291:04-293:12 | AMB, FND, LGL, HSY; IRR |
| 169:17-169:24 | | 169:7-12 169:14-15 169:25-170:4 170:6-11 | V | | |
| 170:13-170:19 | | 170:20-21 170:23-171:5 | R; 403 | 291:04-292:05 | AMB, FND, LGL, HSY; IRR |
| 171:06-171:23 | AMB, MSC, LEA | 170:20-21 170:23-171:5 | R; 403 | 291:04-292:05 | AMB, FND, |

**Schmitz, Damien (8/9/2017)**

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| | | | | | LGL, HSY; IRR |
| 172:04-172:25 | AMB, FND, LGL, | | | | |
| 173:03-173:05 | | | | | |
| 173:07-173:25 | | | | | |
| 174:02-174:14 | AMB, CSL, LEA, MSC | | | | |
| 174:16-174:25 | | | | | |
| 175:02-175:02 | | 175:3-22 | R; 403; V | | |
| 176:08-176:18 | IRR, PRJ, AMB, LGL, LPK, SPC, OST | | | | |
| 176:20-176:21 | | 176:23-177:2 | R; 403 | 181:05-181:14, 181:16-181:22 | AMB, LGL, LPK, SPC, OST; INC |
| 177:10-177:21 | | 177:3-6 177:8 | R; 403; V | 181:05-181:14, 181:16-181:22, 177:10-177:17 | AMB, LGL, LPK, SPC, OST; INC |
| 177:25-177:25 | | | | | |
| 178:02-178:04 | | | | | |
| 178:11-178:13 | | 178:14-15 | R; 403 | | |
| 178:16-178:22 | AMB, IRR, PRJ, LPK, SPC, OST | | | | |
| 178:24-178:25 | | | | | |
| 179:02-179:05 | | | | | |
| 179:07-179:09 | | | | | |
| 179:21-179:25 | | | | | |
| 180:02-180:25 | SPC, HSY, LPK | | | | |
| 181:02-181:14 | AMB, LGL, LPK, SPC, OST | | | | |
| 181:16-181:18 | | | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 181:20-181:22 | AMB | 181:23-25 | R; 403; V | | |
| 182:03-182:10 | AMB, SPC | 181:23-25 | R; 403; V | | |
| 182:12-182:18 | | | | | |
| 182:20-182:22 | AMB | | | | |
| 182:24-182:25 | | | | | |
| 183:02-183:06 | | | | | |
| 183:08-183:24 | IRR, PRJ, AMB, ARG, CSL | | | | |
| 185:05-185:13 | AMB | 183:25-185:4 | | | |
| 185:15-185:16 | | | | | |
| 185:18-185:25 | | | | | |
| 186:02-186:07 | | | | | |
| 186:09-186:14 | CSL, AFN, SPC, AMB | | | | |
| 186:16-186:17 | | | | | |
| 186:19-186:20 | AMB | | | | |
| 186:22-186:25 | AMB, CSL, LEA | | | | |
| 187:02-187:03 | AMB, CSL, LEA | | | | |
| 187:05-187:06 | | | | | |
| 187:08-187:25 | AMB, CSL, LEA | | | | |
| 188:02-188:23 | | 188:24-189:6 | R; 403 | | |
| 189:07-189:09 | AMB | | | | |
| 189:11-189:12 | | | | | |
| 189:14-189:16 | AMB, DUP, CME | | | | |
| 189:18-189:25 | CSL | | | | |
| 190:02-190:10 | | | | | |
| 190:23-190:25 | | 190:11-22 191:2-192:10 | R; 403; C | | |
| 192:11-192:14 | AMB | 192:15-19 | R; 403 | | |
| 192:20-192:25 | AMB, PRJ, MSC | 192:15-19 | R; 403 | | |
| 193:02-193:14 | AMB, PRJ, MSC, LEA | | | | |
| 193:16-193:23 | | 193:25-194:6 | R; 403 | | |
| 194:07-194:25 | IRR, PRJ, | 193:25-194:6 | R; 403 | | |

220

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
|  | AMB, LEA, MSC |  |  |  |  |
| 195:02-195:22 | AMB | 195:23-196:2 | R; 403; V |  |  |
| 196:03-196:25 | AMB |  |  |  |  |
| 197:02-197:04 |  |  |  |  |  |
| 199:07-199:24 | AMB, FND, LGL |  |  |  |  |
| 200:20-200:25 | AMB |  |  |  |  |
| 201:02-201:13 | AMB | 201:14-20 | R; 403 |  |  |
| 201:21-201:25 | AMB | 201:14-20 | R; 403 |  |  |
| 202:02-202:25 | AMB, LGL, FDN |  |  |  |  |
| 203:02-203:25 | IRR, PRJ, AMB, FND |  |  |  |  |
| 204:02-204:19 | IRR, PRJ, AMB, LGL, FDN |  |  |  |  |
| 204:21-204:25 |  |  |  |  |  |
| 205:02-205:09 | IRR, PRJ, AMB |  |  |  |  |
| 205:11-205:12 |  |  |  |  |  |
| 205:14-205:19 | IRR, PRJ, AMB |  |  |  |  |
| 205:21-205:25 | IRR, PRJ, AMB |  |  |  |  |
| 206:03-206:05 | IRR, PRJ, AMB | 206:6-207:6 | R; 403; C |  |  |
| 207:07-207:13 | AMB, AFN, CSL, LEA | 206:6-207:6 207:14-18 | R; 403; C, V | 107:18-108:12, 124:13-124:18, 125:03-125:14 | AMB; INC; FND; AFN; LGL |
| 207:19-207:25 | CSL, NAR | 207:14-18 | R; 403; V |  |  |
| 208:02-208:23 |  | 208:24-209:23 | R; 403 | 105:15-106:16 | PRJ, AMB, NAR, AFN, CSL, MSC; LEA; INC |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 210:10-210:25 | CSL, LEA, AMB, SPC | 208:24-209:23 211:16-212:9 | R; 403; NR | 105:15-106:16 | PRJ, AMB, NAR, AFN, CSL, MSC; LEA; INC |
| 211:02-211:14 | IRR, PRJ, AMB, SPC | 211:16-212:9 | R; 403; NR | | |
| 212:13-212:20 | IRR, PRJ, AMB, SPC | 211:16-212:9 212:21-213:7 | R; 403; NR | | |
| 213:12-213:25 | | 212:21-213:7 | R; 403; NR | | |
| 214:02-214:25 | BEV, INC, CSL | | | | |
| 215:02-215:08 | IRR, PRJ, BEV, AMB | | | | |
| 216:04-216:07 | IRR, PRJ, AMB, LEA | | | | |
| 216:09-216:11 | | 216:13-20 | | | |
| 216:21-216:25 | IRR, PRJ, BEV, INC | | | | |
| 217:02-217:17 | IRR, PRJ, BEV, INC, AMB, LEA | | | | |
| 217:20-217:22 | | | | | |
| 219:06-219:25 | IRR, PRJ, BEV, INC, AMB, LEA | | | | |
| 220:02-220:06 | | | | | |
| 221:19-221:25 | IRR, PRJ, AMB, LEA | | | | |
| 222:02-222:25 | IRR, PRJ, AMB, LEA, DUP, CME | | | | |
| 223:02-223:03 | | | | | |
| 223:06-223:25 | INC | | | | |
| 224:02-224:07 | INC, AMB | 224:8-15 | R; 403 | 224:16-224:24, 228:13-228:23, 233:10-233:12 | IRR; ICD; INC; MIL; HSY; |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | CSL |
| 224:16-224:24 | MIL | | | | |
| 225:13-225:25 | MIL, FND, LEA, CSL, AMB, HSY, PRJ | | | | |
| 226:02-226:24 | MIL, HSY, CSL, INC, HSY, PRJ | | | | |
| 227:02-227:02 | | 227:4-8 | R; 403 | 224:16-224:24, 228:13-228:23, 233:10-233:12 | IRR; ICD; INC; MIL; HSY; CSL |
| 227:09-227:11 | MIL, AMB, LGL, PRIV | | | | |
| 227:16-227:20 | MIL, AMB, LGL, PRIV | | | | |
| 227:23-227:23 | | | | | |
| 227:25-227:25 | IRR, PRJ | | | | |
| 228:02-228:08 | MIL, AMB, NAR, PRIV, IRR, PRJ | | | | |
| 228:11-228:11 | | | | | |
| 228:13-228:23 | HSY | | | | |
| 230:03-230:09 | MIL, AMB, NAR, PRIV, IRR, PRJ, DUP, CME | | | | |
| 230:20-230:25 | MIL | | | | |
| 231:02-231:25 | MIL, HSY, CSL, FND, AMB | 232:3 | R; 403; I | 232:07-232:16 | MIL, MSC, AMB, DUP, CME |
| 232:02-232:02 | | 232:3 | R; 403; I | 232:07-232:16 | MIL, MSC, AMB, DUP, CME |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 232:07-232:07 | | | | | |
| 232:09-232:16 | MIL, MSC, AMB, DUP, CME | | | | |
| 232:18-232:25 | MIL | | | | |
| 233:02-233:25 | MIL, HSY, CSL | | | | |
| 234:02-234:06 | MIL, AMB, AFN | | | | |
| 234:08-234:13 | MIL, MSC, AMB, PRIV | | | | |
| 234:18-234:22 | MIL, MSC, AMB, PRIV | | | | |
| 234:25-234:25 | MIL, MSC, AMB, PRIV | | | | |
| 235:05-235:18 | MIL, HSY, CSL, SPC, AMB | | | | |
| 235:20-235:20 | | | | | |
| 235:22-235:25 | MIL, HSY, CSL, SPC, AMB | | | | |
| 236:02-236:18 | MIL, HSY, CSL, SPC, AMB | | | | |
| 236:20-236:25 | MIL, AMB, MSC | | | | |
| 237:02-237:04 | MIL, BEV, HSY, SPC, AMB | | | | |
| 237:06-237:14 | MIL, BEV, HSY, CSL, SPC, AMB | 237:16-19 | R; 403 | | |
| 237:20-237:25 | MIL, BEV, HSY, CSL, SPC, AMB | 237:16-19 | R; 403 | | |
| 238:02-238:08 | MIL, HSY, CSL, SPC, AMB, PRIV, LPK, OST | | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 238:13-238:25 | MIL, AMB, ARG, AFN, CSL, HSY, FND, SPC | | | | |
| 239:03-239:03 | | | | | |
| 239:07-239:11 | MIL | | | | |
| 239:13-239:25 | MIL, HSY, CSL, SPC | | | | |
| 240:02-240:05 | MIL, HSY, CSL, AFN, FND, SPC | | | | |
| 240:08-240:17 | MIL, HSY, CSL, AFN, FND, SPC | | | | |
| 240:19-240:24 | MIL, HSY, CSL, AFN, FND, SPC | | | | |
| 241:02-241:02 | | | | | |
| 241:04-241:25 | MIL, HSY, CSL, AFN, SPC | | | | |
| 242:02-242:13 | MIL, HSY, CSL, AFN, SPC, AMB, PRIV | | | | |
| 242:17-242:17 | | | | | |
| 242:19-242:25 | MIL, AMB, FND, SPC, ARG, LEA, MSC | | | | |
| 243:02-243:25 | MIL, HSY, CSL, AFN, SPC, AMB, LPK | | | | |
| 244:02-244:20 | MIL, HSY, CSL, AFN, FND, SPC, AMB, LGL | | | | |
| 244:23-244:25 | MIL, AMB, SPC, LPK, | | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | OST, LGL, LEA | | | | |
| 245:02-245:02 | MIL, AMB, SPC, LPK, OST | | | | |
| 245:04-245:07 | MIL, AMB, SPC, LPK, OST, LGL, LEA | | | | |
| 245:09-245:25 | MIL, HSY, CSL, AFN, FND, SPC, AMB, LPK, OST | | | | |
| 246:03-246:07 | MIL, IRR, PRJ, ARG, AMB, AFN, CSL, MSC, OST | | | | |
| 246:09-246:13 | MIL, IRR, PRJ, ARG, AMB, AFN, CSL, MSC, DUP, CME, OST | | | | |
| 246:15-246:21 | MIL, IRR, PRJ, ARG, AMB, AFN, CSL, MSC, DUP, CME, OST | | | | |
| 246:23-246:23 | | | | | |
| 247:07-247:14 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 247:16-247:25 | MIL, HSY, CSL, AFN, SPC, AMB | | | | |
| 248:02-248:09 | MIL, HSY, | | | | |

226

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | CSL, AFN, FND, SPC, AMB | | | | |
| 248:11-248:25 | MIL, AMB, ARG, AFN, CSL, LEA, SPC, OST | | | | |
| 249:02-249:10 | MIL, HSY, CSL, AFN, FND, SPC, LPK, OST, AMB | | | | |
| 249:12-249:21 | MIL, HSY, CSL, AFN, FND, SPC, AMB, LPK, OST | | | | |
| 249:23-249:25 | | | | | |
| 250:02-250:22 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 250:25-250:25 | | | | | |
| 251:03-251:04 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 251:06-251:11 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 251:13-251:16 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 251:18-251:22 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 251:24-251:25 | | | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 252:02-252:12 | MIL, HSY, CSL, AFN, FND, SPC, AMB | | | | |
| 252:14-252:17 | MIL, HSY, CSL, AFN, FND, SPC, AMB, ARG | | | | |
| 252:19-252:19 | | | | | |
| 252:21-252:21 | | | | | |
| 253:05-253:07 | IRR, PRJ, OST | 253:8-11 | R; 403 | | |
| 253:12-253:25 | IRR, PRJ, OST, AMB, DUP, CME, PRIV | 253:8-11 | R; 403 | | |
| 254:02-254:25 | IRR, PRJ, OST, DUP, CME | | | | |
| 255:02-255:05 | OST, LPK, LGL, AMB | | | | |
| 255:07-255:07 | | | | | |
| 255:09-255:10 | IRR, PRJ, HSY, LGL, LPK, OST, AMB | | | | |
| 255:12-255:12 | | 255:14-17 | R; 403 | | |
| 255:18-255:25 | MIL | 255:14-17 | R; 403 | | |
| 256:02-256:20 | MIL, HSY, CSL, AFN, FND, SPC, AMB, PRIV | | | | |
| 256:25-256:25 | | | | | |
| 257:02-257:10 | MIL, HSY, CSL, AFN, FND, SPC, AMB, PRIV, LPK, OST | | | | |
| 257:12-257:16 | MIL, HSY, CSL, AFN, | | | | |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | FND, SPC, AMB, ARG, LPK, OST | | | | |
| 257:18-257:25 | MIL, ARG, AFN, AMB, FND, LPK, OST, LPK, OST, PRIV | | | | |
| 258:02-258:04 | IRR, PRJ, LPK, OST, LEA, ARG, PRIV, FND, HSY | | | | |
| 258:06-258:10 | IRR, PRJ, LPK, OST, LEA, ARG, FND, HSY | | | | |
| 258:12-258:16 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, FND, HSY | | | | |
| 258:18-258:18 | | | | | |
| 258:20-258:22 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, HSY | | | | |
| 258:24-258:24 | | | | | |
| 259:03-259:05 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, HSY | | | | |
| 259:07-259:07 | | | | | |
| 259:09-259:16 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, MSC, HSY | | | | |

| | | Schmitz, Damien (8/9/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 259:18-259:24 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, SPC, HSY | | | | |
| 260:02-260:02 | | | | | |
| 260:04-260:06 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, SPC, HSY | | | | |
| 260:09-260:11 | | | | | |
| 260:13-260:16 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, MSC, SPC, HSY | | | | |
| 260:18-260:23 | IRR, PRJ, LPK, OST, LEA, ARG, AFN, LGL, MSC, SPC, HSY | | | | |
| 260:25-260:25 | | 261:3-6 261:11 | R; 403 | | |
| 262:02-262:06 | MIL, DUP, CME, PRIV | 261:3-6 261:11 262:7-10 262:13 | R; 403; C; I | 261:13-261:17, 262:11-262:12, 263:02-263:08, 264:13-264:19, 264:21 | MIL, DUP, CME, PRIV; CSL; IRR; INC |
| 262:21-262:25 | MIL, DUP, CME, PRIV | 261:3-6 261:11 | R; 403; C; I | 261:13-261:17, 262:11-262:12, 263:02-263:08, 264:13-264:19, 264:21 | MIL, DUP, CME, PRIV; CSL; IRR; INC |
| 263:02-263:13 | MIL, DUP, CME, PRIV | | C, I | 262:11-262:12 | CSL; IRR; INC |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 264:02-264:05 | MIL, DUP, CME, PRIV | 261:3-6 261:11 | R; 403; C; I | 261:13-261:17, 262:11-262:12, 263:02-263:08, 264:13-264:19, 264:21 | MIL, DUP, CME, PRIV; CSL; IRR; INC |
| 264:13-264:19 | MIL, DUP, CME, PRIV | 261:3-6 261:11 | R; 403; C; I | 261:13-261:17, 262:11-262:12, 263:02-263:08, 264:13-264:19, 264:21 | MIL, DUP, CME, PRIV; CSL; IRR; INC |
| 264:21-264:21 | | | | | |
| 264:23-264:24 | MIL, PRIV, IRR, PRJ, LPK, OST, HSY, SPC | | | | |
| 265:02-265:02 | | | | | |
| 265:04-265:05 | MIL, PRIV, IRR, PRJ, LPK, OST, HSY, SPC, AMB | | | | |
| 265:07-265:07 | | | | | |
| 265:09-265:11 | MIL, IRR, PRJ, LPK, OST, AMB, PRIV | | | | |
| 265:13-265:17 | MIL, IRR, PRJ, LPK, OST, AMB, ARG, CSL, LEA, FND, HSY | | | | |
| 265:19-265:19 | | | | | |
| 265:21-265:25 | MIL, IRR, PRJ, LPK, OST, ARG, LEA, FND, HSY, LGL, | 261:3-6 261:11 262:7-10 262:13 | R; 403; C; I | 261:13-261:17, 262:11-262:12, 263:02-263:08, 264:13-264:19, 264:21 | MIL, DUP, CME, PRIV; CSL; |

| Schmitz, Damien (8/9/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | SPC, MSC, AMB, CSL | | | | IRR; INC |
| 266:02-266:04 | MIL, IRR, PRJ, LPK, OST, ARG, LEA, FND, HSY, LGL, SPC, MSC, AMB, CSL | | | | |
| 266:06-266:06 | | | | | |

| | | Schmitz, Damien (9/6/2017) | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 281:13-281:15 | | | | | |
| 282:03-282:25 | AMB | | | | |
| 283:02-283:25 | AMB, LEA, OST | | | | |
| 284:09-284:25 | AMB, NAR, INC | | | | |
| 285:02-285:06 | AMB, NAR, INC | 285:7-8, 285:11-16 | R; 403 | | |
| 285:17-285:25 | IRR, PRJ | 285:7-8, 285:11-16 | R; 403 | | |
| 286:02-286:25 | IRR, PRJ, AMB, FND, LGL | | | | |
| 287:02-287:25 | AMB, NAR, IRR, PRJ, AMB, AMB, FND, LGL | | | | |
| 288:02-288:25 | AMB, NAR | | | | |
| 289:02-289:25 | AMB, INC, IRR, PRJ, FND, LGL | | | | |
| 290:02-290:25 | AMB, NAR, IRR, PRJ, FND, LGL | | | | |
| 291:02-291:25 | AMB, FND, LGL, HSY | | | | |
| 292:02-292:25 | | | | | |
| 293:02-293:25 | | | | | |
| 294:02-294:25 | AMB, OST, IRR, PRJ | | | | |
| 295:03-295:03 | IRR, PRJ, AMB | | | | |
| 295:08-295:25 | AMB, FND, LGL, MSC | | | | |
| 296:02-296:05 | | | | | |
| 296:17-296:22 | AMB, OST | | | | |
| 297:06-297:09 | | | | | |
| 297:13-297:25 | AMB | | | | |
| 298:02-298:25 | | | | | |

| Schmitz, Damien (9/6/2017) | | | | | |
|---|---|---|---|---|---|
| IBM Initial Designation | Groupon Objection | Groupon Counter-Designation | IBM Objection | IBM Cross Designation | Groupon Objection |
| 299:02-299:08 | | 299:9-17 | R; 403 | | |
| 299:18-299:20 | MSC, PRJ | 299:9-17, | R; 403 | | |
| 299:25-299:25 | IRR, PRJ, AMB | | | | |
| 300:02-300:24 | IRR, PRJ, AMB, IRR, NAR | | | | |
| 301:02-301:07 | IRR, AMB, NAR | | | | |
| 301:10-301:25 | | | | | |
| 302:02-302:25 | AMB, NAR | | | | |
| 303:02-303:08 | | | | | |
| 305:18-305:20 | AMB, SPC, LPK, OST | | | | |
| 305:22-305:22 | AMB, SPC, LPK, OST, MSC | 305:23-25, 306:4-10, 306:12-20, 307:4-11 | R; 403; O; V | | |
| 307:12-307:22 | AMB, SPC, LPK, OST | 305:23-25, 306:4-10, 306:12-20, 307:4-11 | R; 403; O; V | | |
| 307:25-307:25 | | | | | |
| 308:02-308:05 | | 308:8-11 | | 309:02-309:05 | LPK, SPC, OST; AMB |
| 309:02-309:05 | LPK, SPC, OST | | | | |
| 310:16-310:25 | LPK, SPC, OST | 308:8-11 | | 309:02-309:05 | LPK, SPC, OST; AMB |
| 311:02-311:10 | LPK, SPC, OST | 308:8-11 | | 309:02-309:05 | LPK, SPC, OST; AMB |
| 311:12-311:21 | | 311:22-312:3 | C; R; 403 | | |
| 312:10-312:25 | LPK, SPC, OST, HSY | | | | |

| Schmitz, Damien (9/6/2017) | | | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 313:06-313:15 | LPK, SPC, OST, AMB, HSY | 308:8-11 | | 309:02-309:05 | LPK, SPC, OST; AMB |
| 313:17-313:25 | | | | | |
| 314:02-314:09 | LPK, SPC, OST, AMB, LEA, HSY | 308:8-11 | | 309:02-309:05 | LPK, SPC, OST; AMB |
| 314:11-314:15 | AMB, LPK, SPC, OST | | | | |
| 314:17-314:25 | AMB, LPK, SPC, OST | | | | |
| 315:02-315:14 | AMB, LEA, MSC, LPK, SPC, OST | | | | |
| 315:20-315:21 | SPC, AMB, LPK; INC | 315:18-19 | R; 403 | 316:02-316:08, 317:24-318:03 | SPC, LPK, OST, IRR, PRJ, AMB; INC |
| 317:19-317:25 | SPC, LPK, OST, IRR, PRJ, AMB | 315:18-19 | R; 403 | 316:02-316:08, 317:24-318:03 | SPC, LPK, OST, IRR, PRJ, AMB; INC |
| 318:02-318:03 | IRR, PRJ, AMB, OST | 318:4-7 | R; 403 | | |
| 318:08-318:25 | AMB, LPK, SPC, OST, HSY | 315:18-19 | R; 403 | 317:24-318:07 | SPC, LPK, OST, IRR, PRJ, AMB; INC |
| 319:02-319:25 | | 315:18-19 | R; 403 | 317:24-318:07 | SPC, LPK, OST, IRR, PRJ, |

| | | | | | |
|---|---|---|---|---|---|
| **Schmitz, Damien (9/6/2017)** | | | | | |
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| | | | | | AMB; INC |
| 320:02-320:09 | AMB, LPK, SPC, OST | | | | |
| 321:15-321:16 | | 321:21-24 | R; 403 | 322:06-322:12 | AMB, OST, SPC, LPK; INC |
| 321:25-321:25 | | | | | |
| 322:02-322:19 | AMB, OST, SPC, LPK | | | | |
| 322:21-322:25 | AMB, OST, SPC, LPK | | | | |
| 323:02-323:14 | AMB, OST, MSC, SPC, LPK | | | | |
| 323:25-323:25 | | | | | |
| 324:02-324:11 | AMB, OST, SPC, LPK | | | | |
| 324:13-324:18 | AMB, OST, SPC, LPK | | | | |
| 325:05-325:20 | AMB, OST, SPC, LPK | | | | |
| 328:20-328:25 | OST, SPC, LPK | | | | |
| 329:02-329:23 | AMB, OST, MSC, LPK, SPC | | | | |
| 329:25-329:25 | AMB, OST, MSC, LPK, SPC | | | | |
| 330:02-330:02 | AMB, OST, MSC, LPK, SPC | | | | |
| 332:17-332:19 | OST | | | | |
| 332:21-332:25 | OST | | | | |
| 333:02-333:06 | OST | | | | |
| 359:11-359:21 | AMB, MSC | | | | |
| 363:02-363:07 | AMB, LEA, MSC | | | | |

| | | Schmitz, Damien (9/6/2017) | | | |
|---|---|---|---|---|---|
| **IBM Initial Designation** | **Groupon Objection** | **Groupon Counter-Designation** | **IBM Objection** | **IBM Cross Designation** | **Groupon Objection** |
| 363:16-363:25 | | | | | |
| 364:02-364:25 | IRR, PRJ | | | | |
| 365:02-365:25 | | | | | |
| 366:02-366:02 | IRR, PRJ, AMB | | | | |
| 366:04-366:06 | IRR, PRJ | | | | |
| 366:08-366:16 | IRR, PRJ | | | | |
| 366:19-366:25 | IRR, PRJ | 367:7-12 | R; 403; I | 367:05-367:06 | |
| 367:02-367:04 | IRR, PRJ, LPK | | | | |
| 367:13-367:14 | | | | | |
| 367:16-367:17 | | | | | |
| 368:20-368:25 | IRR, PRJ | | | | |
| 369:02-369:05 | IRR, PRJ | 369:6, 369:8-12 | R; 403 | | |
| 369:13-369:25 | AMB, LPK, OST | | | | |
| 370:02-370:05 | AMB | | | | |
| 370:07-370:22 | | | | | |
| 371:14-371:25 | IRR, PRJ, AMB, MSC | | | | |
| 372:02-372:09 | IRR, PRJ, AMB, MSC | | | | |
| 372:11-372:25 | IRR, PRJ, AMB, MSC, DUP, CME | | | | |
| 376:02-376:25 | AMB, PRJ, MSC, AFN | 375:7-25, 383:5-13,384:3-9, 384:11-389:16 | R; 403; V; NR; C | 382:05-382:07, 382:13-382:20 | IRR; INC; PRJ; AMB; ICD |
| 377:02-377:08 | | | | | |
| 394:05-394:18 | IRR, PRJ, MSC, AMB, FND | | | | |

237

# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:16-cv-00122-LPS |
| GROUPON, INC. | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT GROUPON, INC.'S DEPOSITION DESIGNATIONS**

Groupon sets forth below its deposition designations, objections to IBM's counter designations to Groupon's initial deposition designations, and its counter-counter designations to IBM's counter designations.  Groupon reserves the right to amend or supplement its pretrial disclosures, including these objections and designations, as part of the disclosure and meet-and-confer process leading up to trial, in response to IBM's disclosures and objections, and in response to any pretrial rulings or orders from the Court.  Disclosure of any designation does not imply or establish that Groupon will use such designation and does not waive any objections that Groupon may have should IBM seek to introduce it.  Groupon's objection to any IBM deposition designation does not imply or establish that Groupon cannot use such designation and does not waive Groupon's ability to introduce it.

IBM provides below its objections to Groupon's initial deposition designations, with IBM's counter-designations to Groupon's designations, and its objections to Groupon's counter-counter deposition designations.  IBM's disclosure of any deposition designation does not imply or establish that Groupon may use such designation and does not waive any objections that IBM may have should Groupon seek to introduce them.  IBM's objection to any Groupon deposition designation does not imply or establish that IBM cannot use such designation and does not waive IBM's ability to introduce them.

### Key for Groupon's Objections

| Code | Basis for Objection | Rule |
|------|---------------------|------|
| AMB | Ambiguous/compound/confusing | Fed. R. Evid. 611(a) |
| ARG | Argumentative | Fed. R. Evid. 611(a) |
| AFN | Assumes facts not in evidence | Fed. R. Evid. 103(c), 611(a) |
| AUT | Not authentic | Fed. R. Evid. 901 |
| BEV | Violates best evidence rule | Fed. R. Evid. 1002, 1003 |
| CME | Cumulative evidence | Fed. R. Evid. 403 |
| CSL | Counsel testifying | Fed. R. Evid. 103(c), |
| DMG | Relevant only to damages and willfulness phase of trial | Fed. R. Evid. 402, 403 |
| DSC | Not identified or produced in discovery | Fed. R. Civ. P. 26, 37 |
| DUP | Duplicative | |
| HSY | Hearsay | Fed. R. Evid. 103(c), 801- 802 |
| IRR | Irrelevant | Fed. R. Evid. 401-402 |
| IMP | Improper impeachment | Fed. R. Evid. 607-610 |
| ICD | Improper counter-designation | Fed. R. Evid. 611(b); Fed. R. Civ. P. |
| INC | Incomplete writing | Fed. R. Evid.  106 |
| LEA | Leading question | Fed. R. Evid. 611(c) |
| LGL | Calls for legal conclusion | Fed. R. Evid. 103(c) |
| LSR | Lacks scientific reliability | Fed. R. Evid.  702, 703 |
| FND | Lacks foundation | Fed. R. Evid. 602, 901(a) |
| LPK | Lack of personal knowledge, non-expert opinion testimony | Fed. R. Evid. 103(c), 602, 701-702 |
| MIL | Subject to motion in limine | |
| MSC | Mischaracterizes testimony | Fed. R. Evid. 103(c), 611(a) |
| MTP | Multiple documents inappropriately grouped together in the same exhibit | FRE 401, 611(a) |
| NAR | Calls for narrative, overbroad | Fed. R. Evid. 103(c), 611(a) |
| NRE | Non-responsive | Fed. R. Evid. 611(a) |
| OST | Outside scope of noticed topics | Fed. R. Evid. 403, 611(a) |
| PRJ | Danger of unfair prejudice, confusion of the issues, or misleading the jury outweighs probative value | Fed. R. Evid. 403 |
| SMY | Improper summary | Fed. R. Evid. 1006 |
| SPC | Calls for speculation | Fed. R. Evid. 602, 701 |

| PRV | Privileged | Fed. R. Evid. 501, 502; Fed. R. Civ. P. 26 |
|---|---|---|

## **Key for IBM's Objections**

| Symbol | Objection |
|---|---|
| V | Vague |
| I | Incomplete / Improper Designation (*e.g.*, objections, attorney preamble) |
| NR | Not Responsive to Initial Designation |
| C | Compound |
| L | Leading |
| F | Foundation |
| O | Outside Scope / Improper Opinion |
| LC | Legal Conclusion |
| M | Motion in Limine / Contrary to Court Order |
| H | Hearsay |
| R | Rule 402 / Relevance |
| 403 | Rule 403 / Prejudice |
| 408 | Rule 408 / Offer to Compromise |
| * | Late Designation / Late Disclosure / Late Production |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Turner, Brian 10/21/2016 | 5:18-21 | I | | | | |
| Turner, Brian 10/21/2016 | 40:21-41:1 | I, V, R, 403 | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01 | IRR, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 41:2-6 | I, V, R, 403 | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01 | IRR, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 41:7-9 | I, V, R, 403 | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01 | IRR, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 41:10-12 | I, V, R, 403 | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01 | IRR, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 41:13-16 | I, V, R, 403 | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01 | IRR, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 41:17-19 | I, V, R, 403 | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01 | IRR, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 45:3 | I, F, V, R, 403 | 45:7-9 | | | |
| Turner, Brian 10/21/2016 | 56:19-23 | I, V, F, R, 403 | 45:7-9, 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25 | ICD, NAR | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21 | NR, V, R, 403, *, F |
| Turner, Brian 10/21/2016 | 57:1-4 | I, V, F, R, 403 | 45:7-9, 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25 | ICD, NAR | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, | NR, V, R, 403, *, F |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|------------------|
| | | | | | 53:20-54:5, 54:8-54:21 | |
| Turner, Brian 10/21/2016 | 57:23-25 | I, V, F, R, 403 | 45:7-9, 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 58:1-2 | I, V, F, R, 403 | 45:7-9, 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 58:6-8 | I, V, F, R, 403 | 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, 53:20-54:5, | NR, V, R, 403, *, F, LC, I |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | | 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | |
| Turner, Brian 10/21/2016 | 58:12-18 | I, V, F, R, 403 | 15:3-15:06, 45:7-9, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25 | IRR, ICD, NAR | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21 | NR, V, R, 403, *, F, |
| Turner, Brian 10/21/2016 | 58:19-25 | I, C, V, F, R, 403 | 45:7-9, 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 59:3-7 | I, C, V, R, 403, F | 45:7-9, 15:3-15:06, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21- | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 45:10-46:2, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21, | NR, V, R, 403, *, F, LC, I |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | | 100:10-16, 100:18-101:2, 101:5-23 | |
| Turner, Brian 10/21/2016 | 59:10-14 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 59:15-18 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 59:19-22 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 60:21-61:2 | I, V, R | 060:21-060:22 | | | |
| Turner, Brian 10/21/2016 | 61:3-7 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 61:8-10 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 61:11-22 | I, C, V, R | 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 40:21-41:9, 57:23-58:2, 58:6-8, 58:12-25, 59:3-7, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 61:23-62:1 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 63:12-17 | I, V, R | 63:01-03; 63:05-10 | | | |
| Turner, Brian 10/21/2016 | 63:18-21 | I, V, R | | | | |
| Turner, Brian 10/21/2016 | 67:17-20 | I, C, V, R | 042:10-042:13, 062:02-062:11, 062:13-063:03, 063:05-063:10, 063:14-064:01, 068:09-069:02, | IRR, ICD, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|------------------------------|-------------------|
| | | | 069:03-069:20, 045:11-046:02 | | | |
| Turner, Brian 10/21/2016 | 67:21-68:2 | I, C, V, R | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01, 068:09-069:02, 069:03-069:20, 045:11-046:02 | IRR, ICD, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 68:3-8 | I, V, R | 042:10-042:13, 062:02-062:11, 062:13-063-03, 063:05-063:10, 063:14-064:01, 068:09-069:02, 069:03-069:20, 045:11-046:02 | IRR, ICD, PRJ | 60:21-62:1, 67:21-69:2, 69:4-69:10 | I, C, V, R, NR |
| Turner, Brian 10/21/2016 | 68:9-18 | I, V, R | 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 40:21-41:9, 57:23-58:2, 58:6-8, 58:12-25, 59:3-7, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 68:19-22 | I, V, R | 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 40:21-41:9, 57:23-58:2, 58:6-8, 58:12-25, 59:3-7, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 68:23-69:2 | I, C, V, R | 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1- | IRR, ICD, NAR, PRJ, LEA | 40:21-41:9, 57:23-58:2, 58:6-8, 58:12-25, 59:3-7, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 4; 99:15-21 | | | |
| Turner, Brian 10/21/2016 | 69:4-10 | I, C, V, R | 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 40:21-41:9, 57:23-58:2, 58:6-8, 58:12-25, 59:3-7, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 100:10-14 | I, V, F, R, | 45:07-09 | | 45:10-46:2 | NR. V, R, C, LG, 403 |
| Turner, Brian 10/21/2016 | 100:15-16 | I, V, F, R, 403, LC | 45:7-9 | | 45:10-46:2 | NR. V, R, C, LG, 403 |
| Turner, Brian 10/21/2016 | 100:18-101:2 | I, V, F, R, 403, | 45:7-9, 045:11-046:02 | | | |
| Turner, Brian 10/21/2016 | 101:5-7 | I, C, V, R, 403, | 45:7-9, 15:3-15:06, 045:11-046:02, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 45:10-46:2, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Turner, Brian 10/21/2016 | 101:10-13 | I, C, V, R, 403 | 45:7-9, 15:3-15:06, 045:11-046:02, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 45:10-46:2, 52:23-53:5, 53:8-17, | NR, V, R, 403, *, F, LC, I |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | | 53:20-54:5, 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | |
| Turner, Brian 10/21/2016 | 101:14-23 | I, C, V, R, 403 | 45:7-9, 15:3-15:06, 045:11-046:02, 028:09-028:13, 028:16-028:22, 052:04-052:06, 052:09-052:16, 054:22-055:02, 055:05-055:11, 057:06-057:14, 057:17-057:25, 35:8-15; 35:23-36:2; 36:16-37:08; 38:8-12; 38:14-19; 38:21-39:02; 73:23-73:01; 73:03-11; 77:07-08; 77:10-17; 80:19-81:3; 85:22-86:10; 86:12-16; 87:21-88:03; 88:09-88:17; 97:18-21; 97:23-03; 98:5-24; 99:1-4; 99:15-21 | IRR, ICD, NAR, PRJ, LEA | 14:19-15:2, 28:23-29:3, 27:17-28:3, 28:5-28:7, 45:10-46:2, 52:23-53:5, 53:8-17, 53:20-54:5, 54:8-54:21, 100:10-16, 100:18-101:2, 101:5-23 | NR, V, R, 403, *, F, LC, I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 9:5-8 | R | | | | |
| Baumgartner-Bonanno, Michele 10/19/2016 | 32:1-4 | R; 403; V; M; O | (1) 28:24-31:15, (2) 55:24-56:18, (3) 145:14-146:08 | NAR, ICD, IRR | (2) 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1. | R; 403; V; C; M; O; I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 36:23-37:4 | R; 403; V; C; O; F; LC | 36:06-36:13, 37:05-37:17 | | | |
| Baumgartner-Bonanno, Michele 10/19/2016 | 57:12-14 | R; 403; V; C; M; O | 56:06-56:18 | | 58:24-59:6, 84:16-85:1 | R; 403; V; M; O |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Baumgartner-Bonanno, Michele 10/19/2016 | 57:20-21 | R; 403; V; C; M; O; I | 56:06-57:05 | | 58:24-59:6, 84:16-85:1 | R; 403; V; M; O |
| Baumgartner-Bonanno, Michele 10/19/2016 | 58:24-59:6 | R; 403; V; M; O | | | | |
| Baumgartner-Bonanno, Michele 10/19/2016 | 84:16-22 | R; 403; V; M; O | 25:14-25:21, 25:23-27:12, 30:06-31:15, 97:18-98:10, 98:13, 28:24-31:15, 100:25-101:01, 101:04-102:01 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1; 98:14-99:3 | R; 403; V; M; O; C; I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 84:23-85:1 | R; 403; V; M; O | 25:14-25:21, 25:23-27:12, 30:06-31:15, 97:18-98:10, 98:13, 28:24-31:15, 100:25-101:01, 101:04-102:01 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1; 98:14-99:3 | R; 403; V; M; O; C; I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 121:4-5 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1 | R; 403; V; M; O; C; I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 121:8 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1 | R; 403; V; M; O; C; I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 121:9 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1 | R; 403; V; M; O; C; I |
| Baumgartner-Bonanno, Michele 10/19/2016 | 121:12-13 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1 | R; 403; V; M; O; C; I |
| Baumgartner-Bonanno, | 121:14-15 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, | R; 403; V; M; O; C; I |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Michele 10/19/2016 | | | | | 58:24-59:6, 84:16-85:1 | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 121:16-17 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1 | R; 403; V; M; O; C; I |
| Baumgartner -Bonanno, Michele 10/19/2016 | 121:20 | R; 403; V; O | 120:14-22, 121:3, 25:14-25:21, 25:23-27:12, 145:14-146:18 | NAR, ICD, IRR | 32:1-4, 57:12-14, 57:20-21, 58:24-59:6, 84:16-85:1 | R; 403; V; M; O; C; I |
| Baumgartner -Bonanno, Michele 10/19/2016 | 317:22-25 | R | | | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 318:8-9 | R; 403; F; I | 318:10 | | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 322:8-14 | R; 403; V; C; F | 318:11-319:25, 320:5-321:5, 321:8-322:7, 322:23, 323:1-9 | NAR, IRR, CME | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 322:15-19 | R; 403; V; C; F | 318:11-319:25, 320:5-321:5, 321:8-322:7, 322:23, 323:1-9 | NAR, IRR, CME | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 323:1-5 | R; 403; V; C; F | 318:11-319:25, 320:5-321:5, 321:8-322:19, 322:23, 323:19-323:25 | NAR, IRR, CME | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 323:6-9 | R; 403; V; C; F | 318:11-319:25, 320:5-321:5, 321:8-322:19, 322:23, 323:19-323:25 | NAR, IRR, CME | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 323:10-13 | R; 403; V; C; F | 318:11-319:25, 320:5-321:5, 321:8-322:19, 322:23, 323:19-323:25 | NAR, IRR, CME | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Baumgartner-Bonanno, Michele 10/19/2016 | 323:16-18 | R; 403; V; C; F | 318:11-319:25, 320:5-321:5, 321:8-322:19, 322:23, 323:19-323:25 | NAR, IRR, CME | | |
| Baumgartner-Bonanno, Michele 10/19/2016 | 327:11-14 | R; 403 | | | | |
| Baumgartner-Bonanno, Michele 10/19/2016 | 329:7-11 | R; 403 | 329:12-330:4 | ICD | | |
| Baumgartner-Bonanno, Michele 10/19/2016 | 331:15-19 | R; 403 | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, Michele 10/19/2016 | 331:24-332:4 | R; 403; C | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, Michele 10/19/2016 | 332:5-10 | R; 403; V; F | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, Michele 10/19/2016 | 332:11-12 | R; 403; V; F | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, Michele 10/19/2016 | 332:15-334:3 | R; 403; V; C; O | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22, 332:11-332:12 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, Michele 10/19/2016 | 332:15-17 | R; 403; V; C; O | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22, 332:11-332:12 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, Michele 10/19/2016 | 332:18-25 | R; 403; V; C; O | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22, 332:11-332:12 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner-Bonanno, | 333:1-5 | R; 403; V | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Michele 10/19/2016 | | | | | | |
| Baumgartner -Bonanno, Michele 10/19/2016 | 333:6-22 | R; 403; V | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner -Bonanno, Michele 10/19/2016 | 333:23-25 | R; 403; V | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner -Bonanno, Michele 10/19/2016 | 334:1-3 | R; 403; V | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Baumgartner -Bonanno, Michele 10/19/2016 | 334:8-12 | R; 403; V | 58:14-58:23, 89:01-90:07, 131:11-132:03, 132:07-132:22 | IRR, NAR | 90:8-91:2 | R; 403; V; C; M |
| Iyengar, Arun 10/10/2016 | 4:2-4 | | 6:4-18 (PCLN)[1]; 6:25-8:8 (PCLN); 8:12-15 (PCLN); 8:17-24 (PCLN) | ICD; IRR; HSY; FRCP 32 | 8:9-11 | |
| Iyengar, Arun 10/10/2016 | 4:24-5:2 | | | | | |
| Iyengar, Arun 10/10/2016 | 15:12-13 | I; R | 15:14-16 (PCLN); 17:8-9 (PCLN) | HSY; FRCP 32 | | |
| Iyengar, Arun 10/10/2016 | 17:8-9 | | | | | |
| Iyengar, Arun 10/10/2016 | 18:4-11 | I; V | 18:13-18 (PCLN) | HSY; FRCP 32 | 18:19-25 | |
| Iyengar, Arun 10/10/2016 | 18:13-19:7 | I; V; O; LC; C; 403 | 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 | ICD, NRE, IRR, PRJ, HSY; FRCP 32 | 19:10-12 | I; V; O; LC; C; 403 |

[1] IBM's deposition designations for Arun Iyengar marked "PCLN" are citations to the transcript of the October 10, 2016 deposition of Arun Iyengar.

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|--------------------|
| | | | (GRP)[2]; 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | | | |
| Iyengar, Arun 10/10/2016 | 18:13-18 | I; V | 18:4-11 (PCLN) | HSY; FRCP 32 | | |
| Iyengar, Arun 10/10/2016 | 18:19-25 | | | | | |
| Iyengar, Arun 10/10/2016 | 19:2-5 | I | | | | |
| Iyengar, Arun 10/10/2016 | 19:6-7 | I; V; O; LC; C; 403 | 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, NRE, IRR, PRJ, HSY; FRCP 32 | 19:10-12 | I; V; O; LC; C; 403 |
| Iyengar, Arun 10/10/2016 | 19:10-12 | I; V; O; LC; C; 403 | 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, NRE, IRR, PRJ, HSY; FRCP 32 | 19:10-12 | I; V; O; LC; C; 403 |

---

[2] IBM's deposition designations for Arun Iyengar marked "GRP" are citations to the transcript of the September 15, 2017 deposition of Arun Iyengar.

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 10/10/2016 | 27:10-13 | F; V; O; LC; R; 403 | 27:14-15 (PCLN); 27:21-28:4 (PCLN); 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, NRE, IRR, PRJ, HSY; FRCP 32 | 19:10-12 | I; V; O; LC; C; 403 |
| Iyengar, Arun 10/10/2016 | 52:8-14 | I; F; R; 403 | | | | |
| Iyengar, Arun 10/10/2016 | 52:14-17 | I; F; R; 403 | 52:18-22 (PCLN) | INC; HSY; FRCP 32 | | |
| Iyengar, Arun 10/10/2016 | 59:2-3 | V; R; 403 | 60:8-10 (PCLN); 60:12-17 (PCLN) | INC; HSY; FRCP 32 | 59:5-59:17; 59:18-59:22; 59:23-25; 60:2; 60:4-7 | I; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 59:5-59:17 | V; R; 403 | 60:8-10 (PCLN); 60:12-17 (PCLN) | INC; HSY; FRCP 32 | 59:18-59:22; 59:23-25; 60:2; 60:4-7 | I; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 59:18-59:22 | R; 403 | 60:8-10 (PCLN); 60:12-17 (PCLN) | INC; HSY; FRCP 32 | 59:5-59:17; 59:23-25; 60:2; 60:4-7 | I; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 59:23-25 | I; R; 403 | 60:8-10 (PCLN); 60:12-17 (PCLN) | INC; HSY; FRCP 32 | 59:5-59:17; 59:18-59:22; 60:2; 60:4-7 | V; R; 403 |
| Iyengar, Arun 10/10/2016 | 60:2 | V; R; 403 | 60:8-10 (PCLN); 60:12-17 (PCLN) | INC; HSY; FRCP 32 | 59:5-59:17; 59:18-59:22; 59:23-25; 60:4-7 | I; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 60:4-7 | V; R; 403 | 60:8-10 (PCLN); 60:12-17 (PCLN) | INC; HSY; FRCP 32 | 59:5-59:17; 59:18-59:22; 59:23-25; 60:2 | I; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 10/10/2016 | 68:22-25 | I; O; M; LC; 403 | | | | |
| Iyengar, Arun 10/10/2016 | 69:2-15 | O; M; LC; 403 | | | | |
| Iyengar, Arun 10/10/2016 | 72:12-19 | I; O; M; LC; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD; NRE; IRR; PRJ; HSY; FRCP 32 | 75:2-9 | R; 403 |
| Iyengar, Arun 10/10/2016 | 72:21-73:9 | I; O; M; LC; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD; NRE; IRR; PRJ; HSY; FRCP 32 | 75:2-9 | R; 403 |
| Iyengar, Arun 10/10/2016 | 73:10-14 | I; O; M; LC; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 | ICD; NRE; IRR; PRJ; HSY; FRCP 32 | 75:2-9 | R; 403 |

18

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | | | |
| Iyengar, Arun 10/10/2016 | 73:16-20 | I; O; M; LC; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD; NRE; IRR; PRJ; HSY; FRCP 32 | 75:2-9 | R; 403 |
| Iyengar, Arun 10/10/2016 | 84:4-6 | I | | | | |
| Iyengar, Arun 10/10/2016 | 91:6-7 | V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 91:10-18 | V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; | I; NR; O; LC; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | | 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 91:19-92:19 | V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 92:21-93:2 | V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23- | I; NR; O; LC; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | | 102:9; 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 93:3-19 | 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 93:20-21 | V; I; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 93:23-24 | V; I; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17- | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; | I; NR; O; LC; V; R; 403 |

21

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | | 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 93:25-94:7 | V; I; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 94:8-9 | V; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2- | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; | I; NR; O; LC; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | | 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 94:12-19 | V; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 94:20-23 | V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 103:2-3 | V; I; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:24- | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; | I; NR; O; LC; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | | 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 103:7-12 | V; I; O; LC 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 103:15-16 | V; I; O; LC 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18- | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; | I; NR; O; LC; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 122:16 (PCLN); 122:18-23 (PCLN) | | 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 103:17-104:16 | V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 104:17-105:14 | I; V; O; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 107:25-108:6 | V; F; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25- | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; | I; NR; O; LC; V; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | | 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | |
| Iyengar, Arun 10/10/2016 | 108:9-12 | V; F; LC; 403 | 40:25-41:17 (PCLN); 41:19-42:6 (PCLN); 42:8-12 (PCLN); 64:3-6 (PCLN); 64:8 (PCLN); 78:4-9 (PCLN); 78:17-81:13 (PCLN); 81:24-82:10 (PCLN); 84:25-85:10 (PCLN); 86:16-87:12 (PCLN); 89:13-17 (PCLN); 89:21-91:5 (PCLN); 94:24-95:2 (PCLN); 95:5-21 (PCLN); 99:5-7 (PCLN); 99:9-15 (PCLN); 100:2-21 (PCLN); 121:18-122:16 (PCLN); 122:18-23 (PCLN) | ICD; NRE; INC; HSY; FRCP 32 | 77:12-25; 78:2-3; 78:10-16; 85:11-86:15; 88:4-15; 88:17-89:6; 89:9-12; 95:22-96:22; 98:24-99:4; 100:22; 100:24-101:21; 101:23-102:9; 102:12-25; 122:24-123:8 | I; NR; O; LC; V; R; 403 |
| Iyengar, Arun 10/10/2016 | 129:24-25 | R; 403 | | | | |
| Iyengar, Arun 10/10/2016 | 130:3-6 | R; 403 | | | | |
| Hinton, Heather 2/16/2017 | 6:18-21 | R, 403 | | | | |
| Hinton, Heather 2/16/2017 | 8:8-13 | R, 403 | | | | |
| Hinton, Heather 2/16/2017 | 8:14-18 | R, 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 2/16/2017 | 8:19-9:1 | R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 9:2-15 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; | V, L, H, O, F, C, M, NR, LC, R, 403 |

27

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 9:16-20 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 9:24-10:2 | R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24; 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 13:3-11 | R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 20:22-21:1 | F, R, 403 | 10:8-9; 10:10-21; 13:3-11; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4<br><br>Hinton, Heather Sept. 1, 2017 Tr.:<br>73:11-13; 73:15-20; 109:4-6 | IRR; LEA; FND; AMB; PRJ, ICD | 10:3-7; 22:2-23:11; 101:22-102:18<br><br>Hinton, Heather 9/1/2017:<br>73:8-10; 73:21-25; 74:4-11; 108:11-25; 109:2-3 | V, F, O, H, LC, C, NR, R, 403 |
| Hinton, Heather 2/16/2017 | 21:2-7 | F, R, 403 | 10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4<br><br>Hinton, Heather Sept. 1, 2017 Tr.: | IRR; LEA; FND; AMB; PRJ, ICD | 10:3-7; 22:2-23:11; 101:22-102:18<br><br>Hinton, Heather 9/1/2017: | V, F, O, H, LC, C, NR, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 73:11-13; 73:15-20; 109:4-6 | | 73:8-10; 73:21-25; 74:4-11; 108:11-25; 109:2-3 | |
| Hinton, Heather 2/16/2017 | 28:7-23 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 28:24-29:4 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 29:5-9 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 29:10-21 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 43:2-11 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 57:23-58:4 | F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 58:5-10 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|-------------------|
| Hinton, Heather 2/16/2017 | 67:3-5 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 67:8-16 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 76:7-23 | F, V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 76:24-77:1 | F, V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 80:6-17 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 80:18-25 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 86:18-24 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 87:1-88:11 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|------------------|
| | | | 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 88:12-89:1 | V, LC, O, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 89:2-5 | V, LC, O, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 89:7-21 | V, LC, O, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | | |
| Hinton, Heather 2/16/2017 | 90:5-91:11 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 91:12-17 | V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 117:9- | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 97:24-98:1 | R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 98:3-5 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 98:6-14 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7- | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|-------------------------|-------------------|----------------------------|------------------|
| | | | | | 21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 98:15-18 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 98:19-99:5 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | | 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 99:6-11 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 99:12-23 | V, F, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 2/16/2017 | 109:8-13 | LC, F, O, V, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Hinton, Heather 2/16/2017 | 109:14-17 | V, LC, O, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 109:18-24 | V, LC, O, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; | V, L, H, O, F, C, M, NR, LC, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 117:9-118:19; 118:25-119:12 | |
| Hinton, Heather 2/16/2017 | 109:25-110:4 | V, LC, O, R, 403 | 14:22-15:13; 16:12-23; 20:16-21; 28:7-23; 30:17-22; 38:20-22; 38:24-39:5; 39:18-20; 39:22-40:1; 40:3-19; 41:21-42:9; 43:2-15; 43:18-44:1; 67:03-5; 67:08-16; 68:12-20; 73:4-14; 84:22-85:22; 86:21-86:24, 87:1-88:11; 89:10-21; 90:12-91:17; 106:9-107:4; 117:2-8; 119:13-120:1 | IRR, ICD, PRJ, HSY, FRCP 32, NAR; LEA | 14:5-7; 15:22-16:11; 16:24-17:12; 20:9-15; 28:24-29:9; 29:10-21; 29:22-30:16; 36:22-37:24; 37:25-38:5; 38:6-8; 38:11-19; 39:24-40:1; 40:3-19; 42:11-15; 68:21-69:5; 72:24-73:3; 73:15-23; 83:19-84:1; 84:3-21; 86:18-20; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 90:5-11; 105:22-24; 105:1-8; 117:9-118:19; 118:25-119:12 | V, L, H, O, F, C, M, NR, LC, R, 403 |
| Filepp, Robert 8/29/2017 | 5:14-23 | R | | | | |
| Filepp, Robert 8/29/2017 | 6:9-12 | R, V | | | | |
| Filepp, Robert 8/29/2017 | 11:14-25 | V, R | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|------------------------------|-------------------|
| Filepp, Robert 8/29/2017 | 12:7-13 | V, R | 14:18-22 | ICD;IRR | | |
| Filepp, Robert 8/29/2017 | 15:6-17 | V, R | 16:2-13 | ICD; IRR; NAR | | |
| Filepp, Robert 8/29/2017 | 15:18-25 | V, R | 16:2-13 | ICD; IRR; NAR | | |
| Filepp, Robert 8/29/2017 | 17:5-8 | V, R | 16:2-13 | ICD; IRR; NAR | | |
| Filepp, Robert 8/29/2017 | 19:4-7 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 19:8-10 | V, R, | 39:6-9 | AMB; ICD | | |
| Filepp, Robert 8/29/2017 | 19:11-23 | V, R | 39:6-9 | AMB; ICD | | |
| Filepp, Robert 8/29/2017 | 19:24-20:6 | V, R, I | 39:6-9 | AMB; ICD | | |
| Filepp, Robert 8/29/2017 | 20:7-11 | V, R | 39:6-9 | AMB; ICD | | |
| Filepp, Robert 8/29/2017 | 20:12-15 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 20:16-21:4 | V, R, I | | | | |
| Filepp, Robert 8/29/2017 | 21:8-9 | V, R, 403 | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 21:10-21 | V, R, 403 | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 21:25-22:2 | V, R, 403, F, I | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|------------------------------|------------------|
| Filepp, Robert 8/29/2017 | 22:5-11 | V, R, 403, F | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 22:12-13 | V, R, 403, F | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 22:16-23 | V, R, 403, F | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 22:24-23:4 | V, R, 403, F, I | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 23:5-10 | V, R, 403, F | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 23:11-22 | V, R, 403, F | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 30:4-13 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 30:14-16 | V, R, 403 | 31:2-3; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 30:19-25 | V, R, 403 | 31:2-3; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 31:11-14 | V, R, 403 | 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 31:16-32:11 | V, R, 403, I | 32:12; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 32:13-34:2 | V, R, 403, I | 32:12; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 34:22-35:7 | V, R, 403, I | 35:8-24; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 37:18-25 | V, R, | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 38:8-17 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 38:18-24 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 38:25-39:5 | V, R, I | 39:6-9 | AMB; ICD | | |
| Filepp, Robert 8/29/2017 | 39:10-20 | V, R, 403 | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; NAR, ICD, IRR; PRJ; I | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 39:21-40:6 | V, R, 403, I | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; NAR, ICD, IRR; PRJ; I | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 41:12-20 | V, R, 403 | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; NAR, ICD, IRR; PRJ; I | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 42:2-4 | V, R, 403 | 42:5-11; 43:11-19; 44:2-11; 46:8-25; 47:2-7; 70:16-25; 71:2-25; 72:2-18 | AMB; NAR, ICD, IRR; PRJ | | |
| Filepp, Robert 8/29/2017 | 42:17-43:2 | | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|------------------|
| Filepp, Robert 8/29/2017 | 43:3-10 | | | | | |
| Filepp, Robert 8/29/2017 | 43:11-19 | V, R, | | | | |
| Filepp, Robert 8/29/2017 | 44:23-45:10 | V, R, I | | | | |
| Filepp, Robert 8/29/2017 | 48:21-49:5 | V, R, I, 403 | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; NAR; ICD, IRR; PRJ; I | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 49:6-12 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 49:22-50:8 | V, R, I, 403 | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | AMB; NAR; ICD; IRR; PRJ | | |
| Filepp, Robert 8/29/2017 | 50:15-18 | V, R, I, 403, M | 50:20; 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | AMB; NAR; ICD; IRR; FND; LPK; PRJ | | |
| Filepp, Robert 8/29/2017 | 58:7-10 | V, R, 403, M | 58:11-24; 59:17-22; 60:2-6; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | AMB; NAR; ICD; IRR; FND; LPK; PRJ; I | 136:18-25;137:2-3 | V, NR, F, *, R, |
| Filepp, Robert 8/29/2017 | 58:25-59:11 | V, R, 403, M, I | 59:17-25; 60:2-6; 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | NAR;IC; FND; LPK; PRJ; I | 136:18-25;137:2-3 | V, NR, F, *, R, |
| Filepp, Robert 8/29/2017 | 59:12-16 | V, R, 403, M | 59:17-25; 60:2-6; 31:11-14; 31:16-25; 32:2-11; | NAR;IC; FND; | 136:18-25;137:2-3 | V, NR, F, *, R, |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 60:22-25; 61:16; 67:5-19; 136:9-17 | LPK; PRJ; I | | |
| Filepp, Robert 8/29/2017 | 62:6-11 | V, R, 403, | | | | |
| Filepp, Robert 8/29/2017 | 62:21-63:10 | V, R, 403, I | | | | |
| Filepp, Robert 8/29/2017 | 65:18-66:7 | V, R, F, 403, I | 66:8-9 | FND; PRJ | 66:10-16 | V, R, F, 403,, NR |
| Filepp, Robert 8/29/2017 | 66:10-16 | V, R, F, 403, | 65:18-25; 66:8-9; 66:2-9 | FND; PRJ | 66:10-16 | V, R, F, 403,, NR |
| Filepp, Robert 8/29/2017 | 66:17-21 | V, R, F, 403, | 66:8-9; 65:18-25; 66:2-9 | FND; PRJ | 66:10-16 | V, R, F, 403,, NR |
| Filepp, Robert 8/29/2017 | 66:22-67:19 | V, R, F, 403, M, I | 66:8-9; 65:18-25; 66:2-9 | FND; PRJ | 66:10-16 | V, R, F, 403,, NR |
| Filepp, Robert 8/29/2017 | 67:24-68:5 | V, R, F, 403, M, I | 66:8-9; 65:18-25; 66:2-9 | FND; PRJ | 66:10-16 | V, R, F, 403,, NR |
| Filepp, Robert 8/29/2017 | 73:6-13 | V, R, 403, | | | | |
| Filepp, Robert 8/29/2017 | 73:14-17 | V, R, 403, | | | | |
| Filepp, Robert 8/29/2017 | 73:18-21 | V, R, 403, | 73:22-24 | IRR;ICD | | |
| Filepp, Robert 8/29/2017 | 73:25-74:3 | V, R, 403, I | | | | |
| Filepp, Robert 8/29/2017 | 74:4-6 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 75:9-17 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2- | V, R, 403, M, NR, I, |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | | 25;119:2-19 | |
| Filepp, Robert 8/29/2017 | 76:6-18 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 76:21-77:5 | V, R, 403, M, I | | | | |
| Filepp, Robert 8/29/2017 | 82:15-25 | V, R, 403, M, | | | | |
| Filepp, Robert 8/29/2017 | 84:11-15 | V, R, 403 | 84:1-10; 84:20-25; 85:2-13; 85:19-15; 86:2-7; 86;22-25; 87:2-15 | 84:20-25 (No Objection); 85:2-9 (No Objection); AMB; IRR;NAR; ICD;PRJ | 86:17-21; 87:17-25;88:2 | V, R, 403, F, NR, LC |
| Filepp, Robert 8/29/2017 | 84:20-85:9 | V, R, 403, I | 84:1-10; 85:2-13; 85:19-15; 86:2-7; 86;22-25; 87:2-15 | AMB; IRR;NAR; ICD;PRJ | 86:17-21; 87:17-25;88:2 | V, R, 403, F, NR, LC |
| Filepp, Robert 8/29/2017 | 85:10-13 | V, R, 403 | 84:1-10; 84:20-25; 85:2-9; 85:19-15; 86:2-7; 86;22-25; 87:2-15 | AMB; IRR;NAR; ICD;PRJ | 86:17-21; 87:17-25;88:2 | V, R, 403, F, NR, LC |
| Filepp, Robert 8/29/2017 | 85:19-24 | V, R, 403, M | 84:1-10; 84:20-25; 85:2-13; 86:2-7; 86;22-25; 87:2-15 | AMB; IRR;NAR; ICD;PRJ | 86:17-21; 87:17-25;88:2 | V, R, 403, F, NR, LC |
| Filepp, Robert 8/29/2017 | 85:25-86:3 | V, R, 403 | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96;24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | AMB; IRR;NAR; ICD;PRJ | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 86:4-7 | V, R, 403 | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | AMB; IRR;NAR; ICD;PRJ | | |
| Filepp, Robert 8/29/2017 | 86:17-21 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 88:14-23 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 88:25-89:9 | V, R, 403, M, I | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 89:10-17 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 89:18-21 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 115:19-23; 116:3-5 | | | |
| Filepp, Robert 8/29/2017 | 89:22-25 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 92:10-10 | V, R, 403 | 92:14-25; 93:2 | ICD; PRJ | 92:12-13 | V, R, 403 |
| Filepp, Robert 8/29/2017 | 92:12-13 | V, R, 403 | 92:14-25; 93:2 | ICD; PRJ | 92:10 | V, R, 403 |
| Filepp, Robert 8/29/2017 | 92:14-93:2 | V, R, 403 | 92:14-25; 93:2 | | | |
| Filepp, Robert 8/29/2017 | 93:4-11 | V, R, 403, F | 94:2-6 | ICD | | |
| Filepp, Robert 8/29/2017 | 93:12-25 | V, R, 403, F | 94:2-6 | | | |
| Filepp, Robert 8/29/2017 | 94:2-6 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 94:23-95:15 | V, R, 403, M, I | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 95:17-96:4 | V, R, 403, M, I | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 96:5-9 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:11-13; 102:15-17 | | | |
| Filepp, Robert 8/29/2017 | 97:22-98:3 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 98:19-24 | V, R, 403 | 98:4-18; 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17; 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 98:25-99:12 | V, R, 403, I, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 99:13-18 | V, R, 403 | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 99:19-24 | V, R, 403 | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 99:25-100:6 | V, R, 403, I, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 100:8-12 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:11-13; 102:15-17 | | | |
| Filepp, Robert 8/29/2017 | 100:13-15 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17; 100:17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 100:19-20 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:5-7; 102:11-13; 102:15-17; 100:17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 107:2-11 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 107:12-13 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 107:14-19 | V, R, 403, M | 86:8-16; 94:12-22; 95:13-15; 95:17-25; 96:2-4; 98:4-18; 96:24-25; 97:2-10; 102:11-13; 102:15-17 | ICD; NAR;PRJ | 96:5-9 | V, R, 403, M, NR |
| Filepp, Robert 8/29/2017 | 113:3-7 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 113:9-9 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2- | V, R, 403, M, NR, I, |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | | 25;119:2-19 | |
| Filepp, Robert 8/29/2017 | 113:10-14 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 113:15-17 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 116:6-11 | V, R, 403 | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 116:12-17 | V, R, 403 | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 116:18-117:7 | V, R, 403, I, M | 40:12-15 ; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; | AMB; IRR;NAR; ICD; IRR; | 89:10-25; 116:6-25;117:2-7; | V, R, 403, M, NR, I, |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | FND; LPK; PRJ | 117:25; 118:2-25;119:2-19 | |
| Filepp, Robert 8/29/2017 | 117:25-118:14 | V, R, 403, M, I | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 118:15-19 | V, R, 403, M, | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 118:20-119:7 | V, R, 403, M, I | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 119:8-19 | V, R, 403, M, | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96:24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 120:5-22 | V, R, 403, M | 40:12-15; 40:20-25; 41:2-11; 41:16-25; 47:2-7; 75:18-25; 76:2-5; 88:23; 88:25; 89:2-9; 94:12-22; 98:4-18; 117:14-24; 96;24-25; 97:2-10; 114:19-25; 115:21; 115:5-18; 115:19-23; 116:3-5 | AMB; IRR;NAR; ICD; IRR; FND; LPK; PRJ | 89:10-25; 116:6-25;117:2-7; 117:25; 118:2-25;119:2-19 | V, R, 403, M, NR, I, |
| Filepp, Robert 8/29/2017 | 123:13-21 | V, R, | | | | |
| Filepp, Robert 8/29/2017 | 123:25-124:3 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 124:6-10 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 124:11-13 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 124:25-125:7 | V, R, I, | | | | |
| Filepp, Robert 8/29/2017 | 125:8-14 | V, R, C | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 125:15-20 | V, R | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 125:21-24 | V, R, F | 170:11-15 | AMB; ICD; FND; LPK | 170:16-25;171:2-5 | V, R, 403, M, I, NR |
| Filepp, Robert 8/29/2017 | 131:20-24 | V, R | | | | |
| Filepp, Robert 8/29/2017 | 137:24-138:19 | V, R, I | 103:9-16; 103:18-23; 104:11-14; 104:16-23 | IRR;ICD; PRJ | | |
| Filepp, Robert 8/29/2017 | 140:24-141:7 | V, R, 403, I | 25:11-15; 25:18-25; 26:2-12; 26:19-25; 27:2-19 | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 141:10-24 | V, R, 403, | 25:11-15; 25:18-25; 26:2-12; 26:19-25; 27:2-19 | ICD; NAR; PRJ | | |
| Filepp, Robert 8/29/2017 | 141:25-142:5 | V, R, 403, I | 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | ICD; NAR;PRJ | 61:17-25; 136:18-25;137:2-3 | V, NR, F, *, R, M, LC |
| Filepp, Robert 8/29/2017 | 142:6-24 | V, R, 403, | 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19; 136:9-17 | ICD; NAR;PRJ | 61:17-25; 136:18-25;137:2-3 | V, NR, F, *, R, M, LC |
| Filepp, Robert 8/29/2017 | 143:22-144:8 | V, R, 403, M, I | 31:11-14; 31:16-25; 32:2-11; 35:21-23; 67:5-19 | ICD; NAR;PRJ | 61:17-25; 136:18-25;137:2-3 | V, NR, F, *, R, M, LC |
| Filepp, Robert 8/29/2017 | 144:14-145:10 | V, R, 403, M, I, C | 31:11-14; 31:16-25; 32:2-11; 35:21-23; 67:5-19 | ICD; NAR;PRJ | 61:17-25; 136:18-25;137:2-3 | V, NR, F, *, R, M, LC |
| Filepp, Robert 8/29/2017 | 157:24-158:2 | V, R, 403, I, LC, O | 160:11-13; 160:19-24; 161:21-25; 162:2 | ICD; NAR; PRJ | 158:23-160:10 | V, R, 403, I, LC, O |
| Filepp, Robert 8/29/2017 | 158:23-160:10 | V, R, 403, I, LC, O | 160:11-13; 160:19-24; 161:21-25; 162:2 | ICD; NAR; PRJ | 157:24-158:2 | V, R, 403, I, LC, O |
| Filepp, Robert 8/29/2017 | 170:2-10 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 170:11-15 | V, R, 403, M | | | | |
| Filepp, Robert 8/29/2017 | 170:16-171:5 | V, R, 403, M, I | | | | |
| Filepp, Robert 8/29/2017 | 171:23-25 | V, R, 403, M | 172:5-16 | ICD; PRJ | | |
| Filepp, Robert 8/29/2017 | 172:2-4 | V, R, 403 | 172:5-16 | ICD; PRJ | | |
| Filepp, Robert 8/29/2017 | 172:17-21 | V, R, 403 | | | | |
| Filepp, Robert 8/29/2017 | 177:6-14 | R | | | | |

66

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 177:15-18 | R | | | | |
| Filepp, Robert 8/29/2017 | 177:19-22 | R | | | | |
| Filepp, Robert 8/29/2017 | 180:5-11 | V, R, 403 | 189:24-25; 190:2-15; 190:17-22; 190:24 | | | |
| Filepp, Robert 8/29/2017 | 180:12-15 | V, R, 403 | 189:24-25; 190:2-15; 190:17-22; 190:24 | | | |
| Filepp, Robert 8/29/2017 | 180:16-20 | V, R, 403 | 189:24-25; 190:2-15; 190:17-22; 190:24 | | | |
| Filepp, Robert 8/29/2017 | 180:21-25 | V, R, 403 | 189:24-25; 190:2-15; 190:17-22; 190:24 | | | |
| Filepp, Robert 8/29/2017 | 181:8-10 | V, F, R, 403, O | | | | |
| Filepp, Robert 8/29/2017 | 181:12-17 | V, F, R, 403, O | | | | |
| Filepp, Robert 8/29/2017 | 182:22-183:6 | V, R, 403, I, O | | | | |
| Filepp, Robert 8/29/2017 | 183:7-9 | V, R, 403, O | | | | |
| Filepp, Robert 8/29/2017 | 183:10-23 | V, R, 403, O | | | | |
| Filepp, Robert 8/29/2017 | 183:24-184:5 | V, R, 403, O | 31:11-14; 31:16-25; 32:2-11; 60:22-25; 61:16; 67:5-19 | AMB; NAR, ICD, IRR | 136:18-25;137:2-3 | V, NR, F, *, R |
| Filepp, Robert 8/29/2017 | 186:11-13 | V, R, LC | | | | |
| Filepp, Robert 8/29/2017 | 186:15-17 | V, R, LC | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 186:22-22 | V, R, LC | | | | |
| Filepp, Robert 8/29/2017 | 187:3-15 | V, R, 403, M | | | | |
| Filepp, Robert 8/29/2017 | 187:16-25 | V, R, 403, M, O | | | | |
| Filepp, Robert 8/29/2017 | 188:2-5 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 188:7-7 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 188:8-10 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 188:13-17 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 188:18-21 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 188:24-189:2 | V, R, 403, O, I | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 189:3-9 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 189:12-13 | V, R, 403, O | 189:14-19 | PRJ; AMB | | |
| Filepp, Robert 8/29/2017 | 189:24-190:5 | | | | | |
| Filepp, Robert 8/29/2017 | 190:6-10 | | | | | |
| Filepp, Robert 8/29/2017 | 190:11-15 | | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Filepp, Robert 8/29/2017 | 190:17-17 | | | | | |
| Filepp, Robert 8/29/2017 | 190:18-22 | | | | | |
| Filepp, Robert 8/29/2017 | 190:24-24 | | | | | |
| Hinton, Heather 9/1/2017 | 7:12-13 | | | | | |
| Hinton, Heather 9/1/2017 | 8:5-11 | V, C, H, R, 403 | | | | |
| Hinton, Heather 9/1/2017 | 8:18-23 | F | | | | |
| Hinton, Heather 9/1/2017 | 12:7-11 | C, V, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:12-16; 16:17-23; 32:13-19; 32:21-25<br><br>Hinton, Heather 2/16/2017:<br>43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 12:12-16 | C, V, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-11; 16:17-23; 32:13-19; 32:21-25<br><br>Hinton, Heather 2/16/2017:<br>43:2-11; 86:18-24; | V, NR, C, O, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 13:6-8 | LC, C, V, R, 403 | 16:6-12, 16:15-16, 60:8-10,  31:21-25; 32:2-12, 60:13-25; 61:2<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21, 105:22-24, 105:1-8, 110:5-10 | V, NR, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 13:10-14 | LC, C, V, R, 403 | 16:6-12, 16:15-16, 60:8-10, 31:21-25; 32:2-12, 60:13-25; 61:2<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22<br><br>Hinton, Heather 2/16/2017: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7- | V, NR, C, O, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 16:24-17:8 | V, C, R, 403 | 16:6-12, 16:15-16, 60:8-10, 31:21-25; 32:2-12, 60:13-25; 61:2<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22<br><br>Hinton, Heather 2/16/2017:<br>43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 17:9-13 | V, C, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 158:15-19, 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017:<br>43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 17:14-15 | V, F, C, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 158:15-19, 60:8-10; 60:13-25; 61:2; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 12:7-16; 16:17-23; 32:13-19; 32:21-25; | V, NR, C, O, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 67:22-25; 68:2, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 61:3-8; 61:11-22; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 17:17-19 | V, F, C, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 158:15-19, 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 17:20-25 | V, C, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 18:2-2 | V, C, R, 403 | 16:6-12, 16:15-16, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 12:7-16; 16:17-23; 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|---------------|-------------------------|-------------------|------------------------------|------------------|
| | | | | | <u>Hinton, Heather 2/16/2017</u>: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 18:3-6 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 18:7-15 | V, F, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; | V, NR, C, O, LC, H, R, 403 |

74

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 18:17-25 | V, M, LC, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | <u>Hinton, Heather 2/16/2017</u>: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 19:2-7 | V, C, M, LC, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 43:2-15; 43:18-21; 43:18-44:1; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 43:2-11; 86:18-24; 87:1-88:11; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 19:18-25 | V, C, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 20:2-3 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 20:4-12 | V, LC, M, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 20:13-15 | V, C, LC, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 20:17-20 | V, C, LC, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 20:23-25 | V, C, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> <u>Hinton, Heather Feb. 16, 2017 Tr.</u>: <br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> <u>Hinton, Heather 2/16/2017</u>: <br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 21:2-10 | V, C, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> <u>Hinton, Heather Feb. 16, 2017 Tr.</u>: <br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 24:13-18 | V, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 24:19-20 | V, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 24:21-25 | V, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 25:2-11 | V, C, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 25:12-17 | V, C, LC, O, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 25:20-25 | V, C, LC, O, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 26:3-7 | V, C, LC, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:11-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 26:9-18 | V, LC, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br>Hinton, Heather Feb. 16, 2017 Tr.: <br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 28:23-25 | V, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|------------------|
| | | | 16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | | 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 29:3-3 | V, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | | 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 29:5-6 | V, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 104:25; 106:9-14; 110:11-113:2 | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 29:7-13 | V, C, R, 403 | 23:9-16, 23:19-25, 24:2-11, 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: <br> 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: <br> 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 30:10-21 | V, C, LC, M, O, R, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 30:22-24; 31:2; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 9/1/2017 | 30:22-24 | V, C, LC, I, M, O, R, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 31:2; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 31:2-6 | V, C, LC, R, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 30:10-24; 31:2; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | | 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 31:9-11 | V, C, LC, R, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 30:10-24; 31:2; 31:3-6; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | | 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 31:13-20 | V, C, LC, M, R, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 30:10-24; 31:2; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 32:13-19 | V, C, LC, M, R, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 30:10-24; 31:2; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 104:25; 106:9-14; 110:11-113:2 | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 32:21-25 | V, C, R, LC, 403 | 23:9-16, 23:19-25, 24:2-11, 30:25, 31:21-25; 32:2-12, 40:9-12; 40:14-25; 41:2-5, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 103:19-104:25; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 30:10-24; 31:2; 32:13-19; 32:21-25; 39:10-25; 40:2-8; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|------------------------------|------------------|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21;103:13-18; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 34:16-22 | V, C, R, M, LC, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 9/1/2017 | 34:23-25 | V, LC, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 35:2-4 | V, LC, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 35:5-9 | V, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 35:10-15 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 35:17-22 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 9/1/2017 | 35:23-25 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 36:2-2 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 36:5-8 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 36:9-15 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> <u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 36:16-20 | V, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 9/1/2017 | 36:21-25 | V, LC, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 37:2-2 | V, LC, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 37:4-6 | V, LC, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 37:7-15 | V, LC, R, M, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 37:16-18 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 9/1/2017 | 37:20-25 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 38:2-5 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 38:7-12 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 38:15-23 | V, C, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 38:25-25 | V, C, LC, O, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 39:2-3 | V, C, LC, O, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 39:5-9 | V, C, LC, O, M, R, 403 | 31:21-25; 32:2-12, 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:13-25; 61:2; 61:19-22; 65:18-20, 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2, 84:3-18; 106:19-25; 107:1-15; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 32:13-19; 32:21-25; 61:3-8; 61:11-22; 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 47:25-25 | LC, C, M, V, R, 403 | 50:7-9; 50:12-25; 51:2; 51:5-15 | IRR; NAR | 51:18-25; 52:2-17 | V, I, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 48:2-25 | LC, C, M, V, R, 403 | 50:7-9; 50:12-25; 51:2; 51:5-15 | IRR; NAR | 51:18-25; 52:2-17 | V, I, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 49:2-7 | LC, C, M, V, R, 403 | 50:7-9; 50:12-25; 51:2; 51:5-15 | IRR; NAR | 51:18-25; 52:2-17 | V, I, C, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 53:7-15 | C, V, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 53:17-22 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2 | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 53:24-25 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 54:2-3 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 54:4-7 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 54:9-16 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 57:10-17 | V, R, LC, M, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2 | | <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 57:18-20 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> <u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 57:22-25 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 58:2-2 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18  <br><br>Hinton, Heather Feb. 16, 2017 Tr.: <br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 58:3-9 | LC, M, C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 58:23-25 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2 | | <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 59:2-4 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|-------------------------|-------------------|------------------------------|------------------|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 59:5-9 | V, C, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 59:10-17 | V, LC, R, M, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 59:19-21 | V, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 59:22-25 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2 | | <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 60:3-7 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 64:11-20 | V, LC, M, C, R, 403 | 63:9-19; 64:6-10, 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; | FND; AMB; NAR; IRR | 63:20-25; 64:2-5; 66:17-25; 67:3-20 | V, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 66:17-25 | V, LC, R, 403 | 63:9-19; 64:6-10, 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; | FND; AMB; NAR; IRR | 63:20-25; 64:2-5; 64:11-20; 67:3-20 | V, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 67:3-20 | V, LC, R, 403 | 63:9-19; 64:6-10, 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; | FND; AMB; NAR; IRR | 63:20-25; 64:2-5; 64:11-20; 66:17-25 | V, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 72:3-20 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 73:3-7 | V, R, LC, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 73:8-13 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 73:15-20 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 73:21-25 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 74:4-11 | V, I, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 74:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 74:12-20 | V, C, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 75:3-5 | V, C, LC, I, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 75:7-11 | V, C, LC, M, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 77:10-25 | C, V, LC, M, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3

Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 78:2-4 | C, V, LC, M, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18

Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 78:5-8 | V, R, LC, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 78:9-11 | V, LC, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 79:4-9 | V, LC, O, C, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 79:11-20 | V, LC, O, C, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 79:21-25 | V, LC, O, C, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 80:2-5 | V, LC, C, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2 | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 80:6-11 | V, LC, C, O, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 80:12-18 | V, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 21; 105:22-24; 105:1-8; 110:5-10 | |
| | | | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-5 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 81:3-4 | V, R, M, 403 | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 81:5-12 | V, R, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 81:13-22 | V, O, LC, M, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 91:10-15 | V, C, R, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 91:18-19 | V, C, R, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 91:22-25 | V, C, R, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|-------------------|
| | | | | | 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 92:2-5 | V, C, R, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 92:7-18 | V, C, R, M, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 92:21-25 | V, C, M, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 93:2-8 | V, C, M, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 93:9-15 | V, C, R, 403 | 75:13-25; 76:2-22; 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 75:2, 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 76:23-25; 77:2-9;  83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 94:3-6 | V, F, H, R, 403 | | | | |
| Hinton, Heather 9/1/2017 | 94:9-11 | V, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 | IRR; FND; NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 94:12-14 | V,  H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 | IRR; FND; NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 94:15-24 | V, C, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 | IRR; FND; NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 94:25-25 | V, C, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 <u>Hinton, Heather Feb. 16, 2017 Tr.:</u> | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 95:2-10 | V, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 95:11-18 | V, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 | IRR, PRJ, ICD, HSY, FRCP 32, | 59:10-17; 59:19-25; 60:3-7; 61:3- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | LEA, AMB, FND, NAR | 8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 95:19-23 | V, C, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Hinton, Heather 9/1/2017 | 95:24-25 | V, H, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 96:2-20 | V, H, R, M, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 96:21-25 | V, H, M, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22  Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5  Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 97:2-7 | V, H, M, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22  Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5  Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 97:8-12 | V, H, M, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 98:3-9 | V, H, M, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 98:16-25 | V, H, M, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 99:2-9 | V, H, M, LC, C, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 <br><br> Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2 | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 99:10-13 | V, H, M, LC, C, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 99:14-19 | V, H, C, M, R, 403 | 60:8-10; 60:13-25; 61:2; 67:22-25; 68:2; 019:8-22<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 59:10-17; 59:19-25; 60:3-7; 61:3-8; 61:11-18; 68:3-25; 69:2-5 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 100:19-25 | C, V, H, R, 403 | 73:11-13; 73:15-20; 109:4-6<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 73:8-10; 108:11-25; 109:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 8:8-18; 10:3-7; 22:2-23:11 | V, I, F, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 101:2-5 | C, V, H, R, 403 | 73:11-13; 73:15-20; 109:4-6<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 73:8-10; 108:11-25; 109:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 8:8-18; 10:3-7; 22:2-23:11 | V, I, F, O, H, R, 403 |
| Hinton, Heather 9/1/2017 | 101:22-25 | H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 73:11-13; 73:15-20; 84:3-18; 107:1-15; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 106:19-25; 109:4-6; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 8:8-18; 10:3-7; 22:2-23:11 | |
| Hinton, Heather 9/1/2017 | 102:2-25 | C, V, H, LC, M, O, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 73:11-13; 73:15-20; 84:3-18; 107:1-15; 106:19-25; 109:4-6; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 8:8-18; 10:3-7; 22:2-23:11 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 103:2-5 | C, V, H, LC, M, O, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 16; 67:22-25; 68:2; 73:11-13; 73:15-20; 84:3-18; 107:1-15; 106:19-25; 109:4-6; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | AMB, FND, NAR | 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 8:8-18; 10:3-7; 22:2-23:11 | |
| Hinton, Heather 9/1/2017 | 103:6-11 | C, V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 73:11-13; 73:15-20; 84:3-18; 107:1-15; 106:19-25; 109:4-6; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 8:8-18; 10:3-7; 22:2-23:11 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|------------------|
| Hinton, Heather 9/1/2017 | 103:12-18 | C, V, H, LC, M, O, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 73:11-13; 73:15-20; 84:3-18; 107:1-15; 106:19-25; 109:4-6; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 8:8-18; 10:3-7; 22:2-23:11 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 103:19-21 | C, V, H, LC, M, O, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 73:11-13; 73:15-20; 84:3-18; 107:1-15; 106:19-25; 109:4-6; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 10:8-9; 10:10-21; 13:3-11; 20:22-21:14; 23:12-14; 36:22-37:24; 100:20-101:8; 102:19-22; 102:24-103:4 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | <u>Hinton, Heather 2/16/2017</u>: 8:8-18; 10:3-7; 22:2-23:11 | |
| Hinton, Heather 9/1/2017 | 107:18-25 | I, F, R, 403 | 109:4-6 | IRR; ICD; AMB; FND | 108:11-25; 109:2-3 | V, F, H, R, 403 |
| Hinton, Heather 9/1/2017 | 108:2-5 | I, F, R, 403 | 109:4-6 | IRR; ICD; AMB; FND | 108:11-25; 109:2-3 | V, F, H, R, 403 |
| Hinton, Heather 9/1/2017 | 108:6-10 | R, 403 | 109:4-6 | IRR; ICD; AMB; FND | 108:11-25; 109:2-3 | V, F, H, R, 403 |
| Hinton, Heather 9/1/2017 | 117:23-118:6 | V, F, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br><u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br><u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 118:7-9 | V, F, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 119:6-21 | H, V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 119:22-25 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 120:2-5 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|-------------------|
| | | | | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 120:6-17 | V, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 120:18-24 | V, C, O, LC, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 120:25-25 | V, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 121:2-6 | V, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 123:12-20 | C, M, LC, O, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 125:16-25 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 _Hinton, Heather 2/16/2017_: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 126:2-12 | V, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 _Hinton, Heather Feb. 16, 2017 Tr._: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 126:13-17 | V, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 126:18-25 | V, R, H, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 127:2-5 | V, R, H, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 127:6-11 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 127:12-14 | H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 127:15-18 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 127:22-25 | V, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 128:2-14 | V, H, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 128:23-25 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 129:2-3 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 129:4-20 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 129:25-25 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 130:2-25 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 131:2-3 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 131:4-18 | V, H, LC, O, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 131:19-25 | V, H, LC, O, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: <br> 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 132:2-2 | V, H, LC, O, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: <br> 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 132:5-25 | V, H, LC, O, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 133:2-7 | V, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 133:8-13 | V, H, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 133:23-134:10 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 134:11-14 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3 <br><br> <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 144:12-25 | V, C, H, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> <u>Hinton, Heather Feb. 16, 2017 Tr.</u>: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> <u>Hinton, Heather 2/16/2017</u>: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 145:2-5 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 145:6-9 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 145:12-18 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 145:19-25 | R, 403 | | | | V, NR, C, O, LC, H, M, R, 403 |
| Hinton, Heather 9/1/2017 | 146:5-7 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 146:8-9 | V, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3 <br><br> Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 146:11-13 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 146:14-16 | V, C, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 150:3-16 | V, C, H, M, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|-------------------|
| | | | 18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3, <br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | AMB, FND, NAR | 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16 <br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 150:17-20 | V, C, M, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3, <br><br> Hinton, Heather Feb. 16, 2017 Tr.: <br> 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 150:21-25 | V, C, H, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 151:2-4 | V, C, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 152:12-15 | V, H, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|-------------------------|-------------------|------------------------------|-------------------|
| | | | 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3, 158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 152:19-25 | V, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 153:12-17, 153:20-25, 154:2-3, 158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 153:2-7 | V, O, C, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18; 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 154:2-3,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 153:8-9 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18; 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 154:2-3, 158:15-19, 158:23-25, 159:2-5 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: <br> 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 153:12-15 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3, 158:15-19, 158:23-25, 159:2-5 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 153:16-17 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3, 158:15-19, 158:23-25, 159:2-5 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 153:20-25 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 154:2-3 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 154:14-19 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16  Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 154:22-25 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5  Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 152:19-25; 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 155:2-2 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 153:2-7; 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16  Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 155:3-5 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5  Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 154:14-16; 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16 <br><br> Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 155:8-13 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3, 158:15-19, 158:23-25, 159:2-5 <br><br> Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2, | | 154:17-19; 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 155:14-16 | V, O, R, M, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 151:16-20, 152:6-10, 154:8-13, 153:8-9, 153:12-17, 153:20-25, 154:2-3,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; 152:12-15; 152:19-25; 153:2-7; 154:14-16; 154:17-19; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 102:24-103:4; 106:9-14; 110:11-113:2, | | 154:22-25; 155:2: 155:3-5: 155:8-16<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 155:19-24 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 156:3-5 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25, 159:2-5  Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;  Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25; 159:2-5  Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;  Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 156:6-8 | V, O, LC, M, R, 403 | | | | |
| Hinton, Heather 9/1/2017 | 156:11-12 | V, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25, 159:2-5 <br><br>Hinton, Heather Feb. 16, 2017 Tr.: <br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 156:13-19 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25, 159:2-5 <br><br>Hinton, Heather Feb. 16, 2017 Tr.: <br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 156:22-24 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 156:25-25 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| | | | | | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 157:2-7 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18, 158:15-19, 158:23-25; 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | | |
| Hinton, Heather 9/1/2017 | 157:10-11 | C, O, LC, M, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 159:9-10 | V, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,  158:15-19, 158:23-25, 159:2-5<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 159:13-14 | V, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 159:15-16 | V, F, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18,<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22- | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 159:17-19 | V, F, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18 Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3; Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | V, NR, C, O, LC, H, R, 403 |
| Hinton, Heather 9/1/2017 | 159:20-22 | V, F, R, 403 | | | | |
| Hinton, Heather 9/1/2017 | 159:23-25 | V, F, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7- | IRR, PRJ, ICD, HSY, FRCP 32, LEA, | 61:3-8; 61:11-22; 65:18-20; 65:23-25 | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.:<br>41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | AMB, FND, NAR | 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017:<br>39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 160:2-2 | V, F, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | | 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Hinton, Heather 9/1/2017 | 160:3-5 | V, F, O, LC, R, 403 | 44:22-25; 45:2-6; 45:9-17; 60:8-10; 60:14-25; 66:2; 61:19-22; 65:18-20; 65:23-25; 66:2-5; 66:7-16; 67:22-25; 68:2; 84:3-18; 107:1-15; 106:19-25; 109:12-22; 119:6-25; 120:2-17; 129:15; 130:2-18<br><br>Hinton, Heather Feb. 16, 2017 Tr.: 41:21-42:9; 43:2-15; 43:18-21; 43:18-44:1; 84:22-85:22; 86:18-24; 87:1-88:11; 89:10-21; 88:12-89:1; 101:14-102:18; 102:19-22; 102:24-103:4; 106:9-14; 110:11-113:2 | IRR, PRJ, ICD, HSY, FRCP 32, LEA, AMB, FND, NAR | 61:3-8; 61:11-22; 65:18-20; 65:23-25 65:10-17; 68:3-25; 69:2-5; 83:5-84:2; 110:15-22; 110:24; 110:25; 111:2-5; 111:7-23; 120:18-24; 120:25; 120:2-6 ; 130:19-25; 131:2-3;<br><br>Hinton, Heather 2/16/2017: | V, NR, C, O, LC, H, R, 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 39:24-40:1; 40:3-19; 42:11-15; 43:2-11; 83:19-84:1; 84:3-21; 86:18-24; 87:1-88:11; 88:12-89:1; 89:2-5; 89:7-21; 105:22-24; 105:1-8; 110:5-10 | |
| Iyengar, Arun 9/15/2017 | 5:19-25 | | 6:4-18 (PCLN); 6:25-8:8 (PCLN); 8:12-15 (PCLN); 8:17-24 (PCLN) | ICD, NRE, IRR, HSY, FRCP 32 | | |
| Iyengar, Arun 9/15/2017 | 6:2-9 | I | | | | |
| Iyengar, Arun 9/15/2017 | 6:10-12 | | | | | |
| Iyengar, Arun 9/15/2017 | 6:13-16 | | | | | |
| Iyengar, Arun 9/15/2017 | 6:17-7:6 | I; R | | | | |
| Iyengar, Arun 9/15/2017 | 7:7-8 | O; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 7:11-13 | O; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 7:14-15 | O; R; 403 | 7:21-14 (GRP) | INC; AMB | 6:2-7:8; 7:11-13; 7:18-20 | I; O; R; 403 |
| Iyengar, Arun 9/15/2017 | 7:18-20 | O; R; 403 | 7:21-14 (GRP) | INC; AMB | 6:2-7:8; 7:11-15 | I; O; R; 403 |
| Iyengar, Arun 9/15/2017 | 7:21-24 | V; R | 7:14-15 (GRP); 17:18-20 (GRP) | INC; AMB | 6:2-7:8; 7:11-15; 7:18-20 | I; O; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 7:25-8:5 | I; R | | | | |
| Iyengar, Arun 9/15/2017 | 8:6-8 | I; R; 403 | 9:9-10:16 (GRP); 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 8:9-11 | I; R; 403 | 9:9-10:16 (GRP); 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 8:12-18 | I; R; 403 | 9:9-10:16 (GRP); 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 8:19-20 | I; R; 403 | 9:9-10:16 (GRP); 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 8:23-25 | I; R; 403 | 9:9-10:16 (GRP); 30:5-8 (PCLN); 30:10-19 (PCLN); 31:14-15 (PCLN); 31:18-32:14 (PCLN); 32:18-24 (PCLN); 34:7-17 (PCLN); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 12:15-24 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 17:14-18 | V; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; | I; V; O; M; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 22:6-9; 22:12-16; 22:17-24 | |
| Iyengar, Arun 9/15/2017 | 17:21-18:14 | V; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 18:15-25 | V; I; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 19:4-8 | V; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; | I; V; O; M; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|------------------------------|------------------|
| | | | | | 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | |
| Iyengar, Arun 9/15/2017 | 19:9-18 | V; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 19:19-21 | O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:15-20; 21:23-22:5; 22:6-9; | I; V; O; M; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 22:12-16; 22:17-24 | |
| Iyengar, Arun 9/15/2017 | 19:24-20:2 | O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 20:3-10 | I; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 20:11-25 | V; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 21:2-7 | V; I; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15- | I; V; O; M; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | |
| Iyengar, Arun 9/15/2017 | 21:10-14 | I; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 21:15-20 | I; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 21:23-22:5 | I; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; | I; V; O; M; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | |
| Iyengar, Arun 9/15/2017 | 22:6-9 | I; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |
| Iyengar, Arun 9/15/2017 | 22:12-16 | I; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP) | INC, NRE, CME | 14:9-14; 14:17; 17:14-18; 17:21-18:14; 18:15-25; 19:4-8; 19:9-18; 19:19-21; 19:24-20:2; 20:3-10; 20:11-25; 21:2-7; 21:10-14; 21:15-20; 21:23-22:5; 22:6-9; 22:12-16; 22:17-24 | I; V; O; M; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 22:17-24 | I; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 24:5-9 | V; I; O; LC; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP) | INC, ICD, NRE, PRJ, IRR, CME | 22:17-24; 23:20-24; 24:3-4; 43:15-21; 45:23-46:13; 46:16-47:10; 47:13-22; 47:25-48:6; 48:9-16. | I; 403; O; LC; M; R; V |
| Iyengar, Arun 9/15/2017 | 24:12-16 | V; I; O; LC; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP) | INC, ICD, NRE, PRJ, IRR, CME | 22:17-24; 23:20-24; 24:3-4; 43:15-21; 45:23-46:13; 46:16-47:10; 47:13-22; 47:25-48:6; 48:9-16. | I; 403; O; LC; M; R; V |
| Iyengar, Arun 9/15/2017 | 24:22-25:3 | V; I; O; LC; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP) | INC, ICD, NRE, PRJ, IRR, CME | 22:17-24; 23:20-24; 24:3-4; 43:15-21; 45:23-46:13; 46:16-47:10; 47:13-22; 47:25-48:6; 48:9-16. | I; 403; O; LC; M; R; V |
| Iyengar, Arun 9/15/2017 | 25:4-14 | V; I; C; O; M; 403 | 14:18-20 (GRP); 14:23-15:3 (GRP); 15:6-25 (GRP); 16:4-17:13 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP) | INC, ICD, NRE, PRJ, IRR, CME | 22:17-24; 23:20-24; 24:3-4; 43:15-21; 45:23-46:13; 46:16-47:10; 47:13-22; 47:25-48:6; 48:9-16. | I; 403; O; LC; M; R; V |
| Iyengar, Arun 9/15/2017 | 25:15-20 | V; I; O; LC; M; 403 | 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP) | INC, ICD, NRE, PRJ, IRR, CME | 22:17-24; 23:20-24; 24:3-4; 43:15-21; | I; 403; O; LC; M; R; V |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 45:23-46:13; 46:16-47:10; 47:13-22: 47:25-48:6; 48:9-16. | |
| Iyengar, Arun 9/15/2017 | 25:23-26:5 | V; I; O; LC; M; 403 | 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP) | INC, ICD, NRE, PRJ, IRR, CME | 22:17-24; 23:20-24; 24:3-4; 43:15-21; 45:23-46:13; 46:16-47:10; 47:13-22: 47:25-48:6; 48:9-16. | I; 403; O; LC; M; R; V |
| Iyengar, Arun 9/15/2017 | 26:6-8 | I; R; 403 | 26:9-27:3 (GRP) | INC, IRR, NRE, | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13 | V; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 26:9-27:3 | V; I; O; R; 403 | 30:2-6 (GRP); 30:12-17 (GRP) | INC, IRR, NRE, | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 30:9-11 | V; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 27:4-17 | V; O; R; 403 | 26:9-27:3 (GRP) | INC, IRR, NRE | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13 | V; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 27:18-21 | R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 27:22-22 | V; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 27:25-28:6 | V; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 28:7-9 | V; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 28:10-13 | V; R; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 28:14-24 | I; O; M; 403 | 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 29:3-25 | I; O; M; 403 | 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 30:18-22 | V; I; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 30:25-31:7 | V; I; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 31:8-10 | V; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 31:13-22 | V; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24- | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; | V; I; M; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | | 47:13-22; 47:25-48:6; 48:9-16 | |
| Iyengar, Arun 9/15/2017 | 31:23-32:9 | V; I; C; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 32:12-20 | V; I; C; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 32:23-33:5 | V; I; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 33:6-14 | R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 33:15-34:3 | V; I; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 34:6-9 | V; I; O; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 34:10-12 | I; R; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 34:15-23 | I; R; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 27:18-21; 27:22; 27:25-28:6; 28:7-9; 28:10-13; 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 36:21-37:2 | V; O; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 37:5-25 | V; O; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 38:2-7 | V; O; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 38:10-16 | V; O; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 38:17-39:2 | M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 39:3-9 | V; I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 39:12-22 | V; I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 39:23-40:2 | I; M; R; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 40:3-11 | V; I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 40:14-24 | V; I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 40:25-41:7 | V; I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 41:8-42:10 | V; M; R; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; | V; I; M; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 47:25-48:6; 48:9-16 | |
| Iyengar, Arun 9/15/2017 | 42:11-21 | V; I; M; R; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 42:22-43:10 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 43:13-14 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 43:15-21 | M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 43:22-44:2 | M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 44:3-8 | M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 44:9-13 | M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 44:14-21 | M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|-------------------|
| Iyengar, Arun 9/15/2017 | 44:22-45:8 | V; C; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 45:9-12 | V; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 45:15-18 | V; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 45:21-46:5 | V; I; M; R; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 46:6-8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 46:6-13 | V; I; M; R; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:5; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 46:16-25 | V; I; M; R; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:13; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 47:2-10 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 47:13-15 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:16-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 47:16-17 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-15; 47:18-22; | V; I; M; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|----------------------|----------------|--------------------------|--------------------|------------------------------|------------------|
| | | | | | 47:25-48:6; 48:9-16 | |
| Iyengar, Arun 9/15/2017 | 47:18-22 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-15; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 47:25-48:5 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 48:6-6 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:5; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 48:9-16 | I; M; 403 | 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, IRR, PRJ | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 48:17-49:8 | 403 | | | | |
| Iyengar, Arun 9/15/2017 | 49:9-19 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 49:22-50:10 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 50:11-17 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 50:19-20 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 50:21-51:9 | I; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 51:10-13 | O; M; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 51:16-52:5 | O; M; 403 | 52:6-9 (GRP); 52: 12-18 (GRP) | INC | 50:21-51:9; 5:10-13; 52:19-53:3; 53:6-22 | I; 403; O; M; LC |
| Iyengar, Arun 9/15/2017 | 52:19-53:3 | O; M; 403 | 52:6-9 (GRP); 52: 12-18 (GRP) | INC | 50:21-51:9; 5:10-13; 51:16-25; 53:6-22 | I; 403; O; M; LC |
| Iyengar, Arun 9/15/2017 | 53:6-22 | O; M; 403 | 52:6-9 (GRP); 52: 12-18 (GRP) | INC | 50:21-51:9; 5:10-13; 51:16-25; 52:19-53:3 | I; 403; O; M; LC |
| Iyengar, Arun 9/15/2017 | 54:8-21 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 54:22-55:13 | O; M; R; 403 | 54:9-21 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 55:14-17 | O; M; 403 | 54:9-21 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 55:20-24 | O; M; 403 | 54:9-21 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 55:25-56:8 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 56:9-11 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 56:12-22 | I; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 56:25-57:4 | I; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 57:5-18 | M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 57:19-25 | I; O; M; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 58:4-15 | I; O; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 58:16-23 | V; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, CME | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 59:2-7 | V; M; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, CME | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 59:8-10 | V; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, CME | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 59:13-16 | V; 403 | 23:7-9 (GRP); 23:12-19 (GRP); 24:5-9 (GRP); 24:12-15 (GRP); 24:22-25:3 (GRP); 26:9-27:3 (GRP); 30:2-6 (GRP); 30:12-17 (GRP); 34:24-35:4 (GRP); 35:7-36:20 (GRP); 46:9-13 (GRP); 46:16-25 (GRP) | ICD, NRE, CME | 45:23-46:8; 47:2-10; 47:13-22; 47:25-48:6; 48:9-16 | V; I; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 59:17-60:9 | M | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 60:12-13 | M | | | | |
| Iyengar, Arun 9/15/2017 | 60:14-19 | V; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 60:22-61:4 | V; M; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 61:5-8 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 61:11-62:9 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 62:10-16 | I; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 62:17-63:12 | M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 63:13-22 | M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 63:23-64:17 | I; M; R; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 66:15-67:12 | I; C; M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 67:13-19 | M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 67:22-68:12 | I; M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 69:2-13 | I; M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 69:21-70:5 | O; M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 70:8-17 | O; M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 70:21-71:2 | M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 71:3-8 | M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 71:9-22 | M; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 71:24-72:23 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 72:24-73:25 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 74:2-12 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 74:13-16 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 74:17-20 | M; R; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|------------------------------|-------------------|
| Iyengar, Arun 9/15/2017 | 74:21-75:3 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 75:4-9 | V; O; M; R 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 75:12-17 | V; O; M; R 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 75:18-76:15 | V; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP) | ICD, NRE, IRR, FND, LPK, PRJ | 78:14-22; 78:25; 79:5-8 | I; R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 76:16-77:15 | V; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP) | ICD, NRE, IRR, FND, LPK, PRJ | 78:14-22; 78:25; 79:5-8 | I; R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 81:20-82:15 | F; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 82:16-18 | F; R; 403; * | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 82:21-23 | F; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 82:24-83:3 | F; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 83:4-17 | I; R | | | | |
| Iyengar, Arun 9/15/2017 | 84:8-14 | M; R | | | | |
| Iyengar, Arun 9/15/2017 | 84:15-20 | F; M; R | | | | |
| Iyengar, Arun 9/15/2017 | 84:21-85:3 | M; R | | | | |
| Iyengar, Arun 9/15/2017 | 85:4-13 | M; R | | | | |
| Iyengar, Arun 9/15/2017 | 86:7-15 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 86:16-87:11 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 87:22-88:8 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 88:9-10 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 88:13-89:20 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 89:21-23 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 90:2-23 | O; M; R; 403; * | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 90:24-91:4 | M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 91:5-8 | M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 91:9-21 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 91:24-24 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 91:25-92:4 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 92:5-8 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 92:11-93:2 | O; M; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 93:3-7 | I; F; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 93:14-20 | F; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP) | INC, NRE, IRR | | |
| | | | | | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 93:24-94:2 | F; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP) | INC, NRE, IRR | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 94:5-7 | F; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 94:8-16 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|-------------------|
| Iyengar, Arun 9/15/2017 | 94:21-95:8 | I; F; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 95:12-22 | I; F; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

261

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 95:23-96:2 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 96:5-97:12 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14; 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 96:5-97:7 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 97:8-12 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14; 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 97:8-12 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 97:15-98:17 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 98:18-25 | I; F; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 99:1-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14; 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 99:2-4 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:1; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14; 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 99:7-11 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 99:12-22 | I; F; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|------------------|
| Iyengar, Arun 9/15/2017 | 101:3-6 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 101:9-22 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 101:23-102:4 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 102:5-7 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 102:12-17 | F; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|-------------------|------------------------------|-------------------|
| | | | | | 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 102:18-22 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 102:23-103:8 | I; C; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 103:11-12 | F; C; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 103:15-104:2 | F; C; O; LC; M; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 114:22-115:4; 115:8-14: 115:17-116:18; | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 104:3-8 | I; F; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 104:11-25 | I; F; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 117:2-9; 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 105:2-4 | R | | | | |
| Iyengar, Arun 9/15/2017 | 106:4-7 | F; O; R; * | | | | |
| Iyengar, Arun 9/15/2017 | 106:8-9 | F; O; R; * | | | | |
| Iyengar, Arun 9/15/2017 | 106:12-15 | F; O; R; * | | | | |
| Iyengar, Arun 9/15/2017 | 106:16-19 | F; O; R; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 106:22-107:8 | F; O; R; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23- | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 107:10-14 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 107:15-24 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 107:25-108:3 | I; C; F; O; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14; 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 108:6-6 | I; C; F; O; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | | |
| | | | | | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14; 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 108:9-109:4 | I; C; F; O; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 109:5-8 | F; O; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 109:11-12 | F; O; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 110:9-20 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 110:21-24 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 111:8-21 | F; O; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 112:15-17 | F; O; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 112:20-114:2 | F; O; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 114:3-8 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 114:9-13 | C; F; O; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 114:16-21 | C; F; O; R; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 114:22-115:4 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 115:8-10 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 115:11-12 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 115:13-14 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; | I; R; M; F; O; LC; 403; *; C |

273

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | 99:23-25 (GRP); 100:4-101:2 (GRP) | | 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-12: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 115:17-19 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:20-116:18; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 115:20-24 | I; F; 403; * | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 115:25-116:13 | I; F; 403; * | | | | |
| Iyengar, Arun 9/15/2017 | 116:14-18 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:13; 116:21-24; 117:2-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 116:21-23 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 117:2-9; | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 117:3-4 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:5-9; 117:12-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 117:5-9 | I; F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-4; | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 117:12-16; 117:19-118:5 | |
| Iyengar, Arun 9/15/2017 | 117:12-12 | I; F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:13-16; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 117:13-16 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:19-118:5 | I; R; M; F; O; LC; 403; *; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 117:19-118:5 | F; O; R; 403; * | 93:8-13 (GRP); 95:9-11 (GRP); 95:23-96:2 (GRP); 96:5-97:7 (GRP); 97:15-98:17 (GRP); 99:23-25 (GRP); 100:4-101:2 (GRP) | INC, NRE, IRR | 83:4-17; 84:21-85:13; 87:12-19; 97:8-12; 98:18-99:4; 99:12-22; 101:23-102:4; 102:18-103:8; 103:11-12; 103:15-104:2; 114:22-115:4; 115:8-14: 115:17-116:18; 116:21-24; 117:2-9; 117:12-16 | I; R; M; F; O; LC; 403; *; C |
| Iyengar, Arun 9/15/2017 | 118:6-11 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 118:12-16 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 118:17-25 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 119:2-4 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 119:5-16 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 119:17-19 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 119:20-22 | M; R; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 119:23-25 | I; O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 120:4-5 | I; O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 120:6-12 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 120:20-25 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 121:2-7 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 121:8-21 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 121:22-122:8 | F; O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 122:9-15 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 122:16-19 | V; M; R; 403 | 123:6-8 (GRP); 123:11-124:14 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 122:20-23 | F; O; M; R; 403 | 123:6-8 (GRP); 123:11-124:14 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 123:2-5 | F; O; M; R; 403 | 123:6-8 (GRP); 123:11-124:14 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 124:3-14 | F; O; M; R; 403 | 123:6-8 (GRP); 123:11-124:2 (GRP) | | | |
| Iyengar, Arun 9/15/2017 | 124:15-125:4 | I | | | | |
| Iyengar, Arun 9/15/2017 | 125:5-13 | I; M; R; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 125:14-21 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 125:22-126:7 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 126:8-25 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 127:2-4 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 127:7-9 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 127:10-19 | I; M; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP); 129:7-11 (GRP); 129:14-22 (GRP) | ICD, NRE, IRR | 129:23-130:8 | R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 127:20-25 | I; M; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP); 129:7-11 (GRP); 129:14-22 (GRP) | ICD, NRE, IRR | 129:23-130:8 | R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 128:2-7 | M; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP); 129:7-11 (GRP); 129:14-22 (GRP) | ICD, NRE, IRR | 129:23-130:8 | R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 128:8-13 | V; M; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP); 129:7-11 (GRP); 129:14-22 (GRP) | ICD, NRE, IRR | 129:23-130:8 | R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 128:16-129:6 | V; M; R; 403 | 79:17-21 (GRP); 79:24-81:19 (GRP); 129:7-11 (GRP); 129:14-22 (GRP) | ICD, NRE, IRR | 129:23-130:8 | R; 403; F; O; * |
| Iyengar, Arun 9/15/2017 | 130:9-15 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 130:16-22 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 130:23-131:3 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 131:4-7 | V; O; M; R; 403 | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 131:10-18 | V; O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 131:19-24 | O; M; R; 403 | 132:4-133:8 (GRP); 133:11-20 (GRP) | INC; IRR | 130:16-131:7; 131:10-18 | I; V; O; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 132:3-3 | O; M; R; 403 | 132:4-133:8 (GRP); 133:11-20 (GRP) | INC; IRR | 130:16-131:7; 131:10-18 | I; V; O; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 132:4-12 | O; M; R; 403 | 132:13-133:8 (GRP); 133:11-20 (GRP) | INC; IRR | 130:16-131:7; 131:10-18 | I; V; O; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 132:13-133:3 | I; O; M; R; 403 | 133:4-8 (GRP); 133:11-20 (GRP) | INC; IRR | 130:16-131:7; 131:10-18 | I; V; O; M; R; 403 |
| Iyengar, Arun 9/15/2017 | 133:4-8 | I; O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 133:11-20 | I; O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 133:21-134:14 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 134:15-22 | I; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 134:23-135:8 | O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 135:9-11 | O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 135:14-18 | O; M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 135:19-136:7 | F; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 136:8-12 | F; R; 403 | | | | |

281

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|------------------|
| Iyengar, Arun 9/15/2017 | 136:13-137:5 | I; R | | | | |
| Iyengar, Arun 9/15/2017 | 137:6-16 | M; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 137:17-20 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 137:21-25 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 138:2-14 | O; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 138:15-139:2 | R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 139:3-11 | R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 139:12-16 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 139:17-24 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 139:25-25 | V; O; M; R; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| Iyengar, Arun 9/15/2017 | 140:4-22 | V; O; M; R; 403 | 73:24-74:3 (PCLN); 74:5-17 (PCLN); 74:19-24 (PCLN); 75:10 (PCLN); 75:12-76:5 (PCLN); 76:7-21 (PCLN); 64:18-65:3 (GRP); 65:6-66:3 (GRP); 66:6-14 (GRP); 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10 (GRP); 155:14-156:5 (GRP) | ICD, AMB, IRR, CIRR, PRJ, FND, LPK, NRE, HSY, FRCP 32 | 8:12-18; 9:2-8; 45:23-46:13; 46-47:10; 47:13-22; 47:25-48:6; 48:9-16; 135:9-11; 135:14-139:7; 147:13-148:7 | I; R; V; 403; M; F; O; C |
| Iyengar, Arun 9/15/2017 | 140:23-141:2 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 141:3-11 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 141:12-17 | I; R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 141:18-142:5 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 144:7-16; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 142:6-14 | I; R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:15-22; 144:7-16; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 142:15-22 | I; R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-14; 144:7-16; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 142:23-143:2 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 144:7-16; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 143:5-18 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 144:7-16; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 143:19-144:6 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 144:7-16; 145:15-146:2 | I; R; 403 |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---------|---------------------|----------------|--------------------------|--------------------|-----------------------------|-------------------|
| Iyengar, Arun 9/15/2017 | 144:7-16 | I; R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 144:17-18 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 144:21-145:14 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 144:7-16; 145:15-146:2 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 145:15-146:2 | R; 403 | 146:3-8 (GRP); 146:11-147:3 (GRP) | INC, NRE, IRR | 142:6-22; 144:7-16 | I; R; 403 |
| Iyengar, Arun 9/15/2017 | 146:3-8 | R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 146:11-147:3 | R; 403 | | | | |
| Iyengar, Arun 9/15/2017 | 147:12-18 | I; 403 | 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10; 155:14-156:5 (GRP) | INC, NRE, LPK, IRR | 147:19-148:7 | I; C; R; 403 |
| Iyengar, Arun 9/15/2017 | 147:19-148:3 | I; 403 | 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10; 155:14-156:5 (GRP) | INC, NRE, LPK, IRR | 148:4-7 | I; C; R; 403 |
| Iyengar, Arun 9/15/2017 | 148:4-7 | I; C; R; 403 | 148:10-22 (GRP); 148:25-150:20 (GRP); 150:23-152:19 (GRP); 152:22-153:8 (GRP); 153:12-155:10; 155:14-156:5 (GRP) | INC, NRE, LPK, IRR | 147:19-148:3 | I; 403 |
| McBride, Thomas 10/25/2016 | 5:8-10 | | | | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| McBride, Thomas 10/25/2016 | 28:3-5 | F; O; LC; R; 403 | 28:12-17 (PCLN)[3] | FRCP 32, HSY, FND, IRR, PRJ | 28:18-24 | F; O; R; V; LC; 403 |
| McBride, Thomas 10/25/2016 | 28:8-10 | F; O; LC; R; 403 | 28:12-17 (PCLN) | FRCP 32, HSY, FND, IRR, PRJ | 28:18-24 | F; O; R; V; LC; 403 |
| McBride, Thomas 10/25/2016 | 80:16-18 | O; R; 403 | | | | |
| McBride, Thomas 10/25/2016 | 80:21-24 | O; R; 403 | | | | |
| McBride, Thomas 10/25/2016 | 82:24-83:13 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 98:12-16 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 98:20 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 98:23 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, | F; O; R; 403; V; I; 408 |

[3] IBM's deposition designations for Thomas McBride marked "PCLN" are citations to the transcript of the October 25, 2016 deposition of Thomas McBride.

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 100:17, 100:14-102:4 | |
| McBride, Thomas 10/25/2016 | 99:14-16 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 99:19-21 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 100:13-15 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 100:17 | F; O; R; 403 | 83:14-84:6 (PCLN); 100:18-20 (PCLN); 100:22-23 (PCLN); 100:25-101:6 (PCLN); 101:8-101:13 (PCLN) | FRCP 32, HSY, ICD, SPC, IRR, PRJ | 99:14-16, 99:19-21, 100:5-8, 100:11, 100:13-15, 100:17, 100:14-102:4 | F; O; R; 403; V; I; 408 |
| McBride, Thomas 10/25/2016 | 304:15-16 | O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | | |
| McBride, Thomas 10/25/2016 | 304:19-22 | O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | | |
| McBride, Thomas 10/25/2016 | 304:25-305:6 | O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | | |
| McBride, Thomas 10/25/2016 | 308:18-19 | O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | | |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| McBride, Thomas 10/25/2016 | 308:22-23 | O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | | |
| McBride, Thomas 10/25/2016 | 308:25-309:6 | O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | | |
| McBride, Thomas 9/17/2016 | 6:12-14 | | | | | |
| McBride, Thomas 9/17/2016 | 6:15-18 | R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 8:3-5 | R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 9:18-20 | R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 10:16-12:2 | F; I; R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 12:3-5 | R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 12:9-12 | | | | | |
| McBride, Thomas 9/17/2016 | 12:13-16 | F | | | | |
| McBride, Thomas 9/17/2016 | 12:17-19 | F; R | | | | |
| McBride, Thomas 9/17/2016 | 12:20-23 | R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 12:24-13:2 | R; 403 | | | | |

287

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| McBride, Thomas 9/17/2016 | 15:20-16:4 | R | 16:5-23 (GRP)[4] | ICD, IRR, PRJ | 16:24-17:20 | I |
| McBride, Thomas 9/17/2016 | 23:14-16 | M; R | | | | |
| McBride, Thomas 9/17/2016 | 23:17-21 | M; R | | | | |
| McBride, Thomas 9/17/2016 | 23:22-24:11 | M; R | 24:12-26:9 (GRP) | ICD, IRR, PRJ, NAR, NRE | 26:10-19 | V; F; M; R; 403 |
| McBride, Thomas 9/17/2016 | 26:10-19 | V; F; M; R; 403 | 24:12-26:9 (GRP); 26:20-27:2 (GRP) | | 23:22-24:11 | M; R |
| McBride, Thomas 9/17/2016 | 27:3-21 | | | | | |
| McBride, Thomas 9/17/2016 | 27:22-28:13 | V; R; 403; 408 | | | | |
| McBride, Thomas 9/17/2016 | 28:14-17 | R | | | | |
| McBride, Thomas 9/17/2016 | 28:18-21 | R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 28:23-29:16 | R; 403; 408 | | | | |
| McBride, Thomas 9/17/2016 | 29:17-19 | I; R; 408 | | | | |
| McBride, Thomas 9/17/2016 | 29:21-23 | I; R; 408 | | | | |
| McBride, Thomas 9/17/2016 | 29:24-30:13 | R; 408 | | | | |

---

[4] IBM's deposition designations for Thomas McBride marked "GRP" are citations to the transcript of the September 7, 2017 deposition of Thomas McBride.

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| McBride, Thomas 9/17/2016 | 30:14-17 | R; 408 | 30:18-31:6 (GRP) | PRJ, ICD, NAR, NRE | | |
| McBride, Thomas 9/17/2016 | 30:18-31:6 | I; R; 403; 408 | 30:14-17 (GRP) | PRJ, ICD, NAR, NRE | | |
| McBride, Thomas 9/17/2016 | 31:7-11 | M; R; 403; 408 | 31:12-19 (GRP) | PRJ, ICD, NAR, | | |
| McBride, Thomas 9/17/2016 | 31:12-19 | M; R; 403; 408 | | | | |
| McBride, Thomas 9/17/2016 | 31:20-22 | R; 408 | | | | |
| McBride, Thomas 9/17/2016 | 31:23-32:8 | 408 | | | | |
| McBride, Thomas 9/17/2016 | 32:9-15 | 408 | 31:23-32:8 (GRP) | | 28:23-29:16, 31:20-22 | R; 403; 408 |
| McBride, Thomas 9/17/2016 | 32:16-23 | M; R; 408 | | | | |
| McBride, Thomas 9/17/2016 | 32:24-34:7 | M; R; 408 | 34:8-36:4 (GRP) | ICD, PRJ | 36:5-10 | 403; 408 |
| McBride, Thomas 9/17/2016 | 43:24-44:2 | V; R; 403 | 44:3-13 (GRP) | ICD, IRR, PRJ | 76:8-77:10 | V; M; R; 403; 408 |
| McBride, Thomas 9/17/2016 | 64:20-24 | V; R; 408 | 59:22-60:11 (GRP); | ICD, IRR, PRJ | 56:2-12, 56:14-57:23, 64:25-65:19, 65:12-66:2, 70:18-21, 72:8-10, 72:12-15, 72:17, 28:3-5 (PCLN), 28:8 (PCLN), 28:18-21 (PCLN), | R; 403; 408; C; V; I; F |

| Witness | Groupon Designations | IBM Objections | IBM Counter Designations | Groupon Objections | Groupon Counter-designations | IBM's Objections |
|---|---|---|---|---|---|---|
| | | | | | 28:24 (PCLN) | |
| McBride, Thomas 9/17/2016 | 75:22-25 | R; 403 | 44:3-13 (GRP) | ICD, IRR, PRJ | 43:24-44:2, 76:8-77:10 | V; R; 403; M; V; 408 |
| McBride, Thomas 9/17/2016 | 76:2-4 | M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | 76:17-21 | M; R; 403 |
| McBride, Thomas 9/17/2016 | 76:5-7 | M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | 76:17-21 | M; R; 403 |
| McBride, Thomas 9/17/2016 | 76:8-16 | V; M; R | | | | |
| McBride, Thomas 9/17/2016 | 76:17-21 | M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | 76:17-21 | M; R; 403 |
| McBride, Thomas 9/17/2016 | 76:22-77:2 | M; R; 403 | | | | |
| McBride, Thomas 9/17/2016 | 77:3-10 | V; M; R; 403; 408 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN) | FRCP 32, HSY, ICD, IRR, PRJ | 76:17-21 | M; R; 403 |
| McBride, Thomas 9/17/2016 | 77:11-17 | V; O; M; R; 403 | 305:8-9 (PCLN); 305:11-14 (PCLN); 305:17-23 (PCLN); 77:18-78:16 (GRP) | FRCP 32, HSY, ICD, IRR, PRJ | 76:17-21 | M; R; 403 |
| McBride, Thomas 9/17/2016 | 78:17-24 | F; O; M; R | | | | |
| McBride, Thomas 9/17/2016 | 80:22-25 | V; O; M; R; 403 | | | | |

# EXHIBIT I

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT J

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTIONS IN LIMINE

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

## TABLE OF CONTENTS

IBM'S MOTION IN LIMINE No. 1 ................................................................ 4

IBM'S MOTION IN LIMINE No. 2 ................................................................ 14

IBM'S MOTION IN LIMINE No. 3 ................................................................ 23

DECLARATION OF BRIAN D. MATTY IN SUPPORT OF IBM'S MOTIONS IN LIMINE[1] ................................................................ 36

EXHIBITS IN SUPPORT OF OPPOSITION OF IBM'S MOTIONS IN LIMINE ................................................................ 188

---

[1] All exhibits referenced in IBMs MILs are to the Declaration of Brian D. Matty.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES CORPORATION,

               Plaintiff,

     v.

GROUPON, INC.

               Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 16-122-LPS

**JURY TRIAL DEMANDED**

## PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION IN LIMINE #1

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 14, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

I.   **PLAINTIFF'S MOTION *IN LIMINE* NO. 1: Motion To Exclude Any Reference To, Or Any Argument, Evidence, Or Testimony Concerning The Workload Of The USPTO Or Disparagement Of The USPTO.**

Groupon should be precluded from offering any reference to, or argument, evidence, or testimony concerning the workload of the United Stated Patent and Trademark Office ("USPTO") or disparagement of the USPTO, including any argument, evidence, or testimony that the USPTO is prone to error, incompetent, or flawed.  Disparagement of the USPTO is not relevant to any issues that will be presented to the jury and therefore should be excluded. FED. R. EVID. 402; *see also, e.g., Intellectual Ventures I LLC v. Symantec Corp.*, No. CV10-1067-LPS, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015).  "[A]ssertions that the PTO and its examiners are not diligent or are prone to error" have "no relevance."  *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. CIV. 98-2364-RHK/AJB, 2003 WL 1610781, at *13 (D. Minn. Mar. 8, 2003).

In *Intellectual Ventures I*, this Court granted the patent owner's motion *in limine* to "preclude argument and evidence disparaging or criticizing the PTO . . . to the extent that [Defendant] may not do any of the 8 things identified in [Plaintiff's] reply." *Intellectual Ventures I LLC*, 2015 WL 82052, at *1.  The eight topics that the Court excluded were: "The PTO examiners are overworked; The experience level of the PTO's examiners; The PTO's bureaucracy; The PTO's incentives to issue patents; The PTO examiners have been caught billing time when they were not working; Estimations about the numbers of invalid patents that the PTO has issued; The number of patents from the PTO that have been invalidated in lawsuits or reexamination; and Commentary about how the patent system is broken and needs reform." Ex. A, Plaintiff Intellectual Ventures I LLC's Reply in Support of Its Motions *In Limine* at 4, *see also Intellectual Ventures I LLC*, 2015 WL 82052, at *1.  Just as in *Intellectual Ventures I*, the PTO's workload and any disparagement of the PTO are not relevant to any of the claims and defenses in this action. The jury will be charged with evaluating the specific patents-in-suit, not the patent office in

1

general.

Furthermore, even if evidence disparaging the USPTO were marginally relevant, it should be excluded because the unfair prejudice of such evidence substantially outweighs any relevance. FED. R. EVID. 403. The patents-in-suit are presumed valid under 35 U.S.C. § 282, and Groupon has the burden of proving invalidity by clear and convincing evidence. *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1326–27 (Fed. Cir. 2008); *Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1220 (Fed. Cir. 2002) (testimony "that patent examiners are prone to error because they are overworked and inexperienced" is unfairly prejudicial); *Wright Asphalt Prod. Co., LLC v. Pelican Ref. Co., LLC*, No. CIV.A. H-09-1145, 2012 WL 1936416, at *7 (S.D. Tex. May 29, 2012) (excluding expert testimony touching on "problems at, and the propensity for error in, the Patent Office"); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 597 F. Supp. 2d 897, 920 (N.D. Iowa 2009) (evidence of alleged inadequacy of PTO examination is unduly prejudicial).

Groupon's disparagement of the USPTO would improperly shift Groupon's burden and "undermine the presumption of validity under 35 U.S.C. § 282 by inviting the jury to speculate about possible defects, errors, or omissions in the application process that led to the issuance of the patent[s]-in-suit." *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 79 F. Supp. 2d 252, 255 (W.D.N.Y. 2000); *see also Transamerica Life Ins. Co.*, 597 F. Supp. 2d at 920 ("Evidence of the alleged inadequacy of the PTO's examination of the [patent-in-suit] would be potentially unduly prejudicial, outweighing any marginal probative value of such evidence, within the meaning of Rule 403, because such evidence would improperly undermine the presumption of validity of the patent and confuse or mislead the jury about what is actually relevant to [the] invalidity defenses still in the case."). Indeed, Groupon's own motion *in limine* suggests that it may improperly

attempt to use that tactic to avoid its burden to show invalidity by clear and convincing evidence. *See* Ex. B, May 8, 2018 Email J. Kaempf to B. Matty (listing Groupon's proposed motion *in limine* of "no reference to presumption of validity").

For all the reasons above, Groupon should be precluded from offering any evidence, testimony, or arguments concerning the workload or disparagement of the USPTO, including but not limited to the eight types of statements identified in the briefing in *Intellectual Ventures I. See* Ex. A at 4.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:16-cv-00122-LPS |
| GROUPON, INC. | ) ) | |
| Defendant. | ) ) ) | |

**OPPOSITION BRIEF OF GROUPON, INC. TO PLAINIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTIONS *IN LIMINE***

I.   **RESPONSE OF GROUPON, INC. TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY REFERENCE TO, OR ANY ARGUMENT, EVIDENCE, OR TESTIMONY CONCERNING THE WORKLOAD OF THE USPTO OR DISPARAGEMENT OF THE USPTO**

IBM's motion should be denied as overly broad in that it seeks to exclude admissible and relevant evidence regarding the invalidity of the patents-in-suit. Although Groupon generally agrees that the parties should be precluded from referring to, or offering any argument, evidence, or testimony that "disparages" the United Stated Patent and Trademark Office ("USPTO"),[1] Groupon should not be precluded from referring to the workload of the USPTO.

For example, as part of its invalidity defense, Groupon should be permitted to argue that, among other things: (1) the USPTO should not have issued the patents-in-suit, (2) the patent examiners sometimes make mistakes and did make mistakes with respect to the patents-in-suit, (3) these mistakes can result from the fact that patent examiners do not always have all relevant information, have a lot of work to do and not enough time to fully consider all potentially invaliding art, and (4) because only the party seeking the patent participates in the prosecution process, the potential that such mistakes affect the outcome of the proceeding is heightened. This evidence is fundamental to Groupon's invalidity defense and entirely appropriate. *See, e.g., Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-cv-1067, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (excluding disparagement of the USPTO, but finding that defendants were nevertheless permitted to "argue and attempt to prove that the PTO is not perfect, sometimes makes mistakes, did not review certain prior art, did not consider certain invalidity arguments, and should not have issued

---

[1] To the extent the Court grants IBM's motion *in limine* to prevent disparagement of the USPTO, the Court's order should apply to both parties equally—IBM should likewise not be allowed to portray Groupon's witnesses as disparaging or criticizing the USPTO or the United States patent system generally. *See, e.g., Skyhook Wireless, Inc. v. Google, Inc.*, No. 10-cv-11571-RWZ, Dkt No. 619 at 1-2 (D. Mass. Feb. 27, 2015) ("Neither party may elicit testimony or make arguments disparaging the USPTO generally . . . .").

some or all of the patents-in-suit."); *Skyhook Wireless*, No. 10-cv-11571-RWZ, Dkt No. 619 at 1-2 (holding that "the parties may suggest that the USPTO is not infallible" and that "the USPTO sometimes makes mistakes, and that it specifically may have erred in reviewing the asserted patents (e.g., by not reviewing certain prior art or not considering certain invalidity arguments)").

In fact, the "Patent Process – An Overview for Jurors" video prepared by the Federal Judicial Center, which the parties have agreed should be played for the jury at the outset of trial, states: "In addition, there is, of course, the possibility that mistakes were made or important information overlooked. Examiners have a lot of work to do, and no process is perfect." The video includes statistics about the amount of applications the USPTO receives and issues in a given year: "In 2012, the PTO received nearly 600,000 patent applications and issued more than 270,000 patents." It acknowledges that "[t]he job of examining so many applications is challenging" and that "[t]here may be facts or arguments that the examiner did not consider, such as prior art that was not located by the PTO or provided by the applicant." It also explains that "[p]rosecution of a patent application takes place without input from people who might later be accused of infringement." Groupon at a minimum should be permitted to make statements consistent with what is presented in this video. Such statements will assist the jury in understanding that it has an independent role in assessing validity, regardless of what the USPTO may have found.

Moreover, if IBM introduces evidence or argument at trial regarding the USPTO's competence and skill, or that the USPTO carefully and diligently evaluated each of patents-in-suit and the relevant prior art before issuing the patents, it cannot complain that it is unfairly prejudiced by Groupon's evidence and arguments to the contrary.[2] Groupon should therefore be permitted,

---

[2] Indeed, some courts have recognized that "[e]vidence or arguments to the effect that the patent office has particular experience and skill in considering patents would be equally inappropriate" as negative remarks disparaging the patent office. *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No.

among other things, to explain the USPTO's heavy workload to the jury; that the USPTO has a large backlog and cannot possibly review every relevant piece of prior art before issuing a patent are unquestionably relevant. This Court recognized, as other courts have, the importance of permitting the jury to evaluate such evidence. *See, e.g.*, *Intellectual Ventures I LLC*, 2015 WL 82052, at *1; *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-00072-DF, D.I. 2392 at 20-22 (E.D. Tex. Oct. 5, 2010) (only partially granting the motion *in limine*, holding that "Defendants may not argue or suggest that the PTO is 'dysfunctional' or not diligent, but Defendants may submit PTO workload and efficiency statistics, may argue that the PTO may make mistakes, and may urge that the jury has an independent role in assessing validity"); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 5:15-cv-05008, D.I. 362 at 2 (N.D. Cal. Nov. 17, 2016) (permitting the defendant to argue at trial that "USPTO examiners have a heavy workload and sometimes make mistakes" but precluding any disparagement of the USPTO).

Accordingly, the Court should deny IBM's motion *in limine*, or at a minimum limit it to precluding both parties from referring to, or presenting argument, evidence, or testimony concerning, any disparagement of the USPTO.

---

13-cv-346-BBC, D.I. 546 at 7 (W.D. Wis. Sept. 29, 2014).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC. | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE #1

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 31, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

## I.    PLAINTIFF'S MOTION *IN LIMINE* NO. 1.

Groupon agrees that the parties should be prohibited from disparaging the USPTO[1] but then argues that it should be able to disparage the USPTO by claiming that the USPTO's workload is too large to effectively examine patents. The Court should exclude such generalizations that have no relationship to the prosecution of the patents-in-suit.

Contrary to Groupon's allegations, IBM's motion in *limine* would not preclude Groupon from arguing that the examiners mistakenly issued the patents-in-suit, that certain prior art was not cited, or that certain invalidity theories were not considered.  Rather, IBM seeks to preclude Groupon from making generalized statements about the USPTO in an attempt to undermine the presumption of validity and lessen Groupon's burden.  General statements and information about the USPTO's workload is irrelevant to the validity of the patents-in-suit, and such argument or testimony would only seek to prejudice or confuse the jury.[2]  In addition, the balanced discussion of patent prosecution in the Federal Judicial Center's video does not provide an excuse for Groupon to portray the USPTO as overworked by making general arguments about examiners' caseload and "heightened" potential for mistakes. Numerous cases, including those Groupon cites, exclude testimony about the USPTO's workload because it is prejudicial.[3]

---

[1] IBM agrees that neither party should disparage the USPTO.  Groupon's opposition now asks the Court to preclude testimony from Groupon's witnesses concerning their negative opinions of the U.S. Patent System.  Groupon Opp. at fn 1.  That evidence should be permitted as relevant to those witnesses' bias in favor of attempting to invalidate the patents-in-suit.

[2] *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-cv-20643, 1995 WL 261407, at *3 (N.D. Cal. Apr. 25, 1995) ("Testimony about overwork . . . or the number of patents that issue annually . . . would be irrelevant.").

[3] *Skyhook Wireless, Inc. v. Google, Inc.*, No. 10-cv-11571-RWZ, Dkt. No. 619 at 1-2 (D. Mass. Feb. 27, 2015) ("Neither party may elicit testimony . . . ***suggesting that the USPTO's workload is too heavy for it to screen patent applications effectively***") (emphasis added).  *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-cv-346-BBC, D.I. 546 at 7 (W.D. Wis. Sept. 29, 2014) (granting plaintiff's motion to "Exclude Evidence or Argument on Workload); *Fujifilm Corp. v. Motorola Mobility Holdings, Inc. et al*, 12-cv-3587, D.I. 256 at 2-3 (N.D. Cal. March 19, 2015).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, ) ) ) | |
| Plaintiff, ) | C.A. No. 16-122-LPS |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| GROUPON, INC. ) ) | |
| Defendant. ) | |

## PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S
## MOTION IN LIMINE #2

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 14, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

II.    **PLAINTIFF'S MOTION *IN LIMINE* NO. 2: Motion To Exclude Any Reference To, Or Any Argument, Evidence, Or Testimony Concerning IBM's Allegedly Declining Revenue Or Profits, Including Any Reference To, Or Argument, Evidence, Or Testimony Concerning The Alleged Impact On IBM's Licensing Practices, Patent Assertions, Or Decision To File This Lawsuit.**

Groupon should be precluded from making any reference to or offering any argument, evidence, or testimony concerning IBM's allegedly declining revenue or profits, including any reference to, or argument, evidence, or testimony concerning the alleged impact of IBM's allegedly declining revenue or profits on IBM's licensing practices, patent assertions, or decision to file this lawsuit. Any such evidence would not be relevant to any of the claims or defenses in this case and should therefore be excluded. FED. R. EVID. 402. Moreover, any marginally probative value such evidence may have is substantially outweighed by unfair prejudice to IBM and the risk of jury confusion. Thus, Groupon should be precluded from offering any such evidence. FED. R. EVID. 403.

First, IBM's allegedly declining revenue or profits are not relevant to any issue in this case. Groupon's damages expert, Mr. Malackowski, noted in the background section of his report that IBM "has suffered annual revenue decreases and shrinking operating profits" and that IBM "generat[ed] almost $1.4 billion from licensing activities in 2016." Ex. C at 7, 10. But Mr. Malackowski did not rely on these assertions in forming any of his opinions. Nor did IBM's damages expert, Dr. Hausman, rely on IBM's revenue or profits in forming his opinions. Therefore, any argument about IBM's allegedly declining revenue or profits should be excluded.

Second, IBM's motivation in filing suit is not relevant to any issue that will be presented to the jury. The jury will be tasked with deciding the issues of infringement, invalidity, and any damages Groupon owes IBM for infringement. IBM's financial health or motivation in filing suit are not relevant to infringement or invalidity, nor are they relevant to damages because IBM is "entitled to no less than a reasonable royalty on an infringer's sales." *Rite-Hite Corp. v. Kelley*

*Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995); *see also Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10-cv-910-LMB/TRJ, 2012 WL 12832376, at *2 (E.D. Va. Mar. 30, 2012) ("[P]laintiff's motivation for suing the defendant [for patent infringement] is irrelevant to the liability and damages issues the jury must determine."); *Square D Co. v. Breakers Unlimited, Inc.*, No. 1:07-cv-806-WTL-JMS, 2009 WL 1625505, at *1 (S.D. Ind. June 11, 2009) (granting motion *in limine* to exclude Plaintiff's motivation for filing a trademark infringement action because "[Plaintiff's] motivation for bringing this suit is irrelevant"); *Georgeson v. Dupage Surgical Consultants, LTD.*, No. 05 C 1653, 2007 WL 914207, at *2 (N.D. Ill. Mar. 22, 2007) (granting a motion *in limine* to exclude evidence of Plaintiff's financial loss because "[e]vidence of [plaintiff's] motivation for filing this suit will shed no light on either his rights or the defendants' alleged violations of those rights"). Moreover, neither side's damages expert opined that IBM's recent financial health has any bearing on the hypothetical negotiations or on any *Georgia-Pacific* factor. Because IBM's allegedly declining revenues and profits, along with its motivation to bring this law suit, are not relevant to any issues in the case, any argument, evidence, or testimony suggesting that IBM's allegedly declining revenue or profits motivated IBM to approach Groupon about a license, assert its patents, or file this lawsuit should also be excluded.

Even if it were relevant, evidence related to IBM's allegedly declining revenues and profits, and any suggestion that they are connected to IBM's motivation to file this lawsuit, is prejudicial and likely to confuse the jury. For example, IBM's allegedly declining revenues and profits may cause the jury to focus on IBM's recent financial health rather than the facts and circumstances of the parties relevant at the time of the hypothetical negotiation to determine the reasonable royalty in this case, such as the facts and circumstances analyzed in the *Georgia-Pacific* factors. Evidence related to IBM's allegedly declining revenues and profits would also mislead the jury to

improperly speculate about a connection between the strength of IBM's finances and the strength of IBM's patents.  Any attempt by Groupon to imply that IBM's motivation in filing the suit is relevant to the issues in the case or related to any decrease in IBM's revenues and/or profits is thus unfairly prejudicial and should be excluded.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> GROUPON, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1:16-cv-00122-LPS <br> ) <br> ) <br> ) <br> ) <br> ) |

# OPPOSITION BRIEF OF GROUPON, INC. TO PLAINIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTIONS *IN LIMINE*

## II. RESPONSE OF GROUPON, INC. TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE ANY REFERENCE TO, OR ANY ARGUMENT, EVIDENCE, OR TESTIMONY CONCERNING IBM'S ALLEGEDLY DECLINING REVENUE OR PROFITS

IBM provides no credible basis for its request to exclude *any* reference to facts concerning IBM's declining revenues or profits. Motions *in limine* are disfavored where, as here, they "encompass broad classes of evidence" and "should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Neither Federal Rule of Evidence 402 nor 403 support the categorical exclusion of evidence that IBM seeks here. The Court should accordingly deny IBM's motion.

Evidence regarding IBM's business is relevant to issues that the jury must determine and makes facts asserted by IBM in this action "less probable."[3] *See* Fed. R. Evid. 401. IBM will undoubtedly introduce evidence regarding its business—and its licensing practice—at trial. Its damages expert, for example, touts IBM's business in his damages report: "IBM generated $79.9 billion of revenue in 2016 . . . . IBM invests approximately 6 to 7 percent of its revenue in research and development ever year." (Att. 6, Hausman Report ¶ 15.) He goes on to describe how IBM actively seeks "to generate return on its R&D investments" through its licensing activities and how "one of IBM's goals is to monetize its patent portfolio." (*Id.* ¶ 55.) IBM's technical expert also extols IBM's "[s]uccessful licensing" as purported evidence of the non-obviousness of the patents-in-suit. (*E.g.*, Att. 7, Schmidt Rebuttal Report ¶¶ 1326, 1782, 2165.)

---

[3] IBM attempts to frame its request as necessary to prevent irrelevant evidence of its "motivation in filing suit." But it points to no such specific evidence that it seeks to preclude and instead casts a wide net against "any" evidence of IBM's declining revenue or profit. In the absence of specificity from IBM, the Court should deny IBM's motion. *See, e.g.*, *NXP, B.V. v. Blackberry, LTD*, No. 12-cv-00498, D.I. 419 at 15-16 (M.D. Fla. Mar. 25, 2014) (declining to rule on plaintiff's motion *in limine* to prevent defendants "from introducing any evidence or testimony relating to Plaintiff's motivations and state of mind for filing [patent] suit").

Groupon is entitled to rebut IBM's characterizations by presenting contrary evidence regarding IBM's business, including by presenting facts that may show its revenues or profits are declining. *See Personalized User Model, L.L.P. v. Google Inc.*, No. 09-cv-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (denying motion *in limine* after finding evidence of the patentee's predecessor's "financial state" relevant to rebutting the patentee's contentions and not outweighed by any unfair prejudice); *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 4129193, at *2 (N.D. Cal. July 8, 2015) (denying motion *in limine* "as to neutral, factual statements concerning Plaintiff's business" because "both parties have a right to introduce their respective companies to the jury and to provide factual background information concerning the companies"). Such evidence is also relevant to the credibility of IBM's witnesses.

Evidence of IBM's revenue or profits, including if they are or were declining, is probative of these issues, and that probative value substantially outweighs any minimal prejudice to IBM. *See* Fed. R. Evid. 403. Indeed, any minimal prejudice from introducing facts regarding IBM's revenue or profits cannot be characterized as "unfair," but simply the reality of IBM's business operations. *See id.* Nor is there any risk of jury confusion, as the Court will properly instruct the jury as to the time during which the hypothetical negotiation would have taken place.

IBM attempts to clear a path to present its own evidence and narrative of its business operations, while simultaneously precluding Groupon from raising any evidence to the contrary. IBM may counter evidence put forth by Groupon of IBM's declining revenue or profits. But there is no basis to categorically exclude such evidence altogether.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

              Plaintiff,

        v.

GROUPON, INC.

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 16-122-LPS

**JURY TRIAL DEMANDED**

## PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE #2

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 31, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

## II.    PLAINTIFF'S MOTION *IN LIMINE* NO. 2.

Groupon fails to show that IBM's allegedly declining revenue or declining profits are relevant to any issue in the case.[4]  Groupon argues that such evidence is relevant to rebut IBM's expert opinions regarding (1) IBM's willingness to license as of the hypothetical negotiation date and (2) secondary considerations of non-obviousness.[5]  Groupon Opp. Brief at 4-5.  But Groupon's experts did not rely on IBM's finances, much less declining finances, to rebut those opinions.  Ex. N ¶¶ 184, 282, 413; Ex. O at 54.  In fact, Groupon's damages expert agreed with IBM's damages expert regarding IBM's willingness to license.  *Id.*  Moreover, Groupon does not explain how IBM's alleged current financial decline is relevant to IBM's past licensing policies or the licensing of the patents-in-suit.  In contrast, Groupon's cited cases are inapposite because they addressed relevant aspects of the plaintiffs' businesses in the context of crafting the scope of MILs to exclude derogatory remarks about those businesses.[6]  *Finjan, Inc. v. Blue Coat Sys.*, Inc., No. 13-CV-03999-BLF, 2015 WL 4129193, at *2 (N.D. Cal. July 8, 2015);[7] *Personalized User Model, L.L.P. v. Google Inc.*, No. CV 09-525-LPS, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014).

Groupon argues that any prejudice to IBM is not "unfair" because it is "simply the reality of IBM's business operations."  Groupon Opp. Brief at 5.  But the accuracy of evidence does not preclude it from being unfairly prejudicial.  And Groupon's attempt to conflate IBM's current financial trajectory with its past licensing policies shows why the Court should grant IBM's MIL: Groupon plans to imply that IBM's alleged financial decline motivated IBM's licensing activities.

---

[4] Groupon does not contest that IBM's motivation in filing suit is not relevant.

[5] Groupon also alleges that such evidence is "relevant to the credibility of IBM's witnesses," but does not explain how IBM's financial state is possibly relevant to any witness's credibility.

[6] *See also Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 277 (D. Del. 2013) (noting that evidence of Plaintiff's financial condition is relevant only because vicarious copyright infringement requires "a direct financial interest [in the infringing activity].'").

[7] IBM's MIL would not exclude reference to IBM's current profits or revenue to show IBM's "background information," but only to any alleged decline.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,    ) <br> ) <br> ) | |
|       Plaintiff,    ) <br> ) | C.A. No. 16-122-LPS |
|    v.    ) <br> ) | **JURY TRIAL DEMANDED** |
| GROUPON, INC.    ) <br> ) | |
|       Defendant.    ) | |

**PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S
MOTION IN LIMINE #3**

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 14, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff
International Business Machines Corporation*

**III.    PLAINTIFF'S MOTION _IN LIMINE_ NO. 3: Motion To Exclude Any Reference To, Or Any Argument, Evidence, Or Testimony Suggesting That Groupon Obtained An Opinion Of Counsel Concerning The Patents-In-Suit Or Received Advice Of Counsel Regarding Its Defenses Prior To IBM's Filing Of Suit.  This Motion _In Limine_ Does Not Preclude Groupon From Stating That It Hired Trial Counsel After The Filing Of Suit.**

The Court should preclude Groupon from offering any evidence or argument relating to opinions or advice of counsel regarding Groupon's defenses prior to this lawsuit.  An alleged infringer that wishes to rely on the opinion or advice of counsel to rebut claims of willful patent infringement must "waive[] its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused." _In re EchoStar Commc'ns Corp._, 448 F.3d 1294, 1304 (Fed. Cir. 2006).  IBM pursued documents, interrogatories, and depositions from Groupon for any advice or opinions of counsel regarding Groupon's defenses to the patents-in-suit.  Groupon asserted immunity and privilege to shield all such discovery and cannot now present any evidence or argument regarding purported opinions and advice of counsel as a defense against willful infringement at trial.

IBM has diligently pursued discovery regarding Groupon's willfulness defense.  For example, IBM requested documents relating to (1) any decision about whether to obtain any legal advice or opinion, (2) any opinions (written or oral) regarding invalidity or infringement, and (3) any communications concerning validity or infringement.  Ex. D at 34-38 (IBM's RFP Nos. 22-24).  For each request, Groupon stated it would produce "responsive, relevant, non-privileged documents" that comprise an opinion of counsel or that Groupon would otherwise rely on to support its defenses.  _Id._  Groupon did not produce any documents referring to, much less actually containing, an opinion or advice of counsel regarding Groupon's invalidity and noninfringement defenses.  Groupon's choice not to produce or rely on evidence of opinions or advice of counsel in this case precludes using that evidence at trial.  _Echostar_, 448 F.3d at 1304.

IBM propounded an interrogatory on Groupon's pre-suit investigation, as well as any

7

opinion of counsel obtained regarding the patents-in-suit.  Ex. E at 14-15 (IBM's Interrogatory No. 6).  In response, Groupon stated that it does not infringe the patents-in-suit "and thus has not taken any action as a result of becoming aware of the patents-in-suit," but Groupon did not identify any consultations, investigation, opinion, or advice of counsel regarding its defenses. *Id.*  Groupon stated it would supplement its response "as additional facts are learned and as otherwise appropriate" but never provided any supplement.   Groupon cannot ambush IBM at trial with previously undisclosed evidence of consultations with counsel regarding the patents-in-suit.

IBM also pursued a deposition regarding Groupon's willfulness defense, including a topic on "[a]ny opinion of counsel (whether oral or written) with respect to the Patents-in-Suit, and the documents that discuss, refer to, or comprise the same."  Ex. F at 11 (Topic No. 31).



. *Energy Heating, LLC v. Heat On-The-Fly, LLC*, No. 2016-1559, 2018 WL 2072122, at *7 (Fed. Cir. May 4, 2018) (affirming exclusion of a

"last-minute attempt to waive the attorney-client privilege so close to trial in order to claim an advice of counsel defense"); *see also Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., et al.*, No. 1:09-cv-1685, slip op. at 1-2 (M.D. Pa. Dec. 9, 2013).

Furthermore, Groupon has not identified any attorney who analyzed IBM's patents or provided advice after conducting such an analysis. As this Court has recognized, "it is critical for the patentee to have a full opportunity to probe, not only the state of mind of the infringer, but also the mind of the infringer's lawyer upon which the infringer so firmly relied." *Novartis Pharms. Corp. v. EON Labs Mfg., Inc.*, 206 F.R.D. 396, 399 (D. Del. 2002). Groupon did not disclose any advice of counsel and did not provide IBM an opportunity to probe the mind of counsel upon whom Groupon relied. Groupon cannot belatedly rely on any such advice now.

Groupon cannot shield discovery on advice or opinion of counsel and then use that advice or opinion as a sword against willfulness at trial. To allow otherwise would permit Groupon to selectively present evidence to the jury (*e.g.*, legal advice favorable to Groupon) while blocking IBM from discovering the full scope of the facts, including advice unfavorable to Groupon. *Echostar*, 448 F.3d at 1303 ("The overarching goal of waiver in such a case is to prevent a party from using the advice he received as both a sword, by waiving privilege to favorable advice, and a shield, by asserting privilege to unfavorable advice."). The Court should exclude advice of counsel evidence where, as here, defendants do not disclose or allow discovery into the advice and related pre-suit investigations. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08-cv-05129-JCS, 2013 WL 1366037, at *1 (N.D. Cal. Apr. 3, 2013); *see also Plantronics, Inc. v. Aliph, Inc., et al.*, No. C 09-01714 WHA, 2014 WL 12641792, at *1 (N.D. Cal. Feb. 26, 2014). IBM requests that the Court exclude any evidence or reference to opinion or advice of counsel that Groupon repeatedly shielded throughout discovery. *See Volterra*, 2013 WL 1366037, at *3.

9

DATED: May 14, 2018

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*/s/ Bindu A. Palapura*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

John M. Desmarais (admitted *pro hac vice*)
Karim Z. Oussayef (admitted *pro hac vice*)
Laurie Stempler (admitted *pro hac vice*)
Robert C. Harrits (admitted *pro hac vice*)
Brian D. Matty (admitted *pro hac vice*)
Michael Matulewicz-Crowley (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiff*
*International Business Machines*
*Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES CORPORATION,

                 Plaintiff,

         v.

GROUPON, INC.

                 Defendant.

C.A. No. 1:16-cv-00122-LPS

# OPPOSITION BRIEF OF GROUPON, INC. TO PLAINIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTIONS *IN LIMINE*

III.   **RESPONSE OF GROUPON, INC. TO PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE ANY REFERENCE TO, OR ANY ARGUMENT, EVIDENCE, OR TESTIMONY SUGGESTING THAT GROUPON OBTAINED AN OPINION OF COUNSEL CONCERNING THE PATENTS-IN-SUIT OR RECEIVED ADVICE OF COUNSEL REGARDING ITS DEFENSES PRIOR TO IBM'S FILING OF SUIT.**

On one hand, to support its willfulness allegations, IBM wants to rely on the parties' pre-suit negotiations and tell the jury that Groupon did not retain counsel and obtain advice of counsel before this suit was filed (*see* Groupon's Motion *in Limine* No. 1), and on the other hand, IBM wants to preclude Groupon from even referencing the fact that Groupon was represented by both in-house and outside counsel during the parties' pre-suit negotiations—a well-known fact to IBM.

As explained in Groupon's Motion *in Limine* No. 1, the parties' pre-suit communications should be excluded.  IBM ███████████████████████████████████ ████████████████████████████████████████████.  (Motion *in Limine* No. 1, Att. 3 at IBM-GROUPON10365972 ("2015 Agreement").)  In addition, IBM ██ ███████████████████████████████████████████████████████████ ██████████████████████████████  Groupon cannot be found willful for carrying on its business with IBM's explicit blessing.

But if IBM is nonetheless permitted to use the parties' pre-suit communications to establish willful infringement, it cannot exclude (1) the fact that Groupon was represented by in-house and

---

[4] The 2015 Agreement recites: "███████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████."  (Att. 3 at IBM-GROUPON10365971, 972 (emphasis added).)  IBM made similar statements ████████████████.  (*See* Att. 8 at IBM-GROUPON10366867 ████████████████████████████████); Att. 9 at IBM-GROUPON10366750 (same).)

Groupon's Opposition to IBM's MILs                6

outside counsel during those communications and (2) the communications that evidence that very

counsel ███████████████████████████████████████████████████████████████████

████████.[5] This information is necessary to allow Groupon to provide full context to the parties'

pre-suit communications, so the jury knows who was representing Groupon and communicating

on Groupon's behalf and what communications were in fact exchanged.

Further, regardless of whether the parties' pre-suit communications are excluded, IBM can-

not exclude the fact that Groupon engaged counsel prior to the filing of the lawsuit, which is rele-

vant to show Groupon's good-faith effort to negotiate and reach a resolution with IBM.[6] As to the

advice Groupon received from that counsel, Groupon is not required to waive its attorney-client

privilege information. *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d

1337, 1344 (Fed. Cir. 2004) (it is defendant's choice whether to waive the privilege and produce

advice of counsel); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994)

("[T]he privilege is not waived, unless the infringer seeks to limit its liability by describing that

advice and by asserting that he relied on that advice."). Thus, the fact that it did not do so in

response to IBM's discovery requests seeking the substance of Groupon's attorney-client commu-

nications is not a basis to exclude the fact that Groupon did retain counsel.[7] The fact that Groupon

---

[5] *See, e.g.,* Att. 10, Att. 11 and Att. 12 (██████████████████████████████████

████████████████████████████████████); Att. 13 (████

████████.)

[6] Where a party's representation by counsel is not offered to suggest that the party believed its actions to be legal under advice of counsel, the fact of representation should not be ex-cluded. *Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1309 (N.D. Ga. 2016).

[7] IBM's discovery requests requested the substance of counsel opinions, not merely whether Groupon had obtained counsel. (*See* IBM's Motion *in Limine*, Ex. D (requesting documents about "obtain[ing] any legal advice or opinion," "any evaluation, study, analysis and/or investigation," and "communications concerning the validity, invalidity, enforceability, unenforceability, infringe-ment, non-infringement, patentability, ownership, inventorship, license (implied or express), scope, or interpretation"); *id.*, Ex.. E (requesting investigations into "potential infringement" and "validity and/or unenforceability," actions taken "to avoid infringing," and, if Groupon obtained

retained counsel before this lawsuit was filed was very well-known to IBM. It is Groupon's counsel who communicated with IBM before this suit was filed; IBM's own documents show that. (*See, e.g.*, Att. 14 (email from IBM to Groupon's outside counsel).)  Groupon also produced some of these documents in discovery.

Further, the fact that Groupon was represented by counsel is not itself privileged and disclosing the fact of representation does not constitute a waiver of privilege, allowing Groupon to rightfully keep the advice it received privileged while explaining that it did retain counsel. *Idenix Pharm., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 643 (D. Del. 2016) (that a lawyer "had been hired" is not privileged); *Canon, Inc.*, 227 F. Supp. 3d at 1309 ("Defendants do not waive the attorney-client privilege solely by presenting evidence regarding . . . the consultation with counsel about an array of topics, including patents."); *see also Avgoustis v. Shinseki*, 639 F.3d 1340, 1344–45 (Fed. Cir. 2011) ("general subject matters of clients' representations are not privileged."). And to the extent IBM intends to argue that Groupon's decision not to waive the privilege and produce an opinion is evidence of willfulness, that argument is barred by the AIA. 35 U.S.C. § 298 (2011) ("The failure of an infringer to obtain the advice of counsel . . . may not be used to prove that the accused infringer willfully infringed"). Groupon was not required to waive privilege, and the fact that it did not does not now preclude it from stating that it retained counsel prior to suit.

In sum, pre-suit communications should not come in and IBM cannot argue that Groupon's decision not to waive its attorney-client privilege supports a finding of willfulness. IBM cannot exclude the non-privileged fact that Groupon obtained and was represented by counsel during the pre-suit discussions.

---

any opinion of counsel, "the content of any such opinion.").)

Respectfully submitted,

ASHBY & GEDDES

*Of counsel:*

J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Sapna Mehta
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Dated:    May 25, 2018

By: */s/ Saina S. Shamilov* _____
    Saina S. Shamilov (*pro hac vice*)

    John G. Day (#2403)
    Andrew C. Mayo (#5207)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, DE 19899
    (302) 654-1888
    jday@ashby-geddes.com
    amayo@ashby-geddes.com

    Attorneys for Defendant
    GROUPON, INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                Plaintiff,

      v.

GROUPON, INC.

                Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 16-122-LPS

**JURY TRIAL DEMANDED**

# PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE #3

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated: May 31, 2018

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

### III.     IBM'S MOTION *IN LIMINE* NO. 3

The parties' pre-suit interactions are relevant to willfulness.[8]  IBM will not argue "that Groupon did not retain counsel and obtain advice of counsel." Groupon Opp. Brief at 1.  Groupon should likewise not argue that it "engaged counsel prior to the filing of the lawsuit." *Id.* at 2.

Groupon contends that its decision to engage counsel before this lawsuit is relevant to its willfulness defense.  That argument would improperly "create the inference that counsel told [Groupon's] engineers or other similar witnesses that their actions were legal." *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2605977, at *5 (E.D. Va. Jun. 5, 2017).  Groupon notes that evidence of representation by counsel is allowable if "not offered to suggest that the party believed its actions to be legal under advice of counsel," Groupon Opp. Brief at 2 n.7, but that is the only conceivable reason Groupon could have for offering such evidence—and Groupon has not identified any other reason.  Indeed, in the case Groupon cites, the Court allowed evidence only "for the narrow purpose of explaining [defendants'] general business practices," but not "for any purpose related to their specific actions in this case or with respect to the [asserted] patent." *Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1308 (N.D. Ga. 2016).

Groupon did not waive privilege on its pre-suit investigation with counsel and cannot argue reliance on its counsel to justify its pre-suit actions.  Where a defendant "do[es] not wish to assert the defense [of advice of counsel] and waive privilege, they cannot introduce evidence that their witnesses consulted counsel." *Cobalt Boats*, 2017 WL 260597, at *5.  Groupon cannot make an argument "that suggests in any manner that their actions in connection with the [asserted] patent[s] were based on consultations with counsel or information provided by counsel without waiving the attorney-client privilege as relevant communications." *Canon*, 227 F. Supp. 3d at 1309.

---

[8] Groupon's reliance on an agreement signed in 2015 to exclude such evidence is misplaced for the reasons discussed in IBM's Opposition to Groupon's Motion *in Limine* No. 1.

DATED: May 31, 2018

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

*/s/ Bindu A. Palapura*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

John M. Desmarais (admitted *pro hac vice*)
Karim Z. Oussayef (admitted *pro hac vice*)
Laurie Stempler (admitted *pro hac vice*)
Robert C. Harrits (admitted *pro hac vice*)
Brian D. Matty (admitted *pro hac vice*)
Michael Matulewicz-Crowley (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Plaintiff*
*International Business Machines*
*Corporation*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | C.A. No. 16-122-LPS |
| Plaintiff, | ) ) | **JURY TRIAL DEMANDED** |
| v. | ) ) ) | **FILED UNDER SEAL** |
| GROUPON, INC., | ) ) | **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** |
| Defendant. | ) | |

**DECLARATION OF BRIAN D. MATTY IN SUPPORT OF
IBM'S MOTIONS _IN LIMINE_**

I, Brian D. Matty, declare as follows:

1.    I am an attorney with the law firm of Desmarais LLP, counsel of record for Plaintiff International Business Machines Corporation ("IBM") in the above-captioned matter, and I am admitted *pro hac vice* to this Court. I submit this declaration based on personal knowledge, and if called upon as a witness, I could competently testify to the truth of each statement herein.

2.    I make this declaration in support of IBM's Motions *in Limine*.

3.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff Intellectual Ventures I LLC's Reply In Support Of Its Motions *In Limine* (D.I. 614) filed on January 15, 2015 in the case *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-CV-1067-LPS (D. Del.).

4.    Attached hereto as Exhibit B is a true and correct copy of a May 8, 2018 email from J. Kaempf (attorney for Groupon) to B. Matty (attorney for IBM) disclosing Groupon's list of motions *in limine*. Annotations added for clarity.

5.    Attached hereto as Exhibit C is a true and correct copy of excerpts from the Rebuttal Expert Report of James E. Malackowski, which is dated November 3, 2017. Annotations added for clarity. **Filed Under Seal**.

6.    Attached hereto as Exhibit D is a true and correct copy of excerpts from Defendant Groupon, Inc.'s Responses to Plaintiff International Business Machines Corporation's First Set of Requests for the Production of Documents and Things (Nos. 1-83), which is dated December 22, 2016. Annotations added for clarity.

7.    Attached hereto as Exhibit E is a true and correct copy of excerpts from Defendant Groupon, Inc.'s Responses to Plaintiff International Business Machines Corporation's First Set of Interrogatories (Nos. 1-8), which is dated January 13, 2017. Annotations added for clarity.

2

8.    Attached hereto as Exhibit F is a true and correct copy of IBM's Second Notice of Deposition to Groupon, Inc., which is dated June 20, 2017.  Annotations added for clarity.

9.    Attached hereto as Exhibit G is a true and correct copy of excerpts from the transcript of the August 9, 2017 deposition of Damien Schmitz.  Annotations added for clarity. **Filed Under Seal**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 14, 2018, in New York, NY.

*/s/ Brian D. Matty*
_____

Brian D. Matty (*admitted pro hac vice*)

3

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | Case No. 1:10-cv-01067-LPS |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| SYMANTEC CORP., | |
| Defendant. | |

## PLAINTIFF INTELLECTUAL VENTURES I LLC'S
## REPLY IN SUPPORT OF ITS MOTIONS *IN LIMINE*

3461713v1/012255

I.    Reply to IV's Motion *in Limin*e No. 1: Disparaging IV's business model or practices[1]

Symantec argues that the Court should postpone ruling on IV's motion until "<u>after</u> IV's witnesses have provided their direct testimony." This approach is unworkable. The purpose of the *limine* ruling is to set the ground rules for the trial, including opening statements. During trial, if Symantec feels that IV has opened the door to this evidence, Symantec may approach and seek relief from the *limine* ruling. Absent a ruling from the Court before trial, IV must assume that Symantec will be permitted to attack IV and anticipatorily rebut these irrelevant issues by discussing all facets of the company, which bear little – if at all – on any issues before the jury.

Symantec argues that IV's lack of commercialization goes to invalidity and damages. The Federal Circuit has held otherwise. In *Avocent Huntsville Corp. v. Aten Intern. Co.*, 552 F.3d 1324, 1335 (Fed. Cir. 2008), the Federal Circuit stated unequivocally that "What the patentee makes, uses, offers to sell, sells, or imports is of *no real relevance* to the enforcement or defense of a patent...." And, in *Miles Labs., Inc v. Shandon Inc.*, 997 F.2d 870, 878 (Fed. Cir. 1993), the court held that, contrary to Symantec's argument, the lack of commercial success "does not weigh in favor of obviousness." Unless precluded, Symantec will mislead the jury into thinking that a non-commercialized invention is invalid and that a plaintiff who does not make, use, or sell the patented invention should not recover a reasonable royalty. Because they are contrary to well-established law, these arguments and evidence should be excluded.

Finally, from its papers, Symantec seems intent on making this trial about everything *but* the patents-in-suit. For example, Symantec insists that it should be able to use documents produced by IV, such as the ████████████ despite lack of relevance. Admissibility at trial is not determined by the same Rule 26 standards governing responsiveness during discovery.

---

[1] Symantec agreed not to use any pejorative phrasing to describe IV's business and not to reference IV's other litigation. IV understands from Symantec's response that it will drop all designated deposition testimony from IV's other litigations that do not relate to the patents-in-suit. Symantec's argument that licenses covering the patents-in-suit should be excluded goes too far and is addressed in other *limine* papers.

II.    Reply to IV's Motion *in Limine* No. 2: '050 Patent reexamination proceedings

Reexamination proceedings do not alter the presumption of validity, as Symantec suggests. The Federal Circuit has repeatedly described the presumption of validity as a procedural device. In *Fromson v. Advance Offset Plate, Inc.*, 755 F.3d 1549, 1555 (Fed. Cir. 1985), the court observed that the presumption of validity, "like all legal presumptions, is static – that is, *it can neither be strengthened nor destroyed*." (emphasis added); *see also New England Braiding Co., Inc. v. A.W. Chesteron Co.*, 970 F.2d 878, 882 (Fed. Cir. 1992) ("the presumption of validity is not evidence which can be weighed"). District courts likewise have recognized that reexamination proceedings do not affect the presumption. *See, e.g., Wonderland Nurserygoods Co., Ltd. v. Thorley Indus., LLC*, 2014 WL 695549, at *19 (W.D. Pa. Feb. 24, 2014) (finding that the patent-in-suit "remains valid at this time despite ongoing reexamination proceedings" and that "the presumption of validity still applies").

Further, contrary to Symantec's argument, the stage of the reexamination proceedings does not shift the balance to admissibility. In *IA Labs CA, LLC v Nintendo Co., Ltd.*, 857 F. Supp. 2d 550, 552 (D. Md. 2012), the district court excluded evidence of a reexamination that, similar to the '050 Patent, was before the Board of Patent Appeals and Interferences, and stated "the Court agrees with the vast majority of courts that such evidence has little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness and that risk of jury confusion is high." *See also id.* ("providing the necessary context of PTO structure and processes would inevitably waste time and distract from the key issues in the lawsuit"). Thus, there is no sliding scale of reexamination admissibility based on the stage of the proceedings.[2]

---

[2] Symantec's expert, Dr. Spafford, betrays Symantec's argument that the reexamination proceedings are needed to impeach IV's expert with "inconsistent statements." In his April 3, 2013 Reply Report at ¶24, Ex. 1, Symantec's Dr. Spafford said: ████████████████████████████████████████████████████████████████████ ████████████████████ (Emphasis added). Because there is no one to impeach, there is no need to reference the reexamination proceedings, and IV's motion should be granted.

III.     Reply to IV's Motion *in Limine* No. 3: Symantec's patents and patent applications

Symantec's Response confuses two issues. IV is not seeking to exclude the handful of patents that the experts found "comparable" benchmarks to the patents-in-suit for damages. IV seeks to exclude the 250+ Symantec patents that were recently listed in Symantec's exhibit list but not discussed by its experts. Symantec's sole basis for offering these patents now is its claim that "Symantec's damages case relies in part on Symantec's patent portfolio." Not so.

First, Symantec's damages case does not "rely" on Symantec's patent portfolio. Neither Symantec's technical expert nor its damages expert even reference, let alone analyze, the over 250 Symantec patents that it now seeks to introduce. None of Symantec's experts explains how any of these 250+ patents – first disclosed in Symantec's exhibit list – are relevant. Symantec has not attempted to show good cause and seek leave to for violating the scheduling order and disclosure requirements, and it is too late now. FED. R. CIV. P. 16(b) & 26.

Second, Symantec does not need to discuss its 250+ patents to show the value contributed by accused products' non-infringing versus infringing features. Symantec will still be able to argue that certain non-infringing features contribute to demand for its products. That is different from arguing that those non-infringing features are patented by separate, unrelated, and previously-undisclosed patents. Whether a non-infringing feature is arguably covered by a Symantec patent does not affect the analysis. FED. R. EVID. 401, 402.

In addition, allowing Symantec to argue that the accused products' non-infringing features are patented will create a side show about the scope and limitations of those irrelevant patents and prejudice the jury. That sideshow will distract the jury from the relevant questions about the infringement, validity, and value of the patents-in-suit. FED. R. EVID. 403.[3]

---

[3] *See Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) ("Introduction of that evidence [i.e., the defendant's patent] would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues.")

IV.    Reply to IV's Motion *in Limine* No 4: Criticizing the PTO or the U.S. patent system

IV asks the Court to preclude Symantec from offering evidence that the PTO is prone to error, is not competent, and that the U.S. patent system is flawed and requires reform. In its response, Symantec states that it "has no intention of disparaging the PTO," so the question is why does Symantec refuse to agree to this motion *in limine*?  Symantec says that it wants to be able to argue that (1) the PTO examiners did not review certain prior art and (2) PTO examiners "sometimes make mistakes," which tracks the Federal Judicial Center ("FJC") Video.

IV agrees that Symantec can make those limited points at trial.  But the exhibits that Symantec has listed on its exhibit list show that Symantec wants to go much further.  Symantec should not be able to make general arguments that cast doubt on the work of the PTO.  For instance, Symantec should not be allowed to argue or offer evidence about the following:

- The PTO examiners are overworked;
- The experience level of the PTO's examiners;
- The PTO's bureaucracy;
- The PTO's incentives to issue patents;
- The PTO examiners have been caught billing time when they were not working;
- Estimations about the numbers of invalid patents that the PTO has issued;
- The number of patents from the PTO that have been invalidated in lawsuits or reexamination;
- Commentary about how the patent system is broken and needs reform.

These types of "generalized attacks on the Patent Office" should be excluded.  *See, e.g., EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 WL 1610781, *13 (D. Minn. Mar. 8, 2013) ("As for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to the effect or argument.").

V.    Reply to IV's Motion *in Limine* No. 5: Undisclosed "design around" or non-infringing alternatives

Symantec has no response to IV's fifth *limine* motion as presented. Instead Symantec attacks a straw man. IV is *not* re-litigating whether the Court should exclude Symantec's expert opinion related to its sole proposed non-infringing alternative. IV only asks that the Court bar Symantec from presenting *undisclosed* evidence and testimony about that purported non-infringing alternative, or any new *undisclosed* non-infringing alternatives.

Symantec mischaracterizes IV's motion as seeking to bar Symantec's retained experts from opining on the only design-around disclosed in Mr. Bakewell's report: the "off-shoring" of Symantec's servers for '050 and '610-infringing products. As IV described in its *limine* motion, Symantec's damages expert identified a handful of Symantec individuals he spoke with about that design-around, but could answer no questions about what he learned from them. Symantec should not be able to leave blanks in its expert reports for Symantec's lay witnesses to fill in later. The Federal Rules and this Court's orders require the same. *See* FRCP 26(a)(2)(B)(i–iii) (required expert report disclosures) and (E) (supplementing expert disclosures); D.I. 461 (rebuttal report deadline).

When Mr. Bakewell could not answer questions about the proposed non-infringing alternative, he deferred to Symantec's Mr. Nachenberg. Mr. Nachenberg had already been deposed, but not on non-infringing alternatives. Symantec had avoided disclosing any alternatives during fact discovery by insisting that these were expert topics. Thus, Symantec maneuvered to avoid disclosing virtually any details of its proposed non-infringing alternative other than what is contained in expert reports. The Court should not reward this shell game, and should bar undisclosed argument or evidence of Symantec's purported non-infringing alternative design.

Dated: December 10, 2014

Respectfully submitted,

SUSMAN GODFREY LLP


By: /s/ John P. Lahad
Parker C. Folse III *(Pro Hac Vice)*
WA State Bar No. 24895
Email: pfolse@susmangodfrey.com
Brooke A.M. Taylor *(Pro Hac Vice)*
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone:    (206) 516-3880
Facsimile:    (206) 516-3883

Richard W.  Hess *(Pro Hac Vice)*
TX State Bar No. 24046070
Email: rhess@susmangodfrey.com
John P. Lahad *(Pro Hac Vice)*
TX State Bar No. 24068095
Email: jlahad@susmangodfrey.com
Weston L. O'Black
TX State Bar No. 24065830
Email: woblack@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone:    (713) 651-9366
Facsimile:    (713) 654-3386

Joseph J. Farnan, III
DE Bar No. 3945
Email:  JFarnan@farnanlaw.com
Brian E. Farnan
DE Bar No. 4089
Email: BFarnan@farnanlaw.com
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone:    (302) 777-0300
Facsimile:    (302) 777-0301

# EXHIBIT B

**Brian Matty**

| | |
|---|---|
| **From:** | Jessica Kaempf <jkaempf@fenwick.com> |
| **Sent:** | Tuesday, May 8, 2018 18:03 |
| **To:** | Brian Matty; Robert Harrits; Groupon_IBM_Service@Fenwick.com; Phillip Haack |
| **Cc:** | IBM Groupon Service; 'dmoore@potteranderson.com'; 'bpalapura@potteranderson.com'; 'Day, John G. (jday@ashby-geddes.com)'; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)' |
| **Subject:** | RE: IBM v. Groupon - Pre-Trial Disclosures |

Brian,

At this time, Groupon intends to brief the following MILs:

> **Groupon MIL 1 -** No reference, evidence, argument or testimony regarding pre-suit exchanges between IBM and Groupon and any purported failure by Groupon to obtain or rely on the advice of counsel.
> **Groupon MIL 4 -** No reference to presumption of validity.
> **Groupon MIL 6 -** No reference, evidence, argument or testimony regarding any DOE theory that would capture the prior art.

Thanks,
Jessica

**From:** Jessica Kaempf
**Sent:** Monday, May 07, 2018 8:27 PM
**To:** 'Brian Matty' <BMatty@desmaraisllp.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'Day, John G. (jday@ashby-geddes.com)' <jday@ashby-geddes.com>; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)' <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Brian,

Thanks for confirming. Groupon does not agree to the revised IBM MIL 12. We are in agreement on IBM MIL 4. Our understanding of the Agreed MILs and Disputed MILs is pasted below.

Best,
Jessica

Agreed MILs
**Groupon MIL 2 –** No reference to stealing or copying by Groupon.
**IBM MIL 3 -** Any reference, argument, evidence, or testimony referring to any alleged deceptive intent by the inventors, IBM, Prodigy/Trintex, or the prosecuting attorneys during the Prosecution of the patents-in-suit.
**IBM MIL 5 -** Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, or inequitable conduct. This motion *in limine* does not bar either party from introducing evidence relevant to those issues, so long as that evidence is relevant to other issues properly before the jury, and is not subject to another granted or agreed motion *in limine*.

1

**IBM MIL 10** – Any reference to, or any argument, evidence, or testimony that patent infringement requires proof of copying or stealing.

**IBM MIL 14** – Any reference to, or any argument, evidence, or testimony concerning the amount of legal fees a party incurred prosecuting or defending the case.

**IBM MIL 4** – Any reference to, or any argument, evidence, or testimony concerning Groupon's suit against IBM.  This motion *in limine* does not preclude the use of such evidence for purposes of impeachment.  *See e.g.* Fed. R. Evid. 613, 801(d).

Disputed MILs

**Groupon MIL 1 -** No reference, evidence, argument or testimony regarding pre-suit exchanges between IBM and Groupon and any purported failure by Groupon to obtain or rely on the advice of counsel.

**Groupon MIL 3 -** No reference, evidence, argument or testimony regarding Groupon's petitions for *inter partes* review of the patents in suit.

**Groupon MIL 4  -** No reference to presumption of validity.

**Groupon MIL 5 -** No reference, evidence, argument or testimony regarding any other Groupon litigation.

**Groupon MIL 6  -** No reference, evidence, argument or testimony regarding any DOE theory that would capture the prior art.

**IBM MIL 1 -** Any reference to, or any argument, evidence, or testimony concerning the workload of the USPTO or disparagement of the USPTO

**IBM MIL 2 -** Any reference to, or any argument, evidence, or testimony concerning IBM's allegedly declining revenue or profits, including any reference to, or argument, evidence, or testimony concerning the alleged impact on IBM's licensing practices, patent assertions, or decision to file this lawsuit.

**IBM MIL 6 -** Any reference to, or any argument, evidence, or testimony suggesting that Groupon obtained an opinion of counsel concerning the patents-in-suit or received advice of counsel regarding its defenses prior to IBM's filing of suit. This motion *in limine* does not preclude Groupon from stating that they hired trial counsel after the filing of the suit.

**BM MIL 7 -** Any reference to, or any argument, evidence, or testimony concerning IPRs, CBMs, or PTAB proceedings. This motion *in limine* does not preclude reference to representations made by a party, including but not limited to representations made in a brief, in correspondence between the parties, or in open court

**IBM MIL 8 -** Any reference to, or any argument, evidence, or testimony concerning Groupon's licenses.

**IBM MIL 9 -** Any reference to, or any argument, evidence, or testimony quantifying Groupon's contributions to the profits associated with the accused products.

**IBM MIL 11 -** Any reference to, or any argument, evidence, or testimony implying that the Prodigy system or IBM Tivoli Federated Identity Management system was unsuccessful and/or a failure.

**IBM MIL 12 (Revised) -** Any reference to, or any argument, evidence, or testimony that the expiration date of a patent-in-suit supports a finding of non-infringement during the period when such patent was in force.

**IBM MIL 13 -** Any reference to, or any argument, evidence, or testimony implying that IBM's experts improperly relied upon data produced by Groupon in this litigation or that such data is inaccurate.

**IBM MIL 15 -** Any reference to, or any argument, evidence, or testimony that an asserted patent is rendered invalid based on any prior art or invalidity theories not disclosed in Groupon's Final Invalidity Contentions or not disclosed in the Groupon's opening expert report

**IBM MIL 16 -** Any reference to, or any argument, evidence, or testimony concerning the Court's summary judgment orders and opinions in the Priceline litigation on the issue of infringement.

**From:** Brian Matty [mailto:BMatty@desmaraisllp.com]
**Sent:** Monday, May 07, 2018 7:35 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'Day, John G.

(jday@ashby-geddes.com)' <jday@ashby-geddes.com>; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)'
<AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Jessica,

IBM does not agree to the revised Groupon MIL 5.

I confirm that IBM agrees to the MILs in my previous email this evening, pasted below for reference.

Best,
Brian

Tentatively Agreed MILs
**Groupon MIL 2** – No reference to stealing or copying by Groupon.
**IBM MIL 3** - Any reference, argument, evidence, or testimony referring to any alleged deceptive intent by the inventors, IBM, Prodigy/Trintex, or the prosecuting attorneys during the Prosecution of the patents-in-suit.
**IBM MIL 5** - Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, or inequitable conduct.  This motion *in limine* does not bar either party from introducing evidence relevant to those issues, so long as that evidence is relevant to other issues properly before the jury, and is not subject to another granted or agreed motion *in limine*.
**IBM MIL 10** – Any reference to, or any argument, evidence, or testimony that patent infringement requires proof of copying or stealing.
**IBM MIL 14** – Any reference to, or any argument, evidence, or testimony concerning the amount of legal fees a party incurred prosecuting or defending the case.

Updated language for MILs discussed on today's call
**IBM MIL 4** – Any reference to, or any argument, evidence, or testimony concerning Groupon's suit against IBM.  This motion *in limine* does not preclude the use of such evidence for purposes of impeachment.  *See e.g.* Fed. R. Evid. 613, 801(d).
**IBM MIL 12** - Any reference to, or any argument, evidence, or testimony that the expiration date of a patent-in-suit supports a finding of non-infringement during the period when such patent was in force.

**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Monday, May 7, 2018 19:34
**To:** Brian Matty <BMatty@desmaraisllp.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'Day, John G. (jday@ashby-geddes.com)' <jday@ashby-geddes.com>; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)' <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Brian,

Thanks for your email.  We will get back to you on IBM's MIL 4 and Revised MIL 12 by midnight tonight.  Please also let us know by midnight if you are amenable to this revised version of Groupon MIL 5:
    **Groupon MIL 5 (Revised)** - No reference, evidence, argument or testimony regarding any other Groupon litigation other than the ones that resulted in a settlement agreement in evidence in this case.

Best,
Jessica

**From:** Brian Matty [mailto:BMatty@desmaraisllp.com]
**Sent:** Monday, May 07, 2018 2:06 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'Day, John G. (jday@ashby-geddes.com)' <jday@ashby-geddes.com>; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)' <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures


Jessica and Phil,

Below is a list of the MILs that are still in the running following our meet and confer today.  For IBM MILs 4 and 12, the list below includes proposed language for those MILs in line with our discussion.  We look forward to your confirmation of final agreed MILs by midnight tonight and will provide the same from our team.

Best,
Brian

Tentatively Agreed MILs
**Groupon MIL 2** – No reference to stealing or copying by Groupon.
**IBM MIL 3** - Any reference, argument, evidence, or testimony referring to any alleged deceptive intent by the inventors, IBM, Prodigy/Trintex, or the prosecuting attorneys during the Prosecution of the patents-in-suit.
**IBM MIL 5** - Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, or inequitable conduct.  This motion *in limine* does not bar either party from introducing evidence relevant to those issues, so long as that evidence is relevant to other issues properly before the jury, and is not subject to another granted or agreed motion *in limine*.
**IBM MIL 10** – Any reference to, or any argument, evidence, or testimony that patent infringement requires proof of copying or stealing.
**IBM MIL 14** – Any reference to, or any argument, evidence, or testimony concerning the amount of legal fees a party incurred prosecuting or defending the case.

Updated language for MILs discussed on today's call
**IBM MIL 4** – Any reference to, or any argument, evidence, or testimony concerning Groupon's suit against IBM.  This motion *in limine* does not preclude the use of such evidence for purposes of impeachment.  *See e.g.* Fed. R. Evid. 613, 801(d).
**IBM MIL 12** - Any reference to, or any argument, evidence, or testimony that the expiration date of a patent-in-suit supports a finding of non-infringement during the period when such patent was in force.


**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Sunday, May 6, 2018 17:07
**To:** Brian Matty <BMatty@desmaraisllp.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'Day, John G.

(jday@ashby-geddes.com)' <jday@ashby-geddes.com>; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)' <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Brian,

Below is a current status of the parties' MILs. We've moved Groupon MIL 2 and IBM MILs 5 and 10 to the tentatively agreed list. For IBM MILs 9 and 13, we were not able to come up with any revised versions that would be acceptable to us, so have moved those to the disputed list. We've done the same for our Groupon MIL 6 and your revised versions for MILs 12 and 15 that we considered.   We suggested counterproposals and flagged an issue for a specific discussion in light of Groupon's condition specified below.   Please note that we do not have client approval yet for any of the positions below.

We are available tomorrow (Monday 5/7) between 1 and 3 pm PT. Please let us know what time works for you.

Best,
Jessica

<u>Tentatively Agreed MILs</u>
**IBM MIL 3** - Any reference, argument, evidence, or testimony referring to any alleged deceptive intent by the inventors, IBM, Prodigy/Trintex, or the prosecuting attorneys during the Prosecution of the patents-in-suit.
**Groupon MIL 2** -- No reference to stealing or copying by Groupon.
**IBM MIL 10** – Any reference to, or any argument, evidence, or testimony that patent infringement requires proof of copying or stealing.

<u>MILs to Be Reconsidered in light of Groupon's counterproposals</u>
**Groupon MIL 5** (No reference, evidence, argument or testimony regarding any other Groupon litigation) and **IBM MIL 4** (Any reference to, or any argument, evidence, or testimony concerning any other Groupon litigation, except that IBM may introduce evidence, testimony, reference, or argument regarding other Groupon litigations to provide context regarding Groupon's licensing history. This motion *in limine* does not preclude the use as evidence of statements made during a Groupon litigation so long as this is done without referencing the litigation.)
  - **GROUPON PROPOSAL:** Any reference to, or any argument, evidence, or testimony concerning any other Groupon litigation, except that IBM may introduce evidence, testimony, reference, or argument regarding whether a Groupon patent license in the record is the result of a litigation settlement. This motion *in limine* does not alter Federal Rules of Evidence for impeaching a witness. *See e.g.* Fed. R. Evid. 613, 801(d).
**IBM MIL 5** - Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, inequitable conduct. This motion *in limine* does not bar either party from introducing evidence relevant to those issues, although other motions *in limine* may, depending on the evidence.
  - **GROUPON PROPOSAL** – Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, or inequitable conduct. This motion *in limine* does not bar either party from introducing evidence relevant to those issues, so long as that evidence is relevant to other issues properly before the jury, and is not subject to another granted or agreed motion *in limine*.
**IBM MIL 14** – Any reference to, or any argument, evidence, or testimony concerning the total amount of money either party has spent on this case.
  - **GROUPON PROPOSAL:** Any reference to, or any argument, evidence, or testimony concerning the amount of legal fees a party incurred prosecuting or defending the case.
**IBM MIL 16** – Any reference to, or any argument, evidence, or testimony concerning the Court's summary judgment orders and opinions in the Priceline litigation on the issue of infringement.
  - **GROUPON PROPOSAL:** Any reference to, or any argument, evidence, or testimony concerning the Court's summary judgment orders in this litigation or the Priceline litigation.

**<u>MILs to discuss</u>**

**IBM MIL 7 (**Any reference to, or any argument, evidence, or testimony concerning IPRs, CBMs, or PTAB proceedings. This motion *in limine* does not preclude reference to representations made by a party, including but not limited to representations made in a brief, in correspondence between the parties, or in open court) **and Groupon MIL 3 (**No reference, evidence, argument or testimony regarding Groupon's petitions for *inter partes* review of the patents in suit.

- **GROUPON PROPOSAL – if IBM drops its willfulness allegations, Groupon can agree to the following:** Any reference to, or any argument, evidence, or testimony concerning IPRs, CBMs, or PTAB proceedings. This motion *in limine* does not alter Federal Rules of Evidence for impeaching a witness. *See e.g.* Fed. R. Evid. 613, 801(d).

<u>No Agreement Reached</u>
**Groupon MIL 1 -** No reference, evidence, argument or testimony regarding pre-suit exchanges between IBM and Groupon and any purported failure by Groupon to obtain or rely on the advice of counsel.
**Groupon MIL 4 -** No reference to presumption of validity.
**Groupon MIL 6  -** No reference, evidence, argument or testimony regarding any DOE theory that would capture the prior art.
**IBM MIL 1 -** Any reference to, or any argument, evidence, or testimony concerning the workload of the USPTO or disparagement of the USPTO
**IBM MIL 2 -** Any reference to, or any argument, evidence, or testimony concerning IBM's allegedly declining revenue or profits, including any reference to, or any argument, evidence, or testimony concerning the alleged impact on IBM's licensing practices, patent assertions, or decision to file this lawsuit.
**IBM MIL 6 -** Any reference to, or any argument, evidence, or testimony suggesting that Groupon obtained an opinion of counsel concerning the patents-in-suit or received advice of counsel regarding its defenses prior to IBM's filing of suit. This motion *in limine* does not preclude Groupon from stating that they hired trial counsel after the filing of the suit.
**IBM MIL 8 -** Any reference to, or any argument, evidence, or testimony concerning Groupon's licenses.
**IBM MIL 9 -** Any reference to, or any argument, evidence, or testimony quantifying Groupon's contributions to the profits associated with the accused products.
**IBM MIL 11 -** Any reference to, or any argument, evidence, or testimony implying that the Prodigy system or IBM Tivoli Federated Identity Management system was unsuccessful and/or a failure.
**IBM MIL 12 -** Any reference to, or any argument, evidence, or testimony that the priority date or expiration date of a patent-in-suit supports a finding of non-infringement during the period when such patent was in force.
**IBM MIL 13 -** Any reference to, or any argument, evidence, or testimony implying that IBM's experts improperly relied upon data produced by Groupon in this litigation or that such data is inaccurate.
**IBM MIL 15 -** Any reference to, or any argument, evidence, or testimony that an asserted patent is rendered invalid based on any prior art or invalidity theories not disclosed in Groupon's Final Invalidity Contentions or not disclosed in the Groupon's opening expert report.


**From:** Brian Matty [mailto:BMatty@desmaraisllp.com]
**Sent:** Saturday, May 05, 2018 5:02 AM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; 'dmoore@potteranderson.com' <dmoore@potteranderson.com>; 'bpalapura@potteranderson.com' <bpalapura@potteranderson.com>; 'Day, John G. (jday@ashby-geddes.com)' <jday@ashby-geddes.com>; 'Mayo, Andrew C. (AMayo@ashbygeddes.com)' <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures


Jessica and Phil,

Below is an updated list of MILs. We decided to withdraw our edits to IBM MIL 6 and stick with the original language we proposed for that MIL, so I have moved that to the "no agreement" list. We also added in our proposed amended language for Groupon MIL 5/IBM MIL 4, Groupon MIL 3/IBM MIL 7, IBM MIL 12, and IBM MIL 15 below.

Please let us know when you are available on Monday and provide your proposed amended language for Groupon MIL 6, IBM MIL 9, IBM MIL 13, and IBM MIL 16 so we can review in advance of the meet and confer.

Thanks,
Brian


<u>Tentatively Agreed MILs</u>
**IBM MIL 3**

<u>Tentatively Agreed MILs with Edited Language</u>
**Groupon MIL 2** – No reference to stealing ~~/trespassing/~~ or copying by Groupon.
**IBM MIL 5** – Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, <u>or</u> inequitable conduct~~, and/or other issues to be decided by the Court~~. This motion *in limine* does not bar either party from introducing evidence relevant to those issues, although other motions *in limine* may, depending on the evidence.
**IBM MIL 10** – Any reference to, or any argument, evidence, or testimony that patent infringement requires proof of copying <u>or stealing</u>.
**IBM MIL 14** – Any reference to, or any argument, evidence, or testimony concerning the <u>total</u> amount of money either party has spent on this case.

<u>MILs to Be Reconsidered After Adjusted Language Is Proposed</u>
**Groupon MIL 5 and IBM MIL 4** – Any reference to, or any argument, evidence, or testimony concerning any other Groupon litigation, except that IBM may introduce evidence, testimony, reference, or argument regarding other Groupon litigations to provide context regarding Groupon's licensing history. This motion *in limine* does not preclude the use as evidence of statements made during a Groupon litigation so long as this is done without referencing the litigation.
**Groupon MIL 6** – Groupon to propose amended language to clarify the evidence and testimony to be excluded by this MIL.
**IBM MIL 7 and Groupon MIL 3** – Any reference to, or any argument, evidence, or testimony concerning IPRs, CBMs, or PTAB proceedings. This motion *in limine* does not preclude the use as evidence of statements made or evidence proffered during any IPRs, CBMs, or PTAB proceedings so long as this is done without referencing the proceeding or its outcome.
**IBM MIL 9** – Groupon to consider whether any clarifying language is required regarding allowable evidence.
**IBM MIL 12** – Any reference to, or any argument, evidence, or testimony that the priority date or expiration date of a patent-in-suit supports a finding of non-infringement during the period when such patent was in force. This motion *in limine* does not preclude Groupon from arguing that its technology is different from that of the patent-sin-suit, provided such arguments are not based on the priority dates of the patents.
**IBM MIL 13** – Groupon to propose language regarding allowable critiques of an expert's methodology.
**IBM MIL 15** – Any reference to, or any argument, evidence, or testimony regarding prior art, invalidity, damages, or infringement theories that are not disclosed in Groupon's Final Invalidity Contentions or IBM's Final Infringement Contentions, or not disclosed in an expert report.
**IBM MIL 16** – Groupon to consider amended language to address all summary judgment orders and opinions in the Priceline litigation.

<u>No Agreement Reached</u>
**Groupon MIL 1**
**Groupon MIL 4**

IBM MIL 1
IBM MIL 2
IBM MIL 6
IBM MIL 8
IBM MIL 11


**From:** Brian Matty
**Sent:** Friday, May 4, 2018 18:39
**To:** 'Jessica Kaempf' <jkaempf@fenwick.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Day, John G. (jday@ashby-geddes.com) <jday@ashby-geddes.com>; Mayo, Andrew C. (AMayo@ashbygeddes.com) <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Jessica and Phil,

Below is our summary of where the parties stand on MILs and follow up items after today's meet and confer, subject to additional consideration by our teams. Please let us know if you disagree on any of these.

As discussed, we think it makes sense to confer on Monday to finalize our agreements and disputes before the parties disclose the MILs to be briefed. Please let us know your availability, preferably in the morning Pacific time to give our teams some time to finalize the MILs to be briefed.


Best,
Brian


Tentatively Agreed MILs
**IBM MIL 3**

Tentatively Agreed MILs with Edited Language
**Groupon MIL 2** – No reference to stealing/trespassing/ or copying by Groupon.
**IBM MIL 5** – Any reference to, or any argument, or testimony concerning the concept of an injunction, treble damages, equitable estoppel, unclean hands, or inequitable conduct, and/or other issues to be decided by the Court. This motion *in limine* does not bar either party from introducing evidence relevant to those issues, although other motions *in limine* may, depending on the evidence.
**IBM MIL 6** – Any reference to, or any argument, evidence, or testimony suggesting that Groupon obtained an a written opinion of counsel concerning the patents-in-suit or regarding any purported failure by Groupon to obtain a written opinion of counsel or received advice of counsel regarding its defenses prior to IBM's filing of suit. This motion *in limine* does not preclude Groupon from stating that they hired trial counsel after the filing of the suit.
**IBM MIL 10** – Any reference to, or any argument, evidence, or testimony that patent infringement requires proof of copying or stealing.
**IBM MIL 14** – Any reference to, or any argument, evidence, or testimony concerning the total amount of money either party has spent on this case.

MILs to Be Reconsidered After Adjusted Language Is Proposed
**Groupon MIL 5 and IBM MIL 4** – IBM to propose Groupon's MIL 4 with additional language regarding permitted use of litigation materials for cross examination and to provide context to any Groupon licenses related to litigation settlements.
**Groupon MIL 6** – Groupon to propose amended language to clarify the evidence and testimony to be excluded by this MIL.

**IBM MIL 7 and Groupon MIL 3** – IBM to propose IBM's MIL 7 with amended language regarding permitted uses of PTAB materials for cross examination.
**IBM MIL 9** – Groupon to consider whether any clarifying language is required regarding allowable evidence.
**IBM MIL 12** – IBM to propose clarifying language regarding the use of the priority date of the patents-in-suit.
**IBM MIL 13** – Groupon to propose language regarding allowable critiques of an expert's methodology.
**IBM MIL 15** – IBM to consider amended language to address all experts and expert opinions.
**IBM MIL 16** – Groupon to consider amended language to address all summary judgment orders and opinions in the Priceline litigation.

<u>No Agreement Reached</u>
**Groupon MIL 1**
**Groupon MIL 4**
**IBM MIL 1**
**IBM MIL 2**
**IBM MIL 8**
**IBM MIL 11**


**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Thursday, May 3, 2018 20:14
**To:** Brian Matty <BMatty@desmaraisllp.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Day, John G. (jday@ashby-geddes.com) <jday@ashby-geddes.com>; Mayo, Andrew C. (AMayo@ashbygeddes.com) <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Brian,

Please also be prepared to discuss tomorrow whether IBM will serve an amended trial witness list by Monday. The list you served yesterday has over 20 may call witnesses, which is significantly more than the number of witnesses IBM could feasibly call at trial. It does not provide Groupon with any reasonable notice of who IBM may call.

Best,
Jessica


**From:** Brian Matty [mailto:BMatty@desmaraisllp.com]
**Sent:** Thursday, May 03, 2018 1:31 PM
**To:** Jessica Kaempf <jkaempf@fenwick.com>; Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Day, John G. (jday@ashby-geddes.com) <jday@ashby-geddes.com>; Mayo, Andrew C. (AMayo@ashbygeddes.com) <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures


Jessica,

Tomorrow at 2pm ET works for us. We can use the dial in below. We can also discuss the deposition videos and updated financial information on the call.

Dial-in number: (866) 809-5359
Conference code: 5302685904

Thanks,
Brian


**From:** Jessica Kaempf <jkaempf@fenwick.com>
**Sent:** Thursday, May 3, 2018 14:47
**To:** Robert Harrits <RHarrits@desmaraisllp.com>; Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Day, John G. (jday@ashby-geddes.com) <jday@ashby-geddes.com>; Mayo, Andrew C. (AMayo@ashbygeddes.com) <AMayo@ashbygeddes.com>
**Subject:** RE: IBM v. Groupon - Pre-Trial Disclosures

Robert,

For the meet and confer tomorrow, we have conflicts at 4 pm ET.  Please let us know if you are available at 2 pm ET.

Additionally, IBM's witness list identifies certain individuals who were deposed in the *Priceline* case as "may call, live or by deposition" witnesses.  We have the transcripts from the *Priceline* case for these witnesses, but not the deposition videos; we will need the videos for our designations and our counters to your designations.  Can you please confirm that IBM will provide the deposition videos for any transcript from the *Priceline* case that is designated by either party by Friday 5/11?

Finally, we are looking into your request for Groupon's updated financial information and will get back to you.

Thanks,
Jessica


**From:** Robert Harrits [mailto:RHarrits@desmaraisllp.com]
**Sent:** Wednesday, May 02, 2018 2:52 PM
**To:** Groupon_IBM_Service@Fenwick.com; Phillip Haack <phaack@fenwick.com>
**Cc:** IBM Groupon Service <IBMGrouponService@desmaraisllp.com>; dmoore@potteranderson.com; bpalapura@potteranderson.com; Day, John G. (jday@ashby-geddes.com) <jday@ashby-geddes.com>; Mayo, Andrew C. (AMayo@ashbygeddes.com) <AMayo@ashbygeddes.com>
**Subject:** IBM v. Groupon - Pre-Trial Disclosures



Counsel,

Please find attached IBM's pre-trial disclosures pursuant to the parties agreement:

- Statement of nature of action, pleadings, counterclaims/cross-claims
- Basis for jurisdiction
- Statement of admitted facts
- Statement of fact issues remaining to be litigated
- Statement of issues of law remaining to be litigated with authorities
- Statement of what IBM intends to prove, including damages claimed

- Any amendments of pleadings IBM seeks to make
- Certification that parties attempted to settle
- IBM's position on the information requested in Scheduling Order (Para. 19(a)-(d))
- Any other matters to be addressed by the Court before trial
- IBM's witness list
- IBM's list of proposed motions *in limine*

IBM is available to meet and confer on the parties' motions *in limine* at 4 pm eastern on May 4, 2018.

IBM's proposed final jury instructions are generally based off of *GSK et al. v. Teva Pharmaceuticals USA, Inc.*, C. A. No. 14-cv-878-LPS-CJB, D.I. 440 (D. Del.). The infringement section is generally based off of *Helios Software, LLC* and *Pearl Software, Inc. v. Spectorsoft Corporation*, C.A. No. 12-cv-81-LPS, D.I. 608 (D. Del.). Both are attached to this email.

Please also produce the most recent updated financial information available to Groupon and financial forecasts through at least the date of trial.

Regards,
Robert

Robert C. Harrits | Desmarais LLP
230 Park Avenue | New York, NY 10169
Tel: (212) 808-2946 | Fax: (212) 351-3401
Email: rharrits@desmaraisllp.com

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed. However, mistakes sometimes happen in addressing emails. If you believe that you are not an intended recipient, please stop reading immediately. Do not copy, forward, or rely on the contents in any way. Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

This email may contain confidential and privileged material for the use of the intended recipient. Any review, use, or distribution by anyone other than the addressee is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and delete all copies of this message.

# EXHIBIT C







# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | C.A. No. 16-122-LPS-CJB |
| GROUPON, INC., | ) ) |  |
| Defendant. | ) ) |  |

## DEFENDANT GROUPON, INC.'S RESPONSES TO PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-83)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Groupon, Inc. ("Groupon") hereby responds and objects to Plaintiff International Business Machines Corporation's ("IBM") First Set of requests for the Production of Documents and Things (Nos. 1-83) as follows:

### GENERAL OBJECTIONS

The following general objections are stated with respect to each and every Request whether or not specifically identified in response thereto. To the extent that any of these general objections are not raised in any particular response, Groupon does not waive those objections.

1. Groupon objects to the Requests to the extent that they are overly broad, unduly burdensome, oppressive, improper, and unreasonable in scope.

2. Groupon objects to the Requests and the Definitions ("Definitions") and Instructions ("Instructions") either accompanying the Requests or incorporated by reference to the extent that they are vague, ambiguous, unintelligible, fail to describe the information sought with reasonable particularity, or seek to impose obligations on Groupon that are broader than, or in-

is vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. Groupon objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Groupon objects to the extent this request seeks electronic communications contrary to the requirements of the electronic discovery order to be entered in this case, if any, or otherwise the Court's default standard for discovery. Groupon objects to this request as premature as it calls for information that will be the subject of expert opinion. Groupon objects to this request to the extent it seeks information that is deemed not discoverable per the protective order in this case (D.I. 24) and per Federal Rules of Civil Procedure 26(b)(3)(A)–(B) and 26(b)(4). Groupon further objects that this requests calls for a legal conclusion.

Subject to and without waiving the foregoing General and Specific Objections, Groupon responds that it will produce, at the appropriate time under the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure and pursuant to the parties' agreed rules for expert discovery, existing, responsive, relevant, non-privileged documents regarding comparisons between any of the Patents-In-Suit and instrumentalities accused of infringement by IBM as identified by IBM in its infringement contentions in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's orders in this case, to the extent such documents exist in Groupon's possession, custody, or control. Investigation and discovery are ongoing and Groupon reserves the right to supplement its response to this request as appropriate.

## REQUEST FOR PRODUCTION NO. 22:

All documents concerning any decision about whether to obtain any legal advice or opinion concerning any of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Groupon incorporates its general objections as if fully set forth herein. Groupon further objects to this request for "*All* documents" as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case and failing to describe the documents sought with reasonable particularity. Groupon objects to this request to the extent it seeks information not relevant to any claim or defense in this action. Groupon objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Groupon objects to the extent this request seeks electronic communications contrary to the requirements of the electronic discovery order to be entered in this case, if any, or otherwise the Court's default standard for discovery. Groupon objects to this request to the extent it seeks information that is deemed not discoverable per the Protective Order in this case.

Subject to and without waiving the foregoing General and Specific Objections, Groupon responds that it will produce existing, responsive, relevant, non-privileged documents comprising an opinion of counsel regarding any of the Patents-In-Suit should Groupon decide to rely on such opinion and in accordance with the schedule in the case to the extent such documents exist in Groupon's possession, custody, or control. Investigation and discovery are ongoing and Groupon reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning any evaluation, study, analysis and/or investigation of any of the Patents-In-Suit, including without limitation opinions (written or oral) of the validity/invalidity, enforceability/unenforceability, infringement/non-infringement, patentability, own-

ership, inventorship, license (implied or express), scope, or interpretation of any of the claims of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Groupon incorporates its general objections as if fully set forth herein. Groupon further objects to this request for "*All* documents" as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case and failing to describe the documents sought with reasonable particularity. Groupon objects to this request as premature as it calls for information that will be the subject of expert opinion. Groupon objects to this request to the extent it seeks information not relevant to any claim or defense in this action. Groupon objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Groupon objects to the extent this request seeks electronic communications contrary to the requirements of the electronic discovery order to be entered in this case, if any, or otherwise the Court's default standard for discovery. Groupon objects to this request to the extent it seeks information that is deemed not discoverable per the protective order in this case (D.I. 24) and per Federal Rules of Civil Procedure 26(b)(3)(A)–(B) and 26(b)(4).

Subject to and without waiving the foregoing General and Specific Objections, Groupon responds that it will produce, at the appropriate time under the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure and pursuant to the parties' agreed rules for expert discovery, existing, responsive, relevant, non-privileged documents that Groupon will rely on in this case to support its defenses and claim construction positions in accordance with Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's orders in this case, to the extent such doc-

uments exist in Groupon's possession, custody, or control. Investigation and discovery are ongoing and Groupon reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning any communications concerning any of the Patents-In-Suit and/or this lawsuit, including without limitation, communications concerning the validity, invalidity, enforceability, unenforceability, infringement, non-infringement, patentability, ownership, inventorship, license (implied or express), scope, or interpretation of any of the claims of the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Groupon incorporates its general objections as if fully set forth herein. Groupon further objects to this request for "*All* documents" as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case and failing to describe the documents sought with reasonable particularity. Groupon objects to this request to the extent it seeks information not relevant to any claim or defense in this action. Groupon objects to the extent this request seeks information protected by confidentiality obligations to any third party; Groupon will not produce such documents without appropriate notice to the third party. Groupon objects to this request as duplicative of request number 23 and incorporates its objections to request number 23 by reference herein. Groupon objects to this request as premature as it calls for information that will be the subject of expert opinion. Groupon objects to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Groupon objects to the extent this request seeks electronic communications contrary to the requirements of the electronic discovery order to be entered in

this case, if any, or otherwise the Court's default standard for discovery. Groupon objects to this request to the extent it seeks information that is deemed not discoverable per the protective order in this case (D.I. 24) and per Federal Rules of Civil Procedure 26(b)(3)(A)–(B) and 26(b)(4).

Subject to and without waiving the foregoing General and Specific Objections, Groupon responds that it will produce, at the appropriate time under the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure and pursuant to the parties' agreed rules for expert discovery, existing, responsive, relevant, non-privileged documents that reference one or more of the Patents-in-Suit and/or this lawsuit, to the extent such documents exist in Groupon's possession, custody, or control and that can be found after a reasonable search. Investigation and discovery are ongoing and Groupon reserves the right to supplement its response to this request as appropriate.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning any alleged suitable non-infringing alternatives to the Patents-In-Suit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Groupon incorporates its general objections as if fully set forth herein. Groupon further objects to this request for "*All* documents" as overbroad and unduly burdensome, vague and ambiguous, not proportional to the needs of this case and failing to describe the documents sought with reasonable particularity. Groupon objects to this request as premature as it calls for information that will be the subject of expert opinion. Groupon objects to the definition of "non-infringing alternatives" in this request as vague and ambiguous and calling for a legal conclusion. Groupon objects to this request to the extent it seeks information not relevant to any claim or defense in this action. Groupon objects to this request to the extent it seeks information pro-

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendant Groupon, Inc.*

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Adam M. Lewin
FENWICK & WEST LLP
Silicon Valley Center
801 California Street, 12th Floor
Mountain View, CA  94041
(650) 988-8500

Dated: December 22, 2016

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES )
CORPORATION, )
                     )
           Plaintiff, )
                     )
      v. )       C.A. No. 16-122-LPS-CJB
                     )
GROUPON, INC., )
                     )
          Defendant. )

### DEFENDANT GROUPON, INC.'S RESPONSES TO
### PLAINTIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S
### FIRST SET OF INTERROGATORIES (NOS. 1-8)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Groupon, Inc. ("Groupon") hereby responds and objects to Plaintiff International Business Machines Corporation's ("IBM") First Set of Interrogatories (Nos. 1-8) as follows:

### GENERAL OBJECTIONS

The following general objections are stated with respect to each Interrogatory whether or not specifically identified in response thereto. To the extent that any of these general objections are not raised in its specific response to each Interrogatory, Groupon does not waive those objections.

1. Groupon objects to each Interrogatory to the extent that it is overly broad, unduly burdensome, oppressive, improper, and unreasonable in scope.

2. Groupon objects to each Interrogatory and the Definitions ("Definitions") and Instructions ("Instructions") incorporated by reference to the extent that they are vague, ambiguous, unintelligible, fail to describe the information sought with reasonable particularity, or seek to impose obligations on Groupon that are broader than, or inconsistent with, the Federal Rules

extent that it seeks the disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, duty of confidentiality, or any other applicable privilege, immunity, or restriction on discovery. Groupon further objects to the extent that the request "assum[es] the Court will find that [Groupon] infringe[s] the Patents-in-Suit." Neither Groupon nor any of its instrumentalities infringe any of the patents-in-suit. Groupon objects to this Interrogatory as untimely, as IBM has not yet served its infringement contentions.

Subject to and without waiving any objections, Groupon responds as follows: Groupon will, at the appropriate time under the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure and pursuant to the parties' agreed rules for expert discovery, serve damages expert reports in response to the damages expert report served by IBM, if any, and produce documents supporting any such damages expert report. Investigation and discovery are ongoing, and Groupon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**INTERROGATORY NO. 6:**

Separately for each Patent-in-Suit, identify all actions You took as a result of becoming aware of that patent, including any investigation into Your potential infringement of that patent and the validity and/or enforceability of that patent, any actions You undertook to avoid infringing that patent, whether You sought and/or obtained any opinion of counsel regarding that patent, and the content of any such opinion.

**RESPONSE TO INTERROGATORY NO. 6:**

Groupon incorporates its general objections as if fully set forth herein. Groupon objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks identification of "*all* actions." Groupon incorporates its objection to IBM's definition of "You" and "Your"

because it seeks to broaden the scope of the allowable discovery and seeks information that is not within the possession, custody, or control of Groupon, but is in the possession of third parties and non-parties to this lawsuit. Groupon further objects to the definition of this term as it includes Groupon's attorneys and patent agents and seeks privileged and attorney-work product information. Groupon objects to this Interrogatory as compound and consisting of multiple discrete subparts constituting separate interrogatories. Groupon objects to this Interrogatory to the extent that it seeks the disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, duty of confidentiality, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving the foregoing objections, Groupon responds that neither Groupon nor its instrumentalities infringe any valid claim of any of the patents-in-suit, and thus Groupon has not taken any action as a result of becoming aware of the patents-in-suit to "avoid infringing" any asserted claim of such patents. Any additional responsive and non-privileged information on this subject will be provided in expert reports and other submissions at the appropriate time under the Court's Scheduling Order, Local Rules, and the Federal Rules of Civil Procedure and pursuant to the parties' agreed rules for expert discovery. Investigation and discovery are ongoing, and Groupon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate.

**INTERROGATORY NO. 7:**

To the extent you contend that non-infringing alternatives concerning the Accused Instrumentalities exist, identify each such non-infringing alternative and identify all factual and legal bases for your contention that each such alternative is or was non-infringing, acceptable,

Finally, IBM's claims may be barred, in part or in whole, under the doctrine of prosecution history estoppel. IBM has not yet identified any infringement theory under the doctrine of equivalents. After analysis of IBM's infringement contentions, to be served on January 20, 2017, Groupon will supplement its response to this Interrogatory to the extent Groupon intends to rely on prosecution history estoppel. *See Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293, 1311 (Fed. Cir. 2015).

Investigation and discovery are ongoing, and Groupon reserves the right to supplement, amend, or modify its response to this Interrogatory as additional facts are learned and as otherwise appropriate. Specifically, additional information regarding the bases for Groupon's contentions that IBM's claims are barred is within the possession and control of IBM and Groupon will supplement this Interrogatory as discovery in this case progresses.

ASHBY & GEDDES

*Of Counsel:*

/s/ Andrew C. Mayo

J. David Hadden
Saina S. Shamilov
Phillip J. Haack
Adam M. Lewin
FENWICK & WEST LLP
Silicon Valley Center
801 California Street, 12th Floor
Mountain View, CA 94041
(650) 988-8500

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
amayo@ashby-geddes.com

Dated: January 13, 2017

*Attorneys for Defendant Groupon, Inc.*

## VERIFICATION

I, Scott Schulhof, declare:

I am the Assistant General Counsel, Patents and Open Source, at Groupon, Inc. ("Groupon"). I have been authorized to make this Verification on Groupon's behalf.

I have reviewed the factual, non-legal aspects of the response to Interrogatory No. 2 in **Defendant Groupon, Inc.'s Responses and Objections to Plaintiff International Business Machines Corporation's First Set of Interrogatories** and know the contents thereof. I either have personal knowledge that the matters stated therein that relate to Groupon or Groupon's knowledge are true, or am informed and believe that such matters are true. I declare under penalty of perjury that the factual, non-legal aspects of the response to Interrogatory No. 2 is true and correct.

Executed at Chicago, Illinois on this _13th_ day of January, 2017.

_____
Scott Schulhof

## VERIFICATION

I, Phillip Dunham, declare:

I am a Senior Manager, Software Engineering, at Groupon, Inc. ("Groupon"). I have been authorized to make this Verification on Groupon's behalf.

I have reviewed the factual, non-legal aspects of the responses to Interrogatory Nos. 1 and 3 in **Defendant Groupon, Inc.'s Responses and Objections to Plaintiff International Business Machines Corporation's First Set of Interrogatories** and know the contents thereof. I either have personal knowledge that the matters stated therein that relate to Groupon or Groupon's knowledge are true, or am informed and believe that such matters are true. I declare under penalty of perjury that the factual, non-legal aspects of the responses to Interrogatory Nos. 1 and 3 are true and correct.

Executed at Chicago, Illinois on this 12th day of January, 2017.

_____

Phillip Dunham

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) |
| Plaintiff, | ) C.A. No. 16-122-LPS ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| GROUPON, INC. | ) ) |
| Defendant. | ) |

### IBM'S SECOND NOTICE OF DEPOSITION TO GROUPON, INC.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff International Business Machines Corporation ("IBM"), by its counsel, will take the deposition upon oral examination of Defendant Groupon, Inc. ("Groupon"), regarding the subject matter set forth in the attached Schedule B, which shall be interpreted in accordance with the definitions set forth in the attached Schedule A.

The deposition will begin at 9:30 a.m. on July 12, 2017, at the office of Desmarais LLP, 230 Park Avenue, New York, New York 10169, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Groupon shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each of the topics set forth in the attached Schedule B.  IBM requests that Groupon identify the individual(s) who will testify regarding each topic at least one week in advance of the deposition.

You are invited to attend.

                                                    POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais                    By:    /s/ Bindu A. Palapura
Jon T. Hohenthaner                          David E. Moore (#3983)
Karim Oussayef                              Bindu A. Palapura (#5370)
Laurie N. Stempler                          Stephanie E. O'Byrne (#4446)
Robert C. Harrits                           Hercules Plaza, 6th Floor
Michael J. X. Matulewicz-Crowley            1313 N. Market Street
Brian D. Matty                              Wilmington, DE  19801
DESMARAIS LLP                               Tel:  (302) 984-6000
230 Park Avenue                             dmoore@potteranderson.com
New York, NY  10169                         bpalapura@potteranderson.com
Tel:  (212) 351-3400                        sobyrne@potteranderson.com

Dated:  June 20, 2017                *Attorneys for Plaintiff International Business*
5252481 / 43155                      *Machines Corporation*

## SCHEDULE A
## DEFINITIONS

1.    As used herein, "Patents-in-Suit" means United States Patent Nos. 5,796,967 ("the '967 Patent"), 5,961,601 ("the '601 Patent), 7,072,849 ("the '849 Patent"), and 7,631,346 ("the '346 Patent").

2.    As used herein, "This Action" means the action under the caption *International Business Machines Corporation v. Groupon, Inc.*, Civil Action No. 16-cv-00122-LPS-CJB, in the United States District Court for the District of Delaware.

3.    As used herein, "Defendant," "You," and "Your" means Groupon, Inc. and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of Groupon, Inc.

4.    As used herein, "Accused Instrumentality" means any product, application, service, or method accused by IBM of infringing any claim of any of the Patents-in-Suit under any subsection of 35 U.S.C. § 271, including without limitation all products identified in IBM's Preliminary Identification of Accused Products served October 7, 2016 (including any supplements or amendments thereto), IBM's Preliminary Infringement Contentions served January 20, 2017 and March 24, 2017 (including any supplements or amendments thereto), and all products identified by Groupon in response to IBM's First Set of Common Interrogatories to Groupon No. 1, served November 22, 2016.

5.    As used herein, "Prior Art" has the same meaning as used in 35 U.S.C. § 101 et seq., and includes any patent, printed publication, knowledge, use, sale or offer for sale, or other act or event defined in 35 U.S.C. §§ 102 or 103, taken singly or in combination.

6.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

7.     As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

8.     As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possibly meaning.

9.     As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possibly meaning.

10.     The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate and to give the noun or pronoun the broadest possible meaning.

11.     As used herein, "document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure.   The term "document" also encompasses tangible things.

12.     As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

13.     As used herein, "concerning" or "relating to" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

14.     As used herein, the terms "Complaint," "Answer," and "Affirmative Defense" shall mean the pleadings as originally filed or as amended or supplemented throughout the progression of the case.

15.     As used herein, the term "Source Code" means any software, markup language files, style sheet language files, template language files, programming language files, configuration files, source code, object code, or other electronic information for directing the operation of a computer,

mobile device, website, web browser, or for processing electronic data, including but not limited to computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module. This definition includes, but is not limited to, JavaScript, Java, Java Server Pages (JSP), Active Server Pages (ASP) (including .Net ASP), VBScript, C++, C, C#, Objective-C, Swift, Python, SQL or other query languages, PostScript, Jade, Apache Velocity Templates, HTML, CSS, XML, batch files, and shell scripts.

16.    As used herein, the term "URI" means uniform resource identifier.

17.    As used herein, the term "URL" means uniform resource locator.

18.    As used herein, the term "Source Code Computer" means the laptop You have made available for inspection in This Action in accordance with Paragraph 12 of the Protective Order in this litigation (D.I. 24).

19.    As used herein, "financial data" means any and all information related to Your finances, including but not limited to information concerning revenues, costs, and profits.

20.    As used herein, the term "Transaction Event" means any revenue-generating event, including but not limited to user queries, search hit clicks, use of Groupons, coupons, or offers, reservation bookings, completion of reservations (i.e., reservations that are not cancelled or no-show reservations), ad-related bookings, covers, advertisement impressions, advertisement clicks, or purchases (including but not limited to purchases of Groupons).

21.    As used herein, the term "data source" means database, wiki, file store, intranet site, data repository, network location, document management system, or other data collection used to access and/or maintain documents.

## SCHEDULE B
## TOPICS

1.      The way in which each of your Accused Instrumentalities:

      a.      generate URLs, URIs, or hyperlinks;

      b.      allow users to "Sign In"/"Sign Up" and create user accounts, including by using information or data about users from Google or Facebook;

      c.      deliver content, including HTML, web pages, JavaScript, images, graphics, stylesheets, and font files;

      d.      set parameters related to caching; and

      e.      use content delivery networks, including those provided by Akamai Technologies, Inc.

2.      The earliest date that the accused features and functionalities of the Accused Instrumentalities, identified in IBM's January 20, 2017 and March 24, 2017 Preliminary Infringement Contentions, were implemented, and in particular:

      a.      The date(s) on which You first implemented the ability to cache or store content, including but not limited to menus, images, videos, browser-supported source code (such as JavaScript), and advertisements at each of the Accused Instrumentalities;

      b.      The date(s) on which You first implemented the process of embedding information into hyperlinks, internet addresses, URLs, or URIs at each of the Accused Instrumentalities; and

      c.      The date(s) on which You first made available to users the option to create an account, at each of the Accused Instrumentalities, using Facebook and/or Google login credentials.

3.      All changes to the accused features and functionalities of the Accused Instrumentalities identified in IBM's January 20, 2017 and March 24, 2017 Preliminary Infringement Contentions, beginning on the earliest date that such accused features and functionalities were implemented (i.e., the dates identified in response to Topic 2 herein) through the present and any planned future changes to such features and functionalities, including but not limited to any changes made as a result of learning of the Patents-in-Suit.

4.      The identity and functionality of the source code that affects how each of the Accused Instrumentalities:

      a.      generate URLs, URIs, or hyperlinks;

      b.      allow users to "Sign In"/"Sign Up" and create user accounts, including by using information or data about users from Google or Facebook;

      c.      deliver content, including HTML, web pages, JavaScript, images, graphics, stylesheets, and font files;

      d.      set parameters related to caching; and

      e.      use content delivery networks, including those provided by Akamai Technologies, Inc.

5.      The identity, functionality, and configuration of any third-party software, hardware, or service, including by not limited to Akamai, Facebook, Google, Amazon Web Services, Fastly, Apache, Optimizely, Varnish, and Edgecast, that affects how each of your Accused Instrumentalities:

     a.     generate URLs, URIs, or hyperlinks;

     b.     allow users to "Sign In"/"Sign Up" and create user accounts, including by using information or data about users from Google or Facebook;

     c.     deliver content, including HTML, web pages, JavaScript, images, graphics, stylesheets, and font files;

     d.     set parameters related to caching; and

     e.     use content delivery networks, including those provided by Akamai Technologies, Inc.

6.     Agreements between You and any third party related to how each of your Accused Instrumentalities:

     a.     generate URLs, URIs, or hyperlinks;

     b.     allow users to "Sign In"/"Sign Up" and create user accounts, including by using information or data about users from Google or Facebook;

     c.     deliver content, including HTML, web pages, JavaScript, images, graphics, stylesheets, and font files;

     d.     set parameters related to caching; and

     e.     use content delivery networks, including those provided by Akamai Technologies, Inc.

7.     The identity, functionality, topology, and configuration of any servers, including third-party servers, that deliver content to users.

8.     The number of user accounts at each of the Accused Instrumentalities, created on a monthly basis, from 2010 and continuing through the present.

9.      On a monthly basis, the total number of Transaction Events made using the Accused Instrumentalities from 2010 to the present.

10.     On a monthly basis, the number of Transaction Events made through the Accused Instrumentalities by users whose accounts were linked to Facebook and/or Google login credentials from 2010 to the present.

11.     On a monthly basis, the number of Transaction Events made through the Accused Instrumentalities by users who were logged in using Facebook and/or Google login credentials from 2010 to the present.

12.     On a monthly basis, the total number of unique and non-unique (i.e., returning) visitors to the Accused Instrumentalities, the number of unique and non-unique visitors who disabled cookies, and the percentage of unique and non-unique visitors who disabled cookies from 2010 to the present.

13.     On a monthly basis, the number of unique and non-unique visitors who disabled caching in their web browser and the percentage of unique and non-unique visitors who disabled caching in their web browser.

14.     The categories of information stored in cookies regarding visitors to the Accused Instrumentalities.

15.     Any analyses of the impact of latency on users of the Accused Instrumentalities, such as measurements or assessments of the impact of latency on click-through rates, Transaction Event conversions, completed Transaction Events, and abandoned Transaction Events.

16.     Control panels, consoles, dashboards, or interfaces for any hosting, caching, or content delivery network service (e.g., Akamai, Fastly, Amazon s3, Amazon, Google, Edgecast), whether in-house or through a third-party for the Accused Instrumentalities.

17.     Any caching-related instructions or configuration settings in each version of the Accused Instrumentalities (such as Cache-Control, Edge-Control, Pragma, ETag, no-store, no-cache, must-revalidate, max-age, or downstream-ttl) that are set or modified by You or a third party.

18.     The identity of, and the location on the Source Code Computer of, any HTML template files that are used to generate content for each version of the Accused Instrumentalities.

19.     The URL(s), URI(s), or other portions of the Accused Instrumentalities generated by each HTML template file found on the Source Code Computer.

20.     The process by which any HTML template files on the Source Code Computer are used to generate content for the Accused Instrumentalities.

21.     The HTTP methods (e.g., GET, POST) used in the Accused Instrumentalities to interact with Your servers.

22.     The data formats (e.g., JSON, xml) used in the Accused Instrumentalities to interact with Your servers.

23.     The parameters and variables (including user IDs, session IDs, and deal IDs) located in hyperlinks in the Accused Instrumentalities.

24.     The communications (e.g., HTTP requests and responses, API calls) between Google or Facebook, Your servers, and the clients or browsers accessing the Accused Instrumentalities, when users "Sign In" to, "Log In" to, "Sign Up" for, or create their user account using Facebook or Google.

25.     Your communications and/or interactions with IBM concerning the Patents-in-Suit prior to March 2, 2016.

26.     Your communications with third parties concerning IBM, the Patents-in-Suit, and/or This Action.

27.     Any attempts you have made to avoid infringement or design around the Patents-in-Suit.

28.     The actual or anticipated cost of avoiding infringement or designing around the Patents-in-Suit.

29.     Any allegedly non-infringing alternatives to the inventions claimed in the Patents-in-Suit and the cost and acceptability of such allegedly non-infringing alternatives in the marketplace.

30.     Your knowledge of the Patents-in-Suit, including but not limited to: (i) how and when such awareness came about, (ii) any analysis performed by You or for You to determine whether You infringe the Patents-in-Suit, whether the Patents-in-Suit are valid or enforceable, or whether You should seek to obtain a license to the Patents-in-Suit, (iii) when any such analysis was performed and the persons involved, and (v) any documents that discuss, refer to, or comprise the same.

31.     Any opinion of counsel (whether oral or written) with respect to the Patents-in-Suit, and the documents that discuss, refer to, or comprise the same.

32.     The factual bases for all of Your defenses (including all affirmative defenses), counterclaims, or requests for relief.

# EXHIBIT G









# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTERNATIONAL BUSINESS MACHINES )
CORPORATION, )
                             )    C.A. No. 16-122-LPS

            Plaintiff, )

                             )    **JURY TRIAL DEMANDED**

     v. )

                             )    **FILED UNDER SEAL**
GROUPON, INC., )    **HIGHLY CONFIDENTIAL –**
                             )    **ATTORNEYS' EYES ONLY**

            Defendant. )

## DECLARATION OF BRIAN D. MATTY IN SUPPORT OF
## IBM'S REPLY IN SUPPORT OF ITS MOTIONS *IN LIMINE*

I, Brian D. Matty, declare as follows:

1.     I am an attorney with the law firm of Desmarais LLP, counsel of record for Plaintiff International Business Machines Corporation ("IBM") in the above-captioned matter, and I am admitted *pro hac vice* to this Court.  I submit this declaration based on personal knowledge, and if called upon as a witness, I could competently testify to the truth of each statement herein.

2.     I make this declaration in support of IBM's Reply in Support of Its Motions *in Limine*.

3.     Attached hereto as Exhibit N is a true and correct copy of excerpts from the Reply Expert Report of Dr. Jon B. Weissman on Invalidity, which is dated December 6, 2017. Annotations added for clarity. **Filed Under Seal**.

4.     Attached hereto as Exhibit O is a true and correct copy of excerpts from the Rebuttal Expert Report of James E. Malackowski, which is dated November 3, 2017. Annotations added for clarity. **Filed Under Seal**.

5.     Attached hereto as Exhibit P is a true and correct copy of an Order on Motions *in Limine* dated March 19, 2015, in the case *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-03587-WHO (N.D. Cal.)

6.     Attached hereto as Exhibit Q is a true and correct copy of an Order dated February 27, 2015, in the case *Skyhook Wireless, Inc. v. Google, Inc.*, No. 10-11571-RWZ (D. Mass.).

7.     Attached hereto as Exhibit R is a true and correct copy of an Opinion and Order dated September 29, 2014, in the case *Ultratec, Inc., et al. v. Sorenson Commc'ns, Inc., et al.*, No. 13-cv-346-bbc (W.D. Wisc.).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 31, 2018, in New York, NY.


*/s/ Brian D. Matty* _____

Brian D. Matty (admitted *pro hac vice*)

# EXHIBIT N





















# EXHIBIT O





# EXHIBIT P

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FUJIFILM CORPORATION,

            Plaintiff,

    v.

MOTOROLA MOBILITY LLC,

            Defendant.

Case No. 12-cv-03587-WHO

**ORDER ON MOTIONS IN LIMINE**

Re: Dkt. Nos. 211, 225

## INTRODUCTION

Plaintiff Fujifilm Corporation ("Fujifilm") and Motorola Mobility LLC ("Motorola") submitted motions in limine in preparation for the patent infringement trial set for April 20, 2015. Dkt. Nos. 211, 225. Fujifilm accuses Motorola of infringing claims 1, 2, 7, and 11 of U.S. Patent No. 6,144,763 (the '763 patent); claim 1 of U.S. Patent No. 8,306,285 (the '285 patent); claim 11 of U.S. Patent No. 7,327,886 (the '886 patent); and claims 1, 13, and 35 of U.S. Patent No. 6,915,119 (the '119 patent).[1] Each of the patents in suit concerns technology used in digital cameras and cellular telephones.

On March 11, 2015, the parties advised the Court that they had resolved a number of their motions in limine "pending agreement on the precise language of a stipulation." Those motions are Fujifilm's motions nos. 6 and 8, and Motorola's motions nos. 3, 6, 7, 9, and 15. The parties also advised the Court that Motorola intended to withdraw its motion no. 4. **The parties shall file the stipulation memorializing their agreement on these motions in limine on or before March 25, 2015.**

---

[1] Fujifilm also previously accused Motorola of infringing claim 1 of U.S. Patent No. 5,734,427 (the '427 patent). On February 20, 2015, I granted Motorola's motion for summary judgment of noninfringement of that claim, removing the '427 patent from the case. *See* Dkt. No. 196.

United States District Court
Northern District of California

Two of the parties' unresolved motions in limine concern the testimony of Dr. Gareth Macartney, one of Fujifilm's damages experts, and Dr. James Lansford, Motorola's expert on the Bluetooth Patent Copyright License Agreement that provides the basis for Motorola's licensing defense. Those motions are Fujifilm's motion no. 4 and Motorola's motion no. 5. Because the testimony of Drs. Macartney and Lansford will be a focus of the upcoming hearing set for March 27, 2015, I will address the motions in limine concerning their testimony following that hearing.

I heard argument on the other motions in limine at the pretrial conference on March 12, 2015.

## DISCUSSION

### I.   FUJIFILM'S MOTIONS IN LIMINE

**A.   Motion in Limine No. 1: Preclude Motorola from characterizing the workload of, or attacking, the U.S. Patent and Trademark Office ("PTO" or "USPTO")**

GRANTED IN PART. Fujifilm seeks to preclude Motorola from "making any negative or derogatory comments about the PTO or any patent it issues," in particular by "characterizing the workload of the PTO or otherwise attacking the quality of the work of the PTO." Fujifilm Mot. 2. Fujifilm asserts that such comments may subliminally cause the jury to "lessen . . . the clear and convincing evidentiary burden Motorola faces in its attempt to invalidate [the patents in suit]." *Id.*

In *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12-cv-01971-CW, 2014 WL 4090550 (N.D. Cal. Aug. 19, 2014), Judge Wilken granted a similar motion in limine and prohibited the parties from "discuss[ing] the quality of the USPTO's examination process, which is irrelevant and may be unfairly prejudicial or distracting from the relevant standard." *Id.* at \*10; *see also Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. 92-cv-20643-RMW, 1995 WL 261407, at \*3 (N.D. Cal. Apr. 25, 1995) (excluding as "irrelevant speculation" testimony "about overwork, quotas, awards, or promotions at the Patent Office, or the number of patents that issue annually, or insinuating that the Patent Office does not do its job properly").

Motorola contends that this motion is overly broad in that it threatens to prevent Motorola from introducing relevant evidence and argument that, in this particular case, the PTO should not have issued the patents in suit. Motorola Opp. 1. For example, Motorola plans to introduce

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    evidence showing that the PTO did not consider all relevant prior art when it issued the patents in

2    suit, and that it misread or misunderstood some of the prior art it did consider. *Id.*

3         While I doubt that Fujifilm intends this motion to extend to such evidence, I agree with

4    Motorola that the language used by Fujifilm – e.g., "any negative or derogatory comments" about

5    "any patent" issued by the PTO – is overly broad. Motorola will not be allowed to make

6    generalized comments about the quality of the PTO's examination process or otherwise insinuate

7    that, as a general matter, the PTO does not do its job properly. The parties have agreed to show

8    the Federal Judicial Center's video, "The Patent Process: An Overview for Jurors," as part of the

9    opening jury instructions. *See* Dkt. No. 223 at 19. This will give jurors the necessary background

10   on the PTO.

11        This ruling in no way prevents Motorola from making specific attacks on the validity of

12   the patents in suit, or from relying on evidence and/or argument that those particular patents were

13   improperly issued. Fujifilm is also advised that if it opens the door by, for example, implying that

14   the PTO carefully evaluated each of the patents in suit and all relevant prior art, I will reconsider

15   this ruling and may allow Motorola to respond with evidence regarding the PTO's workload.

16   **B.    Motion in Limine No. 2: Have Motorola's inequitable conduct defense tried to
            the Court after the jury trial and preclude Motorola from referencing its**
17           **inequitable conduct defense to the jury**

18        GRANTED. The parties do not dispute that inequitable conduct is an equitable defense

19   that carries no right to a jury trial. *See* Fujifilm Mot. 4; Motorola Opp. 2; *In re Metoprolol*

20   *Succinate Patent Litig.*, 494 F.3d 1011, 1020 (Fed. Cir. 2007). As inequitable conduct does not

21   require a jury determination and is potentially highly prejudicial to the patentee, courts regularly

22   bifurcate inequitable conduct issues from the jury portions of patent infringement trials. *See, e.g.*,

23   *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, No. 02-cv-03378-EDL, 2007 WL

24   607792, at *4 (N.D. Cal. Feb. 23, 2007) ("To the extent that evidence of inequitable conduct is

25   separate from other issues, such evidence shall not be presented during the first phase of trial and

26   shall be reserved for the Court."); *S.O.I.Tec Silicon On Insulator Technologies, S.A. v. MEMC*

27   *Elec. Materials, Inc.*, 745 F. Supp. 2d 489, 522 (D. Del. 2010) (noting that "[t]he court's practice

28

3

1  is to bifurcate the issue of inequitable conduct for a bench trial following a jury trial on other

2  issues"); *Japan Cash Mach. Co. v. MEI, Inc.*, No. 05-cv-01433, 2008 WL 5051245, at *8 (D. Nev.

3  Nov. 20, 2008) ("[I]f the instant trial is not bifurcated and [defendant's] evidence relevant solely

4  to inequitable conduct is presented in the jury's presence, there would be prejudice to [plaintiffs]

5  because of the serious allegations of withholding evidence from and deceiving the PTO.").

6        Motorola argues that bifurcation is nevertheless inappropriate here because there is

7  considerable overlap between the evidence supporting its claim that the '119 patent is invalid

8  under 35 U.S.C. § 102(f) and the evidence supporting its inequitable conduct defense. Motorola

9  Opp. 2. Motorola contends that it must be able to present its section 102(f) evidence to the jury,

10  and that "it does not make sense to present the same evidence twice – once to the jury (and the

11  Court) and a second time to the Court (without the jury)." *Id.*

12        Bifurcating the inequitable conduct issue will not prevent Motorola from presenting

13  section 102(f) evidence at trial; evidence of inequitable conduct will only be precluded "[t]o the

14  extent that [it] is separate from other issues" that will be tried to the jury. *Informatica*, 2007 WL

15  607792, at *4. In this way, Motorola has already agreed to this motion in limine; Motorola states

16  in its opposition brief that "[t]o the extent there is any evidence or argument directed exclusively

17  to the inequitable conduct issue, such as allegations of Mr. Konishi's intent to deceive the [PTO],

18  Motorola agrees to not present that evidence or argument to the jury." Motorola Opp. 3.

19        Nor will bifurcating the inequitable conduct defense require presentation of the same

20  evidence twice. As Motorola points out, during the jury portion of the trial it will be presenting

21  evidence to both "the jury (and the Court)." Motorola Opp. 2.

22        Accordingly, "any evidence or argument directed exclusively to the inequitable conduct

23  issue, such as allegations of Mr. Konishi's intent to deceive the [PTO]," Motorola Opp. 3, shall be

24  excluded from the jury portion of the trial. Such evidence shall be presented to the Court after the

25  jury portion.

26  **C.   Motion in Limine No. 3: Preclude Motorola from referencing prior asserted claims**

27

28  GRANTED. Fujifilm seeks to preclude Motorola from "putting before the jury the

1    irrelevant fact that Fujifilm asserted a greater number of claims than it asserts at present." Fujifilm

2    Mot. 5. Fujifilm initially asserted seventy-one claims in this action. Per my order dated

3    December 17, 2013, Fujifilm reduced its asserted claims to sixteen, and then voluntarily reduced

4    them to ten. I granted summary judgment of noninfringement on one of those ten claims, leaving

5    the nine claims that remain at play. Fujifilm argues this reduction of its asserted claims is

6    irrelevant, potentially unfairly prejudicial to Fujifilm and confusing to the jury.

7        Motorola responds that claims previously asserted in this action are relevant for two

8    reasons: (1) they may inform the plain and ordinary meaning of some of the remaining claims; and

9    (2) "the narrowing of the asserted claims in this case provides strong support for Motorola's

10    defense against Fujifilm's allegations of willful infringement." Motorola Opp. 4.

11        I agree with Fujifilm that "the . . . fact that [it] asserted a greater number of claims than it

12    asserts at present" is not relevant to the issues that will be tried before the jury, and that this fact is

13    properly excluded. Neither of Motorola's arguments warrants a contrary ruling. First, while

14    previously asserted claims may inform the jury's understanding of the plain and ordinary meaning

15    of certain remaining claims, I do not read Fujifilm's motion to seek the exclusion of all references

16    to previously asserted claims. Rather, I read the motion to seek the exclusion of references to the

17    fact that Fujifilm reduced the number of claims that it asserts in this action. Precluding references

18    to this fact does not preclude references to the previously asserted claims themselves.

19        Second, while some courts have held that evidence of dropped claims may add support to a

20    finding of no objective recklessness, *see, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp.

21    2d 150, 176-77 (D.R.I. 2009); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. CIV.A. 09-

22    290, 2012 WL 5463669, at *2 (W.D. Pa. Nov. 7, 2012), the objective prong of willful

23    infringement is a legal issue that is ultimately for the court to resolve, even where certain factual

24    issues concerning objective recklessness are also presented to the jury, *see Bard Peripheral

25    Vascular, Inc. v. W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1007-08 (Fed. Cir. 2012). The jury

26    in this case will hear evidence on the subjective prong of willful infringement, as well as evidence

27    regarding certain factual issues concerning the objective prong. But the reduction of Fujifilm's

28    asserted claims is not sufficiently probative of either of these issues to warrant admission here.

United States District Court
Northern District of California

5

1    *See* Fed. R. Evid. 403.

**D.    Motion in Limine No. 5: Preclude evidence of, or discussion regarding, the Fujifilm-Nokia collaboration**

DENIED.  The time for summary judgment motions has passed.  The only basis that Fujifilm offers for excluding evidence of the Fujifilm-Nokia collaboration is that Motorola is "manifestly unable" to prevail on its 35 U.S.C. § 102(f) defense.  Fujifilm Mot. 19.  If that is true, then Fujifilm should have sought partial summary judgment on the issue.  It did not.  Fujifilm may object at trial to specific items of evidence of the Fujifilm-Nokia collaboration on the grounds that they are irrelevant, that their probative value is substantially outweighed by one or more Fed. R. Evid. 403 dangers, or that they are otherwise inadmissible.  At this time, however, I decline to issue a blanket order excluding all such evidence.

**E.    Motion in Limine No. 7: Preclude Motorola from making arguments inconsistent with the Court's claim construction rulings**

GRANTED.  Neither party shall make arguments inconsistent with: (i) the claim construction order in this case, Dkt. No. 66; (ii) the ruling in the summary judgment order that the preamble of claim 1 of the '763 patent is not limiting, Dkt. No. 196 at 25-28; (iii) the ruling in the summary judgment order rejecting the argument that the "designating device" limitation in claims 1 and 35 of the '119 patent cannot cover "store-and-forward retransmission functionality" as a result of prosecution history disclaimer, Dkt. No. 196 at 33-38; or (iv) the ruling in the order on Motorola's motion to strike construing "at least one of" as used in claims 1 and 35 of the '119 patent as "one or more of the following."  If issues subsequently arise that require additional claim construction rulings, the parties will also be precluded from making arguments inconsistent with those rulings.  The grant of this motion does not prevent the parties from introducing other evidence regarding the plain and ordinary meaning of the asserted claims, "so long as the evidence does not amount to arguing claim construction to the jury."  *Cave Consulting Grp., LLC v. OptumInsight, Inc.*, No. 11-cv-00469-EJD, 2015 WL 740379, at *15 (N.D. Cal. Feb. 20, 2015); *see also MediaTek inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-05341-YGR, 2014 WL 971765, at *4 (N.D. Cal. Mar. 5, 2014); *Apple, Inc. v. Samsung Electronics Co.*, No. 12-cv-00630-

6

1    LHK, 2014 WL 660857, at *3 (N.D. Cal. Feb. 20, 2014).

2    **II.    MOTOROLA'S MOTIONS IN LIMINE**

3        **A.    Motion in Limine No. 1: Preclude expert opinions not timely disclosed as required by the Federal Rules of Civil Procedure**

4

5        DENIED.  The parties must adhere to the Federal Rules of Civil Procedure and other

6    applicable law in presenting evidence at trial, including the disclosure requirements of Federal

7    Rule of Civil Procedure 26(a)(2).  But the majority of the expert testimony that Motorola actually

8    seeks to exclude through this inaptly-titled motion was properly disclosed.  The rest is too vaguely

9    defined in the motion to warrant exclusion at this time.

10        **B.    Motion in Limine No. 2: Preclude Mr. Haeberli from offering conclusory opinions on the alleged commercial success and licensing of the '119 patent for purposes of showing nonobviousness**

11

12        DENIED.  At most, Motorola's concerns go to the weight of Haeberli's testimony.  They

13    do not establish inadmissibility under Fed. R. Evid. 402, 403, or 702.  *See Cradle IP, LLC v. Texas*

14    *Instruments, Inc.*, No. 11-cv-01254, 2013 WL 6118399, at *6 (D. Del. Nov. 20, 2013) (denying

15    motion to exclude testimony by invalidity expert on secondary considerations of nonobviousness

16    based on expert's "alleged failure to establish a nexus between the secondary considerations and

17    any of the claimed inventions" where the motion "goes to the weight of the evidence").

18    Motorola's claim that the content of Haeberli's testimony was not properly disclosed is also

19    unpersuasive.  *See nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011)

20    ("When determining whether an expert's testimony is beyond the scope of the expert's written

21    report, courts do not require verbatim consistency with the report, but allow testimony which is

22    consistent with the report and is a reasonable synthesis and/or elaboration of the opinions

23    contained in the expert's report.") (internal quotation marks and modifications omitted).

24        **C.    Motion in Limine No. 8: Preclude Fujifilm from offering evidence that Fujifilm directly competes with Motorola**

25

26        DENIED.  Motorola relies on Fed. R. Evid. 403 for this motion, asserting that it would be

27    highly prejudiced by evidence showing that the parties "offer competing products or compete for

28    the same customers."  Motorola Mot. 12-13.  Whatever prejudice Motorola may suffer as a result

1    of this evidence, it is not sufficiently unfair to substantially outweigh the probative value (for the

2    purpose of assessing damages) of competition between the parties.  Of course, Fujifilm will not be

3    allowed to mischaracterize the evidence or make arguments unsupported by the record.  But

4    admissible evidence of competition between the parties will not be excluded.

      **D.**    **Motion in Limine No. 10: Preclude parties, and in particular expert witnesses
and counsel, from instructing the jury on general principles of law, such as the
burden of proof and the presumption of validity**

7         DENIED.  To the extent this motion merely aims to remind Fujifilm that "[t]he Court will

8    instruct the jurors on the principles of law governing the case," Motorola Mot. 14, it is denied as

9    unnecessary and redundant.  *See Creative Dimensions in Mgmt., Inc. v. Thomas Grp., Inc.*, No. 96-

10   cv-06318, 1999 WL 225891, at *1 (E.D. Pa. Apr. 16, 1999) ("The purpose of a motion in limine is

11   not to obtain a court order directing the parties to present their case in a manner consistent with the

12   Federal Rules of Evidence and other well understood [ ] principles of law.").  To the extent the

13   motion seeks something other than that, it is denied as vague and potentially overbroad.

      **E.**    **Motion in Limine No. 11: Preclude Fujifilm from presenting evidence relating
to a conception date for the '119 patent earlier than October 29, 1999**

16        DENIED.  Motorola's objection under Fed. R. Civ. P. 37(c)(1) fails because it appears that

17   Fujifilm did timely disclose the evidence it intends to offer to show an earlier conception date for

18   the '119 patent.  *See* Motorola Mot. 14-15.  Motorola's Fed. R. Evid. 403 objection is also

19   unpersuasive.  The evidence that Fujifilm intends to offer is plainly relevant to the 35 U.S.C. §

20   102(f) issue in this case, and there is no indication that Motorola would be unfairly prejudiced by

21   the introduction of such evidence.

      **F.**    **Motion in Limine No. 12: Preclude Fujifilm from offering evidence or
argument that the Nokia Communicator 9000i is not prior art**

24        GRANTED IN PART.  This motion mirrors an argument raised in Motorola's motion to

25   strike, which I address in a separate order.  To the extent this motion seeks to preclude Haeberli

26   from delivering the testimony set out at page 7, line 13 to page 11, line 5 of Haeberli's rebuttal

27   report – i.e., the testimony at issue in Motorola's motion to strike – the motion is GRANTED IN

28   PART and DENIED IN PART, as described in the order on Motorola's motion to strike.  To the

1  extent the motion seeks to preclude other evidence or argument that the Nokia Communicator

2  9000i is not prior art, the motion is DENIED as vague and potentially overbroad.

**G.    Motion in Limine No. 13: Preclude parties from presenting evidence or making any reference to any party's "deep pockets" or suggesting that damages, if any, might be satisfied by a corporate parent of Motorola**

GRANTED IN PART.  Evidence of "the overall wealth or profitability of Motorola or any current or former corporate parent of Motorola," Motorola Mot. 16, is not relevant to proving damages and will be excluded from trial.  However, the wording of this motion threatens to exclude all references to Motorola's current and former corporate parents, Lenovo and Google. Information regarding them – other than their overall wealth or profitability – will likely be relevant to any damages determination and is not excluded by this ruling.

**H.    Motion in Limine No. 14: Preclude parties from making reference to any prior rulings by the Court**

GRANTED IN PART.  Except to the extent necessary to present the Court's claim constructions to the jury, the parties may not reference prior rulings from this case.  *See France Telecom S.A. v. Marvell Semiconductor Inc.*, No. 12-cv-04967-WHO, 2014 WL 4272771, at *1 (N.D. Cal. Aug. 28, 2014) ("Introduction of the Court's reasoning to support the reasonableness of [the defendant's] actions and its subjective belief that it did not infringe would be more prejudicial than probative and will be excluded.").  Fujifilm requests that it be allowed to introduce evidence of Motorola's many and rapidly evolving noninfringement positions to show that Motorola does not subjectively believe its own positions are valid.  While such evidence would not entail presentation of any reasoning from prior rulings, I still find that it would be more prejudicial than probative and will exclude it from trial.

**IT IS SO ORDERED**.

Dated: March 19, 2015

WILLIAM H. ORRICK
United States District Judge

# EXHIBIT Q

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11571-RWZ

SKYHOOK WIRELESS, INC.

v.

GOOGLE, INC.

ORDER

February 27, 2015

ZOBEL, D.J.

Now before the court are the parties' many motions in limine.  As is often the case, the parties' desire for certainty is difficult to achieve at this stage because many of the motions raise issues that are not capable of resolution in the abstract. Nonetheless, with the guidance from this order, the court hopes that the parties will work together to simplify the issues and ensure an orderly and efficient presentation for the jury.

**Skyhook's Motion No. 1 (Docket # 536):** Skyhook's first motion, which seeks to exclude remarks or evidence tending to criticize or disparage the United States Patent and Trademark Office ("USPTO") is ALLOWED IN PART and DENIED IN PART. Neither party may elicit testimony or make arguments disparaging the USPTO generally or suggesting that the USPTO's workload is too heavy for it to screen patent

applications effectively.  See, e.g., Intellectual Ventures I LLC v. Symantec Corp., No. 10-cv-1067, 2015 WL 82052, *1 (D. Del. 2015).  Yet, the parties may suggest that the USPTO is not infallible.  They may argue that the USPTO sometimes makes mistakes, and that it specifically may have erred in reviewing the asserted patents (e.g., by not reviewing certain prior art or not considering certain invalidity arguments).  Id.

**Skyhook's Motion No. 2 (Docket # 537):** Skyhook next moves to exclude evidence of or reference to Skyhook patents that were once asserted in this case but that have now been dropped.  The motion is ALLOWED IN PART and DENIED IN PART.  The motion is allowed to the extent that Google suggests that dropping the patents is evidence of bad faith or Skyhook's beliefs about the strength of its case. See, e.g., Guidetech, Inc. v. Brilliant Instruments, Inc., No. C. 09-5517, 2014 U.S. Dist. LEXIS 40368, at *6 (N.D. Cal. Mar. 25, 2014) ("Although [Plaintiff] originally asserted these patents in the present case, at summary judgment [Plaintiff] chose not to pursue them further. The fact that [Plaintiff] dropped these patents is not relevant to willful infringement of the patents remaining in the suit and further would be confusing and unfairly prejudicial.").  Google therefore may not present evidence or argument that any currently non-asserted patents were once asserted in this case.  But the motion is denied to the extent that it seeks to exclude any mention of the now non-asserted patents in the damages context.  To the extent that these patents are relevant to damages (e.g., as being included in the Apple-Skyhook license), Google may refer to them as it would any other non-asserted patent.

**Skyhook's Motion No. 3 (Docket # 538):** Skyhook also moves to exclude

2

evidence of or reference to patents that I have found indefinite. That motion is DENIED. First, these patents are relevant to damages for the same reasons discussed above. Second, a legitimate belief of invalidity is a defense to willful infringement, which Skyhook asserts. See i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 858 (Fed. Cir. 2010). Because the invalidated patents are related to the asserted patents, evidence that they were indeed invalid is probative of whether Google could have had a good-faith belief that the asserted patents were invalid. See, e.g., ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., No. 2:10-cv-248, ECF No. 763, at 12 (E.D. Va. Jul. 5, 2011).

**Skyhook's Motion No. 4 (Docket # 539):** There is no Motion No. 4.[1] Docket # 539 is DENIED AS MOOT.

**Skyhook's Motion No. 5 (Docket # 613):** Skyhook moves to exclude certain damages evidence post-dating the hypothetical negotiation. Specifically, it seeks an order precluding Google from offering evidence of or making reference to (1) the 2014 acquisition price of Skyhook; (2) Google's alleged inability to use device location on all devices; and (3) Google's alleged inability to substantially increase its mobile revenue with ads based on device location. That motion is DENIED. "[F]actual developments occurring after the date of the hypothetical negotiation can inform the damages calculation." Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1333 (Fed. Cir.

---

[1] Skyhook's fourth motion is titled on the docket as a motion to exclude the testimony of Beth Winkowski. Yet, the document associated with that docket entry is the same as Skyhook's Motion No. 3 (Docket # 538). The court noted this deficiency in its February 18, 2015, order and gave Skyhook leave to correct the filing by February 20, 2015. See Docket # 562 at 1 n.1. Skyhook did not do so.

3

2009). Evidence of Google's inability to use device location on all devices and its alleged inability to increase mobile revenue with location-based ads is relevant to "the extent to which the infringer has made use of the invention; and any evidence probative of the value of that use," and the "established profitability of the product made under the patent; its commercial success; and its current popularity." Georgia-Pac. Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). And evidence of Skyhook's eventual acquisition price is relevant to the value of the hypothetical license, despite the delay between the date of the hypothetical negotiation and the acquisition. See, e.g., Integra Lifesciences I, Ltd. v. Merck KGaA, 331 F.3d 860, 871 (Fed. Cir. 2003), vacated on non-infringement grounds, 545 U.S. 193 (2005) ("The $15,000,000 royalty [from a 1994 hypothetical negotiation] also does not appear to take into account numerous factors that would considerably reduce the value of a hypothetical license. For example, Integra purchased Telios (together with all of its products, patents and know-how) for $20,000,000 in 1996.").[2]

**Skyhook's Motion No. 6 (Docket # 614):** Skyhook seeks to exclude argument that it did not apportion Google's incremental revenue in arriving at its damages position. In light of my recent Daubert opinion, that motion is DENIED. See, e.g., Docket # 563 at 22.

**Skyhook's Motion No. 7 (Docket # 540):** Skyhook moves to exclude portions

---

[2] Skyhook's argument that this testimony should be excluded because its acquisition price was artificially reduced by Google's alleged infringement is particularly unavailing. At the time of the acquisition, Skyhook's assets included this cause of action, which seeks to recover not only the full value of that harm but also enhanced damages for willful infringement.

of the deposition testimony of two witnesses that contain profanity.  That motion is

DENIED.  Like any other testimony, the deposition testimony containing profanity must

be relevant to an issue to be tried to be presented at trial.  But the mere fact that it

contains profanity is not reason to exclude it.

**Skyhook's Motion No. 8 (Docket # 548):**  Skyhook moves to exclude the

testimony of Dr. Pratap Misra, an inventor on a patent application to which the '219

patent claims priority, on two grounds: that he will offer undisclosed expert testimony

and that his testimony will be directed to standing and inventorship, a topic that the

court has twice deemed untimely.  The motion is DENIED IN PART with respect to the

first objection and ALLOWED IN PART with respect to the second.  As to the first,

Google contends that it will only offer Dr. Misra as a fact witness and not as an expert.

It has identified several relevant topics for which Dr. Misra has first-hand knowledge,

like the invention story for the '219 patent family and the conception date of the '219

patent.  Google may elicit fact testimony from Dr. Misra on these points, but it may not

offer expert testimony from him.  Skyhook may raise objections to any backdoor

attempts to offer expert testimony from Dr. Misra on a case-by-case basis.  As to the

second objection, Dr. Misra may not offer testimony that is only relevant to inventorship.

This is the third time that the court has rejected Google's inventorship argument as

untimely.  Docket ## 429, 508.  Inventorship is not an issue to be tried, and Google will

not be permitted to offer evidence or argument about it.[3]

**Skyhook's Motion No. 9 (Docket No. 551):**  Skyhook moves to preclude use of or reference to the decisions of the Massachusetts state courts in the tortious interference case between Skyhook and Google.  Many of Skyhook's arguments are well taken.  The allegations and holdings in the state court case appear to be irrelevant to the issues to be tried here.  And, in my <u>Daubert</u> opinion, I declined to adopt Google's position that Skyhook is collaterally estopped by that case's holding from arguing that Skyhook could make an Android-compatible product.  Yet, at this stage, I cannot categorically say whether the state court action might be relevant to some issues or whether Google might be able to rely on collateral estoppel for other issues.  Accordingly, the motion is DENIED.  The parties may raise specific objections at trial.

**Skyhook's Motion No. 10 (Docket # 615):** Skyhook moves to exclude five categories of documents that it contends were not produced in a timely manner.  The motion is ALLOWED IN PART and DENIED IN PART as follows:

- ■ <u>Six Google licenses to allegedly comparable technologies.</u>  All of these licenses were part of Dr. Griswold's comparability analysis, which I excluded in my <u>Daubert</u> opinion.  Skyhook's current motion to exclude these licenses is allowed.

---

[3] Google's position that it must be permitted to argue improper inventorship because it creates a standing issue that cannot be waived is entirely without merit.  The court has not found that Google waived standing objections—it found that Google waived an improper inventorship defense by failing to raise it until 16 months after the deadline to do so.  As the asserted patents now exist, there are no standing issues.  All of the record owners (<u>i.e.</u>, just Skyhook) are joined.  That an eventual factual finding on an affirmative defense might provide the basis for a later standing argument is not enough to make that affirmative defense unwaivable.

- <u>Four 2014 market research reports from Canalys.</u>  Skyhook's motion about these reports is denied.  Google produced the reports shortly after they became available from the third party and in advance of their expert's report and deposition.  To the extent that Skyhook felt it would be prejudiced by not being able to respond to these documents with a report of its own, its remedy was to seek leave to file a supplemental expert report months ago, not to try to exclude these reports and all opinions flowing from them on the eve of trial.

- <u>Two documents that show Google mobile advertising revenue for a single week.</u>  Skyhook contends that Google disparaged the reliability of these documents during discovery.  That is not grounds to exclude the documents, but, rather, to the extent admissible, is fodder for cross examination.  Skyhook's motion to exclude these documents is denied.

- <u>Information from conversations that Dr. Putnam had with Google employees.</u>  Skyhook contends that the facts provided by each of these witnesses, and any arguments or opinions by Google and its experts based on them, should be excluded from trial because the employees were not identified during fact discovery.  But no rule required Google to make a complete disclosure of every employee with knowledge of the issues in the case, and Skyhook has pointed to no narrowly tailored interrogatory requesting this information.  Skyhook's motion with respect to these conversations is therefore denied.  Of course, to the extent that Google intends to rely on these conversations at trial, Skyhook may make

any appropriate hearsay objections.

■   <u>Evidence of non-infringing alternatives first raised in Google's expert reports.</u>
The opinions that Skyhook seeks to exclude either are sufficiently related to the opinions identified in Google's timely interrogatory response on this issue or are responses to Skyhook's own technical expert reports (which were appropriate because Google reserved the right to respond in its timely interrogatory responses). The motion on this point is denied.

**Skyhook's Motion No. 11 (Docket # 616):** Skyhook seeks to preclude Google and its expert Dr. Putnam from arguing, opining, or implying during trial that Skyhook's reasonable royalty damages are capped by the cost of any alleged non-infringing alternatives, by Google's profits, or by Skyhook's profits. The motion in limine is DENIED. The availability and cost of non-infringing alternatives and the profitability of the product are relevant to the hypothetical negotiation. <u>See, e.g.</u>, <u>Georgia-Pac. Corp.</u>, 318 F. Supp. at 1120 (factor 8, profitability); <u>Minco, Inc. v. Combustion Eng'g, Inc.</u>, 95 F.3d 1109, 1119-20 (Fed. Cir. 1996). Dr. Putnam is therefore free to suggest that these factors affect the reasonable royalty calculation. Of course, Google may not argue and its expert may not testify that the parties' profits or the costs of non-infringing alternatives provide a cap on damages as a matter of law, as it is for the court alone to instruct the jury on the law applicable to the case.

**Google's Motion No. 1 (Docket # 543):** Google seeks to preclude Skyhook from arguing that its product was Android-compatible or that Google acted improperly

in denying compatibility.  That motion is ALLOWED IN PART and DENIED IN PART.  It is allowed to the extent that Google's actions in denying that Skyhook's products were compatible with Android are not relevant to any of the issues to be tried.  But, for the same reasons discussed in my Daubert opinion, it is denied to the extent that it seeks to exclude argument that Skyhook could make an Android-compatible product.

Google's Motion No. 2 (Docket # 572):  Google seeks to exclude evidence or argument about willful infringement or copying, premising its motion largely on the alleged insufficiency of Skyhook's willfulness evidence.  That motion is DENIED.  "While argument regarding the sufficiency of the evidence 'might be a proper argument for summary judgment or for judgment as a matter of law, it is not a proper basis for a motion to exclude evidence prior to trial.'"  Meyer Intellectual Props. Ltd. v. Bodum, Inc., 690 F.3d 1354, 1378 (Fed. Cir. 2012).  Skyhook may present evidence of willful infringement and, if appropriate, Google may renew its argument in the form of a Rule 50 motion.  See Uniloc USA, Inc. v. Microsoft Corp., 632 F. Supp. 2d 147, 159 (D.R.I. 2009) (denying accused infringer's motion in limine to preclude patentee from offering evidence of willful infringement because the motion was effectively asking for summary judgment on the issue).

Google's Motion No. 3 (Docket # 573):  Google seeks to exclude evidence or argument about certain aspects of the CityBlock program, related investigations and legal proceedings, and any references to alleged privacy rights violations or invasions of privacy.  The motion is ALLOWED IN PART and DENIED IN PART.  Although any

9

alleged invasions of privacy, like the collection of payload data, are irrelevant and

prejudicial to this case, that does not mean that all documents mentioning these things

cannot be used for any purpose.  Skyhook's proposal, reproduced below, adequately

balances the competing concerns, so the court adopts it.  The parties may raise

objections to individual exhibits or testimony on a case-by-case basis.

> Neither party shall offer evidence or argument regarding Google's
> collection of "payload" data as part of its CityBlock Program or legal
> proceedings related to the CityBlock Program or Google's collection of
> "payload" data. This does not preclude the introduction of relevant
> documents that may refer to the collection of payload data, or legal
> proceedings related to the CityBlock program, or Google's collection of
> payload data, provided that those documents are appropriately redacted.

**Google's Motion No. 4 (Docket # 544):**  Google moves to exclude evidence or

arguments regarding expert reports or opinions not offered at trial, asking the court to

limit the scope of cross-examination of Google's expert witnesses to the scope of their

direct examinations.  That is the default rule under Rule 611(b), so the motion is

ALLOWED.  The parties' briefing, however, indicates that Google's requested relief

does not resolve the underlying dispute.  The real issue seems to be whether Skyhook

will be permitted to use deposition testimony of the late Dr. Boriello, a Google expert

witness who succumbed to an illness after submitting a report and being deposed, as

part of its case in chief.  It will not.  Dr. Boriello's deposition and expert report are

hearsay.  Because Google withdrew Dr. Boriello before the trial—and even engaged

replacement experts to offer opinions on the same topics several weeks ago—Dr.

Boriello's report and deposition are not party admissions by Google.  See, e.g.,

10

Glendale Fed. Bank, FSB v. United States, 39 Fed. Cl. 422, 425 (1997) ("Where an expert witness is withdrawn prior to trial, . . . the prior deposition testimony of that witness may not be used.  That deposition testimony is hearsay."); see also Mann v. Lincoln Elec., 2010 U.S. Dist. LEXIS 43824, at *4-6 (N.D. Ohio, May 5, 2010); Minebea Co. v. Papst, No. CIV.A. 97-0590 (PLF), 2005 WL 6271045, at *1 (D.D.C. Aug. 2, 2005).  Dr. Boriello's deposition testimony or report may be used to cross-examine Google's experts only to the extent that Skyhook can establish that his report or deposition formed part of the underlying facts or data upon which the expert being examined based his or her opinions.  See Glendale, 39 Fed. Cl. at 426.

**Google's Motion No. 5 (Docket # 578):**  Google moves to exclude so-called speculative damages evidence and argument, including references to Google's size, wealth, and alleged market power, and to value unrelated to the asserted patents.  The motion is ALLOWED IN PART and DENIED IN PART.  Google's size and wealth, on their own, are not relevant to the issues to be tried.  Skyhook may not make general statements about Google's financials that are unrelated to damages in this case.  Google's market power, however, is relevant to the bargaining position that the two parties would take in a hypothetical negotiation.  Testimony and argument on Google's market power is permissible to the extent that it relates to that negotiation, but is not permissible to the extent that it suggests that Google behaves as a monopoly or engages in unlawful or anticompetitive practices.  Evidence and arguments about Google's non-location-related revenues and profits, as well as the value of "location" to

11

Google, are similarly relevant to damages and are permissible for that purpose.  With these principles in mind, the parties may raise objections to specific mentions of these issues as appropriate at trial.

**Google's Motion No. 6 (Docket # 545):**  Google moves to exclude evidence or argument about legal proceedings other than those between Skyhook and Google. The court fails to see the relevance of such other proceedings at this point.  Because the admissibility of such testimony turns on the nature of the other proceedings and the purpose for which they will be used, objections on this issue are RESERVED for the trial.

**Google's Motion No. 7 (Docket # 574):**  Google moves to exclude evidence or argument about acquisitions that are unrelated to the asserted patents.  The motion is RESERVED to the trial.  Evidence of the value that Google attributed to other location products may be relevant to the value that Google would have attributed to Skyhook's technology, including the asserted patents, in a hypothetical negotiation.  At this stage, without testimony establishing the foundation for these acquisitions, I cannot categorically say that there is no admissible purpose for them.  Google may object to specific evidence or argument about its other acquisitions at trial, and Skyhook is reminded that it must appropriately tie any testimony about them to the hypothetical negotiation in this case.

**Google's Motion No. 8 (Docket No. 546):**  Google moves to exclude any argument or testimony about Skyhook's XPS product, contending that Skyhook

insufficiently linked that product to the asserted claims to make it relevant for Skyhook's damages calculation.  Google is correct that the same standard of comparability that caused me to exclude Dr. Griswold's opinions governs Skyhook's damages case.  It is also correct that, from what the court has seen so far (including Skyhook's technical expert report, which does not even mention XPS), the link between XPS and the patents is weak.  But, unlike the third-party technologies that I excluded from Google's comparability analysis in my <u>Daubert</u> opinion, one of the parties in this case, Skyhook, created and sold XPS.  Skyhook may be able to show technical comparability between XPS and the claimed technology through its fact witnesses, without needing to resort to expert testimony (<u>e.g.</u>, by establishing that XPS contains some or all of the features of WPS, which its technical expert, Mr. Geier, has found to practice the asserted claims).  By contending that WPS and XPS are comparable products in its discovery responses, Skyhook has provided sufficient notice that it may pursue such testimony—notice that Google had not provided (at least to the court's knowledge based on the <u>Daubert</u> submissions) with respect to the third-party technologies considered by Dr. Griswold.  I cannot, at this point, conclude that testimony or argument about XPS is inadmissible.  The motion is RESERVED to the trial.

     **Google's Motion No. 9 (Docket No. 579):**  Google next moves to exclude evidence or argument about allegedly non-comparable licenses.  That motion is also RESERVED to the trial.[4]   With respect to XPS licenses, it remains possible that

---

[4] I do not address the portion of the motion about Dr. Magee's alternative royalty theories, which I excluded in my <u>Daubert</u> opinion.  Licenses that are only relevant to that are, of course, not admissible.

13

Skyhook will prove that the licenses are comparable at trial, as I explained above. And Skyhook has offered opinions expressly linking WPS licenses to the claimed technology, which establishes comparability at this stage. It is therefore inappropriate to categorically exclude such licenses now.

**Google's Motion No. 10 (Docket No. 547):**  Google finally moves to exclude evidence or argument about alleged discovery delays or failure to provide discovery and the court's pretrial rulings. The motion is ALLOWED IN PART to the extent that neither party may present testimony or argument about discovery issues or alleged failures to provide discovery. Such testimony is not relevant to any issue to be tried. The motion is also allowed with respect to most of the court's pretrial rulings, but it is DENIED IN PART to the extent that it seeks to exclude testimony or argument about the court's claim constructions or its summary judgment decisions invalidating earlier asserted patents. See supra at Skyhook's Motion No. 3 (Docket # 538).


_____February 27, 2015_____          _____/s/Rya W. Zobel_____

DATE                                RYA W. ZOBEL
                              UNITED STATES DISTRICT JUDGE


14

15

# EXHIBIT R

Case 1:16-cv-00122-LPS    Document 324-2    Filed 06/20/18    Page 801 of 888 PageID
#: 16355
Case: 3:13-cv-00346-bbc   Document #: 546   Filed: 09/29/14   Page 1 of 42

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ULTRATEC, INC. and CAPTEL, INC.,

          Plaintiffs,

        v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

          Defendants.

OPINION AND ORDER

13-cv-346-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This civil action involving claims of patent infringement and counterclaims of invalidity is scheduled for trial beginning on October 14, 2014. This order addresses defendants' motion for claim construction, dkt. #478; plaintiffs' motions in limine nos. 1-11, 13 and 18-19; all four of defendants' <u>Daubert</u> motions, dkt. ##411, 413, 441 and 456; and defendants' motions in limine nos. 1-2, 6 and 11. Defendants' motion no. 9 will be addressed in a separate order with defendants' motion to correct apparent errors in the summary judgment order, dkt. #535. The remaining motions in limine (plaintiffs' motions nos. 12, 14, 15, 16 and 17 and defendants' motions nos. 3, 4, 5 and 10) relate to the issues of induced infringement, willfulness and damages and will be addressed in separate orders.

OPINION

## I. DEFENDANTS' MOTION FOR CLAIM CONSTRUCTION, dkt. #478

Defendants have moved for claim construction of the term "captioned telephone display device" in claim 1 of the '346 patent, arguing that construction is necessary to determine infringement. Dkt. #478. Plaintiffs raised construction of this term with respect to both the '346 and '835 patents in their brief in support of their motion for partial summary judgment. Dkt. #121 at 38-41 and 47-51. See also dkt. #148 at 30-35 (defendants' response); dkt. #192 at 27-34 (plaintiffs' reply). Because plaintiffs withdrew their motion with respect to the '835 patent and neither infringement nor validity of the '346 patent was before the court on summary judgment, it was unnecessary to construe this term at that time.

Asserted claim 1 of the '346 patent reads:

1. A method of operating a relay system using a call assistant to facilitate communication between a hearing user and an assisted user by telephone, the hearing user speaking words in voice, the method comprising the steps of

transmitting the voice of the hearing user when speaking to the ear of the call assistant;

the call assistant speaking in voice the same words that the call assistant hears spoken by the hearing user into a microphone connected to a digital computer;

the digital computer using voice recognition computer software trained to the voice of the call assistant to translate the words of the voice spoken by the call assistant into a digital text message stream containing the words spoken by the call assistant;

transmitting both the digital text message stream and the voice of the hearing user by telephone connection to the assisted user;

2

> displaying the digital text message stream to a captioned telephone display device within sight of the assisted person; and

> transmitting the voice of the hearing user to the assisted user.

Defendants have asked the court to construe "captioned telephone display device" to mean "a device configured to be connected to a conventional telephone that filters out and displays text signals sent with a voice signal and passes the filtered voice signal to the conventional telephone." Plaintiffs argue that the term should be given its plain and ordinary meaning or in the alternative, be defined as "a telephone device that is connected to convey both a voice communication and a text transcription of the voice communication to the user."

Defendants contend that the '346 patent discloses only a "stand-alone display device that receives and displays captions and then passes the voice signal to a connected telephone." Dkt. #478 at 2. According to defendants, the claim does not disclose a single, integrated device having both the caption telephone display and conventional telephone functionality. Id. As plaintiffs pointed out in their summary judgment briefing, however, the claim does not require a connection to a conventional telephone or the filtering of text signals. The claim language requires only that voice and text be transmitted to the assisted user over a telephone connection (which I have not limited to a physical land line), the text be displayed to the device within sight of the assisted user and the voice of the hearing user be transmitted to the assisted user. Although defendants cite language from the specification discussing an embodiment using a conventional telephone to transmit the hearing user's voice to the assisted user, nothing in the patent claim or specification says that this *must* be the case or that the device cannot perform that function in addition to displaying the text.

'346 patent, col. 8, ln. 63 to col. 9, ln. 3.  Similarly, defendants cite a single-telephone-line embodiment in which filtering occurs.  Although the cited specification language expressly states that "appropriate filtering" is important, it does so only in reference to one particular embodiment.  '346 patent, col. 8, lns. 4-13.  Nothing in claim 1 requires filtering.

Accordingly, I find that the term "captioned telephone display device" is not limited to a device that is connected to or integrated with a conventional telephone or that filters out text signals.  I decline to adopt plaintiffs' alternative construction because it adds no clarity to the plain and ordinary meaning of the term.  As a final matter, I note that this construction is not inconsistent with my previous construction of the preamble to claim 1 of the '082 patent.  In the summary judgment order, I found that the preamble in that patent did not require the "captioned telephone device" itself to convey both the voice of the hearing user and text to the assisted user.  Although the terms "captioned telephone device" and "captioned telephone display device" may be analogous, they are used differently in the '082 and '346 patents and the parties' dispute addressed separate issues.  In any event, it appears that both patents disclose a device that can be either a single, stand-alone unit or a unit used in conjunction with a conventional telephone.


## II. PLAINTIFFS' MOTIONS IN LIMINE

A. <u>Plaintiffs' Motion in Limine No. 1 to Exclude the Yamamoto Reference, dkt. #418</u>

Plaintiffs ask the court to exclude the "Yamamoto reference," a paper presented at a conference in Japan in March 1996 that plaintiffs believe defendants will rely on to argue

invalidity. The parties argue over whether the reference qualifies as a "printed publication" under 35 U.S.C. § 102. "In order to qualify as a printed publication within the meaning of § 102, a reference 'must have been sufficiently accessible to the public interested in the art.'" In re Lister, 583 F.3d 1307, 1311 (Fed. Cir. 2009) (quoting In re Cronyn, 890 F.2d 1158, 1160 (Fed. Cir. 1989)). "A reference is publicly accessible 'upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it.'" Kyocera Wireless Corp. v. International Trade Commission, 545 F.3d 1340, 1350 (Fed. Cir. 2008) (quoting SRI International, Inc. v. Internet Security Systems Inc., 511 F.3d 1186, 1194 (Fed. Cir. 2008)).

The Yamamoto reference was presented at the Acoustical Society of Japan conference attended by 100 to 150 individuals; the paper was published in a book of all the conference papers that was available to the conference attendees; and after the conference the paper was submitted to the Japan Science and Technology Agency where it was available for review by the public. Neither side says whether the Japan Science and Technology Agency marketed, distributed or indexed the paper, so I must assume that it did not. When references are not distributed to the public or indexed for searching by the public, the court

> must consider several factors relevant to the facts of [the] case before determining whether or not [the publication] was sufficiently publicly accessible in order to be considered a "printed publication" under § 102(b). . . . The factors relevant to the facts of this case are: the length of time the display was exhibited, the expertise of the target audience, the existence (or lack thereof) of reasonable expectations that the material displayed would not

be copied, and the simplicity or ease with which the material displayed could have been copied.

In re Klopfenstein, 380 F.3d 1345, 1350 (Fed. Cir. 2004).

In this case, the Yamamoto paper has been available since May 1, 1996 until the present, so it was "on display" for more than a year before the filing date for the earliest patent in suit, September 8, 1997, which is significantly longer than the reference in In re Klopfenstein, 380 F.3d at 1350, which was displayed for three days at a conference. The target audience, like the one in Klopfenstein, was experts (Acoustical Society members) who are likely to have ordinary skill in the art and who are more likely to retain information on the subject matter. Neither side suggests there were any expectations of confidentiality, but the conference book was not free, so I can infer that there was some expectation that the conference book would not be copied for free distribution. However, this factor is most important when the display is temporary, rather than enduring as is the case for the Yamamoto reference. Id. at 1351 ("Where parties have taken steps to prevent the public from copying *temporarily* posted information, the opportunity for others to appropriate that information and assure its widespread public accessibility is reduced.") (Emphasis added). Similarly, the ease with which something may be copied is less important if the publication may be purchased because then retention by memory is less critical. Id. ("The simpler a display is, the more likely members of the public could learn it by rote or take notes adequate enough for later reproduction."). The Yamamoto reference was available for purchase at and after the conference and available for review after the conference, May 1996 and onward. Massachusetts Institute of Technology v. AB Fortia, 774 F.2d 1104, 1109

6

(Fed. Cir. 1985) (concluding that prior art was "printed publication" when "between 50 and 500 persons interested and of ordinary skill in the subject matter were actually told of the existence of the paper and informed of its contents by the oral presentation, and the document itself was actually disseminated without restriction to at least six persons"). Therefore, I conclude that the Yamamoto reference is a "printed publication" under 35 U.S.C. § 102 and may be considered by the jury for the purpose of determining invalidity.


B.  <u>Plaintiffs' Motion in Limine No. 2 to Preclude Any Defense Witnesses
   Not Properly Disclosed under Rule 26, dkt. #420</u>

Plaintiffs point out that defendants failed to disclose any employees as expert witnesses in accordance with Fed. R. Civ. P. 26 and ask that the court not allow any witnesses to testify who have not been disclosed properly under Rule 26. Because plaintiffs have not identified any specific witnesses to whom they object and defendants confirm that they will not be calling any undisclosed witnesses at trial, plaintiffs' motion in limine no. 2 will be denied as unnecessary.


C.  <u>Plaintiffs' Motion in Limine No. 3 to Exclude Evidence or Argument on Workload or
   Disparagement of U.S. Patent and Trademark Office, dkt. #422</u>

The parties agree that generalized, negative remarks about the patent office would be inappropriate, as well as irrelevant. Evidence or arguments to the effect that the patent office has particular experience and skill in considering patents would be equally inappropriate. This ruling does not prohibit defendants from adducing evidence that a

7

particular prior art reference was not before the patent office when it reviewed plaintiffs' applications for patents or that a patent has obvious errors.


D. Plaintiffs' Motion in Limine No. 4 to Exclude Evidence Related to Quarles & Brady LLP's Prosecution of Patents in Suit, dkt. #424

Plaintiffs want the court to bar defendants from telling the jury that Quarles & Brady LLP prosecuted the patents at issue in this lawsuit. It is not clear what the purpose of such a ruling might be. After all, the patents show that the firm prosecuted them. However, defendants have failed to make it clear what relevance there might be in identifying the firm, although they oppose the motion vigorously. They do confirm that they do not intend to argue inequitable conduct, so that is not an issue.

I will not rule on the motion at this time. If at trial either side believes it needs a ruling on a particular witness or a particular line of questioning, it can request one from the court.


E. Plaintiffs' Motion in Limine No. 5 to Preclude Evidence or Argument Concerning Injunctive Relief, Treble Damages, and Attorney's Fees, dkt. #426

Plaintiffs ask the court to exclude evidence "advising the jury of Plaintiffs' requests for an injunction, treble damages, and attorneys' fees." Plts.' Br., dkt. #427, at 1. Defendants agree that they will not submit evidence in front of the jury that refers to plaintiffs' requests for injunctive relief, treble damages or attorneys' fees, but they point out that some evidence may be relevant to other issues in the trial that pertain to these requests.

Defendants do not explain what those might be, but I agree that to the extent such evidence exists, its admissibility must be determined on a case-by-case basis at trial. To the extent evidence is submitted purely for the purpose of disclosing plaintiffs' requests for injunctive relief, treble damages and attorneys' fees, it must be excluded.

F. Plaintiffs' Motion in Limine No. 6 to Preclude Evidence or Argument Concerning Plaintiffs' Duty of Candor or Any Claim of Equitable Conduct, dkt. #428

Plaintiffs ask the court to exclude evidence related to their duty of candor and any allegations of inequitable conduct before the Patent and Trademark Office because defendants have not asserted any claims or defenses related to this issue and the evidence would unduly prejudice plaintiffs. Defendants contend that they intend to introduce such evidence for the purpose of arguing that certain prior art was not before the Patent Office when plaintiffs' patents were prosecuted. Introduction of the evidence for that purpose is permissible because it bears on the validity of the patent. Accordingly, I am granting plaintiffs' motion but will allow defendants to introduce evidence related to what prior art was or was not before the patent office.

G. Plaintiffs' Motion in Limine No. 7 to Limit the Prior Art Defendants May Assert at Trial, dkt. #435

Plaintiffs have asked the court to limit defendants to asserting no more than three invalidating prior art references for each asserted patent and to identify the specific obviousness combinations that they intend to pursue at trial. They point out that

defendants have identified 63 references in their 35 U.S.C. § 282 notice, many of which were not included in Occhiogrosso's expert report on invalidity.  The request is rendered moot in part by the fact that defendants have disclosed in their proposed jury instructions a total of 13 references on which they intend to rely at trial, nine of which will be asserted against the '482 and '314 patents.  For the sake of efficiency and fairness, I will require defendants to identify any possible obviousness contentions that they have not identified previously to plaintiffs.  Defendants shall provide that list within three days of the date of this order.  To the extent that plaintiffs are asking that defendants pare down the combination of references to be used for obviousness or identify exactly which combinations they will rely on at trial, that request will be denied.

### H.  Plaintiffs' Motion in Limine No. 8 to Exclude Declaration of Conan Gregar, dkt. #437

Plaintiffs ask the court to exclude the declaration of Conan Gregar, a finance manager for Intel Corporation, because it does not show that Gregar has personal knowledge of several facts concerning the public availability of certain Intel products. Dkt. #337, exh. A. However, in a stipulation dated August 18, 2014, the parties agreed to the following:

> The parties agree that the declaration from Intel Corporation attached as Exhibit A will be treated the same as sworn U.S. deposition testimony in the Western District of Wisconsin Case Nos. 13-cv-346 and 14-cv-66. Plaintiffs specifically reserve all other objections to the testimony contained within Exhibit A. The use and admissibility of Exhibit A in any other proceedings will be governed by the rules in effect with respect to such other proceeding, and the parties reserve any and all objections to the same.

Dkt. #337. Defendants argue that they subpoened Intel Corporation pursuant to Rule 30(b)(6), dkt. #492, exh. 6, and that as the corporation's designated witness, Gregar could testify to "matters known or reasonably available" to the organization. PPM Finance, Inc. v. Norandal USA, Inc., 392 F.3d 889, 894-95 (7th Cir. 2004) (Rule 30(b)(6) witness authorized to testify to matters within his personal knowledge and matters known or reasonably available to organization). A district court in this circuit has noted that "[w]hen it comes to using Rule 30(b)(6) depositions at trial, strictly imposing the personal knowledge requirement would only recreate the problems that Rule 30(b)(6) was created to solve." Sara Lee Corp. v. Kraft Foods Inc., 276 F.R.D. 500, 503 (N.D. Ill. 2011).

I agree with defendants that the stipulation makes clear that Gregar's declaration would substitute for his testimony as Intel's designee under Rule 30(b)(6). Although plaintiffs reserved "other" objections to the testimony, they agreed to accept Gregar as a Rule 30(b)(6) witness, meaning they agreed that Gregar could speak on matters reasonably available to the corporation. The dates on which Intel made certain products publicly available and the publication date of one of its product handbooks are matters known by Intel or reasonably available to it. Accordingly, plaintiffs' motion will be denied.

I. Plaintiffs' Motion in Limine No. 9 to Exclude Evidence Contradicting this Court's Summary Judgment Rulings, dkt. #439

Plaintiffs ask the court to exclude evidence that conflicts with this court's summary judgment opinion on defendants' contract counterclaim (dkt. #352). Plaintiffs contend that the holdings from that opinion are

(1) the purported contract between Ultratec and the Federal Communications Commission ("FCC") did not obligate Plaintiffs to license their patents to Defendants; (2) that Defendants were not third party beneficiaries of the purported contract; (3) that Ultratec did not promise it would license its patents to the Defendants; (4) that Ultratec did not promise it would license its patents on a nondiscriminatory basis; and (5) that Defendants have no basis for contending they were misled or that their purported reliance was justified.

Plts.' Br., dkt. #440, at 1-2.  Defendants argue that plaintiffs' request is too broad and would exclude evidence that is relevant for other reasons.  Specifically, they say

The FCC's declaratory ruling approving IP CTS for reimbursement from the TRS Fund is an excellent example of the type of evidence Plaintiffs would apparently seek to exclude for purposes other than proving breach of contract. That Declaratory Ruling and related evidence, including public FCC filings and interpretations of the Ruling, are indisputably relevant to live issues in the case including (but not limited to) the FCC's creation of the IP CTS market, product inception and development, secondary considerations, induced infringement, willfulness, damages (including non-infringing alternatives and relative competitive position of the parties), and various affirmative defenses.

Dfts.' Br., dkt. #493, at 2-3.  Both parties paint with too broad a brush, but I agree with plaintiffs to the extent that I see no reason why evidence about these issues would be relevant to issues that will be decided by the *jury*, especially given that any issues relating to injunctive relief will be tried to the court outside the presence of the jury.  I will not allow defendants to submit this evidence unless they can show it is submitted for a relevant reason other than contradicting this court's ruling and is otherwise admissible.


J.  <u>Plaintiffs' Motion in Limine No. 10 to Preclude Technical Publications on Which Occhiogrosso Did Not Rely in his Expert Report, dkt. #442</u>

Plaintiffs seek to prevent defendants from introducing as evidence at trial more than 30 technical references related to enablement of certain prior art references. Dkt. #443, exh.

A (identifying documents).  Although Occhiogrosso identified eight of the publications in the appendix to his expert report on invalidity, he did not expressly rely on any of the publications in his expert report.   Plaintiffs seek both to prevent Occhiogrosso from testifying about the contents of the documents and to prevent defendants from introducing the publications into evidence.

As explained in the section addressing whether Occhiogrosso will be permitted to testify about enablement (plaintiffs' motion in limine no. 19), Occhiogrosso may discuss the eight references he identified in his report, so long as they meet the conditions set forth below.  With respect to the other reports, plaintiffs argue that they are (1) impermissible expert testimony under Fed. R. Evid. 702 because defendants failed to name the authors as expert witnesses; (2) inadmissible hearsay under Rules 801 and 802; and (3) unfairly prejudicial and misleading under Rules 403 and 703.

Defendants assert, correctly, that any publication dated October 1994 or before would be subject to the hearsay exception for ancient documents under Rule 803(16) (hearsay exception for statement in authenticated document that is at least 20 years old). I note, however, that certain conditions apply.  First, if these publications contain more than one level of hearsay, an appropriate exception must be found for each level of hearsay. United States v. Bronislaw Hajda, 135 F.3d 439, 444 (7th Cir. 1998); Rule 805 (no hearsay within hearsay).  Second, the author of the publication must have personal knowledge of the statement that is to be admitted.  Columbia First Bank, FSB v. United States, 58 Fed. Cl. 333, 337-38 (2003) (citing advisory committee note to Fed. R. Evid. 803 and Fed. R. Evid.

13

602); 5 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u> § 803.18

(2014 ed.). Third, if at the time the publication was written, a motive for misrepresentation

already existed, the document may be excluded under Rule 403 as unfairly prejudicial.  5

<u>Weinstein's Federal Evidence</u> § 803.18.

Defendants also argue that because these publications have "independent legal

significance" as enabling references, they are not being offered for the truth of the matter

asserted. <u>Bristol-Myers Squibb Co. v. Ben Venue Laboratories, Inc.</u>, 246 F.3d 1368, 1379

(Fed. Cir. 2001) (enablement of an anticipatory reference may be demonstrated by a later

reference); Rule 803(c) (statements not hearsay if not offered for truth of matter asserted).

A few district courts have held that prior art references offered as printed publications under

35 U.S.C. § 102(a) or (b) are not hearsay because they are not offered to prove the truth of

any statements within the reference.  7 Annotated Patent Digest § 44:96 (citing <u>Freeman v.</u>

<u>Minnesota Mining and Manufacturing Co.</u>, 675 F. Supp. 877, 884 n.5 (D. Del. 1987); <u>Joy</u>

<u>Technologies, Inc. v. Manbeck</u>, 751 F. Supp. 225, 233 n.2 (D.D.C. 1990), <u>judgment aff'd</u>,

959 F.2d 226, 22 U.S.P.Q.2d 1153 (Fed. Cir. 1992)).  These courts reason that the

publications were offered to show only that the claimed subject matter was in the public's

possession and not that the actual description of the invention was true.  The same reasoning

would apply in this case. <u>Bristol-Myers Squibb</u>, 246 F.3d at 1379 (noting that court has

looked to enabling references "only to show that the claimed subject matter . . . was in the

public's possession").  For similar reasons, these publications are not necessarily expert

opinions, as plaintiffs suggest.  Although some of the publications may contain opinion

14

evidence, they are not necessarily "expert opinions" merely because they contain technical or scientific information, as plaintiffs suggest. For example, the publications may contain factual information showing what products or features were available in the mid-1990s.

In sum, I will not exclude the enabling references as a general matter. If defendants are able to show that the particular statements that they intend to introduce at trial meet an exception to the hearsay rule, the statement may be admitted if introduced through a proper witness.

K.  Plaintiffs' Motion in Limine No. 11, to Preclude Evidence or Argument Regarding Alleged Copying by Plaintiffs, dkt. #446

In an order dated August 28, 2014, dkt. #350, deciding plaintiffs' partial motion for summary judgment, I concluded that defendants' '801 patent was invalid as obvious. Now plaintiffs have moved to bar defendants from introducing any evidence or arguing that plaintiffs copied the features of the '801 patent on the ground that the issue is irrelevant in light of the dismissal of the claims under the '801 patent. Dkt. #447. I will grant the motion.

In the August 28 order, I concluded that defendants had not adduced any evidence of copying by plaintiffs, but plaintiffs do not point to that as a reason for excluding the evidence. Further, defendants point to new evidence of alleged copying in their response brief, so I will assume for the purpose of resolving this motion that defendants have admissible evidence that plaintiffs copied features included in the '801 patent. However,

even with the benefit of that assumption, defendants have not shown that allegations about copying the '801 patent are relevant.

All of defendants' arguments relate to rebutting evidence that they anticipate plaintiffs will offer at trial. First, defendants say that plaintiffs intend to rely on the commercial success of their own patented products as evidence that their patents are not obvious. If so, defendants argue, plaintiffs' alleged copying of features disclosed in the '801 patent is evidence that any commercial success was related to the copied features rather than the inventive features of plaintiffs' patents. The inference defendants seem to be drawing is that, if plaintiffs believed that the unpatented features were worth copying, it follows that plaintiffs' sales increased at least in part because of those patented features. However, defendants do not develop an argument or cite any authority in support of a view that it is reasonable to an infer from the act of copying itself that the copied features rather than other new features caused an increase in sales. Of course, defendants are free to point to any admissible evidence that nonpatented features led to any commercial success, but that does require defendants to allege that plaintiffs copied those nonpatented features from defendants.

Defendants cite Apple, Inc. v. Samsung Electronics Co., 678 F.3d 1314, 1327 (Fed. Cir. 2012), in which the court affirmed a decision denying injunctive relief on the ground that the plaintiff "failed to show that it would likely be irreparably harmed by the infringement because it failed to demonstrate that consumer purchasing decisions were based on the presence of the [patented] feature." In asking for the injunction, the plaintiff argued

16

that the defendants' "employees themselves believed that [they] needed the [patented] feature to compete with" the plaintiff. Id. The court stated that "the evidence that [the defendants'] employees believed it to be important to incorporate the patented feature into [the defendant's] products is certainly relevant to the issue of nexus between the patent and market harm, [but] it is not dispositive. That is because the relevant inquiry focuses on the objective reasons as to why the patentee lost sales, not on the infringer's subjective beliefs as to why it gained them (or would be likely to gain them)." Id. at 1327-28. Defendants rely on the court's statement that a party's belief about the importance of a feature is "relevant to the issue of nexus between the patent and market harm."

Apple provides little guidance. For one thing, it involved a ruling on injunctive relief rather than evidence of obviousness. This is important because an injunction necessarily requires some speculation about *future* sales. The court said nothing about using a party's belief about the importance of a feature as evidence of the reason for sales that already have occurred. More important, Apple had nothing to do with copying, but rather addressed the extent to which a party's subjective beliefs about the importance of a feature could be relevant to showing the relationship between sales and that feature. Because plaintiffs did not file a motion in limine about the potential relevance of their subjective beliefs, I need not resolve the more general question whether defendants could use those beliefs (rather than the specific act of copying) to rebut plaintiffs' evidence regarding the reasons for the commercial success of their patented products.

Defendants' second argument is more difficult to follow, but it seems to be that evidence that plaintiffs copied defendants' products is evidence that defendants did not copy plaintiffs' products. This argument is not persuasive because the two are not mutually exclusive. Even if plaintiffs were copying some of the nonpatented features of defendants' products, the copying sheds no light on whether defendants were copying other, patented features of plaintiffs' products.

Defendants are concerned that plaintiffs will point to the similarity of the unpatented features as evidence that defendants copied plaintiffs' patented features, but that concern is unfounded. To the extent that plaintiffs are permitted to offer evidence of any copying by defendants, I see no reason at this point why that evidence would extend beyond the patented features of plaintiffs' products.

Third, defendants say that plaintiffs' alleged copying is relevant to a determination of a reasonable royalty in the event that the jury finds that defendants are liable. Defendants are correct that plaintiffs are not entitled to a royalty for unpatented features, but that is true regardless whether plaintiffs copied those features, so any alleged copying is not relevant to a royalty rate. Defendants do not need to put in evidence of alleged copying to argue that unpatented features should not be part of the royalty.

Finally, I note that it would be prejudicial to allow allegations of copying against plaintiffs related to a patent that has been dismissed from the case. Thus, even if defendants' evidence of copying had some marginal probative value, I would exclude the

evidence under Fed. R. Evid. 403 because the probative value would be substantially outweighed by the danger of unfair prejudice.

L.  Plaintiffs' Motion in Limine No. 13 to Preclude Dr. Gregg C. Vanderheiden from Offering Any Expert Testimony, dkt. #453

Plaintiffs ask the court to preclude Gregg C. Vanderheiden from testifying as an expert because defendants did not designate him as an expert or produce an expert report for him and because Vanderheiden has testified that he has not read plaintiffs' patents. Defendants argue that Vanderheiden should be allowed to testify as a fact witness, specifically so that he may explain the contents of the memorandum he drafted for the FCC, which the FCC published.  In the memorandum, Vanderheiden states that, in his opinion, there are noninfringing alternatives to plaintiffs' patents that fit the definition of the technology approved for FCC funding.  Defendants argue that they should be able to call Vanderheiden so that he can establish whether what he wrote in the memorandum was truthful and to show defendants' state of mind because they say they relied on this memorandum when deciding to enter into the marketplace.  Defendants' state of mind is relevant to plaintiff's arguments on willful blindness and willfulness.

Defendants argue that the memorandum may be introduced into evidence for the purpose of establishing the existence of noninfringing alternatives because, they argue, the memorandum is a statement by a party opponent.  Defendants say that plaintiffs adopted the memorandum under Fed. R. Evid. 801(d)(2) by "tacitly approving" Vanderheiden's final draft after plaintiffs and Vanderheiden exchanged drafts and discussions on the subject.

Defendants do not say what words plaintiffs used that make defendants believe that plaintiffs "approved" Vanderheiden's memorandum. The mere fact that Vanderheiden sent plaintiffs drafts of the memorandum and both parties discussed its contents does not suggest that plaintiffs "manifested that [they] adopted or believed [the statement] to be true." Defendants cannot transform Vanderheiden's expert opinion into fact testimony by asserting simply that plaintiffs discussed his opinion with him. Therefore, Vanderheiden will not be permitted to testify as to the truth of the opinions in his memorandum.

However, defendants' reliance on those opinions is evidence of their state of mind at the time they entered the marketplace with their allegedly infringing products. Accordingly, Vanderheiden's testimony and memorandum are admissible, with a curative instruction explaining the limited purpose of the evidence. The parties should submit proposed curative instructions on this issue to the court prior to the final pretrial conference scheduled for October 2, 2014.

M.  Plaintiffs' Motion in Limine No. 18 to Preclude Arguments that Conflict with Court's Summary Judgment Rulings or Were Previously Undisclosed, dkt. #471

Plaintiffs have asked the court to limit defendants' non-infringement arguments to those that are contained in Occhiogrosso's expert report and still viable after the court's ruling on summary judgment. This request is overly broad and vague. Without knowing exactly what evidence defendants intend to introduce at trial, it would be impossible to give a definitive ruling on plaintiffs' motion at this time. However, it is possible to rule that neither party will be allowed to introduce improperly disclosed expert opinions or to argue

or present evidence on the existence of claim elements that are inconsistent with the court's claim constructions.

A review of plaintiffs' arguments suggests that they have a few specific concerns to which defendants have responded. Therefore I will address those issues that have been properly developed by the parties.

Plaintiffs' first concern relates to whether defendants' expert, Benedict Occhiogrosso, improperly supplemented his expert report. In an order dated July 17, 2014, I gave defendants limited permission to have Occhiogrosso supplement his report in response to Ludwick's discussion of the modem (or its substantial equivalent) allegedly present in defendants' service. Dkt. #286. Plaintiffs contend that Occhiogrosso took advantage of this opportunity to add new opinions on the following issues: the level of skill in the art and his relevant qualifications, dkt. #300 at ¶¶ 4-11 and 28; claim construction, id. at ¶ 34; rebuttal to Ludwick's equivalency arguments on the terms "telephone line" and "telephone system," id. at ¶¶ 52-58; and a rebuttal to the declaration of Kevin Colwell, dkt. #184, relating to telephone and internet protocol connections in CapTel service, Id. at ¶¶ 66-69. Defendants say that even though Occhiogrosso added opinions to his supplemental report in addition to what the court specifically authorized in its July order, he was allowed to do so because defendants filed the supplemental report three weeks before his August 20, 2014 deposition on non-infringement and because the supplemental opinions addressed matters raised in his initial report.

Occhiogrosso's supplementation with respect to his qualifications and the level of skill
in the art is addressed in the discussion of plaintiffs' motion no. 19.   Occhiogrosso's
discussion of the telephone terms in his supplemental report appears to relate only to
whether "telephone system" in the '314 patent includes internet protocol technologies, a
matter he discussed at length in his original report on non-infringement, dkt. #135 at p. 19-
24, § VIII.B. Although this topic may be a proper subject for supplementation, I agree with
plaintiffs that these opinions are unnecessary and irrelevant because I have concluded that
the use of the word "telephone" in the '482 and '314 patents does not exclude internet
protocol connections.   Occhiogrosso's supplemental discussion of Colwell's declaration,
which plaintiffs submitted for the first time on summary judgment, is improper because it
specifically rebuts Colwell's opinion, which was not the subject of Occhiogrosso's initial
report.  Although the general subject matter may relate to issues raised in Occhiogrosso's
initial report and to Ludwick's opinions for which the court allowed Occhiogrosso to provide
supplementation (the presence of modems or their equivalents in CaptionCall call centers),
paragraphs 66 through 69 of Occhiogrosso's supplemental report specifically address
Colwell's arguments for the first time and therefore are improper.

Plaintiffs' concern with respect to the summary judgment ruling is that defendants
will attempt to make additional claim construction arguments related to terms that the court
already construed but that also appear in asserted claims that were not before the court on
summary judgment.  They argue that because Occhiogrosso did not testify previously that
the same term appearing in multiple patents should be construed differently, defendants

cannot now change course and attempt to argue new constructions of the same terms disclosed in claims that were not before the court on summary judgment. Defendants deny that they intend to do this but point out that the court did not construe the term "telecommunication device for the deaf" in claim 1 of the '314 patent and that there may be additional disputes concerning the term "modem." The court has not construed the term "telecommunication device for the deaf" because the parties did not present any dispute with respect to this term when they had the opportunity to do so. Therefore, any arguments made with respect to that term will not be inconsistent with the court's ruling on claims construction. With respect to "modem," defendants state that Occhiogrosso should be allowed to testify that the accused technology in the CaptionCall call center does not modulate a signal as a modem requires and is not "connected" to the call assistant workstations as the '314 patent requires. I agree that neither of these arguments conflicts with the court's finding that a "modem" need not convert a signal to audio tones.

N. Plaintiffs' Motion in Limine No. 19 to Preclude Certain Testimony from Benedict Occhiogrosso, dkt. #470 and Defendants' Motion to Exlude Argument and Testimony Analyzing Invalidity from Perspective of Limited Art, dkt. #441

These two motions can be addressed in one order because both are directed to plaintiffs' contention that defendants' expert witness, Benedict Occhiogrosso, is unqualified to testify as an expert witness. (In the second motion, plaintiffs assert reasons in addition to his alleged lack of qualifications for barring his testimony; I will discuss those at the end of this section.) Plaintiffs take the position that the person of ordinary skill in the art must

have specific experience with telecommunications relay services for the deaf and hard of hearing; defendants argue that such specialization is not necessary and that the person would meet the definition if he had ordinary skill in the art of "telecommunication systems and methods in which an intermediary facilitates voice to text transcription."

I am persuaded that defendants have the better of the argument, that the proper definition of a person of ordinary skill in the art would be a person with experience and skill in the technical art of telecommunications and voice-to-text transcription. (Because I agree with plaintiffs that the phrase "methods in which an intermediary facilitates voice-to-text transcription" improperly adds features that I rejected on claims construction, I have used "voice-to-text transcription.") "In determining the relevant art for purposes of addressing issues of patent validity, the court must look to the problem confronting the inventor." Bancorp Services, L.L.C. v. Hartford Life Insurance Co., 359 F.3d 1367, 1375 (Fed. Cir. 2004); see also Roberts v. Sears, Roebuck & Co., 723 F.2d 1324, 1334 (7th Cir. 1983) ("Pertinent art has been defined as the art to which one can reasonably be expected to look for a solution to a problem that the patented device attempts to solve."). In this instance, the field of telecommunication is the one to which a person of ordinary skill in the art would look for methods of improving telecommunication for deaf and hard of hearing users and, in particular, voice-to-text transcription.

Defendants' proposed definition encompasses a person with experience and skill in the field of telecommunication services for the deaf and hard of hearing but is not limited to persons working only in that particular area. It defines the art to which an inventor would

24

look to solve particular problems of telecommunication and voice to text transcription, whether the inventor is trying to solve a problem for a deaf or hard of hearing user, for a person looking for language interpretation services or for others seeking means of converting speech to text.

The definition is also supported by the patents in suit, many of which include a statement explaining that the inventions disclosed in them are not limited to problems of the deaf and hard of hearing, but may solve problems of the kind that arise in many areas of telecommunication as well as in voice-to-text transcription. E.g., '314 and '482 patents ("The improvements to the relay system and method of operating the relay described herein are applicable to the broad TDD [telecommunication device for the deaf] community and to all the applications in which a relay is normally used," col. 3, lns. 16-20); '104 patent ("Relay voice to text service might also be useful for any application in which it is desired to supplement voice communications by a text transcription of the voice spoken on the telephone," col. 3, lns. 42-45 and "the "assisted user," described in patent "may be deaf or hard of hearing, but . . . may also be a normally hearing person who simply wants text assistance for some reason"); and '346 patent ("Relay voice to text service might also be useful for any application in which it is desired to supplement voice communications by a text transcription of the voice spoken on the telephone." Col. 3, lns. 39-42).

Insofar as plaintiffs' assertions of Occhiogrosso's lack of qualifications relate to his alleged lack of experience with deaf and hard of hearing users, they need no further discussion in light of the determination that the relevant art is broader than plaintiffs'

Case 1:16-cv-00122-LPS    Document 324-2    Filed 06/20/18    Page 826 of 888 PageID
#: 16380
Case: 3:13-cv-00346-bbc   Document #: 546   Filed: 09/29/14   Page 26 of 42

proposed definition.   Insofar as plaintiffs contend that Occhiogrosso's training and
experience are insufficient even under the proper definition, their contention has no basis.
Occhiogrosso's initial and supplemental expert reports list his experience in a number of
areas:  traditional relay systems, including a system in which an audio signal is routed first
to interpreters who revoice what they hear in another language, after which the translated
audio signal is routed to those in need of it; captioning systems for public meetings; the
design and implementation of custom telecommunications systems, including routing and
switching of voice and text over different combinations of telephone lines and IP
connections; the implementation of medical transcription systems; the use of speech
recognition and error correction techniques; the design of a system for transcribing voicemail
messages; the application of speaker-dependent speech recognition to recorded voicemail
messages; and voice digitization, using circuit, packet and hybrid integrated switching
systems, including comparing cost, expandability, complexity, performance and reliability.

As mentioned earlier, plaintiffs object to Occhiogrosso's supplementation of his report
to add more details about his experience in the relevant art, after the court had given
defendants limited permission to supplement the report to discuss Ludwick's discussion of
the modem.  However, Occhiogrosso's supplementation in respect to his prior experience
and skill level merely adds detail to information he supplied in his initial expert reports on
non-infringement, dkt. #135, invalidity, dkts. ##134 and 133, and infringement, dkt.
#140. Plaintiffs had three weeks to review the new material before the August deposition,
so I will allow it.  Occhiogrosso's experience supports a finding that he is a person of

Case 1:16-cv-00122-LPS    Document 324-2    Filed 06/20/18    Page 827 of 888 PageID
#: 16381
Case: 3:13-cv-00346-bbc   Document #: 546   Filed: 09/29/14   Page 27 of 42

ordinary skill in the relevant art, as I have defined it, and he will be allowed to testify as an expert.

Plaintiffs have two additional challenges to Occhiogrosso's testimony: they want him barred from testifying about enablement as it relates to the Ryan patent, which defendants contend is prior art, and they do not want him to testify about a figure that allegedly depicts the teachings of McLaughlin. Plaintiffs point out, correctly, that Occhiogrosso did not say anything about enablement in his expert report on invalidity, dkt. #133, and that defendants gave no indication that they intended to submit an expert report on enablement. Instead, defendants waited until one business day before Occhiogrosso's May 8 and 9, 2014 deposition to serve plaintiffs the documents on which Occhiogrosso relied to reach an opinion about enablement. Moreover, defendants never questioned Occhiogrosso on the issue until the second day of the deposition, but plaintiffs had an opportunity to cross examine him on those opinions at length during that second day of the deposition. Occhiogrosso Dep., dkt. #173, 296-324.

Defendants should have provided plaintiffs written materials from Occhiogrosso more than one day before his deposition. However, in light of plaintiffs' opportunity to cross examine him at his deposition and question him about the late-produced documents, I will not bar him from testifying at trial about his beliefs that Ryan was enabled. The fact that Occhiogrosso did not discuss the factors in In re Wands, 838 F.2d 731, 737 (Fed. Cir. 1988), at his deposition is not a reason to bar his testimony, particularly since his counterpart, plaintiffs' expert, Paul Ludwick did not do so either.

27

Plaintiffs also want Occhiogrosso barred from providing evidence or testimony about a figure that allegedly depicts the teaching of the McLaughlin patent because he did not submit a declaration including this figure until May 12, 2014. This was three days after he had been deposed on May 8-9, and three months after he had submitted his expert report on invalidity. As plaintiffs point out, Occhiogrosso never supplemented his report to include the figure.  Plaintiffs contend that this failure to produce "a complete statement of all opinions the witness will express and the basis and reasons for them" mandates exclusion under Fed. R. Civ. P. 26(a)(2)(B) and NutraSweet Co. v. X-L Engineering Co., 227 F.3d 776, 785-86 (7th Cir. 2000) (failure to file supplemental report hampered opposing party's ability to examine expert witness; sanction of exclusion was not abuse of discretion).

Defendants' view of the situation is much different.  They say that the "figure" is nothing more than a "single demonstrative figure of an opinion disclosed and discussed in Mr. Occhiogrosso's expert report," Dfts.' Opp. to Plts.' Mot. to Strike, dkt. #214 at 13, and that plaintiffs had a full opportunity to depose Occhiogrosso on the same opinion at his deposition on May 8-9. Id. at 14-15.  Without having a copy of the figure, I cannot fully assess its significance, but unless it is something more than the kind of demonstrative figure a witness might scribble on a white board at trial to illustrate a concept, I will not strike it. If plaintiffs think it is, they can raise the issue at the final pretrial conference, so long as they have a copy of the figure for the court's review.

## III.  DEFENDANTS' MOTIONS IN LIMINE

### A.  Defendants' Motion in Limine No. 1 to Exclude Reference to Defendants' Ownership Interests, dkt. #394

Defendants contend that the jury should not hear any evidence or argument regarding the private equity ownership of either defendant.  Plaintiffs seem to agree, arguing only that such evidence is relevant to whether defendants will be able to avoid satisfying a monetary judgment and the question of irreparable harm with respect to monetary relief.  Therefore, I will grant defendants' motion to the extent that plaintiffs may not make any reference to defendants' ownership interests to the jury.

### B.  Defendants' Motion in Limine No. 2 to Exclude Reference to Defendants' Overall Revenues, Dkt. #395

Defendants ask that the court not allow the jury to hear any evidence or argument related to (1) defendants' overall revenues during the infringement phase of the trial and (2) defendant Sorenson's size, wealth, revenues and market share during the damages phase of trial.  Plaintiffs agree that Sorenson's *overall* revenues are not relevant during the liability phase of trial but argue that Sorenson's revenues related to the accused products and services and all of CaptionCall's revenues are relevant to plaintiffs' claim of induced infringement. Plaintiffs contend that the fact that defendants were able to establish a large revenue stream is circumstantial evidence of their motive to continue inducing infringement.

I find that any probative value defendants' revenue stream may have with respect to their intent to induce infringement is significantly outweighed by the potential prejudice that

it may have on the jury during the liability phase of trial. The parties' remaining arguments relating to the damages phase of trial will be addressed in a separate order.

## C.  Defendants' Motion in Limine No. 6 to Exclude Evidence and Argument Related to Sorenson's Video Relay Services, dkt. #399

Defendants ask that the court not permit the jury to hear evidence or argument about any complaints or comments made by Kelby Brick (former chief of the Disability Rights Office) or the Federal Communications Commission with respect to defendant Sorenson's video relay services. Plaintiffs have made clear in their response brief that they consider such evidence and argument relevant only to their request for a permanent injunction. Because any issues relating to injunctive relief will be tried to the court outside the presence of the jury, defendants' motion is moot.

## D.  Defendants' Motion No. 11 to Exclude Secondary Considerations of Honors and Awards, dkt. #404

This motion relates to secondary considerations of obviousness for the three features that plaintiffs allegedly claimed in their inventions: revoicing, nearly simultaneous voice and text and two-line captioned telephone service. Defendants seek to preclude testimony about any awards and honorary degrees given to plaintiffs or patent inventors Robert Engelke and Kevin Colwell because plaintiffs have not shown that there is any nexus between such evidence and the merits of the asserted claims. Defendants mention only two awards by name and do not provide any further information:  Engelke's honorary degree from the

University of Wisconsin and Colwell's Andrew Saks Engineering Award. Plaintiffs responded by providing information concerning the purpose and nature of the awards. A review of these submissions indicates that the honorary degree and award are relevant both to establishing the witnesses' qualifications as employee experts and as evidence of secondary considerations. The jury will be allowed to hear such evidence and weigh it accordingly. Defendants' motion no. 11 will be denied.

E.   Defendants' Motion to Exclude Certain Testimony of
Plaintiffs' Expert James Steel, dkt. #411

Defendants ask that this court preclude Steel from offering an expert opinion on non-obviousness of the '082, '740 and '104 patents because Steel testified at his deposition that he analyzed obviousness to a person of ordinary skill in the art in 1997 rather than in 2001, the priority date of the three patents. Steel did testify at one point that he considered September 8, 1997, the filing date of the '482 patent, when conducting his invalidity analysis of the three patents. Steel Dep. Tr., dkt. #367, at 14-15. However, as plaintiffs point out, he states in his report and other portions of his deposition testimony that he evaluated obviousness for the three patents as of 2001. Steel Dep. Tr., dkt. #367 at 14 and 30-31; Steel Expert Rep., dkt. #96 at 184. Although defendants admit that Steel refers to 2001 in his report, they argue that those particular opinions are inconsistent with plaintiffs' own admissions of the state of the art in 2001. They also contend that Steel based his analysis of the Ryan and Yamamoto references on the mid-1990s.

31

A review of Steel's report suggests that defendants have interpreted Steel's statements incorrectly. Even if defendants are correct, however, their criticisms show only that Steel provided inconsistent testimony and that his opinion contradicts some evidence of the state of the art in 2001. These facts do not make his report unreliable; they go to the weight that the jury should give to Steel's opinion and are fodder for cross examination at trial. Accordingly, defendants' motion will be denied.

F. Defendants' Motion to Exclude Certain Testimony from Plaintiffs' Expert Paul Ludwick, dkt. #413

Defendants ask the court to bar Ludwick from testifying on whether speech recognition technology was enabled in the prior art (specifically the Ryan reference) or the asserted patents and whether internet protocol connections constitute other types of communication connections or are equivalent to them. Defendants argue that Ludwick admitted in his deposition that he did not consider himself an expert in either speech recognition or internet protocol technologies and stated that his opinions regarding enablement of speech recognition were based on "internet research" of an unknown source. Dkt. #139 at 155 and 209; dkt. #359 at 77, 83, 157-58.

Ludwick's testimony is not inadmissible as unreliable merely because he testified that he was not an expert in certain areas not directly related to the technology at issue in this case or because he performed research on the internet. Plaintiffs point to relevant experiences and projects on which Ludwick has worked in incorporating both internet protocol and speech recognition software in relay services. I am satisfied that Ludwick is

Case 1:16-cv-00122-LPS    Document 324-2    Filed 06/20/18    Page 833 of 888 PageID
#: 16387
Case: 3:13-cv-00346-bbc   Document #: 546   Filed: 09/29/14   Page 33 of 42

qualified to talk about the use (or lack of use) of speech recognition software and internet protocol in relay services on the basis of his personal experience in designing and managing relay services and assessing whether speech recognition software could have been used in relay services in the 1990s. However, defendants raise a valid concern about his statements related to the basis for the following opinion: "[m]any speech recognition experts agree that a computer with a minimum processing speed of 200 megahertz is required for continuous speech recognition applications." Dkt. #278, exh. 2 at 9. At his deposition, he said that he reached this opinion by "simply [doing] some research on the internet at speech recognition websites to find out some more information." Dkt. #139 at p. 209-10. He also said that he had no other basis for this opinion. Ludwick appears to have no personal knowledge of the particular computing power needed to run speech recognition software and plaintiffs have not identified the specific source or sources of that opinion. Accordingly, Ludwick will not be allowed to testify on this specific issue.

With respect to internet protocol connections, plaintiffs correctly point out that there should not be a need for Ludwick or any other expert to testify about the equivalency of those connections to telephone connections because I have construed the "telephone" terms as not excluding internet protocol connections.

In sum, although Ludwick is not qualified to testify about the technical aspects of speech recognition software, he will be allowed to state an opinion on what he observed with respect to its performance and function within a relay service. The same applies to internet protocol connections. Ludwick is sufficiently qualified to discuss how internet protocol

33

connections function within a relay system to offer opinions about functional equivalence or non-infringing alternatives. Defendants will be free to cross examine Ludwick on the extent of his experience and knowledge with respect to both areas of technology.


G. Defendants' Motion to Exclude Evidence Regarding Secondary Conditions of Nonobviousness, dkt. #456

In attempting to rebut evidence that a patent claim is invalid because it is obvious under 35 U.S.C. § 103, a patent owner may submit evidence of objective factors that indicate that the invention is not obvious. Source Search Technologies, LLC v. LendingTree, LLC, 588 F.3d 1063, 1069 (Fed. Cir. 2009). This motion relates to the extent to which plaintiffs may submit evidence at trial on those objective, or "secondary" factors. I am granting defendants' motion with respect to their arguments that (1) plaintiffs are not entitled to a presumption that the commercial success of their products was the result of the patents in this case; and (2) plaintiffs may not argue that their products met an unfelt need for "nearly simultaneous" captions. I am denying the motion in all other respects.


1. Commercial success

"Commercial value is indeed one of the indicia of nonobviousness . . . because an invention that has commercial value is likely to come on the market very shortly after the idea constituting the invention . . . became obvious; if the invention did not appear so soon despite its value in the market, this is some evidence that it wasn't obvious after all." Ritchie v. Vast Resources, Inc., 563 F.3d 1334, 1336 (Fed. Cir. 2009) (Posner, J.). However,

34

because "[t]he commercial success of a product can have many causes unrelated to patentable inventiveness," id., "[e]vidence of commercial success . . . is only significant if there is a nexus between the claimed invention and the commercial success." Ormco Corp. v. Align Technology, Inc., 463 F.3d 1299, 1311–12 (Fed. Cir. 2006).

The first issue in dispute is whether plaintiffs are entitled to a presumption of a nexus. Plaintiffs say that they are because their products "perform the elements of the asserted claims," Plts.' Br., dkt. #519, at 2, but that is not the test. Rather, the question is whether plaintiffs' products are "coextensive" with the patent claims. Brown & Williamson Tobacco Corp. v. Philip Morris Inc., 229 F.3d 1120, 1130 (Fed. Cir. 2000). Defendants argue that plaintiffs' products are not coextensive with the claims because the products include many features that are not included in plaintiffs' patents. Because it is plaintiffs' burden to show that they are entitled to a presumption, Demaco Corp. v. F. Von Langsdorff Licensing Ltd., 851 F.2d 1387, 1392 (Fed. Cir. 1988), and plaintiffs have not developed an argument under the correct standard, I conclude that they are not entitled to a presumption.

The next issue is whether plaintiffs may present any evidence regarding the commercial success of their products as evidence of nonobviousness. Defendants argue that plaintiffs have not presented sufficient evidence to allow a reasonable jury to find a link between plaintiffs' inventions and the commercial success of their products, but that is a thinly-veiled motion for summary judgment, not a proper motion in limine. Accordingly, I conclude that both sides may put in whatever admissible evidence they have regarding the reasons for the commercial success of plaintiffs' products. If defendants believe that the

evidence at trial shows as a matter of law that plaintiffs' patents are invalid despite their commercial success, defendants will be free to file a motion under Fed. R. Civ. P. 50 at the appropriate time.

2. Long-felt need

"The existence of an enduring, unmet need is strong evidence that the invention is novel, not obvious, and not anticipated. If people are clamoring for a solution, and the best minds do not find it for years, that is practical evidence . . . of the state of knowledge." Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation, 831 F. Supp. 1354, 1378 (N.D. Ill. 1993) (Easterbrook, J.).

Defendants assert two arguments about this factor. First, they say that plaintiffs do not have sufficient evidence to support it, but again, I decline to consider that argument because defendants should have raised it in a motion for summary judgment.

Second, defendants assert a narrower argument that plaintiffs' experts should not be permitted to testify that there was a long-felt need for "nearly simultaneous" revoiced captions and voice because plaintiffs' patents in this case do not include that requirement. Defendants rely on a passage in the summary judgment opinion that "none of the claims at issue require real-time revoicing or any other temporal limitation regarding the speed at which the claimed steps must be performed." Dkt. #351 at 66.

In response, plaintiffs do not argue explicitly that any of their patents include a temporal limitation. Instead, they cite Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.,

776 F.2d 281, 306 n.42 (Fed. Cir. 1985), for the proposition that "[c]ase law requires that a nexus be established between the merits of the claimed invention and the evidence prof[f]erred on secondary considerations." Under Ashland, plaintiffs say, it is enough if the "asserted claims *result* in the assisted user receiving the revoiced captions and voice of the hearing user substantially simultaneously." Plts.' Br., dkt. #519, at 12 (emphasis in original). However, even if I accept plaintiffs' interpretation of the standard, the passage of the expert report they cite is simply a conclusion without any accompanying explanation to support a view that the claimed inventions necessarily lead to "nearly simultaneous" captions. Id. (quoting Ludwick Validity Rep., dkt. #98, at 258 (asserted claims "include elements that result in the assisted user receiving the revoiced captions and voice of the hearing [user] substantially simultaneously")). In their brief, plaintiffs state that "use of the term 'caption' or other description of voice and text both going to the user, implies synchronicity between the voice and text." Id. at 11-12. However, that appears to be an argument about claim construction, an argument that is both undeveloped and inconsistent with the summary judgment opinion. Because plaintiffs have not supported their position with an expert opinion or a developed legal argument, I am granting this aspect of defendants' motion.

3. Praise

Plaintiffs wish to rely on praise they received from their customers and from Sprint and Hamilton as evidence of nonobviousness. Defendants argue that "industry praise" may

Case 1:16-cv-00122-LPS    Document 324-2    Filed 06/20/18    Page 838 of 888 PageID
#: 16392
Case: 3:13-cv-00346-bbc    Document #: 546    Filed: 09/29/14    Page 38 of 42

be evidence of nonobviousness, <u>Apple Inc. v. International Trade Commission</u>, 725 F.3d 1356, 1366 (Fed. Cir. 2013), but praise from customers and "resellers" such as Sprint and Hamilton are not.

The parties debate whether Sprint and Hamilton are "competitors" or "resellers" of plaintiffs, but I need not resolve that issue for the purpose of this motion. Although praise from a competitor might be more indicative of nonobviousness than a praise from a reseller, defendants cite no authority for the view that praise from "friendlier" sources is inadmissible. Defendants are free to point out any reasons to question the praise on cross-examination. I reach the same conclusion with respect to the customers. Praise from customers is not as compelling as praise from experts in the industry but, again, defendants do not cite any authority for the view that plaintiffs' evidence is inadmissible. Accordingly, I am denying this part of defendants' motion in limine.


ORDER

IT IS ORDERED that

1. Defendants' motion to adopt their proposed claim construction, dkt. #478, is DENIED. The term "captioned telephone display device" in claim 1 of the '346 patent is construed as not being limited to a device that is connected to or integrated with a conventional telephone or that filters out text signals.

2. Plaintiffs' motion in limine no. 1, dkt. #418, is DENIED.

3. Plaintiffs' motion in limine no. 2, dkt. #420, is DENIED as unnecessary.

4. Plaintiffs' motion in limine no. 3, dkt. #422, is GRANTED except that this ruling does not prohibit defendants from introducing evidence that a particular prior art reference was not before the patent office when it reviewed plaintiffs' applications for patents or that a patent has obvious errors.

5. The ruling on plaintiffs' motion in limine no. 4, dkt. #424, is RESERVED. If at trial either side believes it needs a ruling on a particular witness or a particular line of questioning, it can request one from the court.

6. Plaintiffs' motion in limine no. 5, dkt. #426, is GRANTED with respect to evidence submitted purely for the purpose of disclosing plaintiffs' requests for injunctive relief, treble damages and attorneys' fees.

7. Plaintiffs' motion in limine no. 6, dkt. #428, is GRANTED except that defendants may introduce evidence related to what prior art was or was not before the patent office.

8. Plaintiffs' motion in limine no. 7, dkt. #435, is DENIED. However, within three days of the date of this order, defendants shall identify any possible obviousness contentions that they have not identified previously to plaintiffs.

9. Plaintiffs' motion in limine no. 8, dkt. #437, is DENIED.

10. Plaintiffs' motion in limine no. 9, dkt. #439, is GRANTED to the extent that defendants cannot show that such evidence is submitted for a relevant reason other than contradicting this court's summary judgment rulings.

11. Plaintiffs' motion in limine no. 10, dkt. #442, is DENIED on the condition that defendants must show that the particular statements that they intend to introduce at trial meet the conditions outlined in § II.J of this opinion.

12. Plaintiffs' motion in limine no. 11, dkt. #446, is GRANTED.

13. Plaintiffs' motion in limine no. 13, dkt. #453, is GRANTED in part and DENIED in part. Although defendants may not introduce the testimony of Gregg Vanderheiden for the truth of his opinions, defendants may introduce his testimony as evidence of their state of mind. The parties shall submit a proposed curative instruction by 12 noon on Wednesday, October 1, 2014.

14. Plaintiffs' motion in limine no. 18, dkt. #471, is GRANTED to the extent that neither party will be allowed to introduce improperly disclosed expert opinions or to argue or present evidence on the existence of claim elements that are inconsistent with the court's claim constructions. This ruling is subject to the conditions set forth in § II.M of this opinion.

15. Plaintiffs' motion in limine no. 19, dkt. #470, is DENIED.

16. Defendants' motion to exclude argument and testimony analyzing invalidity from the perspective of limited art, dkt. #441, is GRANTED. The relevant art is that of telecommunications and voice-to-text transcription.

17. Defendants' motion in limine no. 1, dkt. #394, is GRANTED to the extent that plaintiffs may not make any reference to defendants' ownership interests to the jury.

18. Defendants' motion in limine no. 2, dkt. #395, is GRANTED with respect to references to either of the defendants' overall revenues during the liability phase of trial. The motion is STAYED with respect to references to defendant Sorenson's size, wealth, revenues and market share during the damages phase of trial.

19.  Defendants' motion in limine no. 6, dkt. #399, is DENIED as moot.

20.  Defendants' motion in limine no. 11, dkt. #404, is DENIED.

21.  Defendants' <u>Daubert</u> motion to exclude testimony of James Steel, dkt. #411, is DENIED.

22.  Defendants' motion to exclude certain testimony from plaintiffs' expert Paul Ludwick, dkt. #413, is GRANTED with respect to Ludwick's opinions about the technical aspects of speech recognition software and DENIED in all other respects.  Ludwick may discuss what he observed with respect to the performance and function of speech recognition and internet protocol connection technology within a relay service.  He also may state an opinion on whether internet protocol connections constitute or are equivalent to other types of telecommunications connections.

23.  Defendants' motion to exclude evidence of secondary considerations, dkt. #456, is GRANTED with respect to defendants' arguments that (1) plaintiffs are not entitled to a presumption that the commercial success of their products was the result of the patents in this case; and (2) plaintiffs may not argue that their products met an unfelt need for "nearly simultaneous" captions.  The motion is DENIED in all other respects.

Entered this 29th day of September, 2014.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

41

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>GROUPON, INC. )<br><br>Defendant. ) | C.A. No. 1:16-cv-00122-LPS |

## EXHIBITS IN SUPPORT OF
## OPPOSITION BRIEF OF GROUPON, INC. TO PLAINIFF INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTIONS *IN LIMINE*

# ATTACHMENT 3

# ATTACHMENT 6

# ATTACHMENT 7

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 16-122-LPS |
| v. | ) ) | |
| GROUPON, INC. | ) ) | |
| Defendant. | ) | |

## REBUTTAL EXPERT REPORT OF DOUGLAS C. SCHMIDT CONCERNING VALIDITY OF U.S. PATENT NOS. 5,796,967, 7,072,849, 5,961,601, AND 7,631,346

Dated: November 3, 2017

DOUGLAS C. SCHMIDT

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

1324. The commercial success of Prodigy also provides objective evidence of non-obviousness of the '967 and '849 patents. By 1990, Prodigy was the fastest growing and second largest online service provider, with 465,000 subscribers.[729] Prodigy excelled in usability over its competitors, due in large part to the '967 patent technology (including caching and command bar functionality) and '849 patent technology (including advertising structuring, caching, and the prefetching of advertisements to enhance performance).

**B.    Long Felt Need, Lack Of Independent Invention, And The Failure Of Others To Invent The '849 And '967 Patents' Technologies**

1325. Prior to the invention of the '967 patent, computer networks included conventional, hierarchical architectures in which a centralized server host was required to satisfy all user data processing request, resulting in processing bottlenecks at the host.[730] A need existed for interactive networks to be made accessible to large numbers of users at low cost, minimal response, and clear presentation to enable the user to easily understand and control the display.[731] The asserted claims of the '967 patent addressed this long felt—but—unmet need by providing a method of presenting interactive applications on a computer network for a multiplicity of users and applications, with display partitions, including command functions, that were made up of objects that could be cached at the

---

device? ... A.    Yes."); 188:7-188:10 ("Q.    Would you agree that disabling caching on users' devices would increase latency for client-side those users? A.    Yes."); Sandridge Dep. Tr. at 241:3-241:10 ("Q.    Does caching content on the user's computer or device reduce latency? ... A.    Generally speaking, it can. Q.    Does prefetching content reduce latency? A.    Again, it can."); (Krems Dep. Tr. at 240:17-241:2 ("Q.    Why does Groupon want to reduce latency? ... A.    Reducing latency means less concurrent requests, meaning that we don't use as many resources, for example. Q.    Are there any other benefits to reducing latency? ... A.    It generally improves user experience").
[729] *See* IBM-GROUPON00119423-24. Dr. Weissman's opinion that "Prodigy system was not a commercial success, and this was well known at the time of its existence" is contradicted by the evidence cited in this report.
[730] '967 patent at 1:46-45
[731] *Id.* at 1:56-2:6

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

users' systems.[732]  A need also existed for interactive networks to be made accessible to large numbers of users at low cost, minimal response, and to provide advertising in a manner that would not disrupt or delay the provision of services.[733] The asserted claims of the '849 patent addressed this long felt but unmet need by providing a method presenting interactive advertising, on a computer network designed for a multiplicity of users and applications, where the advertising was prefetched for later display at the users' systems concurrently with the applications.

**C.      Licensing**

1326.  Successful licensing of the '967 and '849 patents by IBM provides evidence of its nonobviousness. ████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████  ███████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[732] *Id.* at 2:7-38.
[733] '849 patent at 1:53-61, 2:16-36
[734] *See* IBM-GROUPON00119413-14 (showing http://www-03.ibm.com/press/us/en/pressrelease/20481.wss).

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

███████████████ The importance of the '967 and '849 patents to those IBM patent licenses underscores the commercial success and nonobviousness of the '967 and '849 patents.

**D.     Industry Adoption**

1327.   The use of the '967 invention by others in the Internet industry demonstrates objective evidence of non-obviousness, as evidenced by the decision of the Network Working Group of the Internet Society (ISOC) and Internet Engineering Task Force (IETF) to include patented aspects of the '967 invention in the HTTP/1.1 protocol.[736] By including the caching of HTTP response objects in the development of the HTTP protocol, the IETF recognized the benefits of allowing web servers to specify what objects may be cached and under what conditions.

**XII.   THE '601 PATENT**

1328.   I hereby incorporate Section IV.I.3 of my Opening Report, entitled "The '601 Patent," and all subsections therein.

1329.   Although the techniques available for keeping track of state information in early web browsers and web servers showed promise, they did not support common browsing patterns, were non-portable, and consumed excessive resources, as described above in Section VI.B. Against that backdrop, the inventor of the '601 patent identified the "need for a method and system for preserving state in a stateless protocol which is not limited to a list of URL's which need to make use of the state information and where state information is correlated with specific conversations to avoid the problem of passing

---

[735] Weissman Opening Report at 192.
[736] *See, e.g.*, IBM-GROUPON00079800-9976 at IBM-GROUPON00079873-898; IBM-GROUPON00079977-IBM-080020.

410

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

secondary considerations of non-obviousness. Contrary to Dr. Weissman's contentions, several secondary considerations of non-obviousness demonstrate that the asserted claims of the '601 patent are not invalid for obviousness.

### A. Commercial Success and Licensing

1782. I understand that IBM has successfully licensed the '601 patent.[954]



### B. Commercial Success

1783. The commercial success of the accused instrumentalities in this case (Groupon's desktop website, mobile website, and mobile applications) are an indication of non-obviousness. I understand Groupon has enjoyed significant commercial success from the accused instrumentalities in this case.[957] As set forth in my Opening Report, Groupon's accused instrumentalities infringe the asserted claims of the '601 patent. There is thus a nexus between the claimed invention of the '601 patent and the commercial success of Groupon's accused instrumentalities.

---

[954] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶¶ 41-52.
[955] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶ 45.
[956] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶ 45
[957] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶¶ 69-77, 91-95, 125-128, 146-156.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE

1784. Dr. Weissman contends that factors other than the patented technology contribute to the success of the accused instrumentalities, including "the services Groupon's [sic] offers, Groupon's broad platform of merchants, Groupon's branding and marketing, and the ease of use of Groupon's services.[958] But I understand that the claimed invention need not be the sole basis of the commercial success, and I further understand that the patented technology of the '601 patent is a valuable feature in Groupon's accused instrumentalities, at least because users benefit from their searches, reservations, and transactions being tracked on the accused instrumentalities using the technology of the '601 patent.[959]

C.    Failure Of Others and Long Felt Need

1785. Various solutions for maintaining state in communications using a stateless protocol were available before the '601 patent.[960] However, none of them achieved the flexibility and widespread compatibility that was provided by the invention of the '601 patent.

1786. Others had tried to implement methods of maintaining state on the Internet that were more limited that the '601 patent's invention. As the patent explains, CGI programs were used but placed a cumbersome requirement on the client to follow the exact syntax for passing variables.[961]    HTML forms were used but seriously limited the types of interactions a client and server could have.[962]    Cookies were used but required a server to provide a list of all URLs which might use the cookies' state.[963]    Cookies also could not

---

[958] Weissman Opening Report at 309.
[959] *See, e.g.*, Opening Expert Report of Douglas C. Schmidt, Section XI.C.
[960] *See, e.g.*, '601 pat., 7:49-8:19; 8:66-9:10.
[961] *See, e.g.*, '601 pat., 7:52-57.
[962] *See, e.g.*, '601 pat., 8:33-46.
[963] *See, e.g.*, '601 pat., 9:11-15.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

of the '346 patent are not invalid for obviousness. I further note that IBM is not required to point out or rely on secondary considerations of non-obviousness unless Groupon and Dr. Weissman establish that the claims are obvious. As discussed above, Dr. Weissman has not provided clear and convincing evidence that any claim of the '346 patent is invalid as prima facie obvious.

### A.    Licensing

2165.  I understand that IBM has successfully licensed the '346 patent.[1344]



### B.    Commercial Success

2166.  The commercial success of the accused instrumentalities in this case (Groupon's desktop websites, touch websites, and mobile applications) is an indication of non-obviousness. I understand Groupon has enjoyed significant commercial success from the accused instrumentalities in this case.[1348] As set forth in my Opening Report, Groupon's accused

---

[1344] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶¶ 41-52.
[1345] Weissman Opening Report at 397
[1346] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶ 45.
[1347] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶ 45 (identifying the IBM/WebMD License); IBM-GROUPON00003321.
[1348] *See, e.g.*, October 6, 2017 Expert Report of Jerry A. Hausman ¶¶69- 79, 96-106, 125-128, 151-156. Opening Expert Report of Douglas C. Schmidt Concerning Infringement of U.S. Patent Nos. 5,796,967, 7,072,849, 5,961,601, and 7,631,346 XI.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE**

instrumentalities infringe the asserted claims of the '346 patent. There is thus a nexus between the claimed invention of the '346 patent and the commercial success of Groupon's accused instrumentalities. I further note that in response to IBM's Interrogatory No. 13 requesting that Groupon identify the portion of its profits Groupon "receive[s] from the Accused Instrumentalities that [Groupon] contends should be credited to non-patented elements," Groupon only stated that the "requested information is not available in the form requested."[1349] Groupon did not specifically allege that any other features are the source of its profits, just that its website includes unaccused features.[1350]

2167. Dr. Weissman contends that factors other than the patented technology contribute to the success of the accused instrumentalities.[1351] But I understand that the claimed invention need not be the sole basis of the commercial success, and I further understand that the patented technology of the '346 patent is a valuable feature in Groupon's accused instrumentalities, at least because there is a subset of users that create accounts on the accused instrumentalities using the technology of the '346 patent.[1352]

2168. I further note that TFIM, the product that incorporated the '346 patent, was successful in the marketplace and earned significant revenue.[1353]

---

[1349] Defendant Groupon's Supplemental Responses to Plaintiff IBM's First, Second, and Third Sets of Interrogatories (Nos. 1, 2, 4, 7, 8, 9, 10, 13, and 14) at 28-30.
[1350] Defendant Groupon's Supplemental Responses to Plaintiff IBM's First, Second, and Third Sets of Interrogatories (Nos. 1, 2, 4, 7, 8, 9, 10, 13, and 14) at 28-30.
[1351] Weissman Opening Report at 397.
[1352] See, e.g., Opening Expert Report of Douglas C. Schmidt Concerning Infringement of U.S. Patent Nos. 5,796,967, 7,072,849, 5,961,601, and 7,631,346 XI.
[1353] IBM-GROUPON10347215 (disclosing revenue for TFIM from 2008 through 2016).

# ATTACHMENT 8

# ATTACHMENT 9

# ATTACHMENT 10

# ATTACHMENT 11

# ATTACHMENT 12



# ATTACHMENT 13

# ATTACHMENT 14