IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GROUPON, INC.,<br><br>　　　　Defendant. | C.A. No.: 16-122-LPS-CJB |

**MEMORANDUM OF LAW IN SUPPORT OF
GO DADDY OPERATING COMPANY, LLC'S MOTION TO INTERVENE
PURSUANT TO FED. R. CIV. P. 24(b)(1)**

Dated: July 3, 2018

COZEN O'CONNOR
Gregory F. Fischer (No. 5269)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
Tel: 302-295-2017
Fax: 302-358-2307
Email: gfischer@cozen.com

Paula L. Zecchini
Jeffrey M. Monhait
Harper S. Seldin
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2084
Fax: 215-989-4182
Email: jmonhait@cozen.com

*Attorneys for Intervenor,
Go Daddy Operating Company, LLC*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND.................................................... 1

III. STANDARD FOR PERMISSIVE INTERVENTION .................................................. 2

IV. ARGUMENT................................................................................................................... 3
   A.  GoDaddy Has Standing For Permissive Intervention................................................ 3
   B.  GoDaddy Meets The Relaxed Commonality Requirement ..................................... 4
   C.  GoDaddy's Motion To Intervene Is Timely ............................................................. 5
   D.  The Existing Parties Will Not Be Prejudiced By GoDaddy's Intervention .......................... 5

V. CONCLUSION................................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chester v. Wetzel*,
   2014 WL 6066146 (M.D. Pa. Nov. 13, 2014) ................................................................. 2

*E.E.O.C. v. National Children's Center, Inc.*,
   146 F.3d 1042 (D.C. Cir. 1998) ..................................................................................... 4

*Hoots v. Pennsylvania*,
   672 F.2d 1133 (3d Cir. 1983) ........................................................................................ 2

*Kasilag v. Hartford Inv. Fin. Servs., LLC*,
   2016 WL 1394347 (D.N.J. Apr. 7, 2016) ...................................................................... 4

*Pansy v. Borough of Stroudsburg*,
   23 F.3d 772 (3d Cir. 1994) .................................................................................. 2, 3, 4, 5

*Pennsylvania Prison Soc'y v. Cortes*,
   622 F.3d 215 (3d Cir. 2010) .......................................................................................... 2

*United States v. Dentsply Int'l, Inc.*,
   187 F.R.D. 152 (D. Del. 1999) ...................................................................................... 4

*United States v. Hirsch*,
   2007 WL 1810703 (E.D. Pa. June 22, 2007) ................................................................. 2

*United States v. Territory of the Virgin Islands*,
   2015 WL 6459938 (D.V.I. Oct. 26, 2015) ..................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 24(b)(1) ........................................................................................................ 2, 4

Fed. R. Civ. P. 24(b)(3) ........................................................................................................... 2

Proposed Intervenor Go Daddy Operating Company, LLC ("GoDaddy"), by and through undersigned counsel, submits this Memorandum of Law in support of its Motion to Intervene.

## I. <u>INTRODUCTION</u>

GoDaddy learned last week that a confidential Settlement Agreement containing commercially sensitive licensing and payment information might be disclosed in open court during trial in this matter. GoDaddy has no interest in the merits of the dispute between International Business Machines Corporation and Groupon, Inc.; however, GoDaddy has a compelling interest in the confidentiality of the Settlement Agreement. GoDaddy respectfully requests that it be allowed to intervene in this matter for the sole, limited purpose of filing a motion for protective order to maintain the confidentiality of the Settlement Agreement and prevent its commercially sensitive terms from being made public.[1]

## II. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On December 31, 2014, GoDaddy and Plaintiff International Business Machines Corporation ("IBM") executed a confidential Settlement Agreement containing, *inter alia*, commercially sensitive licensing and payment terms, specifically negotiated for purposes of resolving a then-ongoing dispute between GoDaddy and IBM. *See* Declaration of Justin N. Redman at ¶ 5. The Settlement Agreement includes a non-disclosure provision requiring the parties not to disclose the terms or conditions of the Settlement Agreement to any third party without prior written consent. *See* Declaration of Justin N. Redman at ¶ 6.

