# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GROUPON, INC., )<br>)<br>Defendant. ) | C.A. No. 16-122-LPS<br><br>**REDACTED PUBLIC VERSION** |

## GROUPON'S OFFER OF PROOF REGARDING THE TESTIMONY OF TOM MCBRIDE, DR. JERRY HAUSMAN AND OTHER EVIDENCE CONCERNING THE PARTIES' NON-DISCLOSURE AGREEMENTS

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Phillip J. Haack
Sapna Mehta
Jessica Benzler
Athul K. Acharya
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

Jessica Kaempf
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
(206) 389-4510

John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Groupon, Inc.*

{01346295;v1 }

George I. Lee
Sean M. Sullivan
L‌EE S‌ULLIVAN S‌HEA & S‌MITH LLP
224 North Desplaines Street, Suite 250
Chicago, IL  60661
(312) 754-9602

Dated:  July 23, 2018

## I. INTRODUCTION

In an order on the record during trial, the Court ruled that defendant Groupon may not elicit testimony from IBM's witnesses, Thomas McBride, IBM's licensing executive, and Dr. Jerry Hausman, IBM's damages expert, regarding the fact and substance of the Confidential Disclosure Agreements between IBM and Groupon (the "NDAs"). *See* July 19, 2018 Trial Transcript (Rough) at 801:14-22; 898:4-901:21.  The NDAs are relevant to Groupon's defense on damages and against IBM's claim of willfulness.  Attached as Exhibits A–C are documents from Groupon's trial exhibit list that it intended to offer into evidence and elicit testimony about, had it not been precluded from doing so.

## II. OFFER OF PROOF

### A. Summary of the Excluded Evidence

IBM entered into three NDAs with Groupon prior to the litigation. [REDACTED]

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████

In other words, all three NDAs recite that IBM will not assert willful infringement for the covered period and assure Groupon that IBM did not expect it to stop providing its services. Two of them explicitly recite that IBM will not seek *any* damages for the specified time period.

IBM has long been aware of the NDAs and their relevance to this action. It signed them, produced them in discovery, ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███ Groupon also disclosed its intended reliance on the NDAs during the pretrial exchange process, including by proposing uncontested facts about them in the Proposed Pretrial Order, which IBM rejected. *See* Ex. 4 (draft Proposed Pretrial Order dated May 18, 2018).[1] While

---



Groupon moved to exclude IBM from using the parties' pre-suit communications to support willfulness, Groupon noted that the motion was not "intend[ed] to prevent Groupon from relying on the parties' Agreement." D.I. 305, Ex. L, Motion in Limine No. 1 at 3.[2]

### B. Relevance of the Excluded Evidence

The NDAs are highly relevant to rebut IBM's claim of willful infringement. A reasonable jury, presented with this evidence, could conclude that Groupon reasonably believed that IBM had authorized Groupon to continue the allegedly infringing activities. DX-0596 at IBM-GROUPON10367061, DX-0579 at IBM-GROUPON10366750; see also DX-0481 at IBM-GROUPON10365971. In fact, the jury would be likely to do so: in three written agreements IBM specifically represented that it did not expect Groupon to cease the accused services. Accordingly, the NDAs and related testimony would show that Groupon did not act with subjective willfulness, i.e. with behavior that was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1932 (2016).

Exclusion of the NDAs is highly prejudicial given IBM's statements to the jury that Groupon has been aware of each of the patents-in-suit via "communications with IBM" since as early as 2011 and continued the allegedly infringing activities for years without authorization.

---

[2] Groupon respectfully submits that it intended to rely on the parties' NDAs regardless of the outcome of its motion in limine. Groupon's footnote describing that intent was primarily directed to clarifying that the NDAs were not to be subsumed in the excluded communications. Indeed, had Groupon's motion been denied, the parties' pre-suit documents, including their pre-suit communications, would have been presumptively admissible, and thus no reservation of the rights to rely on the NDAs would have been necessary.

{01346295;v1 }   3

(*See* Exhibit E, IBM's Opening Demonstratives, Slides 32, 33; July 16, 2018 Trial Transcript (Rough) at 222:24-223:3; PX-0497 (Groupon's Supp. Resp. to IBM's First, Second and Third Sets of Interrogatories) at 9; July 19, 2018 Trial Transcript (Rough) at 733:4-11, 771:12-19, 866:5-11). The statements are false and materially misleading. While counsel may characterize the evidence in the case, he may not present the jury with a falsehood. *See* Del. Rule Prof. Conduct 3.3(a)(1). Admission of the NDAs is required to mitigate the prejudice Groupon will suffer from IBM's presentation.

The NDAs are also relevant to refute IBM's damages calculation. IBM's expert claims that "the damages period in this case for legal reasons is defined as starting in 2010." (July 19, 2018 Trial Transcript at 833:24-834:4.) However, nearly two years of that period is covered by the NDAs for which IBM promised to not seek "damages relating to [Groupon's] continued use or provision of [its services, systems, processes and products]." DX-0579. IBM's damages expert did not review or consider these NDAs despite being provided with access to all materials in the case. The NDAs are thus relevant to the jury's determination of the proper time period and amount of damages.

*Of Counsel:*

J. David Hadden
Saina S. Shamilov
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
(650) 988-8500

Phillip J. Haack
Sapna Mehta
Jessica Benzler
Athul K. Acharya
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
(415) 875-2300

Jessica Kaempf
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
(206) 389-4510

George I. Lee
Sean M. Sullivan
LEE SULLIVAN SHEA & SMITH LLP
224 North Desplaines Street, Suite 250
Chicago, IL  60661
(312) 754-9602

Dated: July 23, 2018

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant Groupon, Inc.*