

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

August 3, 2018

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *International Business Machines Corporation v. Groupon, Inc.*,
               C.A. No. 16-122-LPS

Dear Chief Judge Stark:

      We write jointly on behalf of the parties to provide a Joint Status Report pursuant to paragraph 23 of the Court's Scheduling Order (D.I. 17), the Court's instructions following the jury's verdict, and the procedure agreed-upon by the parties and approved by the Court during trial (*see* July 20, 2018 Trial Transcript (Rough) at 1144:12-1145:23). *See* July 27, 2018 Trial Transcript at 2076-2077. The parties met and conferred on August 2, 2018 and their respective positions are outlined below. The parties also submit competing proposed orders for entering judgment in accordance with the jury's verdict and for establishing the post-trial briefing schedule (Exs. A-D).

**I.**      **IBM's Position**

      **A.**      **Anticipated Motions**

      IBM does not intend to file any post-trial motions pursuant to Fed. R. Civ. P. 50(b) or 59. Without waiver of any form of relief IBM may be entitled to seek, IBM intends to file, at the appropriate times, motions for: (1) costs, (2) attorneys' fees, (3) pre-judgment interest, (4) post-judgment interest, (5) supplemental damages/accounting through the date of judgment, (6) enhanced, treble damages, and (7) ongoing royalties in lieu of an injunction.

      Groupon's position below includes several pages of argument regarding its anticipated post-trial motions and position regarding entry of judgment, which were not discussed during the meet and confer process, and were only provided to IBM at 3:12PM on the deadline for filing this joint status report. *See* Exs. 1 and 2. IBM believes such lengthy argument is improper and unnecessary for this status report and reserves its right to respond to the unexpected arguments advanced by Groupon below at the proper time, including during post-trial briefing.

### B. Proposed Timing

#### 1. Costs Pursuant to Rule 54

Pursuant to Delaware Local Rule 54.1(a), IBM's motion for costs should be due "within 14 days after the time for appeal has expired or within 14 days after the issuance of the mandate of the appellate court."

#### 2. Motions Pursuant to Fed. R. Civ. P. 50(b) and 59

Pursuant to the Federal Rules, IBM proposes that any motion filed by Groupon pursuant to Fed. R. Civ. P. 50(b) and 59 should be filed within 28 days of the Court's entry of judgment. That is the deadline set forth in the Federal Rules. *See* Fed. R. Civ. P. 50(b); 59(b). Thus, IBM proposes the following schedule:

- Any post-trial motion by Groupon and the accompanying opening brief shall be filed no later than 28 days after the Court's entry of judgment on the jury's verdict;

- Any answering brief by IBM in opposition shall be filed no later than 21 days after the post-trial motion is filed; and

- Any reply brief in support of a post-trial motion by Groupon shall be filed no later than 7 days after the answering brief in opposition is filed.

IBM believes that Groupon's proposal to extend briefing all the way through the end of the year is drastic and would unnecessarily prejudice IBM by introducing additional delay after IBM has already spent years attempting to enter a license with Groupon before commencing the instant litigation, and has spent several more years in litigation before prevailing at trial.

During the meet and confer process, Groupon offered two bases for its protracted schedule. First, Groupon alluded to scheduling and holiday conflicts. But Groupon has a large team of attorneys and IBM's schedule would allow ample time to brief the issues over the next two months, even if some of Groupon's attorneys have conflicts. Second, Groupon stated that the schedule should be extended because the Patent Trial and Appeal Board's ("PTAB") decision that one of the two claims of the '346 patent—claims that the jury found willfully infringed and not invalid over the same prior art that was before the PTAB—was unpatentable. The PTAB decision is currently on appeal. Groupon previously argued that trial should be stayed in light of the PTAB decision and subsequent appeal and IBM responded to that request. D.I. 305 at 22, 23-24. The Court found "no basis whatsoever for Groupon's alternative request that the Court stay this case until after the Federal Circuit decides the pending appeal." D.I. 314 at 6. The Court should also reject Groupon's current argument to delay post-trial briefing, especially given that the jury found that Groupon willfully infringed a claim of the '346 patent that is neither challenged at the PTAB nor the subject of any appeals.


