# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

**LEONARD P. STARK**
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
844 KING STREET
UNIT 26
WILMINGTON, DE 19801-3556

August 8, 2018

*VIA ECF*

David E. Moore
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19899

John G. Day
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899

Re: *International Business Machines Corp. v. Groupon, Inc.*,
C.A. No. 16-122-LPS

Dear Counsel:

I have reviewed the joint status report you filed on August 3, 2018. (D.I. 396) Having done so, and having of course presided over the two-week jury trial that concluded on July 27, I want to share with you my present inclinations with respect to the motions you anticipate filing. I set forth below briefly how I see the issues as of today. What I say in this letter is not an order.

With respect to IBM's anticipated motions, my inclination is not to grant enhanced damages.

With respect to Groupon's anticipated motions, my inclination is to deny all of the motions for judgment of non-infringement, invalidity, and no damages with respect to the asserted claims. I am inclined to grant Groupon's motion for judgment as a matter of law that any infringement was not willful. I am further inclined to deny Groupon's motions for judgment as a matter of law that claim 8 of the '849 patent is patent-ineligible and that Groupon had an implied license to the '346 patent. I am also inclined to deny Groupon's motion for a new trial.

I do not believe the post-trial briefing needs to be particularly lengthy and I do not want to let it drag out very long. Therefore, I agree with IBM that post-trial motions (by either party) are to be filed no later than 28 days after the entry of judgment (which will happen today), opposition briefs shall be filed no later than 21 days later, and reply briefs no later than 7 days thereafter. I am not persuaded it is necessary to await the outcome of the Federal Circuit's review of PTAB rulings. Moreover, I am confident that Groupon's many attorneys (who are extremely hard-working, as was evident during trial) will be able to meet this schedule. The briefs are to be no longer than 20 pages, 20 pages, and 10 pages, per side, no matter how many motions are filed, meaning the Court will review no more than 100 pages altogether (assuming both sides file at least one motion). Nothing more is needed, notwithstanding the complexity of the issues, given the Court's familiarity with the case and the issues, and the fact that this case has already been tried to a jury. Hence, the Court will be entering IBM's proposed Order Governing Post-Trial Motions.

The Court will also be entering IBM's proposed form of judgment. There is no reason here to label the judgment an "interim" judgment. Should a dispute arise as to whether to stay enforcement of the judgment, the Court will address it when necessary.

The views I am expressing in this letter are merely inclinations and are subject to change after I review the full briefing on any motions that are filed. Nevertheless, I thought it would be useful for you to know my present impressions.

Sincerely,

Honorable Leonard P. Stark
United States District Judge
District of Delaware