**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 16-122-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| GROUPON, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>**IBM'S OPPOSITION TO GROUPON'S MOTION FOR EXTENSION**</u>

International Business Machines Corporation ("IBM") opposes Groupon, Inc.'s ("Groupon") request for an extension to the Court's post-trial briefing schedule (D.I. 399) for the reasons set forth in the parties' recently filed Joint Status Letter.  D.I. 396.  Groupon's decision to add more lawyers to its sizable legal team should not be grounds to inject delay into the Court's schedule just one week after the Court considered and resolved the parties' competing proposals for post-trial deadlines.  Nor should it change the Court's conclusion that "Groupon's many attorneys . . . will be able to meet this schedule."  D.I. 397.  Notably, Groupon did not mention new counsel in the Joint Status Letter, instead arguing for a longer schedule in view of "complex issues" and pending Federal Circuit appeals.  D.I. 396 at 4-5.  Even assuming that Groupon retained its new counsel earlier this week, they would have over three weeks to get up to speed on post-trial issues, with the assistance of Groupon's trial counsel.

Moreover, Groupon did not meet and confer with IBM via oral communications, including Delaware counsel, to discuss the parties' disagreement.  *See* L.R. 7.1.1.  While IBM indicated that it would not agree to Groupon's request for an extension via email, it did not have the opportunity to explain that, contrary to Groupon's assertion, a one-sided, two-week extension for Groupon's

opening brief, per Groupon's proposed order, would prejudice IBM.  IBM would have just one remaining week to submit its opposition, and Groupon would have a strategic advantage by securing the opportunity to review IBM's opening brief on post-trial issues before submitting its own.  D.I. 399.  Groupon's counsel would thus benefit at IBM's expense.

Groupon's motion should be denied.  To the extent the Court is inclined to grant Groupon's motion, IBM respectfully requests a two-day extension to file its answering brief in opposition to Groupon's motions and opening briefs.

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
Edward Geist
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Tel:  (212) 351-3400

Dated: August 15, 2018
5895830 / 43155

POTTER ANDERSON & CORROON LLP

By:   */s/ Bindu A. Palapura*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*