**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) GROUPON, INC. ) ) Defendant. ) | ) ) ) ) ) C.A. No. 16-122-LPS ) ) ) ) ) ) |

**GROUPON, INC.'S REPLY IN SUPPORT OF EXPEDITED MOTION FOR
TWO-WEEK EXTENSION OF POST-TRIAL BRIEFING SCHEDULE**

While IBM opposes the requested two week extension, it does not allege prejudice.  Instead, IBM alleges that it would have "just one remaining week to submit its opposition", not three weeks.  IBM is confused.  This Court's briefing schedule states that IBM's answering brief is due "21 days after filing of post-trial motions and briefs." [D.I. 399]  If, as Groupon respectfully requests, Groupon's motion filing date is extended by two weeks, IBM's answering brief would move automatically because IBM is afforded 21 days to file its answering brief as set forth in the Court's scheduling order. *Id.*

IBM speculates that Groupon's new counsel may have been retained for more than a few days.  In fact, Groupon's new counsel has only been retained since the end of business last Friday (three business days ago).  IBM asserts that three weeks is sufficient to review the case record and prepare important post-trial motions.  The requested extension is a reasonable and measured request given the size and importance of the task and is consistent with common practice.

{01354881;v1 }

Lastly, IBM's allegation of a rule violation compels response. New counsel for Groupon contacted Mr. Desmarais who is on vacation overseas time zones away. Mr. Desmarais requested email, instead of a phone call, as a faster form of communication. As a professional courtesy, Groupon did not demand a verbal meet and confer with lead counsel on vacation and sent a written request instead. Mr. Oussayef responded on behalf of Mr. Desmarais, and far from welcoming a discussion, sent an email (attached, Ex. 1) that definitively refused the extension request; just as IBM's brief still does. Based on this record, both lead counsel and Delaware counsel concluded that the meet and confer requirement was effectively satisfied.

Insofar as IBM seeks a commensurate two-week extension for its motions, Groupon does not oppose it – although IBM never requested it during the parties' meet and confer.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| J. David Hadden<br>Saina S. Shamilov<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA  94041<br>(650) 988-8500 | */s/ Andrew C. Mayo*<br>_____<br>John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>jday@ashbygeddes.com<br>amayo@ashbygeddes.com |
| Phillip J. Haack<br>Sapna Mehta<br>Jessica Benzler<br>Athul K. Acharya<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA  94104<br>(415) 875-2300 | *Attorneys for Defendant Groupon, Inc.* |
| Jessica Kaempf<br>FENWICK & WEST LLP<br>1191 Second Avenue, 10th Floor<br>Seattle, WA  98101<br>(206) 389-4510 | |

George I. Lee
Sean M. Sullivan
LEE SULLIVAN SHEA & SMITH LLP
224 North Desplaines Street, Suite 250
Chicago, IL  60661
(312) 754-9602

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
(202) 887-3667

Dated:  August 15, 2018