# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 26, 2018

The Honorable Leonard P. Stark  **VIA ELECTRONIC FILING**
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re: *International Business Machines Corporation v. Groupon, Inc.,*
C.A. No. 16-122-LPS

Dear Chief Judge Stark:

Groupon respectfully requests that the Court order the deposition of IBM's damages expert Jerry Hausman and afford Groupon reasonable time to take that deposition before submitting its responsive post-trial brief, which is currently due on October 10, 2018.

**Introduction**

In the Joint Status Report [D.I. 396], IBM set forth its plans for its post-trial motion and did not mention the submission of expert testimony and proposed a relatively compact briefing schedule. Accordingly, when the Court issued its Order in response [D.I. 399], there was no provision for expert opinions or consequent discovery of such opinions.

With its post-trial brief on September 19, IBM submitted a 40 paragraph expert declaration from Dr. Hausman spanning 10 pages supported by four exhibits. IBM's brief relies on Dr. Hausman's testimony in 14 different places, citing almost 20 paragraphs and three exhibits. [D.I. 419]. The Conclusion section of the brief ends by requesting an "on-going royalty consistent with the analysis herein and in the accompanying Hausman declaration." *Id.* at 20.

The morning after it was served, Groupon requested Dr. Hausman's deposition for this week. IBM responded that its legal team had never encountered a request like this and, in the end, refused to set up the deposition (even contingently in case it lost the dispute) because it contended that the Hausman declaration included only math calculations and no new opinions -- even though Dr. Hausman has never presented on-going royalty opinions before.

**The Hausman Deposition Is Warranted**

IBM is seeking on-going royalties based on the Hausman declaration. There remain serious questions whether an on-going royalty claim of this scale and type implicates a right to a jury trial and, even if it does not, whether such relief is proper at all if instead characterized as a mandatory injunction or compulsive royalties. The Supreme Court has not yet weighed in on these grave questions.

Yet, this letter raises the much easier question whether it is procedurally fair to allow Groupon to at least cross-examine in deposition IBM's expert declarant, who is supporting this request for royalties and other relief with entirely new opinions on which he has never previously been examined. The answer is a simple yes. The burden of a deposition economically and on the time of a professional expert is trivial given the amount of money requested. Groupon deserves an opportunity to question IBM's expert on his new opinions as a matter of basic due process.

IBM's primary argument to try to avoid exposing Dr. Hausman to cross-examination is that he is merely performing math calculations and has no opinions on the on-going royalty issue. If that were true, IBM could have presented that math in its brief, and IBM certainly would not have had to submit such a substantive declaration upon whose "analysis" it relies so heavily.

Moving to the substance, Dr. Hausman's report includes a "Summary of Opinions" that list several different opinions. [D.I. 420] at ¶¶ 7-10. This includes "two methods for determining the ongoing royalty." *Id.* at ¶ 22. The first one includes an analysis of what he opines that the jury did. Specifically, for each patent, he opines as to what he believes "the jury found." *Id.* at ¶¶ 25-28. Dr. Hausman characterizes with serious spin what his prior opinions were and how they would apply to his opinion of what the jury did. *Id.* at ¶¶ 29-35. This is far more than a mere math "calculation" as a simple review of these pages of his report shows. *Id.* As part of that analysis he opines on how the jury award "aligns" with his re-characterization of his analysis. *Id.* In his alternative on-going royalty opinion, Dr. Hausman uses his analysis of the jury award to forecast future damages. *Id.* at ¶ 36 ('the jury award can also be used to forecast for ongoing infringement."). Dr. Hausman than opines the monthly royalty rate on a per-patent basis based on his interpretation of how the verdict aligns with his current characterizations of his opinions. *Id.* at ¶¶ 37-38. IBM's brief relies heavily on Dr. Hausman's opinions on all these points, citing him extensively. [D.I. 419] at 18-20

Although IBM casts Dr. Hausman's interest opinions as mere calculations, embedded in those opinions are numerous assumptions about ***when*** the royalties would have been paid based on Dr. Hausman's opinion of how the jury verdict aligns with his current characterizations of his opinions. Regardless of whether a deposition would be warranted if Dr. Hausman's only opinions were on interest, given his hefty declaration and that his deposition is warranted anyway, allowing examination on his interest opinions, especially in view of the amount sought, is warranted.

Courts commonly permit an expert deposition when a litigant attempts to rely on expert declarations after the deadline for expert discovery to allow an adversary a fair opportunity to depose the declarant on the substance of the declaration.  *See, e.g.*, *Biovail Labs. Int'l SRL v. Cary Pharms., Inc.*, Civ. No. 09-605-JJF-LPS (May 26, 2010), *Apple v. Samsung*, Case No.: C 11-1846 LHK (PSG) (October 29, 2012).  A deposition in this matter is likewise appropriate.

**The Responsive Briefing Should Be Adjusted**

Groupon promptly attempted to set up the deposition of Dr. Hausman for this week to try to avoid the need to request a change in the responsive briefing date. Because IBM would not provide such a date (even contingently), the deposition will need to be set up after the Court rules on this motion.  Given that there is no significant cost to a short extension to accommodate the deposition, Groupon requests a two week extension of its responsive briefing date.  It has no dates for Dr. Hausman's deposition yet and the responsible Groupon (and presumably IBM attorneys) obviously also have schedules with pre-existing matters on many dates in the immediate future.  This short extension is a measured and reasonable request.

Respectfully,

*/s/ John G. Day*

John G. Day (#2403)

JGD/nml

cc:     Counsel of Record (via electronic mail)

{01367797;v1 }