

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Fax

September 27, 2018

**VIA ELECTRONIC-FILING**

The Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3556

      Re: *International Business Machines Corporation v. Groupon, Inc.*,
           C.A. No. 16-122-LPS

Dear Chief Judge Stark:

    Pursuant to the Court's September 26, 2018 Oral Order, Plaintiff International Business Machines Corporation ("IBM") submits this letter brief in opposition to Groupon's request for a deposition of Professor Jerry Hausman and an extension to the post-trial briefing schedule.

    To support its post-trial motion, IBM submitted a declaration from Professor Hausman to walk through the proposed calculations for pre-and post-trial interest and an ongoing royalty. D.I. 420. Nothing about the content of Professor Hausman's declaration warrants a deposition. As an initial matter, the declaration should not have come as a surprise to Groupon. The parties explicitly agreed that expert declarations would be permitted with motions briefing. D.I. 17 ¶ 8(f)(ii) ("The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions)."). Additionally, declarations addressing such issues are commonplace in post-trial briefing. *See, e,g.*, Decl. of Christopher C. Barry in Supp. of Pls.' Post-Trial Mots., *Hologic, Inc. v. Minerva Surgical, Inc.*, C.A. No. 15-1031-JFB-SRF (D. Del. Sept. 17, 2018), No. 544; Decl. of Robert S. Maness, *Glaxosmithkline LLC v. Teva Pharms. USA, Inc.*, C.A. No. 14-878-LPS (D. Del. Aug. 25, 2017), No. 470; Decl. of Jonathan D. Putnam, *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, C.A. Nos. 13-1987-LPS, 14-846-LPS (D. Del. Mar. 31, 2017), No. 564; Decl. of Douglas N. Ellis Ex. 2, *Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, C.A. No. 09-598-LPS (D. Del. May 16, 2014), No. 444-1; Decl. of Richard J. Gering, Ph.D., CLP, in Supp. of Pls.' Mot., *Depuy Synthes Prods., LLC v. Globus Medical, Inc.*, C.A. No. 11-652-LPS (D. Del. Aug. 8, 2013), No. 379.

    Contrary to Groupon's allegations, Professor Hausman's declaration does not contain new or different opinions. The evidentiary record is closed and Groupon was put on notice of all of Professor Hausman's opinions. For example, Professor Hausman's opening report notified Groupon that his royalty was a running royalty and that he would be updating his calculations over time. Ex. B ¶ 13 ("I will account for Groupon's infringement of the '849 and '346 patents for any period after July 2017 (the last date for which sales data has been made available) once Groupon produces sales data for that period and as periodically ordered by the Court.").

Groupon's own expert even acknowledged this approach at trial. Trial Tr. at 1578:8-11 (noting that Professor Hausman's opinion is "based upon a percentage of revenue that keeps growing over time"). Groupon complains about the methods Professor Hausman used to calculate an ongoing royalty (D.I. 425 at 2), but Professor Hausman previously notified Groupon that his method would apply even if the jury calculated a different profit split. Ex. B at 108 n.392 ("Should the finder-of-fact determine that a different split of Groupon's apportioned profits is appropriate, damages can still be calculated using my model by applying the percentage of the apportioned profits the finder-of-fact determines to be appropriate instead of 50%."); *see id.* at 133 n.440 (same for '346 patent). He also explained that his method could be adjusted based on time. *Id.* at 4 nn.2 & 4, 108 n.392, 133 n.440. He reminded Groupon of those opinions on the eve of trial in his Third Supplemental Report. Ex. C at 1 n.1, 2 nn.3-5. Discovery is closed and all of the evidence is in the record. Groupon had ample opportunity to cross-examine Professor Hausman on his opinions at deposition and at trial. There is simply no reason to allow Groupon to have yet another opportunity to cross-examine Professor Hausman.

Groupon cites no legal authority to support its contention that the common practice of submitting a declaration on post-trial damages issues should give rise to a deposition. The cases that Groupon does cite are not on point. *Biovail Labs. Int'l SRL v. Cary Pharms. Inc.* concerned an expert declaration submitted with a rebuttal claim construction brief, even though the Scheduling Order only permitted expert declarations and depositions for the initial round of briefing. Order, *Biovail Labs. Int'l SRL v. Cary Pharms. Inc.*, C.A. No. 09-605-LPS (D. Del. May 26, 2010), No. 52 ¶¶ 3-6. The movant never had an opportunity to depose the expert on nearly 50 pages of additional opinions set forth in a declaration attached to the rebuttal brief, so the Court ordered another deposition, finding that the movant would be unduly prejudiced. *Id.* ¶¶ 11, 12(b). Here, Groupon has suffered no prejudice. As explained above, nothing in Professor Hausman's declaration constitutes a new opinion and Groupon already had the opportunity to explore and challenge Professor Hausman's opinions through cross-examination. Groupon is also not prejudiced because it is free to submit a responsive declaration from its own expert, which would be a far better use of the parties' and the Court's time and resources. Groupon's reliance on *Apple, Inc. v. Samsung Elecs. Co. Ltd.* is likewise misplaced. There, Samsung submitted declarations from two previously undisclosed experts and from experts who opined on entirely new patents and products. Order Granting Apple's Mot. To Compel, *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, No. 5:11-cv-1846-LHK (N.D. Cal. Oct. 29, 2012), No. 2105 at 2. In contrast, Professor Hausman has been IBM's damages expert throughout this case.

Instead of explaining why it cannot move forward with its opposition brief without first deposing Professor Hausman, Groupon emphasizes the amount of IBM's royalty as justification for its request. D.I. 425 at 2 (contending Groupon is entitled to a deposition "given the amount of money requested" and "especially in view of the amount sought"); Ex. A at 3 (stating Groupon needs a deposition of Professor Hausman "[t]o address his opinions in his declaration seeking millions more from Groupon"). Importantly, Groupon does not identify any statement or opinion that it does not comprehend or could not address absent a deposition. At bottom, Groupon does not like the amount of interest and ongoing royalty that Professor Hausman calculated and seeks another opportunity to challenge his previously-disclosed methodology. Groupon should not be allowed to engage in a needless fishing expedition at this late stage. Instead, the appropriate mechanism for Groupon to express its disagreement is to submit a brief in opposition and, if Groupon chooses, an expert declaration to support that brief. There is no

The Honorable Leonard P. Stark
September 27, 2018
Page 3

need to inject additional delay and expense into the post-trial proceedings by effectively reopening expert discovery.

      Putting aside that a deposition is not even warranted, in light of Groupon's inability to explain why it needs a deposition of Professor Hausman before it can serve its opposition brief, IBM opposes Groupon's request for an extension of the post-trial briefing schedule. The Court has already informed the parties of its desire to address the post-trial issues with minimal briefing and within a short time. D.I. 397 at 2. Groupon now seeks a second extension (*see* D.I. 402) through its quest to reopen expert discovery, which would further drag out the post-trial briefing period.

      For the reasons set forth above, IBM respectfully asks the Court to deny Groupon's unsupported request.

      Respectfully,

      */s/ Bindu A. Palapura*

      Bindu A. Palapura

BAP:nmt/5941749/43155
Enclosures

cc:     Clerk of the Court (via hand delivery)
          Counsel of Record (via electronic mail)