On or about June 25, 2018, GoDaddy received a letter from IBM's counsel informing it that the Settlement Agreement may be disclosed in open court in connection with the scheduled

---

[1] GoDaddy will attempt to reach an agreement with counsel for the existing parties to maintain the confidentiality of the Settlement Agreement; however, in an abundance of caution, and mindful that trial is scheduled for July 16, 2018, GoDaddy filed its Motion to Intervene to protect its interests and to ensure that the Court had adequate time to consider its request.

July 16, 2018 trial in this matter. *See* Declaration of Justin N. Redman at ¶ 7. On July 2, 2018, GoDaddy informed the Court via letter of its intent to file a motion to intervene for the limited purpose of seeking a protective order sealing trial proceedings during any testimony regarding the Settlement Agreement. *See* Declaration of Justin N. Redman at ¶ 9. GoDaddy's proposed Motion for Protective Order is attached hereto as Exhibit A.

### III. STANDARD FOR PERMISSIVE INTERVENTION

The "procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *see also United States v. Hirsch*, 2007 WL 1810703, at *1 n.1 (E.D. Pa. June 22, 2007). "On timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Whether to grant a motion for permissive intervention is within the court's discretion. *See Pennsylvania Prison Soc'y v. Cortes*, 622 F.3d 215, 232 (3d Cir. 2010); *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1983). In exercising this discretion, courts consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). Courts therefore consider whether a movant for permissive intervention has standing, meets the commonality requirements, and has made a timely motion, and then whether intervention will unduly prejudice the parties. *See, e.g., Chester v. Wetzel*, 2014 WL 6066146, at *4 (M.D. Pa. Nov. 13, 2014) (granting the motion to intervene).

## IV. ARGUMENT

GoDaddy should be permitted to intervene for the limited purpose of filing a motion for protective order because GoDaddy (A) has standing for permissive intervention, (B) meets the relaxed commonality requirements applied in this procedural posture, (C) filed a timely motion as soon as it became aware of the confidentiality issue, and (D) will not unduly prejudice the parties if it is allowed to intervene for a limited purpose. Jurisdiction is also proper.[2]

### A. GoDaddy Has Standing For Permissive Intervention

GoDaddy has standing to intervene in this matter because it is a party to the confidential Settlement Agreement, which one or more parties to this action may introduce into evidence or testify about during the upcoming trial. "[T]hird parties have standing to challenge protective order and confidentiality orders in an effort to obtain access to information or judicial proceedings." *Pansy*, 23 F.3d at 777. Third parties have standing even when "they assert rights that may belong to a broad portion of the public at large" if the injury alleged is "a distinct and palpable" injury to itself. *Pansy*, 23 F.3d at 777. GoDaddy has standing to challenge the absence of a protective order for its confidential business information, and, as discussed at further length in its Proposed Motion for Protective Order, it will suffer a distinct and palpable injury to its business interests if the confidential terms of the Settlement Agreement are discussed in open court.

---

[2] GoDaddy does not need an independent jurisdictional basis to intervene because it seeks only a protective order, not to litigate the merits of this dispute. An independent jurisdictional basis for intervention is not required when the intervenor does not seek to litigate a claim on the merits. *See Pansy*, 23 F.3d at 778 n.3. Further, where an intervenor seeks to modify a court order, such as a protective order, the court has jurisdiction "based on the fact that it already has the power to modify the protective order and no independent jurisdictional basis is needed." *Pansy*, 23 F.3d at 778 n.3. Jurisdiction is proper in light of GoDaddy's limited-purpose intervention.