### 3. Motions for Attorneys' Fees, Pre-Judgment Interest, Post-Judgment Interest, Supplemental Damages/Accounting, Enhanced, Treble Damages, and Ongoing Royalties

IBM proposes that IBM's motions regarding attorneys' fees, pre-judgment interest, post-judgment interest, supplemental damages/accounting, enhanced, treble damages, and ongoing royalties should be aligned with the briefing schedule for Groupon's motions pursuant to Fed. R. Civ. P. Rule 50(b) and 59. Accordingly, IBM requests that the deadline for IBM's motion for attorneys' fees be extended by 14 days pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), so that it is due no later than 28 days after the Court's entry of final judgment, with a further extension pursuant to Federal Rule of Civil Procedure 54(d)(2)(B) for IBM to address any particular amount of fees to which it may be entitled after the Court decides IBM motion for attorneys' fees. Thus IBM proposes the schedule below, which is reflected in IBM's Proposed Order Governing Post-Trial Motions, filed with this joint status report.

- IBM's motion for entitlement to attorneys' fees and its motions for prejudgment interest, post-judgment interest, supplemental damages/accounting, enhanced damages, and ongoing royalties shall be filed no later than 28 days after the Court's entry of judgment on the jury's verdict;

- Any answering briefs by Groupon in opposition shall be filed no later than 21 days after IBM's motions are filed; and

- Any reply briefs by IBM in support of its motions shall be filed no later than 7 days after the answering brief in opposition is filed.

### C. Page Limits

IBM believes that the page limitations for post-trial briefing should follow the agreed-upon provisions set forth in paragraph 24 of the Court's scheduling order (D.I. 17) whereby each side is limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed. Groupon's proposed motions below reflect an apparent decision to relitigate every issue in this case in post-trial briefing and introduce new arguments as well. Such an indiscriminate approach does not provide good cause for exceeding the previously agreed-upon page limits or for extending the post-trial briefing schedule through December 2018.

### D. Order of Judgment

IBM's Proposed Judgment Following Jury Verdict, filed with this status report, should be entered over Groupon's proposed order because it is standard practice to enter judgment in accordance with the jury verdict. Entry of judgment does not prevent Groupon from filing post-trial motions or a motion for new trial—indeed the judgment triggers the deadlines for Groupon to file such motions. *See* Fed. R. Civ. P. 50(b) and 59(b). Groupon's proposal to label judgment as "interim" is unnecessary and risks confusion as to its interaction with the Federal and Local Rules, which use the term "judgment" and not "interim judgment."

**II.     Groupon's Position:**

Groupon submits that the Court should defer entry of judgment in this case until after the resolution of (1) the pending Federal Circuit appeal regarding the invalidity of claim 1 of the '346 patent; and (2) the parties' respective motions for judgment as a matter of law under Rule 50(b) and/or Groupon's motions pursuant to Rule 59(a) and Rule 60(b).

If the Court is inclined to enter judgment, it should enter an interim non-final judgment—as it did in *Intellectual Ventures I LLC v. Symantec Corp.*, No. 10-CV-1067-LPS, 2015 WL 4967134, at *1 (D. Del. June 8, 2015)—until all of the remaining issues in this case are resolved. Groupon's proposed form of judgment is attached hereto. Any execution of the judgment should be stayed pursuant to Fed. R. Civ. P. 62(d). *See id.*

IBM's proposal to enter final judgment when critical issues remain unresolved is imprudent for at least two reasons. First, the jury's damage award was based in part on its finding that claim 1 of the '346 patent—determined invalid by the PTAB in two decisions currently under review by the Federal Circuit—was not invalid and was infringed. Once the Federal Circuit confirms the PTAB's decisions, the jury verdict and its damage award will be partially or completely undermined. *See XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). This could require a new trial. Second, Groupon expects that the jury's verdict will be set aside following the Court's resolution of Groupon's motions for judgment as a matter of law, as described in full below. Under these circumstances, it would be inappropriate to enter final judgment now, particularly when such a judgment will have meaningful consequences for Groupon such as triggering its obligation to post a supersedeas bond.