3

### B.     GoDaddy Meets The Relaxed Commonality Requirement

GoDaddy's limited-purpose intervention for a protective order over the Settlement Agreement satisfies the relaxed standard in *Pansy* for commonality. A challenge to the validity of a confidentiality order entered in a case is sufficient to meet the requirement of Rule 24(b)(1) that there be a common question of law or fact. *Pansy*, 23 F.3d at 778. Specificity that the intervenor's claim involves the same legal theory as the main action "is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Pansy*, 23 F.3d at 778 (quoting *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). *See also United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 157 (D. Del. 1999) (applying *Pansy*'s relaxed requirement for a factual or legal nexus when a party "seeks to intervene only for the purpose of modifying a protective order."); *United States v. Territory of the Virgin Islands*, 2015 WL 6459938, at *1 (D.V.I. Oct. 26, 2015) (finding permissive intervention appropriate when a party seeks to intervene for a limited purpose, such as the unsealing of documents filed in a case). *See also E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citing *Pansy* for the proposition that Rule 24(b) should be construed "as an avenue for third parties 'to have their day in court to contest the scope or need for confidentiality.'"). This applies whether the movant seeks to seal or unseal portions of the record. *See, e.g., Kasilag v. Hartford Inv. Fin. Servs., LLC*, 2016 WL 1394347, at *8 (D.N.J. Apr. 7, 2016) (applying *Pansy* where intervention sought "for purposes of sealing certain portions of the record" related to the intervenor's "internal, confidential financial information").

Under the relaxed *Pansy* standard, there is a sufficient nexus of law or fact to permit GoDaddy's intervention. GoDaddy intervenes only to protect the confidentiality of its

commercially sensitive information in the Settlement Agreement, which may be testified about or entered into evidence by the existing parties at trial.

### C. GoDaddy's Motion To Intervene Is Timely

GoDaddy's motion to intervene is timely because it moved as soon as practicable, and with all due haste, eight days after learning from IBM that the Settlement Agreement might be disclosed to third parties as part of these proceedings. A limited-purpose intervention to modify a confidentiality or protective order may be timely even when made "after the underlying dispute between the parties has been settled." *Pansy*, 23 F.3d at 779. Courts permit intervention even post-settlement because "in cases dealing with access to information, the public and third parties may often have no way of knowing at the time a confidentiality order is granted what relevance the settling case has to their interests." *Pansy*, 23 F.3d at 780. GoDaddy's motion is timely in light of the very recent disclosure of the potential confidentiality issue.

### D. The Existing Parties Will Not Be Prejudiced By GoDaddy's Intervention

IBM and Groupon will not be unduly prejudiced by GoDaddy's limited-purpose intervention on the ancillary issue of confidentiality for the commercially sensitive information in the Settlement Agreement. "[W]here an intervenor is litigating an ancillary issue, the potential for prejudice to the original parties due to the delay in intervention is minimized." *Pansy*, 23 F.3d at 779. GoDaddy seeks to intervene to maintain confidentiality over a single document. Moreover, the existing parties have already considered and at least partially briefed this issue, as set forth in the Proposed Final Pretrial Order (ECF Doc. No. 324). GoDaddy's arguments on this topic as to the Settlement Agreement will not require undue additional consideration from the existing parties. Further, it is GoDaddy's understanding that the Settlement Agreement may be disclosed in the context of a damages determination, about which only three witnesses are expected to testify. *See*

ECF Doc. No. 324 at p.32. Giving GoDaddy the opportunity to be heard will not affect the majority of the trial or unduly prejudice the existing parties.

## V. CONCLUSION

GoDaddy has a compelling interest in protecting its confidential and commercially sensitive information, and Rule 24(b), as applied in the Third Circuit, permits GoDaddy to intervene in this matter for that limited purpose. GoDaddy respectfully requests that this Court grant its motion to intervene so that the GoDaddy may be heard on its compelling interest in maintaining the confidentiality of the Settlement Agreement.

Dated: July 3, 2018

COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Gregory F. Fischer (No. 5269)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
Tel: 302-295-2017
Fax: 302-358-2307
Email: gfischer@cozen.com

Paula L. Zecchini
Jeffrey M. Monhait
Harper S. Seldin
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: 215-665-2084
Fax: 215-989-4182
Email: jmonhait@cozen.com

*Attorneys for Intervenor,
Go Daddy Operating Company, LLC*

6