This Court in many previous cases has deferred entry of judgment or stayed execution of judgment pending the complete disposition of post-trial motions. *See Lab. Skin Care, Inc. v. Limited Brands, Inc.*, C.A. No. 06-601, D.I. 368 (entering judgment only after resolution of motions for judgment as a matter of law); *B. Braun Melsungen AG v. Terumo Med. Corp.*, C.A. No. 09-347, D.I. 421 (same); *GlaxoSmithKline LLC v. Teva Pharm.*, C.A. No. 14-877, D.I. 495 (same); *see also Idenix Pharm. LLC, v. Gilead Scis., Inc.*, C.A. No. 14-846, D.I. 533 (entering interim judgment in accordance with jury verdict but "STAY[ING] any execution or enforcement of this Judgment until any and all appeals in this case are resolved and final"); *Depuy Synthes Prods., LLC v. Globus Med., Inc.*, C.A. No. 11-652, 2014 WL 12775326 at *3 (D. Del. Mar. 28, 2014) (entering judgment "subject to modification" following resolution of post-trial motions, noting that this judgment did not trigger briefing deadlines under Rule 58). IBM offers no compelling reason for the Court to deviate from its established practice. The Court should therefore defer entry of judgment or enter a non-final judgment in the form proposed by Groupon.

   A.     **Groupon's Proposed Schedule**

Groupon proposes the following deadlines for post-trial motions under Federal Rules of Civil Procedure 50, 54, 59, and 60:

- Opening Briefs:  October 12, 2018;

- Opposition Briefs:  November 16, 2018;

- Reply Briefs: December 14, 2018.

Groupon's proposed schedule is practical given the number of patents and complex issues in the case, and will avoid prejudicial and unnecessary time pressure. IBM has already indicated it is not seeking an injunction, so it will not be irreparably prejudiced from a modest extension of the briefing schedule. And it offers no other compelling reason against the extended briefing schedule. Indeed, the Court anticipated that the parties may need additional time to review the trial record and decide on, and potentially narrow, the post-trial motions to be filed in this case. July 27, 2018 Trial Transcript (Rough) at 2076:21-25. Ordering a compressed briefing schedule for motions under Fed. R. Civ. P. 50(b) or 59 as proposed by IBM will only compromise the parties' ability to effectively present the issues for the Court's decision. For example, under IBM's proposed schedule, the parties will have only seven (7) days to prepare reply briefs on multiple, important motions; this would be unreasonable. And indeed, while IBM insists that Groupon must file its complex motions in accordance with the schedule of the Federal Rules, its proposed schedule extends its own briefing schedule for its anticipated motion for attorneys' fees beyond what the Federal Rules allow.[1] Further, following the compressed schedule will not provide the Court and the parties with the guidance of the Federal Circuit decisions on the currently-pending appeals of PTAB's findings of invalidity of independent claims of the '346 patent. Groupon's proposed schedule provides time for the Federal Circuit to issue its decisions before the Court will resolve the parties' post-trial motions and avoids a possibility of another round of briefs by the parties in the likely event that the Federal Circuit confirms the invalidity of independent claims of the '346 patent. According to one study of the Federal Circuit PTAB Appeal Statistics, the Federal Circuit has affirmed the PTAB's IPR decisions on every issue in over 75% of appeals. *See* https://www.finnegan.com/en/insights/blogs/america-invents-act/federal-circuit-ptab-appeal-statistics-june-15-2018.html.

Groupon does not object to briefing on IBM's anticipated motions taking place on the same schedule as Groupon's post-trial motions. However, as the disposition of Groupon's post-trial motions may have a significant impact on the damage award, if any, and on the relief IBM may seek, it may be more efficient for the Court to resolve Groupon's motions prior to resolving IBM's various damages-related motions.

### B. Groupon's Contemplated Post-Trial Motions[2]

Groupon hereby notifies the Court that pursuant to the procedure agreed by the parties and as directed by the Court,[3] it currently intends to move for judgment as a matter of law, and/or in the alternative, for a new trial on the following issues: non-infringement for each of the '967

---

[1] Groupon does not object to IBM's request for additional time for its motion so long as Groupon receives the same accommodation.

[2] In response to IBM's complaints regarding the timing of Groupon's exchange of its section of the joint status report, Groupon did not receive IBM's draft until 6:08 pm on August 2, the night before the filing deadline. Groupon provided its section promptly after securing client approval.

[3] July 27, 2018 Trial Transcript (Rough) at 2076:9-25 (Court's order regarding joint status report); July 20, 2018 Trial Transcript (Rough) at 1144:12-1145:23 (stipulation by the parties regarding procedure for post-trial motions).

patent, the '849 patent, the '601 patent, and the '346 patent (collectively, "the patents-in-suit"); no willful infringement for each of the patents-in-suit; patent ineligibility for claim 8 of the '849 patent; implied license of the '346 patent; invalidity of the '601 patent and the '346 patent; and damages. Groupon also intends to move under Federal Rule of Civil Procedure 60 for relief from the judgment with respect to claim 1 of the '346 patent, and for a new damages trial reflecting such relief. Finally, Groupon intends to move for a new trial under Federal Rule of Civil Procedure 59(a) based on a number of prejudicial evidentiary rulings and statements by opposing counsel, including exclusion of the parties' Confidential Disclosure Agreements.

No statement or ground, or an omission of a statement or ground herein, is to constitute a waiver of any ground for any post-trial motion in accordance with the Court's direction on July 20, 2018. (July 20, 2018 Trial Transcript (Rough) at 1145:16-18.) Pursuant to the Court's direction to let the Court know whether additional time is needed to decide on appropriate post-trial motions (*see* July 27, 2018 Trial Transcript (Rough) at 2076:21-25), Groupon reserves the right to raise additional arguments, and/or to narrow its anticipated post-trial motions, based on further review of the trial record.

### 1. Motions for Judgment as a Matter of Law Under Fed. R. Civ. P. 50(b)

#### A. *Non-infringement*

IBM failed to present evidence legally sufficient to show that Groupon's accused products, including its website and mobile applications, perform or have performed each and every limitation of any of the claims of the patents-in-suit, and no reasonable jury could find that Groupon infringes or has infringed any asserted claim of the patents-in-suit.

First, IBM only presented evidence on two claims for each of the patents-in-suit. *See* July 17, 2018 Trial Transcript (Rough) at 458:7-17 (IBM's expert opinion limited to "claims 1 and 2 of the '967 patent"; and "claims 1 and 8 of the '849 patent, claims 51 and 54 of the '601 patent, and claims 1 and 5 of the '346 patent"). IBM did not present any evidence at trial that could show that Groupon infringed any other claim in the patents-in-suit, directly, by inducement, contributorily or in any other manner. Indeed, IBM's counsel admitted that it "presented no evidence" at trial regarding these claims. *See* July 24, 2018 Trial Transcript (Rough) at 1711:6. These other claims are claims 3-17 of the '967 patent, claims 2-7 and 9-25 of the '849 patent, claims 1-50, 52, 53, and 55-68 of the '601 patent, and claims 2-4, and 6-20 of the '346 patent, and include claims that IBM initially asserted against Groupon but which it withdrew during the course of the litigation. Groupon is thus entitled to a judgment of non-infringement as a matter of law on the remaining claims.

Second, IBM did not adduce any evidence sufficient to support a finding that Groupon is liable under indirect infringement theories, as well as for infringement under the doctrine of equivalents. Indeed, IBM withdrew its proposed jury instructions regarding these theories. *See* D.I. 386 (Final Jury Instructions) at 26-29. Thus, the jury did not consider these theories, and Groupon is entitled to judgment as a matter of law of non-infringement under all indirect infringement theories, as well as under the doctrine of equivalents.

Third, IBM did not adduce any evidence sufficient to support a finding that Groupon is

liable under an attributed infringement theory. The only theory of attributed infringement that IBM advanced at trial was for the '967 and '849 patents, involving performance of a claim element by third party end users of the accused products. IBM did not offer any theory of attributed infringement for the '601 patent or '346 patent. And, with respect to the '967 and '849 patents, IBM offered no expert testimony to support attributed infringement. (*See* July 25, 2018 Trial Transcript (Rough) at 1791:25-1792:5, 1792:22-23.) The failure to present expert testimony with respect to its attributed infringement theory is fatal to that claim. *See Centricut, LLC v. Esab Group, Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004) ("[I]n a case involving complex technology, where the accused infringer offers expert testimony negating infringement, the patentee cannot satisfy its burden of proof by relying only on testimony from those who are admittedly not expert in the field."); July 25, 2018 Trial Transcript (Rough) at 1792:22 (describing IBM's attributed infringement theory as "highly technical"). Nor did IBM offer any other evidence sufficient to support such a theory. Groupon is thus entitled to judgment as a matter of law of non-infringement of the '967 and '849 patents, and judgment as a matter of law of non-infringement under an attributed infringement theory for the remaining two patents.

Fourth, Groupon is also entitled to judgment as a matter of law of non-infringement of all asserted claims of the '967 patent. IBM did not meet its burden of proving that Groupon's website, the only accused instrumentality, performs each and every step of claims 1 and 2 of the '967 patent. IBM failed to adduce evidence sufficient to show that Groupon's website performs the steps of "generating at least a first partition for presenting applications" or "generating concurrently with the first partition at least a second partition for presenting a plurality of command functions," at least. Further, IBM's infringement theory with respect to those steps is contrary to what is required under the plain language of the claims.

The asserted claims of the '967 patent also require that the claimed partitions be "constructed from objects, the objects being retrieved from the objects stored at the respective reception system, or if unavailable from the objects stored at the respective reception system, then from the network." IBM failed to adduce evidence sufficient to show that Groupon's accused website performs this limitation. Further, IBM failed to show that a third party performs this limitation, or any other limitation of the '967 patent, and that the performance of such limitation by a third party is attributable to Groupon. Accordingly, Groupon is entitled to judgment of non-infringement of the '967 patent as a matter of law. Fed. R. Civ. P. 50(a).

Fifth, Groupon is entitled to judgment as a matter of law of non-infringement of all asserted claims of the '849 patent. IBM did not meet its burden of proving that Groupon's website or mobile applications perform each and every step of any asserted claim. IBM alleges that Groupon's website and mobile applications infringe claims 1 and 8 of the '849 patent.

IBM failed to adduce evidence sufficient to show that Groupon's website or mobile applications perform at least the following claimed steps of claim 1 of the '849 patent, including "structuring applications so that they may be presented, through the network, at a first portion of one or more screens of display" and "structuring advertising in a manner compatible to that of the applications so that it may be presented, through the network, at a second portion of one or more screens of display concurrently with applications." Further, IBM's infringement theory with respect to those steps is contrary to what is required under the plain language of the claims. And IBM also failed to adduce evidence sufficient to show that Groupon's accused instrumentalities

performed "selectively storing advertising objects at a store established at the reception system." Further, IBM failed to show that a third party performs this limitation, or any other limitation of the '849 patent, and that the performance of such step by a third party is attributable to Groupon.

Moreover, IBM failed to show that Groupon's website or mobile applications perform each and every limitation of claim 8 of the '849 patent. For example, IBM failed to show that Groupon's website or mobile applications perform at least the claimed step of "storing a predetermined amount of the advertising data in a store established at the respective reception systems." Further, IBM failed to show that a third party performs this limitation, or any other limitation of the '849 patent, and that the performance of such step by a third party is attributable to Groupon. Accordingly, Groupon is entitled to judgment of non-infringement of the '849 patent as a matter of law. Fed. R. Civ. P. 50(a).

Sixth, Groupon is entitled to judgment as a matter of law on all asserted claims of the '601 patent. IBM did not meet its burden of proving that Groupon's website or mobile applications perform each and every step of claims 51 and 54 of the '601 patent. For example, IBM failed to adduce sufficient evidence to show that Groupon's accused website or mobile applications perform the steps of "receiving a service request including state information, via the stateless protocol," "identifying all continuations in an output from said service," "recursively embedding the state information in all identified continuations, in response to said request" or "communicating a response including the continuations and embedded state information, wherein the continuations enable another service request and one of the continuations must be invoked to continue the conversation." Further, IBM's infringement theory with respect to those steps is contrary to what is required under the plain language of the claims. Accordingly, Groupon is entitled to judgment of non-infringement of the '601 patent as a matter of law. Fed. R. Civ. P. 50(a).

Seventh, Groupon is entitled to judgment as a matter of law on all asserted claims of the '346 patent. IBM did not meet its burden of proving that Groupon's website or mobile applications perform each and every step of claims 1 and 5 of the '346 patent. With respect to claim 1, IBM failed to adduce evidence sufficient to show that Groupon's website or mobile applications perform at least the claimed step of "triggering a single-sign-on operation on behalf of the user in order to obtain access to a protected resource that is hosted by the second system." With respect to claim 5, IBM failed to show that Groupon's website or mobile applications perform at least the claimed step reciting "in response to a determination at the second system that the second system does not have sufficient user attribute information to complete creation of a user account for the user at the second system, sending a request message from the second system to the first system to retrieve user attribute information." Accordingly, Groupon is entitled to judgment of non-infringement of the '346 patent as a matter of law. Fed. R. Civ. P. 50(a).

### B. *No Willful Infringement*

IBM bears the burden to prove by a preponderance of the evidence that Groupon willfully infringed the patents-in-suit. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1927 (2016). IBM adduced no evidence sufficient to support a claim for willfulness. While "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages," "a party's pre-suit knowledge of the patent is not by itself sufficient to find 'willful misconduct' such that the Court can award enhanced damages." *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321,

The Honorable Leonard P. Stark
August 3, 2018
Page 9

1332 (Fed. Cir. 2004) ("Willful infringement is not established by the simple fact of infringement, even though [the accused infringer] stipulated that it had knowledge of the [asserted] patents."); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016); *Ansell Healthcare Prods. LLC v. Reckitt Benckiser LLC*, No. 15–cv–915–RGA, 2018 WL 620968, at *6 (D. Del. Jan. 30, 2018) (citing Halo, 136 S. Ct. at 1936 (Breyer, J., concurring)). Likewise, an accused infringer's purported failure to design around the patents is insufficient to establish willfulness. *See Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 417 (D. Del. 2009). Groupon is entitled to judgment as a matter of law that any infringement was not willful. Fed. R. Civ. P. 50(a).

### C. *Claim 8 of the '849 Patent Is Patent-Ineligible Under 35 U.S.C. § 101.*

Groupon previously moved for judgment on the pleadings, requesting that the Court hold the claims of the '967 and '849 patents invalid for failing to claim patentable subject matter. (D.I. 29.) The Court denied that motion, (*See* D.I. 198, 199.) Groupon respectfully renews its request with respect to claim 8 of the '849 patent (and preserves its other positions under Section 101 for appeal). Claim 8 is directed to targeted advertising, a result, and does not recite any specific means of achieving it merely reciting conventional technology—such as a generic "computer network or "user reception systems," generic user "data," and generic "applications" and "interactive services"—or purely functional limitations (*e.g.* "user reception systems") and steps (*e.g.*, "structuring advertising," "supplying," "storing," and "retriev[ing]" advertising data). Accordingly, Groupon is entitled to judgment that claim 8 of the '849 patent is patent-ineligible. 35 U.S.C. § 101; Fed. R. Civ. P. 50(a).

### D. *Implied License to Practice the '346 Patent*

IBM argued at trial that the defense of implied license is an equitable defense and the implied license verdict can only be advisory. (*See* July 24, 2018 Trial Transcript (Rough) at 1713:8-1714:5.) In any event, because no reasonable juror would have a legally sufficient evidentiary basis to find that Groupon did not have an implied license to practice the '346 patent, the Court should reject the jury's verdict regarding implied license. *See Jacobs v. Nintendo of Am., Inc.*, 370 F.3d 1097, 1100 (Fed. Cir. 2004); *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1360–61 (Fed. Cir. 2008). The Court should instead find that as a matter of law, Groupon had an implied license and is not liable for alleged infringement of the '346 patent. Fed. R. Civ. P. 50(a).

### E. *Invalidity of the '601 Patent and '346 Patent*

First, IBM did not meet its burden to show (1) conception of the invention and reasonable diligence in reducing the invention to practice up to the filing date of the '601 patent; or (2) actual reduction to practice of the invention before the '601 patent was filed. For example, IBM did not adduce evidence that the inventor actually performed the claimed methods prior to the filing date of the '601 patent. Nor did IBM adduce any corroborating evidence required to support an earlier priority date. Groupon is entitled to judgment as a matter of law that IBM is not entitled to an earlier priority date than the filing date for the '601 patent. Fed. R. Civ. P. 50(a).

Second, claims 51 and 54 of the '601 patent are invalid under 35 U.S.C. §§ 102, 103. Specifically, claim 51 is anticipated by the "Spinning the Web" book, and by Amazon.com's website, and claim 54 is obvious in light of "Spinning the Web" and separately in light of Amazon and U.S. Patent No. 6,016,484 to Humphrey Williams. Further, as Groupon has contended throughout the case, if the '601 patent is construed broadly enough to encompass Groupon's accused products, the '601 patent is necessarily invalid based on the aforementioned prior art. Further, conversely, a construction that preserves the validity of the '601 patent precludes a finding of infringement. Groupon met its burden of proving the invalidity of these claims, and IBM did not rebut that showing. Groupon is therefore entitled to judgment that claims 51 and 54 of the '601 patent are invalid.

Third, IBM also did not meet its burden to show (1) conception of the invention and reasonable diligence in reducing the invention to practice up to the filing date of the '346 patent; or (2) actual reduction to practice of the invention before the '346 patent was filed. IBM did not adduce evidence that the inventor actually performed the claimed methods, let alone that she reduced her invention to practice or that anyone else did at her direction or request, or that the work of any other person in reducing the invention to practice should inure to the inventors. Furthermore, IBM did not adduce evidence sufficient to show reasonable diligence between the period of alleged conception and the constructive reduction to practice of the invention on the filing date of the '346 patent. IBM also did not adduce any corroborating evidence required to support an earlier priority date.

Fourth, claims 1 and 5 of the '346 patent are invalid under 35 U.S.C. §§ 102, 103. More specifically, the claims are obvious in light of the Liberty Alliance Project specifications and the Japanese Patent Application by Akira Sunada. Further, the claims are also obvious in light of the Liberty Alliance Project specifications and U.S. Patent No. 7,680,819 to Joseph Mellmer. Groupon met its burden of proving the invalidity of these claims, and IBM did not rebut that showing. Groupon is therefore entitled to judgment that claims 1 and 5 of the '346 patent are invalid.

### F. *No Damages*

IBM bears the burden to prove the amount of damages by a preponderance of the evidence. To properly carry this burden, IBM must persuade the Court using "reliable" and "legally sufficient" evidence regarding an appropriate reasonable royalty. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010); *see also* D.I. 217, 218 (Groupon's Motion to Exclude the Expert Testimony of Dr. Jerry Hausman and Memorandum in Support Thereof). IBM's damages claims are based on legally improper grounds, at least because they are based on revenue calculations derived from sales of non-accused goods and services, a purported apportionment analysis that is not tied to incremental revenue from the patented technologies, and a purported profit metric that is contrary to accepted accounting practices. IBM presented no reliable evidence in support of its damages claims.

Further, to the extent that Groupon is found to be not liable for infringement for any given patent, the patents are found to be invalid by the Court or the Federal Circuit, or the Court finds that Groupon had an implied license to practice the '346 patent, Groupon intends to move for a new trial for damages or to set aside the damages award, in full or in part.

The Honorable Leonard P. Stark
August 3, 2018
Page 11

    **2.**    **Motions for Relief from Judgment, and Motions for New Trial, Under Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60**

        **A.**    *New trial on willfulness and damages based on prejudicial evidentiary rulings and statements by opposing counsel*

Groupon intends to move for a new trial under Federal Rule of Civil Procedure 59(a) based on a number of prejudicial evidentiary rulings and statements by opposing counsel. For example, the Court excluded Groupon from introducing the parties' Confidential Disclosure Agreements, yet permitted IBM to inform the jury that Groupon was aware of the patents-in-suit through its communications with IBM and continued the allegedly infringing activities for years without authorization from IBM. *See* D.I. 374 (Groupon's Offer of Proof Regarding the Testimony of Tom McBride, Dr. Jerry Hausman, and Other Evidence Concerning the Parties' Non-Disclosure Agreements). IBM's statements are false, and were materially misleading and prejudicial to Groupon, at least with respect to the jury's finding on willful infringement, particularly in light of the Court's exclusion of the parties' Confidential Disclosure Agreements. Further, the Agreements should have limited the damages award. Accordingly, Groupon intends to move for a new trial with respect to the issues of willful infringement and damages. Fed. R. Civ. P. 59(a).

        **B.**    *Relief from judgment and new trial on damages based on invalidity of claim 1 the '346 patent*

Claim 1 of the '346 patent, which the jury found to be infringed and not invalid, was previously held to be invalid in two inter partes review proceedings before the PTAB. *See Priceline.com LLC v. Int'l Bus. Machs. Corp.*, Case IPR2016-00608, Paper 67 (P.T.A.B. August 7, 2017); *Priceline.com LLC v. Int'l Bus. Machs. Corp.*, Case IPR2016-00609, Paper 42 (P.T.A.B. August 7, 2017). Those decisions are currently on appeal before the Federal Circuit. *See Int'l Bus. Machs. Corp. v. Iancu*, No. 18-1065 (Fed. Cir. filed October 6, 2017). In the event that the Federal Circuit affirms either of the PTAB's decisions, Groupon intends to request relief from judgment of infringement regarding claim 1 of the '346 patent, as well as a new trial on damages to reflect the absence of liability of that claim. Fed. R. Civ. P. 59(a), 60(b); *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (Federal Circuit affirmance of invalidity of patent "has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent," and noting that new trial on damages may be warranted based on such affirmance).

        **C.**    **Groupon's Proposal Regarding Page Limits**

Due to the complexity of motions to be briefed, Groupon respectfully requests that the Court adopt the same page limitations that applied to the parties' case dispositive motions: 40 pages for all opening briefs, 40 pages for all answering briefs, and 20 pages for all reply briefs, for each side. (D.I. 17, para. 17(b).) Groupon's proposal appropriately reflects the complexity and scope of this four-patent case, the substantial number of issues to be resolved, and the importance of these motions. If the Court is not inclined to enter Groupon's proposed briefing schedule or grant its request regarding page limits for post-trial briefing, Groupon respectfully requests that the Court enter a schedule and page limitation that reflects a compromise between IBM's and Groupon's competing proposals.

The Honorable Leonard P. Stark
August 3, 2018
Page 12

 

IBM's proposal to limit each side to 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions will be highly prejudicial to Groupon, particularly given the number of issues that Groupon intends to brief. The parties agreed on those limitations in the initial scheduling order under the belief that the issues subject to post-trial motions would be significantly narrowed at the post-trial stage; because the issues have not been narrowed in any meaningful way since the summary judgment stage, the page limitations initially proposed should not apply.

Thank you for Your Honor's consideration.

          Respectfully,

          */s/ David E. Moore*

          David E. Moore

DEM:nmt/5885813/43155

Enclosures
cc:     Clerk of Court (via Hand Delivery)
        Counsel of Record (via Electronic Mail)